No. 15-15296

---

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

---

### GILBERT P. HYATT

*Plaintiff-Appellant*

v.

DIANE L. HARKEY, in her official capacity as California State Board of Equalization member; JEROME E. HORTON, in his official capacity as California Franchise Tax Board member and California State Board of Equalization member; MICHAEL COHEN, in his official capacity as California Franchise Tax Board member; BETTY T. YEE, in her official capacity as California Franchise Tax Board member and California State Board of Equalization member; GEORGE RUNNER, in his official capacity as California State Board of Equalization member; FIONA MA, in her official capacity as California State Board of Equalization Member

*Defendants-Appellees.*

---

**On Appeal from the United States District Court
for the Eastern District of California
Case No. 2:14-cv-00849-GEB-DAD (Hon. Garland E. Burrell, Jr.)**

---

**APPELLEES
CALIFORNIA FRANCHISE TAX BOARD MEMBERS'
SUPPLEMENTAL EXCERPTS OF RECORD**

---

CYNTHIA J. LARSEN
(Cal. Bar No. 123994)
clarsen@orrick.com
KATIE DeWITT
(Cal Bar No. 244673)
kdewitt@orrick.com
DAVID W. SPENCER
(Cal. Bar No. 284121)
dspencer@orrick.com

JAMES BRADSHAW
(Cal. Bar No. 108765)
jbradshaw@mcdonaldcarano.com
DEBBIE LEONARD
(Cal. Bar No. 226547)
dleonard@mcdonaldcarano.com
ADAM HOSMER-HENNER
(Cal. Bar No. 298277)
ahosmerhenner@mcdonaldcarano.com


ORRICK, HERRINGTON &
SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
Telephone: (916) 329-7970

McDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, Nevada 89505
Telephone: (775) 788-2000

*Attorneys for Appellees Betty T. Yee,*
*Jerome E. Horton and Michael Cohen in*
*their official capacities as members of the*
*California Franchise Tax Board*

2

**INDEX TO**
**APPELLEES CALIFORNIA FRANCHISE TAX BOARD MEMBERS'**
**SUPPLEMENTAL EXCERPTS OF RECORD**

**Case No. 15-15296**

| Document Description | Date Filed | District Court Docket No. | SER Number |
|---|---|---|---|
| Declaration of Robert W. Dunn in Support of California Franchise Tax Board Member Defendant's Motion to Dismiss | 06/20/14 | 17-2 | 001 – 070 |

DATED August 28, 2015.

/s/ Debbie Leonard
DEBBIE LEONARD

1

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2015, I electronically filed the foregoing Supplemental Excerpts of Record of the Appellees California Franchise Tax Board Members with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 /s/Pam Miller
An Employee of McDonald Carano Wilson LLP

Cynthia J. Larsen
California Bar No. 123994
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
Telephone: (916) 329-7970
clarsen@orrick.com

James Bradshaw
California Bar No. 108765
Debbie Leonard
California Bar No. 226547
McDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, Nevada 89505
Telephone: (775) 788-2000
jbradshaw@mcdonaldcarano.com
dleonard@mcdonaldcarano.com

*Attorneys for Defendants John Chiang,
Jerome E. Horton and Michael Cohen in
Their official capacity as members of the
California Franchise Tax Board Members*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT P. HYATT, <br><br> Plaintiff, <br><br> v. <br><br> JOHN CHIANG, JEROME E. HORTON, AND MICHAEL COHEN, CALIFORNIA FRANCHISE TAX BOARD MEMBERS; BETTY T. YEE, GEORGE RUNNER, MICHELLE STEEL, JEROME E. HORTON, AND JOHN CHIANG, CALIFORNIA STATE BOARD OF EQUALIZATION MEMBERS; AND DOES 1 THROUGH 20, <br><br> Defendants. | Case No. 2:14-cv-00849-GEB-DAD <br><br> **DECLARATION OF ROBERT W. DUNN IN SUPPORT OF CALIFORNIA FRANCHISE TAX BOARD MEMBER DEFENDANT'S MOTION TO DISMISS** |

SER 001

1

2     STATE OF CALIFORNIA_____ )
                                         ) ss.

3     COUNTY OF SACRAMENTO_____ )

4         I, ROBERT W. DUNN, declare under penalty of perjury that the assertions contained in

5 this declaration are true and correct.

6         1.  I am an attorney licensed to practice law in the State of California.  I am employed by

7 the State of California, Franchise Tax Board ("FTB") and my employment classification is Tax

8 Counsel IV.

9         2.  This declaration is provided in support of CALIFORNIA FRANCHISE TAX

10 BOARD MEMBER DEFENDANT'S MOTION TO DISMISS.

11         3.  This declaration is made of my own personal knowledge except where stated on

12 information and belief, and, as to those matters, I believe them to be true, and, if called as a

13 witness, I would competently testify thereto.

14         4.  The exhibits to this declaration are to the best of my knowledge, true and correct

15 versions of the documents.

16         5.  Outlined and summarized below is a timeline of pertinent events in the Gilbert P.

17 Hyatt ("Hyatt") tax matter commencing with the FTB's audit and progressing through the

18 ongoing appeal, from June 1993 to the present time.

19

20         6.  My initial assignment to this matter came in mid-1998 when I was assigned as both

21 the FTB's Protest Hearing Officer ("PHO") in the administrative protest and FTB's tax counsel

22 assigned to assist the California Attorney General and our Nevada outside counsel in defending

23 FTB in Hyatt's Nevada litigation. The PHO duty was assigned to another FTB counsel in early

24 1999 and I have been FTB's tax counsel assigned to the litigation ever since. That includes

25 appeals to the Nevada Supreme Court, U.S. Supreme Court, lengthy Nevada discovery and 2008

26 trial, and post-trial appeals to the Nevada Supreme Court. In 2008, I was assigned to represent

27 FTB in Hyatt's appeal to the California State Board of Equalization ("SBE"). I am the primary

28

SER 002

author of FTB's briefing in that matter and I have been involved in FTB's discovery efforts since 2008, including the litigation in New York over documents subpoenaed from U. S. Philips Corporation ("Philips") in 2011.

7.   The Hyatt tax matter began when Hyatt, a long-time California resident, filed a 1991 California Part-Year Resident return on April 13, 1992. That return indicated that Hyatt became a California nonresident on October 1, 1991. As the audit later revealed, this purported change of residency was contemporaneous with Hyatt receiving millions of dollars from his patent licensing business.

8.   Hyatt received many millions of dollars in income in 1991 and 1992 as a result of licensing agreements (essentially settlement and release agreements) concerning certain patents, the key patent being the '516 patent or for the microchip processor.  The subsequent audit indicated that Hyatt performed the work that resulted in the patents and licensing fees while he resided in California.

9.   Although Hyatt ultimately lost his patent claims related to the microchip processor in an interference action, this was not until Hyatt had received hundreds of millions of dollars from Japanese electronics companies.

10. FTB's audit began on June 2, 1993.  An FTB auditor notified Hyatt that the tax years 1989, 1990 and 1991 were being audited. On July 15, 1993, FTB sent Hyatt's representative a residency questionnaire and an initial Information/Document Request ("IDR") focused on Hyatt's Schedule C income. Over the next several months FTB accomplished the typical public record inquiries made in a residency audit (DMV, voter registration, property records, etc.) and the FTB auditor engaged Hyatt's representative in correspondence.

11. The FTB continued the correspondence inquiring into Hyatt's claimed nonresidency, business activities and the source of his income. In mid-1994, an FTB auditor, Shiela Cox was assigned to the Hyatt matter. From late 1994 through early 1995 Cox continued correspondence

- 3 -
DECLARATION OF ROBERT W. DUNN

and telephone communication with Hyatt's representatives and made third party inquiries. Cox attempted to verify specific claims Hyatt made on his residency questionnaire and she interviewed witnesses as to Hyatt's physical presence and business activity, both in California and Nevada.

12. Cox issued a lengthy and detailed tentative determination letter in July 1995 that concluded Hyatt remained a California resident through April 2, 1992 and that his 1991 California return was fraudulent. Cox gave Hyatt time to respond to the tentative conclusions, answer unanswered questions, and provide documentation to support his position. There was correspondence with Hyatt through 1995 and into 1996. After a review of FTB audit's work by Los Angeles supervisors, Sacramento supervisors, and FTB's Technical Resources and Review Section, a Notice of Proposed Assessment ("NPA") was issued for the 1991 year on April 23, 1996.

13. Based on Cox's findings, an NPA for 1992 was required. Hyatt did not file a 1992 California return. Sacramento reviewers determined that Hyatt's presence and business activity in California in 1992 (as set out in Cox's determination letter and supported by the audit file) warranted the fraud penalty. After more correspondence with Hyatt's representatives, and case development in Sacramento, FTB issued an NPA for 1992 on August 14, 1997.

14. Hyatt protested the 1991 NPA in 1996. Hyatt then protested the 1992 NPA in October 1997, and, in January 1998, filed a lawsuit in Nevada alleging that FTB's audit was tortuous and asking the Nevada court to make residency determinations by applying California's tax law. FTB engaged the services of Nevada counsel and the Attorney General's office in defense, and the PHO was assigned to the Nevada litigation.

15. In late 1999, FTB issued a comprehensive Information and Document Request ("IDR"). FTB asked (again) many of the questions Hyatt never answered at audit and again requested documentation. Hyatt requested six months to respond.

- 4 -
DECLARATION OF ROBERT W. DUNN

16. In mid-2000 (while discovery in his Nevada litigation was ongoing) Hyatt responded to the FTB's IDR. Hyatt also filed two lengthy narrative protest letters. The PHO held an oral protest hearing on two dates and informed Hyatt that his argument and documentation was insufficient and unresponsive. At approximately this time the Nevada court issued a protective order with language, requested by Hyatt, which allowed Hyatt to unilaterally designate discovery in the Nevada litigation that could not be shared with FTB's PHO. The protective order also directed how FTB could use its administrative subpoena process. Hyatt then designated discovery under the protective order that included the answer to the earlier asked (at audit and protest) question: "Where/when did you move?" Hyatt also designated details about the timing and amount of his 1991 and 1992 income under the protective order, among many other facts. This served to bar highly relevant evidence needed by the PHO and greatly delayed the protest proceedings.

17. In 2000, FTB appealed the validity of the Nevada protective order (and other decisions of the lower court) to the Nevada Supreme Court. The Nevada Supreme Court issued an order staying the protective order pending its decision. In mid-2002 the Nevada Supreme Court decided all the issues in FTB's appeal and let the protective order stand. FTB immediately followed the procedures set forth in the protective order and asked Hyatt to release the designated information to the PHO for consideration in the California tax matter. Hyatt refused. FTB issued an administrative subpoena for the information. Hyatt filed a motion to quash in California Superior Court, lost, and then filed an appeal. Hyatt lost the appeal and FTB's PHO received the documentation in early 2004. The California appellate court held that there was no reason why FTB personnel working on the protest should not have access to evidence produced by Hyatt in his Nevada litigation. Subsequently FTB's PHO issued additional IDR's and continued to engage Hyatt's representatives in correspondence.

18. Toward the end of 2004, Hyatt was ordered by the Nevada court to produce documentation to FTB and FTB was allowed to continue deposition discovery. Despite the 2003 California appellate court holding, Hyatt continued to designate evidence relevant to his California tax protest under the Nevada protective order. In late 2005 FTB issued a second administrative subpoena for this information. Hyatt at first refused to produce this information, relenting only upon threat of FTB beginning California judicial enforcement of its second subpoena. Hyatt provided the PHO with documentation from the second subpoena in early 2006. Subsequently the PHO issued additional IDRs. In 2006 Hyatt designated yet more relevant information under the protective order. FTB issued a third demand. Finally, in mid-2007, the PHO had received enough information to conclude the protest. In November 2007 FTB issued NOAs upholding the audit assessments and fraud penalties in their entirety.

19. Throughout this tax matter, Hyatt has alternatingly complained that the tax process violates his California and US Constitution due process rights either due to too much time passing, or because he is not given enough time to submit his briefs. See, Exhibit 1, a November 20, 2007 letter from Hyatt's tax attorney complaining about the passage of time, but insisting that Hyatt be allowed six months to respond to the PHO's November 1, 2007 determination letter. The PHO's November 26, 2007 response, Exhibit 2 hereto, addressed Hyatt's inconsistent positions of urging the process on while at the same time impeding it.

20. The FTB is still waiting for the Nevada Supreme Court decision in its appeal of the Las Vegas District Court's judgment in the litigation brought by Hyatt. The FTB took the matter of Nevada's jurisdiction to the U.S. Supreme Court in 2002 on a writ action, defended a trial in Las Vegas in 2008, filed briefing with the Nevada Supreme Court through 2010, and held oral arguments before the Nevada Supreme Court in 2012. The Nevada Supreme Court could issue a decision in the appeal at any time. The matter has been fully briefed, argued and submitted for two years.

SER 006

21. That Hyatt used the Nevada litigation to impede the California tax proceedings became apparent when FTB discovered a March 17, 1998 memo from his California tax attorney, Eugene Cowan, to his Nevada and California litigation attorneys of record in the Nevada case.  The memo reveals that it would be the deliberate strategy of Hyatt to attempt to quash information subpoenas.  See, Exhibit 3 ("While there are no "pure" tax reasons to quash …, there may be tactical reasons to do so (such as making the FTB work for its requests from now on or taking this opportunity to file the motion in the Nevada courts or otherwise").

22. Hyatt timely appealed the NOAs by filing a notice of appeal with the SBE in January 2008. The SBE granted Hyatt several opening briefing extension requests throughout 2008 (the period of Hyatt's Las Vegas, Nevada trial with FTB). In delaying his briefing, Hyatt tied the administrative appeal to the Nevada litigation, indicating to SBE that relevant evidence would come from discovery and trial in the Nevada litigation.   See, Exhibits 4 and 5, Hyatt' January 22 and 23, 2008 Notice of Appeal and June 9, 2008 Letter tying the Nevada litigation to the tax proceedings (pages SBE000024-25 and SBE000037-38).  Again, Hyatt complains in this correspondence about the passage of time while at the same time demanding more time.

