**PERKINSCOIe**

1888 Century Park East  
Suite 1700  
Los Angeles, CA 90067-1721

T. +1.310.788.9900  
F. +1.310.788.3399  
PerkinsCoie.com

May 27, 2016

Donald J. Kula  
DKula@perkinscoie.com  
D. +1.310.788.3212  
F. +1.310.843.1291

Molly Dwyer  
Clerk of the Court  
P.O. Box 193939  
San Francisco, CA 94119-3939

Re: *Hyatt v. Yee, et al.*, Ninth Circuit Case No. 15-15296

Dear Ms. Dwyer:

Appellant Gilbert Hyatt submits this response to FTB Appellees' May 24, 2016 letter addressing *Franchise Tax Bd. of Calif. v. Hyatt*, 578 U.S. __, 136 S.Ct. 1277, 1283 (2016) ("*Hyatt II*"). FTB Appellees ignore that *Hyatt II* addressed only a narrow damages issue and leaves intact the liability findings in the underlying case *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125 (Nev. 2014) ("Nevada Decision").

FTB Appellees quote language from *Hyatt II* out of context and incorrectly suggest that it nullifies all of the findings and conclusions in the Nevada Decision as unconstitutionally discriminatory. But the language FTB Appellees quote, and the decision in *Hyatt II*, was singularly focused on the amount of damages that Nevada awarded against the FTB, a California agency, and did not affect or reverse the myriad of other findings against the FTB in the tort case.

131198789.2

Perkins Coie LLP

Molly Dwyer
May 27, 2016
Page 2

*Hyatt II* held that Nevada cannot award more damages against a California agency for intentional misconduct than Nevada allows against its own agencies. *Hyatt II*, at 1218-83. That is the only error that the Supreme Court found with the Nevada Decision.[1]

*Hyatt II* therefore has no application to the current appeal as the amount of damages awarded in the Nevada case is not at issue here. Rather, Hyatt cited the Nevada Decision for its liability finding that the FTB committed fraud during the protest process. Hyatt's specific reference to the Nevada Decision was as follows:

> [T]he Nevada Supreme Court specifically cited the above-listed facts as support for confirming the judgment, including the lead auditor's anti-Semitic comments, and that the FTB delayed and refused to complete the "protest" phase of the administrative process for more than *11 years*. 4 ER 609, 754-55 ¶ 46.

(AOB, at 13).

---

[1] *Hyatt II* also affirmed *Nevada v. Hall*, 440 U.S. 410 (1979). This issue was not addressed in the Nevada Decision.

Molly Dwyer
May 27, 2016
Page 3

While a new final judgment will have to be issued by the Nevada court reflecting the more limited damages allowed under *Hyatt II*, the findings that the FTB committed fraud and delayed the protest process are unaffected by *Hyatt II*.

                PERKINS COIE LLP

                By: *s/ Donald J. Kula*
                Donald J. Kula

                Erwin Chemerinsky
                UC IRVINE SCHOOL OF LAW

                Malcolm Segal
                SEGAL & ASSOCIATES, PC

                Attorneys for Appellant
                Gilbert P. Hyatt

Molly Dwyer
May 27, 2016
Page 4

## CERTIFICATE OF SERVICE

U.S. Court of Appeals Docket Number(s): 15-15296

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 27, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature: _[signature: Yolanda Mendez]_