No. 15-15296

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

GILBERT P. HYATT,

*Plaintiff and Appellant,*

v.

DIANE L. HARKEY, *et al.*,

*Defendants and Appellees.*

---

On Appeal from the United States District Court
for the Eastern District of California
Case No. 2:14-cv-00849-GEB-DAD
The Honorable Garland E. Burrell, Jr.

---

## REQUEST FOR JUDICIAL NOTICE

---

James M. Wagstaffe (95535)
Michael von Loewenfeldt (178665)
Brady R. Dewar (252776)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105
Telephone: (415) 371-8500
Facsimile: (415) 371-0500
mvl@kerrwagstaffe.com

*Attorneys for Defendants and Appellees,*
DIANE L. HARKEY, JEROME E. HORTON, BETTY T. YEE, GEORGE
RUNNER and FIONA MA, in their official capacities as members of the
California State Board of Equalization

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................1

II. ARGUMENT.................................................................................2

    A. Legal Standard for Taking Judicial Notice .................................2

    B. The SBE's Official Records of Communications to or from the SBE Regarding Timing and Related Issues Are Subject to Judicial Notice and Illuminate Why the SBE Proceedings Have Taken Over Nine Years .................................................................................3

III. CONCLUSION............................................................................12

i

# TABLE OF AUTHORITIES

Page

**Cases**

Aronoff v. Franchise Tax Bd. of Cal.,
  348 F.2d 9 (9th Cir. 1965) ...................................................................2

Barron v. Reich,
  13 F.3d 1370 (9th Cir. 1994) ...............................................................3

Bryant v. Carleson,
  444 F.2d 353 (9th Cir. 1971) ...............................................................3

Cal. v. Grace Brethren Church,
  457 U.S. 393 (1982) ..............................................................................2

Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.,
  493 U.S. 331 (1990) ..............................................................................2

Jerron West, Inc. v. State Bd. of Equalization,
  129 F.3d 1334 (9th Cir. 1997) ..............................................................2

Lee v. City of Los Angeles,
  250 F.3d 668 (9th Cir. 2001) ................................................................3

Wood v. Sargeant,
  694 F.2d 1159 (9th Cir. 1982) ..............................................................2

**Rules**

Fed. R. Evid. 201(b)(2) ...........................................................................3

Fed. R. Evid. 201(d) .................................................................................3

## I.     INTRODUCTION

Appellees Diane L. Harkey, Jerome E. Horton, Betty T. Yee, George Runner, and Fiona Ma, in their official capacities as members of the California State Board of Equalization ("SBE")[1], submit this Request for Judicial Notice in response to the Court's February 24, 2017 order inviting the state parties to "move for judicial notice of documents that may shed light on the administrative and judicial proceedings that have taken place, and the possible reasons for delay, since the time Plaintiff-Appellant Hyatt first contested the California income tax liability at issue in this case."  (Dkt. No. 56.)

As a threshold matter, SBE emphasizes, as set forth in its briefing, that this Court need not attempt to determine which party (if any) is responsible for the length of time the proceedings have taken. The District Court lacked subject matter jurisdiction and properly dismissed Mr. Hyatt's claims under the Tax Injunction Act ("TIA") because Mr. Hyatt had (and in fact still has) available a "plain, speedy and efficient remedy" through the "pay and sue" method afforded by California Revenue and Tax Code sections 19382 and 19385.  The availability of that remedy is dispositive irrespective of Mr. Hyatt's decision not to utilize it.[2]

---

[1]     The term "SBE" is used herein to refer both to the Appellee members of the State Board of Equalization and to the State Board of Equalization itself.

[2]     "It has consistently been held, without a single instance of deviation, that the refund action provided by California Personal Income Tax Law is a 'plain, speedy

1

Nonetheless, in response to the Court's questions and order, the SBE now moves for judicial notice of the 141 exhibits attached to the Declaration of Grant S. Thompson in Support of Request for Judicial Notice ("Thompson Decl."), filed herewith. These documents are records from the appeals proceedings before the SBE, and collectively they show that SBE endeavored to move the proceedings along as expeditiously as possible while addressing requests for extensions of time and over-size briefs from both parties as well as delays and disputes caused by collateral proceedings initiated by Mr. Hyatt. The oral hearing on the appeals is now set for May 23, 2017.

While these judicially noticeable documents do not affect the jurisdictional issues, they show that the slow pace of the proceeding before the SBE has not been the result of any violation of Mr. Hyatt's right to due process or equal protection.