23. After Hyatt requested and obtained from SBE multiple extensions of time he filed his opening briefs with SBE in December 2008.  Hyatt's briefing totaled 175 pages, with voluminous attachments and exhibits. As support for his nonresidency claim Hyatt appended 26 new affidavits, including affidavits from witnesses never identified by Hyatt before.  During the audit and protest, Hyatt elected not to provide these 26 affidavits although he had the right to do so. Even though he was obligated to do so by virtue of FTB's formal discovery requests, Nevada Court orders, and Nevada rules, Hyatt failed to identify as witnesses many of these affiants.

24. Over Hyatt's objection, and without Hyatt's cooperation to assist locating or scheduling his affiant's depositions, FTB issued administrative subpoenas in California and

SER 007

Nevada and, soon thereafter, took depositions of several of Hyatt's new witnesses. FTB filed its opening briefing on September 15, 2009.

25. On August 23, 2010 Hyatt filed his reply briefing, totaling 200 pages and appending 34 new affidavits. Two years later, on August 15, 2012, Hyatt filed voluminous supplemental briefing in the SBE tax appeal and appended 93 additional affidavits and declarations.

26. Among Hyatt's new 2010 affidavits was one from Algy Tamoshunas a former employee of Hyatt's licensing agent in New York, Philips. In 2010 Hyatt also submitted other lengthy and self-serving new affidavits attempting to recast the Hyatt/Philips 1991 and 1992 written agreements. In 2011, FTB issued subpoenas to obtain Hyatt/Philips licensing business documents from Philips and to take depositions of Mr. Tamoshunas and one other former Philips employee, all in New York.  Philips did not object to this discovery, but Hyatt immediately began efforts to block production of this highly relevant evidence.

27. In July 2011 Hyatt hired New York counsel and filed a motion to quash FTB's subpoenas, requesting a hearing on an emergency basis. FTB quickly briefed the issues and appeared in New York with New York counsel. Hyatt's motion to quash failed, but the New York court limited the scope of FTB's subpoenas. Hyatt timely appealed the decision to a New York appellate court and requested that document production be stayed. Hyatt's stay request was denied. In August 2011 FTB received, in large part, the Hyatt/Philips licensing business files from 1991 and 1992, approximately 8,000 pages. FTB deposed one New York witnesses in 2011 and (because Hyatt's motion caused a long scheduling delay) the second in 2012.

28. On October 5, 2012, on Hyatt's emergency motion, the New York appellate court issued an order blocking FTB's submission of the Hyatt/Philips licensing business files to the SBE pending the outcome of Hyatt's appeal. Not until February 3, 2013 did the New York appellate court rule, upholding the trial court. Hyatt then filed a motion to suppress approximately 300 documents produced to FTB by Philips. On October 7, 2013 the trial court

- 8 -
DECLARATION OF ROBERT W. DUNN

1    ruled that some documents received by FTB should be suppressed, and some should be redacted.

2    Hyatt moved to reargue parts of the decision in December 2013. Concurrently, FTB asked the

3    court to correct its decision as to 10 documents. On March 13, 2014 the trial court issued its final

4    order granting most of FTB's requests, and denying Hyatt's December 2013 motion. In April

5    2014 (just before Hyatt filed this federal litigation) the New York court decisions became final

6    and FTB was free to submit the Philips documents to the SBE in Hyatt's appeal.

7
8         29. The New York litigation over the documents resolved, the SBE requested briefing by

9    FTB (in an April 23, 2014 letter) of the Hyatt/Philips licensing business files and the now more

10   that 100 new affidavits and declaration Hyatt filed with and after his supplemental briefing.

11   FTB's additional briefing was due June 23, 2013, Hyatt's responsive additional briefing was due

12   July 23, 2014. The parties were granted 60 total pages. The SBE proposed an oral hearing date of

13   October 14, 2014.

14
15        30. In response to the SBE's briefing schedule and proposed hearing date, Hyatt objected

16   to the time and page restraints. Hyatt requested twice the time given to FTB to brief (120 days)

17   and twice the page limit given to FTB. See, Exhibit 6, Hyatt's tax attorney's May 7, 2014 letter

18   to SBE.  On June 13, 2014 the SBE responded, by requiring FTB to file its additional briefing on

19   July 16, 2014, and Hyatt to file his responsive additional briefing on December 16, 2014. The

20   parties were granted 120 total pages. The SBE also tentatively notified the parties that oral

21   argument in this appeal will be scheduled in Sacramento "in or after" March 2015.

22
23        31. Hyatt's allegations of FTB's alleged personal bias towards him have been extensively

24   briefed and argued in multiple forums over the years.  See, Exhibit 7. The allegations of bias and

25   misconduct arise entirely from the testimony of one witness, Candace Les. Ms. Les is a former

26   FTB tax auditor who was fired by FTB for cause in 1998 based upon 12 charges of misconduct,

27   which included accepting gifts and favors, dishonesty, and intentionally misplacing audit

28   records. Ms. Les was coached extensively by Hyatt's attorneys in the Nevada litigation.  She

- 9 -
DECLARATION OF ROBERT W. DUNN

1  worked with Hyatt and Hyatt's attorneys for hundreds of hours under the expectation of

2  remuneration for her assistance.  Ms. Les accused her former friend and colleague Sheila Cox

3  (the third auditor assigned to the Hyatt audit) of privately referring to Hyatt as a "Jew bastard,"

4  wanting "to get" him, rifling through his mail, and going through his trash.  These allegations

5  were vehemently denied by Ms. Cox and not corroborated by a single other witness.  Ms. Cox

6  was not a management level FTB employee or a final decision maker.  Her findings and

7  conclusions were in the nature of recommendations reviewed by many layers of supervisors,

8  management and FTB tax attorneys before a final decision was reached concerning Hyatt's tax

9

10  liability. Ms. Cox left the FTB many years ago and does not have any involvement or decision

11  making authority in the protest or appeal processes.

12       32. The current litigation to enjoin the California tax proceedings is consistent with

13  Hyatt's pattern of strategic litigation.  Hyatt has used the courts to interfere with the FTB's

14  routine processes through litigation in Nevada, California, and New York.

15  /

16  /

17  /

18  /

19  /

20  /

21  /

22  /

23  /

24  /

25  /

26  /

27  /

28

- 10 -
DECLARATION OF ROBERT W. DUNN

33. Even after filing his Complaint in this present action, Hyatt requested substantially more time to file his briefs beyond the October 14, 2014 hearing date SBE scheduled. This caused the hearing to be put out even further, now to some time in or after March 2015. Before this recent request Hyatt requested and received many, many extensions of time to file his briefs. This gave him years to obtain more than one hundred affidavits and declarations from witnesses more than 15 years after the fact. This activity has caused the appeal proceedings to span the years 2008 through the present date, and, as currently scheduled in response to Hyatt's most recent request, now into 2015.

Dated this 19th day of June, 2014.

By _____

ROBERT W. DUNN

396144.5

- 11 -
DECLARATION OF ROBERT W. DUNN

SER 011

# Exhibit 1

11/20/2007 18:38 FAX 9164483222          MOFO SACRAMENTO                                    @002

**MORRISON | FOERSTER**

418 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

November 20, 2007

Writer's Direct Contact
916.325.1324
ECofill@mofo.com

By Fax (916) 845-3648 and
Certified Mail No. 7004 2890 0002 6196 5241
Return Receipt Requested

George W. McLaughlin
Senior Tax Counsel,
Acting Supervising Tax Counsel
Franchise Tax Board - Legal Division
P.O. Box 1720
Rancho Cordova, CA  95741-1720

Re:     Protests of Gilbert P. Hyatt
        Income Years 1991 and 1992

Dear Mr. McLaughlin:

We are in receipt of your letter dated November 1, 2007. The letter is 50 pages in length and
states it serves as a single "determination letter" for purposes of the above entitled protests
for the income years 1991 and 1992. The purpose of this letter is not to provide a substantive
response to the FTB's determination letter. Instead, we respond to two procedural issues.

Your letter states at pages 49-50 the taxpayer has "thirty days from the date of this
determination letter to respond," and that such response "must be limited to producing new
information and documentation," and "[n]o extensions to the thirty day response period will
be granted." <u>First</u>, and for the reasons discussed below, we hereby request a six-month
extension of time from the date of this letter in which to respond to the FTB's November 1,
2007 determination letter. <u>Second</u>, and for the reasons discussed below, the FTB's attempt
to limit the taxpayer's response "to producing new information and documentation" and
disallowing the taxpayer the right and opportunity to make a substantive response to the
FTB's 50-page determination letter is a violation of the taxpayer's due process rights under
the California and U.S. Constitutions and the taxpayer's rights under the California
Taxpayers' Bill of Rights set forth at Revenue and Taxation Code Sections 21001 et seq.
FTB's action is particularly significant since the FTB made substantive determinations on
issues which were not part of the FTB's proposed assessments issued for 1991 and 1992
(e.g., sourcing).

sa-54251                                                                      FTB28943

NOV-20-2007   16:43            9164483222              97%                P.02

SBE000004

SER 013

11/20/2007 16:38 FAX 9164483222          MOFO SACRAMENTO                    @005

MORRISON | FOERSTER

George W. McLaughlin
November 20, 2007
Page Two

To begin with, a brief review of the history of these protests is necessary:

- June 20, 1996       Protest filed with FTB for income year 1991

- October 10, 1997    Protest filed with FTB for income year 1992

- September 27, 2000  Protest hearing for income year 1992

- October 4, 2000     Protest hearing for income year 1991

- February 2, 2001    132-page position letter submitted to FTB supplementing
                      the 1992 protest

- May 31, 2001        190-page position letter submitted to FTB supplementing
                      the 1991 protest

Accordingly, the protests for the 1991 and 1992 years in issue were filed over 11 and 10 years ago, respectively. The protest hearings for the 1991 and 1992 years in issue were held over seven years ago. The 190-page and 132-page positions letters for the 1991 and 1992 years in issue were submitted over six years ago. The FTB has never previously responded in a substantive way to Mr. Hyatt's 1996 or 1997 protest letters or to the two 2001 position letters supplementing the protests, the first of which was filed over eleven years ago.

Despite the passage of over a decade since the filing of the protests for the years in issue, and despite the fact FTB has had over six years to respond to the taxpayer's 190-page and 132-page position letters for the years in issue, the FTB is now limiting the taxpayer to 30 days, with no possibility of an extension of time, to respond to its 50-page determination letter. We contend this position violates the taxpayer's due process rights under the California and U.S. Constitutions, is a violation of the taxpayer's rights under the California Taxpayers' Bill of Rights, offends FTB's own Mission and Statement of Principles of Tax Administration, and stands in direct contradiction to what the FTB's protest hearing officer represented during the course of these proceedings.

The California Legislature, in enacting the Taxpayers' Bill of Rights Act, expressly stated: "It is the intent of the Legislature that ... the Franchise Tax Board may inquire into, and shall allow the taxpayer every opportunity to present, all relevant information pertaining to the taxpayer's liability." (Rev. & Tax. Code § 21002.) The FTB's Mission states the FTB will "perform in a manner warranting the highest degree of public confidence in our integrity, efficiency and fairness." The FTB's Statement of Principles of Tax Administration states the FTB's tax administration should be "conducted ... with great courtesy and considerateness." The FTB's issuance of a 50-page determination letter, after having eleven years to consider the documentation and information submitted by the taxpayer, with a 30-day response period

sa-54251                                                              FTB28944

NOV-20-2007 16:43          9164483222                97%                  P.03

SBE000005

SER 014

11/28/2007 16:59 FAX 9164483222        MOFO SACRAMENTO                    ☑004

MORRISON │ FOERSTER

George W. McLaughlin
November 20, 2007
Page Three

is certainly not performance by the FTB "warranting the highest degree of public confidence
in [its] integrity, efficiency and fairness," and clearly is not conduct showing "great courtesy
and considerateness." FTB's position is particularly egregious because of the fraud
penalties, the issues of significant FTB errors, and the substantial amounts of the assessments
of taxes, penalties on top of penalties, and interest. Moreover, the FTB has now made a
substantive determination against the taxpayer on a California source income theory, for the
first time in the history of this case, in the November 1, 2007 determination letter. Indeed,
these issues were long ago disposed of within the FTB without making them an issue with
Mr. Hyatt. In particular, the record is replete with evidence that the FTB during the audit
phase of this case specifically considered and rejected an assessment based on a California
source income theory. In fact, the sourcing issue by itself requires 19 pages out of your 50-
page letter, yet you state Mr. Hyatt is limited to 30 days to respond to this issue that the FTB
now apparently views as highly significant. There is nothing even remotely fair about the
FTB's 30-day response deadline.

We have made clear many times throughout the course of these protest proceedings the
taxpayer requires several months' time to respond to the FTB's proposed determination in
these matters. As discussed during the September 27, 2000 and October 4, 2000 protest
hearings and in our letter to you dated March 7, 2002, "we will require a substantial amount
of time, probably two to three months, to respond to your proposed determination letters for
1991 and 1992. We will require even *more* time should your proposed determination letters
raise or present new issues not previously raised by FTB at either audit or protest." (March
7, 2002 Letter from E. Coffill to G. McLaughlin, emphasis original.) As you are well aware,
the FTB's November 1, 2007 determination letter raises for the first time in the course of
these protest proceedings a new source income issue, which the taxpayer has never had an
opportunity to address.

In addition, during a telephone conversation with Cody Cinnamon, the protest hearing officer
in this matter, on April 25, 2005, we again discussed the taxpayer's need to have several
months to respond to the FTB's determination in these matters. In response to that telephone
conversation, Ms. Cinnamon assured us in a letter dated June 7, 2005 that the taxpayer would
have "ample time" to respond to the FTB's proposed determination. Specifically, Ms.
Cinnamon stated:

> In a telephone conversation on or about April 25, 2005, you
> expressed a concern that you will need adequate time, several
> months, to respond to our proposed determination with regard
> to the geographic sourcing issue relating to Mr. Hyatt's
> Schedule C patent/license fee income. *Please be assured that
> you will have ample time to review and respond to our position
> letter prior to the issuance of notices of action* on the protested

sa-54251

FTB28945

NOV-28-2007  16:43          9164483222          97%          P.04

11/20/2007  16:39 FAX 9164483222   KUFU SACRAMENTO   @008

MORRISON | FOERSTER

George W. McLaughlin
November 20, 2007
Page Four

notices of proposed assessments for taxable years 1991 and
1992.