## II. ARGUMENT

### A. LEGAL STANDARD FOR TAKING JUDICIAL NOTICE

Because "[t]he court may take judicial notice at any stage of the

---

and efficient remedy' such as to invoke the restraints of 28 U.S.C. § 1341." Aronoff v. Franchise Tax Bd. of Cal., 348 F.2d 9, 11 (9th Cir. 1965). See also Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd., 493 U.S. 331, 338-39 (1990) ("California's refund procedures constitute a plain, speedy, and efficient remedy."); Cal. v. Grace Brethren Church, 457 U.S. 393, 416-17 (1982); Jerron West, Inc. v. State Bd. of Equalization, 129 F.3d 1334, 1339 (9th Cir. 1997); Wood v. Sargent, 694 F.2d 1159, 1159-60 (9th Cir. 1982).

proceeding," it may be taken for the first time on appeal.  Fed. R. Evid. 201(d); see

Bryant v. Carleson, 444 F.2d 353, 357 (9th Cir. 1971).  According to the Federal

Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to

reasonable dispute because it . . . can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.

201(b)(2).  The Court may take judicial notice of documents, such as those at issue

in this request, that are records of state administrative bodies.  See Barron v. Reich,

13 F.3d 1370, 1377 (9th Cir. 1994) (court may take judicial notice of "[r]ecords

and reports of administrative bodies"); see also Lee v. City of Los Angeles, 250

F.3d 668, 689 (9th Cir. 2001) (reviewing for an abuse of discretion, and noting that

district court "may take judicial notice of matters of public record without

converting a motion to dismiss into a motion for summary judgment") (internal

quotations omitted).

> **B.    THE SBE'S OFFICIAL RECORDS OF COMMUNICATIONS TO OR FROM THE SBE REGARDING TIMING AND RELATED ISSUES ARE SUBJECT TO JUDICIAL NOTICE AND ILLUMINATE WHY THE SBE PROCEEDINGS HAVE TAKEN OVER NINE YEARS**

The administrative records of Mr. Hyatt's appeals demonstrate that any

delays in the process that he chose to pursue rather than the always-available pay-

then-sue method under California Revenue and Tax Code sections 19382 and

19385 are not the result of any unreasonable delay by the SBE.  The exhibits that

are the subject of this Request for Judicial Notice are official records of the SBE

3

and have been authenticated as such by the Declaration of Grant S. Thompson in Support of Request for Judicial Notice.[3]

Exhibit 1 to the Declaration of Grant S. Thompson in Support of Request for Judicial Notice is an index of materials received by or sent to SBE in connection with Mr. Hyatt's appeals for the tax years 1991 (Case ID No. 435770) and 1992 (Case ID No. 446509) from the time Mr. Hyatt initiated his appeals before the SBE on January 22, 2008 through March 3, 2017, when SBE issued a notice of the May 23, 2017 SBE hearing on Mr. Hyatt's appeals. See Thompson Decl., ¶ 2, Ex. 1. This index is provided as the best available equivalent to a docket sheet. The specific material documents of which SBE also requests judicial notice are separately provided as Exhibits 2-141 to the Declaration of Grant S. Thompson. See id., ¶¶ 3-143, Exs. 2-141.[4]

---

[3]     Pursuant to Federal Rule of Appellate Procedure 25(a)(5), Federal Rule of Civil Procedure 5.2, and Title 18, California Code of Regulations, section 5573, the SBE has redacted from five exhibits certain potentially private information pertaining to Mr. Hyatt or third parties. Specifically, the SBE has redacted Mr. Hyatt's telephone number, FTB account number and birth date, and the home addresses and medical information of third parties. None of the redacted information is relevant to the issues before the Court.

[4]     To the extent the Court concludes that the briefing before the SBE or any other document listed on Exhibit 1 which is not one of Exhibits 2-141 is pertinent to the Court's inquiry, the SBE will provide such documents on request.

Collectively, the communications in these exhibits illustrate the following basic chronology of the proceedings before the SBE:

- Mr. Hyatt filed his notices of appeal on January 22, 2008, requesting 90 days from the date of SBE's acknowledgement of the appeals in which to file his opening briefs. He then requested and received two extensions totaling an additional 106 days before filing his opening briefs on December 9, 2008.[5] Mr. Hyatt's filing included a total of over 10,000 pages, with 193 pages of briefing, 8 annexes, 36 affidavits, and 369 exhibits. See id., Exs. 1, 2, 4, 7, 10, 13-14.

- Citing new evidence submitted with Mr. Hyatt's opening briefs, the Franchise Tax Board ("FTB") requested more than the standard 90 days for filing its opening briefs and requested that the matter be removed from the appeals calendar to allow FTB to investigate the new facts. SBE granted a 90-day extension to June 7, 2009 for the filing of FTB's opening briefs. FTB then requested two more extensions, receiving 86 additional days before filing its opening briefs on September 1, 2009. FTB's filing included a total of over 4,000 pages, with 185 pages of briefing, 20 exhibits, and 3 attachments. See id., Exs. 1, 15, 17, 18, 20-21, 25.