(June 7, 2005 Letter from C. Cinnamon to E. Coffill, emphasis added.)

"Ample time" is not thirty days and is far from our understanding with Ms. Cinnamon on this
issue during the course of the protest proceedings. Accordingly, we request a six-month
extension of time from the date of this letter to respond to the FTB's proposed protest
determination for the years in issue as set forth in your letter of November 1, 2007.

In addition, we contend the FTB's attempt to limit the taxpayer's response "to producing
new information and documentation" is likewise a violation of the taxpayer's due process
rights under the California and U.S. Constitutions and the taxpayer's rights under the
California Taxpayers' Bill of Rights. The November 1, 2007 determination letter is the first
time in over eleven years that the FTB has provided a written response to the taxpayer's 1996
initial protest letter and in over six years that the FTB has provided a written response to the
taxpayer's 190-page and 132-page position letters supplementing the protests on the
residency issue for the years in issue. In addition, the November 1, 2007 determination is the
first time, ever in the course of these protests or the underlying audit proceedings that the
FTB made a substantive determination on a California source income issue against the
taxpayer. To disallow the taxpayer the opportunity to substantively respond to these written
position statements, and to limit the taxpayer's response "to producing new information and
documentation," is unfair and unreasonable. We request that you reconsider your initial
position and confirm whether the FTB truly intends to limit the taxpayer's response to the
November 1, 2007 determination letter in this fashion.

We look forward to your immediate and expeditious grant of our requests.

Very truly yours,

Eric J. Coffill

Eric J. Coffill

cc:   Gilbert P. Hyatt
      Michael Kern

ss-54251

FTB28946

NOV-20-2007  16:43   9164483222   97%   P.05

11/20/2007  16:38  FAX 9164483222        MOFO SACRAMENTO                     ☐001

## MORRISON & FOERSTER LLP

Attorneys at Law
400 Capitol Mall
Suite 2600
Sacramento, California  95814
Telephone: (916) 448-3200
Facsimile: (916) 448-3222

To:

| NAME: | FACSIMILE: | TELEPHONE: |
|---|---|---|
| George W. McLaughlin<br>FTB Legal Department | 916.845.3648 | |

FROM:  Eric J. Coffill (916) 325-1324            DATE:  November 20, 2007

| Number of pages with cover page:   5 | Hard copy to follow via certified/return receipt mail. |
|---|---|

Preparer of this slip has confirmed that facsimile number given is correct: 6641/kal5

### CAUTION - CONFIDENTIAL

This facsimile contains confidential information which may also be privileged.  Unless you are the addressee (or
authorized to receive for the addressee), you may not copy, use, or distribute it.  If you have received it in error,
please advise Morrison & Foerster LLP immediately by telephone or facsimile and return it promptly by mail.

Comments:

11/20/2007 letter.

#44469/1

FTB28947

SB-54255

NOV-20-2007  16:43        9164483222           97%          P.01

# Exhibit 2



STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
**Legal Division**
PO Box 1720
Rancho Cordova, CA 95741-1720
(916) 845-6041 Fax (916) 845-3648

JOHN CHIANG
Chair

BETTY T. YEE
Member

MICHAEL C. GENEST
Member

November 26, 2007

Morrison & Foerster LLP
Attn: Eric J. Coffill, Esq.
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Re: Protest of Gilbert P. Hyatt
    Taxable Years 1991 and 1992

Dear Mr. Coffill:

We received your letter dated November 20, 2007, which was in response to our determination letter dated November 1, 2007. In your letter you make Federal and California constitutional due process arguments, raise California Taxpayer's Bill of Rights and administrative process concerns, and you comment on the length of time that the taxpayer's case has been in the protest process. Without responding to each and every allegation and argument in your letter, we would point out the following:

- Revenue and Taxation Code section 19044 outlines the Franchise Tax Board's (FTB) duty with regard to protests and provides that if a taxpayer files a protest of a deficiency assessment the FTB shall reconsider the assessment and, if requested, shall grant the taxpayer an oral hearing.

- Revenue and Taxation Code section 19504 outlines the FTB's authority with regard to protests and provides that the FTB is entitled to seek evidence for use in an administrative protest challenging a deficiency assessment, because the administrative protest process is investigative in nature.

- The taxpayer was allowed two days for his protest hearing (September 27 and October 4, 2000), and you appeared and argued the taxpayer's case on both days.

- In an effort to fulfill her duties, during the protest process the protest hearing officer asked the taxpayer to respond to multiple requests for information and documentation[1]. The taxpayer was not forthright in responding to the requests.

- Again in an effort to fulfill her duties while faced with the taxpayer's continuing efforts to frustrate the process, the protest hearing officer diligently pursued information and

---

[1] In addition, the taxpayer was at all times free to provide information and documentation that had not been requested by the protest hearing officer.

FTB28802

SBE000009

Morrison & Foerster LLP
Attn: Eric J. Coffill, Esq.
November 26, 2007
Page 2

documentation through the administrative subpoena process, which effort was ratified
as appropriate by the California Court of Appeal[2].

- In reaching her determination, the protest hearing officer reviewed and considered all of
the information and documentation that was available to her, and she clearly reviewed
in detail and considered your letters dated February 2 and May 31, 2001, along with
your other submissions.

In earlier correspondence, the taxpayer insisted that the protest process should be expedited
and closed. In recent correspondence, including your July 31 and November 20, 2007, letters,
you allege that the efforts of the protest hearing officer to move the case toward closing are
detrimental to the taxpayer. The FTB would argue that the taxpayer has impeded the protest
process through dilatory tactics and collateral attacks in the Nevada Courts and California
Courts, and your current rhetoric merely reinforces that conclusion. Therefore, there is no
reason to believe that the taxpayer will change his pattern of conduct should your request for
an extension of time be allowed.

With regard to the source of income issue, at and before the protest hearing you were apprised
that source of income would be an issue; it was specifically discussed at and subsequent to the
protest hearing in conversations and correspondence between you and the protest hearing
officer. You most certainly have had the opportunity to address the issue and it is not a new
issue for purposes of this protest. Beyond that, the taxpayer will have the opportunity to
address the source of income and the other issues in detail, should he elect to pursue his dispute
of the assessments through the State Board of Equalization and the court.

The FTB stands by the determination on protest outlined in our letter dated November 1, 2007,
and the timeframe identified for the taxpayer to respond substantively to that letter by
providing new documentation. If the taxpayer intends to respond substantively to that letter,
then we would expect to receive that response on or about December 3, 2007.

Very truly yours,

*George W. McLaughlin*
George W. McLaughlin,
Sr. Tax Counsel,
Acting Supervising Tax Counsel

---

[2] *State Franchise Tax Board v. Gilbert P. Hyatt* (CA3 2003), Case No. C043627, filed 12/31/03.

FTB28803

STATE OF CALIFORNIA
FRANCHISE TAX BOARD
LEGAL BRANCH
P.O. BOX 1720
RANCHO CORDOVA, CA. 95741-1720

Date: 11-27-07

## FACSIMILE TRANSMITTAL COVER SHEET

CONFIDENTIALITY NOTE:

This telecopy may contain confidential and/or legally privileged information and is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, the employee, or agent responsible for delivering this telecopy to the intended recipient, be advised that any copying, dissemination, distribution, unauthorized inspection, or disclosure of information from this telecopy is prohibited. Persons disclosing confidential information are subject to penalties under applicable laws.

If you have received this telecopy in error, please notify the sender immediately by telephone and mail the entire facsimile message back to us at the address listed above.

Please deliver the following page(s)

TO:      NAME     : ERIC COFFILL

         FIRM/UNIT : MORRISON & FOERSTER

         FAX NO.   : (916) 448-3222

         PHONE NO. : (916) 325-1324

         RE       : PROTEST OF HYATT

FROM:    NAME     : GEORGE MCLAUGHLIN

         FIRM/UNIT : FTB - LEGAL

         FAX NO.   : (916) 845-3648

         PHONE NO. : (916) 845-6041

Number of pages FAXED: 3 (includes this page)      Hard copy: ☐ will follow    ☐ will not follow

Comments:

FTB 7981 (REV 04-04)

916 845 3648      - ***** -FTB LEGAL BRANCH - *****************************

-FRANCHISE TAX BOARD/LEGAL-

| | STATION NAME/TEL. NO. | PAGES | DURATION |
|---|---|---|---|
| 100 | OK | # | 9164483222 | 003/003 | 00:00:46 |

| STN NO. | COMM. | ABBR NO. | | | |

FILE NO. 4422

MODE = MEMORY TRANSMISSION        START-NOV-27 18:23        END-NOV-27 18:25

************** -COMM. JOURNAL- ***** DATE NOV-27-2007 ***** TIME 18:25 **************

FTB28801

# Exhibit 3

Sent by: RIORDAN MCKINZIE          213 2298550 ;          06/01/98 10:38;   JetFax #719;Page 1/5

# RIORDAN & McKINZIE

## A PROFESSIONAL LAW CORPORATION
### Richard J. Riordan, Retired
300 South Grand Avenue
Twenty-Ninth Floor
Los Angeles, California 90071-3155
Telephone: (213) 629-4824
Facsimile: (213) 229-8550

## FACSIMILE TRANSMISSION

DATE:          March 17, 1998

TO:

| NAME | FAX NO. | PHONE NO. |
|------|---------|-----------|
| Mark A. Hutchison, Esq. | (702) 385-3059 | (702) 385-2500 |
| Mr. Gil Hyatt | (702) 396-2827 | |
| Thomas L. Steffen, Esq. | (801) 375-3724 | |

FROM:     Eugene Cowan                    DIRECT DIAL: (213) 229-8515

RE:          Hyatt v. F.T.B.

| FILE NO.: 8-160-002 | USER NUMBER: 223 | PAGES, INCLUDING COVER: |
|---|---|---|

MESSAGE:

Attached is a copy of a Subpoena Duces Tecum to be issued to Cal Fed Bank by the
FTB regarding the taxpayer's 1991 & 1992 Cal Fed bank account information. We have
until Friday to file a motion to quash if we so desire. While there are no "pure" tax reasons
to quash the motion, there may be tactical reasons to do so (such as making the FTB work
for its requests for now on or taking this opportunity to file the motion in the Nevada courts
or otherwise). Clearly, one argument we may have is that the information sought by the
FTB is overbroad. The FTB is seeking account records through the end of 1992; however,
the FTB has acknowledged that the taxpayer was a Nevada resident from April 1992. The
FTB may not be entitled to request post April 2, 1992 records of the taxpayer.

cc: Don Kula

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT
INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM
IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS
COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US
BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you have any problems with this transmission, please call Alonzo Richards at (213) 229-8430. Thank you.

PBTK 00014

2326-0001

STATE OF CALIFORNIA

**FRANCHISE TAX BOARD**
333 N. Glenoaks Blvd. Suite 200
Burbank, CA  91502
TELEPHONE: (818) 556-2912
FAX: (818) 556-2978

May 28, 1998

Mr. Eugene Cowan
Riordan and McKenzie
300 South Grand Avenue Suite 2900
Los Angeles, California 90071

Re:    Taxpayer's Name    Gilbert P. Hyatt
       Account Number:    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
       Tax Years:         1991, 1992

Dear Mr. Cowan,

Enclosed is a copy of the Subpoena Duces Tecum which will be sent to Cal Fed Bank. Refer to the enclosed form (FTB 2580).

This subpoena shall direct Cal Fed Bank to make photocopies of all monthly statements, canceled checks (both front & back) and signature cards for any and all accounts in the name of Gilbert P. Hyatt, including account number 322070019, for the period January 1, 1991 through December 31, 1992.

A motion to quash the subpoena duces tecum may be filed with the court within 10 days of this service.

If you have any questions or concerns, please contact me at the telephone number listed below.

Sincerely,

Sheila Cox

Sheila Cox, Associate Tax Auditor
Residency Program
Telephone (818) 556-2912

Enclosure

PBTK 00015

2326-0002

Sent by: RIORDAN MCKINZIE          213 2290550 ;          06/01/98 10:39;   JetFax #719;Page 5/5

Page 1

## Declaration for Subpoena Duces Tecum

I, Sheila Cox declare that I am an Associate Tax Auditor of the Audit Section of the Franchise Tax Board, that I make this declaration in my official capacity, and that this department is currently conducting administrative proceedings resulting from audits performed under the California Revenue and Taxation code to determine the residency status of Gilbert P. Hyatt for tax years 1991 and 1992.

Gilbert P. Hyatt filed a part year resident return for 1991 and no California return after 1991. However, during these tax years, Gilbert P. Hyatt had substantial ties with California. During the audit process, Mr. Hyatt has provided incomplete banking information.

Copies of bank statements and canceled checks as well as signature cards were requested for any and all accounts held open by Mr. Hyatt in 1991 and 1992.   Incomplete information has been provided up to this point, and according to Mr. Hyatt's attorney, Mr. Hyatt has provided everything he has regarding his California bank accounts.  Information provided during the audit indicated a bank account and banking activity at Cal Fed Bank in Rosemead (Account #322070019).

In order to make the proper audit determination regarding the residency status of Gilbert P. Hyatt I request a Subpoena duces Tecum be issued by the Franchise Tax Board to Custodian of Records, Cal Fed Bank Attention: Legal 058300103 at 830 Stillwater Rd. West Sacramento, California 95605.

This subpoena shall direct Cal Fed Bank to make available photocopies of any and all bank statements, both front and back of canceled checks, and signature cards for the period January 1, 1991 through December 31, 1992.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 24, 1998 at Burbank, California.