---

[5] In many of its communications granting extension requests by Mr. Hyatt, SBE reminded him that he could avoid further accrual of interest by paying the disputed taxes. See Thompson Decl., Exs. 3-4, 32, 35, 37, 50, 52, 54.

- SBE set the due date for Mr. Hyatt's optional reply briefs for October 18, 2009. Mr. Hyatt requested and received four extensions totaling 309 days before filing his reply briefs on August 23, 2010. Mr. Hyatt's filing included a total of over 9,000 pages, with 218 pages of briefing, 11 annexes, 33 affidavits, and 318 exhibits. See id., Exs. 1, 28, 30-32, 34-37.

- On September 1, 2010, FTB requested and received permission to file sur-reply briefs ten months later on June 30, 2011; Mr. Hyatt had no objection to the requests. FTB filed its sur-reply briefs as scheduled on June 30, 2011. FTB's filing included a total of over 3,000 pages, with 209 pages of briefing, 1 attachment, and 10 exhibits. See id., Exs. 1, 39-40.

- Mr. Hyatt requested and received approximately ten months in which to file supplemental reply briefs. He requested and received three further extensions totaling an additional 81 days, and filed his supplemental briefs on July 25, 2012. Mr. Hyatt's filing included a total of over 15,000 pages, with 213 pages of briefing, 17 annexes, 94 affidavits, and 696 exhibits. See id., Exs. 1, 44-45, 49-54.

- On August 21, 2012, FTB requested the opportunity to respond to new evidence and arguments in Mr. Hyatt's supplemental reply briefs. On August 29, 2012, Mr. Hyatt requested that SBE return to FTB 7,227 documents obtained from U.S. Philips Corporation ("Philips") or keep them under seal until resolution

6

of collateral New York state court litigation initiated by Mr. Hyatt to suppress certain Philips documents. SBE informed the parties that it would review the 32,000-plus page record to determine if additional briefing was needed and would review any Philips documents upon resolution of Mr. Hyatt's New York state litigation regarding those documents. See id., Exs. 1, 56, 58-59, 63.

- During the time Mr. Hyatt was pursuing his New York state court challenge to use of certain Philips documents in the appeals, SBE encouraged the parties to resolve the conflict and move the appeals process forward, briefing occurred on a limited issue identified by SBE, and various replacement filings were submitted. See id., Exs. 1, 63-76.

- On April 23, 2014, SBE was notified that the New York state court litigation regarding the Philips documents had concluded. SBE issued a new briefing schedule the same day, requesting that FTB file briefs addressing the Philips documents and any additional arguments by June 23, 2014, that Mr. Hyatt submit reply briefs by July 23, 2014, and that both parties submit concluding summaries by July 23, 2014. See id., Exs. 1, 56, 58, 59, 61, 62, 65, 77.

- Mr. Hyatt informed SBE that he would need 120 days rather than 30 days in which to respond to the FTB's reply briefs. FTB then requested an extension of 30 days in which to file its reply briefs regarding the Philips documents, which Mr. Hyatt indicated he had no objection to as long as he was

7

permitted an additional 60 days to file his briefs. SBE set a revised schedule requiring submission of FTB's additional briefs regarding the Philips documents by July 16, 2014, submission of Mr. Hyatt's reply briefs by December 16, 2014, and submission of concluding summaries from both parties by December 16, 2014. FTB filed its reply briefs on July 16, 2014, along with replacements of its earlier filings. FTB filed another DVD with replacement filings on August 13, 2014. See id., Exs. 1, 81, 82, 85.

- On September 11, 2014, Mr. Hyatt filed a motion to strike portions of FTB's filings, and on September 26, 2014, Mr. Hyatt requested that the SBE vacate the December 16, 2014 deadline for submission of Mr. Hyatt's final briefing and concluding summaries pending SBE's ruling on the motion to strike. On November 5, 2014, SBE responded that, as the FTB was making a replacement filing, the motion to strike was moot and that Mr. Hyatt may raise evidentiary objections in his reply briefs and concluding summaries and at oral argument. SBE set a January 14, 2015 deadline for both parties to file replacement filings with no changes other than redactions and set the deadline for submission of Mr. Hyatt's reply briefs and the parties' concluding summaries as no later than April 14, 2015. SBE urged the parties to avoid further procedural disputes. Both parties filed replacement briefs on January 14, 2015. See id., Exs. 1, 90, 92, 100.