_Sheila Cox_
Declarant

PBTK 00016

2326-0003

Case 2:14-cv-00849-GEB-DAD   Document 17-2   Filed 06/20/14   Page 26 of 70



STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**

SUBPOENA DUCES TECUM
98-02

*For the Period:*
01/01/91 through 12/31/92

*In the Matter of*

**GILBERT P. HYATT**
PO BOX 81230
Las Vegas, NV 89180-1230

TO:   CAL FED BANK
      *CUSTODIAN OF RECORDS*
      ATTN: LEGAL 058300103
      830 STILLWATER ROAD
      WEST SACRAMENTO, CA 95605

You are hereby commanded to make available to SHEILA COX, TAX AUDITOR, Representative of

the Franchise Tax Board or Designee, at 333 N. Glenoaks Boulevard, Suite 200, Burbank, CA 91502

on the _28th_ day of _May_ , 19 _98_ , at _4:00_ o'clock in the _P.m_

the originals or true and exact copies of the following records:

      Copies of all monthly statements, canceled checks (both front & back) and signature cards for any and all

accounts in the name of Gilbert P. Hyatt, including account number 322070019.

      This information should be provided for the period:

            January 1, 1991 through December 31, 1992

Issued under authority of Section 19504(c) of the California Revenue and Taxation Code

this _12th_ day of _May_ , 19_98_ . The statutory purpose of this subpoena is to determine if

_Gilbert P. Hyatt_ has complied with the provisions of the California Personal Income Tax Law.

                        FRANCHISE TAX BOARD
                        STATE OF CALIFORNIA

                        By _____

FTB 2500(Rev 6-01)Scan 1

                                          PBTK 00017

2326-0004

SER 026

## CERTIFICATE OF SERVICE - GENERAL

I hereby certify that I served this Subpoena Duces Tecum by showing the original thereof to

_Mr. Eugene Cowan, representative of Gilbert P. Hyatt_

and delivering a copy thereof with a copy of the declaration in support of said Subpoena Duces Tecum on

the _28th_ day of _May_ , 19 _98_ . I declare under penalty of perjury that the foregoing

is true and correct.

Executed on _May 28_           19 _98_ , at  _4:00 P.m_          .

_Sheila Cox_
Representative - Franchise Tax Board


## CERTIFICATE OF SERVICE - FINANCIAL INSTITUTION

I hereby certify that I served a copy of this Subpoena Duces Tecum on

_____ on _____
          Customer                              Date

and thereafter served this subpoena by showing the original to

_____
          Financial Institution

and delivering a copy thereof with a copy of the declaration in support of said Subpoena Duces Tecum on

the_____day of_____, 19_____. I further certify that on _____.
                                                                              Date

I notified _____that a motion to quash the Subpoena Duces Tecum may
                    Customer

be filed with the Court within ten (10) days of this service. I declare under penalty of perjury that the foregoing

is true and correct.

Executed on _____ 19_____, at_____.


_____
Representative - Franchise Tax Board

FTB 2560(Rev 6-91) Side 2

PBTK 00018

2326-0005

# Exhibit 4

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 22, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax and Mail This Date: Fax 916.324.2597 (Board Proceedings)

By Certified Mail No. 7004 2890 0002 6196 5289
Return Receipt Requested

Chief, Board Proceedings Division
MIC:81
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA  94279-0081

Re:   Gilbert P. Hyatt
      FTB Account No. 1200483482
      Taxable Year 1991

Dear Sir/Madam:

Enclosed please find two copies of the taxpayer's Notice of Appeal (and Regulation 5075.1(b)(1) request) in the above matter.  Please acknowledge receipt at your earliest convenience.

Sincerely,

Eric J. Coffill

Enclosures

cc:  Gilbert P. Hyatt (w/encl.)

sa-54766

1    ERIC J. COFFILL
     CARLEY A. ROBERTS
2    DAVID A. ZIRING
     MORRISON & FOERSTER LLP
3    400 Capitol Mall, Suite 2600
     Sacramento, CA 95814
4    Telephone: (916) 325-1324
     Fax: (916) 448-3222
5    ecoffill@mofo.com

6    Attorneys for Appellant

7

8              BEFORE THE STATE BOARD OF EQUALIZATION

9                   OF THE STATE OF CALIFORNIA

10

11   In the Matter of the Appeal of
                                           No. _____
12   GILBERT P. HYATT

13

14

15

16

17         NOTICE OF APPEAL FROM NOTICE OF ACTION

18                            AND

19   REGULATION 5075.1(b)(1) REQUEST TO FILE BRIEF

20

21                     Taxable Year 1991

22

23

24

25

26

27

28

     Notice of Appeal                         1
     sa-54764

SBE000021

| | |
|---|---|

1

**INTRODUCTION**

2        Pursuant to California Revenue and Taxation Code Section 19045 et seq., and SBE

3  Regulation 5012 (18 Cal. Code of Regs. § 5012),[1] Gilbert P. Hyatt ("Hyatt" or "taxpayer" or

4  "appellant"), hereby appeals from the Notice of Action ("Notice") issued to the taxpayer by

5  the Franchise Tax Board ("FTB" or "respondent"), which affirmed a Notice of Proposed

6  Assessment issued by the FTB against the taxpayer for the taxable year 1991 ("the year in

7  issue") in the amounts set forth below.

8        In this regard, the following information is provided:

9        <u>Name of Taxpayer</u>:  Gilbert P. Hyatt

10

11       <u>Amounts Involved</u>:   Additional Tax:                          $  1,876,471.00
                         Penalty: Accuracy Related (Fraud):   $  1,407,353.25
                         Interest to December 26, 2007:        $  7,240,946.81

12
         Total Additional Tax, Penalty and Interest:          $ 10,524,771.06
13

14       <u>Year Involved</u>:  Taxable Year 1991

15

16       <u>Date of Notice of Action</u>:  December 26, 2007

17       <u>Name and Address of Taxpayer's Representatives</u>:

18       Eric J. Coffill
         Carley A. Roberts
19       David A. Ziring
         Morrison & Foerster LLP
20       400 Capitol Mall, Suite 2600
         Sacramento, CA  95814
21       Tel: (916) 325-1324
         Fax: (916) 448-3222
22       ecoffill@mofo.com

23       A copy of a power of attorney is attached hereto as <u>Exhibit A</u>.

24

25

26  [1] Appellant is aware of the new pending SBE Rules for Tax Appeals, including rules which apply
    to appeals from actions of the FTB.  However, as of the date of the filing of this Appeal, those
27  new rules are not effective and will not become effective until February 6, 2008, i.e., the 30th day
    after their January 7, 2008 filing with the Secretary of State. (*See* Gov. Code §§ 11349.3;
28  11343.4.)

SBE000022

SER 031

## STATEMENT OF FACTS AND ISSUES,
## AND POINTS IN SUPPORT OF POSITION

1

2     On April 23, 1996, *over eleven years ago*, the FTB issued a Notice of Proposed

3     Assessment to Mr. Hyatt for the year in issue.  On June 20, 1996, a timely protest was filed.

4     On October 4, 2000, *over seven years ago*, the protest hearing was held.  On multiple

5     occasions, both before and after the protest hearing, the taxpayer provided the FTB with

6     additional information during the protest process, including a 190-page protest supplement

7     letter.  On November 1, 2007, the FTB issued a 50-page protest determination letter, to which

8     Mr. Hyatt was given a maximum of 30 days to respond.  On December 26, 2007, the Notice

9     was issued.  This appeal follows.

10                            **ISSUES ON APPEAL**

11    The issues raised herein on appeal are as follows:

12      1. The taxpayer appeals in full from the adjustments set forth in the Notice which
13         sustained the Notice of Proposed Assessment, including the penalty.

14      2. The taxpayer appeals the FTB's audit and protest determinations regarding
           California residency and which concluded Mr. Hyatt was a resident "through
15         April 2, 1992."

16      3. The taxpayer appeals from the FTB's protest determination regarding an
17         alternative California "source" income argument that was not a basis for the
           issuance of the Notice of Proposed Assessment, but which is stated in the
18         Notice as an alternative basis for sustaining the Notice of Proposed
           Assessment.
19

20      4. The taxpayer appeals from the FTB audit and protest determinations which
           imposed an accuracy related (fraud) penalty.
21

22      5. The taxpayer appeals from the FTB's decision, as indicated on the Notice, to
           impose an amnesty penalty under Revenue and Taxation Code Section
23         19777.5.

24      6. The taxpayer hereby makes a request for abatement of interest for the year in
           issue, under Revenue and Taxation Code Section 19104(b)(4).  *See* FTB Form
25         3701, attached hereto as Exhibit B.

26
        7. The taxpayer hereby requests an award of reasonable fees for professional
27         representation before the Board.

28      8. The taxpayer hereby requests an award of expenses and costs.

Notice of Appeal                              3
sa-54764

1   The taxpayer reserves the right to raise additional issues on appeal.

2   **REQUEST FOR ORAL HEARING**

3   The taxpayer requests an oral hearing in this matter.

4   **REQUEST TO SUPPLEMENT NOTICE OF APPEAL**

5   Pursuant to Section 5075.1(b)(1) of Title 18 of the California Code of Regulations,

6   the taxpayer requests 90 days from the date of the acknowledgment letter from this Board

7   within which to supplement this notice of appeal by filing a complete opening brief.  That

8   brief will include a statement of the facts involved and the legal authorities relied on by the

9   taxpayer, including relevant statutes and regulations. (*See* SBE Regulation 5012.)

10   As is clear from the above described timeline, over <u>seven</u> years have passed between

11   the time of the protest hearing and the protest determination letter in this matter, with the

12   taxpayer being given no more than 30 days to respond to the FTB's protest determination

13   letter in a case involving total additional tax, penalty and interest of $10,524,771.06.  Mr.

14   Hyatt is separately filing an appeal with this Board for taxable year 1992, as a consequence of

15   the FTB's November 1, 2007 determination letter and a subsequent Notice of Action issued

16   by the FTB for 1992.  In addition, *Hyatt v. Franchise Tax Board,* Clark County Nevada

17   District Court No. A382999, a civil tort action between appellant Hyatt and respondent FTB

18   involving the years 1991 and 1992, and which is relevant to the issues raised in this Appeal,[2]

19   is scheduled for trial commencing on April 14, 2008, with trial expected to last

20   approximately six weeks.  It is anticipated that additional time will be required to file briefs

21   //

22   //

23

24   _____

25   [2] As of the date of the filing of this Appeal, the most recent version of the FTB's Public Litigation Roster is the "November 2007 Franchise Tax Board Public Litigation Roster." (*See*

26   http://www.ftb.ca.gov/law/litrstr/2007/113007.pdf.)  According to that Roster, page 8, the issues in District Court Case No. A382999 are (1) "Whether Plaintiff was a resident of California from

27   September 26, 1991 through April 2, 1992"; (2) "Whether the Franchise Tax Board committed various torts with respect to plaintiff and is subject to a claim for damages"; and (3) "Whether

28   the Nevada courts have or should exercise jurisdiction over the Franchise Tax Board."  The taxpayer does not agree with this description of the case.

Notice of Appeal                    4
sa-54764

SBE000024

1   in this matter.  Accordingly, this request is made herein under SBE Regulation 5075.1(b)(1)

2   without prejudice to request additional extensions of time for filing a complete brief.

3

4   DATED: January 22, 2008

5                                             RESPECTFULLY SUBMITTED,

6                                             ERIC J. COFFILL
                                              CARLEY A. ROBERTS
7                                             DAVID A. ZIRING
                                              MORRISON & FOERSTER LLP
8

9                                             By   *Eric J. Coffill*
                                                  Eric J. Coffill
10                                            ATTORNEYS FOR APPELLANT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Appeal                              5
sa-54764



SBE000026

BOE-392 (FRONT) REV. 8 (12-05)
**POWER OF ATTORNEY**

STATE OF CALIFORNIA
BOARD OF EQUALIZATION
FRANCHISE TAX BOARD
EMPLOYMENT DEVELOPMENT DEPARTMENT

*Check below to indicate the appropriate agency. Please note that a separate form must be completed and provided to each agency checked.*

☑ **STATE BOARD OF EQUALIZATION**
PO BOX 942879
SACRAMENTO CA 94279-0001
800-400-7115

☐ **FRANCHISE TAX BOARD**
PO BOX 2828
RANCHO CORDOVA CA 95741-2828
FAX 916-845-0523

☐ **EMPLOYMENT DEVELOPMENT DEPARTMENT**
PO BOX 826880 MIC 28
SACRAMENTO CA 94280-0001
916-654-7263 • FAX 916-654-9211

| TAXPAYER'S NAME | BUSINESS OR CORPORATION NAME | TELEPHONE NUMBER | FAX NUMBER |
|---|---|---|---|
| Gilbert P. Hyatt | | ( ) | ( ) |

| SOCIAL SECURITY NUMBER | FEDERAL EMPLOYER IDENTIFICATION NUMBER(S) | CALIFORNIA SECRETARY OF STATE NUMBER(S) |
|---|---|---|
| FTB Accnt # 1200483482 | | |

BOARD OF EQUALIZATION ACCOUNT/PERMIT(S)                     EDD EMPLOYER ACCOUNT NUMBER

MAILING ADDRESS *(street and number, city, state, zip code)*
PO Box 81230, Las Vegas, Nevada 89180-1230

☑ **INDIVIDUAL**      ☐ **PARTNERSHIP**      ☐ **CORPORATION**      ☐ **LIMITED LIABILITY COMPANY**

☐ **OTHER** _____

**As owner, officer, receiver, administrator, or trustee for the taxpayer, or as a party to the tax or fee matter before the:**

☑ State Board of Equalization   ☐ Franchise Tax Board   ☐ Employment Development Department

I hereby appoint: *[enter below the individual appointee(s) name(s), address(es) (including zip code), telephone number(s) and FAX number(s) – do not enter names of accounting or law firms, partnerships, corporations, etc., as the appointee name]*

| APPOINTEE NAME | APPOINTEE NAME |
|---|---|
| Eric J. Coffill/ Carley A. Roberts/ David A. Ziring | |

| APPOINTEE BUSINESS NAME *(if applicable)* | APPOINTEE BUSINESS NAME *(if applicable)* |
|---|---|
| Morrison & Foerster LLP | |

| APPOINTEE ADDRESS *(street and number)* | APPOINTEE ADDRESS *(street and number)* |
|---|---|
| 400 Capital Mall, Suite 2600 | |

| *(city)* | *(state)* | *(zip code)* | *(city)* | *(state)* | *(zip code)* |
|---|---|---|---|---|---|
| Sacramento | CA | 95814 | | | |

| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
|---|---|---|---|
| ( 916 ) 325-1324 | ( 916 ) 448-3222 | ( ) | ( ) |

**As attorney(s)-in-fact to represent the taxpayer(s) for the following tax or fee matters:** *[specify type(s) of tax]*

☑ Franchise and Income Tax Law          ☐ Payroll Tax Law
☐ Sales and Use Tax Law                 ☐ Benefit Reporting
☐ Use Fuel Tax Law                      ☐ Other: _____

SPECIFY THE TAX OR FEE YEAR(S) OR PERIOD(S) [IF ESTATE TAX, INDICATE DATE OF DEATH] *(for Board of Equalization and Franchise Tax Board purposes)*
Taxable Years 1991 and 1992

**The attorney(s)-in-fact (or any of them) are authorized, subject to revocation, to receive confidential tax information and to perform on behalf of the taxpayer(s) the following acts for the tax or fee matters described above:** *[check the box(es) for the powers granted]*

☐ General Authorization (including all acts described below).
☑ Specific Authorization (selected acts described below).