8

- On February 4, 2015, Mr. Hyatt filed a supplemental motion to strike and requested a ruling on the supplemental motion as well as his first motion to strike, and stated that Mr. Hyatt could not respond to FTB's filing of replacement briefs until after a ruling by SBE on the motions to strike. FTB filed corrected briefs on February 12, 2015, and Mr. Hyatt filed a second supplemental motion to strike on February 23, 2015. On March 5, 2015, SBE notified Mr. Hyatt that it was not apparent that any of FTB's alleged violations of the New York court orders were material or prejudicial and that SBE would not strike FTB's briefing. SBE invited the parties to fashion a practical remedy to address Mr. Hyatt's concerns, and extended the deadline for submission of Mr. Hyatt's final briefs and the parties' concluding summaries to July 7, 2015. See id., Exs. 1, 103, 106-107.

- On March 30, 2015, Mr. Hyatt notified SBE that he had obtained a temporary restraining order in New York state court preventing FTB from filing any further materials in the appeals without meeting certain requirements. While Mr. Hyatt's motion in New York court regarding FTB's use of Philips documents was pending, Mr. Hyatt requested and received extensions through February 4, 2016 for filing his final briefs and the filing of the parties' concluding summaries. See id., Exs. 1, 108, 111-112, 114-115.

- On September 12, 2015, the SBE was notified that Mr. Hyatt's motion regarding use of the Philips document was denied and that the interim temporary

9

restraining order was vacated. On September 23, 2015, the SBE set forth a
schedule for the parties to resolve any disputes regarding redactions needed to
FTB's earlier filings, and advised the parties that in the event the parties could not
agree with regard to redaction of any item, they could provide argument at the oral
hearing on such issues. On April 21, 2016, the SBE provided the parties with a
final redacted version of FTB's February 12, 2015 filing prepared by the SBE in an
attempt to avoid or minimize further disputes regarding redactions, notifying the
parties that, to extent the parties continue to disagree regarding redactions, they
may raise such issues at the oral hearings. See id., Exs. 1, 115-116, 123.

- Mr. Hyatt requested and received six additional extensions for filing
his final briefs and concluding summaries totaling nearly eight months (one of
these requests, for a 5-day extension, was a joint request with the FTB). On
September 28, 2016, Mr. Hyatt filed his supplemental reply briefs and concluding
summaries, consisting of a total of over 36,000 pages, with 74 pages of briefing, 75
affidavits, and 1,861 exhibits. FTB filed its concluding summaries, consisting of a
total of over 8,000 pages, including 57 pages of briefing and 530 exhibits, on
September 28, 2016 as well. See id., Exs. 1, 118, 120-129, 131, 133.

- On September 28, 2016, Mr. Hyatt also refiled his three prior motions
to strike as well as a new motion to strike directed at various investigator
declarations filed by FTB and statements in FTB's briefs relying on the same, and

10

requested that the SBE rule on the motions prior to holding oral hearings. On October 7, 2016, Mr. Hyatt filed an objection and motion to strike directed at FTB's concluding summaries. On October 20, 2016, SBE notified Mr. Hyatt that the SBE's rules do not set forth a motion practice by which a party can seek to exclude evidence prior to oral hearing, denied the motions to strike, reminded Mr. Hyatt of his opportunity to present argument regarding evidence at oral hearing, and allowed Mr. Hyatt the opportunity to file by November 21, 2016 in each appeal a 15-page brief addressing any new evidence or arguments FTB included in its concluding summaries. Mr. Hyatt then sought and received a three-week extension for filing these briefs, which were filed December 12, 2016. See id., Exs. 1, 132, 136-138.

- SBE telephoned Mr. Hyatt on December 30, 2016 regarding setting oral hearing in March 2017. On January 4, 2017, Mr. Hyatt requested that the hearing be pushed back to May 23-25, 2017. On March 3, 2017, SBE issued a notice setting oral hearing on Mr. Hyatt's appeals for May 23, 2017. See id., Exs. 1, 139-141.

SBE respectfully submits that this record does not show any unreasonable delays by SBE, and further that these judicially noticeable facts are wholly inconsistent with Mr. Hyatt's pleaded assertion that he bears no responsibility for the length of time this action has taken to proceed to hearing.

11

## III.   CONCLUSION

For the foregoing reasons, the SBE requests that the Court take judicial notice of Exhibits 1 through 141 of the Declaration of Grant S. Thompson in Support of Request for Judicial Notice.

Respectfully submitted,

DATED: March 17, 2017                    **KERR & WAGSTAFFE LLP**

By:    /s/ Michael von Loewenfeldt
MICHAEL VON LOEWENFELDT

*Attorneys for Defendant and Appellees*
Diane L. Harkey, Jerome E. Horton, Betty
T. Yee, George Runner and Fiona Ma

12

| 9th Circuit Case Number(s) | 15-15296 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE

### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Mar 17, 2017 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)  s/ Michael von Loewenfeldt

*********************************************************************************

## CERTIFICATE OF SERVICE

### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)  .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)