☑ To confer and resolve any assessment, claim or collection of a deficiency or other tax or fee matter pending before the identified agency and attend any meetings or hearings thereto for the specified law identified above.

☑ To receive, but not to endorse and collect, checks in payment of any refund of taxes, penalties or interest.

☑ To execute petitions, claims for refund and/or amendments thereto.

☑ To execute consents extending the statutory period for assessment or determination of taxes.

☐ To execute closing agreements under section 19441 of the California Revenue and Taxation Code.

☐ To execute settlement agreements under section 19442 of the California Revenue and Taxation Code.

*(The back of this form must be completed)*

SBE000027

SER 036

BOE-392 (BACK) REV. 8 (12-05)

☑ To represent the taxpayer for changes to their mailing address for any and all Payroll Tax Law, Benefit Reporting, both Payroll Tax Law and Benefit Reporting.

☐ To execute settlement agreements under section 1236 of the California Unemployment Insurance Code.

☑ To delegate authority or to substitute another representative.

☑ Other acts *(specify):* _File SBE Notice of Appeal_

Franchise Tax Board (FTB) will send you and your first representative listed a copy of FTB computer generated notices as they become available.

☐ Check this box if you **do not** want FTB to send copies of available FTB computer generated notices to your first representative listed.

*(Note: Not all FTB processing systems are capable of generating representative copies at this time.)*

**This power of attorney revokes all earlier Power(s) of Attorney on file with the California State Board of Equalization, the Employment Development Department, or the Franchise Tax Board as identified above for the same matters and years or periods covered by this form, except for the following:** *[specify to whom granted, date and address, or refer to attached copies of earlier power(s)]*

| NAME | DATE POWER OF ATTORNEY GRANTED |
|---|---|
| ADDRESS *(street and number, city, state, zip code)* | |

**Unless limited, this Power of Attorney will remain in effect until the final resolution of all tax matters specified herein.** *[specify expiration date if limited term]*

TIME LIMIT/EXPIRATION DATE *(for Board of Equalization and Franchise Tax Board purposes)*

**Signature of Taxpayer(s)** — If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested. If you are a corporate officer, partner, guardian, tax matters partner/person, executor, receiver, registered domestic partner, administrator, or trustee on behalf of the taxpayer, by signing this Power of Attorney you are certifying that you have the authority to execute this form on behalf of the taxpayer.

▶ **IF THIS POWER OF ATTORNEY IS NOT SIGNED AND DATED BY AN AUTHORIZED INDIVIDUAL, IT WILL BE RETURNED AS INVALID.**

| SIGNATURE *Gilbert P. Hyatt* | TITLE *(if applicable)* | DATE 01/22/08 |
|---|---|---|
| PRINT NAME Gilbert P. Hyatt | | TELEPHONE ( 702 ) 871-9899 |
| SIGNATURE | TITLE *(if applicable)* | DATE |
| PRINT NAME | | TELEPHONE ( ) |

SBE000028



SBE000029

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA  95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 22, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7004 2890 0002 6196 5265
Return Receipt Requested

Taxpayer Advocate Bureau
MS A-381
Franchise Tax Board
P.O. Box 157
Rancho Cordova, CA  95741-0157

Re:   Request for Interest Abatement
      Gilbert P. Hyatt
      Taxable Year 1991

Dear Sir or Madam:

Enclosed please find a completed form FTB 3701, Request for Abatement of Interest, being
submitted on behalf of the taxpayer Gilbert P. Hyatt for the taxable year 1991.

Sincerely,

Eric J. Coffill

Eric J. Coffill

Enclosure

cc:   Gilbert P. Hyatt (w/encl.)

sa-54818

SBE000030

SER 039

## Request for Abatement of Interest

**Important:** Read the instructions on back before completing this form.

Use FTB 3701 only for requesting an abatement of interest. **Do not** use FTB 3701 if you are claiming a refund for an overpayment of income taxes. For privacy information, see Franchise Tax Board *Privacy Notice (form FTB 1131).*

| | |
|---|---|
| Name <br>     Gilbert P. Hyatt | FTB Account No. <br> XXX XXXX XXXXXXXXXXXX <br>    1200483482 |
| Address (number, street, and room, or suite number) <br>     P.O. Box 81230 | Spouse's Social Security Number |
| City or town, State, and ZIP Code <br>     Las Vegas, NV  89180-1230 | Entity Identification Number |
| Name and address shown on return if different from above | Daytime telephone number <br> (   ) |

1. Period of time interest should be abated - From: __6/20/96__   To: __12/26/07__
2. Tax year(s): __1991__
3. Explain why you believe interest should be abated due to any unreasonable error or delay made by an employee of the Franchise Tax Board. If the Internal Revenue Service has abated interest based on its error or delay, please provide proof of the IRS's determination to abate interest.

> Unreasonable delay by the FTB during the course of the protest
> proceedings.  Taxpayer will supplement this Request as part of
> his State Board of Equalization appeal from the FTB's Notice of
> Action issued on 12/26/07 for the taxable year 1991.

**NOTE:** If you are filing a protest against a proposed assessment or an appeal, and also wish to request an abatement of interest, you must include the request for abatement of interest with your protest or appeal.

**Signature.** Requests filed by business entities must be signed by an authorized individual, and the signature must be accompanied by the individual's title.

Under penalties of perjury, I declare that I have examined this claim, including any accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| | |
|---|---|
| _Eric J. Coffill_  under POA | __1/22/08__ |
| Signature (and title, if applicable) | Date |

| | |
|---|---|
| | |
| Signature | Date |

FTB 3701 (REV 10-2000) SIDE 1

SER 041

MORRISON | FOERSTER

MORRISON & FOERSTER LLP
400 CAPITOL MALL
SUITE 2600
SACRAMENTO, CA 95814-4428

TO

By Certified Mail No. 7004 2890 0002 6196 5289
**Return Receipt Requested**
Chief, Board Proceedings Division
MIC:81
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA  94279-0081

(EA)

SBE000032

# Exhibit 5

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 23, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax and Mail This Date: Fax 916.324.2597 (Board Proceedings)

By Certified Mail No. 7004 2890 0002 6196 5302
Return Receipt Requested

Chief, Board Proceedings Division
MIC:81
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA  94279-0081

Re:   Gilbert P. Hyatt
      FTB Account No. 1200483482
      Taxable Year 1992

Dear Sir/Madam:

Enclosed please find two copies of the taxpayer's Notice of Appeal (and Regulation
5075.1(b)(1) request) in the above matter.  Please acknowledge receipt at your earliest
convenience.

Sincerely,

Eric J. Coffill

Eric J. Coffill

Enclosures

cc: Gilbert P. Hyatt (w/encl.)

sa-54816

SBE000033

1   ERIC J. COFFILL
    CARLEY A. ROBERTS
2   DAVID A. ZIRING
    MORRISON & FOERSTER LLP
3   400 Capitol Mall, Suite 2600
    Sacramento, CA  95814
4   Telephone: (916) 325-1324
    Fax: (916) 448-3222
5   ecoffill@mofo.com

6   Attorneys for Appellant

7

8               BEFORE THE STATE BOARD OF EQUALIZATION

9                    OF THE STATE OF CALIFORNIA

10

11  In the Matter of the Appeal of
                                        No. _____
12  GILBERT P. HYATT

13

14

15

16

17
              NOTICE OF APPEAL FROM NOTICE OF ACTION
18
                              AND
19
          REGULATION 5075.1(b)(1) REQUEST TO FILE BRIEF
20

21
                       Taxable Year 1992
22

23

24

25

26

27

28

Notice of Appeal                        1
sa-54817

SBE000034

SER 044

## INTRODUCTION

Pursuant to California Revenue and Taxation Code Section 19045 et seq., and SBE Regulation 5012 (18 Cal. Code of Regs. § 5012),[1] Gilbert P. Hyatt ("Hyatt" or "taxpayer" or "appellant"), hereby appeals from the Notice of Action ("Notice") issued to the taxpayer by the Franchise Tax Board ("FTB" or "respondent"), which affirmed a Notice of Proposed Assessment issued by the FTB against the taxpayer for the taxable year 1992 ("the year in issue") in the amounts set forth below.

In this regard, the following information is provided:

**Name of Taxpayer:**  Gilbert P. Hyatt

| **Amounts Involved:** | | |
|---|---|---|
| Additional Tax: | $ | 5,669,021.00 |
| Penalty: Accuracy Related (Fraud): | $ | 4,251,765.75 |
| Interest to December 26, 2007: | $ | 19,167,671.54 |

Total Additional Tax, Penalty and Interest:          $ 29,088,458.29

**Year Involved:**  Taxable Year 1992

**Date of Notice of Action:**  December 26, 2007

**Name and Address of Taxpayer's Representatives:**

Eric J. Coffill
Carley A. Roberts
David A. Ziring
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA  95814
Tel: (916) 325-1324
Fax: (916) 448-3222
ecoffill@mofo.com

A copy of a power of attorney is attached hereto as Exhibit A.

---

[1] Appellant is aware of the new pending SBE Rules for Tax Appeals, including rules which apply to appeals from actions of the FTB. However, as of the date of the filing of this Appeal, those new rules are not effective and will not become effective until February 6, 2008, i.e., the 30th day after their January 7, 2008 filing with the Secretary of State. (*See* Gov. Code §§ 11349.3; 11343.4.)

Notice of Appeal
sa-54817

2

**STATEMENT OF FACTS AND ISSUES,
AND POINTS IN SUPPORT OF POSITION**

1
2    On August 14, 1997, *over ten years ago*, the FTB issued a Notice of Proposed
3    Assessment to Mr. Hyatt for the year in issue. On October 10, 1997, a timely protest was
4    filed. On September 27, 2000, *over seven years ago*, the protest hearing was held. On
5    multiple occasions, both before and after the protest hearing, the taxpayer provided the FTB
6    with additional information during the protest process, including a 132-page protest
7    supplement letter. On November 1, 2007, the FTB issued a 50-page protest determination
8    letter, to which Mr. Hyatt was given a maximum of 30 days to respond. On December 26,
9    2007, the Notice was issued. This appeal follows.

**ISSUES ON APPEAL**

11    The issues raised herein on appeal are as follows:

12    1. The taxpayer appeals in full from the adjustments set forth in the Notice which
13       sustained the Notice of Proposed Assessment, including the penalty.

14    2. The taxpayer appeals the FTB's audit and protest determinations regarding
15       California residency and which concluded Mr. Hyatt was a resident "through
         April 2, 1992."

16
17    3. The taxpayer appeals from the FTB's protest determination regarding an
         alternative California "source" income argument that was not a basis for the
18       issuance of the Notice of Proposed Assessment, but which is stated in the
         Notice as an alternative basis for sustaining the Notice of Proposed
19       Assessment.

20    4. The taxpayer appeals from the FTB audit and protest determinations which
21       imposed an accuracy related (fraud) penalty.

22    5. The taxpayer appeals from the FTB's decision, as indicated on the Notice, to
         impose an amnesty penalty under Revenue and Taxation Code Section
23       19777.5.

24    6. The taxpayer hereby makes a request for abatement of interest for the year in
         issue, under Revenue and Taxation Code Section 19104(b)(4). *See* FTB Form
25       3701, attached hereto as Exhibit B.

26
27    7. The taxpayer hereby requests an award of reasonable fees for professional
         representation before the Board.

28    8. The taxpayer hereby requests an award of expenses and costs.

Notice of Appeal
sa-54817                                 3

SBE000036

1    The taxpayer reserves the right to raise additional issues on appeal.

2              **REQUEST FOR ORAL HEARING**

3    The taxpayer requests an oral hearing in this matter.

4      **REQUEST TO SUPPLEMENT NOTICE OF APPEAL**

5    Pursuant to Section 5075.1(b)(1) of Title 18 of the California Code of Regulations,

the taxpayer requests 90 days from the date of the acknowledgment letter from this Board

6  within which to supplement this notice of appeal by filing a complete opening brief. That

7  brief will include a statement of the facts involved and the legal authorities relied on by the

8  taxpayer, including relevant statutes and regulations. (*See* SBE Regulation 5012.)

9

10    As is clear from the above described timeline, over <u>seven</u> years have passed between

the time of the protest hearing and the protest determination letter in this matter, with the

11  taxpayer being given no more than 30 days to respond to the FTB's protest determination

12  letter in a case involving total additional tax, penalty and interest of $29,088,458.29. Mr.

13  Hyatt has separately filed an appeal with this Board for taxable year 1991, as a consequence

14  of the FTB's November 1, 2007 determination letter and a subsequent Notice of Action

15  issued by the FTB for 1991. In addition, *Hyatt v. Franchise Tax Board,* Clark County

16  Nevada District Court No. A382999, a civil tort action between appellant Hyatt and

17  respondent FTB involving the years 1991 and 1992, and which is relevant to the issues raised

18  in this Appeal,[2] is scheduled for trial commencing on April 14, 2008, with trial expected to

19  last approximately six weeks. It is anticipated that additional time will be required to file

20  //

21  //

22  //

23

24

25  [2] As of the date of the filing of this Appeal, the most recent version of the FTB's Public
Litigation Roster is the "November 2007 Franchise Tax Board Public Litigation Roster." (*See*

26  http://www.ftb.ca.gov/law/litrstr/2007/113007.pdf.) According to that Roster, page 8, the issues
in District Court Case No. A382999 are (1) "Whether Plaintiff was a resident of California from

27  September 26, 1991 through April 2, 1992"; (2) "Whether the Franchise Tax Board committed
various torts with respect to plaintiff and is subject to a claim for damages"; and (3) "Whether
the Nevada courts have or should exercise jurisdiction over the Franchise Tax Board." The

28  taxpayer does not agree with this description of the case.

Notice of Appeal
sa-54817

4

1   briefs in this matter.  Accordingly, this request is made herein under SBE Regulation

2   5075.1(b)(1) without prejudice to request additional extensions of time for filing a complete

3   brief.

4

5   DATED: January 23, 2008

6                                           RESPECTFULLY SUBMITTED,

7                                           ERIC J. COFFILL
                                            CARLEY A. ROBERTS
8                                           DAVID A. ZIRING
                                            MORRISON & FOERSTER LLP
9

10                                          By  _Eric J. Coffill_
                                                Eric J. Coffill
11                                          ATTORNEYS FOR APPELLANT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Appeal                            5
sa-54817

SBE000038



A

SBE000039

BOE-392 (FRONT) REV. 8 (12-05)
**POWER OF ATTORNEY**

STATE OF CALIFORNIA
BOARD OF EQUALIZATION
FRANCHISE TAX BOARD
EMPLOYMENT DEVELOPMENT DEPARTMENT

*Check below to indicate the appropriate agency. Please note that a separate form must be completed and provided to each agency checked.*

| ☑ STATE BOARD OF EQUALIZATION | ☐ FRANCHISE TAX BOARD | ☐ EMPLOYMENT DEVELOPMENT DEPARTMENT |
|---|---|---|
| PO BOX 942879 | PO BOX 2828 | PO BOX 826880 MIC 28 |
| SACRAMENTO CA 94279-0001 | RANCHO CORDOVA CA 95741-2828 | SACRAMENTO CA 94280-0001 |
| 800-400-7115 | FAX 916-845-0523 | 916-654-7263 • FAX 916-654-9211 |

| TAXPAYER'S NAME | BUSINESS OR CORPORATION NAME | TELEPHONE NUMBER | FAX NUMBER |
|---|---|---|---|
| Gilbert P. Hyatt | | ( ) | ( ) |

| SOCIAL SECURITY NUMBER | FEDERAL EMPLOYER IDENTIFICATION NUMBER(S) | CALIFORNIA SECRETARY OF STATE NUMBER(S) |
|---|---|---|
| FTB Accnt # 1200483482 | | |

| BOARD OF EQUALIZATION ACCOUNT/PERMIT(S) | | EDD EMPLOYER ACCOUNT NUMBER |
|---|---|---|
| | | |

MAILING ADDRESS (street and number, city, state, zip code)
PO Box 81230, Las Vegas, Nevada 89180-1230

☑ INDIVIDUAL   ☐ PARTNERSHIP   ☐ CORPORATION   ☐ LIMITED LIABILITY COMPANY
☐ OTHER _____

As owner, officer, receiver, administrator, or trustee for the taxpayer, or as a party to the tax or fee matter before the:

☑ State Board of Equalization   ☐ Franchise Tax Board   ☐ Employment Development Department

I hereby appoint: *[enter below the individual appointee(s) name(s), address(es) (including zip code), telephone number(s) and FAX number(s) – do not enter names of accounting or law firms, partnerships, corporations, etc., as the appointee name]*

| APPOINTEE NAME | APPOINTEE NAME |
|---|---|
| Eric J. Coffill/Carley A. Roberts/ David A. Ziring | |

| APPOINTEE BUSINESS NAME (if applicable) | APPOINTEE BUSINESS NAME (if applicable) |
|---|---|
| Morrison & Foerster LLP | |

| APPOINTEE ADDRESS (street and number) | APPOINTEE ADDRESS (street and number) |
|---|---|
| 400 Capital Mall, Suite 2600 | |

| (city) | (state) | (zip code) | (city) | (state) | (zip code) |
|---|---|---|---|---|---|
| Sacramento | CA | 95814 | | | |

| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
|---|---|---|---|
| ( 916 ) 325-1324 | ( 916 ) 448-3222 | ( ) | ( ) |

As attorney(s)-in-fact to represent the taxpayer(s) for the following tax or fee matters: *[specify type(s) of tax]*

☑ Franchise and Income Tax Law   ☐ Payroll Tax Law
☐ Sales and Use Tax Law   ☐ Benefit Reporting
☐ Use Fuel Tax Law   ☐ Other: _____

SPECIFY THE TAX OR FEE YEAR(S) OR PERIOD(S) [IF ESTATE TAX, INDICATE DATE OF DEATH] (for Board of Equalization and Franchise Tax Board purposes)
Taxable Years 1991 and 1992

The attorney(s)-in-fact (or any of them) are authorized, subject to revocation, to receive confidential tax information and to perform on behalf of the taxpayer(s) the following acts for the tax or fee matters described above: *[check the box(es) for the powers granted]*

☐ General Authorization (including all acts described below).
☑ Specific Authorization (selected acts described below).
  ☑ To confer and resolve any assessment, claim or collection of a deficiency or other tax or fee matter pending before the identified agency and attend any meetings or hearings thereto for the specified law identified above.
  ☑ To receive, but not to endorse and collect, checks in payment of any refund of taxes, penalties or interest.
  ☑ To execute petitions, claims for refund and/or amendments thereto.
  ☑ To execute consents extending the statutory period for assessment or determination of taxes.
  ☐ To execute closing agreements under section 19441 of the California Revenue and Taxation Code.
  ☐ To execute settlement agreements under section 19442 of the California Revenue and Taxation Code.

*(The back of this form must be completed.)*

SBE000040

BOE-392 (BACK) REV. 6 (12-05)

☑ To represent the taxpayer for changes to their mailing address for any and all Payroll Tax Law, Benefit Reporting, both Payroll Tax Law and Benefit Reporting.

☐ To execute settlement agreements under section 1236 of the California Unemployment Insurance Code.

☑ To delegate authority or to substitute another representative.

☑ Other acts *(specify):* File SBE Notice of Appeal

Franchise Tax Board (FTB) will send you and your first representative listed a copy of FTB computer generated notices as they become available.

☐ Check this box if you do **not** want FTB to send copies of available FTB computer generated notices to your first representative listed.

*(Note: Not all FTB processing systems are capable of generating representative copies at this time.)*

This power of attorney revokes all earlier Power(s) of Attorney on file with the California State Board of Equalization, the Employment Development Department, or the Franchise Tax Board as identified above for the same matters and years or periods covered by this form, except for the following: *[specify to whom granted, date and address, or refer to attached copies of earlier power(s)]*

| NAME | DATE POWER OF ATTORNEY GRANTED |
|---|---|
| | |
| ADDRESS *(street and number, city, state, zip code)* | |

Unless limited, this Power of Attorney will remain in effect until the final resolution of all tax matters specified herein. *[specify expiration date if limited term]*

TIME LIMIT/EXPIRATION DATE *(for Board of Equalization and Franchise Tax Board purposes)*

Signature of Taxpayer(s) — If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested. If you are a corporate officer, partner, guardian, tax matters partner/person, executor, receiver, registered domestic partner, administrator, or trustee on behalf of the taxpayer, by signing this Power of Attorney you are certifying that you have the authority to execute this form on behalf of the taxpayer.

▶ IF THIS POWER OF ATTORNEY IS NOT SIGNED AND DATED BY AN AUTHORIZED INDIVIDUAL, IT WILL BE RETURNED AS INVALID.

| SIGNATURE *Gilbert P. Hyatt* | TITLE *(if applicable)* | DATE 01/22/08 |
|---|---|---|
| PRINT NAME Gilbert P. Hyatt | | TELEPHONE ( 702 ) 871-9899 |
| SIGNATURE | TITLE *(if applicable)* | DATE |
| PRINT NAME | | TELEPHONE ( ) |

SBE000041



$\mathcal{B}$

SBE000042

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 23, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7004 2890 0002 6196 5272
Return Receipt Requested

Taxpayer Advocate Bureau
MS A-381
Franchise Tax Board
P.O. Box 157
Rancho Cordova, CA 95741-0157

Re:  Request for Interest Abatement
     Gilbert P. Hyatt
     Taxable Year 1992

Dear Sir or Madam:

Enclosed please find a completed form FTB 3701, Request for Abatement of Interest, being
submitted on behalf of the taxpayer Gilbert P. Hyatt for the taxable year 1992.

Sincerely,

Eric J. Coffill

Enclosure

cc:  Gilbert P. Hyatt (w/encl.)

sa-54819

SBE000043

### Request for Abatement of Interest

**Important:** Read the instructions on back before completing this form.

Use FTB 3701 only for requesting an abatement of interest. Do not use FTB 3701 if you are claiming a refund for an overpayment of income taxes. For privacy information, see Franchise Tax Board *Privacy Notice (form FTB 1131).*

| | FTB Account No. |
|---|---|
| Name<br> Gilbert P. Hyatt | XXX XXX XXXX XXXXX<br> 1200483482 |
| Address (number, street, and room, or suite number)<br> P.O. Box 81230 | Spouse's Social Security Number |
| City or town, State, and ZIP Code<br> Las Vegas, NV  89180-1230 | Entity Identification Number |
| Name and address shown on return if different from above | Daytime telephone number<br> (     ) |

1. Period of time interest should be abated - From: __10/10/97__  To: __12/26/07__
2. Tax year(s): __1992__
3. Explain why you believe interest should be abated due to any unreasonable error or delay made by an employee of the Franchise Tax Board. If the Internal Revenue Service has abated interest based on its error or delay, please provide proof of the IRS's determination to abate interest,

> Unreasonable delay by the FTB during the course of the protest proceedings.  Taxpayer will supplement this Request as part of his State Board of Equalization appeal from the FTB's Notice of Action issued on 12/26/07 for the taxable year 1992.

**NOTE:** If you are filing a protest against a proposed assessment or an appeal, and also wish to request an abatement of interest, you must include the request for abatement of interest with your protest or appeal.

**Signature.** Requests filed by business entities must be signed by an authorized individual, and the signature must be accompanied by the individual's title.

Under penalties of perjury, I declare that I have examined this claim, including any accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct and complete.

| Eric J. Coffill, under poa | 1/23/08 |
|---|---|
| Signature (and title, if applicable) | Date |
| | |
| Signature | Date |

FTB 3701 (REV 10-2006) SIDE 1



SBE0000045

SER 055

CERTIFIED MAIL

7004 2890 0002 6196 5302

MORRISON | FOERSTER

MORRISON & FOERSTER LLP
400 CAPITOL MALL
SUITE 2600
SACRAMENTO, CA 95814-4425

TO

By Certified Mail No. 7004 2890 0002 6196 5302
Return Receipt Requested
Chief, Board Proceeding Division
MIC:81
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA  94279-0081

(BIC)

# Exhibit 6

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

May 7, 2014

RECEIVED
MAY - 9 2014
SACRAMENT LEGAL
FRANCHISE TAX BOARD

Writer's Contact

+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:   *Appeals of Gilbert P. Hyatt*
      Case ID Nos. 446509 and 435770
      Taxable Years 1991 and 1992
      <u>Your Letter of May 1, 2014</u>

Dear Grant:

I am in receipt of your letter dated May 1, 2014,[1] in the above matter. Your letter requests, in part, that we provide you with "appellant's best estimate of how much time and how many additional pages appellant believes are reasonable…" in order to reply to FTB's two briefs now due June 23, 2014.

The difficulty here, as you certainly can appreciate from the phrasing of your "best estimate" request, is that absent our actual review of FTB's briefs as filed, it is impossible to know their contents so as to determine how much time and how many additional pages will be required in order for Mr. Hyatt to fully and adequately respond to them. However, subject to

---

[1] To be clear and for peace of mind, I would like to point out that your letter to me of May 1, 2014, is dated subsequent to Mr. Hyatt's filing on April 4, 2014 of a complaint in the United States District Court, Eastern District of California, Case No. 2:14-cv-00849-GEB-DAD, which names as defendants, among others, the five members of the Board of Equalization in their official capacities. Accordingly, this letter to you is intended solely as a response to your May 1st letter to me and not as an *ex-parte* communication with named defendants, which I have been informed are currently represented by counsel (Kerr & Wagstaffe LLP) in the District Court matter. Similarly, I am copying on this letter Bob Dunn of the FTB Legal Division, although the District Court matter also names as defendants the three members of the Franchise Tax Board in their official capacities. Both you and Mr. Dunn should feel free to apprise your respective counsel in the District Court matter of my response here to your letter to me.

sa-69284

SBE002509

MORRISON | FOERSTER

Grant S. Thompson
May 7, 2014
Page Two

that caveat, our "best estimate" at this time and under these circumstances is that it will take
us twice as many pages, and twice as long, to respond to FTB's briefs. Your letter of April
23, 2014 allows FTB to file two briefs, each not to exceed 30 pages. Accordingly, Mr.
Hyatt's best estimate at this time is he will need to file two briefs, each not to exceed 60
pages. Your letter of April 23, 2014 states FTB may file those two briefs, addressing (1) the
Philips documents, and (2) declarations and other evidence submitted with and following Mr.
Hyatt's supplement brief, and (3) any additional argument that may assist the SBE in
resolving the appeals, by June 23, 2014, i.e., 60 days to file from your April 23rd letter setting
briefing. Accordingly, Mr. Hyatt's best estimate at this time is he will need 120 days to file
his two briefs.

Your letter references RTA 5435 as requiring a showing why our requests above are
reasonable. As already explained in Mr. Hyatt's prior correspondence, your Board's
April 23rd letter has now granted FTB yet another 60 days to write more briefs responding to
what under the briefing schedule was to have been Mr. Hyatt's "appellant's supplemental
briefs" and supplemental information that would have concluded all the briefing in this
matter. Mr. Hyatt's supplemental briefs were filed on July 25, 2012, accompanied by
approximately 30 boxes, so your Board's April 23, 2014 order allowing FTB to respond to
those supplemental briefs on June 23rd has now given FTB nearly two years to review,
analyze and respond to those briefs. Mr. Hyatt must now respond to two years of analysis by
FTB. Furthermore, your Board's April 23, 2014, order allowing FTB to brief the more than
8,000 pages of Philips documents has now given FTB about two years to review, analyze and
brief those Philips documents. Mr. Hyatt must now respond to FTB's analysis of Philips
documents which have been in FTB's possession since at least 2011. Notwithstanding the
fact that Mr. Hyatt has had the Philips documents during this time, he was not able to focus
his review because he does not know exactly how the FTB will argue these documents.
Furthermore, SBE has now also allowed FTB to brief "any" additional argument that may
assist the Board in resolving these appeals, a scope so broad it is essentially without
limitation. For example, nothing in the Board's order would prevent FTB from now raising
entirely new arguments never before seen in this case since the audit began in 1993. Finally,
we make the point, again, that the appellant is entitled to the "last brief." Here, Mr. Hyatt
will be given the "last brief" in name only if he is not allowed a reasonable amount of time
and pages to respond to arguments by FTB based on the Philips documents in their
possession since at least 2011; to respond to arguments by FTB based on Mr. Hyatt's
supplemental briefs in its possession since July 2012; and to "any" other information which,
in its unfettered discretion, FTB unilaterally choses to put in its two June 23rd briefs.

This "best estimate" request above and made at this time is without prejudice to seek under
the RTAs additional pages of briefing and additional time to respond to FTB's June 23rd
briefs after we have received those briefs and reviewed their contents.

sa-69284

MORRISON | FOERSTER

Grant S. Thompson
May 7, 2014
Page Three

Finally, Mr. Dunn's letter of April 30, 2014, page 2, falsely states "Mr. Hyatt has used courts in Nevada, California and New York to avoid discovery of relevant documents in this appeal." On the contrary, it is FTB that has "avoided" discovery. In the Nevada case, where unlike this SBE proceeding where Mr. Hyatt has no formal discovery rights, Mr. Hyatt successfully discovered many relevant audit documents that the FTB had withheld from Mr. Hyatt. Further, the Nevada jury found and the Nevada court ruled that the FTB committed intentional torts, including fraud, against Mr. Hyatt during the audit, which findings and rulings include an award of punitive damages against the FTB. Further, we understand that Philips itself withheld about 90% of the 30 boxes of documents that were subpoenaed by the FTB as not being relevant, and the New York court then found that many of the documents produced by Philips to the FTB were not relevant and not discoverable by FTB. The FTB has deprived Mr. Hyatt of his legal rights for many years, and Mr. Dunn's comments here are yet another example of FTB's continual criticism of Mr. Hyatt exercising his legal rights.

Very truly yours,

*Eric J. Coffill*

Eric J. Coffill
Counsel for Mr. Hyatt

cc:   Bob Dunn (FTB) – by mail and e-mail

sa-69284

SBE002511

SER 059

# Exhibit 7

SER 060

)
2
3
4

STATE OF CALIFORNIA
FRANCHISE TAX BOARD
Legal Division
Robert W. Dunn, Tax Counsel IV
P.O. Box 1720
Rancho Cordova CA 95741-1720
(916) 845-3338

5    Respondent's Representative

6

7                BEFORE THE STATE BOARD OF EQUALIZATION

8                    OF THE STATE OF CALIFORNIA

9

10   In the Matter of the Appeal of:      )  Appeal Case ID No. 446509

11                             )

12   GILBERT P. HYATT               )

13

14        Deficiency

| Year[1] | Amount | Penalty, Fraud |
|---|---|---|
| 1992 | $5,669,021.00 | $4,251,765.75 |

18                RESPONDENT'S OPENING BRIEF (1992)

---

[1] Required Footnote: Franchise Tax Board's ("FTB") audit of Mr. Hyatt's claimed California nonresidency began in June 2, 1993. On April 13, 1992, approximately 14 months earlier, Mr. Hyatt signed and filed his 1991 California part-year resident tax return. On that tax return Mr. Hyatt claimed he became a nonresident of California on October 1, 1991. FTB audit found that Mr. Hyatt actually became a nonresident of California on April 3, 1992, and that his 1991 tax return was fraudulent. FTB issued Notices of Proposed Assessment ("NPAs") for 1991 and 1992. On October 10, 1997, Mr. Hyatt filed a protest to the 1992 NPA. (Mr. Hyatt had earlier protested the 1991 NPA.) On January 6, 1998, 86 days later, Mr. Hyatt initiated a lawsuit in Las Vegas, Nevada challenging the merits of California's tax audit and the audit process. During the Nevada litigation information central to the tax determination was discovered by FTB that was repeatedly requested during Mr. Hyatt's tax audit but that Mr. Hyatt chose not to produce. Over FTB objection Mr. Hyatt elected to designate this information under language he placed in a Nevada court issued protective order that specifically prevented its being shared with FTB employees assigned to this California tax matter. Mr. Hyatt then resisted FTB's subpoena for this information and litigated FTB's subpoena enforcement action in California. FTB prevailed in this litigation. Mr. Hyatt then resisted subsequent demands for similarly discovered information until FTB threatened further subpoena enforcement litigation, and sanctions. Ultimately, after much effort, this information was produced to FTB's protest hearing officer who received the final document production in May 2007, six months before issuing the 1991 and 1992 Notices of Action that led to this appeal. The time required to complete the administrative process is largely attributable to Mr. Hyatt's decisions and actions. Much more detail on this topic is contained within the section responding to Mr. Hyatt's request for abatement of interest beginning on page 30.

1   support that story. Frankly, their affidavits are shown to lack credibility because they so completely

2   contradict the entire contemporaneous documentary record that is set forth in the Statement of

3   Facts and Attachment A to this opening brief. As discussed further in Attachment B, the affidavits of

4   Mr. Hyatt and Ms. Jeng should carry no weight in determining this appeal.

5           To summarize, "little weight" is the starting point when considering scripted affidavits in a

6   contested matter in California, according to our Supreme Court in *Elkins*. But in this appeal your

7   Board should consider that Mr. Hyatt has procured materially false statements at audit and protest,

8   most notably the assertions of Roger McCaffrey, Carolyn Cosgrove and Michael Kern, discussed

9   above, and detailed within Attachment B. This fact alone should be enough to discount and dismiss

10  any and all affidavits Mr. Hyatt's solicits and then presents as evidence in this proceeding.

11          Mr. Hyatt's affidavits make claims that contradict contemporaneous documents, as amply

12  demonstrated above. Documents that may have been determinative as to Mr. Hyatt's actual

13  physical presence and activity, his DNC check records and California and Nevada telephone

14  records, were requested and never produced. We ask your Board to afford Mr. Hyatt's scripted

15  affidavits, collectively and individually, little or no weight.

16          c. Misconduct allegations against FTB auditor and FTB audit staff: In his opening brief Mr.

17  Hyatt sets forth malicious allegations against one of the three auditors who conducted his

18  residency audit, FTB tax auditor Sheila Cox. Mr. Hyatt claims his 1991 and 1992 proposed tax

19  assessments are not based on evidence but were created in bad faith by Ms. Cox and FTB

20  coconspirators (reviewers and supervisors) to extort money. Mr. Hyatt asks your Board to overturn

21  FTB's proposed assessments based on these allegations.[192]

22          Mr. Hyatt alleges three variations on his bias and misconduct charges against FTB. First is

23  the allegation that Ms. Cox was biased toward Mr. Hyatt because he is Jewish. In support Mr. Hyatt

24  points to the comments of a former FTB employee that allegedly heard Ms. Cox refer to Mr. Hyatt as

25  a "Jew bastard." Mr. Hyatt's second theory of bias charges that Ms. Cox was wrongly motivated to

26  issue large proposed tax assessments against Mr. Hyatt, not for the merits of the tax assessment,

27  but for personal recognition and reward. Mr. Hyatt's third theory, one of alleged FTB organizational

28

---

[192] Mr. Hyatt's Opening brief for 1992, page 5, lines 9–11. (The identical language appears in both Mr. Hyatt's 1991 and 1992 briefs.)

1   misconduct, asserts that FTB was improperly motivated by proposed revenue such that Ms. Cox,

2   supervisors, reviewers and managers all allowed Mr. Hyatt's bogus 1991 and 1992 NPAs to issue.

3   In any case Mr. Hyatt claims that, with biased and extortive intent, Ms. Cox knowingly slanted her

4   audit analysis, invented evidence, and then slipped her written analysis, conclusions and

5   supporting documentation past layers of FTB supervisors, reviewers and managers (both in Los

6   Angeles and Sacramento) who all ultimately—unwittingly, willfully ignorant, or in cahoots—approved

7   the issuance of the "bogus" 1991 and 1992 tax and fraud penalty NPAs.[193]

8       How did Mr. Hyatt's bias and misconduct allegations become part of this tax appeal? Using

9   discovery tools available through his Nevada lawsuit Mr. Hyatt began document and deposition

10  discovery against FTB in December 1998. Mr. Hyatt began serial depositions of FTB personnel,

11  essentially deposing anyone whose name appeared on any document in the 3000 page audit file

12  he recovered through a California Public Records Act request. Many FTB employee depositions

13  stretched over multiple days.[194] Ms. Cox was deposed by Mr. Hyatt's counsel beginning on January

14  11, 1999, and on many subsequent dates thereafter (eventually totaling 13 full days of

15  questioning). Ultimately, FTB had to move the Nevada court to stop Mr. Hyatt's deposition of Ms.

16  Cox, which had become retaliatory, punishing and abusive.[195]

17      During Ms. Cox's depositions Mr. Hyatt became aware of a former FTB tax auditor named

18  Candace Les. Ms. Cox and Ms. Les had been coworkers and friends in 1995 while both were

19  working in FTB's nonresidency unit. They become estranged sometime after Ms. Cox received a

20  competitive promotion in 1996 to a position also sought by Ms. Les, who was not selected.

21      In May 1998 Ms. Les was terminated by FTB for cause (after a six month FTB internal

22  investigation) based upon 12 charges of misconduct: Incompatible activities (taking gifts and favors

23  _____

24  [193] In making this bias argument Mr. Hyatt ignores the fact that _after_ the NPAs were issued by FTB audit staff a
    statutory protest process ensued. During that protest process all the evidence and applicable law were reconsidered by

25  two senior FTB tax lawyers who, with assistant chief counsel approval, issued 1991 and 1992 Notices of Action
    supported by a detailed determination letter upholding the earlier audit findings in their entirety. No bias, misconduct or

26  audit conspiracy was found by FTB legal.
    [194] In Mr. Hyatt's Nevada litigation a total of 155 depositions were taken and 168,000 documents were exchanged

27  between 1998 and 2006.
    [195] Exhibit I, Tab 4: Testimony of FTB auditor Sheila Cox: Mr. Hyatt's attorney asked Ms. Cox about very personal

28  information, her social security number, her home address, and whether or not her house had a security system, for
    example. Ms. Cox would later testify that she considered Mr. Hyatt's lawyer's inquiry into whether her home had a
    security system a "veiled threat."

from an entity under FTB audit); intentionally misplacing audit records; improper behavior toward the public; dishonest statements to her supervisor; improper audit conduct including failure to protect the statute of limitations; failure to submit cases timely; failure to adequately document (many examples); failure to appropriately use field time; failure to comply with required documentation procedures; improper comments in audit files; engaging in improper settlements; failure to document proposed determinations.[196]

After the FTB internal investigation into Ms. Les' conduct began in September 1997, and prior to her dismissal in May 1998, Ms. Les filed a workplace harassment complaint against Ms. Cox. Ms. Les charged, among other things, that Ms. Cox was involved in her misconduct investigation.[197] The complaint was fully investigated by FTB's security manager and found to be baseless.[198]

By January 1999 Ms. Les, no longer an FTB employee, was near the end of a civil service appeal process before the California State Personnel Board ("SPB"). Ms. Cox (one among many FTB witnesses) had been called to appear at Ms. Les' SPB appeal hearing and had described under oath some of the conduct that led to Ms. Les' termination.[199]

In early 1999, shortly after Ms. Cox identified Candace Les in deposition, Mr. Hyatt and his attorneys located the former FTB auditor in Los Angeles and began meeting with her. According to Ms. Les' later testimony she met with one Hyatt attorney 70 times for approximately 500 hours, to

---

[196] Exhibit I, Tab 5: Candace Les was read her rights by an FTB special investigator on September 2, 1997. Also see letter listing misconduct charges (with California Government Code and FTB policy references) against former FTB tax auditor Candace Les, dated March 2, 1998, and see Letter from Steve Illia documenting improper audit activity dated February 18, 1998. Probably the single most egregious finding of misconduct was that Ms. Les attended a Christmas party of a business she was then actively auditing, and left that party with gifts.

[197] Exhibit I, Tab 6: September 24, 1997, notes (Reviewer's Comments) from FTB residency audit reviewer Carol Ford critical of an audit Ms. Les performed. Ms. Les apparently believed Ms. Cox was involved with initiating the investigation of Ms. Les' misconduct when, in fact, the investigation began after Sacramento audit reviewers began to question the accuracy, quality, completeness and appropriateness of many of Ms. Les' audits. See, also, Mr. Illia's letter dated February 18, 1998 (ibid.)

[198] Exhibit I, Tab 7: See letters from FTB Security Manager Diane Lawrence describing document reviews and interviews, and finding "no merit" in Ms. Les' complaint against Ms. Cox.

[199] A California State Personnel Board (SPB) hearing officer eventually changed Ms. Les' outright termination to discipline (10 day suspension) and reinstatement, on a technicality. The SPB found that during the investigation of Ms. Les' conduct FTB failed to precisely follow the due process procedures set forth in *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194. FTB rejected the SPB administrative hearing officer's conclusions and began the process of a judicial appeal. In a subsequent settlement agreement Ms. Les submitted her letter of resignation from FTB in exchange for back pay—required if the *Skelly* violation was correct—and payment of Ms. Les' SPB attorney fees.

1  include reviewing documents.[200] Ms. Les recalled personally meeting with Mr. Hyatt and

2  approximately 20 phone calls with Mr. Hyatt. While talking to Mr. Hyatt and his attorneys throughout

3  the spring and early summer of 1999—almost daily—Ms. Les was under the impression that she

4  would be paid by Mr. Hyatt for her time, for "consulting."[201] From these meetings with Ms. Les Mr.

5  Hyatt obtained information that forms the basis of his misconduct allegations against FTB. Ms. Les'

6  told Mr. Hyatt that during the time Ms. Cox was working on his tax audit Ms. Les overheard Ms. Cox

7  refer to Mr. Hyatt as a "Jew bastard." Ms. Les further claimed, and told Mr. Hyatt, that Ms. Cox was

8  "obsessed" with Mr. Hyatt's tax audit, and that, during an FTB audit field visit by Ms. Les and Ms.

9  Cox in November 1995, Ms. Cox trespassed on Mr. Hyatt's 7335 Tara Avenue property and rifled

10  through his mail and trash. Ms. Les also told Mr. Hyatt that FTB was more interested in the amount

11  of tax assessments than in their accuracy.

12      Using the discovery tools from his Nevada litigation Mr. Hyatt noticed Ms. Les' deposition for

13  January 2000, solicited her accusations against Ms. Cox on the record, and immediately began

14  including Ms. Les' allegations, particularly the "Jew bastard" comment, in his litigation motion

15  practice. Mr. Hyatt deposed Ms. Les for 6 days in January 2000. In general Ms. Les' deposition

16  testimony is fairly described as rambling, occasionally contradictory, and peppered with

17  profanity.[202] Ms. Les' anger at FTB in general, FTB audit management and Ms. Cox in particular,

18  who had recently testified against her, is on display.

19      In May 2000 Ms. Les was deposed under oath by FTB counsel. By this date Ms. Les had

20  become aware of Mr. Hyatt's use of her January testimony in motions to the Nevada court. With her

21  attorney at her side Ms. Les asked FTB counsel if she could make a statement to correct the

22  record, to which FTB agreed. Stating that she had been "misrepresented" in Mr. Hyatt's motions,

23  Ms. Les said that she did not mean that Ms. Cox actually said Mr. Hyatt was a "Jew bastard" in a

24  literal sense, but meant it in a "spiritual sense."[203] In continued questioning by FTB counsel Ms. Les

25  presented contradictory stories about her observation of Ms. Cox's alleged November 1995

26  trespass (she walked through a "gate"), alleged peeking in Mr. Hyatt's windows, alleged going

27
28

[200] Exhibit I, Tab 8: See testimony of Candace Les, page 01100 and 01131.
[201] Exhibit I, Tab 9: See testimony of Candace Les, page 01289 and 01291.
[202] Video and text transcripts from all of Ms. Les' depositions are available for review at the request of your Board.
[203] Exhibit I, Tab 10: See testimony of Candace Les, pages 1071 and 1075.

1   through Mr. Hyatt's trash, and alleged rifling through Mr. Hyatt's mail.[204]

2          Ms. Cox denied all of Ms. Les' accusations of misconduct as false.[205] Ms. Cox testified under

3   oath that she never referred to Mr. Hyatt as a "Jew bastard," never rifled through his mail (in fact,

4   Mr. Hyatt's Tara property had a locked security mailbox in November 1995 making such activity

5   impossible), never trespassed (Ms. Cox observed and walked up to the front door of the seemingly

6   unlived in Las Vegas residence, and there was no "gate" on the property), and never looked through

7   the trash (Ms. Cox earlier observed "trash bags" and asked the Silver State disposal trash collector

8   how much trash they got from Mr. Hyatt's 7335 Tara Avenue property, recording the answer—"not

9   much").[206]

10         Ms. Les' accusations are not corroborated by any other witness. When long time

11  acquaintances of both Ms. Cox and Ms. Les (herself Jewish) were asked by FTB counsel about Ms.

12  Les' accusation that Ms. Cox called Mr. Hyatt a "Jew bastard" they often stated spontaneously "that

13  sounds like Candace, not Sheila" or something very similar.[207]  When interviewed by FTB attorneys

14  over a dozen of Ms. Cox's colleagues, coworkers and superiors stated they never heard Ms. Cox use

15  the epithet "Jew bastard" or anything remotely of that nature. All found that type of comment

16  completely out of character for Ms. Cox. All recalled Ms. Cox as kind, considerate, respectful and

17  _____

18  [204] Exhibit I, Tab 11: Ms. Cox testified that she made a brief observation of Mr. Hyatt's 7335 Tara property in November 1995 from the street (to confirm Mr. Hyatt's written representations of improvements made to the property) while

19  accompanying Ms. Les to Nevada for work on Ms. Les' residency audits. Ms. Cox observed nothing that would change her analysis or conclusion in Mr. Hyatt's audit, then ongoing. Ms. Les' 2000 version of events from this 1995 visit

20  contradict Ms. Cox's testimony. After Ms. Les' 1998 termination by FTB, after Ms. Cox was called to testify in Ms. Les personnel board proceeding, and after dozens of meetings with Mr. Hyatt and his representatives beginning in early

21  1999, Ms. Les claims Ms. Cox rifled through Mr. Hyatt's mail, peeked in windows, walked around the back of the home through a gate, and looked through Mr. Hyatt's trash. Ms. Les' version of these events will change each time she is

22  asked to repeat them at deposition. See page 37 – 52 (first version of events), page 268 – 276 (Ms. Les is sick, on the curb, head in hands), page 401 – 408 (no garbage cans in photo), page 1069 – 1078 (car sick, sat on the curb, head

23  in hands), page 1069 – 1078 (recants earlier accusations against Ms. Cox), page 1246 – 1249 (length of visit changes, mailbox location changes), page 1298 – 1305 (mail is now an object on porch), page 1338 – 1339 (back to

24  mailbox, mail taken out of mailbox).
    [205] Exhibit I, Tab 12: See sworn testimony of Ms. Cox. Consistent with the comments of everyone interviewed who knew or worked with Ms. Cox (except, of course, Ms. Les), she denied ever using anti Semitic or racial comments.

25  [206] For the sake of argument, had Ms. Cox looked through Mr. Hyatt's trash placed at the curb it would have been entirely legal. The U.S. Supreme Court decided in the 1988 case *California v. Greenwood*, 486 U.S. 35, that anyone,

26  including law enforcement agents and journalists, can access garbage that has been put out to be collected because there is no privacy right in abandoned property. However, when asked if she had done this, Ms. Cox responded no, that

27  she was not paid enough as a FTB tax auditor to dig through anyone's trash.
    [207] This was the verbatim, unsolicited and candid response of FTB auditor Jahna Alvarado and FTB special investigator Horace Pitts when first told of Ms. Les's charge against Ms. Cox. Other FTB employees related similar impressions of

28  Ms. Les' tendency (not Ms. Cox's) to use improper pejoratives in her daily speech.

1   highly professional. Ms. Cox's coworkers and superiors never witnessed any on or off the job

2   misconduct by Ms. Cox. In fact, Ms. Cox was (and is) regarded highly as a person and a professional

3   tax auditor by all FTB staff who worked with her. No one observed that Ms. Cox was "obsessed" with

4   the Hyatt audit. In fact, Ms. Cox had approximately 19 other active tax audits in her inventory at the

5   same time as the Hyatt audit, many complex, and all were accomplished professionally.[208] Selected

6   over several hundred of her FTB tax auditor peers, Ms. Cox received the "Sustained Superior

7   Accomplishment Award" in 1999, personally presented to her by FTB's Executive Officer Gerald

8   Goldberg. This prestigious State of California award is only presented for two consecutive years (or

9   more) of highly commendable performance in all aspects of the job.

10         Therefore it can be inferred, based on all the facts and circumstances described above, that

11   the allegations of bias and misconduct leveled at Ms. Cox by Ms. Les are false, likely motivated by

12   anger, jealousy and revenge, both at FTB for terminating her employment and at Ms. Cox for being

13   a highly regarded FTB employee as well as a witness against Ms. Les. Ms. Les' allegations also

14   must be discounted because they were made in anticipation of receiving monetary compensation

15   from Mr. Hyatt for her many, many hours of consultation. Lastly, Ms. Les' allegations must be

16   discounted because her testimony shifted and changed, both as to the alleged expressions of bias

17   by Ms. Cox, Ms. Les' later retraction of the "Jew bastard" allegation, and as to the inconsistent facts

18   surrounding the November 1995 field observation of Mr. Hyatt's alleged residence in Las Vegas,

19   Nevada.[209]

20         Although less precisely articulated, Mr. Hyatt has also made the accusation that Ms. Cox and

21   other FTB audit staff were improperly motivated to issue large dollar NPAs in his case because of a

22   concept known as cost benefit ratio, or CBR. As proof Mr. Hyatt offers paid expert witness opinion

23   that FTB employees at the audit level in 1993 through 1997 must have been aware of the resource

24   management concept known as CBR, and therefore must have been improperly motivated by

---

26   [208] Exhibit I, Tab 13: Ms. Cox's time sheets for March and June 1995 show that Ms. Cox had in her inventory of audit cases at least 19 active audits besides Mr. Hyatt's audit.

27   [209] It needs to be mentioned here that Mr. Hyatt's attempt to import so-called findings from his Nevada litigation that relate to the alleged conduct of an FTB auditor must fail as a matter of law. Your Board is considering this appeal taken from FTB protest, from Notices of Action, and you do so de novo. (Revenue and Taxation Code sections 19045 &

28   19047.) Assuming, for the sake of argument, there were issues relating to individual conduct at audit, and unrelated to the merits of the assessments at issue, this appeal must be decided on the law and facts now before your Board.

1  financial reward. Mr. Hyatt presents no evidence that the NPAs issued in his audit resulted in

2  financial reward for anyone, Ms. Cox or her superiors. All of the FTB audit personnel who worked on

3  Mr. Hyatt's audit were California civil service workers, paid by salary entirely unrelated to tax

4  assessments. All of the FTB personnel deposed by Mr. Hyatt and asked about their motivation as

5  tax auditors responded that they were motivated to do their job, enforce California's income tax law

6  (a statutory duty) and, where warranted, assess the correct amount of tax.[210]

7        The tax and penalty assessments against Mr. Hyatt for 1991 and 1992 are based upon the

8  examination of all the facts and circumstances surrounding his alleged change of residency in

9  1991. Mr. Hyatt claimed he moved out of California on October 1, 1991, (then September 24, 25

10  and, finally, 26) assertions found by FTB to be false and fraudulent. FTB's conclusion here, like

11  those of FTB audit and FTB protest earlier, is based upon contemporaneous documentation, and

12  the lack of contemporaneous documentation reflecting the claims of Mr. Hyatt (as discussed

13  elsewhere in this brief, attachments and exhibits), and the application of California tax law, not the

14  alleged bias and/or misconduct of FTB audit, supervisor, reviewer and management personnel

15  claimed by Ms. Les, and parroted by Mr. Hyatt.

16                                    VI. CONCLUSION

17        During the period at issue in this appeal Mr. Hyatt's patent licensing business was his life,

18  and he conducted that business from California. A review of all the facts set forth herein makes

19  that conclusion inescapable.

20        To change domicile Mr. Hyatt must bring forth evidence (first to FTB, and now to your Board)

21  of both the severing of connections with the established domicile and the establishment of

22  connections with the new domicile. This Mr. Hyatt cannot do, because he did not change his

23  domicile before April 3, 1992.

24        Similarly, Mr. Hyatt's presence in Nevada before April 3, 1992, such that there was

25  _____

26  [210] Exhibit I, Tab 14: See testimony from many FTB witnesses. FTB audit manager's, supervisor's and auditor's confirm
    that FTB's mission is to assess the correct amount of tax, and confirm that "cost benefit ratio" ("CBR") is a management
27  and budgeting tool used to obtain efficiencies and prevent wasteful resource allocation. Note: FTB employees testify
    consistently that CBR was not a motivating factor in a tax audit underway. Assessing the correct amount of tax under
28  California law—if any—was the objective. Note: Mr. Hyatt's relentless pursuit of testimony from FTB employees in this
    area. Also see Revenue and Taxation Code section 19501, FTB's affirmative statutory duty to enforce the revenue and
    taxation code.

1    presence, was for a temporary and transitory purpose, and he remained a resident of California.

2         The evidence show's Mr. Hyatt in Nevada before April 3, 1992, only to "check the box" and

3    create the indicia of California nonresidency, and, on just a few occasions, to shop for a future

4    second home/office location.

5         Mr. Hyatt and Grace Jeng are inseparable. With rare exceptions, where you find Mr. Hyatt

6    you also find Ms. Jeng. Their lives and activities, business and personal, are completely intertwined.

7    In this California residency matter Ms. Jeng and Mr. Hyatt's patent application and licensing

8    business are Mr. Hyatt's closest connections, and both are in California.

9         The contemporaneous documentary evidence set forth in this opening brief is a very

10   important part of the basis for FTB's conclusions. However, just as important are the <u>missing</u>

11   <u>documents</u>. Mr. Hyatt failed to produce his telephone records, failed to disclose his frequently used

12   checking account, and suppressed evidence of his alleged stay at the Continental Hotel Casino until

13   those records were destroyed. All of these documents would directly reflect the veracity of Mr.

14   Hyatt's 1991 California Nonresident/Part Year Resident tax return. That Mr. Hyatt failed to disclose

15   this information is fatal to his claim that his 1991 California tax return is correct.

16        Mr. Hyatt intentionally created the façade of California nonresidency. The facts make this

17   abundantly clear. Mr. Hyatt even communicated his false intention to move, and later the false fact

18   that he had moved, to some colleagues, friends and family. All the while Mr. Hyatt continued to

19   reside and work in California. Mr. Hyatt did all this, intentionally, to avoid paying California's

20   personal income tax.

21        FTB asks your Board to apply the facts to the law set forth in this matter and to conclude

22   that Mr. Hyatt is 1) presumed a California resident for all of 1991, 2) that Mr. Hyatt remained a

23   resident of California through April 2, 1992, 3) that Mr. Hyatt's business income is California source

24   income for all of 1991 and 1992, 4) that Mr. Hyatt filed a fraudulent 1991 California tax return, 5)

25   that Mr. Hyatt fraudulently failed to file a 1992 California tax return, and 6) that Mr. Hyatt is not

26   entitled to interest abatement.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

FRANCHISE TAX BOARD


By _____-original signed-_____
Robert W. Dunn
Tax Counsel IV

Date: September 15, 2009