EXHIBIT 1

Board of Equalization
Docket:  Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| Number | Date | Description |
|---|---|---|
| 1. | 1/22/2008 - 1/23/2008 | Notices of Appeal filed by Hyatt |
| 2. | 5/2/2008 | Letter from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 3. | 5/6/2008 | Email from Chanva Mulligan (FTB) to Sharon King (SBE) |
| 4. | 5/7/2008 | Letter from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 5. | 5/22/2008 | Telephone call from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 6. | 5/27/2008 | Letters from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 7. | 6/9/2008 | Letters from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 8. | 6/18/2008 | Letters from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 9. | 6/30/2008 | Letters from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 10. | 7/1/2008 | Letters from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 11. | 7/2/2008 | Email from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 12. | 7/2/2008 | Email from Diane Olson (SBE) to Eric Coffill (Hyatt) |
| 13. | 7/3/2008 | Email from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 14. | 7/3/2008 | Letter from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 15. | 11/10/2008 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 16. | 11/10/2008 | Letter from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 17. | 11/17/2008 | Telephone call from Eric Coffill (Hyatt) to Catherine Wurst (SBE) |
| 18. | 11/18/2008 | Letter from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 19. | 12/9/2008 | Opening briefs filed by Hyatt (totaling over 10,000 pages, including 193 pages of briefing, 8 annexes, 36 affidavits, 369 exhibits) |
| 20. | 12/10/2008 | Letters from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 21. | 1/27/2009 | Letter from Robert Dunn (FTB) to Chief, Board Proceedings Division (SBE) |
| 22. | 2/3/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 23. | 2/6/2009 | Letters from Diane Olson (SBE) to Robert Dunn (FTB) |
| 24. | 3/16/2009 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 25. | 3/17/2009 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 26. | 3/26/2009 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 27. | 4/2/2009 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 28. | 4/8/2009 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 29. | 4/20/2009 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 30. | 5/1/2009 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 31. | 5/20/2009 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 32. | 5/27/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 33. | 5/29/2009 | Letter from Diane Olson (SBE) to Robert Dunn (FTB) |
| 34. | 6/1/2009 | Email from Carley Roberts (Hyatt) to Diane Olson (SBE) |
| 35. | 6/3/2009 | Email from Diane Olson (SBE) to Carley Roberts (Hyatt) |
| 36. | 6/3/2009 | Email from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 37. | 6/3/2009 | Email from Diane Olson (SBE) to Eric Coffill (Hyatt) |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| 38. | 6/25/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
|---|---|---|
| 39. | 7/8/2009 | Letters from Diane Olson (SBE) to Eric Coffill (Hyatt) |
| 40. | 7/14/2009 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 41. | 7/15/2009 | Emails between Robert Dunn (SBE) and Eric Coffill (Hyatt) |
| 42. | 7/15/2009 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 43. | 7/16/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 44. | 7/16/2009 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 45. | 7/16/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 46. | 7/17/2009 | Letter from Diane Olson (SBE) to Robert Dunn (FTB) |
| 47. | 8/7/2009 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 48. | 8/19/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 49. | 8/20/2009 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 50. | 8/21/2009 | Letter from Sharon King (SBE) to Robert Dunn (FTB) |
| 51. | 9/1/2009 | Opening brief filed by FTB (totaling over 4,000 pages, including 185 pages of briefing, 20 exhibits, 3 attachments) |
| 52. | 9/2/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 53. | 9/2/2009 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 54. | 9/3/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 55. | 9/14/2009 | Letter from Diane Olson (SBE) to Robert Dunn (FTB) |
| 56. | 9/15/2009 | Corrected opening briefs filed by FTB |
| 57. | 9/18/2009 | Letters from Diane Olson (SBE) to Eric Coffill (Hyatt) |
| 58. | 9/21/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 59. | 9/29/2009 | Letters from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 60. | 10/1/2009 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 61. | 10/2/2009 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 62. | 10/6/2009 | Email from Diane Olson (SBE) to Robert Dunn (FTB) |
| 63. | 10/13/2009 | Letters from Diane Olson (SBE) to Eric Coffill (Hyatt) |
| 64. | 1/6/2010 | Email from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 65. | 1/8/2010 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 66. | 1/13/2010 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 67. | 3/11/2010 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 68. | 3/11/2010 | Letters from Diane Olson (SBE) to Eric Coffill (Hyatt) |
| 69. | 3/23/2010 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 70. | 3/24/2010 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 71. | 5/17/2010 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 72. | 5/20/2010 | Letters from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 73. | 8/10/2010 | Email from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 74. | 8/11/2010 | Letters from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 75. | 8/23/2010 | Reply briefs filed by Hyatt (totaling over 9,000 pages, including 218 pages of briefing, 11 annexes, 33 affidavits, 318 exhibits) |
| 76. | 8/26/2010 | Letters from Sharon King (SBE) to Eric Coffill (Hyatt) |
| 77. | 9/1/2010 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 78. | 9/20/2010 | Letter from Catherine Wurst (SBE) to Robert Dunn (FTB) |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| 79. | 9/29/2010 | Letters from Sharon King (SBE) to Robert Dunn (FTB) |
|---|---|---|
| 80. | 11/17/2010 | Letter from Robert Dunn (FTB) to Donald Kula (Hyatt) |
| 81. | 4/22/2011 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 82. | 4/28/2011 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 83. | 5/11/2011 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 84. | 6/17/2011 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 85. | 6/30/2011 | Reply briefs filed by FTB (totaling over 3,000 pages, including 209 pages of briefing, 1 attachment, 10 exhibits) |
| 86. | 7/5/2011 | Letter from Eric Coffill (Hyatt) to Catherine Wurst (SBE) |
| 87. | 7/5/2011 | Letters from Jimisa Brown (SBE) to Eric Coffill (Hyatt) |
| 88. | 7/8/2011 | Letter from Eric Coffill (Hyatt) to Diane Olson (SBE) |
| 89. | 7/18/2011 | Letter from Diane Olson (SBE) to Eric Coffill (Hyatt) |
| 90. | 7/18/2011 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 91. | 1/13/2012 | Application to Issue Subpoena Duces Tecum submitted by Hyatt |
| 92. | 1/26/2012 | SBE sends Subpoena Duces Tecum to Hyatt for service on FTB |
| 93. | 2/23/2012 | Application to Issue Subpoena Duces Tecum submitted by Hyatt |
| 94. | 2/28/2012 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 95. | 3/1/2012 | SBE sends Subpoena Duces Tecum to Hyatt for service on FTB |
| 96. | 3/16/2012 | Hyatt submits to SBE a Request for Petition for Compliance with Subpoena Duces Tecum |
| 97. | 3/20/2012 | Application to Issue Subpoena Duces Tecum submitted by FTB |
| 98. | 3/20/2012 | SBE denies Request for Petition for Compliance with Subpoena Duces Tecum submitted by Hyatt |
| 99. | 3/23/2012 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 100. | 4/4/2012 | Letter from Robert Dunn (FTB) to Diane Olson (SBE) |
| 101. | 4/6/2012 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
| 102. | 4/9/2012 | SBE sends Subpoena Duces Tecum to FTB for service on Hyatt |
| 103. | 4/13/2012 | Letter from Jimisa Brown (SBE) to Eric Coffill (Hyatt) |
| 104. | 5/16/2012 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
| 105. | 5/23/2012 | Letter from Jimisa Brown (SBE) to Eric Coffill (Hyatt) |
| 106. | 6/15/2012 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 107. | 7/11/2012 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
| 108. | 7/16/2012 | Letter from Jimisa Brown (SBE) to Eric Coffill (Hyatt) |
| 109. | 7/18/2012 | Email from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
| 110. | 7/25/2012 | Supplemental briefs filed by Hyatt (totaling over 15,000 pages, including 213 pages of briefing, 17 annexes, 94 affidavits, 696 exhibits) |
| 111. | 8/2/2012 | Letter from Jimisa Brown (SBE) to Eric Coffill (Hyatt) |
| 112. | 8/10/2012 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
| 113. | 8/15/2012 | Corrected supplemental briefs filed by Hyatt |
| 114. | 8/21/2012 | Letter from Robert Dunn (FTB) to Joann Richmond (SBE) |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| 115. | 8/24/2012 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
|------|-----------|----------------------------------------------------------|
| 116. | 8/29/2012 | Letter from Robert Dunn (FTB) to Joann Richmond (SBE) (including 15 binders and 7,227 pages of evidence) |
| 117. | 8/29/2012 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
| 118. | 8/30/2012 | Letter from Joanna Palisoc (FTB) to Catherine Wurst (SBE) |
| 119. | 9/7/2012 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
| 120. | 9/14/2012 | Letter from Robert Dunn (FTB) to Joann Richmond (SBE) |
| 121. | 9/19/2012 | Letter from Joann Richmond (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 122. | 10/4/2012 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
| 123. | 10/5/2012 | Letter from Robert Dunn (FTB) to Joann Richmond (SBE) |
| 124. | 10/8/2012 | SBE returns Philips documents to FTB. |
| 125. | 10/15/2012 | Letter from Joann Richmond (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 126. | 11/14/2012 | Prior briefs re-filed by Hyatt in order to provide electronic links |
| 127. | 12/7/2012 | Corrected prior briefs re-filed by Hyatt in order to provide electronic links |
| 128. | 12/20/2012 | Letter from Catherine Wurst (SBE) to Robert Dunn (FTB) |
| 129. | 12/21/2012 | Affidavits filed by Hyatt (totaling 581 pages, including 6 affidavits, 6 exhibits) |
| 130. | 1/7/2013 | Affidavits re-filed by Hyatt |
| 131. | 1/17/2013 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 132. | 1/18/2013 | Letter from Robert Dunn (FTB) to Catherine Wurst (SBE) |
| 133. | 1/24/2013 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) |
| 134. | 1/29/2013 | Letter from Jimisa Brown (SBE) to Robert Dunn (FTB) |
| 135. | 2/19/2013 | Brief filed by FTB (totaling over 700 pages, including 32 pages of briefing, 2 exhibits) |
| 136. | 2/25/2013 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 137. | 2/25/2013 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 138. | 2/26/2013 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 139. | 3/4/2013 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 140. | 3/5/2013 | Redacted brief filed by FTB |
| 141. | 3/6/2013 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 142. | 3/12/2013 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 143. | 3/13/2013 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) and Claudia Madrigal (SBE) |
| 144. | 3/28/2013 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 145. | 3/28/2013 | Brief filed by FTB (totaling over 2,000 pages, including 16 pages of briefing, 1 exhibit) |
| 146. | 3/28/2013 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| 147. | 3/29/2013 | Letter from Claudia Madrigal (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 148. | 4/10/2013 | Brief filed by Hyatt (totaling 297 pages, including 30 pages of briefing, 1 affidavit, 4 exhibits) |
| 149. | 4/16/2013 | Letter from Claudia Madrigal (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 150. | 4/29/2013 | Brief filed by Hyatt (totaling 136 pages, including 9 pages of briefing, 2 exhibits) |
| 151. | 4/29/2013 | Brief filed by FTB (totaling over 200 pages, including exhibits and attachments) |
| 152. | 5/2/2013 | Letter from Claudia Madrigal (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 153. | 5/3/2013 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 154. | 5/7/2013 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 155. | 5/14/2013 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 156. | 5/16/2013 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 157. | 5/16/2013 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 158. | 5/16/2013 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 159. | 5/23/2013 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 160. | 5/30/2013 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 161. | 6/7/2013 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 162. | 6/12/2013 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 163. | 7/3/2013 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 164. | 7/25/2013 | Declarations filed by Hyatt |
| 165. | 9/23/2013 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 166. | 10/7/2013 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 167. | 10/8/2013 | Teleconference between Eric Coffill (Hyatt), Robert Dunn (FTB), and Grant Thompson (SBE) |
| 168. | 11/8/2013 | Email from Robert Dunn (Hyatt) to Grant Thompson (SBE) |
| 169. | 1/13/2014 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 170. | 1/15/2014 | Emails from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 171. | 1/17/2014 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) and Robert Dunn (FTB) |
| 172. | 1/17/2014 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 173. | 1/22/2014 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 174. | 1/23/2014 | Email from Eric Coffill (Hyatt) to Robert Dunn (FTB) and Grant Thompson (SBE) |
| 175. | 1/24/2014 | Email from Robert Dunn (FTB) to Eric Coffill (Hyatt) and Grant Thompson (SBE) |
| 176. | 1/31/2014 | Email from Eric Coffill (Hyatt) to Robert Dunn (FTB) and |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

|  |  | Grant Thompson (SBE) |
|---|---|---|
| 177. | 2/3/2014 | Email from Robert Dunn (FTB) to Eric Coffill (Hyatt) and Grant Thompson (SBE) |
| 178. | 2/7/2014 | Emails between Robert Dunn (FTB) and Eric Coffill (Hyatt) |
| 179. | 2/11/2014 | Email from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 180. | 2/14/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 181. | 2/18/2014 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) |
| 182. | 2/19/2014 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 183. | 2/21/2014 | Email from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 184. | 3/12/2014 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 185. | 3/13/2014 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 186. | 4/23/2014 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 187. | 4/23/2014 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) and Eric Coffill (Hyatt) |
| 188. | 4/23/2014 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 189. | 4/29/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 190. | 4/30/2014 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 191. | 5/1/2014 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 192. | 5/7/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 193. | 5/14/2014 | Email from Grant Thompson (SBE) to Robert Dunn (FTB) |
| 194. | 5/14/2014 | Email from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 195. | 5/14/2014 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 196. | 5/15/2014 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 197. | 5/16/2014 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 198. | 5/19/2014 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 199. | 5/21/2014 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 200. | 5/21/2014 | Affidavit filed by Hyatt (totaling 792 pages, including 299 pages of affidavit, 60 exhibits) |
| 201. | 5/22/2014 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 202. | 5/22/2014 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 203. | 5/22/2014 | Email from Grant Thompson (SBE) to Robert Dunn (FTB) |
| 204. | 5/22/2014 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) (totaling over 8,000 pages, including 1,449 exhibits) |
| 205. | 5/23/2014 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 206. | 5/24/2014 | Email from Eric Coffill (Hyatt) to Robert Dunn (FTB) and Grant Thompson (SBE) |
| 207. | 5/27/2014 | Letter from Eric Coffill (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| 208. | 5/27/2014 | Affidavit filed by Hyatt (20 pages total, including 6 exhibits) |
|---|---|---|
| 209. | 5/28/2014 | Email from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 210. | 5/28/2014 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 211. | 5/29/2014 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 212. | 5/30/2014 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 213. | 6/3/2014 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 214. | 6/6/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 215. | 6/11/2014 | Letter from Robert Dunn (FTB) to Eric Coffill (Hyatt) |
| 216. | 6/13/2014 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 217. | 6/16/2014 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 218. | 7/2/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 219. | 7/16/2014 | Briefs filed by FTB (totaling over 27,000 pages, including 65 pages of briefing, 1,032 exhibits, 3 attachments) |
| 220. | 7/23/2014 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt), Robert Dunn (FTB), and Scott DePeel (FTB) |
| 221. | 8/13/2014 | Corrected briefs filed by FTB |
| 222. | 8/14/2014 | Letter from Robert Dunn (Hyatt) to Grant Thompson (SBE) |
| 223. | 9/3/2014 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 224. | 9/3/2014 | Letter from Eric Coffill (Hyatt) to Robert Dunn (FTB) |
| 225. | 9/5/2014 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 226. | 9/9/2014 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) |
| 227. | 9/11/2014 | Motion to Strike filed by Hyatt (45 pages total, including 41 pages of briefing) |
| 228. | 9/12/2014 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 229. | 9/18/2014 | Letter from Robert Dunn (FTB) Eric Coffill (Hyatt) |
| 230. | 9/23/2014 | Email from Grant Thompson (SBE) to Robert Dunn (FTB) |
| 231. | 9/26/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 232. | 9/30/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 233. | 10/8/2014 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 234. | 10/8/2014 | Email from Grant Thompson (SBE) to Robert Dunn (FTB) and Eric Coffill (Hyatt) |
| 235. | 10/13/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 236. | 10/15/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 237. | 10/21/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 238. | 10/22/2014 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 239. | 10/23/2014 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) |
| 240. | 10/31/2014 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 241. | 11/3/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 242. | 11/5/2014 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 243. | 11/5/2014 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| 244. | 11/5/2014 | Letter from Grant Thompson (SBE) to Robert Dunn (FTB) |
|---|---|---|
| 245. | 11/20/2014 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 246. | 12/9/2014 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 247. | 1/14/2015 | Redacted prior briefs re-filed by Hyatt |
| 248. | 1/14/2015 | Redacted prior briefs re-filed by FTB |
| 249. | 1/21/2015 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 250. | 2/4/2015 | Motion to Strike filed by Hyatt (20 pages total, including 18 pages of briefing) |
| 251. | 2/9/2015 | Letter from Joann Richmond (SBE) to Eric Coffill (Hyatt) |
| 252. | 2/12/2015 | Corrected briefs filed by FTB (71 pages total, including 5 pages of briefing, 1 exhibit) |
| 253. | 2/13/2015 | Letter from Eric Coffill (Hyatt) to Joann Richmond (SBE) and Grant Thompson (SBE) |
| 254. | 2/13/2015 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) |
| 255. | 2/23/2015 | Motion to Strike filed by Hyatt (554 pages total, including 13 pages of briefing, 11 exhibits) |
| 256. | 3/5/2015 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 257. | 3/17/2015 | Letter from Robert Dunn (FTB) to Grant Thompson (SBE) |
| 258. | 3/30/2015 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 259. | 4/20/2015 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 260. | 4/21/2015 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) |
| 261. | 4/30/2015 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) and Robert Dunn (FTB) |
| 262. | 4/30/2015 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 263. | 5/15/2015 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt), Robert Dunn (FTB), and Scott DePeel (FTB) |
| 264. | 5/15/2015 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE), Robert Dunn (FTB), and Scott DePeel (FTB) |
| 265. | 6/3/2015 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 266. | 6/4/2015 | Email from William Hilson (FTB) to Grant Thompson (SBE) and Eric Coffill (Hyatt) |
| 267. | 6/4/2015 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) and William Hilson (FTB) |
| 268. | 8/12/2015 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 269. | 8/26/2015 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 270. | 8/27/2015 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt), William Hilson (FTB), and Scott DePeel (FTB) |
| 271. | 9/12/2015 | Email from William Hilson (FTB) to Grant Thompson (SBE) |
| 272. | 9/15/2015 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 273. | 9/17/2015 | Letter from William Hilson (FTB) to Grant Thompson (SBE) |
| 274. | 9/23/2015 | Letter from Grant Thompson (SBE) to Eric Coffill (Hyatt) and William Hilson (FTB) |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| 275. | 10/23/2015 | Letter from William Hilson (FTB) to Grant Thompson (SBE) |
|---|---|---|
| 276. | 11/3/2015 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 277. | 11/3/2015 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) |
| 278. | 11/30/2015 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 279. | 12/3/2015 | Email from Grant Thompson (SBE) to Eric Coffill (Hyatt) |
| 280. | 12/3/2015 | Email from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 281. | 12/7/2015 | Letter from Eric Coffill (Hyatt) to Grant Thompson (SBE) |
| 282. | 12/23/2015 | Letter from William Hilson (FTB) to Grant Thompson (SBE) |
| 283. | 1/6/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 284. | 1/7/2016 | Email from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 285. | 1/7/2016 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt) |
| 286. | 1/7/2016 | Email from William Hilson (FTB) to Grant Thompson (SBE) and Edwin Antolin (Hyatt) |
| 287. | 1/8/2016 | Email from William Hilson (FTB) to Grant Thompson (SBE) |
| 288. | 1/12/2016 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt) and William Hilson (SBE) |
| 289. | 3/11/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 290. | 3/11/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 291. | 3/17/2016 | Letter from Gilbert Hyatt (Hyatt) to Grant Thompson (SBE) |
| 292. | 3/17/2016 | Email from Grant Thompson (SBE) to Scott DePeel (FTB) and William Hilson (FTB) |
| 293. | 3/17/2016 | Email from William Hilson (FTB) to Grant Thompson (SBE) |
| 294. | 3/17/2016 | Email from Edwin Antolin (Hyatt) to Grant Thompson (SBE) and William Hilson (FTB) |
| 295. | 3/24/2016 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt), William Hilson (FTB), and Scott DePeel (FTB) |
| 296. | 4/21/2016 | Redacted copies of FTB filings provided by SBE |
| 297. | 7/15/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 298. | 7/15/2015 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt) |
| 299. | 7/18/2016 | Email from William Hilson (FTB) to Grant Thompson (SBE), Anthony Epolite (SBE), and Edwin Antolin (Hyatt) |
| 300. | 7/18/2016 | Email from Anthony Epolite (SBE) to William Hilson (FTB) and Edwin Antolin (Hyatt) |
| 301. | 7/18/2016 | Email from William Hilson (FTB) to Anthony Epolite (SBE) and Ed Antolin (Hyatt) |
| 302. | 7/18/2016 | Email from Anthony Epolite (SBE) to William Hilson (FTB) and Edwin Antolin (Hyatt) |
| 303. | 7/27/2016 | Email from Edwin Antolin (Hyatt) to Grant Thompson (SBE) and Anthony Epolite (SBE) |
| 304. | 7/27/2016 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt) and William Hilson (FTB) |
| 305. | 8/30/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 306. | 8/30/2016 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt) |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| | | and William Hilson (FTB) |
|---|---|---|
| 307. | 8/30/2016 | Email from William Hilson (FTB) to Edwin Antolin (Hyatt) and Grant Thompson (SBE) |
| 308. | 9/2/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 309. | 9/6/2016 | Email from William Hilson (FTB) to Grant Thompson (SBE) |
| 310. | 9/7/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 311. | 9/7/2016 | Letter from Grant Thompson (SBE) to Edwin Antolin (Hyatt) and William Hilson (FTB) |
| 312. | 9/13/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 313. | 9/19/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 314. | 9/19/2016 | Email from Grant Thompson (SBE) to William Hilson (FTB) |
| 315. | 9/19/2016 | Email from William Hilson (FTB) to Grant Thompson (SBE) |
| 316. | 9/19/2016 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt) and William Hilson (FTB) |
| 317. | 9/28/2016 | Letter from Edwin Antolin (Hyatt) to Joann Richmond (SBE) |
| 318. | 9/28/2016 | Motion to Strike re-filed by Hyatt |
| 319. | 9/28/2016 | Request for Immediate Ruling on Motion to Strike, Supplemental Motion to Strike, and Request for Sanctions re-filed by Hyatt |
| 320. | 9/28/2016 | Second Supplemental Motion to Strike re-filed by Hyatt |
| 321. | 9/28/2016 | Motion to Strike and Objection filed by Hyatt (98 pages total, including 47 pages of briefing, 2 exhibits) |
| 322. | 9/28/2016 | Concluding summaries filed by FTB (totaling over 8,000 pages, including 57 pages of briefing, 530 exhibits) |
| 323. | 9/28/2016 | Concluding summaries and briefs filed by Hyatt (totaling over 36,000 pages, including 74 pages of briefing, 75 affidavits, 1,861 exhibits) |
| 324. | 10/7/2016 | Objection and Motion to Strike filed by Hyatt (14 pages total, including 9 pages of briefing, 1 exhibit) |
| 325. | 10/12/2016 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt) |
| 326. | 10/12/2016 | Email from William Hilson (FTB) to Grant Thompson (SBE) |
| 327. | 10/14/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 328. | 10/14/2016 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt) and William Hilson (FTB) |
| 329. | 10/14/2016 | Email from Grant Thompson (SBE) to Edwin Antolin (Hyatt) |
| 330. | 10/14/2016 | Email from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 331. | 10/14/2016 | Email from Grant Thompson (SBE) to William Hilson (FTB) |
| 332. | 10/14/2016 | Email from William Hilson (FTB) to Grant Thompson (SBE) |
| 333. | 10/20/2016 | Letter from Grant Thompson (SBE) to Edwin Antolin (Hyatt) |
| 334. | 10/21/2016 | Letter from Joann Richmond (SBE) to Edwin Antolin (Hyatt) |
| 335. | 11/4/2016 | Copies of briefs and concluding summaries filed by Hyatt |
| 336. | 11/10/2016 | Letter from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 337. | 11/15/2016 | Letter from Grant Thompson (SBE) to Edwin Antolin (Hyatt) |

Board of Equalization
Docket: Appeals of Gilbert P. Hyatt, Case Numbers 435770 & 446509

| 338. | 11/16/2016 | Letter from William Hilson (FTB) to Grant Thompson (SBE) and Joann Richmond (SBE) |
| 339. | 11/18/2016 | Letter from Grant Thompson (SBE) to Edwin Antolin (Hyatt) and William Hilson (FTB) |
| 340. | 11/21/2016 | Email from Edwin Antolin (Hyatt) to Grant Thompson (SBE) |
| 341. | 12/12/2016 | Briefs filed by Hyatt (totaling over 2,000 pages, including 57 pages of briefing, 2 affidavits, 4 exhibits) |
| 342. | 12/21/2016 | Copies of briefs filed by Hyatt |
| 343. | 12/30/2016 | Telephone call from Claudia Lopez (SBE) to Edwin Antolin (Hyatt) |
| 344. | 1/4/2017 | Letter from Edwin Antolin (Hyatt) to Joann Richmond (SBE) |
| 345. | 1/6/2017 | Letter from Joann Richmond (SBE) to Edwin Antolin (Hyatt) |
| 346. | 1/23/2017 | Letter from Edwin Antolin (Hyatt) to Joann Richmond (SBE) |
| 347. | 1/30/2017 | Letter from William Hilson (FTB) to Joann Richmond (SBE) |
| 348. | 1/31/2017 | Letter from Edwin Antolin (Hyatt) to Joann Richmond (SBE) |
| 349. | 1/31/2017 | Email from Joann Richmond (SBE) to Edwin Antolin (Hyatt) |
| 350. | 3/3/2017 | SBE issues Notice of May 3, 2017 Board of Equalization Hearing |

EXHIBIT 2

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 22, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax and Mail This Date: Fax 916.324.2597 (Board Proceedings)

By Certified Mail No. 7004 2890 0002 6196 5289
Return Receipt Requested

Chief, Board Proceedings Division
MIC:81
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0081

Re:     Gilbert P. Hyatt
        FTB Account No. ▮▮▮▮▮▮▮
        Taxable Year 1991

Dear Sir/Madam:

Enclosed please find two copies of the taxpayer's Notice of Appeal (and Regulation 5075.1(b)(1) request) in the above matter. Please acknowledge receipt at your earliest convenience.

Sincerely,

*Eric J. Coffill*

Eric J. Coffill

Enclosures

cc: Gilbert P. Hyatt (w/encl.)

sa-54766

1    ERIC J. COFFILL
     CARLEY A. ROBERTS
2    DAVID A. ZIRING
     MORRISON & FOERSTER LLP
3    400 Capitol Mall, Suite 2600
     Sacramento, CA 95814
4    Telephone: (916) 325-1324
     Fax: (916) 448-3222
5    ecoffill@mofo.com

6    Attorneys for Appellant

7

8              BEFORE THE STATE BOARD OF EQUALIZATION

9                   OF THE STATE OF CALIFORNIA

10

11   In the Matter of the Appeal of
                                            No. _____
12   GILBERT P. HYATT

13

14   ──────────────────────────────

15

16

17

18            **NOTICE OF APPEAL FROM NOTICE OF ACTION**

19                              **AND**

20        **REGULATION 5075.1(b)(1) REQUEST TO FILE BRIEF**

21

22                        **Taxable Year 1991**

23

24

25

26

27

28

Notice of Appeal                      1
sa-54764

FTB30100

1  **INTRODUCTION**

2         Pursuant to California Revenue and Taxation Code Section 19045 et seq., and SBE

3  Regulation 5012 (18 Cal. Code of Regs. § 5012),[1] Gilbert P. Hyatt ("Hyatt" or "taxpayer" or

4  "appellant"), hereby appeals from the Notice of Action ("Notice") issued to the taxpayer by

5  the Franchise Tax Board ("FTB" or "respondent"), which affirmed a Notice of Proposed

6  Assessment issued by the FTB against the taxpayer for the taxable year 1991 ("the year in

7  issue") in the amounts set forth below.

8         In this regard, the following information is provided:

9  **Name of Taxpayer**:  Gilbert P. Hyatt

10

11 **Amounts Involved:**   Additional Tax:                          $  1,876,471.00
                          Penalty:  Accuracy Related (Fraud):  $  1,407,353.25
                          Interest to December 26, 2007:       $  7,240,946.81
12
        Total Additional Tax, Penalty and Interest:            $ 10,524,771.06
13

14 **Year Involved:**  Taxable Year 1991

15
   **Date of Notice of Action**:  December 26, 2007
16

17 **Name and Address of Taxpayer's Representatives:**

18 Eric J. Coffill
   Carley A. Roberts
19 David A. Ziring
   Morrison & Foerster LLP
20 400 Capitol Mall, Suite 2600
   Sacramento, CA  95814
21 Tel: (916) 325-1324
   Fax: (916) 448-3222
22 ecoffill@mofo.com

23 A copy of a power of attorney is attached hereto as Exhibit A.

24

25 _____

26 [1] Appellant is aware of the new pending SBE Rules for Tax Appeals, including rules which apply
   to appeals from actions of the FTB. However, as of the date of the filing of this Appeal, those
27 new rules are not effective and will not become effective until February 6, 2008, i.e., the 30th day
   after their January 7, 2008 filing with the Secretary of State. (See Gov. Code §§ 11349.3;
28 11343.4.)

<div align="center">

**STATEMENT OF FACTS AND ISSUES,**
**AND POINTS IN SUPPORT OF POSITION**

</div>

On April 23, 1996, *over eleven years ago*, the FTB issued a Notice of Proposed Assessment to Mr. Hyatt for the year in issue. On June 20, 1996, a timely protest was filed. On October 4, 2000, *over seven years ago*, the protest hearing was held. On multiple occasions, both before and after the protest hearing, the taxpayer provided the FTB with additional information during the protest process, including a 190-page protest supplement letter. On November 1, 2007, the FTB issued a 50-page protest determination letter, to which Mr. Hyatt was given a maximum of 30 days to respond. On December 26, 2007, the Notice was issued. This appeal follows.

<div align="center">

**ISSUES ON APPEAL**

</div>

The issues raised herein on appeal are as follows:

1. The taxpayer appeals in full from the adjustments set forth in the Notice which sustained the Notice of Proposed Assessment, including the penalty.

2. The taxpayer appeals the FTB's audit and protest determinations regarding California residency and which concluded Mr. Hyatt was a resident "through April 2, 1992."

3. The taxpayer appeals from the FTB's protest determination regarding an alternative California "source" income argument that was not a basis for the issuance of the Notice of Proposed Assessment, but which is stated in the Notice as an alternative basis for sustaining the Notice of Proposed Assessment.

4. The taxpayer appeals from the FTB audit and protest determinations which imposed an accuracy related (fraud) penalty.

5. The taxpayer appeals from the FTB's decision, as indicated on the Notice, to impose an amnesty penalty under Revenue and Taxation Code Section 19777.5.

6. The taxpayer hereby makes a request for abatement of interest for the year in issue, under Revenue and Taxation Code Section 19104(b)(4). *See* FTB Form 3701, attached hereto as Exhibit B.

7. The taxpayer hereby requests an award of reasonable fees for professional representation before the Board.

8. The taxpayer hereby requests an award of expenses and costs.

Notice of Appeal
sa-54764

3

FTB30102

1    The taxpayer reserves the right to raise additional issues on appeal.

2                    **REQUEST FOR ORAL HEARING**

3    The taxpayer requests an oral hearing in this matter.

4               **REQUEST TO SUPPLEMENT NOTICE OF APPEAL**

5        Pursuant to Section 5075.1(b)(1) of Title 18 of the California Code of Regulations,

6    the taxpayer requests 90 days from the date of the acknowledgment letter from this Board

7    within which to supplement this notice of appeal by filing a complete opening brief. That

8    brief will include a statement of the facts involved and the legal authorities relied on by the

9    taxpayer, including relevant statutes and regulations. (*See* SBE Regulation 5012.)

10       As is clear from the above described timeline, over <u>seven</u> years have passed between

11   the time of the protest hearing and the protest determination letter in this matter, with the

12   taxpayer being given no more than 30 days to respond to the FTB's protest determination

13   letter in a case involving total additional tax, penalty and interest of $10,524,771.06. Mr.

14   Hyatt is separately filing an appeal with this Board for taxable year 1992, as a consequence of

15   the FTB's November 1, 2007 determination letter and a subsequent Notice of Action issued

16   by the FTB for 1992. In addition, *Hyatt v. Franchise Tax Board,* Clark County Nevada

17   District Court No. A382999, a civil tort action between appellant Hyatt and respondent FTB

18   involving the years 1991 and 1992, and which is relevant to the issues raised in this Appeal,[2]

19   is scheduled for trial commencing on April 14, 2008, with trial expected to last

20   approximately six weeks. It is anticipated that additional time will be required to file briefs

21   //

22   //

23

24   _____

25   [2] As of the date of the filing of this Appeal, the most recent version of the FTB's Public
     Litigation Roster is the "November 2007 Franchise Tax Board Public Litigation Roster." (*See*
26   http://www.ftb.ca.gov/law/litrstr/2007/113007.pdf.) According to that Roster, page 8, the issues
     in District Court Case No. A382999 are (1) "Whether Plaintiff was a resident of California from
27   September 26, 1991 through April 2, 1992"; (2) "Whether the Franchise Tax Board committed
     various torts with respect to plaintiff and is subject to a claim for damages"; and (3) "Whether
28   the Nevada courts have or should exercise jurisdiction over the Franchise Tax Board." The
     taxpayer does not agree with this description of the case.

Notice of Appeal                                    4
sa-54764

1     in this matter. Accordingly, this request is made herein under SBE Regulation 5075.1(b)(1)

2     without prejudice to request additional extensions of time for filing a complete brief.

3

4     DATED: January 22, 2008

5                               RESPECTFULLY SUBMITTED,

6                               ERIC J. COFFILL

7                               CARLEY A. ROBERTS
                                    DAVID A. ZIRING

8                               MORRISON & FOERSTER LLP

9                               By _____
                                       Eric J. Coffill

10                             ATTORNEYS FOR APPELLANT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FTB30104

BOE-392 (FRONT) REV. 8 (12-05)
**POWER OF ATTORNEY**

STATE OF CALIFORNIA
BOARD OF EQUALIZATION
FRANCHISE TAX BOARD
EMPLOYMENT DEVELOPMENT DEPARTMENT

*Check below to indicate the appropriate agency. Please note that a separate form must be completed and provided to each agency checked.*

| ☑ **STATE BOARD OF EQUALIZATION** | ☐ **FRANCHISE TAX BOARD** | ☐ **EMPLOYMENT DEVELOPMENT DEPARTMENT** |
|---|---|---|
| PO BOX 942879 | PO BOX 2828 | PO BOX 826880 MIC 28 |
| SACRAMENTO CA 94279-0001 | RANCHO CORDOVA CA 95741-2828 | SACRAMENTO CA 94280-0001 |
| 800-400-7115 | FAX 916-845-0523 | 916-654-7263 • FAX 916-654-9211 |

| TAXPAYER'S NAME | BUSINESS OR CORPORATION NAME | TELEPHONE NUMBER | FAX NUMBER |
|---|---|---|---|
| Gilbert P. Hyatt | | ( ) | ( ) |

| SOCIAL SECURITY NUMBER | FEDERAL EMPLOYER IDENTIFICATION NUMBER(S) | CALIFORNIA SECRETARY OF STATE NUMBER(S) |
|---|---|---|
| | | |

| BOARD OF EQUALIZATION ACCOUNT/PERMIT(S) | EDD EMPLOYER ACCOUNT NUMBER |
|---|---|
| | |

MAILING ADDRESS *(street and number, city, state, zip code)*
PO Box 81230, Las Vegas, Nevada 89180-1230

☑ **INDIVIDUAL**　☐ **PARTNERSHIP**　☐ **CORPORATION**　☐ **LIMITED LIABILITY COMPANY**

☐ **OTHER** _____

As owner, officer, receiver, administrator, or trustee for the taxpayer, or as a party to the tax or fee matter before the:

☑ **State Board of Equalization**　☐ **Franchise Tax Board**　☐ **Employment Development Department**

I hereby appoint: *[enter below the individual appointee(s) name(s), address(es) (including zip code), telephone number(s) and FAX number(s) – do not enter names of accounting or law firms, partnerships, corporations, etc., as the appointee name]*

| APPOINTEE NAME | | | APPOINTEE NAME | | |
|---|---|---|---|---|---|
| Eric J. Coffill/Carley A. Roberts/ David A. Ziring | | | | | |
| APPOINTEE BUSINESS NAME *(if applicable)* | | | APPOINTEE BUSINESS NAME *(if applicable)* | | |
| Morrison & Foerster LLP | | | | | |
| APPOINTEE ADDRESS *(street and number)* | | | APPOINTEE ADDRESS *(street and number)* | | |
| 400 Capital Mall, Suite 2600 | | | | | |
| *(city)* | *(state)* | *(zip code)* | *(city)* | *(state)* | *(zip code)* |
| Sacramento | CA | 95814 | | | |
| TELEPHONE NUMBER | FAX NUMBER | | TELEPHONE NUMBER | FAX NUMBER | |
| ( 916 ) 325-1324 | ( 916 ) 448-3222 | | ( ) | ( ) | |

As attorney(s)-in-fact to represent the taxpayer(s) for the following tax or fee matters: *[specify type(s) of tax]*

| ☑ Franchise and Income Tax Law | ☐ Payroll Tax Law |
|---|---|
| ☐ Sales and Use Tax Law | ☐ Benefit Reporting |
| ☐ Use Fuel Tax Law | ☐ Other: _____ |

SPECIFY THE TAX OR FEE YEAR(S) OR PERIOD(S) [IF ESTATE TAX, INDICATE DATE OF DEATH] *(for Board of Equalization and Franchise Tax Board purposes)*
Taxable Years 1991 and 1992

The attorney(s)-in-fact (or any of them) are authorized, subject to revocation, to receive confidential tax information and to perform on behalf of the taxpayer(s) the following acts for the tax or fee matters described above: *[check the box(es) for the powers granted]*

☐ General Authorization (including all acts described below).

☑ Specific Authorization (selected acts described below).

　☑ To confer and resolve any assessment, claim or collection of a deficiency or other tax or fee matter pending before the identified agency and attend any meetings or hearings thereto for the specified law identified above.

　☑ To receive, but not to endorse and collect, checks in payment of any refund of taxes, penalties or interest.

　☑ To execute petitions, claims for refund and/or amendments thereto.

　☑ To execute consents extending the statutory period for assessment or determination of taxes.

　☐ To execute closing agreements under section 19441 of the California Revenue and Taxation Code.

　☐ To execute settlement agreements under section 19442 of the California Revenue and Taxation Code.

*(The back of this form must be completed)*

FTB30106

BOE-392 (BACK) REV. 8 (12-05)

☑ To represent the taxpayer for changes to their mailing address for any and all Payroll Tax Law, Benefit Reporting, both Payroll Tax Law and Benefit Reporting.

☐ To execute settlement agreements under section 1236 of the California Unemployment Insurance Code.

☑ To delegate authority or to substitute another representative.

☑ Other acts *(specify):* ___File SBE Notice of Appeal_____

Franchise Tax Board (FTB) will send you and your first representative listed a copy of FTB computer generated notices as they become available.

☐ Check this box if you **do not** want FTB to send copies of available FTB computer generated notices to your first representative listed.

*(Note: Not all FTB processing systems are capable of generating representative copies at this time.)*

---

This power of attorney revokes all earlier Power(s) of Attorney on file with the California State Board of Equalization, the Employment Development Department, or the Franchise Tax Board as identified above for the same matters and years or periods covered by this form, except for the following: *[specify to whom granted, date and address, or refer to attached copies of earlier power(s)]*

| NAME | DATE POWER OF ATTORNEY GRANTED |
|---|---|
|  |  |

ADDRESS *(street and number, city, state, zip code)*

---

Unless limited, this Power of Attorney will remain in effect until the final resolution of all tax matters specified herein. *[specify expiration date if limited term]*

TIME LIMIT/EXPIRATION DATE *(for Board of Equalization and Franchise Tax Board purposes)*

---

Signature of Taxpayer(s) — If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested. If you are a corporate officer, partner, guardian, tax matters partner/person, executor, receiver, registered domestic partner, administrator, or trustee on behalf of the taxpayer, by signing this Power of Attorney you are certifying that you have the authority to execute this form on behalf of the taxpayer.

▶ **IF THIS POWER OF ATTORNEY IS NOT SIGNED AND DATED BY AN AUTHORIZED INDIVIDUAL, IT WILL BE RETURNED AS INVALID.**

| SIGNATURE | TITLE *(if applicable)* | DATE 01/22/08 |
|---|---|---|
| PRINT NAME Gilbert P. Hyatt |  | TELEPHONE ( ▮ ) |
| SIGNATURE | TITLE *(if applicable)* | DATE |
| PRINT NAME |  | TELEPHONE ( ) |

FTB30107

FTB30108

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 22, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7004 2890 0002 6196 5265
Return Receipt Requested

Taxpayer Advocate Bureau
MS A-381
Franchise Tax Board
P.O. Box 157
Rancho Cordova, CA 95741-0157

Re:    Request for Interest Abatement
       Gilbert P. Hyatt
       Taxable Year 1991

Dear Sir or Madam:

Enclosed please find a completed form FTB 3701, Request for Abatement of Interest, being submitted on behalf of the taxpayer Gilbert P. Hyatt for the taxable year 1991.

Sincerely,

Eric J. Coffill

Eric J. Coffill

Enclosure

cc:   Gilbert P. Hyatt (w/encl.)

sa-54818

FTB30109

## Request for Abatement of Interest

**Important:** Read the instructions on back before completing this form.

Use FTB 3701 only for requesting an abatement of interest. Do not use FTB 3701 if you are claiming a refund for an overpayment of income taxes. For privacy information, see Franchise Tax Board *Privacy Notice (form FTB 1131)*.

| | |
|---|---|
| Name<br>  Gilbert P. Hyatt | |
| Address (number, street, and room, or suite number)<br>  P.O. Box 81230 | Spouse's Social Security Number |
| City or town, State, and ZIP Code<br>  Las Vegas, NV  89180-1230 | Entity Identification Number |
| Name and address shown on return if different from above | Daytime telephone number<br>(    ) |

1. Period of time interest should be abated - From: <u>6/20/96</u>     To: <u>12/26/07</u>

2. Tax year(s): <u>1991</u>

3. Explain why you believe interest should be abated due to any unreasonable error or delay made by an employee of the Franchise Tax Board. If the Internal Revenue Service has abated interest based on its error or delay, please provide proof of the IRS's determination to abate interest.

```
     Unreasonable delay by the FTB during the course of the protest
     proceedings.  Taxpayer will supplement this Request as part of
     his State Board of Equalization appeal from the FTB's Notice of
     Action issued on 12/26/07 for the taxable year 1991.
```

**NOTE:** If you are filing a protest against a proposed assessment or an appeal, and also wish to request an abatement of interest, you must include the request for abatement of interest with your protest or appeal.

**Signature.** Requests filed by business entities must be signed by an authorized individual, and the signature must be accompanied by the individual's title.

Under penalties of perjury, I declare that I have examined this claim, including any accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| | |
|---|---|
| *Eric J. Coffill*    under POA | 1/22/08 |
| Signature (and title, if applicable) | Date |

| | |
|---|---|
| | |
| Signature | Date |

FTB 3701 (REV 10-2000) SIDE 1

MORRISON | FOERSTER

MORRISON & FOERSTER LLP
400 CAPITOL MALL
SUITE 2600
SACRAMENTO, CA 95814-4428

TO

By Certified Mail No. 7004 2890 0002 6196 5289
Return Receipt Requested
Chief, Board Proceedings Division
MIC:81
State Board of Equalization
450 N. Street
P.O. Box 942879
Sacramento, CA 94279-0081

(EJC)



FTB30111

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 23, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax and Mail This Date: Fax 916.324.2597 (Board Proceedings)

By Certified Mail No. 7004 2890 0002 6196 5302
Return Receipt Requested

Chief, Board Proceedings Division
MIC:81
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0081

Re:   Gilbert P. Hyatt
      FTB Account No. ▇▇▇▇▇▇▇
      Taxable Year 1992

Dear Sir/Madam:

Enclosed please find two copies of the taxpayer's Notice of Appeal (and Regulation
5075.1(b)(1) request) in the above matter. Please acknowledge receipt at your earliest
convenience.

Sincerely,

*Eric J. Coffill*

Eric J. Coffill

Enclosures

cc: Gilbert P. Hyatt (w/encl.)

sa-54816

FTB30112

1    ERIC J. COFFILL
     CARLEY A. ROBERTS
2    DAVID A. ZIRING
     MORRISON & FOERSTER LLP
3    400 Capitol Mall, Suite 2600
     Sacramento, CA 95814
4    Telephone: (916) 325-1324
     Fax: (916) 448-3222
5    ecoffill@mofo.com

6    Attorneys for Appellant

7

8            BEFORE THE STATE BOARD OF EQUALIZATION

9                OF THE STATE OF CALIFORNIA

10

11    In the Matter of the Appeal of

12    GILBERT P. HYATT               No. _____

13

14

15

16

17

18        **NOTICE OF APPEAL FROM NOTICE OF ACTION**

19                       **AND**

20     **REGULATION 5075.1(b)(1) REQUEST TO FILE BRIEF**

21

22               **Taxable Year 1992**

23

24

25

26

27

28

Notice of Appeal
sa-54817

           1

FTB30113

1      **INTRODUCTION**

2          Pursuant to California Revenue and Taxation Code Section 19045 et seq., and SBE

3      Regulation 5012 (18 Cal. Code of Regs. § 5012),[1] Gilbert P. Hyatt ("Hyatt" or "taxpayer" or

4      "appellant"), hereby appeals from the Notice of Action ("Notice") issued to the taxpayer by

5      the Franchise Tax Board ("FTB" or "respondent"), which affirmed a Notice of Proposed

6      Assessment issued by the FTB against the taxpayer for the taxable year 1992 ("the year in

7      issue") in the amounts set forth below.

8          In this regard, the following information is provided:

9      **Name of Taxpayer**:  Gilbert P. Hyatt

10

11     **Amounts Involved**:   Additional Tax:                          $  5,669,021.00
                               Penalty:  Accuracy Related (Fraud):  $  4,251,765.75
                               Interest to December 26, 2007:       $ 19,167,671.54
12
       Total Additional Tax, Penalty and Interest:                  $ 29,088,458.29
13

14     **Year Involved**:  Taxable Year 1992

15

16     **Date of Notice of Action**:  December 26, 2007

17     **Name and Address of Taxpayer's Representatives**:

18     Eric J. Coffill
       Carley A. Roberts
19     David A. Ziring
       Morrison & Foerster LLP
20     400 Capitol Mall, Suite 2600
       Sacramento, CA  95814
21     Tel: (916) 325-1324
       Fax: (916) 448-3222
22     ecoffill@mofo.com

23     A copy of a power of attorney is attached hereto as Exhibit A.

24

25     _____

26     [1] Appellant is aware of the new pending SBE Rules for Tax Appeals, including rules which apply
       to appeals from actions of the FTB.  However, as of the date of the filing of this Appeal, those
27     new rules are not effective and will not become effective until February 6, 2008, i.e., the 30th day
       after their January 7, 2008 filing with the Secretary of State. (See Gov. Code §§ 11349.3;
28     11343.4.)

Notice of Appeal                        2
sa-54817

1    **STATEMENT OF FACTS AND ISSUES,**
     **AND POINTS IN SUPPORT OF POSITION**

2    On August 14, 1997, *over ten years ago*, the FTB issued a Notice of Proposed

3    Assessment to Mr. Hyatt for the year in issue. On October 10, 1997, a timely protest was

4    filed. On September 27, 2000, *over seven years ago*, the protest hearing was held. On

5    multiple occasions, both before and after the protest hearing, the taxpayer provided the FTB

6    with additional information during the protest process, including a 132-page protest

7    supplement letter. On November 1, 2007, the FTB issued a 50-page protest determination

8    letter, to which Mr. Hyatt was given a maximum of 30 days to respond. On December 26,

9    2007, the Notice was issued. This appeal follows.

10   **ISSUES ON APPEAL**

11   The issues raised herein on appeal are as follows:

12   1. The taxpayer appeals in full from the adjustments set forth in the Notice which
13      sustained the Notice of Proposed Assessment, including the penalty.

14   2. The taxpayer appeals the FTB's audit and protest determinations regarding
        California residency and which concluded Mr. Hyatt was a resident "through
15      April 2, 1992."

16   3. The taxpayer appeals from the FTB's protest determination regarding an
17      alternative California "source" income argument that was not a basis for the
        issuance of the Notice of Proposed Assessment, but which is stated in the
18      Notice as an alternative basis for sustaining the Notice of Proposed
        Assessment.
19

20   4. The taxpayer appeals from the FTB audit and protest determinations which
        imposed an accuracy related (fraud) penalty.
21

22   5. The taxpayer appeals from the FTB's decision, as indicated on the Notice, to
        impose an amnesty penalty under Revenue and Taxation Code Section
23      19777.5.

24   6. The taxpayer hereby makes a request for abatement of interest for the year in
        issue, under Revenue and Taxation Code Section 19104(b)(4). *See* FTB Form
25      3701, attached hereto as Exhibit B.

26   7. The taxpayer hereby requests an award of reasonable fees for professional
27      representation before the Board.

28   8. The taxpayer hereby requests an award of expenses and costs.

Notice of Appeal                                3
sa-54817

1  The taxpayer reserves the right to raise additional issues on appeal.

2  ### REQUEST FOR ORAL HEARING

3  The taxpayer requests an oral hearing in this matter.

4  ### REQUEST TO SUPPLEMENT NOTICE OF APPEAL

5  Pursuant to Section 5075.1(b)(1) of Title 18 of the California Code of Regulations,

6  the taxpayer requests 90 days from the date of the acknowledgment letter from this Board

7  within which to supplement this notice of appeal by filing a complete opening brief. That

8  brief will include a statement of the facts involved and the legal authorities relied on by the

9  taxpayer, including relevant statutes and regulations. (*See* SBE Regulation 5012.)

10  As is clear from the above described timeline, over <u>seven</u> years have passed between

11  the time of the protest hearing and the protest determination letter in this matter, with the

12  taxpayer being given no more than 30 days to respond to the FTB's protest determination

13  letter in a case involving total additional tax, penalty and interest of $29,088,458.29. Mr.

14  Hyatt has separately filed an appeal with this Board for taxable year 1991, as a consequence

15  of the FTB's November 1, 2007 determination letter and a subsequent Notice of Action

16  issued by the FTB for 1991. In addition, *Hyatt v. Franchise Tax Board,* Clark County

17  Nevada District Court No. A382999, a civil tort action between appellant Hyatt and

18  respondent FTB involving the years 1991 and 1992, and which is relevant to the issues raised

19  in this Appeal,[2] is scheduled for trial commencing on April 14, 2008, with trial expected to

20  last approximately six weeks. It is anticipated that additional time will be required to file

21  //

22  //

23  //

24  _____

25  [2] As of the date of the filing of this Appeal, the most recent version of the FTB's Public
Litigation Roster is the "November 2007 Franchise Tax Board Public Litigation Roster." (*See*
26  http://www.ftb.ca.gov/law/litrstr/2007/113007.pdf.) According to that Roster, page 8, the issues
in District Court Case No. A382999 are (1) "Whether Plaintiff was a resident of California from
27  September 26, 1991 through April 2, 1992"; (2) "Whether the Franchise Tax Board committed
various torts with respect to plaintiff and is subject to a claim for damages"; and (3) "Whether
the Nevada courts have or should exercise jurisdiction over the Franchise Tax Board." The
28  taxpayer does not agree with this description of the case.

Notice of Appeal                4
sa-54817

1    briefs in this matter. Accordingly, this request is made herein under SBE Regulation

2    5075.1(b)(1) <u>without</u> prejudice to request additional extensions of time for filing a complete

3    brief.

4

5    DATED: January 23, 2008

6                                        RESPECTFULLY SUBMITTED,

7                                        ERIC J. COFFILL

8                                        CARLEY A. ROBERTS
                                        DAVID A. ZIRING

9                                        MORRISON & FOERSTER LLP

10                                      By _____

                                            Eric J. Coffill

11                                        ATTORNEYS FOR APPELLANT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FTB30117

A

FTB30118

BOE-392 (FRONT) REV. 8 (12-05)
**POWER OF ATTORNEY**

STATE OF CALIFORNIA
BOARD OF EQUALIZATION
FRANCHISE TAX BOARD
EMPLOYMENT DEVELOPMENT DEPARTMENT

*Check below to indicate the appropriate agency. Please note that a separate form must be completed and provided to each agency checked.*

| ☑ STATE BOARD OF EQUALIZATION<br>PO BOX 942879<br>SACRAMENTO CA 94279-0001<br>800-400-7115 | ☐ FRANCHISE TAX BOARD<br>PO BOX 2828<br>RANCHO CORDOVA CA 95741-2828<br>FAX 916-845-0523 | ☐ EMPLOYMENT DEVELOPMENT DEPARTMENT<br>PO BOX 826880 MIC 28<br>SACRAMENTO CA 94280-0001<br>916-654-7263 • FAX 916-654-9211 |

| TAXPAYER'S NAME | BUSINESS OR CORPORATION NAME | TELEPHONE NUMBER | FAX NUMBER |
|---|---|---|---|
| Gilbert P. Hyatt | | ( ) | ( ) |

| | FEDERAL EMPLOYER IDENTIFICATION NUMBER(S) | CALIFORNIA SECRETARY OF STATE NUMBER(S) |
|---|---|---|
| | | |

| BOARD OF EQUALIZATION ACCOUNT/PERMIT(S) | EDD EMPLOYER ACCOUNT NUMBER |
|---|---|
| | |

MAILING ADDRESS *(street and number, city, state, zip code)*
PO Box 81230, Las Vegas, Nevada 89180-1230

☑ **INDIVIDUAL**     ☐ **PARTNERSHIP**     ☐ **CORPORATION**     ☐ **LIMITED LIABILITY COMPANY**

☐ **OTHER** _____

As owner, officer, receiver, administrator, or trustee for the taxpayer, or as a party to the tax or fee matter before the:

☑ State Board of Equalization     ☐ Franchise Tax Board     ☐ Employment Development Department

I hereby appoint: *[enter below the individual appointee(s) name(s), address(es) (including zip code), telephone number(s) and FAX number(s) – do not enter names of accounting or law firms, partnerships, corporations, etc., as the appointee name]*

| APPOINTEE NAME | APPOINTEE NAME |
|---|---|
| Eric J. Coffill/Carley A. Roberts/ David A. Ziring | |
| APPOINTEE BUSINESS NAME *(if applicable)* | APPOINTEE BUSINESS NAME *(if applicable)* |
| Morrison & Foerster LLP | |
| APPOINTEE ADDRESS *(street and number)* | APPOINTEE ADDRESS *(street and number)* |
| 400 Capital Mall, Suite 2600 | |

| (city) | (state) | (zip code) | (city) | (state) | (zip code) |
|---|---|---|---|---|---|
| Sacramento | CA | 95814 | | | |

| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
|---|---|---|---|
| ( 916 ) 325-1324 | ( 916 ) 448-3222 | ( ) | ( ) |

As attorney(s)-in-fact to represent the taxpayer(s) for the following tax or fee matters: *[specify type(s) of tax]*

☑ Franchise and Income Tax Law     ☐ Payroll Tax Law

☐ Sales and Use Tax Law     ☐ Benefit Reporting

☐ Use Fuel Tax Law     ☐ Other: _____

SPECIFY THE TAX OR FEE YEAR(S) OR PERIOD(S) (IF ESTATE TAX, INDICATE DATE OF DEATH) *(for Board of Equalization and Franchise Tax Board purposes)*
Taxable Years 1991 and 1992

The attorney(s)-in-fact (or any of them) are authorized, subject to revocation, to receive confidential tax information and to perform on behalf of the taxpayer(s) the following acts for the tax or fee matters described above: *[check the box(es) for the powers granted]*

☐ General Authorization (including all acts described below).

☑ Specific Authorization (selected acts described below).

  ☑ To confer and resolve any assessment, claim or collection of a deficiency or other tax or fee matter pending before the identified agency and attend any meetings or hearings thereto for the specified tax identified above.

  ☑ To receive, but not to endorse and collect, checks in payment of any refund of taxes, penalties or interest.

  ☑ To execute petitions, claims for refund and/or amendments thereto.

  ☑ To execute consents extending the statutory period for assessment or determination of taxes.

  ☐ To execute closing agreements under section 19441 of the California Revenue and Taxation Code.

  ☐ To execute settlement agreements under section 19442 of the California Revenue and Taxation Code.

*(The back of this form must be completed)*

FTB30119

BOE-392 (BACK) REV. 8 (12-05)

☑ To represent the taxpayer for changes to their mailing address for any and all Payroll Tax Law, Benefit Reporting, both Payroll Tax Law and Benefit Reporting.

☐ To execute settlement agreements under section 1236 of the California Unemployment Insurance Code.

☑ To delegate authority or to substitute another representative.

☑ Other acts (specify): ___File SBE Notice of Appeal___

Franchise Tax Board (FTB) will send you and your first representative listed a copy of FTB computer generated notices as they become available.

☐ Check this box if you do not want FTB to send copies of available FTB computer generated notices to your first representative listed.

*(Note: Not all FTB processing systems are capable of generating representative copies at this time.)*

This power of attorney revokes all earlier Power(s) of Attorney on file with the California State Board of Equalization, the Employment Development Department, or the Franchise Tax Board as identified above for the same matters and years or periods covered by this form, except for the following: *[specify to whom granted, date and address, or refer to attached copies of earlier power(s)]*

| NAME | DATE POWER OF ATTORNEY GRANTED |
|---|---|
| ADDRESS (street and number, city, state, zip code) | |

Unless limited, this Power of Attorney will remain in effect until the final resolution of all tax matters specified herein. *[specify expiration date if limited term]*

TIME LIMIT/EXPIRATION DATE *(for Board of Equalization and Franchise Tax Board purposes)*

Signature of Taxpayer(s) — If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested. If you are a corporate officer, partner, guardian, tax matters partner/person, executor, receiver, registered domestic partner, administrator, or trustee on behalf of the taxpayer, by signing this Power of Attorney you are certifying that you have the authority to execute this form on behalf of the taxpayer.

▶ IF THIS POWER OF ATTORNEY IS NOT SIGNED AND DATED BY AN AUTHORIZED INDIVIDUAL, IT WILL BE RETURNED AS INVALID.

| SIGNATURE *Gilbert P. Hyatt* | TITLE (if applicable) | DATE 01/22/08 |
|---|---|---|
| PRINT NAME Gilbert P. Hyatt | | TELEPHONE ( ) |
| SIGNATURE | TITLE (if applicable) | DATE |
| PRINT NAME | | TELEPHONE ( ) |

FTB30120

$\mathcal{B}$

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE 916.448.3200
FACSIMILE 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 23, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7004 2890 0002 6196 5272
Return Receipt Requested

Taxpayer Advocate Bureau
MS A-381
Franchise Tax Board
P.O. Box 157
Rancho Cordova, CA  95741-0157

Re:     Request for Interest Abatement
        Gilbert P. Hyatt
        Taxable Year 1992

Dear Sir or Madam:

Enclosed please find a completed form FTB 3701, Request for Abatement of Interest, being
submitted on behalf of the taxpayer Gilbert P. Hyatt for the taxable year 1992.

Sincerely,

Eric J. Coffill

Enclosure

cc:     Gilbert P. Hyatt (w/encl.)

sa-54819

FTB30122

## Request for Abatement of Interest

Important: Read the instructions on back before completing this form.

Use FTB 3701 **only** for requesting an abatement of interest. **Do not** use FTB 3701 if you are claiming a refund for an overpayment of income taxes. For privacy information, see Franchise Tax Board *Privacy Notice (form FTB 1131)*.

| | |
|---|---|
| Name<br>   Gilbert P. Hyatt | |
| Address (number, street, and room, or suite number)<br>   P.O. Box 81230 | Spouse's Social Security Number |
| City or town, State, and ZIP Code<br>   Las Vegas, NV  89180-1230 | Entity Identification Number |
| Name and address shown on return if different from above | Daytime telephone number<br>(       ) |

1. Period of time interest should be abated - From: __10/10/97__ To: __12/26/07__
2. Tax year(s): __1992__
3. Explain why you believe interest should be abated due to any unreasonable error or delay made by an employee of the Franchise Tax Board. If the Internal Revenue Service has abated interest based on its error or delay, please provide proof of the IRS's determination to abate interest.

     Unreasonable delay by the FTB during the course of the protest proceedings. Taxpayer will supplement this Request as part of his State Board of Equalization appeal from the FTB's Notice of Action issued on 12/26/07 for the taxable year 1992.

NOTE: If you are filing a protest against a proposed assessment or an appeal, and also wish to request an abatement of interest, you must include the request for abatement of interest with your protest or appeal.

Signature. Requests filed by business entities must be signed by an authorized individual, and the signature must be accompanied by the individual's title.

Under penalties of perjury, I declare that I have examined this claim, including any accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

_Eric J. Coffill, under poa_          __1/23/08__
Signature (and title, if applicable)                   Date

_____        _____
Signature                            Date

FTB 3701 (REV 10-2008) SIDE I

FTB30124



CERTIFIED MAIL℠

7004 2890 0002 6196 5302



MORRISON & FOERSTER LLP
400 CAPITOL MALL
SUITE 2600
SACRAMENTO, CA 95814-4428

MORRISON | FOERSTER

TO

By Certified Mail No. 7004 2890 0002 6196 5302
Return Receipt Requested
Chief, Board Proceedings Division
MIC:81
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0081

(EJC)

EXHIBIT 3



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-2597
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller, Sacramento

RAMON J. HIRSIG
Executive Director

May 2, 2008

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

We are accepting your correspondence dated January 22, 2008 and January 23, 2008 as a personal income tax appeal for the years 1991 and 1992 in the amounts of $3,283,824.25 ($1,876,471.00 tax and $1,407,353.25 penalty plus interest) and $9,920,756.75 ($5,669,021.00 tax and $4,251,765.75 plus interest). This appeal is based upon the Franchise Tax Board's Notices of Action dated December 26, 2007.

As requested, you have until **July 31, 2008**, to file an opening brief. Your response should not exceed 30 typed or handwritten, double-spaced, or 15 typed or handwritten, single-spaced, 8½″ by 11″ pages, printed only on one side in a type-font size of at least 10 points or 12 characters per inch, or the equivalent, excluding exhibits.

Please note that the Franchise Tax Board and the Board of Equalization (BOE) are separate and distinct agencies. Furthermore, this appeal is an entirely new proceeding. Any information or other material that you have previously supplied to the Franchise Tax Board, or any information or other material that they may have supplied you, is not part of the record in this appeal. You should submit all documents that you rely upon to support your case. Complete documentation gives the BOE a better opportunity to consider the merits of your position, and it is possible that the Franchise Tax Board may reconsider its position.

Filing an appeal will not stop the compounding of interest. During the appeal process, interest will continue to compound on a daily basis. Full payment of the proposed additional tax, any penalties and interest at this time will ensure that no additional interest will compound while your case is on appeal. Payment will convert your appeal to an appeal from a denial of a claim for refund. You will be paid interest if you are successful in your appeal. If you wish to make full payment, Franchise Tax Board staff is available to assist you in determining the amount of interest that has compounded to date. Please contact the Franchise Tax Board staff directly at 916-845-3552 or 916-845-4036 for assistance in this regard.

Eric J. Coffill                -2-                May 2, 2008
Morrison & Foerster LLP

      For your information, enclosed are copies of Chapter 4 and 5 relating to the appellate procedures for Corporation Franchise and Personal Income Tax Appeals. <u>Please read carefully Article 3 of Chapter 4: Briefing Schedules and Procedures.</u>

                                          Sincerely,

                                          Sharon King
                                          Appeals Analyst
                                        Board Proceedings Division

Enclosures

cc:     Franchise Tax Board - Legal (MS A2.60)

         Gilbert P. Hyatt
         400 Capitol Mall, Suite 2600
         Sacramento, CA  95814-4428

EXHIBIT 4



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-2597
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller, Sacramento

RAMON J. HIRSIG
Executive Director

May 27, 2008

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This is to inform you that we have separated the tax years for this appeal as requested and, we are accepting your correspondence dated January 22, 2008 as a personal income tax appeal for the year 1991 in the amount of $3,283,824.25 ($1,876,471.00 tax and $1,407,353.25 penalty plus interest). This appeal is based upon the Franchise Tax Board's Notices of Action dated December 26, 2007.

As requested, you have until **August 25, 2008**, to file an opening brief. Your response should not exceed 30 typed or handwritten, double-spaced, or 15 typed or handwritten, single-spaced, 8½″ by 11″ pages, printed only on one side in a type-font size of at least 10 points or 12 characters per inch, or the equivalent, excluding exhibits.

Please note that the Franchise Tax Board and the Board of Equalization (BOE) are separate and distinct agencies. Furthermore, this appeal is an entirely new proceeding. Any information or other material that you have previously supplied to the Franchise Tax Board, or any information or other material that they may have supplied you, is not part of the record in this appeal. You should submit all documents that you rely upon to support your case. Complete documentation gives the BOE a better opportunity to consider the merits of your position, and it is possible that the Franchise Tax Board may reconsider its position.

Filing an appeal will not stop the accrual of interest. During the appeal process, interest will continue to accrue, compounding on a daily basis. Full payment of the proposed additional

Eric J. Coffill                         -2-                         May 27, 2008
Morrison & Foerster LLP

tax, any penalties, and interest at this time will ensure that no additional interest will accrue while
your case is on appeal.  Should you choose to make payment, the FTB will hold your payment as
a tax deposit.  After full payment, you can elect to convert your appeal to an appeal from a denial
of a claim for refund by providing a written statement to the FTB, or by filing FTB Form 3581,
*Tax Deposit Transfer and Refund Request*, and choosing "Convert deficiency administrative
action to action on a refund claim."  (The form can be found at http://www.ftb.ca.gov/forms.)  If
you prevail on appeal after having made full payment, you will be paid interest on your refund.  If
you wish to make full payment, Franchise Tax Board staff is available to assist you in
determining the amount of interest that has accrued to date.  Please contact the Franchise Tax
Board staff directly at 916-845-3552 or 916-845-4036 for assistance in this regard.

      For your information, enclosed are copies of Chapter 4 and 5 relating to the appellate
procedures for Corporation Franchise and Personal Income Tax Appeals.  <u>Please read
carefully Article 3 of Chapter 4: Briefing Schedules and Procedures.</u>

      Sincerely,

      Sharon King
      Appeals Analyst
      Board Proceedings Division

Enclosures

cc:     Franchise Tax Board - Legal (MS A2.60)

      Gilbert P. Hyatt
      P.O. Box 81230
      Las Vegas, NV  89180



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-3223084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller, Sacramento

RAMON J. HIRSIG
Executive Director

May 27, 2008

Eric J. Coffill
Morrison Foerster
400 Capitol Mall, Suite 2600
Sacramento, CA 95814

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

This is to inform you that we have separated the tax years for this appeal as requested and, we are accepting your correspondence dated January 23, 2008 as a personal income tax appeal for the year 1992 in the amounts of $9,920,786.75 ($5,669,021.00 tax and $4,251,765.75 penalty plus interest). This appeal is based upon the Franchise Tax Board's Notices of Action dated December 26, 2007.

As requested, you have until **August 25, 2008,** to file an opening brief. Your response should not exceed 30 typed or handwritten, double-spaced, or 15 typed or handwritten, single-spaced, 8½″ by 11″ pages, printed only on one side in a type-font size of at least 10 points or 12 characters per inch, or the equivalent, excluding exhibits.

Please note that the Franchise Tax Board and the Board of Equalization (BOE) are separate and distinct agencies. Furthermore, this appeal is an entirely new proceeding. Any information or other material that you have previously supplied to the Franchise Tax Board, or any information or other material that they may have supplied you, is not part of the record in this appeal. You should submit all documents that you rely upon to support your case. Complete documentation gives the BOE a better opportunity to consider the merits of your position, and it is possible that the Franchise Tax Board may reconsider its position.

Filing an appeal will not stop the accrual of interest. During the appeal process, interest will continue to accrue, compounding on a daily basis. Full payment of the proposed additional

Eric J. Coffill                                  -2-                              May 27, 2008
Morrison Foerster

tax, any penalties, and interest at this time will ensure that no additional interest will accrue while
your case is on appeal.  Should you choose to make payment, the FTB will hold your payment as
a tax deposit.  After full payment, you can elect to convert your appeal to an appeal from a denial
of a claim for refund by providing a written statement to the FTB, or by filing FTB Form 3581,
*Tax Deposit Transfer and Refund Request*, and choosing "Convert deficiency administrative
action to action on a refund claim."  (The form can be found at http://www.ftb.ca.gov/forms.)  If
you prevail on appeal after having made full payment, you will be paid interest on your refund.  If
you wish to make full payment, Franchise Tax Board staff is available to assist you in
determining the amount of interest that has accrued to date.  Please contact the Franchise Tax
Board staff directly at 916-845-3552 or 916-845-4036 for assistance in this regard.

        For your information, enclosed are copies of Chapter 4 and 5 relating to the appellate
procedures for Corporation Franchise and Personal Income Tax Appeals.  Please read
carefully Article 3 of Chapter 4: Briefing Schedules and Procedures.


                                Sincerely,


                                Sharon King
                                Appeals Analyst
                                Board Proceedings Division


Enclosures

cc:     Franchise Tax Board - Legal (MS A2.60)

        Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV  89180

EXHIBIT 5

C.K.

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 9, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7004 0750 0001 2927 6716
Return Receipt Requested

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
P. O. Box 942879
Sacramento, CA 94279-0081

Re:    Appeal of Gilbert P. Hyatt
       Case ID No. 435770
       Tax Year 1991
       RTA 5430(e) Request to File Opening Brief Exceeding 30 Pages

Dear Diane:

First of all, thank you for your letter of May 27, 2008 in the above matter, under the signature of Sharon King, in which you informed us that Board Proceedings has now separated the tax years 1991 (now your Case No. 435770) and 1992 (now your Case No. 446509) into two separate appeals. Your letter states that our opening brief is now due August 25, 2008, "as requested." While we are most appreciative of the Board setting the due date as August 25th after separating the appeals, we do want the record to be clear that we did not request such an extension – in the event we should we make such a request in the future under RTA 5430(c) and RTA 5522.8 and should the question come up whether we have previously requested any such extension.

Pursuant to RTA 5430(e), the taxpayer hereby requests that it be allowed to file an opening brief in this matter (i.e., tax year 1991) in excess of 30 pages, and not to exceed 100 pages. RTA 5430(e) states in pertinent part that the Chief of Board Proceedings may grant an exception to the standard page limitations "upon written request that establishes why an exception is necessary." We do understand they are called "briefs" for a reason, but the circumstances of this case are such that we cannot adequately present this case in the context of a 30-page opening brief. The grounds for such an exception are as follows:

First, the case involves substantial amounts of money. The December 26, 2007 Notice of Action sets forth total additional tax, penalty and interest (to 12/26/07) in excess of $10 million.

RECEIVED

JUN 11 2008

Board Proceedings

sa-56151

MORRISON | FOERSTER

Diane Olson
June 9, 2008
Page Two

Second, the case involves complex legal issues. The FTB's November 1, 2007 50-page, single-spaced, Protest Determination Letter raises, for the first time, a "sourcing" argument, which the taxpayer never previously had the opportunity to address during the 11+ years (protest filed 06/20/96) the protest was pending, and which may raise issues of first impression. In addition, the case involves complex legal issues, and perhaps issues of first impression, involving the burden of proof where the FTB has the initial burden of showing that its assessment was reasonable and rational.

Third, the case involves complex factual issues involving residency and penalties. For example, following the October 4, 2000 (i.e., nearly eight years ago) protest hearing in this matter, the taxpayer provided the FTB with a 190-page, single-spaced, written submission.

Fourth, the taxpayer must use this appeal as its vehicle to respond to the FTB's Protest Determination. As mentioned above, by 50-page letter dated November 1, 2007 and 11+ years after the protest was filed in this matter, FTB finally issued its protest determination for 1991 (and 1992) with a 30 day response time, and stated, "no extensions to the thirty day response period will be granted." While the taxpayer did respond to FTB's November 1, 2007 letter, that response was far from complete and comprehensive as a result of the FTB's self-imposed, unreasonable, time restrictions. This appeal presents the taxpayer's first opportunity to fully and completely respond to the FTB's 50-page, single-spaced, determination letter.

Fifth, this SBE appeal for 1991 is complicated by the tort action now in trial in Las Vegas, Nevada, involving the taxpayer and the FTB. (*Hyatt v. Franchise Tax Board*, Clark County Nevada District Court No. A382999, filed 01/06/98.) Trial by jury commenced on April 21, 2008. The trial court recently stated trial may go until the end of July. While the taxpayer's California residency status is not in issue in the Nevada proceeding, a great deal of potentially relevant evidence has been developed through the course of discovery, and may also be developed as trial progresses, regarding the FTB's conduct during the audit of the taxpayer. Indeed, the FTB enforced an administrative subpoena upon the taxpayer in the course of the protest proceeding in this matter *to provide to the FTB protest hearing officer discovery materials generated by the Nevada tort action* (including deposition transcripts). (*See State Franchise Tax Board v. Hyatt*, Dec. 31, 2003, Third District Court of Appeal, Case No. C043627, unpublished opinion). It is therefore anticipated the record for this SBE appeal will include portions of the record from the tort action, during which tens of thousands of pages of documents were exchanged, over 100 depositions were taken, and dozens of witnesses are expected to provide trial testimony.

Sixth, longer briefs will serve the interests of the Board. RTA 5430(e) makes clear that exhibits are not counted for purposes of the page limitations. Little would be accomplished

MORRISON | FOERSTER

Diane Olson
June 9, 2008
Page Three

by requiring the taxpayer to file a 30-page brief, which would essentially be little more than
an index and outline of voluminous exhibits. With all due respect to this Board, it has no
background in this 11+ year old protest, so we must begin our explanation at the beginning
and tell the entire story. As this Board pointed out in *Appeal of Sierra Production Service,
Inc., et al.,* Cal. St. Bd. of Equal, Sept. 12, 1990:

> With respect to evidence, taxpayers and their representatives
> should never lose sight of the facts that proceedings before this
> board are de novo and that this board and the Franchise Tax Board
> are two separate entities. *The practical meaning of these
> observations is that a taxpayer who appeals to this board should
> always submit to us each item of evidence that will support its
> case, even though that evidence has already been submitted to
> (and rejected by) the Franchise Tax Board. Our view of the
> sufficiency and probity of such evidence may well differ from that
> of the Franchise Tax Board,* and taxpayers should certainly not
> assume that the Franchise Tax Board, which is their adversary
> before this board, will necessarily provide us with evidence in its
> possession that favors the taxpayer. (Emphasis added.)[1]

For all the above stated reasons, the taxpayer respectfully requests its request be granted.

Respectfully submitted,

Eric J. Coffill

Attorney for Appellant

cc: Franchise Tax Board – Legal (MS A2.60)

---

[1] *See also Appeal of Merry Mary Fabrics,* Cal. St. Bd. of Equal., April 22, 1993: "Appellants
in their reply brief refer to the 'volumes' of information submitted to respondent and this
board. While 'volumes' may have been submitted to the respondent, very little actual
evidence has been submitted to this board. Appellants have made many factual allegations
but virtually no evidence has been presented to support these allegations. It would appear
that appellants are under the mistaken belief that this board has access to the evidence it
presented to respondent. We are a separate state agency and *unless the taxpayer submits the
evidence to us, or respondent chooses to submit it in support of its own position, we will
never see it.*" (Emphasis added.)

sa-56151

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 9, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7004 0750 0001 2927 6709
Return Receipt Requested

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
P. O. Box 942879
Sacramento, CA 94279-0081

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 446509
        Tax Year 1992
        RTA 5430(e) Request to File Opening Brief Exceeding 30 Pages

Dear Diane:

First of all, thank you for your letter of May 27, 2008 in the above matter, under the
signature of Sharon King, in which you informed us that Board Proceedings has now
separated the tax years 1991 (now your Case No. 435770) and 1992 (now your Case No.
446509) into two separate appeals. Your letter states that our opening brief is now due
August 25, 2008, "as requested." While we are most appreciative of the Board setting the
due date as August 25th after separating the appeals, we do want the record to be clear that
we did not request such an extension – in the event we should we make such a request in the
future under RTA 5430(c) and RTA 5522.8 and should the question come up whether we
have previously requested any such extension.

Pursuant to RTA 5430(e), the taxpayer hereby requests that it be allowed to file an opening
brief in this matter (i.e., tax year 1992) in excess of 30 pages, and not to exceed 100 pages.
RTA 5430(e) states in pertinent part that the Chief of Board Proceedings may grant an
exception to the standard page limitations "upon written request that establishes why an
exception is necessary." We do understand they are called "briefs" for a reason, but the
circumstances of this case are such that we cannot adequately present this case in the context
of a 30-page opening brief. The grounds for such an exception are as follows:

First, the case involves substantial amounts of money. The December 26, 2007 Notice of
Action sets forth total additional tax, penalty and interest (to 12/26/07) in excess of $29
million.

sa-56206

RECEIVED

JUN 11 2008

Board Proceedings

MORRISON | FOERSTER

Diane Olson
June 9, 2008
Page Two

Second, the case involves complex legal issues. The FTB's November 1, 2007 50-page, single-spaced, Protest Determination Letter raises, for the first time, a "sourcing" argument, which the taxpayer never previously had the opportunity to address during the 10+ years (protest filed 10/10/97) the protest was pending, and which may raise issues of first impression. In addition, the case involves complex legal issues, and perhaps issues of first impression, involving the burden of proof where the FTB has the initial burden of showing that its assessment was reasonable and rational.

Third, the case involves complex factual issues involving residency and penalties. For example, following the September 27, 2000 (i.e., nearly eight years ago) protest hearing in this matter, the taxpayer provided the FTB with a 132-page, single-spaced, written submission.

Fourth, the taxpayer must use this appeal as its vehicle to respond to the FTB's Protest Determination. As mentioned above, by 50-page letter dated November 1, 2007 and 10+ years after the protest was filed in this matter, FTB finally issued its protest determination for 1992 (and 1991) with a 30 day response time, and stated, "no extensions to the thirty day response period will be granted." While the taxpayer did respond to FTB's November 1, 2007 letter, that response was far from complete and comprehensive as a result of the FTB's self-imposed, unreasonable, time restrictions. This appeal presents the taxpayer's first opportunity to fully and completely respond to the FTB's 50-page, single-spaced, determination letter.

Fifth, this SBE appeal for 1992 is complicated by the tort action now in trial in Las Vegas, Nevada, involving the taxpayer and the FTB. (*Hyatt v. Franchise Tax Board*, Clark County Nevada District Court No. A382999, filed 01/06/98.) Trial by jury commenced on April 21, 2008. The trial court recently stated trial may go until the end of July. While the taxpayer's California residency status is not in issue in the Nevada proceeding, a great deal of potentially relevant evidence has been developed through the course of discovery, and may also be developed as trial progresses, regarding the FTB's conduct during the audit of the taxpayer. Indeed, the FTB enforced an administrative subpoena upon the taxpayer in the course of the protest proceeding in this matter *to provide to the FTB protest hearing officer discovery materials generated by the Nevada tort action* (including deposition transcripts). (*See State Franchise Tax Board v. Hyatt*, Dec. 31, 2003, Third District Court of Appeal, Case No. C043627, unpublished opinion). It is therefore anticipated the record for this SBE appeal will include portions of the record from the tort action, during which tens of thousands of pages of documents were exchanged, over 100 depositions were taken, and dozens of witnesses are expected to provide trial testimony.

Sixth, longer briefs will serve the interests of the Board. RTA 5430(e) makes clear that exhibits are not counted for purposes of the page limitations. Little would be accomplished

MORRISON | FOERSTER

Diane Olson
June 9, 2008
Page Three

by requiring the taxpayer to file a 30-page brief, which would essentially be little more than an index and outline of voluminous exhibits. With all due respect to this Board, it has no background in this 10+ year old protest, so we must begin our explanation at the beginning and tell the entire story. As this Board pointed out in *Appeal of Sierra Production Service, Inc., et al.,* Cal. St. Bd. of Equal, Sept. 12, 1990:

> With respect to evidence, taxpayers and their representatives
> should never lose sight of the facts that proceedings before this
> board are de novo and that this board and the Franchise Tax Board
> are two separate entities. *The practical meaning of these
> observations is that a taxpayer who appeals to this board should
> always submit to us each item of evidence that will support its
> case, even though that evidence has already been submitted to
> (and rejected by) the Franchise Tax Board. Our view of the
> sufficiency and probity of such evidence may well differ from that
> of the Franchise Tax Board,* and taxpayers should certainly not
> assume that the Franchise Tax Board, which is their adversary
> before this board, will necessarily provide us with evidence in its
> possession that favors the taxpayer. (Emphasis added.)[1]

For all the above stated reasons, the taxpayer respectfully requests its request be granted.

Respectfully submitted,

*Eric J. Coffill*

Eric J. Coffill

Attorney for Appellant

cc: Franchise Tax Board – Legal (MS A2.60)

---

[1] *See also Appeal of Merry Mary Fabrics,* Cal. St. Bd. of Equal., April 22, 1993: "Appellants in their reply brief refer to the 'volumes' of information submitted to respondent and this board. While 'volumes' may have been submitted to the respondent, very little actual evidence has been submitted to this board. Appellants have made many factual allegations but virtually no evidence has been presented to support these allegations. It would appear that appellants are under the mistaken belief that this board has access to the evidence it presented to respondent. We are a separate state agency and *unless the taxpayer submits the evidence to us, or respondent chooses to submit it in support of its own position, we will never see it.*" (Emphasis added.)

EXHIBIT 6



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084• FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller, Sacramento

RAMON J. HIRSIG
Executive Director

June 18, 2008

Eric J. Coffill
 Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA  95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This letter acknowledges receipt of your request to file a brief in excess of the page requirement noted below.  The California Code of Regulations, title 18, section 5430, subdivision (e), states in part:

> "All briefs must be no longer than 30 double-spaced 8½" by 11" pages, or 15 single-spaced 8 ½" by 11" pages, excluding any table of contents, table of authorities, and exhibits. All briefs must be handwritten or typed, and printed only on one side in a type-font size of at least 10 points or 12 characters per inch. The Chief of Board Proceedings may grant an exception to these requirements upon written request that establishes why an exception is necessary. "

The Chief of Board Proceedings, in consultation with Legal Appeals, granted a maximum of 60 pages for your brief and we will extend the same courtesy to the appellant when it comes time to file their reply.

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc:    Franchise Tax Board - Legal (MS A2.60)

Gilbert P. Hyatt
P.O. Box 81230
Las Vegas, NV  89180



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084• FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller, Sacramento

RAMON J. HIRSIG
Executive Director

June 18, 2008

Eric J. Coffill
Morrison Foerster
400 Capitol Mall, Suite 2600
Sacramento, CA 95814

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your request to file a brief in excess of the page requirement noted below. The California Code of Regulations, title 18, section 5430, subdivision (e), states in part:

> "All briefs must be no longer than 30 double-spaced 8½" by 11" pages, or 15 single-spaced 8 ½" by 11" pages, excluding any table of contents, table of authorities, and exhibits. All briefs must be handwritten or typed, and printed only on one side in a type-font size of at least 10 points or 12 characters per inch. The Chief of Board Proceedings may grant an exception to these requirements upon written request that establishes why an exception is necessary. "

The Chief of Board Proceedings, in consultation with Legal Appeals, granted a maximum of 60 pages for your brief and we will extend the same courtesy to the respondent when it comes time to file their reply.

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc:     Franchise Tax Board - Legal (MS A2.60)

        Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV 89180

EXHIBIT 7

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 30, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax and By Certified Mail No. 7004 0750 0001 2927 7096
Return Receipt Requested

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
P. O. Box 942879
Sacramento, CA 94279-0081



RECEIVED

JUL - 7 2008

SACRAMENTO LEGAL
FRANCHISE TAX BOARD

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 435770
        Tax Year 1991
        Request for Extension of Time to File Opening Brief

Dear Diane:

Thank you for your letter of June 18, 2008 in the above matter, under the signature of Sharon King, in which you informed us that Board Proceedings has granted our request for extended briefing to 60 pages (but denied our request for extended briefing to 100 pages).

Pursuant to RTAs 5430(c) and 5522.8, the taxpayer hereby requests that the due date for appellant's opening brief in this matter be extended by 90 days.

Appellant's brief is currently due in this matter on August 25, 2008.

Appellant has <u>not</u> previously requested an extension of time in this matter.

The reasonable cause for seeking this extension is as follows:

<u>First</u>, the case involves substantial amounts of money. The December 26, 2007 Notice of Action sets forth total additional tax, penalty and interest (to 12/26/07) in excess of <u>$10 million</u>.

<u>Second,</u> the case involves complex factual issues involving residency and penalties. For example, following the October 4, 2000 (i.e., nearly <u>eight</u> years ago) protest hearing in this matter, the taxpayer provided the FTB with a 190-page, single-spaced, written submission.

sa-56354

MORRISON | FOERSTER

Diane Olson
June 30, 2008
Page Two

Third, the case involves complex legal issues. The FTB's November 1, 2007 50-page, single-spaced, Protest Determination Letter raises, for the first time, a "sourcing" argument, which the taxpayer never previously had the opportunity to address during the 11+ years (protest filed 06/20/96) the protest was pending, and which may raise issues of first impression. In addition, the case involves complex legal issues, and perhaps issues of first impression, involving the burden of proof where the FTB has the initial burden of showing that its assessment was reasonable and rational. Appellant must now address that argument for the first time (in addition to the issues involved at protest) within the scope of this Board's limitation of 60 pages of briefing for the entire case.

Fourth, the taxpayer must use this appeal as its vehicle to respond to the FTB's Protest Determination. As mentioned above, by 50-page letter dated November 1, 2007 and 11+ years after the protest was filed in this matter, FTB finally issued its protest determination for 1991 (and 1992) with a 30 day response time, and stated, "no extensions to the thirty day response period will be granted." While the taxpayer did respond to FTB's November 1, 2007 letter, that response was far from complete and comprehensive as a result of the FTB's self-imposed, unreasonable, time restrictions. This appeal presents the taxpayer's first opportunity to fully and completely respond to the FTB's 50-page, single-spaced, determination letter, which was issued nearly eight years after the protest hearing was held in this matter. In view of the fact the FTB apparently required nearly *eight years* to respond to our protest hearing, it seems reasonable for us to take an additional 90 days to respond to that protest determination before this Board.

Fifth, appellant's two lead counsels (Carley Roberts & Eric Coffill) in this matter are both scheduled to take vacations in July and August, respectively. Both counsel have been intimately involved in the FTB protest proceedings since being engaged in this matter in 1999. In addition, a new associate hire that was scheduled to start in early July will now, for personal reasons, not be starting until mid-August.

Sixth, appellant's two lead counsels (since 1999) are also engaged in other matters which require attention within the next 60 days and in which we are counsel (or co-counsel) of record. These matters (of public record which are disclosable) include, but are not limited to, a matter pending before the Tax Division of the Texas Comptroller of Public Accounts, with a brief due August 11, 2008; a matter currently in discovery and proceeding toward trial in fall 2008 in the Oregon Tax Court; a matter proceeding toward trial in fall 2008 in the Arizona Tax Court; a matter now pending in the Baltimore Circuit Court in a proceeding related to our recent victory on June 16, 2008 in the Court of Appeals of Maryland in *Comptroller of the Treasury v. Science Applications International Corporation*, Case No. 24-C-06-098684; a matter pending in the Commonwealth Court of Pennsylvania in which settlement discussions will soon commence; negotiations proceeding in a New York combination audit involving in excess of $7 million tax; a July FTB protest hearing; three cases currently in the midst of settlement negotiations with the FTB Settlement Bureau (all of

**MORRISON | FOERSTER**

Diane Olson
June 30, 2008
Page Three

which are presently on appeal to your Board and deferred pending settlement discussions); supplemental briefing, at this Board's request, pending in *Appeal of Home Depot U.S.A., Inc.*; preparation of a section 25137 appeal to this Board; discovery proceeding in *Bayer Corporation v. FTB*, Sacramento Co. No. 07AS3350; and four pending SBE sales tax cases with cumulative (potential) liability in excess of $50 million. In addition, counsel just finished, and submitted to FTB on June 23, 2008, an 81-page position letter and 4" binder-sized protest supplement to FTB in a residency matter involving well over $20 million.

For all the above reasons, appellant hereby requests an extension of 90 days (beyond August 25, 2008) to file Appellant's brief in this matter.

Respectfully submitted,

Eric J. Coffill

Eric J. Coffill

Attorney for Appellant

cc: Franchise Tax Board – Legal (MS A2.60) ✓

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

June 30, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax and By Certified Mail No. 7004 0750 0001 2927 7089
Return Receipt Requested

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
P. O. Box 942879
Sacramento, CA 94279-0081

Re:  Appeal of Gilbert P. Hyatt
     Case ID No. 446509
     Tax Year 1992
     <u>Request for Extension of Time to File Opening Brief</u>

Dear Diane:

Thank you for your letter of June 18, 2008 in the above matter, under the signature of Sharon King, in which you informed us that Board Proceedings has granted our request for extended briefing to 60 pages (but denied our request for extended briefing to 100 pages).

Pursuant to RTAs 5430(c) and 5522.8, the taxpayer hereby requests that the due date for appellant's opening brief in this matter be extended by 90 days.

Appellant's brief is currently due in this matter on August 25, 2008.

Appellant has <u>not</u> previously requested an extension of time in this matter.

The reasonable cause for seeking this extension is as follows:

<u>First</u>, the case involves substantial amounts of money. The December 26, 2007 Notice of Action sets forth total additional tax, penalty and interest (to 12/26/07) in excess of <u>$29 million</u>.

<u>Second</u>, the case involves complex factual issues involving residency and penalties. For example, following the September 27, 2000 (i.e., nearly <u>eight</u> years ago) protest hearing in this matter, the taxpayer provided the FTB with a 132-page, single-spaced, written submission.

sa-56421

**MORRISON | FOERSTER**

Diane Olson
June 30, 2008
Page Two

Third, the case involves complex legal issues. The FTB's November 1, 2007 50-page, single-spaced, Protest Determination Letter raises, for the first time, a "sourcing" argument, which the taxpayer never previously had the opportunity to address during the 10+ years (protest filed 10/10/97) the protest was pending, and which may raise issues of first impression. In addition, the case involves complex legal issues, and perhaps issues of first impression, involving the burden of proof where the FTB has the initial burden of showing that its assessment was reasonable and rational. Appellant must now address that argument for the first time (in addition to the issues involved at protest) within the scope of this Board's limitation of 60 pages of briefing for the entire case.

Fourth, the taxpayer must use this appeal as its vehicle to respond to the FTB's Protest Determination. As mentioned above, by 50-page letter dated November 1, 2007 and 11+ years after the protest was filed in this matter, FTB finally issued its protest determination for 1992 (and 1991) with a 30 day response time, and stated, "no extensions to the thirty day response period will be granted." While the taxpayer did respond to FTB's November 1, 2007 letter, that response was far from complete and comprehensive as a result of the FTB's self-imposed, unreasonable, time restrictions. This appeal presents the taxpayer's first opportunity to fully and completely respond to the FTB's 50-page, single-spaced, determination letter, which was issued nearly eight years after the protest hearing was held in this matter. In view of the fact the FTB apparently required nearly *eight years* to respond to our protest hearing, it seems reasonable for us to take an additional 90 days to respond to that protest determination before this Board.

Fifth, appellant's two lead counsels (Carley Roberts & Eric Coffill) in this matter are both scheduled to take vacations in July and August, respectively. Both counsel have been intimately involved in the FTB protest proceedings since being engaged in this matter in 1999. In addition, a new associate hire that was scheduled to start in early July will now, for personal reasons, not be starting until mid-August.

Sixth, appellant's two lead counsels (since 1999) are also engaged in other matters which require attention within the next 60 days and in which we are counsel (or co-counsel) of record. These matters (of public record which are disclosable) include, but are not limited to, a matter pending before the Tax Division of the Texas Comptroller of Public Accounts, with a brief due August 11, 2008; a matter currently in discovery and proceeding toward trial in fall 2008 in the Oregon Tax Court; a matter proceeding toward trial in fall 2008 in the Arizona Tax Court; a matter now pending in the Baltimore Circuit Court in a proceeding related to our recent victory on June 16, 2008 in the Court of Appeals of Maryland in *Comptroller of the Treasury v. Science Applications International Corporation*, Case No. 24-C-06-098684; a matter pending in the Commonwealth Court of Pennsylvania in which settlement discussions will soon commence; negotiations proceeding in a New York combination audit involving in excess of $7 million tax; a July FTB protest hearing; three cases currently in the midst of settlement negotiations with the FTB Settlement Bureau (all of

**MORRISON** | **FO**RSTER

Diane Olson
June 30, 2008
Page Three

which are presently on appeal to your Board and deferred pending settlement discussions);
supplemental briefing, at this Board's request, pending in *Appeal of Home Depot U.S.A.,
Inc.*; preparation of a section 25137 appeal to this Board; discovery proceeding in *Bayer
Corporation v. FTB*, Sacramento Co. No. 07AS3350; and four pending SBE sales tax cases
with cumulative (potential) liability in excess of $50 million. In addition, counsel just
finished, and submitted to FTB on June 23, 2008, an 81-page position letter and 4" binder-
sized protest supplement to FTB in a residency matter involving well over $20 million.

For all the above reasons, appellant hereby requests an extension of 90 days (beyond August
25, 2008) to file Appellant's brief in this matter.

Respectfully submitted,

Eric J. Coffill

Eric J. Coffill

Attorney for Appellant

cc: Franchise Tax Board – Legal (MS A2.60) ✓

EXHIBIT 8



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

July 1, 2008

Eric J. Coffill
 Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA  95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This letter acknowledges receipt of your letter received June 30, 2008, requesting an extension.  Your extension is granted.  The date for filing your brief is extended to **September 29, 2008.** We will not grant additional extensions of time unless you can show extreme hardship.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief.  Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

Sincerely,

Sharon King
Appeals Analyst
Board Proceedings Division

cc:    Franchise Tax Board - Legal Branch - Legal (MS A2.60)

Gilbert P. Hyatt
400 Capitol Mall, Suite 2600
Sacramento, CA  95814-4428



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

July 1, 2008

Eric J. Coffill
Morrison Foerster
400 Capitol Mall, Suite 2600
Sacramento, CA 95814

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your letter received June 30, 2008, requesting an extension. Your extension is granted. The date for filing your brief is extended to **September 29, 2008.** We will not grant additional extensions of time unless you can show extreme hardship.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

Sincerely,

Sharon King
Appeals Analyst
Board Proceedings Division

cc:    Franchise Tax Board - Legal Branch - Legal (MS A2.60)

Gilbert P. Hyatt
P.O. Box 81230
Las Vegas, NV 89180

EXHIBIT 9

## King, Sharon

| | |
|---|---|
| **From:** | Wurst, Catherine |
| **Sent:** | Thursday, July 03, 2008 12:16 PM |
| **To:** | King, Sharon |
| **Subject:** | FW: Gilbert P. Hyatt, 435770, 445509 |

**From:** Olson, Diane
**Sent:** Thursday, July 03, 2008 11:18 AM
**To:** Wurst, Catherine
**Subject:** FW: Gilbert P. Hyatt, 435770, 445509

Please have Sharon correct the letters and resend them to Eric.

Thank you,
Diane

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Thursday, July 03, 2008 11:10 AM
**To:** Olson, Diane
**Subject:** RE: Gilbert P. Hyatt, 435770, 445509

Diane,

Following up on the VM I just left you, the two letters from Sharon King came in today, we are going to need new letters from you on the two Hyatt extensions. Our briefs are currently due August 25, 2008 in both cases, and we requested 90 days. Your e-mail below confirms we got the 90 days, and both letters we received today state the "extension is granted." But both letters have the new date as September 29, 2008, when it should be the end of November. Can you check into this and get us some corrected letters for the files?

Thanks so much, and I am around today if you want to talk live. 916.325.1324.

Eric

**From:** Olson, Diane [mailto:Diane.Olson@boe.ca.gov]
**Sent:** Wednesday, July 02, 2008 12:37 PM
**To:** Coffill, Eric J.
**Subject:** RE: Gilbert P. Hyatt, 435770, 445509

You're very welcome anytime.

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Wednesday, July 02, 2008 12:33 PM
**To:** Olson, Diane
**Cc:** Wurst, Catherine; King, Sharon
**Subject:** RE: Gilbert P. Hyatt, 435770, 445509

Diane,

7/3/2008

Thanks so much for the confirmation.  No hurry on getting the letter to us.

Eric

---

**From:** Olson, Diane [mailto:Diane.Olson@boe.ca.gov]
**Sent:** Wednesday, July 02, 2008 12:32 PM
**To:** Coffill, Eric J.
**Cc:** Wurst, Catherine; King, Sharon
**Subject:** Gilbert P. Hyatt, 435770, 445509

Your 90 day extension has been granted.  The Franchise Analyst assigned to this file is Sharon King.  Ms. King will be e-mailing a copy of the letter granting your extension today.

Respectfully,
Diane Olson, Chief
Board Proceedings Division
State Board of Equalization
(916) 322-9569

---

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Wednesday, July 02, 2008 11:54 AM
**To:** Olson, Diane
**Subject:** Hyatt Time Requests

Diane,

Following up on on telephone conversation yesterday, we have not received anything yet - mail or fax - granting our extensions.  I assume letters granting the extensions are still in process or in the mail.  But can you confirm the extensions for me by return e-mail?

Thanks.

Eric

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA  95814
Tel: (916) 325-1324
Fax: (916) 448-3222
email: ecoffill@mofo.com

---

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

EXHIBIT 10



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

July 3, 2008

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770, 446509

Dear Mr. Coffill:

Per your email of July 3, 2008, we are granting your request for an extension to **November 25, 2008**, for filing your brief. We will not grant additional extensions of time unless you can show extreme hardship.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

> "Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8."

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc: Franchise Tax Board – Legal Branch – Legal (MS A2.60)

Gilbert P. Hyatt
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

EXHIBIT 11

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

November 10, 2008

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax This Date: 916.324.3984

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
Sacramento, CA

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 435770
        Tax Year 1991

        Appeal of Gilbert P. Hyatt
        Case No. 446509
        Tax Year 1992

        RTA 5430(e) Requests to File Opening Briefs Exceeding 30 Pages

Dear Diane:

Following up on my discussions with both you and Amy Kelly, pursuant to RTA 5430(e), the
taxpayer hereby requests that it be allowed to file an opening brief for tax year 1991 not to
exceed 100 pages; and an opening brief for tax year 1992 not to exceed 75 pages. We will
include in the 1991 briefing a "sourcing issue" argument, which we will then reference in the
1992 brief.

Thank you very much for your assistance and cooperation in this matter.

Very truly yours,

*Eric*

Eric J. Coffill

Attorney for Appellant

cc: Franchise Tax Board – Legal (MS A2.60)

**RECEIVED**

NOV 10 2008

**Board Proceedings**

sa-57592

EXHIBIT 12



STATE OF CALIFORNIA

# STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller, Sacramento

RAMON J. HIRSIG
Executive Director

November 10, 2008

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770, 446509

Dear Mr. Coffill:

This will acknowledge receipt of your letter dated November 10, 2008, confirming the Board of Equalization's agreement of additional pages not to exceed 100 pages for the opening brief for the tax year 1991 and additional pages not to exceed 75 pages for the tax year 1992 for the above-entitled appeal. We are forwarding a copy of this letter to the Franchise Tax Board for their information.

Sincerely,

Sharon King
Appeals Analyst
Board Proceedings Division

cc:     Franchise Tax Board - Legal (MS A2.60)

        Board Proceedings - Diane Olson, Chief (MIC: 80)

        Gilbert P. Hyatt
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

EXHIBIT 13

STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

November 18, 2008

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA  95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770, 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your telephone call of November 17, 2008, requesting an extension. Your extension is granted. The date for filing your brief is extended to **December 9, 2008**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8."

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc:     Franchise Tax Board - Legal Branch - Legal (MS A2.60)

Gilbert P. Hyatt
400 Capitol Mall, Suite 2600
Sacramento, CA  95814-4428

EXHIBIT 14



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller, Sacramento

RAMON J. HIRSIG
Executive Director

December 10, 2008

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This will acknowledge receipt on December 9, 2008, of your opening brief in the above-entitled appeal. The Franchise Tax Board has until **March 9, 2008**, to file its opening brief.

Sincerely,

*Sharon King*

Sharon King
Appeals Analyst
Board Proceedings Division

cc:     Franchise Tax Board - Legal (MS A2.60)

        Gilbert P. Hyatt
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN
State Controller, Sa

RAMON
Executiv

December 10, 2008

Eric J. Coffill
Morrison Foerster
400 Capitol Mall, Suite 2600
Sacramento, CA 95814



Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

This will acknowledge receipt on December 9, 2008, of your opening brief in the above-entitled appeal. The Franchise Tax Board has until **March 9, 2008**, to file its opening brief.

Sincerely,

Sharon King
Appeals Analyst
Board Proceedings Division

cc: Franchise Tax Board - Legal (MS A2.60)

Gilbert P. Hyatt
P.O. Box 81230
Las Vegas, NV 89180

EXHIBIT 15



State of California
Franchise Tax Board

Date: 01.27.09

Case: 7150053859256143
Case Unit: 7150053859256163
In reply refer to 410:RWD

TO: CHIEF, BOARD PROCEEDINGS DIVISION
STATE BOARD OF EQUALIZATION
450 N STREET, MIC: 81
SACRAMENTO, CA 95814

FROM: ROBERT W. DUNN

RE: Appeal of Gilbert P. Hyatt
Appeal Case ID No. 446509 & 435770

# MEMORANDUM

Respondent California Franchise Tax Board (FTB) received appellant Gilbert P. Hyatt's dual opening briefs in this matter on December 9, 2008. Shortly thereafter we received boxes of exhibits and attachments.

Following the filing of his appeal, your Board originally granted Mr. Hyatt an opening brief due date of July 31, 2008. Mr. Hyatt then asked for and received three successive filing extensions.[1] The final filing date was December 9, 2008, which was met.

FTB has preliminarily reviewed Mr. Hyatt's dual opening briefs and exhibits. The briefs are lengthy documents, one totaling 95 pages and the second 75 pages. Supporting exhibits are contained within four file boxes and, of import, they include documentation new to FTB. Supporting his dual briefs and the arguments therein are no less that 26 newly sworn affidavits. These affidavits were never presented to FTB's auditors or protest hearing officers in this matter, even though the audit began in mid-1993 and the protest dates to 1997. Many

---

[1] On June 30, 2008, Mr. Hyatt requested in writing an extension to file until September 29, 2008. Your Board granted this request. In an e-mail dated July 3, 2008, Mr. Hyatt requested an extension to file until November 25, 2008. That request was also granted. By telephone call on November 17, 2008, Mr. Hyatt requested a third extension.

RECEIVED
JAN 27 2009
Board Proceedings

FTB PASS 2140 (REV 05-2008)
Appeals/Correspondence/FTB Po       ement Request
Page 1 of 1

Legal Division MS A260
PO Box 1720
Rancho Cordova CA 95741-1720

Tel (916) 84
Fax (916) 843-6011
Robert.dunn@ftb.ca.gov

Date            : 01.27.09
Appeal Name     : Gilbert P. Hyatt
Appeal Case ID No.  : 446509 & 435770

of Mr. Hyatt's 2008 affiants are attesting to personal knowledge of events that occurred in 1991.

In the dual opening briefs Mr. Hyatt has also included considerable reference to the trial record from his collateral tort litigation against FTB in Nevada, even though that litigation is far from resolved. Mr. Hyatt advances various legal theories as to the impact of a Nevada jury verdict and Nevada trial court rulings upon this California administrative proceeding. These theories appear to present issues of first impression in this forum.

To effectively and properly address the new alleged facts and legal argument FTB requests more time than the standard 90 days allowed for an opening brief. Part of the reason for this postponement request is simply the time and work required to adequately address all the new documentation and legal issues. However, the central reason for this request is that FTB will need time to investigate the new alleged facts, which may require time for legal process. Therefore, FTB requests that your Board grant a postponement in accordance with Board of Equalization Rules for Tax Appeals, Section 5522.8(b)(5). FTB requests the matter be removed from the appeal calendar until FTB has notified your Board that its investigation is complete. FTB anticipates this will take approximately six to nine months. FTB will contact the Board promptly when complete.

FTB also requests your Board conduct a pre-hearing conference as set forth in Board of Equalization Rules for Tax Appeals, Section 5443. The stated purpose of such a hearing is "...to obtain additional facts and evidence, obtain stipulations of fact, and narrow questions of law, in order to facilitate a more efficient and productive oral hearing." As will be clear upon receipt of FTB's Opening Brief—if it is not already clear after a review of Mr. Hyatt's dual opening briefs—administrative efficiency and economy can be well served by such a hearing. There are likely to be some facts to which the parties can stipulate, some disputed facts upon which the central issues of residency, fraud and income sourcing will turn, and some questions of law that could be issues of first impression with your Board. Therefore, FTB requests a pre-hearing conference be scheduled upon completion of the briefing.

In accordance with Section 5522.8(b)(5) please forward this request to your Board's Chief Counsel.

If there are any questions please do not hesitate to contact me.

Tax Counsel IV

cc:    Eric J. Coffill

FTB 2140 PASS (REV 05-2008)
Appeals\Correspondence\FTB Postponement Request
Page 2 of 2

Legal Division MS A260
PO Box 1720
Rancho Cordova CA 95741-1720

Tel (916) 845-3338
Fax (916) 843-6041
Robert.dunn@ftb.ca.gov

EXHIBIT 16

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

February 3, 2009

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax and Mail This Date

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 435770 (Tax Year 1991)
        Case ID No. 446509 (Tax Year 1992)
        Opposition to FTB's Rule 5522.8(b)(5) Request

Dear Diane:

On Friday, January 30, 2009, we received from FTB a copy of a Memorandum, dated January 27, 2009, from FTB to Chief, Board Proceedings, in the above matters. In that Memorandum, FTB requested this Board grant a "postponement" under Rule 5522.8(b)(5), and requested the above matters "be *removed* from the appeal calendar until FTB has notified your Board that its investigation is complete." (Emphasis added.)

For the reasons set forth below, appellant strongly objects to both of FTB's requests.

FTB makes its request under the "catch-all" provision of Rule 5522.8(b)(5), which provides in full: "The Chief Counsel may, with the consent of the Board Chair, grant a deferral or postponement for any reason." The reason the request is being made under that specific subsection is that the request does not meet any of the specific situations which the Board contemplated as grounds for a postponement when it drafted Rule 5522.8. Note what FTB does not allege as its grounds: postponement because of illness (§5522.8(b)(1)(A)); postponement because of a scheduling conflict (§5522.8(b)(1)(B)); postponement because of a new representative (§5522.8(b)(1)(C)); postponement by agreement of the parties (§5522.8(b)(1)(D)); postponement for possible settlement consideration (§5522.8(b)(1)(E)); postponement because of pending formal settlement negotiations (§5522.8(b)(2)); postponement because of other pending litigation (§5522.8(b)(3)); or postponement because of a bankruptcy action (5522.8(b)(4)).

FTB's "any reason" Rule 5522.8(b)(5) request appears to be based on two grounds. First, FTB states "part" of the reason for the request is "simply the time and work required to

sa-58206

**MORRISON | FOERSTER**

Diane Olson
February 3, 2009
Page·Two

adequately address all the new documentation and legal issues." (FTB Memo, p. 2.)  But
FTB states the "central reason" for its request "is that FTB will need time to investigate the
new alleged facts, which may require time for legal process." (FTB Memo, p. 2.)

Neither ground justifies an <u>indefinite</u> postponement of these appeals – which is what FTB
asks of this Board.  At long last, Mr. Hyatt is finally free of the FTB's lack of procedural
time lines for processing audits and protests, and has finally found refuge before this Board
which does have procedural time lines.  Undaunted, FTB now seeks to evade them.  Indeed,
FTB presumes to tell this Board that FTB will file its brief when <u>it</u> is ready. ("FTB will
contact the Board promptly when complete."  FTB Memo, p. 2.)

As set forth in Mr. Hyatt's 1991 and 1992 Opening Briefs, in addition to the audit, FTB took
<u>over eleven years</u> to act on his protest for the 1991 disputed period, and took <u>over ten years</u>
to act on his protest for the 1992 disputed period.  There were literally years at a time that the
taxpayer received no correspondence from FTB, no indication FTB was actively working on
the protests and no response to Mr. Hyatt's evidence and arguments.  Despite specific and
repeated requests by Mr. Hyatt to act on the protests so that he could proceed with his
administrative appeal to this Board, FTB took no action and continued to let the protests
languish, leaving Mr. Hyatt at FTB's mercy to move the case forward on whatever time line
FTB unilaterally chose.  All the while, interest has continued to accrue and compound at an
exponential rate.  When FTB finally acted on November 1, 2007 on the taxpayer's protests
after a ten/eleven year delay, it gave the taxpayer 30 days to respond to its 50-page
Determination Letter with "[n]o extension to the thirty day response period [to] be granted."
FTB's issuance of a 50-page, single-spaced Determination Letter, after having eleven years
to consider the documentation and information submitted by the taxpayer, with a 30-day
response period, was particularly flagrant because of the fraud penalties, the issues of
significant FTB errors, and the substantial amounts of the assessments of taxes, penalties and
interest.  Moreover, FTB made a substantive determination against the taxpayer on a
California source income theory, for the first time in the history of this case,[1] in the
Determination Letter.  In fact, the source income issue by itself consumed 19 pages of the
50-page Determination Letter.  Yet, FTB limited Mr. Hyatt to 30 days to respond to this new
issue as well as all other issues.  Moreover, the FTB alleged facts in the Determination Letter
in support of its residency assessment that were rebutted years ago by Mr. Hyatt at protest,
and FTB never responded at protest to that rebuttal.

FTB correctly recites that this Board originally set the due date for both of Mr. Hyatt's
opening briefs as July 31, 2008 and then granted three successive filing extensions, with both
briefs being timely filed on December 9, 2008.  Thus, Mr. Hyatt briefed both appeals –

---

[1] Whereas FTB declined to give Mr. Hyatt additional time to respond to the FTB's new source argument raised
in the FTB Protest Determination letter, FTB claims it needs both appeals completely <u>postponed</u> because Mr.
Hyatt raises "issues of first impression in this forum" on the impact of the Nevada jury verdict. (Memo, p. 2.)



MORRISON | FOERSTER

Diane Olson
February 3, 2009
Page Three

responding to FTB's 50-page determination letter which FTB had eleven years to write –
within an extension of less than five months.  But FTB does not seek here an extension of
five months or an extension of any fixed period for that matter – it seeks an open-ended
extension.  As set forth above and in his 1991 and 1992 Opening Briefs, Mr. Hyatt is well
aware of FTB's interest in intentionally delaying resolution of these cases.[2]  We respectfully
request this Board not permit such delays to continue.

FTB refers to four file boxes of supporting exhibits and "new alleged facts." (FTB Memo, p.
2.)  The breadth of the exhibits provided with the opening briefs in these matters was for the
benefit of this Board which has not worked with these protests for eleven years – as has FTB
– and which does not have its own full set of documents from the audits, protests, and
Nevada Litigation in *Hyatt v. FTB* – as does FTB.  *Very* few of the documents in those three
boxes are not found in FTB's audit, protest and litigation files.  Mr. Hyatt did provide
additional affidavits as part of his appeal, which he is entitled to do under this Board's rules,
in support of his case, and such affidavits are not unusual in SBE appeals.  As explained in
the 1991 and 1992 Opening Briefs, these affidavits were provided because FTB continually
requires more and more proof, e.g., beyond what was submitted many years ago in
connection with Mr. Hyatt's October 4, 2000 190-page protest supplement letter for 1991,
and Mr. Hyatt's September 27, 2000 132-page protest supplement letter for 1992.  We urge
this Board to quickly review FTB's November 1, 2000 Protest Determination Letter (Exhibit
1 in the above appeals), for it is evident FTB did not concede any facts as part of that
determination.  Mr. Hyatt is entitled to respond to the FTB's Protest Determination Letter –
that is the very purpose of the SBE appeal – and to continue to argue facts which FTB will
not concede.[3]

In conclusion, FTB had eleven years to draft its Protest Determination Letter, and Mr. Hyatt
responded to that letter before this Board under extensions which totaled less than five
months.  FTB has approximately 120 attorneys and staff in the Legal Division,[4] and certainly
should be able to respond within the same timeframe.  Accordingly, we do not oppose this
Board giving FTB a fixed time extension in which to file its briefs in these matters, ideally in

---

[2] Most recently at a hearing on January 29, 2009 in Las Vegas in *Hyatt v. FTB*, Judge Walsh denied the FTB's
motion for a new trial.  In denying the ruling, Judge Walsh stated on the record that "Hyatt presented substantial
evidence that FTB consciously and purposely delayed the protests…"  The pertinent pages of that transcript are
attached hereto as Exhibit A.

[3] For the record, we also disagree with FTB's emphasis on the "newness" of the affidavits.  Many of the affiants
were witnesses at trial in *Hyatt v. FTB*, and/or were listed on Mr. Hyatt's NV Rule 16.1 witness disclosure in
*Hyatt v. FTB*, and/or were deposed in connection with *Hyatt v. FTB*, and/or submitted affidavits in the FTB
protests.  Almost all were known to FTB, or should have been known to FTB, with reasonable diligence, as a
result of FTB's audit, protests and discovery in the course of the Nevada litigation.

[4] *See* FTB Legal Division, Staff Directory, 2/2/2009:  http://www.ftb.ca.gov/law/directory.shtml.

sa-58206

**MORRISON** | **FOERSTER**

Diane Olson
February 3, 2009
Page Four

the range of four months which is comparable to the extensions given this Board to Mr. Hyatt. However, we strongly oppose FTB's request to completely remove this case from any briefing schedule by giving FTB an open-ended postponement. FTB should not be permitted to "consciously and purposely" (*see* Exhibit A, p. 30) delay Mr. Hyatt's appeals in the above matters.

While somewhat premature in light of FTB's request for a postponement of briefing, Mr. Hyatt does not object, and would welcome, a pre-hearing conference under Rule 5443(b) at the appropriate time "after the conclusion of briefing."

Please do not hesitate to contact me if you have any questions or require additional information.

Sincerely,

Eric J. Coffill
Counsel for Appellant

Encl.

cc: Gilbert P. Hyatt (w/o encl.)
    Robert W. Dunn, FTB (w/encl.)
    Kristine Cazadd, Chief Counsel (w/encl.)
    Hon. Betty T. Yee (Chairwoman) (w/encl.)

sa-58206

EXHIBIT A

02/03/2009 17:15 FAX 9164483222      MOFO SACRAMENTO                     ☒007

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| GILBERT HYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| THE FRANCHISE TAX BOARD OF | ) |
| THE STATE OF CALIFORNIA, | ) A382999 |
| | ) |
| Defendant. | ) Dept. X |
| _____ | ) |

HEARING ON POST-TRIAL MOTIONS

LAS VEGAS, NEVADA

JANUARY 29, 2009

REPORTED BY: KIMBERLY A. FARKAS, RPR, CRR, CCR 741
LS&T JOB NO. 1-102554

HEARING ON POST—TRIAL MOTIONS — 1/29/2009

Page 2

1          PROCEEDINGS held at 200 Lewis Avenue, Courtroom

2     14B, Las Vegas, Nevada, on Thursday, January 29, 2009,

3     at 9:06 a.m., before Kimberly A. Farkas, Certified

4     Court Reporter, in and for the State of Nevada.

5

6     APPEARANCES:

7

8     For the Plaintiff:

9               MARK A. HUTCHISON, ESQ.
                PETER C. BERNHARD, ESQ.
10              DONALD KULA, ESQ.
                MICHAEL WALL, ESQ.
11

12

13    For the Defendant:

14              PATRICIA LUNDVALL, ESQ.
                CARLA HIGGINBOTHAM, ESQ.
15              ROBERT L. EISENBERG, ESQ.

16

17

18

19

20

21

22

23

24

25

HEARING ON POST-TRIAL MOTIONS - 1/29/2009

Page 3

```
 1              LAS VEGAS, NEVADA, THURSDAY, JANUARY 29, 2009;
 2                             9:06 A.M.
 3                             -o0o-
 4
 5              THE COURT:  We have a court reporter in the
 6     courtroom.  We should probably make a record of that.
 7              Can we ask your name, please.
 8              THE REPORTER:  Kim Farkas.
 9              THE CLERK:  Case Number A382999, Gilbert
10     Hyatt versus California State Franchise Tax Board.
11              MS. LUNDVALL:  Your Honor, Pat Lundvall
12     with McDonald, Carano, Wilson.  With me here today is
13     Carla Higginbotham.  Also Bob Eisenberg from the firm
14     of Lemons, Grundy & Eisenberg.  Karen Sorwerck, our
15     paralegal, who is going to help me from a technical
16     standpoint.  Have a client representative here with me
17     today, Scott DePeel from the FTB.
18              MR. HUTCHISON:  Good morning, Your Honor.
19     Mark Hutchison on behalf of Mr. Hyatt.  I think you
20     know everyone from our side.  Mr. Kula is with us,
21     along with my client, Mr. Hyatt, is here at counsel
22     table.  Pete Bernhard and Mike Wall also representing
23     Mr. Hyatt.
24              THE COURT:  Very well.  Thank you.  All
25     right.  There were several motions on calendar this
```

HEARING ON POST-TRIAL MOTIONS - 1/29/2009

```
 1              THE COURT:  Anything else?
 2              MS. LUNDVALL:  No, Your Honor.
 3              THE COURT:  I'm going to step down for
 4      about five minutes and then I'll give you my ruling.
 5              MR. HUTCHISON:  Thank you, Your Honor.
 6              (Short recess)
 7              THE COURT:  Thank you for indulging me.  I
 8      appreciate it.
 9              With respect to FTB's renewed motion for
10      judgment as a matter of law, FTB essentially relies on
11      previously unsuccessful arguments.  So for all the
12      reasons that the Court considered previously and
13      cited, this motion is denied.
14              With respect to FTB's motion to alter or
15      amend judgment, first, the statutory damages cap.  Key
16      comparison here is immunity, not the monetary limit.
17      In California FTB would have complete sovereign
18      immunity as it argues in its reply.  In Nevada a state
19      agency has no immunity for intentional torts.
20      Therefore, applying California code would contravene
21      Nevada's public policy that state agencies are
22      answerable in Court for their intentional torts.
23              FTB stretches the law of the case by
24      arguing it has already been determined that FTB should
25      be granted comity on all issues.  If that were true,
```

HEARING ON POST-TRIAL MOTIONS - 1/29/2009

1      With respect to publicity of private facts
2  versus false light.  The demand letters and litigation
3  roster contained both private facts and inaccurate
4  information.  The jury considered these causes of
5  action and appreciated that they did not conflict.
6  The verdict should not be disturbed.
7      With respect to the issue of judicial
8  notice.  FTB never explains how taking judicial notice
9  in this particular matter warrants a new trial.  FTB's
10  manuals reference the California Information Practices
11  Act.  That was the Court's understanding why Hyatt
12  argued FTB was required to comply with those laws.
13  It's not so much that FTB violated the law, but it
14  violated its own policies and procedures.
15      With respect to demands to furnish
16  information.  FTB misstates Judge Seda's ruling which
17  was limited to the issue of Hyatt's residency.  FTB
18  does not demonstrate that this issue was improperly
19  ruled upon or warrants a new trial.
20      With respect to the protective order.  It's
21  apparent that FTB believes very strongly in its
22  position that the protective order was improper.  That
23  is the law of the case, however.  Hyatt exercised its
24  rights under the protective order by refusing to
25  provide evidence.  FTB cites no improper action by

HEARING ON POST-TRIAL MOTIONS - 1/29/2009

1    Hyatt in that refusal, and that refusal alone is

2    insufficient basis that Hyatt refused protective order

3    and caused FTB to delay the protests.  Hyatt presented

4    substantial evidence that FTB consciously and

5    purposely delayed the protests, nothing to do with the

6    protective order.

7              With respect to tax amnesty legislation.

8    FTB does not really elucidate any basis for new trial

9    on these grounds.

10             With respect to luminous other evidentiary

11   arguments, it appears to the Court that FTB

12   essentially attempts to argue every evidentiary ruling

13   made throughout this litigation, and FTB is not

14   persuasive in any particular of these issues and there

15   are too many and too numerous for the Court to go

16   through on a case-by-case basis.

17             All right.  I think we can move on to the

18   other two items that remain.

19             MS. LUNDVALL:  Thank you, Your Honor.  I'm

20   going to move on to FTB's motion to retax costs.  And

21   I'm going continue to be sensitive to the time

22   limitations that we have.

23             One thing that I would observe up front is

24   that there is no limitation on what out-of-pocket

25   costs that an attorney can incur in trying to put

237

EXHIBIT 17



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-2270 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

February 6, 2009

Robert W. Dunn
Franchise Tax Board - Legal Branch
P.O. Box 1720 - Legal (MS A2.60)
Rancho Cordova, CA 95741-1720

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Dunn:

This letter acknowledges receipt of your letter requesting an extension to file an opening brief. Your extension is granted with a due date of **June 7, 2009**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

California Code of Regulations, title 18, section 5522.8, subdivision (b) states:

"A Board Member, Appeals Staff, or any party to a matter may request that a hearing or the due date of any brief be deferred or postponed for reasonable cause. Requests for deferral or postponement must be submitted to the Chief of Board Proceedings."

Subdivision (b)(1)(F) of that section further provides that deferrals or postponements for short periods of time may be granted under "[a]ny other facts or circumstances determined by the Chief of Board Proceedings and the Chief Counsel to constitute reasonable cause."

Sincerely,

Diane Olson, Chief
Board Proceedings Division

cc:    Eric J. Coffill
       Morrison & Foerster LLP
       400 Capitol Mall, Suite 2600
       Sacramento, CA 95814-4428

       cc's: continued on next page
cc's: continued on next page

Hyatt, 435770                    -2-                    February 6, 2009

cc:     Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV 89180



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-2270 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

February 6, 2009

Robert W. Dunn
Franchise Tax Board - Legal Branch
P.O. Box 1720 - Legal (MS A2.60)
Rancho Cordova, CA 95741-1720

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Dunn:

This letter acknowledges receipt of your letter requesting an extension to file an opening brief. Your extension is granted with a due date of **June 7, 2009.**

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

California Code of Regulations, title 18, section 5522.8, subdivision (b) states:

"A Board Member, Appeals Staff, or any party to a matter may request that a hearing or the due date of any brief be deferred or postponed for reasonable cause. Requests for deferral or postponement must be submitted to the Chief of Board Proceedings."

Subdivision (b)(1)(F) of that section further provides that deferrals or postponements for short periods of time may be granted under "[a]ny other facts or circumstances determined by the Chief of Board Proceedings and the Chief Counsel to constitute reasonable cause."

Sincerely,

Diane Olson, Chief
Board Proceedings Division

cc:     Eric J. Coffill
        Morrison Foerster
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814

cc:'s continued on next page

Hyatt, 446509                     -2-                    February 6, 2009

cc:     Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV  89180

# EXHIBIT 18

chair John Chiang
member Betty T. Yee
member Michael C. Genest

State of California
**Franchise Tax Board**

Date: 05.20.09

Case:       7150053859256143
Case Unit:  7150053859256163
In reply refer to:  410:RWD

Chief Board Proceedings Division
State Board of Equalization
450 N Street, MIC 81
Sacramento, CA 95814

Regarding:         Appeal of Gilbert P. Hyatt
Appeal Case ID No:  446509 & 43577
Taxable Year(s):     1991 and 1992

Dear Ms. Olson:

Your letter granting FTB a June 7, 2009, due date for its Opening Brief in this matter refers to California Code of Regulations, title 18, section 5522.8, subdivision (b)(1)(F), deferrals or postponements for short periods of time may be granted under facts or circumstances determined by the Chief of Board Proceedings and the Chief Counsel to constitute reasonable cause. This letter requests a 60 day filing extension.

FTB has been diligently preparing its Opening Brief in this matter. As part of that process FTB asked Mr. Hyatt in a March 16, 2009, letter, sent to his counsel, to voluntarily assist in arranging the examination of six of the affiants first made known to FTB with the filing of his Opening Brief to your Board on December 9, 2008. Recall that the legal conclusions argued in Mr. Hyatt's Opening Brief are supported by 35 affidavits and one declaration. 26 of those affidavits are entirely new to this matter, and 20 of those are from witnesses entirely new to this matter. Mr. Hyatt refused to assist. (You have been copied on all the above correspondence.)

FTB then processed administrative subpoenas and served them on three of Mr. Hyatt's new affiants. (Your Board and Mr. Hyatt's counsel were provided copies.) The deposition of the first witness commenced today (May 20, 2009). The second witness is scheduled to be deposed tomorrow (May 21, 2009), and the third next week (May 27, 2009). FTB is also preparing to serve three of Mr. Hyatt's out-of-state affiants with subpoenas. This process is taking slightly more time because of the nature of foreign depositions. FTB is working with the California Attorney General on this process which is expected to be finished very soon. It should be noted that FTB approached the out-of-state affiants to request they voluntarily sit for depositions. They refused to talk to FTB voluntarily, indicating they were represented by counsel. They each named Mr. Hyatt's attorneys as their counsel.

FTB PASS 2133 (REV 02-2009)
Appeals/Correspondence/FTB Extension Request
Page 1 of 2

Legal Division MS A260
PO Box 1720
Rancho Cordova CA 95741-1720

Tel (916) 845-3338
Fax (916) 843-6041
ftb.ca.gov

05.20.09
Appeal of                : Gilbert P. Hyatt
Appeal Case ID No.   : 446509 & 43577

FTB intends to incorporate any relevant information obtained from these examinations into its Opening Brief.

A second basis for this 60 day extension request is the legal and factual complexity, and the enormous paper record, presented to FTB with Mr. Hyatt's Opening Brief. As you and your staff are well aware Mr. Hyatt's Opening Brief and boxes of Exhibits are substantial. The arguments and factual representations made in Mr. Hyatt's Opening Brief require FTB to incorporate significant amounts of evidence not included or referenced in Mr. Hyatt's submissions. FTB's Opening Brief will do its best to address every material fact and legal argument necessary to comprehensively present and support the California tax law issues involved. Because FTB is now very aware of the scope of this task, we request a page limit extension to 300 pages (otherwise in conformance with your Board's rules on format). Even that limit will require economical use of space.

Mr. Hyatt, in lengthy letters to (or copied to) your Board from his counsel that seem to follow each FTB communication with Board Proceedings, has engaged in attacks on FTB related to the length of time between the conclusion of audit and the conclusion of the protest process. Mr. Hyatt also attempts to inject his version the meaning of events occurring in his ongoing tort litigation against FTB in Nevada. First, Mr. Hyatt has requested interest abatement for the period between the audit and protest conclusion, and, therefore, this is an issue addressed in great detail, referencing supporting evidence, within FTB's Opening Brief. Second, Mr. Hyatt has argued the significance of his Nevada litigation within his Opening Brief, and FTB will respond in kind, referencing supporting evidence. While FTB has deliberately refrained from responding to improper argument in Mr. Hyatt's letters to Board Proceedings, it should be noted for the record that FTB not only disagrees with the merits of Mr. Hyatt's arguments in those letters, but FTB will demonstrate (properly, within its Opening Brief) that Mr. Hyatt's arguments are knowingly disingenuous.

In his last letter to your Board Mr. Hyatt said he would "strenuously object" to any request by FTB for any extension, even though Mr. Hyatt took almost one year from the filing of his notice of appeal to the filing of his Opening Brief with your Board. FTB will provide a fax copy of this letter to Mr. Hyatt's counsel so he can timely commence his opposition, if he so desires. FTB asks only that he refrain from making argument properly placed within briefs to your Board, and, if not, that your Board ignore such improper argument.

I am available to answer any questions at the phone and facsimile numbers below.

Sincerely,

Robert W. Dunn
Tax Counsel IV

cc:    Eric Coffill (By fax only)

EXHIBIT 19

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 27, 2009

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax and U.S. Mail This Date

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 435770 (Tax Year 1991)
        Case ID No. 446509 (Tax Year 1992)
        Opposition to FTB's Rule 5522.8(b)(1)(F) Request

Dear Diane:

On May 20, 2009, we received from FTB a copy of a Memorandum, dated May 20, 2009, to Chief, Board Proceedings Division, in the above matters. In that Memorandum, FTB requests under Rule 5522.8(b)(1)(F) a 60-day filing extension for its opening brief.

For the reasons set forth below, appellant strongly objects to FTB's request.

Rule 5522.8(b)(5)(F) ("Rule") states the Chief Counsel may grant a deferral or postponement based on "any other facts or circumstances determined by the Chief of Board Proceedings and the Chief Counsel to constitute reasonable cause." Note what FTB does not allege as its grounds: postponement because of illness (§5522.8(b)(1)(A)); postponement because of a scheduling conflict (§5522.8(b)(1)(B)); postponement because of a new representative (§5522.8(b)(1)(C)); postponement by agreement of the parties (§5522.8(b)(1)(D)); postponement for possible settlement consideration (§5522.8(b)(1)(E)); postponement because of pending formal settlement negotiations (§5522.8(b)(2)); postponement because of other pending litigation (§5522.8(b)(3)); or postponement because of a bankruptcy action (5522.8(b)(4)).

Accordingly, the inquiry under the Rule is strictly whether there are "other facts or circumstances" to show "reasonable cause" justifying FTB's 60-day request. We submit the answer to this question is "no."

FTB presents two grounds for its request, neither of which is meritorious.

**RECEIVED**

MAY 2 9 2009

Board Proceedings

sa-59121

MORRISON | FOERSTER

Diane Olson
May 27, 2009
Page Two

First, FTB explains that it is pursuing six administrative subpoenas with respect to affidavits attached as exhibits to Mr. Hyatt's opening brief, and explains that "FTB intends to incorporate any relevant information obtained from these examinations into its Opening Brief."[1] (Memo, p. 2.) What FTB does not state is why still <u>more</u> additional time to file its opening brief is required for this subpoena exercise. On January 30, 2009, FTB wrote this Board and asked either for a "postponement" or for the appeal to be "removed" from the Board's appeal calendar. That January 30th FTB request specifically referred to "new" affidavits being exhibits to Mr. Hyatt's brief and stated, "...<u>the central reason for this request is that FTB will need time to investigate alleged facts, which may require time for legal process.</u>" (1/27/09 Memo from FTB to SBE, p. 2, emphasis added.) This Board on February 6th denied both requests (i.e., postponement and deferral) and instead granted FTB an <u>additional three months</u>, i.e., from March 9, 2009 to June 7, 2009, to file its opening brief.

Having already obtained a three-month extension, FTB now simply repeats its prior request to the Board for additional time to investigate. That ground already has been raised and rejected by Board Proceedings. FTB already has been given more than ample time since Appellant's Opening Briefs were filed on <u>December 9, 2008</u>. As FTB notes, three subpoenas already have been served and this Board can verify from its service of "courtesy copies" that all three subpoenas were issued on April 30, 2009. If FTB needed more time for this exercise, it should not have waited until April 30th to issue those subpoenas, i.e., nearly five months after Mr. Hyatt's briefs were filed. Clearly, FTB knew when it made its first request on January 30th that it intended to pursue these subpoenas through "legal process." Yet, FTB waited until April 30th, an additional three months, to issue these subpoenas. Moreover, two of those depositions have taken place <u>already</u> and the third is taking place today. FTB's letter also speaks of three out-of-state subpoenas they are pursuing. Again, FTB has had since December 9, 2008 for this investigative exercise, and not only are they now asking for more time for more discovery, they still have not even served those alleged additional subpoenas. Moreover, the fact the individuals have apparently informed FTB they do not wish to talk voluntarily, or the fact this firm cannot somehow facilitate FTB's interviews of those individuals (for the reason, as we have informed FTB, twice, in letters dated March 26, 2009 and April 20, 2009, that we do not represent any of these individuals) for the convenience of FTB, is no excuse for FTB's failure to timely proceed with whatever additional investigation it felt was needed[2] in this matter.

---

[1] FTB states on page 1 of its Memorandum "Mr. Hyatt's Opening Brief [is] supported by 35 affidavits and one declaration. 26 of those affidavits are entirely new to this matter, and 20 of those are from witnesses entirely new to this matter." However, FTB fails to acknowledge that of the allegedly 20 "entirely new" witnesses, most are identified in the protest record and FTB had ample time at protest (*see* fn. 2) to "investigate" these potential witnesses as it saw fit.

[2] Query, at what point does FTB plan to be done "investigating" Mr. Hyatt's case? EVER?? First, FTB already conducted an audit of Mr. Hyatt before issuing NPAs. Then on protest, FTB asked Mr. Hyatt innumerable

MORRISON | FOERSTER

Diane Olson
May 27, 2009
Page Three

In sum, it is not "reasonable" under the Rule to give FTB yet another 60 days for briefing, after having been given one extension, after having been denied its prior request for an open continuance or for complete deferral of the appeals, and with Mr. Hyatt having filed his briefs nearly six months ago in December 2008. FTB should not be given any additional time on this ground.[3]

Second, FTB explains a new extension is needed because of the "legal and factual complexity" of this case. We respond that this case did not become more legally or factually complex since the time FTB made its prior request for an extension for time, which Board Proceedings partly granted until June 7th. For decades, FTB has audited and reviewed this case on protest. Accordingly, an additional extension of 60 days at this time based on legal and factual complexity is not "reasonable" under the Rule and should not be granted.

Finally, two additional points require response.

Buried in FTB's Filing Extension Request under Rule 5522.8(b)(1)(F) appears to be a stealth request by FTB to file a 300-page opening brief. Because this request is not made under authority of any cited Board rule, the request is not properly before this Board and can and should be ignored. In any event, we strongly oppose such a request – but if your Board is willing to grant FTB's request, then Mr. Hyatt requests the right to file a 300-page reply brief in response.[4]

Next, FTB accuses Mr. Hyatt and his counsel of engaging in attacks and "disingenuous" arguments in response to prior communications by FTB with Board Proceedings. (Memo, p.

---

additional questions and for many additional documents. Then as set forth in Mr. Hyatt's 1991 and 1992 Opening Briefs, in addition to the audit, FTB took over eleven years to act on his protest for the 1991 disputed period, and took over ten years to act on his protest for the 1992 disputed period. We ask this Board to look to its own experience in FTB appeal cases and ask itself, in how many of those cases has the FTB (after audit and protest) continued its investigation and issued its own administrative subpoenas, as in this case, to depose individuals that are not even parties to the case while the SBE appeal is pending? We respectfully suggest that as a policy matter, continuing to give FTB more and more time at the SBE level to continue to investigate cases on appeal to your Board undermines the purpose of the audit and protest proceedings, and is a very "slippery slope."

[3] We point out that FTB is always free to request permission from Board Proceedings, at a later time, to file a supplemental brief, e.g., a limited scope brief which would address "any relevant information obtained from these examinations…." (FTB Memo, p. 2) Our point here is that given the history of the case, holding up FTB's opening brief because FTB has chosen to now issue administrative subpoenas while the appeal is pending is not a "reasonable cause" under the Rule to cause the entire appeal briefing process to grind to a halt. Presumably FTB is ready to file its opening brief by June 7th on all points except these new six subpoena affiant depositions, as it certainly has had ample time to prepare to do so.

[4] Board Proceedings will recall that it denied Mr. Hyatt's requests for a 100-page opening brief in each appeal. (See June 30, 2008 letter from Eric Coffill to Diane Olson.)

sa-59121

**MORRISON** | **FOERSTER**

Diane Olson
May 27, 2009
Page Four

2.) We will not dignify FTB's claims with a response, and we defer to your Board's
judgment on the propriety of all our communications with Board Proceedings in this matter.

Please do not hesitate to contact me if you have any questions or require additional
information.

Sincerely,

Eric J. Coffill
Counsel for Appellant

cc: Gilbert P. Hyatt
    Robert W. Dunn – by fax

EXHIBIT 20

STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916 • 322-3084 FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

May 29, 2009

Robert W. Dunn – Tax Counsel IV
Franchise Tax Board - Legal Branch
P.O. Box 1720 - Legal (MS A2.60)
Rancho Cordova, CA 95741-1720

Appeal of Gilbert P. Hyatt
Case ID No. 435770, 446509

Dear Mr. Dunn:

This letter acknowledges receipt of your letter received May 20, 2009, requesting an extension. Your extension is granted with a due date of **July 28, 2009**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

> "Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8."

We also acknowledge your request for a page limit extension for the Franchise Tax Board's opening brief. Your request is granted for additional pages not to exceed **175 pages**.

California Code of Regulations, title 18 section 5430, subdivision (e), states:

> "All briefs must be no longer than 30 double-spaced 8 ½" by 11" pages, or 15 single-spaced 8 ½ by 11" pages, excluding any table of contents, table of authorities, and exhibits. All briefs must be handwritten or typed, and printed only on one side in a type-font size of at least 10 points or 12 characters per inch. The Chief of Board Proceedings may grant an exception to these requirements upon written request that establishes why an exception is necessary.

Sincerely,

Diane J. Olson

Diane Olson, Chief
Board Proceedings Division

cc's: See next page

Hyatt, 435770, 446509                    -2-                           May 29, 2009

cc:    Eric J. Coffill
       Morrison & Foerster LLP
       400 Capitol Mall, Suite 2600
       Sacramento, CA  95814-4428

       Gilbert P. Hyatt
       P.O. Box 81230
       Las Vegas, NV  89180

# EXHIBIT 21



State of California
**Franchise Tax Board**

Legal Division MS A260
PO Box 1720
Rancho Cordova CA 95741-1720
tel: (916) 845-3338  fax: (916) 843-6041
ftb.ca.gov

chair John Chiang | member Betty T. Yee | member Michael C. Genest

Date: 07.15.09

Case:            7150053859256143
Case Unit:       7150053859256163
In reply refer to:   410:RWD

Chief Board Proceedings Division
State Board of Equalization
450 N Street, MIC
Sacramento CA 95814

RECEIVED
JUL 1 6 2009
Board Proceedings

Regarding:         Appeal of Gilbert P. Hyatt
Appeal Case ID No:  446509 & 435770
Taxable Year(s):   1991 and 1992

Dear Ms. Olson:

FTB requests an extension to file its opening brief in this matter to September 1, 2009. The reason for this request is that Mr. Hyatt's witnesses who provided affidavits to support Mr. Hyatt's opening brief, and who FTB had subpoenaed and scheduled for deposition in Las Vegas, Nevada on July 17 and July 20, respectively, have requested that their depositions be moved to August 4 and August 12, 2009. FTB wants to complete these depositions and incorporate any relevant testimony in its opening brief. (Recall that FTB initially asked Mr. Hyatt's counsel to cooperate and schedule these affiants for depositions on March 16, 2009. It has taken much effort and expense to subpoena these out of California witnesses.) It takes about one week after the deposition to obtain an official transcript, and FTB requests about one week thereafter to incorporate any findings.

FTB and Mr. Hyatt's counsel were very close to agreement on stipulating to the September 1, 2009, due date in exchange for the Nevada deposition reschedule. I've attached our draft language. Unfortunately, we have not as yet come to agreement on some of the language.

Please let me know as soon as possible if you will grant this short extension. Mr. Hyatt's counsel have filed a motion for a protective order in Clark County District Court, Las Vegas, and a hearing is now scheduled for Friday at 10:30 a.m. A granted extension could remove this hearing from the schedule and prevent FTB from flying counsel to Nevada, and requiring the presence of our paid Nevada counsel. Thank you.

Robert W. Dunn
Tax Counsel IV

cc:    Eric Coffill

EXHIBIT 22

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

July 16, 2009

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax and U.S. Mail This Date

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 435770 (Tax Year 1991)
        Case ID No. 446509 (Tax Year 1992)
        Opposition to FTB's Request for Extension of Time

Dear Diane:

We are in receipt of the FTB's fax request, which we received at 4:59 p.m. on July 15th, for another extension of time, to September 1, 2009, in which to file its opening briefs in these two appeals.

The FTB's request correctly states the parties were in the process of attempting to reach a stipulation to provide FTB additional time to file its briefs. However, we disagree with FTB's characterization that the parties were "very close" to agreement on a stipulation. Essentially, the FTB insisted on leaving open its options to continue its investigations without limit and to seek additional extensions of time.

The FTB asks your Board to act quickly because of a motion for a protective order filed by Mr. Hyatt and which is scheduled for hearing in Nevada District Court this Friday at 10:30 a.m. That motion was reluctantly filed as a result of the FTB's refusal to reschedule the depositions of Rabbi and Mrs. Hecht. (A copy of the NV Hecht Motion is attached hereto.) The extension which FTB now seeks from this Board is not related to the pending Nevada hearing and should not enter into this Board's decision regarding additional time.

We oppose, in principle, any request by FTB for any additional time to file its opening briefs in these two appeals. FTB has already requested, and this Board has already granted, the two previous extensions of time requested by FTB on these same grounds, i.e., more time for

sa-59468

RECEIVED

JUL 1 7 2009

q8

Board Proceedings

MORRISON | FOERSTER

Diane Olson
July 16, 2009
Page Two

additional investigation. (*See* FTB's requests of Jan. 27, 2009 and May 20, 2009.) After both extensions were granted, FTB's briefs are currently due on July 28, 2009. Now at the 11th hour, FTB requests yet additional time.

FTB's claimed justification that two Nevada "subpoena depositions" must be reset (i.e., Rabbi and Mrs. Hecht) is not persuasive. It is purely the fault of the FTB in setting these two depositions on July 17th and July 20th - just over one week before the date its briefs were due - when it has had since December 10, 2008 (*See* SBE letter of 12/10/2008 giving FTB until March 9, 2009 to file its briefs) to take and complete whatever additional investigation (if any) it may have been entitled to undertake. Further, FTB did not coordinate these dates either with the Hechts or with their counsel before setting the depositions. The fact the Rabbi and his wife are unable to instantaneously bring their lives to a halt to accommodate the FTB's last minute depositions is not the fault of the Rabbi, his wife, or Mr. Hyatt. It is the fault of FTB in not wisely planning the use of its time since December 10, 2008. FTB seeks to continue its investigation concurrent with the SBE appeal process after it has issued NPAs and after Mr. Hyatt has filed his opening briefs, and now FTB seeks to delay further this SBE appeal process with yet another extension of time in order to continue its investigation.[1] We doubt the SBE will be desirous of moving to a tax adjudication model under which any new evidence presented on appeal at any time by any party to an action will automatically trigger depositions (i.e., examination under oath, with a court reporter, by an (FTB) attorney). Yet that is the model sought here by FTB during the pendency of Mr. Hyatt's SBE appeals, even following protests which lasted over ten years.

However, if this Board grants the FTB another extension until September 1, 2009, we respectfully ask that this Board make it *expressly clear* that no additional time will be granted past September 1, 2009 for any conceivable reason to be later advanced by FTB.

---

[1] As we already pointed out in our May 27, 2009 letter to this Board when FTB last requested an extension of time for filing its brief, query, at what point does FTB plan to be done "investigating" Mr. Hyatt's case? First, FTB already conducted an audit of Mr. Hyatt before issuing NPAs. Then on protest, FTB asked Mr. Hyatt innumerable additional questions and for many additional documents. Then as set forth in Mr. Hyatt's 1991 and 1992 Opening Briefs, in addition to the audit, FTB took over eleven years to act on his protest for the 1991 disputed period, and took over ten years to act on his protest for the 1992 disputed period. We ask this Board to look to its own experience in FTB appeal cases and ask itself, in how many of those cases has the FTB (after audit and protest) continued its investigation and issued its own administrative subpoenas, as in this case, to depose individuals that are not even parties to the case while the SBE appeal is pending? We respectfully suggest that as a policy matter, continuing to give FTB more and more time at the SBE level to continue to investigate cases on appeal to your Board undermines the purpose of the audit and protest proceedings, and is a very "slippery slope."

**MORRISON** | **FOERSTER**

Diane Olson
July 16, 2009
Page Three


Please do not hesitate to contact me if you have any questions or require additional information.

Sincerely,

Eric J. Coffill
Counsel for Appellant

Encl.

cc: Gilbert P. Hyatt (w/encl.)
    Robert W. Dunn (w/encl.) – by fax

1   **MPOR**
    John T. Steffen (4390)
2   Joseph R. Ganley (5643)
    HUTCHISON & STEFFEN, LLC
3   Peccole Professional Park
    10080 West Alta Drive, Suite 200
4   Las Vegas, NV 89145
    Tel:    (702) 385-2500
5   Fax:    (702) 385-2086
    Email: jsteffen@hutchlegal.com
6   Email: jganley@hutchlegal.com

7   Attorneys for Michelina Hecht and

8   Dr. Melvin Hecht

*FILED*

*2009 JUL 14 P 3: 29*

9

10                          **DISTRICT COURT**

11                       **CLARK COUNTY, NEVADA**

12   STATE OF CALIFORNIA FRANCHISE )CASE NUMBER A-09-593462-C
     TAX BOARD,                    )DEPT NUMBER  II
13                                 )
                                   )(Discovery Commissioner)
14   v.                            )
                                   )**MICHELINA HECHT AND DR.**
15   MICHELINA HECHT, et al.       )**MELVIN HECHT'S MOTION FOR**
                                   )**PROTECTIVE ORDER ON ORDER**
16   _____   )**SHORTENING TIME**

*7/17/09 1030am*

DISCOVERY COMMISSIONER

17          Michelina Hecht and Dr. Melvin Hecht, seek a protective order to prevent the taking of

18   their noticed depositions as noticed on July 17th and July 20th because Michelina Hecht and Dr.

19   Melvin Hecht have conflicting events (a marriage, out of state travel and doctor appointments)

20   on the dates currently scheduled for their depositions.  These events cannot be rescheduled and

21   the Hechts are unable to attend on the dates chosen by the Franchise Tax Board (the "FTB").

22   The Hechts have agreed to schedule the depositions approximately several weeks later (the first

23   two weeks of August) but counsel for FTB refuses to move the depositions to those dates.

24   Reluctantly, counsel for the Hechts now files this motion seeking relief from the Court.

25

26          This motion is being brought on an order shortening time because, if it were heard in the

27   ordinary course, it would not be decided prior to the noticed depositions.  This motion is made

28   pursuant to NRCP 26(c) and is based on NRCP 26(a), 30(b)(1), the affidavit of John T. Steffen,

1  the following memorandum of points and authorities, the pleadings and papers on file, and any

2  oral arguments that the Court may allow.

3     DATED this 14 day of July, 2009.

4

5                                    HUTCHISON & STEFFEN, LLC

6

7

8                                    John T. Steffen
                                     Joseph R. Ganley
9                                    Peccole Professional Park
                                     10080 West Alta Drive, Suite 200
10                                   Las Vegas, NV 89145

11
                                     Attorneys for Michelina Hecht and
12                                   Dr. Melvin Hecht

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 2 -

# ORDER SHORTENING TIME

GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED, that the time for the hearing on **MICHELINA HECHT AND DR. MELVIN HECHT'S MOTION FOR PROTECTIVE ORDER ON ORDER SHORTENING TIME** be shortened to this _17_ day of _July_____, 2009 at _1030_ a.m./p.m. before Discovery Commissioner Bulla.

DATED this _14_ day of July, 2009.

BONNIE A. BULLA
_____
**DISCOVERY COMMISSIONER BONNIE BULLA**

Submitted by:

HUTCHISON & STEFFEN, LLC

_____
John T. Steffen
Joseph R. Ganley
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

Attorneys for Michelina Hecht and
Dr. Melvin Hecht

- 3 -

## AFFIDAVIT OF JOHN T. STEFFEN IN SUPPORT OF MICHELINA HECHT AND DR. MELVIN HECHT'S MOTION FOR PROTECTIVE ORDER ON ORDER SHORTENING TIME

STATE OF NEVADA )
                  ) ss:
COUNTY OF CLARK )

I, John T. Steffen, being duly sworn, state as follows:

1.      I am an attorney for Hutchison & Steffen, LLC and counsel for Michelina Hecht and Dr. Melvin Hecht in the above captioned matter. Except where indicated below, I have personal knowledge of the factual matters of this litigation and am competent to make this affidavit.

2.      I make this affidavit in support of Defendants Michelina Hecht and Dr. Melvin Hechts Motion for Protective Order On Order Shortening Time.

3.      Defendants request that this motion be heard on an order shortening time because the depositions, which are the subject of this motion, are scheduled to be held within the next 10 days. If this motion is heard in its ordinary course, it will not be heard before then. This motion must be heard next week (the week of July 13, 2009).

4.      I have corresponded at length with the FTB's counsel, Scott DePeel, in an effort to negotiate the moving of Michelina Hecht and Dr. Melvin Hechts depositions. *See* letter from John T. Steffen to Scott DePeel dated July 13, 2009, attached hereto as Exhibit A.

5.      On July 10, 2009 and on July 13, 2009, I had telephonic EDCR 2.34 telephone discussions with Scott DePeel, staff counsel for the California Franchise Tax Board, regarding our request to reschedule the depositions. Counsel for FTB has not agreed to move Michelina Hecht and Dr. Melvin Hechts depositions as requested because he had deadlines which made it

- 4 -

1  unable for him to move the depositions to the beginning of August.

2      6.    The parties are unable to resolve the conflict without judicial intervention

3  because the FTB refuses to accommodate Michelina Hecht and Dr. Melvin Hechts scheduled

4

5  rehearsing and performing a wedding and out-of-state travel by moving their depositions.

6      7.    This affidavit is made pursuant to EDCR 2.26 and EDCR 2.34.

7

8  FURTHER YOUR AFFIANT SAYETH NAUGHT.

9  

10

11  JOHN T. STEFFEN

12

13  SUBSCRIBED and SWORN to before me
    this 14th day of July, 2009.

14

15  _____
    NOTARY PUBLIC

16

17  HEATHER N. GRACE
    Notary Public State of Nevada
    No. 00-64516-1
    My appt. exp. Aug. 22, 2012

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    Relevant Facts

The FTB filed this "miscellaneous" action on June 23, 2009, in a California court seeking commissions for administrative subpoenas in order to take out of state depositions in regard to two related administrative tax appeals now pending before the California State Board of Equalization (the "SBE").  The FTB seeks to depose Dr. Melvin Hecht and Michelina Hecht in Nevada.  The Hechts oppose the FTB's attempt to take the depositions on the scheduled dates since it would create an undue hardship for the Hechts.

The Hechts are not a party in the pending California tax proceeding.  They are potential witnesses in that proceeding.  The FTB commenced an audit of Gilbert P. Hyatt's 1991 tax year in 1993 and an audit of Hyatt's 1992 tax year in 1996.  In 1996, the FTB issued its proposed determination for Hyatt's 1991 tax year, and in 1997 the FTB issued its proposed determination for Hyatt's 1992 tax year.  Hyatt formally protested (appealed) both decisions by the FTB, and the FTB thereafter commenced the protest proceedings to reexamine the results of its audits.

The protest proceedings carried out by the FTB lasted over *ten years*.  On November 1, 2007 the FTB issued its final determination letter in regard to the two protests filed by Hyatt. On December 26, 2007, the FTB issued Notices of Action affirming its final assessment of taxes for each of the two tax years at issue.  These Notices of Action constituted final agency actions by the FTB, thereby allowing Hyatt to appeal to the SBE.  The FTB originally noticed the Hechts depositions for July 17th and July 20th.  *See* deposition notices attached hereto as Exhibit B.  On or about July 8, 2009, the Hechts counsel then contacted the Hechts and discovered that the Hechts had conflicts and could not attend depositions on those dates. Thereafter, Hechts counsel contacted FTB's counsel stating that the deponents could not make it on those dates, but could re-schedule to a date in early August.  *See* Affidavit from John T. Steffen.  The FTB refused to re-schedule the depositions despite compelling reasons to do so. Id.

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants, Michelina Hecht and Dr. Melvin Hecht, have never before requested a continuance of these depositions – this is their first request to do so. They are not attempting to avoid these depositions. The Hechts simply need to be given sufficient time to plan for and to schedule around these depositions. Rabbi Hecht is elderly, they both have poor health, and they both care for Ms. Hecht's 90 year old disabled mother who lives with them. Equally compelling is the fact that Rabbi Hecht is scheduled to rehearse and perform a wedding on the scheduled day of his deposition, Ms. Hecht is out of state on the scheduled date of her deposition, and they are scheduled to rehearse and perform weddings and have doctor appointments through the end of July and into August. *See* affidavits of Michelina Hecht and Dr. Melvin Hecht, attached hereto as Exhibit C. Despite these reasons being explained to the FTB's counsel, FTB refuses to move the noticed depositions for approximately two weeks (as requested by counsel for the Hechts) and FTB intends to proceed with the deposition, with or without the Hechts presence.

## 2. Discussion

Nevada Rule of Civil Procedure 26(c) states, in relevant part:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more the following: (1) that the discovery not be had.

## A. The Hechts are unavailable on the date noticed

Defendants' schedules simply do not allow for them to attend the depositions as scheduled. More specifically, Melvin Hecht will be performing a wedding on the July 17, 2009 date scheduled for his deposition, and Michelina Hecht will be out of state on the July 20, 2009 date scheduled for her deposition. In addition, the witnesses have wedding rehearsals,

- 7 -

1   weddings, and doctor appointment through the end of July and into August. *See* affidavits of

2   Michelina Hecht and Dr. Melvin Hecht, attached hereto as Exhibit C.

3

4        Making the Hechts appear for their scheduled depositions is an undue burden and

5   oppressive considering their age, responsibilities and schedules. Additionally, the FTB will

6   suffer no undue prejudice by the delay of the Hechts depositions to a date in early August,

7   2009. If the FTB has deadlines within which to complete its work, then it should have arranged

8   for these depositions in the many months that it delayed before scheduling these depositions.

9   The FTB's failure to take the depositions sooner should not now become the burden of the

10  Hechts.

11

12

13

14  ///

15

16

17

18  ///

19

20

21

22

23  ///

24

25

26

27

28

1

### 3.   Conclusion

2

3          Because the FTB has forced Rabbi Hecht and Ms. Hecht to file this emergency motion

4    on an order shortening time, Rabbi Hecht and Ms. Hecht, in addition to their request to have the

5    depositions moved to a more convenient date, respectfully request that they receive their

6    attorneys' fees and costs for having to file this motion.

7          DATED this 14 day of July, 2009.

8
                                              HUTCHISON & STEFFEN, LLC
9

10
                                              _____
11                                            John T. Steffen
                                              Joseph R. Ganley
12                                            Peccole Professional Park
                                              10080 West Alta Drive, Suite 200
13                                            Las Vegas, NV 89145
14

15                                            Attorneys for Michelina Hecht and
                                              Dr. Melvin Hecht
16

17

18

19

20

21

22

23

24

25

26

27

28

                                         - 9 -

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, LLC and that on this 14th day of July, 2009, I caused the above and foregoing document entitled **MICHELINA HECHT AND DR. MELVIN HECHT'S MOTION FOR PROTECTIVE ORDER ON ORDER SHORTENING TIME** to be served as follows:

[ X ]    by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

[ X ]    Pursuant to EDCR 7.26, to be sent **via facsimile;** and/or

[   ]    to be hand-delivered;

to the attorney(s) listed below at the address and/or facsimile number indicated below:

**via facsimile: (702) 873-9966**
James A. Bradshaw (1638)
McDonald Carano Wilson LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102

Attorney for the California Franchise Tax Board


An employee of Hutchison & Steffen, LLC

- 10 -

1

2

## AFFIRMATION
### Pursuant to NRS 239B.030

3   The undersigned does hereby affirm that the preceding **MICHELINA HECHT AND**

4   **DR. MELVIN HECHT'S MOTION FOR PROTECTIVE ORDER ON ORDER**

5   **SHORTENING TIME** filed in District Court Case No. A-09-593462-C does not contain the

6   social security number of any person.

7

8   Dated this ⌐4ᵗʰ⌐ day of July, 2009.

9                                              HUTCHISON & STEFFEN, LLC

10

11

12                                             John T. Steffen
                                               Joseph R. Ganley
13                                             Peccole Professional Park
                                               10080 West Alta Drive, Suite 200
14                                             Las Vegas, NV 89145

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

# EXHIBIT A

# HUTCHISON & STEFFEN

A PROFESSIONAL LLC
ATTORNEYS

MARK A. HUTCHISON
JOHN T. STEFFEN
JAMES H. RANDALL
JOSEPH R. GANLEY
L. KRISTOPHER RATH
MICHAEL K. WALL
SCOTT A. FLINDERS
MARK J. CONNOT

———

THOMAS L. STEFFEN
CHIEF JUSTICE NEVADA SUPREME COURT (RET.)
OF COUNSEL

———

FREDRICK P. WAID
OF COUNSEL
ADMITTED IN TEXAS ONLY

———

KEVIN J. BLAIR
OF COUNSEL

———

JANET TOLLESON
FIRM ADMINISTRATOR

PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NEVADA 89145
702-385-2500
FAX 702-385-2086
HUTCHLEGAL.COM

CHRISTINA M. ALEXANDER
KUHEN L. TAYLOR
RICHARD G. SMURTHWAITE*
DEIDRE J. CALL
PATRICIA LEE
TANYA N. LEWIS
G. ASA GINAPP
KEVIN M. SUTEHALL
KRISTOL B. GINAPP
TODD W. PRALL
STEPHEN J. MAYFIELD
SHANNON R. WILSON
CHRISTIAN M. ORME
JEFFREY R. HALL
CAMI M. PERKINS
TRACI L. CASSITY
JOHN H. GUTKE
DAVID W. GUTKE
JACOB A. REYNOLDS
STEVEN M. ROGERS
JEREMY C. COOLEY

*ADMITTED IN UTAH ONLY

July 13, 2009

<u>**Via Facsimile Only**</u> **(916) 843-6030**

Scott DePeel, Staff Counsel
California Franchise Tax Board

Re:     <u>Subpoena Duces Tecum to Melvin R. Hecht and Michelina Hecht</u>
        <u>Michelina Hecht, et al. adv. State of California Franchise Tax Board</u>
        Case No. A-09-593462-C

Dear Mr. DePeel:

You requested the following information in your telephone call to me this morning:
(1) Specific dates that the Hechts will be available for depositions; and (2) Whether Eric Coffill
would be willing to stipulate to give the FTB additional time (15 days after the depositions) to
file its brief in the SBE proceeding.

I will provide you with specific dates the Hechts are available for their depositions to be
taken during the first two weeks of August shortly.

Regarding the extension of time to file the FTB's brief, you will need to contact Eric
Coffill with that proposal. Joseph Ganley represents the Hechts and has no involvement with
Mr. Coffill or Hyatt's tax proceeding before the SBE.

Sincere regards,

HUTCHISON & STEFFEN, LLC

John T. Steffen
*For the firm*

JTS:hng

LAS VEGAS          RENO          SALT LAKE CITY          PHOENIX

# EXHIBIT B

1    **NOTC**
    JAMES W. BRADSHAW (1638)
2    McDONALD CARANO WILSON LLP
    2300 W. Sahara Avenue, Suite 1000
3    Las Vegas, NV 89102
    Telephone: (702) 873-4100
4    Fax: (702) 873-9966
    E-mail Address: jbradshaw@mcdonaldcarano.com
5    *Local Counsel for California Franchise Tax Board*

6                 **DISTRICT COURT**

7              **CLARK COUNTY, NEVADA**

| STATE OF CALIFORNIA FRANCHISE TAX BOARD, | Case No.:   A-09-593462-C<br>Dept. No.:   11 |
|---|---|
| Plaintiff, | **NOTICE OF DEPOSITIONS OF:** |
| v. | **DR. MELVIN R. HECHT**<br>**MICHELINA HECHT** |
| MICHELINA HECHT, et al., | |
| Defendants. | Date:   July 17, 2009 & July 20, 2009<br>Times:   9:30 a.m. |

TO:     ALL PARTIES OF RECORD AND THEIR COUNSEL:

     PLEASE TAKE NOTICE counsel for plaintiff STATE OF CALIFORNIA FRANCHISE

TAX BOARD will take the following depositions at the law offices of McDonald Carano Wilson

LLP, 2300 West Sahara Avenue, Suite 1000, Las Vegas, Nevada 89102:

     1.     Dr. Melvin R. Hecht – July 17, 2009 at 9:30 a.m.;

     2.     Michelina Hecht – July 20, 2009 at 9:30 a.m.

     Said depositions will be taken pursuant to Rules 26 and 30 of the Nevada Rules of Civil

Procedure, before a notary public, or before some other officer authorized by the law to

/// 

/// 

/// 

/// 



1    administer oaths, and shall be recorded by stenographic means. Oral examination will continue

2    from day-to-day until completed, or at a later date mutually agreed upon by the parties, until

3    completed.  You are invited to attend and cross-examine.

4         DATED this 26th day of June, 2009.

5                                         McDONALD CARANO WILSON LLP

6

7                                         By

8                                            James W. Bradshaw, Esq. (#1638)
                                             2300 W. Sahara Avenue, Suite 1000
9                                            Las Vegas, NV  89102
                                             *Local Counsel for California Franchise Tax Board*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY that on this 26th day of June, 2009, I caused a true and correct

3

copy of the foregoing **NOTICE OF DEPOSITIONS OF DR. MELVIN R. HECHT AND**

4

**MICHELINA HECHT** to be sent via facsimile and United States Postal Service, postage

5

prepaid, upon the following:

6

7
Eric J. Coffill, Esq.
MORRISON & FOERSTER LLP
8
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-3923
9

10
Joseph R. Ganley, Esq.
HUTCHISON & STEFFEN
11
Peccole Professional Park
10080 West Alta drive, Suite 200
12
Las Vegas, NV 89145

13

14

15
An Employee of McDonald Carano Wilson LLP

16

17

18

19

20
262233

21

22

23

24

25

26

27

28

McDONALD·CARANO·WILSON℠
2300 WEST SAHARA AVENUE • SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • (702) 873-9966

# EXHIBIT C

## AFFIDAVIT OF DR. MELVIN HECHT
## IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

STATE OF NEVADA )
                 ) ss:
COUNTY OF CLARK )

      I, Melvin Hecht, being duly sworn, state as follows:

      1.     I am competent to make this affidavit.

      2.     My deposition is presently set for July 17, 2009. The deposition date was set without obtaining any available dates from me.

      3.     I am a Rabbi and will be conducting a rehearsal and a wedding on July 17, 2009. In addition, I am conducting wedding rehearsals and weddings and I have doctor appointments through the end of July and into August, 2009. My wife and I also care for her 90 year old mother who lives with us, who is recovering from major hip surgery and has limited mobility, and who has doctor appointments through the end of July and into August, 2009. However, I informed my counsel that I would be available for my deposition to be scheduled for August 4th, 2009.

      4.     Accordingly, I understand that my counsel contacted Plaintiff's counsel to try to move the deposition, though it was refused.

      5.     In sum, I will not be able to attend the deposition on the scheduled date due to my performing a wedding rehearsal and a wedding and request that the Court vacate the deposition scheduled for July 17, 2009.

      I declare under penalty of perjury under the laws of the State of Nevada, that the foregoing is true and correct.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

DR. MELVIN HECHT

SUBSCRIBED and SWORN to before me
this 13th day of July, 2009.

NOTARY PUBLIC

HEATHER N. GRACE
Notary Public State of Nevada
No. 00-64516-1
My appt. exp. Aug. 22, 2012

119

# AFFIDAVIT OF MICHELINA HECHT
# IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

STATE OF NEVADA )
                   ) ss:
COUNTY OF CLARK )

    I, Michelina Hecht, being duly sworn, state as follows:

    1.    I am competent to make this affidavit.

    2.    My deposition is presently set for July 20, 2009. The deposition date was set without obtaining any available dates from me.

    3.    I am scheduled to be out of state on July 20, 2009. In addition, I am conducting wedding rehearsals and weddings and I have doctor appointments for myself, my husband, and my mother through the end of July and into August, 2009. I take care of my 70 year old husband who had medical problems and who has doctor appointments through the end of July and into August, 2009. In addition, my husband and I also care for my 90 year old mother who lives with us, who is recovering from major hip surgery and has limited mobility, and who has doctor appointments through the end of July and into August, 2009. However, I informed my counsel that I would be available for my deposition to be scheduled for August 12th, 2009.

    4.    Accordingly, I understand that my counsel contacted Plaintiff's counsel to try to move the deposition, though it was refused.

    5.    In sum, I will not be able to attend the deposition on the scheduled date due to being out of state, which I cannot change, and request that the Court vacate the deposition scheduled for July 20, 2009.

    I declare under penalty of perjury under the laws of the State of Nevada, that the foregoing is true and correct.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

                             MICHELINA HECHT

SUBSCRIBED and SWORN to before me
this 13th day of July, 2009.

NOTARY PUBLIC

HEATHER N. GRACE
Notary Public State of Nevada
No. 00-64516-1
My appt. exp. Aug. 22, 2012

# EXHIBIT 23



State of California
**Franchise Tax Board**

chair **John Chiang** | member **Betty T. Yee** | member **Michael C. Genest**

Legal Division MS A260
PO Box 1720
Rancho Cordova CA 95741-1720
tel: (916) 845-3338  fax: (916) 843-6041
ftb.ca.gov

Date: 07.16.09

| | |
|---|---|
| Case: | 7150053859256143 |
| Case Unit: | 7150053859256163 |
| In reply refer to: | 410:RWD |

Chief Board Proceedings Division
State Board of Equalization
450 N Street, MIC
Sacramento CA 95814

Regarding:        Appeal of Gilbert P. Hyatt
Appeal Case ID No:   446509 & 435770
Taxable Year(s):     1990 and 1991

Dear Ms. Olson:

FTB has just received Mr. Hyatt's counsel's letter "Opposition to FTB's Request for Extension of Time." In that letter Mr. Hyatt represents: "It is purely the fault of FTB in setting these two depositions on July 17th and July 20th – just over one week before the date its briefs were due..." This is a material misrepresentation of the reason that these depositions took time to schedule. Please see attached declaration outlining FTB's efforts, and Mr. Hyatt's conscious decisions and actions in this matter. FTB also alerts you and the Board that Mr. Hyatt's attached "Motion for Protective Order" contains similar misrepresentations.

Please feel free to contact me if you have any questions.

Robert W. Dunn
Tax Counsel IV

cc:   Eric Coffill

Declaration attached

**Declaration of Scott W. De Peel in Support of FTB's Response to**

**Motion for Protective Order**

I, Scott W. De Peel, declare:

1. I am an attorney at law duly licensed to practice before the courts of the State of California. I am an employee of the California Franchise Tax Board (hereinafter "FTB"). I currently hold the position of Tax Counsel III and am assigned to the General Tax Law Bureau of the Legal Department. I am familiar with Mr. Hyatt's administrative tax appeal to the California State Board of Equalization and the legal and factual issues therein. Except as specified below, I make the following statements based upon personal knowledge.

2. Gilbert P. Hyatt, a former long time California resident, filed an administrative tax appeal challenging FTB's issuance of Notices of Proposed Assessment for tax years 1991 and 1992 and FTB's subsequently issued Notices of Action for the same taxable years. These notices, which include proposed California income tax and fraud penalty assessments, are based on the FTB's determination at audit and protest that Mr. Hyatt remained a California resident through part of 1992. The audit and protest findings contradict the assertion of California nonresidency Mr. Hyatt made on his 1991 California part-year income tax return, the tax return at issue in this proceeding.

3. Mr. Hyatt has appealed the Notices of Action in accordance with Revenue and Taxation Code sections 19045 and 19046. The primary legal issues in Mr. Hyatt's California administrative tax appeal are: (1) Mr. Hyatt's assertion that he became a nonresident of California (as defined by Revenue and Taxation Code section 17014) on various dates in 1991; (2) Mr. Hyatt's objection to the proposed imposition of a

1

fraud penalty (under Revenue and Taxation Code sections 19164 and 19131); and (3) Mr. Hyatt's contention that he did not operate a business from California through December 31, 1992 that generated California source income (under Revenue and Taxation Code sections 17951 and 17952). That appeal is currently pending before the California Board of Equalization, and bears Board of Equalization docket numbers 446509 and 435770. FTB's Opening Brief to the Board of Equalization is currently due on July 28, 2009.

4. On December 9, 2008, Mr. Hyatt filed his Opening Brief with the California Board of Equalization. Attached to Mr. Hyatt's Opening Brief are 26 affidavits that have never been previously produced to FTB although the administrative proceedings began 16 years ago. Of these 26 newly sworn affidavits, 19 affiants signed affidavits before a notary between August and December 2008. Several of Mr. Hyatt's new affiants attest to personal knowledge of specific facts and events from the September 1991 through April 1992 period. Assertions made by the affiants relate to the legal issues set forth in Paragraph 3 above.

5. Dr. Melvin R. Hecht and Michelina Hecht, named in the Subpoenas Duces Tecum have provided affidavits on behalf of Mr. Hyatt. True and correct copies of their affidavits are attached as Exhibits "2" and "3". Dr. Hecht and Michelina Hecht have made assertions that relate to certain legal issues described in Paragraph 3 above including Mr. Hyatt's purported physical whereabouts with respect to the tax years in question. Dr. Mel Hecht ("Dr. Hecht"), a former Rabbi at Temple Beth Am in Las Vegas, swears to be "a resident of the State of Nevada [p. 1, ¶1]." Dr. Hecht further states: "I have recently been informed that my name was before the FTB as a possible witness regarding Gil's [Hyatt] residence in Las Vegas. However, I was

2

never contacted by the FTB. If I had been contacted by the FTB, I would have given the FTB the evidence I state in this affidavit and attached to this affidavit [p. 11, ¶ 26]." Michelina Hecht makes a similar statement in her affidavit [p. 10, ¶ 26].

6. I am informed and believe that Dr. Hecht's spouse, Ms. Michelina Hecht, same address, represented to an agent for FTB that Dr. Hecht is represented by counsel. I am further informed and believe that Ms. Hecht, when approached by FTB's agent, the Hechts refused to speak with the agent and produced a business card "Attorney Joseph R. Ganley, Hutchison & Steffen, 10080 West Alta Drive, #200, Las Vegas, Nevada. The law firm Hutchison & Steffen are known to represent Mr. Hyatt. Mr. Hyatt's attorney had already informed the FTB that there would be no cooperation in arranging depositions.

7. In mid-March 2009, and without success, FTB tax counsel initially requested the voluntary cooperation of Gilbert P. Hyatt's tax counsel, Eric Coffill, in scheduling the depositions of Dr. Hecht and Michelina Hecht, among others. Mr. Coffill was asked in writing to cooperate, coordinate and assist FTB counsel in scheduling six of Mr. Hyatt's new affiants for examination under oath for mutually convenient dates in April 2009. Each examination was anticipated to last approximately one day. A true and correct copy (corrected version) of Mr. Dunn's letter to Mr. Coffill dated March 16, 2009 is attached hereto as Exhibit "4". Mr. Coffill replied to Mr. Dunn's letter on March 26, 2009, stating in part: "[t]his firm does not represent any of the six individuals named in your letter and cannot speak for them." A true and correct copy of a letter from Mr. Coffill to Robert W. Dunn dated March 26, 2009 is attached hereto as Exhibit "5". Mr. Coffill's March 26, 2009 letter contained no pledge or

3

promise to cooperate in arranging any of Mr. Hyatt's six (6) affiants for examinations under oath for any date in the future.

8. In subsequent letters including correspondence to the Chief, Board of Proceedings Division, for the California State Board of Equalization, Mr. Hyatt's tax counsel, Eric Coffill, made clear he would not assist FTB in scheduling the requested depositions stating in part at page 2, : "...the fact the individuals have apparently informed FTB they do not wish to talk voluntarily, or the fact this firm cannot somehow facilitate FTB's interviews of those individuals (for the reason, as we have informed FTB, twice in letters dated March 26, 2009 and April 20, 2009, that we do not represent any of these individuals) for the convenience of FTB..." A true and correct copy of Mr. Coffill's May 27, 2009 letter to Diane Olson (California State Board of Equalization) and copied to Robert Dunn, FTB Tax Counsel IV is attached hereto as Exhibit "6". Also, I am informed and believe, Michelina Hecht was contacted on or about May 17, 2009 through a licensed Nevada investigator and Ms. Hecht stated she and her husband, Dr. Melvin Hecht, were represented by Attorney Joseph Ganley of Hutchison & Steffen in Las Vegas, Nevada. FTB additionally engaged the assistance of the California Attorney General's Office who, through Deputy Attorney General, Steven J. Green, who contacted and sought cooperation from Eric Coffill and also attempted to contact counsel for the Hechts. True and correct copies of Mr. Green's June 17, 2009 letter to Mr. Coffill and Mr. Coffill's June 19, 2009 response are attached hereto as Exhibits "7" and "8", respectively. All such efforts by or on behalf of FTB to voluntarily arrange the Hechts' depositions have failed.

9. By virtue of Revenue and Taxation Code section 19504, FTB has the authority to issue subpoenas or subpoenas duces tecum and to serve the same upon any person for any purpose. FTB requested and eventually received California Commissions to

4

conduct the out of state depositions of, and request the production of documents, from two Nevada witnesses, Dr. Melvin Hecht and his spouse, Michelina Hecht. True and correct copies of said California commissions are attached hereto as Exhibits "9" and "10", respectively

10. After issuance of the above referenced California commissions and with the assistance of local Nevada counsel, FTB requested and the Court Clerk for Clark County issued Subpoenas Duces Tecum that were personally served on Dr. Melvin Hecht and Michelina Hecht. True and correct copies of Subpoenas Duces Tecum, with proof of personal service, for the depositions of Dr. Melvin Hecht and Michelina Hecht are attached hereto as Exhibits "11" and "12", respectively.

11. On Friday, July 10, 2009 at approximately 11:00 am, John Steffen of Hutchison and Steffen called me and stated his clients were "unavailable" for their scheduled deposition dates of July 17 and July 20, 2009. Mr. Steffen further stated Mr. Ganley and the Hechts are or would be out of state and/or had other commitments (i.e., officiating a wedding) during the scheduled dates and times. Without suggesting any specific alternate dates, Mr. Steffen asked that his clients' depositions be rescheduled for the first part of August and stated the Hechts were not available on any earlier date. I advised Mr. Steffen of our pending deadline and could not commit to pushing their depositions into the next month. At the end of our July 10, 2009 phone call, I asked Mr. Steffen to put his request in writing and have it faxed to me as soon as possible. After business hours and having left for the day, Mr. Steffen faxed the letter I previously requested. A true and correct copy of Mr. Steffen's July 10, 2009 faxed letter is attached hereto as Exhibit "13". On Monday morning, July 13, 1009, I reviewed Mr. Steffen's written request, and after consulting with others, I

5

called Mr. Steffen and asked for two things: dates certain as to when his clients could sit for deposition and a request for assistance in obtaining Mr. Hyatt's consent in extending FTB's Opening Brief deadline to a date 15 days following the completion of his clients' depositions. At no time before filing the current motion for protective order, did Mr. Steffen provide any specific alternative dates for the depositions of Dr. Hecht or Michelina Hecht.

12. After receiving the presently filed motion for protective order, I am informed and believe Mr. James W. Bradshaw, our retained local counsel, made efforts to contact John Steffen including a voice mail message and faxed letter on July 14, 2009. With one minor exception, Mr. Bradshaw suggested arranging new deposition dates in line with the preferences stated in the Hechts' declarations attached to their motion: "...I see from their declarations that the Hechts are available on August 4 and 12. However, Scott DePeel will be taking these. He is not available on August 4 due to travel plans, but is available on August 5-7 and on August 12. Please let me know if these dates work for you." A true and correct copy of Mr. Bradshaw's July 14, 2009 letter to Joesph R. Ganley and John T. Steffen is attached hereto as Exhibit "14". Mr. Steffen waited until the next day to respond to Mr. Bradshaw's inquiry and only by faxed correspondence announcing his intention to go forward with Friday's hearing. Again, Mr. Steffen did not expressly commit to any specific alternative dates for the Hechts' deposition, but confused his clients' available dates. A true and correct copy of John Steffen's July 15, 2009 letter to Mr. Bradshaw is attached hereto as Exhibit "15". Dr. Hecht stated previously he was available on August 4, but my previously arranged travel plans prevent me from taking Dr. Hecht's deposition

6

on that date. I am available and can take Dr. Hecht's deposition on August 5, 6 or 7.
I will even consider other dates if Dr. Hecht's counsel can provide them.  As for
Michelina Hecht, I am available and can proceed with her deposition on August 12,
2009.

13.  I am informed and believe Mr. Dunn has been working with Mr. Hyatt's tax
counsel on a stipulation to extend FTB's Opening Brief deadline but no agreement
has been reached at this point.  FTB also contacted Diane Olson directly and
submitted a written request to the California State Board of Equalization for that
extension.  A true and correct copy of Robert Dunn's July 15, 2009 letter to Diane
Olson of the California State Board of Equalization with enclosures  is attached
hereto as Exhibit "16".

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

Executed on _4/16/09_  at _Sacramento, California_

Scott W. De Peel

7

# EXHIBIT 24

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

July 16, 2009

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Fax: (916) 324-3984

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 435770 (Tax Year 1991)
        Case ID No. 446509 (Tax Year 1992)
        Opposition to FTB's Request for Extension of Time

Dear Diane:

We received today at 3:51 p.m. a 9-page fax from the FTB of a memorandum (with exhibits) from FTB to you as a supplement to FTB's pending request for an extension of time to September 1, 2009 in which to file its opening briefs in these two appeals. The apparent gist of the fax is to correct what FTB claims is a "material misrepresentation" by Mr. Hyatt of the reason why the depositions of Rabbi and Mrs. Hecht "took time to schedule." (FTB Fax, p. 1.)

So as not to delay these proceedings and this pending request any longer than necessary, we briefly respond as follows. Rather than engaging in allegations, we will let the facts speak for themselves.

FTB's explanation attempts, but fails in that attempt, to shift back to Mr. Hyatt the reason FTB "took time to schedule" the depositions of Rabbi and Mrs. Hecht. As stated in our earlier letter to you today, FTB has had since December 10, 2008 in which to complete whatever additional investigation (if any) it may have been entitled to undertake.

FTB has known since March 16, 2009 (See Ex. 4 to FTB's recent fax) that it wanted to depose Rabbi and Mrs. Hecht, but waited until June 23, 2009 to commence the required legal process. That March 16th letter from FTB to Mr. Hyatt identified four individuals besides Rabbi and Mrs. Hecht that FTB sought to examine. Of those names, (1) Mr. Keller was

sa-59476

MORRISON | FOERSTER

Diane Olson
July 16, 2009
Page Two


deposed by FTB on May 20, 2009; (2) Mr. Kazmaier was deposed by FTB on May 21, 2009; and (3) Mr. Huey was deposed by FTB on May 27, 2009. We understand (4) Mr. Eyler's deposition in Oklahoma is proceeding on July 27th. Mr. Hyatt has not taken any legal steps to oppose or stop any of these depositions from proceeding and they have proceeded within the FTB's time to file its briefs on July 28, 2009. Further, Hyatt has given the FTB dates for the depositions of Rabbi and Mrs. Hecht for August 4th and August 12th.

Clearly, FTB is familiar with the legal process for taking a deposition out-of-state, for it just completed that process. However, FTB waited until June 23, 2009 to even file in Sacramento County Superior Court its Petition and Request for Issuance of Out-of-State Deposition Commissions. (A copy of the FTB's Civil Case Cover Sheet, dated June 23, 2009, and a copy of the FTB's Petition filed in Sacramento County Superior Court, are attached hereto.)

On June 24, 2009, the FTB received from the clerk of the Sacramento County Superior Court two Commissions to Take Deposition Outside California for both Rabbi and Mrs. Hecht. (A copy of the two Commissions are attached hereto.)

In sum, the Commissions which FTB needed to take the depositions of Rabbi and Mrs. Hecht took one day to obtain from the Sacramento County Superior Court and were even issued by a court clerk, i.e., no appearance before a judge, no noticed motion, etc. But FTB waited from December 10, 2008 until June 23, 2009 – over six months - to even commence that two-day process of first filing the Petition and then receiving the Commissions from the court clerk the very next day.

On or about June 26, 2009, FTB's counsel in the Nevada Tort Litigation, i.e., then served Subpoenas Duces Tecum on both Rabbi and Mrs. Hecht, setting their depositions for July 17 and July 20, 2009, respectively. Clearly, these dates were picked as soon as possible after the issuance of the Commissions. However, neither Rabbi nor Mrs. Hecht was contacted by FTB to confirm their availability for those dates prior to the FTB picking those dates. Rabbi Hecht is 70 years old and has medical problems, and the Rabbi and Mrs. Hecht care for her 90 year old mother who lives with them and is recovering from major hip surgery. (*See* Affidavits of Rabbi and Mrs. Hecht, which were attached to our letter to you earlier today as part of the Nevada Motion for Protective Order.)

Whether or not Mr. Hyatt's "Motion for Protective Order," a copy of which was attached to our earlier letter, "contains similar misrepresentations" as claimed by FTB (FTB Fax p. 1) is an issue the parties presumably will address when this matter is heard tomorrow in court in Nevada, and should properly be resolved in that judicial proceeding – not before this Board.


sa-59476

**MORRISON | FOERSTER**

Diane Olson
July 16, 2009
Page Three

(We note the Declaration of Mr. De Peel attached to the FTB fax is written and captioned for the Nevada proceeding involving the Protective Order.)

In conclusion, FTB has not wisely used its time since December 10, 2008 in which to prepare and file its briefs in this matter – that is not a reason for this Board to give the FTB yet additional time in addition to its previously received two requests.

Please do not hesitate to contact me if you have any questions or require additional information.

Sincerely,

Eric J. Coffill
Counsel for Appellant

Encls.

cc: Gilbert P. Hyatt (w/encl.)
    Robert W. Dunn (w/encl.) – by fax

EXHIBIT 25



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-324-2270 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JUDY CHU, Ph.D.
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

July 17, 2009

Robert W. Dunn, Tax Counsel IV
Franchise Tax Board - Legal Branch
P.O. Box 1720 - Legal (MS A2.60)
Rancho Cordova, CA 95741-1720

Appeal of Gilbert P. Hyatt
Case ID No. 435770, 446509

Dear Mr. Dunn:

This letter acknowledges receipt of your letter received July 15, 2009, requesting an extension for the above-entitled appeals. Your extension is granted pursuant to California Code of Regulations, title 18, (Regulation) section 5522.8, subdivision (b)(1)(B). Therefore, the date for filing your brief is extended to **September 1, 2009**.

Regulation section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

**Please note** – To clarify our previous grant of your request to exceed the briefing page limits in the two appeals set forth above, please note that the page limits are as follows:

Tax Year 1991 (Case ID No. 435770) the page limit is 100 pages.

Tax Year 1992 (Case ID No. 446509) the page limit is 75 pages.

Sincerely,

Diane G. Olson, Chief
Board Proceedings Division

cc:    Eric J. Coffill
       Morrison & Foerster LLP
       400 Capitol Mall, Suite 2600
       Sacramento, CA 95814-4428

       Gilbert P. Hyatt
       P.O. Box 81230
       Las Vegas, NV 89180

EXHIBIT 26



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-2270 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JOHN CHIANG
State Controller

STEVE SHEA
Acting Member
Fourth District, Los Angeles

RAMON J. HIRSIG
Executive Director

September 18, 2009

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

The Franchise Tax Board recently filed its brief. If you wish to file a response to that brief, please do so by **October 18, 2009**. Your response should not exceed 30 typed or handwritten, double-spaced, or 15 typed or handwritten, single-spaced, 8½″ by 11″ pages, printed only on one side in a type-font size or at least 10 points or 12 characters per inch, or the equivalent, excluding exhibits. Please send a complete copy of your brief to us. *If you will not be filing a response brief, please check this box.* ☐

We need to know how you wish to proceed with your appeal. **Please check the appropriate box below. Please note** – Our Board gives the same consideration to appeals submitted for decision on the basis of the memoranda as it does to appeals with an oral hearing.

☐ The appeal be submitted for decision on the basis of the memoranda on file and without oral hearing. You will receive a notice of the Board's decision.

☐ Set the appeal for oral hearing in Sacramento or Culver City. You will receive notification approximately 75 days in advance of the hearing date and location.
**CIRCLE HEARING LOCATION: Sacramento   Culver City**

☐ The appeal be dismissed. This action will have the effect of sustaining the Franchise Tax Board's action.

For appellant / representative:

Signed: _____    Date: _____

Telephone: _____

Hyatt, 435770                        -2-                    September 18, 2009

      The Board of Equalization encourages the parties to resolve as many issues as possible prior to the decision or the formal hearing of their cases.  To achieve this end, we request that you provide us with all evidence not previously submitted to this Board which you rely upon to support your case.  By "evidence" we mean documents relating to the issues of your case.  You may either submit this evidence as exhibits to your reply brief or submit the evidence with a cover letter to the above address.  You should send two complete copies of everything you submit to us.

      **Please return the <u>pink copy</u> of this letter by the above date <u>whether or not you file a response brief</u>.  If you fail to respond or if we do not receive the pink copy of this letter, we will submit the appeal for decision on the basis of the memoranda filed and without oral hearing.  You will receive a notice of the Board's decision.**

      Sincerely,

      *Diane G. Olson*

      Diane G. Olson, Chief
      Board Proceedings Division

cc:    Gilbert P. Hyatt
      400 Capitol Mall, Suite 2600
      Sacramento, CA  95814-4428

      Robert W. Dunn, Tax Counsel IV
      Franchise Tax Board
      Legal Division (MS A2.60
      PO Box 1720
      Rancho Cordova, CA  95741-1720



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-2270 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JOHN CHIANG
State Controller

STEVE SHEA
Acting Member
Fourth District, Los Angeles

RAMON J. HIRSIG
Executive Director

September 18, 2009

Eric J. Coffill
Morrison Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

The Franchise Tax Board recently filed its brief. If you wish to file a response to that brief, please do so by **October 18, 2009**. Your response should not exceed 30 typed or handwritten, double-spaced, or 15 typed or handwritten, single-spaced, 8½″ by 11″ pages, printed only on one side in a type-font size or at least 10 points or 12 characters per inch, or the equivalent, excluding exhibits. Please send a complete copy of your brief to us. *If you will not be filing a response brief, please check this box.* ☐

We need to know how you wish to proceed with your appeal. **Please check the appropriate box below. Please note** – Our Board gives the same consideration to appeals submitted for decision on the basis of the memoranda as it does to appeals with an oral hearing.

☐ The appeal be submitted for decision on the basis of the memoranda on file and without oral hearing. You will receive a notice of the Board's decision.

☐ Set the appeal for oral hearing in Sacramento or Culver City. You will receive notification approximately 75 days in advance of the hearing date and location.
**CIRCLE HEARING LOCATION: Sacramento    Culver City**

☐ The appeal be dismissed. This action will have the effect of sustaining the Franchise Tax Board's action.

For appellant / representative:

Signed: _____    Date: _____

Telephone: _____

Hyatt, 446509          -2-          September 18, 2009

The Board of Equalization encourages the parties to resolve as many issues as possible prior to the decision or the formal hearing of their cases. To achieve this end, we request that you provide us with all evidence not previously submitted to this Board which you rely upon to support your case. By "evidence" we mean documents relating to the issues of your case. You may either submit this evidence as exhibits to your reply brief or submit the evidence with a cover letter to the above address. You should send two complete copies of everything you submit to us.

**Please return the <u>pink copy</u> of this letter by the above date <u>whether or not you file a response brief</u>. If you fail to respond or if we do not receive the pink copy of this letter, we will submit the appeal for decision on the basis of the memoranda filed and without oral hearing. You will receive a notice of the Board's decision.**

Sincerely,

Diane G. Olson

Diane G. Olson, Chief
Board Proceedings Division

cc:     Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV 89180

        Robert W. Dunn, Tax Counsel IV
        Franchise Tax Board
        Legal Division (MS A2.60)
        Rancho Cordova, CA 95741-1720

# EXHIBIT 27

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 29, 2009

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7003 2260 0003 0022 2683
Return Receipt Requested

Diane G. Olson
Chief, Board Proceedings Division
State Board of Equalization, MIC: 80
P. O. Box 942879
Sacramento, CA 94279-0081

**RECEIVED**

OCT 0 1 2009

Board Proceedings

Re:    Appeal of Gilbert P. Hyatt
       Case ID No. 446509
       Tax Year 1992
       Requests for (1) Extension of Time to File Reply Brief;
       and (2) Extension of Reply Brief Page Limitation

Dear Diane:

Thank you for your letter of September 18, 2009 in which you informed us Appellant has
until October 18, 2009 to file a Reply Brief in the above matter.

Appellant makes two requests herein relative to Appellant's Reply Brief.

First, pursuant to RTA 5430(c) and 5522.8, Appellant hereby requests that the due date for
Appellant's Reply Brief in this matter be extended by 180 days beyond the current October
18, 2009 deadline. Second, pursuant to RTA 5430(e), Appellant hereby requests that he be
allowed to file a Reply Brief in this matter not to exceed 100 pages. Each request is
addressed in turn below.

Request for Extension of Time to File Reply Brief

RTA 5430(c) states that any request to extend the period for filing a brief must be made prior
to the scheduled due date for that brief (i.e., in this case prior to October 18, 2009) and may
be granted under the provisions of RTA 5522.8. RTA 5522.8(b)(1)(F) states that a request
for deferred briefing for a period of more than 90 days may be granted by the Chief of Board
Proceedings with the consent of the Chief Counsel if any "facts or circumstances determined
by the Chief of Board Proceedings and the Chief Counsel constitute reasonable cause." The

**MORRISON** | **FOERSTER**

Diane Olson
September 29, 2009
Page Two

"reasonable cause" for the Board to grant this 180-day request to extend the filing period for Appellant's Reply Brief is as follows.

First, the case involves substantial amounts of money. The December 26, 2007 Notice of Action sets forth total additional tax, penalty and interest (to 12/26/07) in excess of $29 million.

Second, the case involves complex factual issues involving residency, income sourcing and penalties. Appellant submitted a 75-page Opening Brief along with eight Annexes and related exhibits, which in total filled <u>four</u> banker boxes. Respondent then submitted a 75-page Opening Brief with three Attachments and related exhibits, which in total filled <u>two</u> banker boxes.

Third, Respondent sought no less than three extensions of time in which to file its Opening Brief in this matter.[1] Respondent's extension requests resulted in a cumulative 176-day extension of time beyond the original March 3, 2009 due date for the filing of its Opening Brief. The primary reason cited by Respondent in each of its extension requests was the need "to investigate the new alleged facts," and more specifically, to pursue depositions of six affiants who provided affidavits in connection with Appellant's Opening Brief.[2] Considering it took a filing extension of <u>176</u> days for Respondent to complete <u>six</u> depositions, it is not at all unreasonable for Appellant to request an extension of 180 days to file its Reply Brief in order to review the new deposition evidence submitted by Respondent and engage in additional investigatory activities, if necessary, to rebut such evidence.

Fourth, Respondent has presented many new alleged facts in its Opening Brief that were never cited in Respondent's 50-page single-spaced November 1, 2007 Protest Determination Letter, which served as the basis for the issuance of the Notice of Action for the tax year 1992 and resulted in this appeal. For example, Respondent newly presented eight (8) pages of calendars in its brief that purportedly chronicle Mr. Hyatt's physical presence in California and Nevada from September 1991 through April 1992. These calendars cross reference a detailed day-by-day alleged analysis contained in a newly presented 126-page Attachment A of Respondent's Opening Brief. Further, Respondent newly argues issues and newly relies on faxes and Hyatt's locations through 1995, mortgage payments through 1996, voting records through 1998, and purchase of property in 1996. Further, Respondent newly presented declarations and affidavits of individuals including William Savage, Pat Lundvall, and Ramona Amador. The Savage declaration newly presented alleged interviews with nine (9) witnesses. Further, Respondent newly presented a 33-page analysis of more than 25 of Hyatt's affiants, which will involve new interviews and supplemental affidavits. Further,

---

[1] *See* written requests from Robert Dunn to Board Proceedings dated January 27, 2009, May 20, 2009 and July 15, 2009.
[2] *See* fn. 1, *supra*.

MORRISON | FOERSTER

Diane Olson
September 29, 2009
Page Three

Respondent newly presented a 10-page analysis of 20 alleged Hyatt litigations covering decades of time. Further, Respondent presented 20 exhibits with a total of more than 650 tabs totaling more than 4,000 pages of largely new documents (some of which have been hand annotated) that were never addressed in the audits or protests or in the Protest Determination Letter. This is all in addition to the 75-page brief that addresses this newly presented alleged evidence. Appellant requires significant additional time to investigate these new alleged facts, to find and review documentation from decades into the past and years into the future, and to engage in additional investigatory activities, including efforts to secure additional affiant testimony, if necessary, to rebut this new evidence now being cited by Respondent in its Opening Brief that was not cited in its November 1, 2007 Determination Letter.

Fifth, Respondent has presented many new alleged facts in its Opening Brief that were never material or at issue during the course of the 11+ years the protest was pending with Respondent. (*See* above.) Appellant requires significant additional time to investigate these new alleged facts, to find and review documentation from decades into the past and years into the future, and to engage in additional investigatory activities, including efforts to secure additional affiant testimony, if necessary, to rebut this new evidence now being cited by Respondent in its Opening Brief that was never material or at issue during the administrative protest proceedings.

Sixth, Respondent has presented many new alleged facts in its Opening Brief that were never material or at issue during the course of the 3+ years the audit was being conducted by Respondent. (*See* above.) Appellant requires significant additional time to investigate these new alleged facts, to find and review documentation from decades into the past and years into the future, and to engage in additional investigatory activities, including efforts to secure additional affiant testimony, if necessary, to rebut this new evidence now being cited by Respondent in its Opening Brief that was never material or at issue during the administrative audit investigation.

Seventh, Respondent has presented new facts significantly outside the tax year in dispute, the majority of which have never been at issue in this case. For example, Respondent presented many alleged facts that occurred years and even decades prior to the disputed period (e.g., 1971) and years after the disputed period (e.g., 1995 and even up to 2003). Further, Respondent alleged Appellant's significant presence and activities in California post April 1992 and for years thereafter. Further, Respondent alleged Appellant's business use of California resources from January 1991 through December 1992. Appellant requires significant additional time to investigate these new facts, to find and review documentation from decades into the past and years into the future, and to determine their validity and relevance to the tax year at issue.

sa-59931

MORRISON | FOERSTER

Diane Olson
September 29, 2009
Page Four

Eighth, appellant's two lead counsels (Eric Coffill and Carley Roberts, both since 1999) are also engaged in other matters that require attention within the next several months and in which we are counsel (or co-counsel) of record. These matters include, but are not limited to, a matter currently in discovery and proceeding toward trial in the Oregon Tax Court; four cases in discovery and proceeding toward trial in the Commonwealth Court of Pennsylvania; a matter proceeding toward appeal in the Arizona Court of Appeals; two cases proceeding toward trial in the Iowa Board of Tax Review; outstanding discovery in a matter pending in the New Jersey Tax Court; outstanding discovery pending in a matter before the Massachusetts Appellate Tax Board; a $20+ million case pending with the Hawaii Department of Revenue; six cases currently in the midst of settlement negotiations with the FTB Settlement Bureau; perhaps two dozen pending FTB protests; and four pending SBE sales tax and/or diesel fuel tax cases with cumulative (potential) liability in excess of $50 million.

For all the above reasons, Appellant hereby requests an extension of 180 days beyond October 18, 2009 to file Appellant's Reply Brief in this matter.

Request for Extension of Page Limitation for Reply Brief

RTA 5430(e) states in pertinent part that the Chief of Board Proceedings may grant an exception to the standard page limitations "upon written request that establishes why an exception is necessary." The circumstances of this case are such that we cannot adequately reply to Respondent's Opening Brief in the context of a 30-page Reply Brief. The grounds for such an exception are the same as those set forth above in connection with the request to extend the due date for Appellant's Reply Brief.

In addition to the foregoing, Appellant cites one additional ground for why a 30-page Reply Brief is inadequate in this case.

On September 1, 2009, Respondent submitted a single 173-page Opening Brief for both tax years 1991 and 1992, Case ID Nos. 435770 and 446509, respectively. As stated in Board Proceedings' letters of July 8, 2009 and August 21, 2009, tax years 1991 and 1992 are to be treated as two separate appeals and are not considered consolidated at this time. Accordingly, Respondent was directed by Board Proceedings, by letter dated September 14, 2009, to file two corrected briefs, one in each of the pending 1991 and 1992 appeals because the brief Board Proceedings "received is a consolidation of these tax years…."

On September 15, 2009, Respondent submitted two separate Opening Briefs, one in each of the pending 1991 and 1992 appeals, in purported compliance with the directive given by Board Proceedings. However, Respondent simply (1) took its noncompliant 173-page brief and divided it into two sections; (2) added new language to the end of the 1991 brief incorporating by reference the 1992 brief; (3) added new language to the beginning of the

sa-59931

MORRISON | FOERSTER

Diane Olson
September 29, 2009
Page Five

1992 brief incorporating by reference the 1991 brief; and (4) added new cover pages. Respondent made no attempt to direct the arguments within either brief to the particular tax year at issue.[3]  Similarly, Respondent predicates its entire legal analysis involving domicile and residency in its "1991" Opening Brief on cumulative facts from 1991 and 1992.[4]

Respondent's lip-service to this Board's directive to file "separate" briefs makes Appellant's job of "replying" all the harder.  Appellant, on its own, must now go through both of Respondent's "two" briefs and re-sort and re-organize that material into relevant chronological order so that Appellant properly may deal with 1991 in the 1991 appeal (and in its reply brief for the 1991 appeal), and deal with 1992 in the 1992 appeal (and in its reply brief for the 1992 appeal.)

For all the above reasons, Appellant hereby requests that he be allowed to file a Reply Brief not to exceed 100 pages.

Respectfully submitted,

*Eric J. Coffill*

Eric J. Coffill

cc:    Gilbert Hyatt
       Robert Dunn (FTB – by fax)

---

[3] For example, Respondent cumulatively cites to facts from both 1991 and 1992 to establish domicile and residency in its "1991" Opening Brief. *See* Respondent's Opening Brief (1991), pp. 33-40.
[4] *See id.* at pp. 73-77.

sa-59931

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 29, 2009

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7003 2260 0003 0022 2676
Return Receipt Requested

RECEIVED

OCT 0 1 2009

Board Proceedings

Diane G. Olson
Chief, Board Proceedings Division
State Board of Equalization, MIC: 80
P. O. Box 942879
Sacramento, CA 94279-0081

Re:   Appeal of Gilbert P. Hyatt
      Case ID No. 435770
      Tax Year 1991
      Requests for (1) Extension of Time to File Reply Brief;
      and (2) Extension of Reply Brief Page Limitation

Dear Diane:

Thank you for your letter of September 18, 2009 in which you informed us Appellant has
until October 18, 2009 to file a Reply Brief in the above matter.

Appellant makes two requests herein relative to Appellant's Reply Brief.

First, pursuant to RTA 5430(c) and 5522.8, Appellant hereby requests that the due date for
Appellant's Reply Brief in this matter be extended by 180 days beyond the current October
18, 2009 deadline. Second, pursuant to RTA 5430(e), Appellant hereby requests that he be
allowed to file a Reply Brief in this matter not to exceed 100 pages. Each request is
addressed in turn below.

Request for Extension of Time to File Reply Brief

RTA 5430(c) states that any request to extend the period for filing a brief must be made prior
to the scheduled due date for that brief (i.e., in this case prior to October 18, 2009) and may
be granted under the provisions of RTA 5522.8. RTA 5522.8(b)(1)(F) states that a request
for deferred briefing for a period of more than 90 days may be granted by the Chief of Board
Proceedings with the consent of the Chief Counsel if any "facts or circumstances determined
by the Chief of Board Proceedings and the Chief Counsel constitute reasonable cause." The

sa-59917

MORRISON | FOERSTER

Diane Olson
September 29, 2009
Page Two

"reasonable cause" for the Board to grant this 180-day request to extend the filing period for Appellant's Reply Brief is as follows.

First, the case involves substantial amounts of money. The December 26, 2007 Notice of Action sets forth total additional tax, penalty and interest (to 12/26/07) in excess of $10 million.

Second, the case involves complex factual issues involving residency, income sourcing and penalties. Appellant submitted a 95-page Opening Brief along with eight Annexes and related exhibits, which in total filled <u>four</u> banker boxes. Respondent then submitted a 100-page Opening Brief with three Attachments and related exhibits, which in total filled <u>two</u> banker boxes.

Third, Respondent sought no less than three extensions of time in which to file its Opening Brief in this matter.[1] Respondent's extension requests resulted in a cumulative 176-day extension of time beyond the original March 3, 2009 due date for the filing of its Opening Brief. The primary reason cited by Respondent in each of its extension requests was the need "to investigate the new alleged facts," and more specifically, to pursue depositions of six affiants who provided affidavits in connection with Appellant's Opening Brief.[2] Considering it took a filing extension of <u>176</u> days for Respondent to complete <u>six</u> depositions, it is not at all unreasonable for Appellant to request an extension of 180 days to file its Reply Brief in order to review the new deposition evidence submitted by Respondent and engage in additional investigatory activities, if necessary, to rebut such evidence.

Fourth, Respondent has presented many new alleged facts in its Opening Brief that were never cited in Respondent's 50-page single-spaced November 1, 2007 Protest Determination Letter, which served as the basis for the issuance of the Notice of Action for the tax year 1991 and resulted in this appeal. For example, Respondent newly presented eight (8) pages of calendars in its brief that purportedly chronicle Mr. Hyatt's physical presence in California and Nevada from September 1991 through April 1992. These calendars cross reference a detailed day-by-day alleged analysis contained in a newly presented 126-page Attachment A of Respondent's Opening Brief. Further, Respondent newly argues issues and newly relies on faxes and Hyatt's locations through 1995, mortgage payments through 1996, voting records through 1998, and purchase of property in 1996. Further, Respondent newly presented declarations and affidavits of individuals including William Savage, Pat Lundvall, and Ramona Amador. The Savage declaration newly presented alleged interviews with nine (9) witnesses. Further, Respondent newly presented a 33-page analysis of more than 25 of Hyatt's affiants, which will involve new interviews and supplemental affidavits. Further,

---

[1] *See* written requests from Robert Dunn to Board Proceedings dated January 27, 2009, May 20, 2009 and July 15, 2009.
[2] *See* fn. 1, *supra*.

MORRISON | FOERSTER

Diane Olson
September 29, 2009
Page Three

Respondent newly presented a 10-page analysis of 20 alleged Hyatt litigations covering decades of time. Further, Respondent presented 20 exhibits with a total of more than 650 tabs totaling more than 4,000 pages of largely new documents (some of which have been hand annotated) that were never addressed in the audits or protests or in the Protest Determination Letter. This is all in addition to the 100-page brief that addresses this newly presented alleged evidence. Appellant requires significant additional time to investigate these new alleged facts, to find and review documentation from decades into the past and years into the future, and to engage in additional investigatory activities, including efforts to secure additional affiant testimony, if necessary, to rebut this new evidence now being cited by Respondent in its Opening Brief that was not cited in its November 1, 2007 Determination Letter.

Fifth, Respondent has presented many new alleged facts in its Opening Brief that were never material or at issue during the course of the 11+ years the protest was pending with Respondent. (*See* above.) Appellant requires significant additional time to investigate these new alleged facts, to find and review documentation from decades into the past and years into the future, and to engage in additional investigatory activities, including efforts to secure additional affiant testimony, if necessary, to rebut this new evidence now being cited by Respondent in its Opening Brief that was never material or at issue during the administrative protest proceedings.

Sixth, Respondent has presented many new alleged facts in its Opening Brief that were never material or at issue during the course of the 3+ years the audit was being conducted by Respondent. (*See* above.) Appellant requires significant additional time to investigate these new alleged facts, to find and review documentation from decades into the past and years into the future, and to engage in additional investigatory activities, including efforts to secure additional affiant testimony, if necessary, to rebut this new evidence now being cited by Respondent in its Opening Brief that was never material or at issue during the administrative audit investigation.

Seventh, Respondent has presented new facts significantly outside the tax year in dispute, the majority of which have never been at issue in this case. For example, Respondent presented many alleged facts that occurred years and even decades prior to the disputed period (e.g., 1971) and years after the disputed period (e.g., 1995 and even up to 2003). Further, Respondent alleged Appellant's significant presence and activities in California post April 1992 and for years thereafter. Further, Respondent alleged Appellant's business use of California resources from January 1991 through December 1992. Further, Respondent newly argues issues and newly relies on faxes and Hyatt's locations through 1995, mortgage payments through 1996, voting records through 1998, and purchase of property in 1996. Appellant requires significant additional time to investigate these new facts, to find and

MORRISON | FOERSTER

Diane Olson
September 29, 2009
Page Four

review documentation from decades into the past and years into the future, and to determine
their validity and relevance to the tax year at issue.

Eighth, appellant's two lead counsels (Eric Coffill and Carley Roberts, both since 1999) are
also engaged in other matters that require attention within the next several months and in
which we are counsel (or co-counsel) of record. These matters include, but are not limited
to, a matter currently in discovery and proceeding toward trial in the Oregon Tax Court; four
cases in discovery and proceeding toward trial in the Commonwealth Court of Pennsylvania;
a matter proceeding toward appeal in the Arizona Court of Appeals; two cases proceeding
toward trial in the Iowa Board of Tax Review; outstanding discovery in a matter pending in
the New Jersey Tax Court; outstanding discovery pending in a matter before the
Massachusetts Appellate Tax Board; a $20+ million case pending with the Hawaii
Department of Revenue; six cases currently in the midst of settlement negotiations with the
FTB Settlement Bureau; perhaps two dozen pending FTB protests; and four pending SBE
sales tax and/or diesel fuel tax cases with cumulative (potential) liability in excess of $50
million.

For all the above reasons, Appellant hereby requests an extension of 180 days beyond
October 18, 2009 to file Appellant's Reply Brief in this matter.

Request for Extension of Page Limitation for Reply Brief

RTA 5430(e) states in pertinent part that the Chief of Board Proceedings may grant an
exception to the standard page limitations "upon written request that establishes why an
exception is necessary." The circumstances of this case are such that we cannot adequately
reply to Respondent's Opening Brief in the context of a 30-page Reply Brief. The grounds
for such an exception are the same as those set forth above in connection with the request to
extend the due date for Appellant's Reply Brief.

In addition to the foregoing, Appellant cites one additional ground for why a 30-page Reply
Brief is inadequate in this case.

On September 1, 2009, Respondent submitted a single 173-page Opening Brief for both tax
years 1991 and 1992, Case ID Nos. 435770 and 446509, respectively. As stated in Board
Proceedings' letters of July 8, 2009 and August 21, 2009, tax years 1991 and 1992 are to be
treated as two separate appeals and are not considered consolidated at this time.
Accordingly, Respondent was directed by Board Proceedings, by letter dated September 14,
2009, to file two corrected briefs, one in each of the pending 1991 and 1992 appeals because
the brief Board Proceedings "received is a consolidation of these tax years…."

On September 15, 2009, Respondent submitted two separate Opening Briefs, one in each of
the pending 1991 and 1992 appeals, in purported compliance with the directive given by

MORRISON | FOERSTER

Diane Olson
September 29, 2009
Page Five

Board Proceedings.  However, Respondent simply (1) took its noncompliant 173-page brief and divided it into two sections; (2) added new language to the end of the 1991 brief incorporating by reference the 1992 brief; (3) added new language to the beginning of the 1992 brief incorporating by reference the 1991 brief; and (4) added new cover pages. Respondent made no attempt to direct the arguments within either brief to the particular tax year at issue.[3]  Similarly, Respondent predicates its entire legal analysis involving domicile and residency in its "1991" Opening Brief on cumulative facts from 1991 and 1992.[4]

Respondent's lip-service to this Board's directive to file "separate" briefs makes Appellant's job of "replying" all the harder.  Appellant, on its own, must now go through both of Respondent's "two" briefs and re-sort and re-organize that material into relevant chronological order so that Appellant properly may deal with 1991 in the 1991 appeal (and in its reply brief for the 1991 appeal), and deal with 1992 in the 1992 appeal (and in its reply brief for the 1992 appeal.)

For all the above reasons, Appellant hereby requests that he be allowed to file a Reply Brief not to exceed 100 pages.

Respectfully submitted,

Eric J. Coffill

Eric J. Coffill

cc:   Gilbert Hyatt
      Robert Dunn (FTB – by fax)

---

[3] For example, Respondent cumulatively cites to facts from both 1991 and 1992 to establish domicile and residency in its "1991" Opening Brief.  *See* Respondent's Opening Brief (1991), pp. 33-40.
[4] *See id.* at pp. 73-77.

# EXHIBIT 28

State of California
**Franchise Tax Board**
Legal Division MS A260
PO Box 1720
Rancho Cordova CA 95741-1720
tel: (916) 845-3338  fax: (916) 843-6041
ftb.ca.gov

chair John Chiang | member Betty T. Yee | member Michael C. Genest

Date: 10.01.09

Case: 7150053859256143
Case Unit: 7150053859256163
In reply refer to: 410:RWD

Chief Board Proceedings Division
State Board of Equalization
450 N Street, MIC
Sacramento CA 95814

**RECEIVED**

OCT 0 7 2009

Board Proceedings

Regarding: Appeal of Gilbert P. Hyatt
Appeal Case ID No: 435770 & 446509
Taxable Year(s): 1991 and 1992

Dear Ms. Olson:

FTB has received copies of Mr. Hyatt's two virtually identical letters dated September 29, 2009, requesting 6 months and a total of 200 pages to respond to FTB's recently filed opening brief(s). As support Mr. Hyatt claims in both letters that (1) there is a lot on tax revenue at issue, (2) the issues are complex, (3) FTB asked for extensions totaling 176 days for its opening brief, (4) FTB presented "new alleged facts," (5) FTB presented "new alleged facts" that were never material or at issue during the course of the protest, (6) FTB presented many "new alleged facts" that were never at issue during the course of the audit, (7) FTB has presented facts outside the years in dispute, and (8) Mr. Hyatt's two lead counsel will be very busy with other matters in the coming months.

Mr. Hyatt tells your Board that he wants the additional time and additional pages to (1) "...engage in additional investigatory activities, if necessary, to rebut such evidence..." (2) "[FTB's] newly presented...analysis of more than 25 of Hyatt's affiants...will involve new interviews and supplemental affidavits." (3) Appellant requires significant additional time to investigate these new alleged facts, to find and review documents from decades into the past and years into the future, and to engage in additional investigatory activity, including efforts to secure additional affiant testimony, if necessary, to rebut this new evidence..."

In considering Mr. Hyatt's request please take into account the following:

Mr. Hyatt was on notice that he was required to prove the accuracy of his 1991 California Part-Year Resident Tax Return (signed and filed on April 13, 1992) in mid-June 1993, when he received a notice of audit from FTB, 16 years and three months ago. As the audit and protest progressed, from the summer of 1993 through 2006, FTB audit and protest issued approximately two dozen Information and Document Requests containing hundreds of individual and specific requests, and three subpoenas (not counting the six deposition subpoenas FTB issued after Mr. Hyatt filed this appeal) in an attempt to acquire evidence

FTB 2133 PASS (REV 05-2009)     Appeals\ Draft Correspondence\ReplyExtensionRequest

10.01.09

| | |
|---|---|
| Appeal of | : Gilbert P. Hyatt |
| Appeal Case ID No. | : 435770 & 446509 |
| Page 2 | |

concerning the accuracy of Mr. Hyatt's October 1, 1991, nonresidency claim. If your Board wants to review the 12 years of requests for information and documentation FTB has already sent Mr. Hyatt in this matter before responding to his current request to produce, locate and provide more evidence, FTB would be happy to provide them.

With some limited exceptions the evidence relied upon by FTB in its opening brief(s) is not "new," it is documentation from the files created at audit and protest in this matter (contained in your binders A through T). Mr. Hyatt's counsel requested and received copies of these documents directly from FTB during the protest, even when the very same documents were in the possession or control of his client. It is true that some documents FTB refers to are new to this matter, but they should come as no surprise to Mr. Hyatt. They include such items as interviews with witnesses that Mr. Hyatt was aware of (or had himself relied upon in a declaration of affidavit), and public records regarding Mr. Hyatt, such as his own extensive litigation records or media documents where Mr. Hyatt is interviewed and/or quoted.

Mr. Hyatt repeatedly mentions the "176" days of extension received by FTB for filing its opening brief(s). To keep this in perspective FTB needs to point out that Mr. Hyatt used at least 11 months to find and/or create new evidence (mostly affidavits from undisclosed witnesses), draft, and file his opening appeal briefs (from notice of appeal date to actual filing date) and requested several lengthy extensions of his own. Further, FTB's extensions were related to Mr. Hyatt's refusal to cooperatively produce six witnesses for deposition (six of the 26 new affiants Mr. Hyatt recently brought forth in this matter to provide support for his opening briefs) requiring FTB to procure and issue deposition subpoenas. As your Board is well aware, Mr. Hyatt's last two affiants were unavailable to sit for deposition until just weeks ago, August 2009.

From FTB's perspective the evidence Mr. Hyatt should bring forth at this time is not "...additional affiant testimony..." of (now) 18-year-old events that Mr. Hyatt's lawyers will help the affiant "re-create" (affiant Mel Hecht's phrase), but the actual 1991 and 1992 statements and cancelled checks from Mr. Hyatt's Bank of America checking account that were never provided; the 1991 and 1992 telephone/fax records from his California and Nevada locations that were never produced; records reflecting the September and October 1991 alleged stay in the Continental Hotel Casino; any records reflecting Mr. Hyatt's alleged 1991 move to Las Vegas; the customer receipts from Mr. Hyatt's 1991 and 1992 California credit card charges that he claims were signed by Ms. Jeng; and any other contemporaneous document from 1991 or 1992 that supports his nonresidency claim. If your Board allows Mr. Hyatt to submit more evidence, we respectfully suggest that you encourage contemporaneous documentation over more affidavits.

Of course, to the extent Mr. Hyatt produces any new evidence in this matter FTB will request fair opportunity to respond.

Mr. Hyatt argues that he needs time to "resort and reorganize" FTB's material for his reply briefs. FTB finds this request puzzling. With the exception of the application of the statutory presumption of full year residency for 1991, the key California tax issues of domicile, residency and fraud are decided by considering all the facts and circumstances: This is more

than well established law. Facts central to determining the source of income issue for 1991 and 1992 cover facts from years prior and years after, as clearly set forth in FTB's opening brief(s). Of course, FTB must resist any improper attempts by Mr. Hyatt to compartmentalize and omit relevant facts in this case as highly prejudicial to the proper application of the tax law in this matter. Your Board could end any such manipulation, and greatly enhance the efficiency of this appeal process, by acting on FTB's earlier written request to consolidate this matter, which we, respectfully, hereby renew.

The Board's rules provide for a prehearing conference after briefing is complete. FTB is willing to stipulate to a prehearing conference at this time, even before briefing is complete, if your Board feels it would benefit the briefing process, narrow the issues, or otherwise provide any enhanced administrative efficiency. FTB is more than willing to ask Mr. Hyatt's counsel if they would so stipulate. FTB is willing to appear at such a conference within the next 30 days, or as otherwise agreed.

Lastly, FTB does not oppose Mr. Hyatt's request to an extension of time and page limit, and FTB acknowledges that this case is complex, the record is large, and Mr. Hyatt's California counsel in this matter are busy. However, we ask your Board to consider reasonable limits on Mr. Hyatt's request, and the form and length his reply brief(s) take, considering the information and comment set forth above.

FTB is likely to request a reply in kind.

If you have any questions please do not hesitate to contact me.

Sincerely,

Robert W. Dunn
Tax Counsel IV

cc: Eric Coffill

EXHIBIT 29

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

October 2, 2009

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Regular Mail

Diane Olson
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 435770 (Tax Year 1991)
        Case ID No. 446509 (Tax Year 1992)
        Opposition to FTB's Request for Consolidation

Dear Diane:

We are in receipt of the FTB's letter to you dated October 1, 2009, which in part renews its prior requests[1] that the separate appeals for tax years 1991 and 1992 in the above matters be consolidated into a single appeal for hearing and decision. Appellant does not consent to such consolidation and continues to oppose such consolidation for the reasons detailed at length in my letter to you dated August 19, 2009, including: (a) the relevant facts and issues in each matter are not "similar" under RTA 5522.4(c)(1); (b) consolidation at this time would have an adverse material effect on a substantial right of Mr. Hyatt; and (c) FTB cannot show that Mr. Hyatt's objection to consolidation is frivolous and cannot show that deconsolidation would result in the misuse of administrative resources.

FTB's letter of October 1, 2009, offers no new arguments or facts in support of its renewed request. Accordingly, FTB's renewed request should be denied.

Finally, according to its letter, FTB "is willing to stipulate to a prehearing conference at this time, even before briefing is complete." (FTB Letter, p. 3.) Appellant will not so stipulate at this time. Consistent with the RTAs, appellant finds no reason to hold, or any efficiency for,

---

[1] Specifically, FTB "renew[s]" its "earlier written request to consolidate *this matter*." (FTB Letter, p. 3, emphasis added.) FTB's language belies its intent to continue to treat these two, separate appeals as a single "matter."

sa-59954

**MORRISON | FOERSTER**

Diane Olson
October 2, 2009
Page Two


a prehearing conference prior to the time all briefing is complete, as provided for in RTA 5443(b). In light of the fact that Mr. Hyatt has not even filed his two reply briefs; that FTB expresses its intention in its letter to request permission to file reply briefs under RTA 5431(c)(2); and that appellant will then be entitled to file Supplemental Briefs under RTA 5431(c)(3), briefing in these two appeals will not be completed in the foreseeable future. Accordingly, FTB's request for prehearing conferences (two appeals) is premature.

Please do not hesitate to contact me if you have any questions or require additional information.

Sincerely,

Eric J. Coffill
Counsel for Appellant

cc: Gilbert P. Hyatt
    Robert W. Dunn

EXHIBIT 30



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-2270 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

October 13, 2009

Eric J. Coffill
Morrison Foerster
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This letter acknowledges receipt of your letter dated September 29, 2009, requesting an extension for the tax year 1991. Your extension is granted. The date for filing your reply brief is extended to **April 18, 2010**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8."

Also, in regard to your request for page extensions for appellant's reply brief, your request is granted. Page limits for the tax year 1991 is not to exceed 100 pages.

Sincerely,

Diane Olson, Chief
Appeals Analyst
Board Proceedings Division

cc:    Gilbert P. Hyatt
       P.O. Box 81230
       Las Vegas, NV 89180-1230

       Scott DePeel
       Robert W. Dunn
       Franchise Tax Board
       Legal Branch (MS A2.60)
       Rancho Cordova, CA 95741-1720



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-2270 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

BILL LEONARD
Second District, Ontario/Sacramento

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

RAMON J. HIRSIG
Executive Director

October 13, 2009

Eric J. Coffill
Morrison Foerster
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your letter dated September 29, 2009, requesting an extension for the tax year 1992. Your extension is granted. The date for filing your reply brief is extended to **April 18, 2010**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8."

Also, in regard to your request for page extensions for appellant's reply brief, your request is granted. Page limits for the tax year 1992 is not to exceed 100 pages.

Sincerely,

Diane Olson, Chief
Appeals Analyst
Board Proceedings Division

cc:    Gilbert P. Hyatt
       P.O. Box 81230
       Las Vegas, NV 89180-1230

       Scott DePeel
       Robert W. Dunn
       Franchise Tax Board
       Legal Branch (MS A2.60)
       Rancho Cordova, CA 95741-1720

EXHIBIT 31

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA  95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 11, 2010

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7099 3220 0000 5840 2197
Return Receipt Requested
And By Fax: (916) 324-3984

Diane G. Olson
Chief, Board Proceedings Division
State Board of Equalization, MIC: 80
P. O. Box 942879
Sacramento, CA  94279-0081

Re:   Appeal of Gilbert P. Hyatt
      Case ID No. 435770, Tax Year 1991
      Case ID No. 446509, Tax Year 1992
      Request for Extension of Time to File Reply Briefs

Dear Diane:

Mr. Hyatt's Reply Briefs in the above matters are currently due on April 18, 2010.  Pursuant
to RTA 5430(c) and 5522.8(b)(1), we hereby request an extension of 60 days in which to file
such briefs.  The "reasonable cause" for the Board to grant this 60-day request to extend the
filing period for our Reply Briefs is as follows.

First, Mr. Hyatt, age 71, was recently under the care of several physicians for a period of
approximately three months for treatment of flu, pneumonia, and an infection, making him
largely unavailable to assist counsel for this period of time.  Because of the intensive factual
disputes in the above matters, Mr. Hyatt's input is critical to counsel in preparing our briefs,
and his limited ability to assist counsel has significantly slowed the briefing process.

Second, despite the fact we have been working diligently and have not been wasting the time
previously granted by the Board to prepare the briefs, the preparation of our Reply Briefs has
been slower than anticipated because of the structure – or lack thereof – of FTB's Opening
Briefs.  FTB originally submitted a single 173-page brief in both pending appeals.  By letter
dated September 14, 2009, this Board rejected FTB's single brief "in its present form" and
directed FTB to file two corrected briefs, one in each appeal.  FTB then complied with your

sa-61034

**MORRISON | FOERSTER**

Diane Olson
March 11, 2010
Page Two

Board's directive simply by cutting that single 173-page brief into two sections.[1] Were FTB's Opening Briefs in the two matters read on a stand-alone basis, a number of FTB's arguments would be incomplete or non-existent depending on the year in issue.[2] We have spent an inordinate amount of time reviewing each of FTB's two briefs to determine which portions of which brief are relevant to a particular argument for a particular year. We did not anticipate having to go through this process.

Third, we have been required to check and verify citations for over 1,200 footnotes and scores of legal citations in FTB's briefs and attachments.[3] The reason for undertaking this very time consuming process is that we have found a significant number of these references are inaccurate. Consider these two examples[4]:

- On page 66 of its 1991 Opening Brief, FTB claims that Mr. Hyatt received a fax on "April 29, 1992, At [sic] 11:42 a.m."[5] However, the document FTB cites to,[6] found at Exhibit E, Tab 21, is dated "May 15, 1992" and was sent on "5-92 : 11:42AM" according to the fax spray.

- On page 14 of its Attachment A to its Opening Briefs, FTB claims at footnote 26 that Exhibit J, Tab 11, and/or Exhibit J, Tab 4, show that on September 6, 1991, Mr. Hyatt dined at a California restaurant. However, the first exhibit is a March 18, 1994, letter from Philips to Sanyo in Japan and the second exhibit is a collection of Nevada insurance documents. Neither exhibit supports FTB's additional claim that on September 6, 1991, Greg Roth received by express mail a filing in the Boone Interference action.

Fourth, we have been required to rebut over 3,000 statements in FTB's Opening Briefs and its Attachment A. The vast majority of FTB's arguments are complex and conclusory, requiring Appellant to wade through layers of footnotes, attachments, exhibits and documents before being able to first understand the argument being made and then determine whether the cited evidence supports the argument. Consider the following example:

---

[1] FTB took its original (single) Opening Brief and created the required two Opening Briefs by making pages 1-100 of its original brief the new 1991 Opening Brief and making pages 101-173 of its original brief the new 1992 Opening Brief.

[2] Respondent's 1991 Opening Brief ("1991 ROB") has what appears to be the beginning of a sourcing argument without any legal authority to support it and no interest abatement argument whatsoever. Similarly, Respondent's 1992 Opening Brief ("1992 ROB") is largely void of argument pertaining to the central issue of residency.

[3] FTB incorporates its Attachments into its Opening Briefs in these matters (*see, e.g.,* 1991 ROB, p. 23, line 5; 1992 ROB, p. iii, lines 14-16; p. 67, line 3), so these Attachments and their respective citations must also be addressed in relevant part in Appellant's Reply Briefs.

[4] We will be pleased to provide many additional examples at your Board's request.

[5] 1991 ROB, p. 66, line 6.

[6] *See id.,* p. 66, fn. 209.

sa-61034

MORRISON | FOERSTER

Diane Olson
March 11, 2010
Page Three

- On page 89 of its 1991 Opening Brief, FTB makes a simple six-word statement
  followed by a citation to its Attachment A: "Mr. Hyatt meets with Hitachi
  representatives (see Attachment A entries for January 28 and 29, 1992 and March 31,
  1992)."[7] FTB's six-word statement is inaccurate. However, before we can even
  begin to draft a rebuttal to prove this six-word statement is inaccurate, we must:

  (1) Review the Attachment A entries for January 28 (10 lines of text), January 29
      (12 lines of text) and March 31 (11 lines of text);

  (2) Review each footnote in the Attachment A entries for January 28 (3
      footnotes), January 29 (2 footnotes) and March 31 (4 footnotes);

  (3) Review every document cited in each footnote cited in the Attachment A
      entries for January 28 (4 documents, 12 pages), January 29 (4 documents, 5
      pages) and March 31 (12 documents, 14 pages); and

  (4) Review the additional statements/arguments embedded in each footnote cited
      in the Attachment A entries for January 28 (2 embedded
      statements/arguments), January 29 (2 embedded statements/arguments), and
      March 31 (4 embedded statements/arguments).

We could provide literally hundreds of these examples from FTB's Opening Briefs. We did
not anticipate having to go through this process.

Fifth, FTB offers new legal theories in its Opening Briefs. For the first time in the history of
the above matters, FTB argues the statutory presumption of residency found in Revenue and
Taxation Code section 17016 applies. Further, FTB introduces (yet more) new sourcing
arguments. For example, FTB makes many new claims that significantly mischaracterize the
patent licensing that generated the income in dispute. This has required that we explain over
20 licensing agreements, over 300 hundred licensing-related correspondence documents,
over 10 financial statements and quarterly reports with over a year's worth of expenses and
many other licensing-related documents. Rather than draft a "reply" to FTB's "response" to
our Opening Brief, Mr. Hyatt is again addressing new arguments raised by FTB for the first
time. This has required us to perform extensive additional research, document review and
fact gathering that was not anticipated.

Sixth, FTB presents new evidence in its Opening Briefs, which Mr. Hyatt must investigate.
Since the time Mr. Hyatt filed his Opening Briefs, FTB deposed six of Mr. Hyatt's affiants,
producing approximately 1,200 pages of testimony. In addition, FTB has submitted a
number of new affidavits and declarations in support of its Opening Briefs, including a single

---

[7] Id., p. 89, lines 25-26.

**MORRISON | FOERSTER**

Diane Olson
March 11, 2010
Page Four

declaration purporting to capture discussions of the declarant with ten separate individuals.[8]
FTB's briefing has required Mr. Hyatt to conduct additional investigation and present yet
more affidavits in the above matters.

Seventh, we have been required to unravel a myriad of FTB's factual statements that purport
to be in the same timeframe (but are not) or are patently rebutted by inconsistent factual
statements in FTB's own briefing. Consider these two examples:

- On page 64, footnote 197 of its 1991 Opening Brief, FTB states: "Dr. Thompson's
  testimony regarding annual Colorado vacation (beginning February 1992, see
  Attachment A entry for March 10, 1992) with Mr. Hyatt and Ms. Jeng. Dr.
  Thompson also notes Ms. Jeng's presence with Mr. Hyatt on trips to Washington
  D.C. and her presence with Mr. Hyatt in Las Vegas."[9] FTB's clustering of these facts
  implies (erroneously) that these three trips were all in the February 1992 timeframe.
  The Colorado, Nevada and Washington D.C. trips were at widely different
  timeframes and not a single one of which were in February 1992 as implied by FTB.

- On page 9 of its 1991 Opening Brief, FTB states: "During the 191-day period Mr.
  Hyatt ... even takes one known brief vacation, a skiing vacation to Denver, Colorado,
  in February 1992, leaving and returning via Los Angeles International Airport
  ('LAX'). Mr. Hyatt, Ms. Jeng and Mr. Hyatt's childhood friend Dr. Thompson from
  New York, will occupy a single Colorado time-share unit while on this ski
  vacation."[10] Mr. Hyatt was hospitalized for major cancer surgery in February 1992
  and was not vacationing in Colorado, as admitted by FTB in its own Attachment A
  entry.[11]

FTB's unique factual clusterings that imply such inferences and its inconsistent allegations
have required significant additional research, record review and fact gathering in order to
unravel and rebut such statements.

Eighth, Mr. Hyatt's two lead counsels (Eric Coffill and Carley Roberts, both since 1999) are
also engaged in other matters that require their attention within the next several months.
These matters include, but are not limited to, responding to a Motion for Summary Judgment
in a matter currently before the Oregon Tax Court; two cases set for trial in May before the
Iowa Board of Tax Review; briefing and filing deadlines in other cases pending before your
Board; and a matter currently in trial preparation for hearing before the Massachusetts
Appellate Tax Board.

---

[8] See 1991 ROB, Ex. B, Tab 7, Declaration of William L. Savage.
[9] 1991 ROB, p. 64, fn. 197.
[10] Id., p. 9, lines 16-18.
[11] See 1991 ROB, Attachment A, pp. 86-89, entries for February 11-21, 1992.

sa-61034

**MORRISON | FOERSTER**

Diane Olson
March 11, 2010
Page Five

Ninth, Mr. Hyatt's two lead counsels are scheduled to be in New York for business on April 14-16, which are the last three business days prior to the current due date for the Reply Brief.

For all the above reasons, Appellant hereby requests an extension of 60 days beyond April 18, 2010 to file our Reply Briefs in the above matters.

Respectfully submitted,

Eric

Eric J. Coffill

cc:   Gilbert Hyatt
      Robert Dunn (FTB – by fax)

EXHIBIT 32



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

March 11, 2010

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This letter acknowledges receipt of your fax received March 11, 2010, requesting an extension for the tax year 1991. Your extension is granted with a due date of **June 17, 2010,** for filing your reply brief.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

As a reminder, interest continues to accrue on unpaid balances. Therefore, paying the unpaid balance in full, or in part, will stop or reduce the accrual of additional interest. Furthermore, paying the liability will not jeopardize the appeal. If you win the appeal, any payment(s) made will be refunded with added interest. Additional payment information may be obtained by calling the agency that issued the billing. The telephone number is shown on the billing notice.

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc:   Gilbert P. Hyatt
      P.O. Box 81230
      Las Vegas, NV 89180-1230

      Robert W. Dunn
      Franchise Tax Board
      Legal Branch (MS A2.60)
      Rancho Cordova, C^ 95741-1720



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

March 11, 2010

Eric J. Coffill
Morrison Foerster
400 Capitol Mall, Suite 2600
Sacramento, CA 95814

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your fax received March 11, 2010, requesting an extension for the tax year 1992. Your extension is granted with a due date of **June 17, 2010,** for filing your reply brief.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

As a reminder, interest continues to accrue on unpaid balances. Therefore, paying the unpaid balance in full, or in part, will stop or reduce the accrual of additional interest. Furthermore, paying the liability will not jeopardize the appeal. If you win the appeal, any payment(s) made will be refunded with added interest. Additional payment information may be obtained by calling the agency that issued the billing. The telephone number is shown on the billing notice.

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc:    Gilbert P. Hyatt
       P.O. Box 81230
       Las Vegas, NV 89180

       Robert W. Dunn
       Franchise Tax Board
       Legal Branch (MS A2.60)
       Rancho Cordova, CA 95741-1720

# EXHIBIT 33

State of California
**Franchise Tax Board**

Legal Division MS A260
PO Box 1720
Rancho Cordova CA 95741-1720
tel: (916) 845-3338  fax: (916) 843-6041
ftb.ca.gov

Date: 03.23.10

Case:            7150053859256143
Case Unit:       7150053859256163
In reply refer to:  410:RWD

Chief Board Proceedings Division
State Board of Equalization
450 N Street, MIC
Sacramento CA 95814

Regarding:       Appeal of Gilbert P. Hyatt
Appeal Case ID No:  435770 and 446509
Taxable Year(s):    1991 and 1992

**RECEIVED**

MAR 2 3 2010

Board Proceedings

Dear Ms. Olson,

FTB has received Mr. Hyatt's March 11, 2010, five page written request for a 60 day extension for the filing of his reply to FTB's opening brief. Mr. Hyatt received FTB's opening brief in September 2009, approximately seven months ago. We note that your Board immediately faxed a response to Mr. Hyatt granting the 60 day extension, and Mr. Hyatt's reply brief is now due on June 17, 2010. Given that a small part of Mr. Hyatt's request dealt specifically with Mr. Hyatt's California counsels' busy schedule, and Mr. Hyatt's recent illness, FTB would not have objected to the extension request. However, the balance of Mr. Hyatt's letter contains several comments and assertions which are, unfortunately, inaccurate and misleading, and require FTB's response.

But first, and as a matter of the highest importance, FTB notes that Mr. Hyatt's extension request letter states that he will be conducting "...additional investigation and present yet more affidavits in the above matters." With this responsive letter, copied to Mr. Hyatt's counsel, FTB cautions Mr. Hyatt and his counsel to preserve any documents used and/or created in this new affidavit solicitation and gathering process. FTB reminds Mr. Hyatt, and your Board, that FTB discovered during deposition last summer that documents created by one of Mr. Hyatt's 2008 affiants directly responsive to Mr. Hyatt's solicitation were destroyed. (For details see Attachment B to FTB's opening brief, page 24.)

The bulk of Mr. Hyatt's five page extension request letter to your Board is a discussion of FTB's opening brief, the brief's format and length, and a few inadvertent, easily corrected and/or nonmaterial reference errors.

Beyond simply stating reasons for requesting a 60 day extension, Mr. Hyatt's letter to your Board is, in fact, a mini pre-brief of some of the alleged facts and law at issue in this appeal. Therefore, each subsection of Mr. Hyatt's letter, following his introductory paragraph, is briefly addressed below.

1. Mr. Hyatt's first reason for extension:

Mr. Hyatt's recent three month illness prevented his participation in drafting reply briefs. While any illness is regrettable and unfortunate, FTB must point out to your Board that Mr. Hyatt and his very large multi-state team of attorneys and support staff have also been busy in recent months in two major, active litigations. First, In January 2010 Mr. Hyatt filed a comprehensive reply brief, cross appeal and a myriad of associated exhibits with the Nevada Supreme Court in FTB's appeal of the Las Vegas District Court's judgment in that matter. Second, Mr. Hyatt and his legal team recently filed a request for reconsideration in the United States Court of Appeal matter of *Hyatt v. Doll.* Your Board should be aware that Mr. Hyatt uses his many counsel and law firms, interchangeably, in his various litigations, to include this California tax appeal.

2. Mr. Hyatt's second reason for extension:

Mr. Hyatt claims he needs more time because "(w)e have spent an inordinate amount of time reviewing each of FTB's two briefs to determine which portions of which brief are relevant to a particular argument for a particular year." Mr. Hyatt's comment is yet another admission that the artificial division of this California residency/tax fraud matter into two separate briefs is problematic, illogical and very wasteful, even for Mr. Hyatt.

At the core of this residency/tax fraud matter is a single six month disputed period of physical presence and activity that happens to symmetrically overlap two calendar years, three months in each. Mr. Hyatt's own affidavits demonstrate this overlap by recounting purported facts in a narrative style during this six month period. As FTB has demonstrated there are virtually no facts in this entire matter, under very long-established existing California law, that are relevant to one calendar year and not the other. Mr. Hyatt and his counsel know this and yet, given the comment quoted above, they continue to require time to, somehow, compartmentalize facts and argument. When this matter is finally argued any attempt to improperly isolate discrete facts and circumstances to before or after midnight on December 31, 1991, will, of course, and as required by California law, vanish. FTB has briefed this issue before and is aware that your Board has withheld your Chief Counsel's final decision on consolidation until some later date.

3. Mr. Hyatt's third reason for extension:

Mr. Hyatt says he needs time to verify citations to "...over 1,200 footnotes and scores of legal citations in FTB's briefs and attachments." "(W)e found a significant number of these references are inaccurate." Mr. Hyatt then cites to "...two examples."

FTB admits that it's opening brief is lengthy, highly detailed, has lengthy and detailed attachments, totaling approximately 300 pages, and that it references literally thousands of documents, largely documents contemporaneous to the time period most at issue in this appeal.

FTB reviewed Mr. Hyatt's two examples and found the following. First, Mr. Hyatt cites to a short paragraph within the statement of facts section of FTB's opening brief entitled "v.v. Mr. Hyatt's Omron letters:" This single paragraph, and the two referenced faxed letters therein, are set forth in FTB's brief to make several points:

(1) Mr. Hyatt received two identical "Omron" letters faxed to him by business partner Jack Haken of Philips, New York, on the same day, May 15, 1992. (A date 40 days after the 191-day period that is at the heart of the residency/tax fraud matter.) Mr. Hyatt received the first on his California home/business fax machine, the California home/business allegedly sold and vacated eight months prior. Mr. Hyatt received the second about four hours later, sent to the recently purchased and installed fax machine at his Tara Avenue, Las Vegas, house. Thus, this is one example among many where Mr. Hyatt continues to receive important business communication in California in 1992.

(2) The detailed letter shows Mr. Haken of Philips, who had been working with Mr. Hyatt on licensing matters frequently by phone, fax and in person during the preceding eight months, asking for Mr. Hyatt's input "...per our telephone conversation..." concerning very detailed, technical points in the then ongoing Omron licensing negotiations. Thus, this is one example among many showing Mr. Hyatt is very actively involved in his licensing joint venture with Philips.

(3) A review of the May 15, 1992, Omron letter shows that Mr. Hyatt would need access to his self-described patent history filing cabinets to answer Mr. Haken's specific questions, and Mr. Hyatt has never demonstrated that these many and very large filing cabinets ever left the basement office of his California home/business.

(4) Mr. Hyatt, ordered by a court to produce his licensing business files to FTB, produced to FTB only the copy of the Omron letter faxed to him in Nevada. Mr. Hyatt's attorney Greg Roth's files, also produced to FTB under court order, show that Mr. Hyatt had in his possession a copy of the same letter that was faxed to his California home/business fax number, a copy that he did not produce to FTB.

FTB did start the Omron paragraph pointed to by Mr. Hyatt by erroneously mentioning "April 29, 1992," but this very obvious and inadvertent error is corrected just a few lines later with the reference to May 15, 1992, and the reference to the actual Omron letter copies, attached as exhibits.

Further, Mr. Hyatt's extension request letter to your Board wrongly states that the fax at Exhibit E, Tab 21, the Omron letter, "...was sent on "5-92:1142AM"" according to the fax spray. It only takes a glance at the two page document to see that this letter from Mr. Hyatt's attorney's files was photo copied from a hole-punched original, the hole through the fax spray date being clearly visible. The date is obviously "5-15-92." As further frustration with assertions like this, Mr. Hyatt can simply look at the original document and see the original hole punches at the top of each page, as this document comes from his own attorney's files.

The second example Mr. Hyatt raises as reasonable cause for a 60 day extension is an admittedly misplaced exhibit, a credit card statement, to support FTB's conclusion that Mr. Hyatt dined in a California restaurant on September 6, 1991. Mr. Hyatt says he can't find the document at Exhibit J, Tab 4. That receipt from Mr. Hyatt's Visa card, Narikona Restaurant, Lakewood, California, $25.67, is actually found one page in front of the reference in FTB's opening brief, at the prior tab, Exhibit J, Tab 3. FTB inadvertently listed its location at J-4.

Mr. Hyatt then mentions language in FTB's footnote 26 to FTB's Attachment A (FTB's day-by-day physical presence and activity attachment). That FTB footnote mentions that Mr. Hyatt's attorney received an express mail in the then ongoing Boone interference action (which would have been just one of many, many documents exchanged in the Boone matter during the Fall and Winter of 1991). According to document GB1701 Mr. Roth would have received this filing by express mail on September 12, 1991, the entry directly below the one Mr. Hyatt references. While assembling exhibits FTB inadvertently placed similarly numbered document "GLR01701" in tab J-11, causing this error. FTB will attach the correct J-11 document to this letter and ask both Mr. Hyatt and your Board to remove and replace Exhibit J, Tab 11, with the correct document.

Mr. Hyatt's two examples above bring up a larger point. In the Omron letter paragraph FTB did indeed inadvertently reference two dates while, at the same time, making clear the letter at issue was faxed twice on a single date. The inadvertent error is easily seen in the context of the paragraph and the attached exhibits. When FTB discovered clearly inadvertent and logically corrected errors in Mr. Hyatt's lengthy opening briefs FTB did not feel the need to bring such things to the attention of your Board. In fact, recently, Mr. Hyatt's counsel contacted FTB directly and asked that two exhibits be provided as they were not among the documents provided in his copy of the exhibits. FTB quickly located and provided the documents. FTB would expect Mr. Hyatt's counsel to do the same for FTB as a professional courtesy.

FTB hereby offers to address any such inadvertent copying or organizing errors, clerical errors, or to answer any questions about such issues, directly with counsel for Mr. Hyatt, if only to avoid this type of wasteful back-and-forth in the formal briefing.

4. Mr. Hyatt's fourth reason for extension:

Mr. Hyatt claims "...the vast majority of FTB's arguments are complex and conclusory..." Mr. Hyatt argues it takes time to go through FTB's analysis and "...draft a rebuttal..." As an example Mr. Hyatt cites FTB's analysis of two days among the 191 days analyzed individually, January 28 and 29, 1992. Mr. Hyatt says that FTB's finding that Mr. Hyatt met with Hitachi representatives in California "...is inaccurate..."

Your Board should recall that the starting point for all arguments in this appeal is Mr. Hyatt's claim that he relocated himself and his patent application and licensing business permanently to the Continental Hotel Casino in Las Vegas, Nevada on various dates in late September 1991, thus becoming a nonresident of California for income tax purposes. Of course, it remains Mr. Hyatt's burden to prove the accuracy of his California tax return.

Mr. Hyatt's March 11, 2010, letter claims, without proof and contrary to FTB's findings, that he did not meet with Hitachi representatives in California. FTB's findings that he did are based on several contemporaneous documents and related relevant, contemporaneous facts. FTB concluded (1) Mr. Hyatt was in California on Tuesday, January 28 to sign a sworn declaration "...at La Palma, California," (2) meet with his attorney Roger McCaffrey before a court hearing, (3) attend a 10:00 a.m. court hearing in Santa Ana, California[1] (4) travel .75 hrs. to and from a Santa Ana court hearing from his Jennifer Circle, La Palma, California home/business, and (5), attend a dinner with Mr. Akagi and Mr. Ogino of Hitachi, licensing partners Mr. Mahr and Mr. Leonard, and Mr. Roth, a dinner to which Mr. Hyatt was specifically invited. The next morning, Wednesday, January 29, contemporaneous documents show a licensing meeting takes place between Mr. Hyatt and Hitachi with a total of seven attendees at the Cerritos Sheraton, near Mr. Hyatt's La Palma home/business. (Evidence cited elsewhere in FTB's opening brief shows Mr. Hyatt has a pattern and practice of meeting personally with representatives of Japanese companies during licensing negotiations, and that Mr. Hyatt incurs a credit card charge at this same Sheraton Hotel on a different date.) The next day, Thursday January 30, Mr. Hyatt has a third medical appointment with his California surgeon, Dr. Isenberg, who will perform Mr. Hyatt's in-patient surgery in Los Alamitos Medical Center, located very near La Palma, 12 days hence. Of the three days discussed, referencing FTB's physical presence calendar, FTB has concluded that Mr. Hyatt's presence in California is established on the 28th, inferred on the 29th, and established on the 30th. Also important to FTB's findings, there is no evidence Mr. Hyatt was anywhere other than California during these three days. There is no evidence Mr. Hyatt stayed anywhere other than his nearby Jennifer Circle, La Palma, California home/business during these three days.

If Mr. Hyatt has credible evidence that FTB's findings are "inaccurate," as he indicates in his letter, we look forward to seeing it. FTB disagrees with Mr. Hyatt's counsel that it "...takes time..." to provide credible evidence of Mr. Hyatt's physical presence and activity that supports his California nonresidency claim. We remind your Board that Mr. Hyatt has been aware that FTB requires such evidence since the summer of 1993.

   5. Mr. Hyatt's fifth reason for extension:

Mr. Hyatt argues FTB brings up "...new legal theories..." in its opening brief, requiring he spend unexpected time formulating a response. "For the first time in the history of the above matters, FTB argues the statutory presumption of residency [Revenue and Taxation Code 17016]..." In his letter to your Board Mr. Hyatt goes on to make two more claims, the source of income issue is "new," and that FTB mischaracterizes the patent licensing business that generated Mr. Hyatt's income. Regardless of whether or not this is reasonable cause for an

---

[1] In evaluating any request from Mr. Hyatt your Board should be aware of misrepresentations Mr. Hyatt made to FTB auditors during the initial audit. Meeting with his attorney Roger McCaffrey and then attending a court hearing in California on this date (January 28, 1992) is but one example. Concerning this activity Mr. Hyatt told FTB's auditors in writing on June 20, 1996: "Mr. Hyatt did not attend a single one of these court appearances; he was hard at work in his Las Vegas office."

extension under your Board's rules, the documentary evidence shows Mr. Hyatt is simply wrong on all three points.

First, the issue of the statutory presumption of residency was an issue from the very first days of the audit. On June 16, 1993, noting Mr. Hyatt's claimed October 1, 1991, California nonresidency date on the tax return, FTB auditor Marc Shayer wrote on the AUDITOR PROGRAM WORKSHEET:

> "T/P meets presumption of residency by spending 9 mos. In state during 1991"

Just 90 days later, in correspondence sent to FTB's auditor on August 4, 1993, Mr. Hyatt changed his California nonresidency date from the October 1, 1991, listed on his tax return to "September 25, 1991," after receiving research on the applicability of section 17016 from his CPA. There is no evidence Mr. Hyatt changed his California nonresidency date for any reason other than realizing his 1991 tax return placed him within California's statutory presumption of full year residency. There is evidence that Mr. Hyatt changed the date for the singular purpose of avoiding section 17016 and not for any factual or legitimate reason. Later, Mr. Hyatt will change the date again, and then again, mostly as FTB uncovers evidence about his actual whereabouts and activity during this period. Years later, related to this issue, Mr. Hyatt will come up with his Continental Hotel Casino story, as discussed in detail in FTB's opening brief.

Second, the source of Mr. Hyatt's income has also been an issue since the very same day, June 16, 1993. FTB auditor Shayer wrote:

> "In addition all work done in developing microchip was done in CA – since work was done income should be reported here?"

FTB inquired about the character of Mr. Hyatt's licensing income. Mr. Hyatt then misrepresented that character of this income to FTB auditors. In a letter dated August 4, 1993, the same letter mentioned above, Mr. Hyatt tells FTB audit:

> "The 1991 Federal Schedule C reports $42,2666,667 in gross receipts from several entities. The payments were for licenses from major Japanese and European companies for *patented technology to be incorporated into future products.*" (Emphasis added.)

As shown in FTB's opening brief, this statement is inaccurate. Mr. Hyatt knew at the time he sent this letter that the licensing payments were for "...for a paid-up license agreement – they got freedom from being sued for patent infringement." Mr. Hyatt also knew that these payments were calculated, largely, if not entirely, from Japanese companies prior year sales figures. This information was not communicated to FTB audit. Later, having acquired more information on the character of Mr. Hyatt's 1991 and 1992 income, FTB's protest hearing officer told Mr. Hyatt at the beginning of the protest (approximately 10 years ago), in the clearest of terms, that the source of Mr. Hyatt's licensing business income was an issue.

Third, Mr. Hyatt claims FTB has "mischaracterized" Mr. Hyatt's licensing income in its opening brief. Following the long established tax doctrine of substance over form, FTB has characterized Mr. Hyatt's income based on contemporaneous 1991 and 1992 documents that relate to and describe that income, how that income was actually treated, how Mr. Hyatt ran his licensing business, and applicable tax law. FTB is aware of no mischaracterization of facts related to this issue.

Concerning the three points above, Mr. Hyatt writes your Board: "This has required us to perform extensive additional research, document review and fact gathering that was not anticipated." On several levels, this statement is simply not credible.

6. Mr. Hyatt's sixth reason for extension:

Mr. Hyatt claims FTB's opening brief "...presents new evidence...which Mr. Hyatt must investigate." Mr. Hyatt supports this assertion by referencing FTB's 2009 depositions of six of Mr. Hyatt's 26 new-to-this-appeal 2008 affiant witnesses and "...12,000 pages of testimony..." Mr. Hyatt then mentions FTB's investigator's declaration wherein 10 individuals related information to FTB that cast doubt on various aspects of Mr. Hyatt's nonresidency story. Because of this, Mr. Hyatt says he is "...required...to conduct additional investigation and present yet more affidavits in the above matters."

The truth is that, in this appeal, the "...new evidence..." comes largely from Mr. Hyatt, not FTB. Mr. Hyatt's 26 new affidavits first appeared in this matter in December 2008, 16 years after the residency audit began, as claimed factual support for Mr. Hyatt's version of specific 1991 and 1992 events. Belated affidavits, not contemporaneous documentation, form the foundation of Mr. Hyatt's California nonresidency story. To a very great extent, Mr. Hyatt's foundation is brand new construction.

FTB reminds your Board, and Mr. Hyatt, that by far the most helpful information for determining the accuracy of Mr. Hyatt's 1991 California nonresidency claim would be documents contemporaneous to the events at issue in this case, like the FTB requested and never produced telephone records and checking account records. FTB asked for these documents in 1994 and 1995, and still awaits their production.

To the extent Mr. Hyatt intends to offer still more 2010 affidavits in this matter FTB proposes that Mr. Hyatt agree to offer those witnesses for a joint deposition where FTB counsel, and Mr. Hyatt's counsel, can conduct meaningful cross examination of any claims made in the affidavits. FTB is willing to work out all the logistics and details of any such deposition sessions in advance.

7. Mr. Hyatt's seventh reason for extension:

Mr. Hyatt claims he needs time to "unravel" FTB's factual statements. As an example he points to Mr. Hyatt's short, apparently interrupted, March 10 and 11, 1992, ski trip to Colorado with Ms. Jeng. From a review of FTB's detailed calendar for March 1992, the supporting day to day evidence discussed in Attachment A, and the attached testimony of ski trip host Dr. Thompson, it is clear that a single trip occurred in March 1992 originating

and ending in Los Angeles. It is also clear from the evidence presented that Mr. Hyatt and Ms. Jeng took similar ski trips in several subsequent years. Further, it is clear that there is no mention of this trip to Colorado on FTB's account of day-to-day events for February, 1992. Of course, this trip is relevant not only to Mr. Hyatt's physical presence but also to the nature of the relationship between Mr. Hyatt and Ms. Jeng, a contested factual matter central in this appeal.

In FTB's brief summary of facts and conclusions at the very beginning of its opening brief, FTB inadvertently states the ski trip took place in "...February 1992..." obviously contradicting the calendars, Attachment A, and the attached supporting documentary evidence. For this error FTB stands corrected. The summary should say "March 1992." But FTB does not see how such an obviously inadvertent and easily understood error could be reasonable cause for a lengthy extension.

   8.  &  9.  Mr. Hyatt's eighth and ninth reason for extension:

Mr. Hyatt requests an extension because his two California lead counsels in this tax appeal are busy with other matters. FTB understands and appreciates this fact.

FTB would like your Board to note that Mr. Hyatt's new filing deadline will place any FTB responsive activity into July, August and September, 2010. Mr. Hyatt's filing is certain to be massive, an announced 200 pages and myriad exhibits, including the announced new affidavits. Please be advised that FTB has only one counsel assigned to this appeal, the author of this letter, and I have two periods of absence scheduled that cannot be changed, one from late August through mid September, and a second from late October through early November. Thus, FTB anticipates needing permission to file a reply brief, and, most likely, requesting a due date for that reply brief in or about December 2010.

In conclusion, as discussed above, (1) FTB requests Mr. Hyatt and his counsel be cognizant concerning the preservation of documents, (2) FTB requests Mr. Hyatt's counsel continue the practice of requesting clarification from FTB counsel of any seemingly missing, misfiled or clerical exhibits in FTB's opening brief, and (3) that Mr. Hyatt's counsel consider FTB's offer to prearrange joint depositions to the extent Mr. Hyatt offers 2010 affidavits purporting to recollect 1991 and 1992 events.


Robert W. Dunn
Tax Counsel IV

cc:   Eric J. Coffill

Attachment

EXHIBIT 34

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

May 17, 2010

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7003 2260 0003 0022 2829
Return Receipt Requested
And By Fax: (916) 324-3984

Diane G. Olson
Chief, Board Proceedings Division
State Board of Equalization, MIC: 80
P. O. Box 942879
Sacramento, CA 94279-0081

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 435770, Tax Year 1991
        Case ID No. 446509, Tax Year 1992
        Request for Extension of Time to File Reply Briefs

Dear Diane:

Mr. Hyatt's Reply Briefs in the above matters are currently due on June 17, 2010. Pursuant to RTA 5430(c) and 5522.8(b)(1), we hereby request an extension of time of 60 days in which to file such briefs. The "reasonable cause" for the Board to grant this 60-day request is as follows.

First, unexpected health issues faced by individuals working on Mr. Hyatt's case have significantly slowed the briefing process.

Second, our best efforts notwithstanding, the preparation of our Reply Briefs has been slower than anticipated due to the considerable and continued complexity of the case.

Third, the additional research, document review and overall investigation required to craft a reply to FTB's Opening Briefs and the arguments and evidence contained therein have consumed and continue to consume a substantial and unforeseen amount of time.

Fourth, Mr. Hyatt's two lead counsels (Eric Coffill and Carley Roberts, both since 1999) are also engaged in other matters that require their attention within the next several months. These matters include, but are not limited to, a summary judgment motion in a matter currently before the Oregon Tax Court; post-hearing briefing in two cases pending before the

sa-61406

**MORRISON | FOERSTER**

Diane Olson
May 17, 2010
Page Two

Iowa Board of Tax Review; briefing and filing deadlines in other cases pending before your Board and the FTB; a matter currently in trial preparation for hearing before the Massachusetts Appellate Tax Board; pre-trial motions in a matter pending in the Arizona Tax Court; and two matters pending before the Bureau of Conciliation and Mediation Services of the NY State Department of Taxation and Finance.

Today, I spoke with Bob Dunn, counsel for FTB in this matter, and informed him of our intention to seek this 60-day extension. Mr. Dunn informed me FTB has no objection to this request for an extension.

For the above reasons, Appellant hereby requests an extension of 60 days beyond June 17, 2010 to file our Reply Briefs in the above matters.

Respectfully submitted,

*Eric J. Coffill*

Eric J. Coffill

cc:  Gilbert Hyatt
     Robert Dunn (FTB – by fax)

sa-61406

EXHIBIT 35



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

May 20, 2010

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This letter acknowledges receipt of your request for an extension. Your extension is granted with a due date of **August 16, 2010**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

As a reminder, interest continues to accrue on unpaid balances. Therefore, paying the unpaid balance in full, or in part, will stop or reduce the accrual of additional interest. Furthermore, paying the liability will not jeopardize the appeal. If you win the appeal, any payment(s) made will be refunded with added interest. Additional payment information may be obtained by calling the agency that issued the billing. The telephone number is shown on the billing notice.

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc:     Gilbert P. Hyatt
        c/o 400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

        Franchise Tax Board - Legal Branch - Legal (MS A2.60)



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

May 20, 2010

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your request for an extension. Your extension is granted with a due date of **August 16, 2010**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

As a reminder, interest continues to accrue on unpaid balances. Therefore, paying the unpaid balance in full, or in part, will stop or reduce the accrual of additional interest. Furthermore, paying the liability will not jeopardize the appeal. If you win the appeal, any payment(s) made will be refunded with added interest. Additional payment information may be obtained by calling the agency that issued the billing. The telephone number is shown on the billing notice.

Sincerely,

Sharon King
Appeals Analyst
Board Proceedings Division

cc: Gilbert P. Hyatt
c/o 400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Franchise Tax Board - Legal Branch - Legal (MS A2.60)

# EXHIBIT 36

**Dunn.Robert**

| | |
|---|---|
| **From:** | Olson, Diane [Diane.Olson@boe.ca.gov] |
| **Sent:** | Wednesday, August 11, 2010 8:35 AM |
| **To:** | Dunn.Robert; Coffill, Eric J. |
| **Cc:** | Roberts, Carley A.; Kelly, Amy; Wurst, Catherine |
| **Subject:** | RE: Request for Extension to File Hyatt Reply Briefs |

Yes, this email is sufficient.  The extension request for the two Hyatt reply briefs, which
are currently due Monday, August 16, is granted.
The briefs will now be due on Monday, August 23, 2010.

Thank you and regards to all,
Diane

-----Original Message-----
From: Dunn.Robert [mailto:Robert.Dunn@ftb.ca.gov]
Sent: Wednesday, August 11, 2010 8:31 AM
To: Olson, Diane; Coffill, Eric J.
Cc: Roberts, Carley A.
Subject: RE: Request for Extension to File Hyatt Reply Briefs

Yes Diane, I approve. Is this email sufficient?

Bob Dunn
845-3338

-----Original Message-----
From: Olson, Diane [mailto:Diane.Olson@boe.ca.gov]
Sent: Wednesday, August 11, 2010 6:58 AM
To: Coffill, Eric J.
Cc: Dunn.Robert; Roberts, Carley A.
Subject: RE: Request for Extension to File Hyatt Reply Briefs

I need Bob approval in writing, then I can grant the extension.

Thank you,
Diane

-----Original Message-----
From: Coffill, Eric J. [mailto:ECoffill@mofo.com]
Sent: Tuesday, August 10, 2010 8:21 PM
To: Olson, Diane
Cc: Robert.Dunn@ftb.ca.gov; Roberts, Carley A.
Subject: RE: Request for Extension to File Hyatt Reply Briefs

Diane,

Just checking in to see if you could give me something in writing - a response to this e-
mail? - confirming a one week extension.  If we don't get the extension, we must go to the
printers this Thursday at the latest.

Thanks very much.

Eric

1

-----Original Message-----
From: Coffill, Eric J.
Sent: Tuesday, August 10, 2010 8:47 AM
To: 'diane.olson@boe.ca.gov'
Cc: 'Robert.Dunn@ftb.ca.gov'; Roberts, Carley A.
Subject: Request for Extension to File Hyatt Reply Briefs

Diane,

Following up on our calls yesterday, the two Hyatt reply briefs are due next Monday, August
16.  We request an extension of one week, to August 23, to file both briefs in order to make
the final reproduction process smoother.  I spoke live yesterday with Bob Dunn representing
the FTB and Bob has no objection.  Thank you very much.

Eric

--------------------------
Sent from my BlackBerry Wireless Handheld

----------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs
you that, if any advice concerning one or more U.S.
Federal tax issues is contained in this communication (including any attachments), such
advice is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230/

=====================================================================
====

This message contains information which may be confidential and privileged.  Unless you are
the addressee (or authorized to receive for the addressee), you may not use, copy or disclose
to anyone the message or any information contained in the message. If you have received the
message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------


THIS E-MAIL TRANSMISSION IS CONFIDENTIAL and is intended to be sent only to the recipient
stated in the transmission. It may also be protected by the attorney/client, official
information and attorney work product privileges; it may be protected by the common law and
constitutional right to privacy. Any review or use by other than the intended recipient is
strictly prohibited. Unauthorized interception, review, use or disclosure is prohibited and
may violate applicable laws including the federal Electronic Communications Privacy Act. If
you are not the intended recipient, destroy the email message and please notify immediately
by email or by telephone at the number above. Thank you. Due to Franchise Tax Board's email
filtering and blocking software, some email messages coming in to the FTB may not reach their
destination/intended recipient. Please follow up important messages by telephone, letter or
fax.

EXHIBIT 37



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

August 11, 2010

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This letter acknowledges receipt of your request for an extension. Your extension is granted with a due date of **August 23, 2010**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

As a reminder, interest continues to accrue on unpaid balances. Therefore, paying the unpaid balance in full, or in part, will stop or reduce the accrual of additional interest. Furthermore, paying the liability will not jeopardize the appeal. If you win the appeal, any payment(s) made will be refunded with added interest. Additional payment information may be obtained by calling the agency that issued the billing. The telephone number is shown on the billing notice.

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc:    Gilbert P. Hyatt
       c/o Morrison & Foerster LLP
       400 Capitol Mall, Suite 2600
       Sacramento, CA 95814-4428

       Franchise Tax Board - Legal Branch - Legal (MS A2.60)



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

August 11, 2010

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your request for an extension. Your extension is granted with a due date of **August 23, 2010**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

As a reminder, interest continues to accrue on unpaid balances. Therefore, paying the unpaid balance in full, or in part, will stop or reduce the accrual of additional interest. Furthermore, paying the liability will not jeopardize the appeal. If you win the appeal, any payment(s) made will be refunded with added interest. Additional payment information may be obtained by calling the agency that issued the billing. The telephone number is shown on the billing notice.

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc:     Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        P.O. Box 81230
        Las Vegas, NV 89180

        Franchise Tax Board - Legal Branch - Legal (MS A2.60)

EXHIBIT 38



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

August 26, 2010

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

This letter acknowledges receipt on August 23, 2010, of your reply brief in the above-entitled matter. If the Franchise Tax Board wishes to request permission to file a supplemental brief, it has until **September 10, 2010** to make the request. California Code of Regulations, title 18, section 5431, subdivision (c), states:

> "The Franchise Tax Board may file a Reply Brief only upon written permission from the Chief Counsel. The Respondent's Reply Brief, if filed, may only address points of disagreement with the Appellant's Reply Brief. The Franchise Tax Board has 15 days from the date the Chief of Board Proceedings acknowledges receipt of the Appellant's Reply Brief in which to file a written request to file it's Reply Brief"

If the Franchise Tax Board does not request permission to file a supplemental brief, pursuant to your request, we will schedule the above-appeal for an oral hearing and you will receive notice of the time and location at least 75 days in advance of the hearing date.

Sincerely,

Sharon King
Appeals Analyst
Board Proceedings Division

cc:   Gilbert P. Hyatt
      c/o Morrison & Foerster LLP
      P.O. Box 81230
      Las Vegas, NV 89180

      Franchise Tax Boa  ' - Legal (MS A2.60)

STATE OF CALIFORNIA



**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

August 26, 2010

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This letter acknowledges receipt on August 23, 2010, of your reply brief in the above-entitled matter. If the Franchise Tax Board wishes to request permission to file a supplemental brief, it has until **September 10, 2010** to make the request. California Code of Regulations, title 18, section 5431, subdivision (c), states:

> "The Franchise Tax Board may file a Reply Brief only upon written permission from the Chief Counsel. The Respondent's Reply Brief, if filed, may only address points of disagreement with the Appellant's Reply Brief. The Franchise Tax Board has 15 days from the date the Chief of Board Proceedings acknowledges receipt of the Appellant's Reply Brief in which to file a written request to file it's Reply Brief"

If the Franchise Tax Board does not request permission to file a supplemental brief, pursuant to your request, we will schedule the above-appeal for an oral hearing and you will receive notice of the time and location at least 75 days in advance of the hearing date.

Sincerely,

Sharon King

Sharon King
Appeals Analyst
Board Proceedings Division

cc:    Gilbert P. Hyatt
       c/o Morrison & Foerster LLP
       400 Capitol Mall, Suite 2600
       Sacramento, CA 95814-4428

       Franchise Tax Board - Legal (MS A2.60)

EXHIBIT 39

State of California
**Franchise Tax Board**

chair John Chiang | member Betty T. Yee | member Ana J. Matosantos

Legal Division MS A260
PO Box 1720
Rancho Cordova CA 95741-1720
tel: (916) 845-3338  fax: (916) 843-6041
ftb.ca.gov

Date: 09.01.10

Case:              7150053859256143
Case Unit:         7150053859256163
In reply refer to: 410:RWD

Chief Board Proceedings Division
State Board of Equalization
450 N Street, MIC
Sacramento CA 95814

RECEIVED

SEP  1 2010

Regarding:                 Appeal of Gilbert P. Hyatt
Appeal Case ID No:  435770 and 446509
Taxable Year(s):       1991 and 1992

**Board Proceedings**

Dear Ms. Olson:

With this letter FTB requests permission to file a reply brief in accordance with Rules for Tax
Appeals (RTA) 5431(c), "General Briefing Schedule." This rule states in pertinent part:

> (2) Respondent's Reply Brief. The Franchise Tax Board may file a Reply Brief only
> upon written permission from the Chief Counsel. The Respondent's Reply Brief, if
> filed, may only address points of disagreement with the Appellant's Reply Brief.

> > (B) Upon receipt of the Franchise Tax Board's written request, the Chief Counsel
> > will determine whether additional briefing is necessary. Factors to be
> > considered in determining whether additional briefing is necessary include,
> > but are not limited to:

> > > (i) Whether the Appellant's Reply Brief raised new facts, arguments, or
> > > evidence that are essential to the resolution of the appeal;

> > > (ii) Whether the briefing filed to date has provided sufficient information
> > > for the Board to resolve the appeal; and

> > > (iii) Whether the facts and issues in the appeal are so complex as to
> > > require additional discussion or clarification.

Some background may assist your Board in considering this request:

The California tax issues in this appeal are residency, tax fraud, source of income, and Mr.
Hyatt's request for interest abatement. All the issues can be fairly described as factually
complex. Several of the income tax issues are legally complex. Further, this appeal, and in

09.01.10
Appeal of        : Gilbert P. Hyatt
Appeal Case ID No.    : 435770 and 446509
Page 2

particular the issue of interest abatement, is complicated on several levels by Mr. Hyatt's unique collateral Nevada litigation, Gilbert P. Hyatt v. Franchise Tax Board, Clark County District Court, Case #A382999 and Franchise Tax Board v. Gilbert P. Hyatt, Nevada Supreme Court, Case #53264, currently ongoing.

Mr. Hyatt filed this appeal on January 22, 2008. On December 9, 2008, approximately 11 months later, Mr. Hyatt filed opening briefs totaling 175 pages. His briefs were supported by attached "exhibits" and "annexes" that were, in substantial part, FTB's audit file and FTB's protest file. Mr. Hyatt's 2008 opening briefs featured 26 affidavits new to this matter, most executed in 2008.

FTB requested and received additional time to file its opening briefs. Matching Mr. Hyatt's page limits, FTB received permission to file briefs totaling 175 pages. Coordinating with the California Attorney General's office, FTB issued subpoenas within and without California and deposed several of Mr. Hyatt's new affiants. (Your Board will recall that FTB made a good faith attempt to cooperatively schedule and depose Mr. Hyatt's new affiants, but was unsuccessful.) On September 15, 2009, FTB filed its opening briefs.

Mr. Hyatt then requested an extended page limit and several extensions of time to file his reply briefs. When asked, FTB did not oppose Mr. Hyatt's extension requests. On Thursday afternoon, August 26, 2010, approximately one year after FTB filed its opening briefs, FTB received a complete copy of Mr. Hyatt's reply briefs, exhibits and annexes. As your Board well knows, the material submitted is voluminous.

Mr. Hyatt's reply briefs total 200 pages (100 pages each) with approximately 1200 footnotes. The reply briefs, exhibits and annexes appear to be approximately 7,000 total pages. The references and footnotes in Mr. Hyatt's reply briefs are very often to newly submitted documentation.

Much of Mr. Hyatt's new documentation comes in the form of 34 affidavits (many extraordinarily lengthy) and what appear to be hundreds of new documents attached to and referenced by these affidavits. By way of example, two annexes, Annex XII and Annex XIII, provided to purportedly support Mr. Hyatt's description of his patent licensing business, consists of four new affidavits, three of which approach or exceed 300 pages, and reference therein approximately 1000 pages of additional attached documentation. These annexes are devoted to new arguments concerning Mr. Hyatt's alleged role in his patent licensing business, how the income flowed in that business, what all the contracts related to that business actually mean, and where the income from that business should be sourced under California law.

In addition, Mr. Hyatt submits substantial new argument and alleged new evidence concerning the issue of his actual physical presence and activity in California and Nevada during 1991 and 1992. For the first time since the residency audit began over 17 years ago Mr. Hyatt has submitted calendars and supporting narratives that allegedly reflect his presence and activity on a day-to-day basis during the disputed residency period. Many of the evidentiary references in Mr. Hyatt's newly submitted calendars are to the 34 newly created affidavits.

09.01.10

Appeal of : Gilbert P. Hyatt
Appeal Case ID No. : 435770 and 446509
Page 3

Lastly, several of Mr. Hyatt's remaining annexes (not discussed above) are, in fact, lengthy new factual and legal argument addressing the remaining issues in this appeal. Again, much of this new argument references the newly created affidavits and newly submitted documentation.

A review of Mr. Hyatt's reply briefs reveal them to be akin to what an appellant opening brief in a complex residency/income sourcing matter should be. In his reply briefs, and for the first time, Mr. Hyatt makes comprehensive arguments regarding all his positions in this appeal. These complete arguments now stand unaddressed and without respondent's analysis.

FTB asks your Board to allow FTB to address all of Mr. Hyatt's "...new facts, arguments, or evidence that are essential to the resolution of this appeal..." FTB requests the same page limit your Board accorded Mr. Hyatt for his reply briefs, 200 total pages. However, FTB does not request the one year Mr. Hyatt used to compile his reply briefs, exhibits, annexes and affidavits. FTB hereby requests a due date of June 30, 2011.

It is very likely that FTB will be taking depositions of several of Mr. Hyatt's new affiants. It is very likely that several of these depositions will be outside of California. As we mentioned in our letter to your Board dated March 23, 2010, copied to Mr. Hyatt's counsel, FTB will be asking for cooperation in arranging these depositions. The due date requested above assumes Mr. Hyatt's cooperation in scheduling depositions.

FTB consulted with Mr. Hyatt's counsel, Mr. Coffill, before submitting this request. Mr. Hyatt's counsel has no objection to the Board granting FTB's request to file reply briefs under RTA 5431(c), or to briefs of 100 pages, or to an extension until June 30, 2011 to file those briefs.[1] FTB recognizes that Mr. Hyatt will then be entitled under RTA 5431(c)(3) to file Supplemental Briefs and, in turn, FTB has no objection to Mr. Hyatt receiving from the Board comparable time and number of pages of briefing for those Supplemental Briefs. (Please contact Mr. Coffill directly if your Board wishes to confirm the above language.)

I will be out of the office until September 13, 2010. If there is any need to discuss this request before my return, contact Scott DePeel at 845-5529 or scott.depeel@ftb.ca.gov.

Robert W. Dunn
Tax Counsel IV

cc: Eric Coffill

---

[1] By referencing "...briefs of 100 pages..." FTB does not abandon its position that this matter should be consolidated into a single appeal, eventually.

# EXHIBIT 40



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

September 29, 2010

Robert W. Dunn, Tax Counsel IV
Franchise Tax Board - Legal Branch
P.O. Box 1720 - Legal (MS A2.60)
Rancho Cordova, CA 95741-1720

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Dunn:

Your request dated September 1, 2010, for permission to reply to appellant's reply brief, is granted.  Your brief is due **June 30, 2011**.  California Code of Regulations, title 18, section 5431, subdivision (c), states:

"The Franchise Tax Board may file a Reply Brief only upon written permission from the Chief Counsel.  The Respondent's Reply Brief, if filed, may only address points of disagreement with the Appellant's Reply Brief."

Also, your request is granted extending the number of pages to be included in your reply brief.  Page limits for the tax year 1991 is not to exceed 100 pages.

Sincerely,

Sharon King
Appeals Analyst
Board Proceedings Division

cc:     Eric J. Coffill
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

        Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

BARBARA ALBY
Acting Member
Second District, Sacramento

RAMON J. HIRSIG
Executive Director

September 29, 2010

Robert W. Dunn, Tax Counsel IV
Franchise Tax Board - Legal Branch
P.O. Box 1720 - Legal (MS A2.60)
Rancho Cordova, CA 95741-1720

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Dunn:

Your request dated September 1, 2010, for permission to reply to appellant's reply brief, is granted. Your brief is due **June 30, 2011**. California Code of Regulations, title 18, section 5431, subdivision (c), states:

> "The Franchise Tax Board may file a Reply Brief only upon written permission from the Chief Counsel. The Respondent's Reply Brief, if filed, may only address points of disagreement with the Appellant's Reply Brief."

Also, your request is granted extending the number of pages to be included in your reply brief. Page limits for the tax year 1992 is not to exceed 100 pages.

Sincerely,

Sharon King
Appeals Analyst
Board Proceedings Division

cc:    Eric J. Coffill
       400 Capitol Mall, Suite 2600
       Sacramento, CA 95814-4428

       Gilbert P. Hyatt
       c/o Morrison & Foerster LLP
       400 Capitol Mall, Suite 2600
       Sacramento, CA 95814-4428

EXHIBIT 41

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE 916.448.3200
FACSIMILE 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 22, 2011

Writer's Direct Contact
916/325-1324
ECoffill@mofo.com

By Certified Mail No. 7004 1160 0005 5530 1495
Return Receipt Requested

Diane G. Olson
Chief, Board Proceedings Division - MIC:80
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0080

Re:    Appeal of Gilbert P. Hyatt
       Case ID No. 435770, Tax Year 1991
       Case ID No. 446509, Tax Year 1992

Dear Diane:

This letter does not request any immediate action on the part of Board Proceedings. Instead, it is written to timely and preemptively apprise the Board of a potential upcoming issue regarding the existing briefing schedule in these matters.

By letter dated September 1, 2010, FTB requested permission to file Respondent's Reply Briefs in the above-entitled matters pursuant to RTA 5431(c). (*See* FTB Ltr. to D. Olson, 9/1/10.) FTB also requested the Board extend the filing date beyond the 30 days provided by RTA 5431(c)(2)(C) to June 30, 2011 (e.g., approximately ten months after Mr. Hyatt filed his Appellant's Reply Briefs). (*See id.*) Mr. Hyatt did not object to either request.[1] (*See id.*) By letter dated September 29, 2010, the Board granted FTB's request to file Respondent's Reply Briefs in the above-entitled matters with a due date of June 30, 2011.

---

[1] FTB also requested a page extension for its Reply Briefs -- 200 pages total -- to which Mr. Hyatt also did not object. (*See* FTB Ltr. to D. Olson, 9/1/10.)

MORRISON | FOERSTER

Diane G. Olson
April 22, 2011
Page Two

With the FTB's 10-month filing deadline rapidly approaching, we wish to bring to the
Board's attention the following recent action taken by FTB. On April 14, 2011, which is
approximately seven months into its 10-month briefing period and with less than three
months remaining to file its Reply Briefs, FTB obtained from the Sacramento County
Superior Court six commissions for depositions to be taken outside of California.
(Commissions dated 4/14/11 attached collectively as Exhibit 1.) The issuance of the
commissions is only the start of the process and, to the best of our knowledge, as of the date
of this letter only 3 of these depositions have actually been formally noticed, none of the
deposition subpoenas have been served on the witnesses and none of the depositions have
been taken.

FTB's recent actions bear a striking resemblance to its eleventh-hour deposition efforts taken
soon before filing its Respondent's Openings Briefs in these appeals – efforts which resulted
in repeated requests by FTB for additional time in which to file those briefs. (*See, e.g.*, FTB
Ltrs. to D. Olson, 5/20/09 and 7/15/09.) Consider:

- The audit (for the 1991 tax year) which began this case commenced in June 1993.

- The 1991 tax year only involves a three month period (9/26/91 to 12/31/91).

- The 1992 tax year only involves a three month period (1/1/92 to 4/2/92) because
  FTB concedes Mr. Hyatt is not a California resident as of April 2, 1992.

- FTB took 11 years to act on the 1991 tax year protest, and 10 years to act on the
  1992 tax year protest.

- This Board granted FTB over 8 months to file its Respondent's Opening Briefs.

Our point here is that against this background, and in a case where FTB began its
examination of Mr. Hyatt nearly 18 years ago, ten months for FTB to file discretionary reply
briefs is most assuredly plenty of time. It is up to FTB – not Mr. Hyatt or this Board – as to
how FTB should use that extension, but FTB should choose wisely how to use their last three
months so as not to self-create the need for yet additional time.

Accordingly, we wish to make clear to FTB and to Board Proceedings, and to be on the
record at this time, that Mr. Hyatt will vigorously oppose any further requests by FTB for
extensions of time for any amount of time on any ground. Board proceedings was most
gracious in allowing FTB ten months to file its Respondent's Reply Briefs, and Mr. Hyatt

MORRISON | FOERSTER

Diane G. Olson
April 22, 2011
Page Three

was most gracious in not opposing FTB's request for ten months. We now expect to see
FTB's Respondent's Reply Briefs filed on time no later than June 30, 2011 per this Board's
September 29, 2010 order.

Very truly yours,

Eric J. Coffill

Enclosures

cc: SBE Chief Counsel
    Gilbert Hyatt (w/encls.)
    Robert Dunn, FTB (w/encls.)

sa-63632

# EXHIBIT 1

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven J Green (SBN 73705)<br>Department of Justice, Office of the Attorney General<br>1300 I Street, P O Box 944255, Sacramento, CA 94244-2550<br>TELEPHONE NO (916) 324-5157      FAX NO *(Optional)* (916) 324-2247<br>E-MAIL ADDRESS *(Optional)* Steven Green@doj ca gov<br>ATTORNEY FOR *(Name)* State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS    720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE    Sacramento CA 95814
BRANCH NAME    Civil

SHORT TITLE

State of California Franchise Tax Board v Neal Howard, et al.

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA | CASE NUMBER |
|---|---|
| ☐ ORDERED BY COURT    ☑ ISSUED BY THE CLERK OF THE COURT | 34-2011-00101401 |

1  The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*

   Jack E Haken, U S Philips Corporation

2  The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*

   New York

3  The deposition will be conducted *(check one)*

   a  ☑  Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the
          place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure
          sections 2025 320 and 2025 340(b)–(f), or

   b  ☐  Before *(name of appointee)*

          who is appointed to administer oaths and to take testimony

4  The documents or things to be produced at the time and place of the deposition are
   ☑  described in Attachment 4        ☐  none

5  Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5  Number of pages
   attached  0

6  Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state
   deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7  The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the
   examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and
   answer questions

COPY

Court Seal

Date _____

APR 1 4 2011    ☐ Judge

   OR

☑ Clerk, by    A. MACIAS    _____, Deputy

Form Approved for Optional Use
Judicial Council of California
DISC-030 [New January 1, 2008]

COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Code Civ Proc § 2026 010(f)
www.courtinfo ca gov

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Steven J Green (SBN 73705)<br>Department of Justice, Office of the Attorney General<br>1300 I Street, P O Box 944255, Sacramento, CA 94244-2550<br>TELEPHONE NO (916) 324-5157    FAX NO (Optional) (916) 324-2247<br>E-MAIL ADDRESS (Optional) Steven Green@doj ca gov<br>ATTORNEY FOR (Name) State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS 720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE Sacramento CA 95814
BRANCH NAME Civil

SHORT TITLE
State of California Franchise Tax Board v Neal Howard, et al

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA<br>☐ ORDERED BY COURT   ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER<br>34-2011-00101401 |
|---|---|

1  The Superior Court of California hereby authorizes the deposition, upon oral examination, of (identity of deponent)
   Ernest (a/k/a Ernie) E Staley

2  The deposition is to be taken in (state of the United States, territory, or insular possession subject to its jurisdiction)
   Nevada

3  The deposition will be conducted (check one)
   a  ☑  Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the
          place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure
          sections 2025 320 and 2025 340(b)–(f), or
   b  ☐  Before (name of appointee)
          who is appointed to administer oaths and to take testimony

4  The documents or things to be produced at the time and place of the deposition are
   ☑  described in Attachment 4    ☐  none

5  Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5   Number of pages
   attached  0

6  Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state
   deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7  The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the
   examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and
   answer questions

Date  APR 1 4 2011 _____

☐ Judge
OR
☐ Clerk, by _____A. MACIAS_____, Deputy

Court Seal

Form Approved for Optional Use
Judicial Council of California
DISC-030 [New January 1, 2008]

COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Page 1 of 1
Code Civ Proc § 2026 010(f)
www courtinfo ca gov

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven J Green (SBN 73705)<br>Department of Justice, Office of the Attorney General<br>1300 I Street, P O Box 944255, Sacramento, CA 94244-2550<br>TELEPHONE NO (916) 324-5157    FAX NO *(Optional)* (916) 324-2247<br>E-MAIL ADDRESS *(Optional)* Steven Green@doj.ca gov<br>ATTORNEY FOR *(Name)* State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS   720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE   Sacramento CA 95814
BRANCH NAME   Civil

SHORT TITLE

State of California Franchise Tax Board v Neal Howard, et al

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA<br>☐ ORDERED BY COURT   ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER<br>34-2011- 00101401 |
|---|---|

1 The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*

U S Philips Corporation, Custodian of Records

2 The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*

New York

3 The deposition will be conducted *(check one)*

a ☑ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025 320 and 2025 340(b)–(f), or

b ☐ Before *(name of appointee)*

who is appointed to administer oaths and to take testimony

4 The documents or things to be produced at the time and place of the deposition are

☑ described in Attachment 4   ☐ none

5 Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5 Number of pages attached   0

6 Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7 The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions

FILE COPY

Court Seal

APR 1 4 2011

Date _____

☐ Judge

OR   A. MACIAS

☑ Clerk, by _____, Deputy

Page 1 of 1

Form Approved for Optional Use<br>Judicial Council of California<br>DISC-030 [New January 1 2008]

COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Code Civ Proc § 2026 010(f)<br>www courtinfo ca gov

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven J Green (SBN 73705)<br>Department of Justice, Office of the Attorney General<br>1300 I Street, P O Box 944255, Sacramento, CA 94244-2550<br>TELEPHONE NO (916) 324-5157    FAX NO *(Optional)* (916) 324-2247<br>E-MAIL ADDRESS *(Optional)* Steven Green@doj ca gov<br>ATTORNEY FOR *(Name)* State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS 720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE Sacramento CA 95814
BRANCH NAME Civil

SHORT TITLE
State of California Franchise Tax Board v. Neal Howard, et al

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA<br>☐ ORDERED BY COURT   ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER<br>34-2011-00101401 |
|---|---|

1  The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*
Jo Ann Frank

2  The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*
Nevada

3  The deposition will be conducted *(check one)*

a  ☑  Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025 320 and 2025 340(b)–(f), or

b  ☐  Before *(name of appointee)*
who is appointed to administer oaths and to take testimony

4  The documents or things to be produced at the time and place of the deposition are
☑  described in Attachment 4   ☐  none

5  Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5   Number of pages attached  0

6  Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7  The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions

FILE COPY

Court Seal

Date  APR 1 4 2011

☐  Judge
OR
☑  Clerk, by    A. MACIAS    , Deputy

Page 1 of 1

COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Code Civ Proc , § 2026 010(l)
www courtinfo ca gov

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven J. Green (SBN 73705)<br>Department of Justice, Office of the Attorney General<br>1300 I Street, P O Box 944255, Sacramento, CA 94244-2550<br>TELEPHONE NO (916) 324-5157　FAX NO *(Optional)* (916) 324-2247<br>E-MAIL ADDRESS *(Optional)* Steven.Green@doj ca.gov<br>ATTORNEY FOR *(Name)* State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS 720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE Sacramento CA 95814
BRANCH NAME Civil

SHORT TITLE
State of California Franchise Tax Board v Neal Howard, et al

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA<br>☐ ORDERED BY COURT　☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER<br>34-2011-00101401 |
|---|---|

1　The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*
　Neil Howard

2　The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*
　Nevada

3　The deposition will be conducted *(check one)*
　a　☑　Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the
　　　　place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure
　　　　sections 2025 320 and 2025 340(b)–(f), or

　b　☐　Before *(name of appointee)*
　　　　who is appointed to administer oaths and to take testimony

4　The documents or things to be produced at the time and place of the deposition are
　☑　described in Attachment 4　☐　none

5　Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5　Number of pages
　attached　0

6　Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state
　deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7　The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the
　examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and
　answer questions

COPY

Court Seal

Date　APR 1 4 2011 _____

☐　Judge
　　OR
☑　Clerk, by _____　A. MACIAS　_____, Deputy

Form Approved for Optional Use
Judicial Council of California
DISC-030 [New January 1 2008]

COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Code Civ Proc　§ 2026 010(f)
www.courtinfo ca gov

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven J. Green (SBN 73705)<br>Department of Justice, Office of the Attorney General<br>1300 I Street, P O Box 944255, Sacramento, CA 94244-2550<br>TELEPHONE NO (916) 324-5157    FAX NO *(Optional)* (916) 324-2247<br>E-MAIL ADDRESS *(Optional)* Steven Green@doj ca gov<br>ATTORNEY FOR *(Name)* State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS 720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE Sacramento CA 95814
BRANCH NAME Civil

SHORT TITLE
State of California Franchise Tax Board v Neal Howard, et al

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA<br>☐ ORDERED BY COURT  ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER<br>34-2011-00101401 |
|---|---|

1  The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*
Algy Tamoshunas, Esq

2  The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*
New York

3  The deposition will be conducted *(check one)*
a  ☑  Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025 320 and 2025 340(b)–(f), or

b  ☐  Before *(name of appointee)*
who is appointed to administer oaths and to take testimony

4  The documents or things to be produced at the time and place of the deposition are
☑  described in Attachment 4     ☐  none

5  Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5   Number of pages attached  0

6  Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7  The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions

FILE COPY

Court Seal

Date _____

APR 1 4 2011    ☐ Judge
                OR    A. MACIAS
                ☐ Clerk, by _____, Deputy

Page 1 of 1

Form Approved for Optional Use<br>Judicial Council of California<br>DISC-030 [New January 1, 2008]

COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Code Civ Proc , § 2026 010(f)<br>www courtinfo ca gov

EXHIBIT 42

State of California
Franchise Tax Board

chair **John Chiang** | member **Jerome E. Horton** | member **Ana J. Matosantos**

Legal Division MS A260
PO BOX 1720
Rancho Cordova, CA 95741-1720

04.28.11

Chief Board Proceedings Division
State Board of Equalization
450 N Street, MIC:81
Sacramento, CA 95841

Regarding:             Appeal of Gilbert P. Hyatt
Appeal Case ID Nos:    435770 and 446509
Taxable Years:         1991 and 1992

Dear Ms. Olson:

FTB received a copy of Mr. Coffill's letter addressed to you and dated April 22, 2011 late last evening, April 27, 2011. Mr. Coffill, on behalf of his client Mr. Hyatt, describes the letter as written to "...preemptively apprise the Board of a potential upcoming issue regarding the existing briefing schedule in these matters." Apparently Mr. Hyatt is concerned that FTB will request an extension of time to file its reply brief. Mr. Coffill goes on to describe the basis for that alleged concern; that FTB has recently received commissions from the Sacramento Superior Court for several out of state depositions and Mr. Hyatt's administrative matter has been in process for "...nearly 18 years."

The reason for this letter is not to respond to Mr. Hyatt's premature threat to "...vigorously oppose..." any notional FTB request for an extension for "...any reason...," but to address three misrepresentations made within the letter. First, Mr. Hyatt omits essentially all the facts surrounding FTB's efforts to take depositions of several of the 37 affiants that form the support for Mr. Hyatt's massive 2010 "reply brief." Second, Mr. Hyatt misrepresents the reason that FTB did not take the final deposition until near the due date for FTB's opening brief. Third, Mr. Hyatt miscasts the reason why Mr. Hyatt's tax matter, initiated in June 1993 with a letter sent by FTB audit to Mr. Hyatt, remains ongoing.

It is unclear whether your Board has received copies of all the correspondence, subpoenas, court motions and orders that document the history of FTB's efforts to complete depositions since October 2010, but we will append some of that material to this letter. It supports the following:

FTB requested Mr. Coffill's cooperation in scheduling five of Mr. Hyatt's California affiants for deposition in September 2010. FTB indicated we were ready to begin depositions in "late October." As in earlier efforts Mr. Coffill (who, we fully appreciate, acts at the direction of his client) was profoundly unhelpful and, on the last date to reply to FTB's letter referred FTB to

another of Mr. Hyatt's California attorneys. That attorney, Roger McCaffrey, eventually communicated and coordinated the depositions with FTB counsel, but not until December 2010 and January 2011. And, one of the first five affiants, Robert Zuzak, remains unscheduled to this date because of continuing                    FTB received a letter delaying his deposition yet again just days ago.

In November 2010 FTB received a communication from another of Mr. Hyatt's California attorneys, Donald Kula, requesting FTB stipulate under a California statute to memorialize the deposition testimony of Mr. Hyatt's affiants. In a draft stipulation Mr. Hyatt announces that if any issue is decided against him by the Board of Equalization he may proceed to California Superior Court, therefore, Mr. Hyatt wants to memorialize his affiants' testimony. Your Board should be aware that Mr. Hyatt's attorneys were invited to conduct cross examination and are conducting cross examination of Mr. Hyatt's deposed affiants. To date such cross examination has been conducted by Mr. Hyatt's California attorneys Roger McCaffrey, Dale Fiola, Greg Roth and his Nevada attorney Mark Hutchison.

In February 2011 FTB obtained California commissions and noticed five depositions in Nevada. FTB subpoenaed for deposition five members of the Stratton family, two of whom provided lengthy and detailed affidavits appended to Mr. Hyatt's 2010 reply brief. In March 2011 a new-to-this-matter Las Vegas attorney, Robert Draskovich, appeared and said he represented the entire Stratton family. He said he was busy and he needed time to prepare his new clients. FTB accommodated Mr. Draskovich's request. March scheduled dates became April dates, then Mr. Hyatt's Nevada attorneys teamed with Mr. Draskovich and filed a motion to quash and a motion for a protective order. After motion practice and a hearing before a Las Vegas District Court judge (primarily argued by Mr. Hyatt's Nevada attorney Mark Hutchison), FTB prevailed. Two of the Stratton family finally sat for deposition just last week, on April 21, 2011, the day before Mr. Coffill's letter to your Board. Your Board will be interested to know that these two witnesses, David Stratton and Lori (Stratton) Novero, approached FTB anonymously last year, met with FTB, and accused Mr. Hyatt of "...purchasing testimonies through a façade of philanthropy..[h]e claims to be a philanthropist, gives you things, and then asks you to sign a prepared statement from his attorneys[,]" among other things. This quotation is from David Stratton referring to Mr. Hyatt's then ongoing efforts (in June 2010) to solicit affidavits from his older brother Brian Stratton and their mother Mary Stratton. Both Brian and Mary Stratton became affiants supporting Mr. Hyatt's August 2010 reply brief and their affidavits are on file with your Board. Brian Stratton, noticed for deposition in February, is to be scheduled for deposition in "May or June" 2011. FTB awaits counsel's commitment to a date. Mary Stratton, and her husband Jerry Stratton, also noticed in February, remain unscheduled. The Stratton's counsel has been unhelpful in scheduling or even in providing location information for service of process.

Your Board should also be apprised that FTB has received additional information concerning the process used by Mr. Hyatt in soliciting additional affidavits to support his briefing to your Board, information that corroborates the statement of David Stratton, quoted above. That this matter involves a fraud penalty, and is factually and legally complex, is self evident, the comments in Mr. Coffill's letter expressing Mr. Hyatt's opinion about the task before FTB notwithstanding.

As Mr. Coffill's letter mentions, in April FTB noticed and served three more of Mr. Hyatt's reply brief affiants in Nevada. FTB just received a letter from Roger McCaffrey stating that one witness is ill and unavailable for scheduling. The other two are scheduled for deposition in Las Vegas in May, barring any requests by Mr. Hyatt's attorneys or the witnesses themselves to delay or reschedule. Three other subpoenas are pending. One is a subpoena duces tecum for documents from U.S. Philips, Inc., located in New York, and two are for witnesses also in New York. One of these is an affiant offered in support of Mr. Hyatt's 2010 reply brief. Your Board is aware that one entire file box of the four that make up Mr. Hyatt's reply brief contains voluminous affidavits and documents addressing Mr. Hyatt's business activity with U.S. Philips.

Mr. Hyatt could easily assist FTB in timely completing the remaining depositions and document production. For example, Mr. Hyatt, or the attorney now representing the Strattons, could provide FTB with location information concerning Mary Stratton and Jerry Stratton so process could be served, and he could ask Philips to expeditiously comply with FTB's subpoena duces tecum and allow FTB to review the HYATT/PHILIPS licensing program documentation.

The second misrepresentation in Mr. Coffill's letter concerns the reason FTB took its final deposition before filing its opening brief in August 2009. Mr. Hyatt's counsel received notice of that deposition in mid-June 2009, the witness was served in Oklahoma on July 2, and it was accommodation requested by Mr. Hyatt's counsel that pushed the deposition into late August 2009. Despite those accommodations, FTB did not request an additional extension and incorporated the results of that witness's examination in FTB's opening brief, completed just days later.

The third misrepresentation in Mr. Coffill's letter is the clear implication that FTB is responsible for the length of time this matter has been pending: "Our point here is that against this background, and in a case where FTB began its examination of Mr. Hyatt nearly 18 years ago, 10 months for FTB to file discretionary reply briefs is most assuredly plenty of time." FTB will not repeat the record in this matter as your Board can review the documentation appended to FTB's opening brief from the inception of the audit in June 1993, Mr. Hyatt's responses to FTB audit questions in 1994 and 1995, through Mr. Hyatt's final compliance with FTB document requests in 2007, and make up your own mind. Suffice it to say that FTB vigorously disagrees that there is any reason outside of Mr. Hyatt's discretionary choices and actions over 18 years that this matter remains unresolved.

Lastly, the comment about FTB's reply being a "...discretionary reply brief..." is technically accurate but startlingly inappropriate when you consider that Mr. Hyatt's "reply brief" contained his first comprehensive argument regarding his physical presence and activity during the 1991 and 1992 period at issue, four file boxes full of documents, supported by 37 new to this matter affidavits, some 300 pages in length. The third brief before your Board on appeal should represent the very end of the third and final step within a three step administrative remedy process (audit, protest, then appeal) in a California income tax matter, not a forum to make a comprehensive argument for the first time.

FTB has not yet decided whether or not it will seek an extension under your Board's rules. If FTB does make a request for extension in this matter it will include the reasons and, as your Board can plainly see, the reasons will not be that FTB requests time for time's sake.

Sincerely,

Robert W. Dunn
Tax Counsel IV

cc: Eric Coffill, by Facsimile

Enclosures

EXHIBIT 43

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222
WWW.MOFO.COM

RECEIVED
JUN 21 2011
SACRAMENTO LEGAL
FRANCHISE TAX BRD

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

June 17, 2011

Writer's Direct Contact
916/325-1324
ECoffill@mofo.com

By Email and by Certified Mail No. 7004 0750 0001 2927 7119
Return Receipt Requested

Diane G. Olson
Chief, Board Proceedings Division - MIC:80
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0080

Re:    Appeal of Gilbert P. Hyatt
       Case ID No. 435770, Tax Year 1991
       Case ID No. 446509, Tax Year 1992

Dear Diane:

The purpose of this letter is to inform the Board of FTB's recent actions which, we believe, are in anticipation of an extension of time request by FTB for the filing of its Reply Briefs.

FTB was given ten months to file its Reply Briefs. Nearly two months ago, by letter dated April 22, 2011, we apprised the Board of a potential issue regarding the existing briefing schedule in the above entitled matters. FTB's Respondent's Reply Briefs are due June 30, 2011 — 13 days from the date of this letter. The briefing deadline has now been called to the forefront as a result of recent actions by FTB. As of this time, we have not been served by FTB with any request for an extension of time beyond June 30, 2011 for filing its Reply Briefs.

Despite not obtaining (or even requesting) an extension, FTB is scheduling subpoena dates beyond the June 30th filing date. As of today's date, FTB has taken the following actions which involve discovery related to these appeals that is well beyond its current June 30, 2011 briefing deadline:

- Subpoenaed deposition of the Custodian of Records at U.S. Philips Corporation and related production of documents is being rescheduled by FTB to "sometime in July or August" (*see* email from S. DePeel to G. Roth, 6/16/2011, attached hereto as Exhibit A);

sa-63999

**MORRISON** | **FOERSTER**

Diane G. Olson
June 17, 2011
Page Two

- Subpoenaed deposition of U.S. Philips Corporation executive Jack Haken is being rescheduled by FTB to "sometime in July or August" (*id.*); and

- Subpoenaed deposition of retired and former U.S. Phillips Corporation executive Algy Tamoshunas is currently set for June 29, 2011 but FTB has stated its intent to unilaterally reschedule such deposition until "a date subsequent to the production of Philips' documents (a date to be determined)" (*id.*).

There is no point in this Board setting deadlines if it permits parties to ignore them.

FTB did not even obtain commissions to take this discovery until April 14, 2011. (*See* Commission to Take Deposition outside California for Jack Haken, U.S. Philips Corporation Custodian of Records and Algy Tamoshunas, collectively attached hereto as Exhibit B.) The FTB did not obtain New York subpoenas to enforce the commissions until May 26, 2011. (*See* Subpoena Duces Tecum for Jack Haken, U.S. Philips Corporation Custodian of Records and Algy Tamoshunas, collectively attached hereto as Exhibit C.) Even under the former deposition and document production dates for these individuals, FTB could have never completed the discovery in time to meet this Board's June 30, 2011 briefing deadline. Jack Haken's deposition was scheduled for June 30, 2011 (*i.e. the* briefing deadline date), the U.S. Philips Corporation Custodian of Records deposition was scheduled for June 28, 2011, Algy Tamoshunas' deposition was scheduled for June 29, 2011 and the related document productions for all three depositions were scheduled for June 24, 2011. (*See* Exhibit C.)

Accordingly, we wish to continue to make clear to FTB and to Board Proceedings, and to be on the record at this time, that Mr. Hyatt will vigorously oppose <u>any</u> further requests by FTB for extensions of time for <u>any</u> amount of time on <u>any</u> ground. Board Proceedings was most gracious in allowing FTB ten months to file its Respondent's Reply Briefs, and Mr. Hyatt was most gracious in not opposing FTB's request for ten months. We now expect to see FTB's Respondent's Reply Briefs filed on time no later than June 30, 2011 per this Board's September 29, 2010 order.

Very truly yours,

*Eric*

Eric J. Coffill

Enclosures

cc:  SBE Chief Counsel (w/encls.) (by email)
     Gilbert Hyatt (w/encls.) (by email)
     Robert Dunn, FTB (w/encls.) (by email)

sa-63999

# Exhibit

# A

From: Scott.DePeel@ftb.ca.gov
To: rothpatent@aol.com
CC: Robert.Dunn@ftb.ca.gov, jbradshaw@mcdonaldcarano.com, Trivigno@clm.com
Sent: 6/16/2011 10:01:16 A.M. Pacific Daylight Time
Subj: RE: Deposition of Algy Tamoshunas

We will reschedule Mr. Tamoshunas' currently noticed deposition to a date subsequent to the production of Philips' documents (a date to be determined). The US Philips depositions will be rescheduled to sometime in July or August due to the current unavailability of US Philips' counsel. We will propose a new date for Mr. Tamoshunas' deposition as soon as possible. If your client has any documents to produce we propose that Mr. Tamoshunas agree to send any documents directly to Mr. Trivigno at his New York office (contact information is below) in advance of Mr. Tamoshunas' rescheduled deposition date.

LEONARDO TRIVIGNO

CARTER LEDYARD & MILBURN LLP

TWO WALL STREET | NEW YORK, NY 10005

DIRECT: 212-238-8724 | FAX: 212-732-3232

EMAIL: TRIVIGNO@CLM.COM

**From:** Greg Roth [mailto:rothpatent@aol.com]
**Sent:** Tuesday, June 14, 2011 5:10 PM
**To:** DePeel.Scott; Rothpatent@aol.com
**Subject:** Deposition of Algy Tamoshunas

June 14, 2011
Scott DePeel, Esq
Franchise Tax Board
Legal Branch MS A-260
Sacramento, California 95741
scott.depeel@ftb.ca.gov

Dear Mr. DePeel

As indicated in our telephone call on June 10, 2011, I do represent Algy Tamoshunas and he will not be coming to Nevada for his deposition.

The deposition of Mr. Tamoshunas will therefore proceed as set forth in the subpoena. It will begin at 10:00 A.M. on June 29, 2011, at 75 South Broadway, 4th Floor, White Plains, New York 10601.

Greg Roth

THIS E-MAIL TRANSMISSION IS CONFIDENTIAL and is intended to be sent only to the recipient stated in the transmission. It may also be protected by the attorney/client, official information and attorney work product privileges; it may be protected by the common law and constitutional right to privacy. Any review or use by other than the intended recipient is strictly prohibited. Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the federal Electronic Communications Privacy Act. If you are not the intended recipient, destroy the email message and please notify immediately by email or by telephone at the number above. Thank you. Due to Franchise Tax Board's email filtering and blocking software, some email messages coming in to the FTB may not reach their destination/intended recipient. Please follow up important messages by telephone, letter or fax.

# Exhibit

# B

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven J Green (SBN 73705) <br> Department of Justice, Office of the Attorney General <br> 1300 I Street, P O Box 944255, Sacramento, CA 94244-2550 <br> TELEPHONE NO (916) 324-5157    FAX NO *(Optional)* (916) 324-2247 <br> E-MAIL ADDRESS *(Optional)* Steven Green@doj ca gov <br> ATTORNEY FOR *(Name)* State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS   720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE   Sacramento CA  95814
BRANCH NAME   Civil

SHORT TITLE
State of California Franchise Tax Board v  Neal Howard, et al.

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA <br> ☐ ORDERED BY COURT   ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER <br> 34-2011-00101401 |
|---|---|

1  The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*
   Jack E  Haken, U S  Philips Corporation

2  The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*
   New York

3  The deposition will be conducted *(check one)*
   a  ☑  Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the
       place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure
       sections 2025 320 and 2025 340(b)–(f), or

   b  ☐  Before *(name of appointee)*
       who is appointed to administer oaths and to take testimony

4  The documents or things to be produced at the time and place of the deposition are
   ☑  described in Attachment 4   ☐  none

5  Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5   Number of pages
   attached  0

6  Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state
   deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7  The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the
   examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and
   answer questions

COPY

Court Seal

Date _____

APR  1 4 2011   ☐  Judge
                OR
              ☑ Clerk, by  A.  MACIAS  _____, Deputy

Page 1 of 1

COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Code Civ Proc § 2026 010(f)
www courtinfo ca gov

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Steven J Green (SBN 73705)<br>Department of Justice, Office of the Attorney General<br>1300 I Street, P O Box 944255, Sacramento, CA 94244-2550<br>TELEPHONE NO (916) 324-5157  FAX NO (Optional) (916) 324-2247<br>E-MAIL ADDRESS (Optional) Steven Green@doj.ca gov<br>ATTORNEY FOR (Name) State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS     720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE     Sacramento CA 95814
BRANCH NAME     Civil

SHORT TITLE
State of California Franchise Tax Board v Neal Howard, et al

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA<br>☐ ORDERED BY COURT  ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER<br>34-2011-00101401 |
|---|---|

1  The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*
   U S Philips Corporation, Custodian of Records

2  The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*
   New York

3  The deposition will be conducted *(check one)*
   a ☑ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025 320 and 2025 340(b)–(f), or

   b ☐ Before *(name of appointee)*
      who is appointed to administer oaths and to take testimony

4  The documents or things to be produced at the time and place of the deposition are
   ☑ described in Attachment 4     ☐ none

5  Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5  Number of pages attached  0

6  Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7  The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions

APR 1 4 2011

Date _____

☐ Judge

   OR     A. MACIAS

☑ Clerk, by _____, Deputy

Court Seal

FILE COPY

Form Approved for Optional Use
Judicial Council of California
DISC-030 [New January 1 2008]

· COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA

Page 1 of 1
Code Civ Proc  § 2026 010(f)
www courtinfo ca gov

**DISC-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven J. Green (SBN 73705) Department of Justice, Office of the Attorney General 1300 I Street, P O Box 944255, Sacramento, CA 94244-2550 TELEPHONE NO (916) 324-5157  FAX NO *(Optional)* (916) 324-2247 E-MAIL ADDRESS *(Optional)* Steven Green@doj ca gov ATTORNEY FOR *(Name)* State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS  720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE  Sacramento CA  95814
BRANCH NAME  Civil

SHORT TITLE

State of California Franchise Tax Board v  Neal Howard, et al

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA ☐ ORDERED BY COURT  ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER 34-2011-00101401 |
|---|---|

1  The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*
   Algy Tamoshunas, Esq

2  The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*
   New York

3  The deposition will be conducted *(check one)*

   a ☑ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025 320 and 2025 340(b)–(f), or

   b ☐ Before *(name of appointee)*
       who is appointed to administer oaths and to take testimony

4  The documents or things to be produced at the time and place of the deposition are    .
   ☑ described in Attachment 4    ☐ none

5  Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5   Number of pages attached  0

6  Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7  The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions    .

Date  _____

APR 1 4 2011   ☐ Judge
               OR        A. MACIAS
               ☐ Clerk, by _____, Deputy

FILE COPY

Court Seal

Form Approved for Optional Use
Judicial Council of California
DISC-030 [New January 1, 2008]

**COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA**

Code Civ Proc , § 2026 010(f)
www courtinfo ca gov

# Exhibit

# C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------x

In the matter of:                                    :
                                                     :
The Application of State of California Franchise      :      **SUBPOENA DUCES TECUM**
Tax Board for the deposition and production of        :
business records from Jack E. Haken for use in an     :
action pending in the Superior Court of California    :
entitled <u>State of California Franchise Tax Board</u>    :
<u>v. Neal Howard, et al.</u> (Case No. 34-2011-        :
00101401)                                            :
                                                     :
                                                     :
------------------------------------------------------x

## THE PEOPLE OF THE STATE OF NEW YORK

**To:**   **Jack E. Haken**
          **US Philips Corporation**

          ████████████████████

          **WE COMMAND YOU**, that all business and excuses being laid aside, produce

pursuant to CPLR § 3119, at the offices Suite Solutions, 75 South Broadway, 4th Floor, White

Plains, New York 10601 on or before June 24, 2011, at 10:00 a.m., all documents and other

things in your possession, custody or control described on the attached Exhibit A.

          **WE FURTHER COMMAND YOU**, that all business and excuses being laid aside,

appear for a deposition pursuant to CPLR § 3119 at the offices of Suite Solutions, 75 South

Broadway, 4th Floor, White Plains, New York 10601 on June 30, 2011, at 10:00 a.m.

          The circumstances or reasons said document production and deposition are sought or

required are that the information is material, relevant and necessary for the prosecution and

defense of the above-captioned action.  It is believed that you have relevant information

concerning, among other things, Gilbert P. Hyatt's assertion that he became a nonresident of

6773453.1

6793224.2

California in or around 1991 and Mr. Hyatt's contention that he did not operate a business from

California through December 1992.

Failure to comply with this subpoena is punishable as a contempt of Court and shall make

you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed

fifty dollars and all damages sustained by reason of your failure to comply.

Dated: May 26, 2011                          CARTER LEDYARD & MILBURN LLP

                                             By _____
                                                        Leonardo Trivigno

                                             2 Wall Street
                                             New York, NY 10005
                                             Telephone: (212) 238-8724

                                             *Attorneys for Plaintiff State of California Franchise Tax Board*

-2-

6773453.1

6793224.2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------x
In the matter of:                                :
                                                 :
The Application of State of California Franchise :
Tax Board for the deposition and production of   :      **SUBPOENA DUCES TECUM**
business records from the Custodian of Records   :
for U.S. Philips Corporation for use in an action :
pending in the Superior Court of California      :
entitled <u>State of California Franchise Tax Board</u> :
<u>v. Neal Howard, et al.</u> (Case No. 34-2011-   :
00101401)                                        :
                                                 :
------------------------------------------------------x

### THE PEOPLE OF THE STATE OF NEW YORK

To:     **Custodian of Records**
        **U.S. Philips Corporation**
        ███████████████████████

    **WE COMMAND YOU,** that all business and excuses being laid aside, produce pursuant to CPLR § 3119, at the offices of Suite Solutions, 75 South Broadway, 4th Floor, White Plains, New York 10601 on or before June 24, 2011, at 10:00 a.m., all documents and other things in your possession, custody or control described on the attached Exhibit A.

    **WE FURTHER COMMAND YOU,** that all business and excuses being laid aside, appear for a deposition pursuant to CPLR § 3119 at the offices of Suite Solutions, 75 South Broadway, 4th Floor, White Plains, New York 10601 on June 28, 2011, at 10:00 a.m.

    The circumstances or reasons said document production and deposition are sought or required are that the information is material, relevant and necessary for the prosecution and defense of the above-captioned action. It is believed that you have relevant information concerning, among other things, Gilbert P. Hyatt's assertion that he became a nonresident of

6773453.1

6793223.2

California in or around 1991 and Mr. Hyatt's contention that he did not operate a business from California through December 1992.

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason of your failure to comply.

Dated: May 26, 2011

CARTER LEDYARD & MILBURN LLP

By _____
                    Leonardo Trivigno

2 Wall Street
New York, NY 10005
Telephone: (212) 238-8724

*Attorneys for Plaintiff State of California Franchise Tax Board*

-2-

6773453.1

6793223.2

JUN-02-2011  13:11       CL&M                                    2127323232        P.74/23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x
In the matter of:                                    :
                                                     :
The Application of State of California Franchise     :
Tax Board for the deposition and production of       :    **SUBPOENA DUCES TECUM**
business records from Algy Tamoshunas for use        :
in an action pending in the Superior Court of        :
California entitled State of California Franchise     :
Tax Board v. Neal Howard, et al. (Case No. 34-       :
2011-00101401)                                       :
                                                     :
-----------------------------------------------------------------x

## THE PEOPLE OF THE STATE OF NEW YORK

**To:    Algy Tamoshunas**

███████████████████████████

       **WE COMMAND YOU,** that all business and excuses being laid aside, produce pursuant

to CPLR § 3119, at the offices of Suite Solutions, 75 South Broadway, 4th Floor, White Plains,

New York 10601 on or before June 24, 2011, at 10:00 a.m., all documents and other things in

your possession, custody or control described on the attached Exhibit A.

       **WE FURTHER COMMAND YOU,** that all business and excuses being laid aside,

appear for a deposition pursuant to CPLR § 3119 at the offices of Suite Solutions, 75 South

Broadway, 4th Floor, White Plains, New York 10601 on June 29, 2011, at 10:00 a.m.

       The circumstances or reasons said document production and deposition are sought or

required are that the information is material, relevant and necessary for the prosecution and

defense of the above-captioned action.  It is believed that you have relevant information

concerning, among other things, Gilbert P. Hyatt's assertion that he became a nonresident of

California in or around 1991 and Mr. Hyatt's contention that he did not operate a business from

California through December 1992.

6773453.1

6793222.2

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason of your failure to comply.

Dated: May 26, 2011                          CARTER LEDYARD & MILBURN LLP

By _____
                                    Leonardo Trivigno

2 Wall Street
New York, NY 10005
Telephone:  (212) 238-8724

*Attorneys for Plaintiff State of California*
*Franchise Tax Board*

-2-

6773453.1

6793222.2

EXHIBIT 44

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

July 5, 2011

Writer's Direct Contact
916/325-1324
ECoffill@mofo.com

By Mail, Fax and E-mail This Date

Catherine Wurst, Manager
Board Proceedings Division
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0080

Re:    Appeal of Gilbert P. Hyatt
        Case ID No. 435770, Tax Year 1991
        Case ID No. 446509, Tax Year 1992
        Request for Extension of Time to File Appellant's Supplemental Reply Briefs, and
        Request to File Appellant's Supplemental Reply Briefs of 100 pages

Dear Catherine:

Pursuant to RTAs 5430(c) and 5522.8, the taxpayer hereby requests that the due date for both Appellant's Supplemental Reply Briefs in Case No. 435770 (tax year 1991) and Case No. 446509 (Tax year 1992) be extended by ten months.

Also, pursuant to RTA 5430(e), the taxpayer hereby requests that he be allowed to file his Appellant's Supplemental Reply Briefs in Case No. 435770 (tax year 1991) and Case No. 446509 (Tax year 1992) each not to exceed 100 pages.

The reasons for these requests are as follows.

On August 23, 2010, the taxpayer timely filed his Appellant's Reply Briefs in the above two matters.

By letters dated August 26, 2010, Board Proceedings informed FTB that if it wished to request permission to file supplemental briefs, it had until September 10, 2010, to make those requests.

By letter dated September 1, 2010, FTB requested permission to file reply briefs in the above two matters; requested a page limit not to exceed 100 pages for each brief; and requested an extension to June 30, 2011 to file those briefs. FTB's letter of September 1, 2010 states in part:

sa-64054

**MORRISON** | **FOERSTER**

Catherine Wurst
July 5, 2011
Page Two

> FTB consulted with Mr. Hyatt's counsel, Mr. Coffill, before submitting
> this request. Mr. Hyatt's counsel has no objection to the Board granting
> FTB's request to file reply briefs under RTA 5431(c) or to briefs of 100
> pages, or to an extension until June 30, 2011 to file those briefs. FTB
> recognizes that Mr. Hyatt will then be entitled under RTA 5431(c)(3) to
> file Supplemental Briefs and, in turn, FTB has no objection to Mr. Hyatt
> receiving from the Board comparable time and number of pages of
> briefing for these Supplemental Briefs.

By letters dated September 20, 2010, Board Proceedings granted FTB's requests.

FTB filed its two Reply Briefs on June 30, 2011. Under RTA 5431(c)(3), the taxpayer now
has a *right* to file Appellant's Supplemental Briefs within *30 days* from the date the Chief of
Board Proceedings acknowledges receipt of the Respondent's Reply Briefs. As of this date,
we have not received any such letter from Board Proceedings.

FTB's Reply Brief for 1991 is 100 pages; FTB's Reply Brief for 1992 is 100 pages. Both
briefs were accompanied by two boxes of exhibits. These two appeals involve substantial
sums of money. These two appeals also involve complex factual and legal issues involving
residency and penalties – and now, also sourcing, which FTB raises as a new issue on appeal.
FTB's two Reply Briefs contain large amounts of information never before presented in this
case. We ask that Mr. Hyatt be granted comparable briefing to that granted FTB, i.e., ten
months and 100 pages for each brief.

For the above reasons, the taxpayer respectfully requests its requests be granted.

Respectfully submitted,

Eric J. Coffill
Attorney for Appellant

cc:    Robert Dunn, FTB - by mail, fax and e-mail

sa-64054

EXHIBIT 45



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084• FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller
_____
KRISTINE CAZADD
Interim Executive Director

July 5, 2011

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

The Franchise Tax Board recently filed a reply brief in the above-entitled matter. Your request for an extension to file a reply for the 1991 tax year is granted with a due date of **May 5, 2012**. Also, your request for an additional 100 pages is also granted.

If we do not receive a brief by the above date, we will schedule the above-appeal for an oral hearing and you will receive approximately 75 days advance notice of the time and location of the hearing.

Sincerely,

Jimisa Brown
Appeals Analyst
Board Proceedings Division

cc:    Gilbert P. Hyatt
c/o Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Gilbert P. Hyatt
P.O. Box 81230
Las Vegas, NV 89180

Franchise Tax Board - Legal (MS A2.60)



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084• FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (Ret.)
Second District, Lancaster

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

————
KRISTINE CAZADD
Interim Executive Director

July 5, 2011

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 446509

Dear Mr. Coffill:

The Franchise Tax Board recently filed a reply brief in the above-entitled matter. Your request for an extension to file a reply is granted with a due date of **May 5, 2012**. Also, your request for an additional 100 pages is also granted for the 1992 tax year.

If we do not receive a brief by the above date, we will schedule the above-appeal for an oral hearing and you will receive approximately 75 days advance notice of the time and location of the hearing.

Sincerely,

Jimisa Brown

Jimisa Brown
Appeals Analyst
Board Proceedings Division

cc:     Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

        Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV 89180

        Franchise Tax Board - Legal (MS A2.60)

EXHIBIT 46

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

July 8, 2011

Writer's Direct Contact
916/325-1324
ECoffill@mofo.com

By Email and by Certified Mail No. 7003 2260 0003 0022 2966
Return Receipt Requested

Diane G. Olson
Chief, Board Proceedings Division - MIC:80
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA  94279-0080

Re:   Appeal of Gilbert P. Hyatt
      Case ID No. 435770, Tax Year 1991
      Case ID No. 446509, Tax Year 1992
      Request for Board Order Regarding No Additional Briefing

Dear Diane:

The purpose of this letter is to inform and notify the Board of the brazen announcement FTB makes in its Reply Briefs, filed June 30th, that it intends to file additional briefing in this matter.  We request the Board issue an order directed to FTB prohibiting such conduct which is clearly unauthorized by the Board's Rules for Tax Appeals ("RTAs").

By way of background, you will recall that on April 22, 2011, we alerted the Board that on April 14, 2011, approximately seven months into its 10-month briefing period and with less than three months remaining to file its Reply Briefs, FTB had obtained from the Sacramento County Superior Court six commissions for depositions to be taken outside of California.  In that letter, we made clear that Mr. Hyatt would vigorously oppose any further requests by FTB for extensions of time.  By letter dated April 28, 2011, FTB stated it had "not yet decided whether or not it will seek an extension under your Board's rules" and if "FTB does make a request for extension in this matter it will include the reasons …."  On June 17, 2011, we again alerted the Board that despite not obtaining or even requesting an extension, FTB was scheduling subpoena dates well beyond the June 30, 2011 filing date.

On June 30, 2011, FTB timely filed its Respondent's Reply Briefs, without requesting an extension of additional time.

MORRISON | ⸱ ⸝ERSTER

Diane G. Olson
July 8, 2011
Page Two

It is helpful to recall the history behind the filing of those Reply Briefs. On August 23, 2010, the taxpayer timely filed his Appellant's Reply Briefs in the above two matters. By letters dated August 26, 2010, Board Proceedings informed FTB that if it wished to request permission to file supplemental briefs, it had until September 10, 2010, to make those requests. By letter dated September 1, 2010, FTB requested permission to file reply briefs in the above two matters; requested a page limit not to exceed 100 pages for each brief; and requested an extension to June 30, 2011 to file those briefs. By letters dated September 20, 2010, Board Proceedings granted FTB's requests in full.

Accordingly, (1) FTB had no right under the Board rules to even file reply briefs, but were allowed to file such briefs by permission of the Board; (2) FTB was given the full 100 pages it requested for each brief instead of the required maximum limit of 30 pages under RTA 5430(e); and (3) FTB was given the full ten months it had requested to file those briefs.

Now, after having ten months to file yet 200 pages more of briefing in FTB's two Reply Briefs, FTB proceeds to <u>tell</u> this Board and Mr. Hyatt that it <u>will</u> supplement its June 30, 2011 briefing. Specifically, it states:

> As your Board is well aware there are several depositions and a document production yet to be completed in this matter. Recent correspondence from the parties to your Board documents this process in considerable detail. FTB *will* supplement its briefing in this matter with any relevant evidence obtained and with recent and future transcripts, to include witness corrections.

(1992 Respondent's Reply Brief, p. 100, lines 25-28, emph. added.)[1]

---

[1] FTB makes these unilateral announcements elsewhere in its Reply Briefs. Take for example the following statements:

- "FTB took Mr. Staley's deposition on June 29, 2011 (the day before the due date of this reply brief). FTB *will* supplement this brief with a transcript of his deposition and FTB analysis." (1991 Respondent's Reply Brief, p. 66, lines 3-4, emph. added.)
- "… FTB *intends* to supplement its previous filings and provide to the Board all final transcripts of depositions yet to be completed." (Attachment D, p. 2, footnote 1, emph. added.)
- "FTB *intends* to schedule and complete all depositions noticed and *will* supplement the record after witnesses appear, review their testimony and [sic] their final transcripts are ready." (*Id.*, p. 93, footnote 221, emph. added.)
- "FTB *intends* to supplement and provide the final transcript when available." (*Id.*, pp. 117-118.)

We take FTB's statements to mean that it intends to file supplemental briefs in these appeals, for it cannot be read any other way. Certainly FTB cannot refile, or amend, or add-to their existing briefs on file, as those deadlines have long passed. FTB's Respondent's Opening Briefs were filed in September 2009, and FTB's Reply Briefs were filed on June 30, 2011.

MORRISON | ⌐ ⌐ERSTER

Diane G. Olson
July 8, 2011
Page Three


There is nothing in the RTAs which allows FTB to unilaterally "supplement its briefing" on its own accord. Note that FTB cites to no such authority.

There is nothing in the RTAs which allows FTB to request permission to file a supplemental brief at this time. Note that FTB cites to no such authority.

Finally, there is nothing, we respectfully submit, in the RTAs that gives the Board the authority to permit FTB to file a supplemental brief at this time.

By not responding to FTB's statements in its recent briefing regarding its intention to file unauthorized supplemental briefs at its whim at some future time, the Board is condoning FTB's conduct, diminishing its own authority, and undermining the purpose of having the RTAs.

Accordingly, we request the Board issue an order at this time which states that upon the filing of Mr. Hyatt's Supplemental Briefs in accordance with this Board's letter of July 5, 2011, the briefing in these two appeals is completed and no further briefs shall be filed by request of the parties.

**FTB's Excessive Delays**

The history of Mr. Hyatt's case is fraught with delays by FTB, with its recent statements regarding "supplementing its briefing" just being the most recent example in a long and continuing course of conduct. The audit for appeal year 1991 ended by the issuance of a NPA in April 1996. The audit for appeal year 1992 ended by the issuance of a NPA in August 1997. The protests for 1991 and 1992 ended by the issuance of Notices of Action in December 2007 – over eleven and ten years, respectively, of protest proceedings in the two cases. Mr. Hyatt timely filed his two appeals with the Board in May 2008. Mr. Hyatt's Supplemental Reply Briefs are due May 5, 2012. It will be 16 years from the time of the 1991 NPA to the time Mr. Hyatt's Supplemental Reply Briefs are filed. No hearings are even yet scheduled in these cases, where Board Proceedings will have before it - so far - 745 pages of briefing and 12 boxes of filings.[2]

---

[2] Specifically, Appellant's 1991 and 1992 Opening Briefs were 95 and 75 pages, respectively, with four boxes of additional filings. Respondent's 1991 and 1992 Opening Briefs were 100 and 75 pages, respectively, with two boxes of additional filings. Appellant's 1991 and 1992 Reply Briefs were 100 pages each, with four boxes of additional filings. Respondent's 1991 and 1992 Reply Briefs were 100 pages each, with two boxes of additional filings. In response to FTB's June 30, 2011 briefing, we anticipate Appellant's Supplemental Briefs due in 2012 will be approximately an additional 200 pages with additional multiple boxes of exhibits.

MORRISON | _ OERSTER

Diane G. Olson
July 8, 2011
Page Four

FTB now states it needs to "supplement its briefing" primarily because it has outstanding
subpoena depositions in New York involving Jack Haken, executive with U.S. Philips
Corporation, Algy Tamoshunas, retired and former executive with U.S. Philips Corporation
and the Custodian of Records at U.S. Philips Corporation. Mr. Hyatt makes the following
observations:

First, recall FTB waited until April 14, 2011 – seven and a half months into its briefing
period – to seek commissions for the three New York subpoenas.[3] Worse yet, remember
FTB let another six weeks expire – nine solid months into its briefing period and only one
month before the filing deadline – before even obtaining subpoenas on May 26, 2011 to
enforce such commissions.[4]

Second, FTB further delayed the process by cancelling a deposition it scheduled. Recall,
FTB first subpoenaed Mr. Tamoshunas on May 26, 2011 for a document production on June
24, 2011 and a deposition on June 29, 2011.[5] Mr. Tamoshunas timely responded to the
document production.[6] Mr. Tamoshunas was also prepared to be at the deposition on June
29, 2011.[7] However, FTB unilaterally cancelled his deposition and announced that it would
reschedule it in late July 2011.[8]

Third, the lack of immediate availability of the New York deponents, in particular Jack
Haken and the Custodian of Records at U.S. Philips Corporation, should have been
anticipated by FTB. U.S. Philips Corporation is a wholly owned subsidiary of Koninklijke
Philips Electronics N.V. ("KPE"). KPE, headquartered in Amsterdam, is one of the largest

---

[3] See Commission to Take Deposition outside California for Jack Haken, U.S. Philips Corporation Custodian of
Records and Algy Tamoshunas, collectively attached hereto as Exhibit A.

[4] Attached hereto collectively as Exhibit B are the relevant portions of the Subpoenas Duces Tecum for Jack
Haken, U.S. Philips Corporation Custodian of Records and Algy Tamoshunas.

[5] See Exhibit B, Subpoena Duces Tecum for Algy Tamoshunas.

[6] See Exhibit C, June 23, 2011 letter from G. Roth to L. Trivigno indicating the only responsive documents Mr.
Tamoshunas had in his possession was the FTB subpoena that was served on him and his August 4, 2010
affidavit.

[7] See Exhibit C, June 14, 2011 letter from G. Roth to S. DePeel indicating Mr. Tamoshunas deposition will
proceed as set forth in the subpoena.

[8] See Exhibit C, June 16, 2011 e-mail from S. DePeel to G. Roth and June 21, 2011 letter from L. Trivigno to G.
Roth.

MORRISON | ERSTER

Diane G. Olson
July 8, 2011
Page Five

consumer goods companies worldwide, operating in 100 countries and employing over 117,000 people. A company of KPE's size and sophistication is clearly not going to take lightly court-ordered subpoenas of records and an executive of its wholly owned subsidiary. For FTB to have believed it could serve subpoenas and schedule document productions and depositions within less than a month of serving these particular subpoenas is unreasonable at best. This does not even take into consideration the logistics of Mr. Haken's personal availability and the related impact on scheduling a deposition in New York.

Moreover, neither this firm nor Mr. Hyatt are in a position to control, exert influence or otherwise facilitate FTB's depositions involving U.S. Philips Corporation or its employees. Mr. Hyatt does not represent U.S. Philips Corporation or its employees.[10] To the extent FTB states otherwise is false and does not serve as an excuse for FTB's failure to have timely proceeded with whatever additional investigation it felt was needed in these appeals.

Finally, consider the expansive breadth of FTB's New York subpoenas and how instructive this is of FTB's decades long attempt to prolong this case. The information and documentation sought by FTB from U.S. Philips Corporation, Jack Haken and Algy Tamoshunas go well beyond the 1991 and 1992 tax years at issue. In particular, the U.S. Philips Corporation Custodian of Records subpoena makes 54 document production requests – 42 of such requests have *no* time period reference or reference years outside the September 1991 through April 1992 period in dispute.[11] Examples of such requests include:

- "All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity licensed or sub-licensed to make, use, sell, or import any invention claimed in any Hyatt Patent."[12]

- "All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect efforts by Mahr Leonard Management Co. to negotiate or sub-license under any Hyatt Patent."[13]

---

[10] We understand that Sullivan & Cromwell now represents U.S. Philips Corporation in the matter.

[11] *See* Exhibit B, Subpoena Duces Tecum for U.S. Philips Corporation Custodian of Records, Ex. A, Description of Records, ¶¶ 1-54.

[12] *See* Exhibit B, Subpoena Duces Tecum for U.S. Philips Corporation Custodian of Records, Ex. A, Description of Records, ¶ 1.

[13] *See* Exhibit B, Subpoena Duces Tecum for U.S. Philips Corporation Custodian of Records, Ex. A, Description of Records, ¶ 10.

MORRISON | ⌐ERSTER

Diane G. Olson
July 8, 2011
Page Six

- "All documents, and all files and their contents, that relate to, mention, discuss, or concern negotiating the "Licensing Rights Termination and Indemnification Agreement" ... on December 12, 1997...."[14]

- "All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between any representative of U.S. Philips Corporation or related entity and Barry Lee."[15]

Moreover, the scope of documents sought in each request is expansive – 51 out of 54 of the requests are for "[a]ll documents" without limitation.[16] Similar document production requests – i.e., requests that go well beyond the 1991 and 1992 tax years at issue and are expansive in scope – are made with regard to the Jack Haken and Algy Tamoshunas subpoenas.[17]

Needless to say, FTB's actions are caused by its *own* excessive delays and boundless investigations.

**Request for Order Prohibiting FTB's Unauthorized Conduct**

In February 2008, this Board's RTAs came into effect, replacing its prior Rules of Practice. Since the time the Notices of Appeal were filed in January 2008, Appellant has followed the Board's rules and we respectfully contend that we are entitled to expect this Board to enforce them equally as to all other parties appearing before the Board.

Recall what the FTB is attempting to do – it announced that it will "supplement its briefing" and unilaterally awarded itself not only an indefinite extension of time, but supplemental brief(s) which would obviously go beyond the 200-page limit granted by the Board and the June 30th briefing deadline granted by the Board. There is nothing in the RTAs that permits FTB's intended course of action.

---

[14] *See* Exhibit B, Subpoena Duces Tecum for U.S. Philips Corporation Custodian of Records, Ex. A, Description of Records, ¶ 40.

[15] *See* Exhibit B, Subpoena Duces Tecum for U.S. Philips Corporation Custodian of Records, Ex. A, Description of Records, ¶ 51.

[16] *See* Exhibit B, Subpoena Duces Tecum for U.S. Philips Corporation Custodian of Records, Ex. A, Description of Records, ¶ 1-54.

[17] *See* Exhibit B, Subpoena Duces Tecum for Jack Haken, Ex. A, Description of Records, ¶¶ 1-57 and Subpoena Duces Tecum for Algy Tamoshunas, Ex. A, Description of Records, ¶¶ 1-58.

MORRISON | ERSTER

Diane G. Olson
July 8, 2011
Page Seven

RTA 5430(a) specifically provides the "parties to an appeal *must* adhere to the briefing schedules and other requirements set forth in this article." (Emph. added.) The Board found this rule was necessary to "ensure that appellants and FTB staff *understand* the requirements for their briefs, the applicable briefing schedule for their appeals, the manner in which extensions of time to file briefs may be requested and granted, [and] the consequences of failing to file a brief within the time provided ...."[18] (Emph. added.) RTA 5431 sets forth the general briefing schedule for appeals from the actions of the FTB. The Board found this rule was necessary to "ensure that appellants and FTB staff *clearly understand the due dates* for the filing of their briefs."[19] (Emph. added.) The RTAs specifically provide for clear briefing schedules and deadlines and it should be expected and required that all parties adhere to them.

FTB had over ten months to digest and prepare its Respondent's Reply Briefs.[20] Ten months is more than adequate time to write limited discretionary briefs that "may only address points of disagreement with the Appellant's Reply Brief" under RTA 5431(c)(2). FTB is the master of its own workload – not Mr. Hyatt or this Board. Whether FTB was wise in how it chose to use its ten months to "investigate" Mr. Hyatt's affiants and prepare its Reply Briefs should not be of concern to this Board. FTB's time to submit its Reply Briefs has now passed without FTB requesting, or this Board allowing, additional time for their filing. FTB cannot unilaterally award itself indefinite extensions of time and pages to supplement its apparently incomplete briefs, especially when any such omissions were caused by its own excessive delays. The purpose of the RTAs is to "provide taxpayers and tax professionals with a *single*, well-organized, and clear source for all of the procedural information they need to know, from the initiation of the appeals process to the final Board decision." (Emph. added.)[21] The RTAs cannot serve its purpose as the single source of all the procedural information if FTB is allowed free reign to alter or ignore these rules as it sees fit.

---

[18] Board of Equalization Rules for Tax Appeals, Final Statement of Reasons, dated November 20, 2007, available at, http://www.boe.ca.gov/regs/pdf/rta_fsr.pdf.

[19] *Id.*

[20] Note the timeline:
- On August 23, 2010, Appellant's Reply Briefs were filed.
- On September 1, 2010, FTB requested from this Board (1) permission to file Respondent's Reply Briefs pursuant to RTA 5431(c); and (2) to extend the filing date for such briefs beyond the 30 days provide by RTA 5431(c)(2)(C) to June 30, 2011.
- On September 29, 2010, the Board granted FTB's request to file Respondent's Reply Briefs with a due date of June 30, 2011.

[21] Board of Equalization Rules for Tax Appeals, Final Statement of Reasons, dated November 20, 2007, available at, http://www.boe.ca.gov/regs/pdf/rta_fsr.pdf.

sa-64071

MORRISON | FOERSTER

Diane G. Olson
July 8, 2011
Page Eight

Accordingly, we request that the Board issue an order at this time which states that upon the filing of Mr. Hyatt's Supplemental Briefs in accordance with this Board's letter of July 5, 2011, the briefing in these two appeals is completed and no further briefs shall be filed by request of the parties.

Very truly yours,

*Eric J. Coffill* (cac)

Eric J. Coffill

Enclosures

cc:  SBE Chief Counsel (w/encls.)
     Gilbert Hyatt (w/encls.)
     Robert Dunn, FTB (w/encls.)

EXHIBIT A

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven J Green (SBN 73705)<br>Department of Justice, Office of the Attorney General<br>1300 I Street, P O Box 944255, Sacramento, CA 94244-2550<br>TELEPHONE NO (916) 324-5157    FAX NO *(Optional)* (916) 324-2247<br>E-MAIL ADDRESS *(Optional)* Steven Green@doj ca gov<br>ATTORNEY FOR *(Name)* State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS 720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE Sacramento CA 95814
BRANCH NAME Civil

SHORT TITLE

State of California Franchise Tax Board v Neal Howard, et al.

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA | CASE NUMBER |
|---|---|
| ☐ ORDERED BY COURT   ☑ ISSUED BY THE CLERK OF THE COURT | 34-2011-00101401 |

1 The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*
Jack E Haken, U S Philips Corporation

2 The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*
New York

3 The deposition will be conducted *(check one)*
   a ☑ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025 320 and 2025 340(b)–(f), or
   b ☐ Before *(name of appointee)*
      who is appointed to administer oaths and to take testimony

4 The documents or things to be produced at the time and place of the deposition are
   ☑ described in Attachment 4    ☐ none

5 Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5 Number of pages attached 0

6 Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7 The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions

COPY

Court Seal

Date _____

APR 1 4 2011   ☐ Judge
     OR
   ☑ Clerk, by   A. MACIAS  _____, Deputy

Form Approved for Optional Use
Judicial Council of California
DISC-030 [New January 1, 2008]

**COMMISSION TO TAKE
DEPOSITION OUTSIDE CALIFORNIA**

Page 1 of 1
Code Civ Proc § 2026 010(f)
www courtinfo ca gov

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Steven J Green (SBN 73705) Department of Justice, Office of the Attorney General 1300 I Street, P O Box 944255, Sacramento, CA 94244-2550 TELEPHONE NO (916) 324-5157          FAX NO *(Optional)* (916) 324-2247 E-MAIL ADDRESS *(Optional)* Steven Green@doj.ca gov ATTORNEY FOR *(Name)* State of California Franchise Tax Board, Petitioner | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS  720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE  Sacramento CA 95814
BRANCH NAME  Civil

SHORT TITLE
State of California Franchise Tax Board v Neal Howard, et al

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA ☐ ORDERED BY COURT   ☑ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER 34-2011- 00101401 |
|---|---|

1 The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identify of deponent)*
   U S Philips Corporation, Custodian of Records

2 The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*
   New York

3 The deposition will be conducted *(check one)*
   a ☑ Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure sections 2025 320 and 2025 340(b)–(f), or

   b ☐ Before *(name of appointee)*
      who is appointed to administer oaths and to take testimony

4 The documents or things to be produced at the time and place of the deposition are
   ☑ described in Attachment 4    ☐ none

5 Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5  Number of pages attached  0

6 Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7 The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and answer questions

FILE COPY

Court Seal

APR 1 4 2011
Date _____

☐ Judge
OR    A. MACIAS
☑ Clerk, by _____, Deputy

Page 1 of 1

DISC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Steven J. Green (SBN 73705)<br>Department of Justice, Office of the Attorney General<br>1300 I Street, P O Box 944255, Sacramento, CA 94244-2550<br>TELEPHONE NO (916) 324-5157     FAX NO (Optional) (916) 324-2247<br>E-MAIL ADDRESS (Optional) Steven Green@doj ca gov<br>ATTORNEY FOR (Name) State of California Franchise Tax Board, Petitioner | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento |
|---|
| STREET ADDRESS  720 9th Street |
| MAILING ADDRESS |
| CITY AND ZIP CODE  Sacramento CA  95814 |
| BRANCH NAME  Civil |

| SHORT TITLE |
|---|
| State of California Franchise Tax Board v  Neal Howard, et al |

| COMMISSION TO TAKE DEPOSITION OUTSIDE CALIFORNIA<br>☐ ORDERED BY COURT   ✓ ISSUED BY THE CLERK OF THE COURT | CASE NUMBER<br>34-2011-00101401 |
|---|---|

1  The Superior Court of California hereby authorizes the deposition, upon oral examination, of *(identity of deponent)*
   Algy Tamoshunas, Esq

2  The deposition is to be taken in *(state of the United States, territory, or insular possession subject to its jurisdiction)*
   New York

3  The deposition will be conducted *(check one)*

   a  ✓  Under the supervision of a person who is authorized to administer oaths by the laws of the United States or those of the
          place where the examination is to be held, and who is not otherwise disqualified under California Code of Civil Procedure
          sections 2025 320 and 2025 340(b)–(f), or

   b  ☐  Before *(name of appointee)*
          who is appointed to administer oaths and to take testimony

4  The documents or things to be produced at the time and place of the deposition are
   ✓ described in Attachment 4   ☐ none

5  Additional terms required by the foreign jurisdiction to initiate the process are contained in Attachment 5   Number of pages
   attached  0

6  Under California Code of Civil Procedure section 2026 010, California authorizes that a commission to take an out-of-state
   deposition may be issued by the clerk of the court or, if the foreign jurisdiction requires it, by order of the court

7  The Superior Court of the State of California hereby requests that process issue in the above-referenced place where the
   examination is to be held, requiring the attendance and enforcing the obligations of the deponent to produce documents and
   answer questions

FILE COPY

Court Seal

Date _____

APR 1 4 2011     ☐ Judge

OR     A. MACIAS

☐ Clerk, by _____, Deputy

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------x

In the matter of:     :

The Application of State of California Franchise     :
Tax Board for the deposition and production of     :    **SUBPOENA DUCES TECUM**
business records from Jack E. Haken for use in an     :
action pending in the Superior Court of California     :
entitled <u>State of California Franchise Tax Board</u>     :
<u>v. Neal Howard, et al.</u> (Case No. 34-2011-     :
00101401)     :
    :
    :

------------------------------------------------------x

## THE PEOPLE OF THE STATE OF NEW YORK

**To:**    **Jack E. Haken**
       **US Philips Corporation**

**WE COMMAND YOU**, that all business and excuses being laid aside, produce

pursuant to CPLR § 3119, at the offices Suite Solutions, 75 South Broadway, 4th Floor, White

Plains, New York 10601 on or before June 24, 2011, at 10:00 a.m., all documents and other

things in your possession, custody or control described on the attached Exhibit A.

**WE FURTHER COMMAND YOU**, that all business and excuses being laid aside,

appear for a deposition pursuant to CPLR § 3119 at the offices of Suite Solutions, 75 South

Broadway, 4th Floor, White Plains, New York 10601 on June 30, 2011, at 10:00 a.m.

The circumstances or reasons said document production and deposition are sought or

required are that the information is material, relevant and necessary for the prosecution and

defense of the above-captioned action. It is believed that you have relevant information

concerning, among other things, Gilbert P. Hyatt's assertion that he became a nonresident of

6773453.1

6793224.2

California in or around 1991 and Mr. Hyatt's contention that he did not operate a business from California through December 1992.

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason of your failure to comply.

Dated: May 26, 2011

CARTER LEDYARD & MILBURN LLP

By _____
Leonardo Trivigno
2 Wall Street
New York, NY 10005
Telephone: (212) 238-8724

*Attorneys for Plaintiff State of California
Franchise Tax Board*

-2-

**EXHIBIT A**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

6773453.1

6793224.2

## DEFINITIONS

requests:

The following definitions and rules of construction apply to these document

1. <u>Communication</u>. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. <u>Identify (with Respect to Documents)</u>. When referring to documents, "to identify" means to give, to the extent known, (i) the type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

4. <u>Person</u>. The term "person" is defined as any natural person or business, legal or governmental entity or association.

5. <u>Hyatt Patent</u>. The term "Hyatt Patent" means any patent issued to or owned by Gilbert P. Hyatt.

6. <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. <u>All/Each</u>. The term "all" and "each" shall be construed as all and each.

8. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all documents that might otherwise be construed to be outside its scope.

9. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

**DESCRIPTION OF RECORDS**
Exhibit A

1. All draft and/or unsigned affidavits, declarations or written statements read or reviewed by you or submitted to you about Gilbert P. Hyatt.

2. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity has been licensed or sub-licensed to make, use, sell, or import any invention claimed in any Hyatt Patent.

3. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity has been released from claims or liabilities for making, using, selling or importing any invention claimed in any Hyatt Patent.

4. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which Gilbert P. Hyatt agreed not to, or assured that he will not, assert or bring suit upon any Hyatt Patent.

5. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity obtained an option to obtain a license, sub-license, or release, under any Hyatt Patent.

6. All documents reflecting any money paid by any person or entity in consideration for a license, sub-license, or release, or any option to obtain a license, sub-license, or release, under any Hyatt Patent.

7. All documents reflecting any money paid by any person or entity in consideration for any agreement or assurance not to assert or sue upon any Hyatt Patent.

8. All documents by U.S. Philips Corporation concerning money it expended or received in connection with the licensing or sub-licensing of any Hyatt Patent.

9. All documents by Mahr Leonard Management Co. concerning money it expended or received in connection with the licensing or sub-licensing of any Hyatt Patent.

10. All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect efforts by U.S. Philips Corporation to negotiate any license or sub-license under any Hyatt Patent.

11. All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect efforts by Mahr Leonard Management Co. to negotiate any license or sub-license under any Hyatt Patent.

12. All documents received by you and/or U.S. Philips Corporation (including any of their attorneys, agents or representatives) from any other person or entity concerning any

license, sub-license, or release, or any option to obtain a license, sub-license or release, under any Hyatt Patent.

13. All documents sent by you and/or U.S. Philips Corporation (including any of their attorneys, agents or representatives) to any other person or entity concerning any license, sub-license, or release, or any option to obtain a license, sub-license or release, under any Hyatt Patent.

14. All documents discussing, relating to, or reflecting any expenses incurred by U.S. Philips Corporation, Mahr Leonard Management Co. or Gilbert P. Hyatt (including any of their attorneys, agents or representatives) in connection with discussions with any other person or entity concerning any possible or actual licensing, sub-licensing, or release, or any option to obtain a license, sub-license, or release, under any Hyatt Patent.

15. All documents discussing, relating to, or reflecting any plan or agreement by Gilbert P. Hyatt, U.S Philips Corporation, and/or Mahr Leonard Management Co. to seek revenues from the licensing or sub-licensing of any Hyatt Patent, or from the release of any liabilities for infringement for any such patent.

16. All communications sent by you and/or U.S. Philips Corporation (including any of their attorneys, agents, or representatives) to any other person or entity concerning (a) U.S. Patent Interference No. 102,598, including any ruling or document issued by the U.S. Patent and Trademark Office in that interference or (b) United States Court of Appeals for the Federal Circuit appeal no. 96-1514 or appeal no. 96-1515, including the June 17, 1998 decision in those appeals.

17. All communications received by you and/or U.S. Philips Corporation (including any of their attorneys, agents, or representatives) from any other person or entity concerning (a) U.S. Patent Interference No. 102,598, including any ruling or document issued by the U.S. Patent and Trademark Office in that interference or (b) United States Court of Appeals for the Federal Circuit appeal no. 96-1514 or appeal no. 96-1515, including the June 17, 1998 decision in those appeals.

18. All documents discussing, relating to, or reflecting any consideration by Gilbert P. Hyatt (including any of his attorneys, agents, or representatives) of the engagement of any entity to conduct negotiations on his behalf for the licensing or sub-licensing under any Hyatt Patent.

19. All documents concerning time keeping for tasks performed and time spent on tasks performed by you on behalf of or for the benefit of Gilbert P. Hyatt.

20. All documents concerning preliminary and/or draft billing statements and final statements for fee charges and worked performed on behalf of or relating to Gilbert P. Hyatt.

21. All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect Gilbert P. Hyatt "retaining and directing outside patent counsel for services

rendered and expenses incurred," including, but not limited to attorneys Danny Huntington, Gregory Roth, Jim Williams, John Dimatteo, and Ken Cho as referenced in Sections 1 and 4 of the Fourth Supplemental Agreement between Gilbert P. Hyatt and U.S. Philips Corporation attached hereto as Exhibit "1".

22. All documents and/or notes memorializing any conversation between you and Gilbert P. Hyatt.

23. All calendars, diaries, appointment books, and/or documents used for making appointments and/or calendaring events from January 1, 1990 to December 31, 1997.

24. All documents announcing, discussing, relating to, or reflecting any efforts by or on behalf Gilbert P. Hyatt to publicize any Hyatt Patent, plan to publicize any Hyatt Patent and publicity of any Hyatt Patent.

25. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the July 1991 agreement between Gilbert P. Hyatt and U.S. Philips Corporation, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

26. All documents, and all files and their contents, that relate to, mention, or concern specific details of any sub-licensing proposals recommended by you or any representative of U.S. Philips Corporation which were not approved by Gilbert P. Hyatt, in accordance with his right to approve all-sublicensing agreements, and any other evidence of rights retained by Gilbert P. Hyatt which were exercised in accordance with the July 1991 agreement between Gilbert P. Hyatt and U.S. Philips Corporation.

27. All documents, and all files and their contents, that relate to, mention, or concern U.S. Philips Corporation's compliance with the reporting requirement set forth in I.R.C. Sec. 6050N as related to the July 1991 agreement and/or supplemental agreements between Gilbert P. Hyatt and U.S. Philips Corporation.

28. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt, U.S. Philips Corporation and Mahr Leonard Management Company, dated September 24, 1991, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

29. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Fujitsu, dated October 24, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

30. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Matsushita, dated November 14, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

31. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Sharp, dated November 20, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

32. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Sony, dated December 17, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

33. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and NEC, dated December 26, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

34. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Oki, dated January 31, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

35. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Sanyo, dated July 23, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

36. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Hitachi, dated August 6, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto,

including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

37. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Omron, dated September 30, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

38. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Nippon Columbia, dated December 15, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

39. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Kenwood, dated December 22, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

40. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Nikon, dated December 28, 1993, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

41. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Canon, dated December 30, 1993, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

42. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the four supplemental Agreements between Gilbert P. Hyatt and U.S. Philips Corporation as referenced in Exhibit "3" (GLR 06824) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

JUN-02-2011  13:04      3M                                    2127323232    P.47/23

43. All documents, and all files and their contents, that relate to, mention, or concern negotiating the "Licensing Rights Termination and Indemnification Agreement" between Gilbert P. Hyatt and U.S. Philips Corporation signed by Gilbert Hyatt on December 2, 1997 and individuals from U.S. Philips Corporation on December 12, 1997 (the first and signature pages of the referenced agreement attached hereto as Exhibit "3" (GLR06284,GLR06863)).

44. All documents, and all files and their contents, that relate to, mention, discuss, concern U.S. Philips Corporation's promise and obligation to pay Digital Nutronics Corp. $400,000 as set forth in Section 3.1 (a) (Article III- Consideration for Licenses to Philips) as referenced at page 9 in the July 1991 patent licensing agreement between U.S. Philips Corporation and Gilbert Hyatt attached hereto as Exhibit "4".

45. Full and complete copies of U.S. Philips Corporation's annual report for the years 1991 through 1993.

46. All phone message slips, memos, notes, messages and any other similar writing memorializing telephone conversations or in person meetings between you and Gilbert P. Hyatt.

47. All documents, and all files and their contents, that relate to, mention, or concern any contract or agreement for legal representation between U.S. Philips Corporation and/or related entity and Gregory L. Roth, Esq. and/or the law firm of Pretty, Schroeder, Bergman to represent U.S. Philips Corporation or related entity on any matter at any time.

48. All documents, and all files and their contents, that relate to, mention, or concern any contract or agreement for legal representation between U.S. Philips Corporation and/or related entity and Danny Huntington and/or the Virginia law firm, Burns Doane to represent U.S. Philips Corporation or related entity on any matter at any time.

49. All documents, and all files and their contents, that relate to, mention, or concern any contract, agreement and/or memorandum of understanding between U.S. Philips Corporation and Charles Lee McHenry and/or McHenry and Associates for payment of services performed or rendered by Charles Lee McHenry and/or McHenry and Associates on behalf of U.S. Philips Corporation, related entity and/or Gilbert P. Hyatt.

50. All documents, including, but not limited to, billings, invoices, receipts, and/or travel documents, that relate to or concern any travel by Gilbert P. Hyatt, Gregory L. Roth, and/or Grace Jeng associated with licensing patents in accordance with the July 1991 patent licensing agreement between U.S. Philips Corp. and Gilbert P. Hyatt.

51. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Gilbert P. Hyatt.

52. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Grace Jeng.

53. All documents and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Caroline Cosgrove.

54. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Barry Lee.

55. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Gregory L. Roth.

56. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Danny Huntington.

57. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Charles Lee McHenry.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------x
In the matter of:                                     :

The Application of State of California Franchise      :
Tax Board for the deposition and production of        :     **SUBPOENA DUCES TECUM**
business records from the Custodian of Records        :
for U.S. Philips Corporation for use in an action     :
pending in the Superior Court of California           :
entitled <u>State of California Franchise Tax Board</u>   :
<u>v. Neal Howard, et al.</u> (Case No. 34-2011-            :
00101401)                                             :
                                                      :
-----------------------------------------------------------x

## THE PEOPLE OF THE STATE OF NEW YORK

To:    **Custodian of Records**
       **U.S. Philips Corporation**
       ███████████████████████████

 · **WE COMMAND YOU,** that all business and excuses being laid aside, produce pursuant

to CPLR § 3119, at the offices of Suite Solutions, 75 South Broadway, 4th Floor, White Plains,

New York 10601 on or before June 24, 2011, at 10:00 a.m., all documents and other things in

your possession, custody or control described on the attached Exhibit A.

   **WE FURTHER COMMAND YOU,** that all business and excuses being laid aside,

appear for a deposition pursuant to CPLR § 3119 at the offices of Suite Solutions, 75 South

Broadway, 4th Floor, White Plains, New York 10601 on June 28, 2011, at 10:00 a.m.

   The circumstances or reasons said document production and deposition are sought or

required are that the information is material, relevant and necessary for the prosecution and

defense of the above-captioned action. It is believed that you have relevant information

concerning, among other things, Gilbert P. Hyatt's assertion that he became a nonresident of

California in or around 1991 and Mr. Hyatt's contention that he did not operate a business from California through December 1992.

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason of your failure to comply.

Dated: May 26, 2011

CARTER LEDYARD & MILBURN LLP

By _____
                    Leonardo Trivigno

2 Wall Street
New York, NY 10005
Telephone: (212) 238-8724

*Attorneys for Plaintiff State of California Franchise Tax Board*

-2-

6773453.1

6793223.2

## EXHIBIT A
## REQUEST FOR PRODUCTION OF DOCUMENTS

6773453.1

6793223.2

## DEFINITIONS

The following definitions and rules of construction apply to these document requests:

1. <u>Communication</u>. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. <u>Identify (with Respect to Documents)</u>. When referring to documents, "to identify" means to give, to the extent known, (i) the type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

4. <u>Person</u>. The term "person" is defined as any natural person or business, legal or governmental entity or association.

5. <u>Hyatt Patent</u>. The term "Hyatt Patent" means any patent issued to or owned by Gilbert P. Hyatt.

6. <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7. <u>All/Each</u>. The term "all" and "each" shall be construed as all and each.

8. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all documents that might otherwise be construed to be outside its scope.

9. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

## DESCRIPTION OF RECORDS
### Exhibit A

1. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity has been licensed or sub-licensed to make, use, sell, or import any invention claimed in any Hyatt Patent.

2. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity has been released from claims or liabilities for making, using, selling or importing any invention claimed in any Hyatt Patent.

3. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which Gilbert P. Hyatt agreed not to, or assured that he will not, assert or bring suit upon any Hyatt Patent.

4. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity obtained an option to obtain a license, sub-license, or release, under any Hyatt Patent.

5. All documents reflecting any money paid by any person or entity in consideration for a license, sub-license, or release, or any option to obtain a license, sub-license, or release, under any Hyatt Patent.

6. All documents reflecting any money paid by any person or entity in consideration for any agreement or assurance not to assert or sue upon any Hyatt Patent.

7. All documents by U.S. Philips Corporation concerning money it expended or received in connection with the licensing or sub-licensing of any Hyatt Patent.

8. All documents by Mahr Leonard Management Co. concerning money it expended or received in connection with the licensing or sub-licensing of any Hyatt Patent.

9. All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect efforts by U.S. Philips Corporation to negotiate any license or sub-license under any Hyatt Patent.

10. All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect efforts by Mahr Leonard Management Co. to negotiate any license or sub-license under any Hyatt Patent.

11. All documents received by you and/or U.S. Philips Corporation (including any of their attorneys, agents or representatives) from any other person or entity concerning any license, sub-license, or release, or any option to obtain a license, sub-license or release, under any Hyatt Patent.

12. All documents sent by you and/or U.S. Philips Corporation (including any of their attorneys, agents or representatives) to any other person or entity concerning any license, sub-license, or release, or any option to obtain a license, sub-license or release, under any Hyatt Patent.

13. All documents discussing, relating to, or reflecting any expenses incurred by U.S. Philips Corporation, Mahr Leonard Management Co. or Gilbert P. Hyatt (including any of their attorneys, agents or representatives) in connection with discussions with any other person or entity concerning any possible or actual licensing, sub-licensing, or release, or any option to obtain a license, sub-license, or release, under any Hyatt Patent.

14. All documents discussing, relating to, or reflecting any plan or agreement by Gilbert P. Hyatt, U.S Philips Corporation, and/or Mahr Leonard Management Co. to seek revenues from the licensing or sub-licensing of any Hyatt Patent, or from the release of any liabilities for infringement for any such patent.

15. All communications sent by you and/or U.S. Philips Corporation (including any of their attorneys, agents, or representatives) to any other person or entity concerning (a) U.S. Patent Interference No. 102,598, including any ruling or document issued by the U.S. Patent and Trademark Office in that interference or (b) United States Court of Appeals for the Federal Circuit appeal no. 96-1514 or appeal no. 96-1515, including the June 17, 1998 decision in those appeals.

16. All communications received by you and/or U.S. Philips Corporation (including any of their attorneys, agents, or representatives) from any other person or entity concerning (a) U.S. Patent Interference No. 102,598, including any ruling or document issued by the U.S. Patent and Trademark Office in that interference or (b) United States Court of Appeals for the Federal Circuit appeal no. 96-1514 or appeal no. 96-1515, including the June 17, 1998 decision in those appeals.

17. All documents discussing, relating to, or reflecting any consideration by Gilbert P. Hyatt (including any of his attorneys, agents, or representatives) of the engagement of any entity to conduct negotiations on his behalf for the licensing or sub-licensing under any Hyatt Patent.

18. All documents concerning time keeping for tasks performed and time spent on tasks performed by you on behalf of or for the benefit of Gilbert P. Hyatt.

19. All documents concerning preliminary and/or draft billing statements and final statements for fee charges and worked performed on behalf of or relating to Gilbert P. Hyatt.

20. All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect Gilbert P. Hyatt "retaining and directing outside patent counsel for services rendered and expenses incurred," including, but not limited to attorneys Danny Huntington, Gregory Roth, Jim Williams, John Dimatteo, and Ken Cho as referenced in

Sections 1 and 4 of the Fourth Supplemental Agreement between Gilbert P. Hyatt and U.S. Philips Corporation attached hereto as Exhibit "1".

21. All documents announcing, discussing, relating to, or reflecting any efforts by or on behalf Gilbert P. Hyatt to publicize any Hyatt Patent, plan to publicize any Hyatt Patent and publicity of any Hyatt Patent.

22. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the July 1991 agreement between Gilbert P. Hyatt and U.S. Philips Corporation, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

23. All documents, and all files and their contents, that relate to, mention, or concern specific details of any sub-licensing proposals recommended by any representative of U.S. Philips Corporation which were not approved by Gilbert P. Hyatt, in accordance with his right to approve all-sublicensing agreements, and any other evidence of rights retained by Gilbert P. Hyatt which were exercised in accordance with the July 1991 agreement between Gilbert P. Hyatt and U.S. Philips Corporation.

24. All documents, and all files and their contents, that relate to, mention, or concern U.S. Philips Corporation's compliance with the reporting requirement set forth in I.R.C. Sec. 6050N as related to the July 1991 agreement and/or supplemental agreements between Gilbert P. Hyatt and U.S. Philips Corporation.

25. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt, U.S. Philips Corporation and Mahr Leonard Management Company, dated September 24, 1991, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

26. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Fujitsu, dated October 24, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

27. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Matsushita, dated November 14, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

28. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Sharp, dated November 20, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

29. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Sony, dated December 17, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

30. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and NEC, dated December 26, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

31. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Oki, dated January 31, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

32. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Sanyo, dated July 23, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

33. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Hitachi, dated August 6, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

34. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Omron, dated September 30, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or

from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

35. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Nippon Columbia, dated December 15, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

36. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Kenwood, dated December 22, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

37. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Nikon, dated December 28, 1993, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

38. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Canon, dated December 30, 1993, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

39. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the four supplemental Agreements between Gilbert P. Hyatt and U.S. Philips Corporation as referenced in Exhibit "3" (GLR 06824, GLR06863) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

40. All documents, and all files and their contents, that relate to, mention, or concern negotiating the "Licensing Rights Termination and Indemnification Agreement" between Gilbert P. Hyatt and U.S. Philips Corporation signed by Gilbert Hyatt on December 2, 1997 and individuals from U.S. Philips Corporation on December 12, 1997 (the first and signature pages of the referenced agreement attached hereto as Exhibit "3" (GLR06284,GLR06863)).

41. All documents, and all files and their contents, that relate to, mention, discuss, concern U.S. Philips Corporation's promise and obligation to pay Digital Nutronics Corp. $400,000 as set forth in Section 3.1 (a) (Article III- Consideration for Licenses to Philips) as referenced at page 9 in the July 1991 patent licensing agreement between U.S. Philips Corporation and Gilbert Hyatt attached hereto as Exhibit "4".

42. Full and complete copies of U.S. Philips Corporation's annual report for the years 1991 through 1993.

43. All phone message slips, memos, notes, messages and any other similar writing memorializing telephone conversations or in person meetings between any representative of U.S. Philips Corporation or related entity and Gilbert P. Hyatt.

44. All documents, and all files and their contents, that relate to, mention, or concern any contract or agreement for legal representation between U.S. Philips Corporation and/or related entity and Gregory L. Roth, Esq. and/or the law firm of Pretty, Schroeder, Bergman to represent U.S. Philips Corporation or related entity on any matter at any time.

45. All documents, and all files and their contents, that relate to, mention, or concern any contract or agreement for legal representation between U.S. Philips Corporation and/or related entity and Danny Huntington and/or the Virginia law firm, Burns Doane to represent U.S. Philips Corporation or related entity on any matter at any time.

46. All documents, and all files and their contents, that relate to, mention, or concern any contract, agreement and/or memorandum of understanding between U.S. Philips Corporation and Charles Lee McHenry and/or McHenry and Associates for payment of services performed or rendered by Charles Lee McHenry and/or McHenry and Associates on behalf of U.S. Philips Corporation, related entity and/or Gilbert P. Hyatt.

47. All documents, including, but not limited to, billings, invoices, receipts, and/or travel documents, that relate to or concern any travel by Gilbert P. Hyatt, Gregory L. Roth, and/or Grace Jeng associated with licensing patents in accordance with the July 1991 patent licensing agreement between U.S. Philips Corp. and Gilbert P. Hyatt.

48. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between any representative of U.S. Philips Corporation or related entity and Gilbert P. Hyatt.

49. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between any representative of U.S. Philips Corporation or related entity and Grace Jeng.

50. All documents and all files and their contents, that relate to, mention, or concern any oral or written communication between any representative of U.S. Philips Corporation or related entity and Caroline Cosgrove.

51. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between any representative of U.S. Philips Corporation or related entity and Barry Lee.

52. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between any representative of U.S. Philips Corporation or related entity and Gregory L. Roth.

53. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between any representative of U.S. Philips Corporation or related entity and Danny Huntington.

54. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between any representative of U.S. Philips Corporation or related entity and Charles Lee McHenry.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------x
In the matter of:                                    :
                                                     :
The Application of State of California Franchise     :
Tax Board for the deposition and production of       :     **SUBPOENA DUCES TECUM**
business records from Algy Tamoshunas for use        :
in an action pending in the Superior Court of        :
California entitled State of California Franchise     :
Tax Board v. Neal Howard, et al. (Case No. 34-       :
2011-00101401)                                       :
                                                     :
                                                     :
------------------------------------------------------------------x

## THE PEOPLE OF THE STATE OF NEW YORK

To:    **Algy Tamoshunas**

███████████████████████████████

    **WE COMMAND YOU**, that all business and excuses being laid aside, produce pursuant

to CPLR § 3119, at the offices of Suite Solutions, 75 South Broadway, 4th Floor, White Plains,

New York 10601 on or before June 24, 2011, at 10:00 a.m., all documents and other things in

your possession, custody or control described on the attached Exhibit A.

    **WE FURTHER COMMAND YOU**, that all business and excuses being laid aside,

appear for a deposition pursuant to CPLR § 3119 at the offices of Suite Solutions, 75 South

Broadway, 4th Floor, White Plains, New York 10601 on June 29, 2011, at 10:00 a.m.

    The circumstances or reasons said document production and deposition are sought or

required are that the information is material, relevant and necessary for the prosecution and

defense of the above-captioned action. It is believed that you have relevant information

concerning, among other things, Gilbert P. Hyatt's assertion that he became a nonresident of

California in or around 1991 and Mr. Hyatt's contention that he did not operate a business from

California through December 1992.

6773453.1

6793222.2

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason of your failure to comply.

Dated: May 26, 2011                              CARTER LEDYARD & MILBURN LLP

By _____
                                         Leonardo Trivigno
                                         2 Wall Street
                                         New York, NY 10005
                                         Telephone:  (212) 238-8724

                                         *Attorneys for Plaintiff State of California*
                                         *Franchise Tax Board*

6773453.1

6793222.2

JUN-02-2011  13:11          &M                                    2127323232    P.76/23

## EXHIBIT A
## REQUEST FOR PRODUCTION OF DOCUMENTS

6773453.1

6793222.2

## DEFINITIONS

The following definitions and rules of construction apply to these document
requests:

1. Communication. The term "communication" means the transmittal of
   information (in the form of facts, ideas, inquiries or otherwise).

2. Document. The term "document" is defined to be synonymous in meaning
   and equal in scope to the usage of this term in Federal Rules of Civil·
   Procedure 34(a). A draft or non-identical copy is a separate document within
   the meaning of this term.

3. Identify (with Respect to Documents). When referring to documents, "to
   identify" means to give, to the extent known, (i) the type of document; (ii)
   general subject matter; (iii) date of the document; and (iv) author(s),
   addressee(s) and recipients(s).

4. Person. The term "person" is defined as any natural person or business, legal
   or governmental entity or association.

5. Hyatt Patent. The term "Hyatt Patent" means any patent issued to or owned
   by Gilbert P. Hyatt.

6. Concerning. The term "concerning" means relating to, referring to,
   describing, evidencing or constituting.

7. All/Each. The term "all" and "each" shall be construed as all and each.

8. And/Or. The connectives "and" and "or" shall be construed either
   disjunctively or conjunctively as necessary to bring within the scope of the
   document request all documents that might otherwise be construed·to be
   outside its scope.

9. Number. The use of the singular form of any word includes the plural and
   vice versa.

JUN-02-2011  13:12                    ,M                                    2127323232    P.78/23

DESCRIPTION OF RECORDS
Exhibit A

1. All draft and/or unsigned affidavits, declarations or written statements read or reviewed by you or submitted to you about Gilbert P. Hyatt.

2. Any and all documents, writings, notes, email, electronic messages, or exhibits considered by you, reviewed by you or submitted to you by Mr. Gilbert Hyatt, his attorneys or agents or your attorney or other agent in preparing, writing or drafting your affidavit attached as Exhibit B to the Declaration of Robert Dunn.

3. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity has been licensed or sub-licensed to make, use, sell, or import any invention claimed in any Hyatt Patent.

4. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity has been released from claims or liabilities for making, using, selling or importing any invention claimed in any Hyatt Patent.

5. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which Gilbert P. Hyatt agreed not to, or assured that he will not, assert or bring suit upon any Hyatt Patent.

6. All documents (including without limitation licenses, agreements, contracts, memoranda, and letters) under which any person or entity obtained an option to obtain a license, sub-license, or release, under any Hyatt Patent.

7. All documents reflecting any money paid by any person or entity in consideration for a license, sub-license, or release, or any option to obtain a license, sub-license, or release, under any Hyatt Patent.

8. All documents reflecting any money paid by any person or entity in consideration for any agreement or assurance not to assert or sue upon any Hyatt Patent.

9. All documents by U.S. Philips Corporation concerning money it expended or received in connection with the licensing or sub-licensing of any Hyatt Patent.

10. All documents by Mahr Leonard Management Co. concerning money it expended or received in connection with the licensing or sub-licensing of any Hyatt Patent.

11. All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect efforts by U.S. Philips Corporation to negotiate any license or sub-license under any Hyatt Patent.

12. All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect efforts by Mahr Leonard Management Co. to negotiate any license or sub-license under any Hyatt Patent.

13. All documents received by you and/or U.S. Philips Corporation (including any of their attorneys, agents or representatives) from any other person or entity concerning any license, sub-license, or release, or any option to obtain a license, sub-license or release, under any Hyatt Patent.

14. All documents sent by you and/or U.S. Philips Corporation (including any of their attorneys, agents or representatives) to any other person or entity concerning any license, sub-license, or release, or any option to obtain a license, sub-license or release, under any Hyatt Patent.

15. All documents discussing, relating to, or reflecting any expenses incurred by U.S. Philips Corporation, Mahr Leonard Management Co. or Gilbert P. Hyatt (including any of their attorneys, agents or representatives) in connection with discussions with any other person or entity concerning any possible or actual licensing, sub-licensing, or release, or any option to obtain a license, sub-license, or release, under any Hyatt Patent.

16. All documents discussing, relating to, or reflecting any plan or agreement by Gilbert P. Hyatt, U.S Philips Corporation, and/or Mahr Leonard Management Co. to seek revenues from the licensing or sub-licensing of any Hyatt Patent, or from the release of any liabilities for infringement for any such patent.

17. All communications sent by you and/or U.S. Philips Corporation (including any of their attorneys, agents, or representatives) to any other person or entity concerning (a) U.S. Patent Interference No. 102,598, including any ruling or document issued by the U.S. Patent and Trademark Office in that interference or (b) United States Court of Appeals for the Federal Circuit appeal no. 96-1514 or appeal no. 96-1515, including the June 17, 1998 decision in those appeals.

18. All communications received by you and/or U.S. Philips Corporation (including any of their attorneys, agents, or representatives) from any other person or entity concerning (a) U.S. Patent Interference No. 102,598, including any ruling or document issued by the U.S. Patent and Trademark Office in that interference or (b) United States Court of Appeals for the Federal Circuit appeal no. 96-1514 or appeal no. 96-1515, including the June 17, 1998 decision in those appeals.

19. All documents discussing, relating to, or reflecting any consideration by Gilbert P. Hyatt (including any of his attorneys, agents, or representatives) of the engagement of any entity to conduct negotiations on his behalf for the licensing or sub-licensing under any Hyatt Patent.

20. All documents concerning time keeping for tasks performed and time spent on tasks performed by you on behalf of or for the benefit of Gilbert P. Hyatt.

21. All documents concerning preliminary and/or draft billing statements and final statements for fee charges and worked performed on behalf of or relating to Gilbert P. Hyatt.

22. All documents, and all files and their contents, that relate to, mention, discuss, concern or reflect Gilbert P. Hyatt "retaining and directing outside patent counsel for services rendered and expenses incurred," including, but not limited to attorneys Danny Huntington, Gregory L. Roth, Jim Williams, John Dimatteo, and Ken Cho as referenced in Sections 1 and 4 of the Fourth Supplemental Agreement between Gilbert P. Hyatt and U.S. Philips Corporation attached hereto as Exhibit "1".

23. All documents and/or notes memorializing any conversation between you and Gilbert P. Hyatt.

24. All calendars, diaries, appointment books, and/or documents used for making appointments and/or calendaring events from January 1, 1990 to December 31, 1997.

25. All documents announcing, discussing, relating to, or reflecting any efforts by or on behalf Gilbert P. Hyatt to publicize any Hyatt Patent, plan to publicize any Hyatt Patent and publicity of any Hyatt Patent.

26. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the July 1991 agreement between Gilbert P. Hyatt and U.S. Philips Corporation, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

27. All documents, and all files and their contents, that relate to, mention, or concern specific details of any sub-licensing proposals recommended by you or any representative of U.S. Philips Corporation which were not approved by Gilbert P. Hyatt, in accordance with his right to approve all sublicensing agreements, and any other evidence of rights retained by Gilbert P. Hyatt which were exercised in accordance with the July 1991 agreement between Gilbert P. Hyatt and U.S. Philips Corporation.

28. All documents, and all files and their contents, that relate to, mention, or concern U.S. Philips Corporation's compliance with the reporting requirement set forth in I.R.C. Sec. 6050N as related to the July 1991 agreement and/or supplemental agreements between Gilbert P. Hyatt and U.S. Philips Corporation.

29. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt, U.S. Philips Corporation and Mahr Leonard Management Company, dated September 24, 1991, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

30. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Fujitsu, dated October 24, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

31. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Matsushita, dated November 14, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

32. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Sharp, dated November 20, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

33. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Sony, dated December 17, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

34. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and NEC, dated December 26, 1991, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

35. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Oki, dated January 31, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

36. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Sanyo, dated July 23, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from

Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr
Leonard Management Company.

37. All documents, and all files and their contents, that relate to, mention, or concern
negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Hitachi,
dated August 6, 1992, as referenced in Exhibit "2" (H018631-H018636) attached hereto,
including, but not limited to, any notes, faxes, letters, memos and/or emails to or from
Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr
Leonard Management Company.

38. All documents, and all files and their contents, that relate to, mention, or concern
negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Omron,
dated September 30, 1992, as referenced in Exhibit "2" (H018631-H018636) attached
hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or
from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of
Mahr Leonard Management Company. ·

39. All documents, and all files and their contents, that relate to, mention, or concern
negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Nippon
Columbia, dated December 15, 1992, as referenced in Exhibit "2" (H018631-H018636)
attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or
emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George
Mahr of Mahr Leonard Management Company.

40. All documents, and all files and their contents, that relate to, mention, or concern
negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and
Kenwood, dated December 22, 1992, as referenced in Exhibit "2" (H018631-H018636)
attached hereto, including, but not limited to, any notes, faxes, letters, memos, and/or
emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George
Mahr of Mahr Leonard Management Company.

41. All documents, and all files and their contents, that relate to, mention, or concern
negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Nikon,
dated December 28, 1993, as referenced in Exhibit "2" (H018631-H018636) attached
hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or
from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of
Mahr Leonard Management Company.

42. All documents, and all files and their contents, that relate to, mention, or concern
negotiation, drafting and finalizing the agreement between Gilbert P. Hyatt and Canon,
dated December 30, 1993, as referenced in Exhibit "2" (H018631-H018636) attached
hereto, including, but not limited to, any notes, faxes, letters, memos, and/or emails to or
from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of
Mahr Leonard Management Company.

43. All documents, and all files and their contents, that relate to, mention, or concern negotiation, drafting and finalizing the four supplemental Agreements between Gilbert P. Hyatt and U.S. Philips Corporation as referenced in Exhibit "3" (GLR 06824) attached hereto, including, but not limited to, any notes, faxes, letters, memos and/or emails to or from Gilbert P. Hyatt, Gregory L. Roth, Esq., Dave Leonard and/or George Mahr of Mahr Leonard Management Company.

44. All documents, and all files and their contents, that relate to, mention, or concern negotiating the "Licensing Rights Termination and Indemnification Agreement" between Gilbert P. Hyatt and U.S. Philips Corporation signed by Gilbert Hyatt on December 2, 1997 and individuals from U.S. Philips Corporation on December 12, 1997 (the first and signature pages of the referenced agreement attached hereto as Exhibit "3" (GLR06284,GLR06863)).

45. All documents, and all files and their contents, that relate to, mention, discuss, concern U.S. Philips Corporation's promise and obligation to pay Digital Nutronics Corp. $400,000 as set forth in Section 3.1 (a) (Article III- Consideration for Licenses to Philips) as referenced at page 9 in the July 1991 patent licensing agreement between U.S. Philips Corporation and Gilbert Hyatt attached hereto as Exhibit "4".

46. Full and complete copies of U.S. Philips Corporation's annual report for the years 1991 through 1993.

47. All phone message slips, memos, notes, messages and any other similar writing memorializing telephone conversations or in person meetings between you and Gilbert P. Hyatt.

48. All documents, and all files and their contents, that relate to, mention, or concern any contract or agreement for legal representation between U.S. Philips Corporation and/or related entity and Gregory L. Roth, Esq. and/or the law firm of Pretty, Schroeder, Bergman to represent U.S. Philips Corporation or related entity concerning any matter at any time.

49. All documents, and all files and their contents, that relate to, mention, or concern any contract or agreement for legal representation between U.S. Philips Corporation and/or related entity and Danny Huntington and/or the Virginia law firm, Burns Doane to represent U.S. Philips Corporation or related entity concerning any matter at any time.

50. All documents, and all files and their contents, that relate to, mention, or concern any contract, agreement and/or memorandum of understanding between U.S. Philips Corporation and Charles Lee McHenry and/or McHenry and Associates for payment of services performed or rendered by Charles Lee McHenry and/or McHenry and Associates on behalf of U.S. Philips Corporation, related entity and/or Gilbert P. Hyatt.

51. All documents, including, but not limited to, billings, invoices, receipts, and/or travel documents, that relate to or concern any travel by you, Gilbert P. Hyatt, Gregory L.

Roth, and/or Grace Jeng associated with licensing patents in accordance with the July 1991 patent licensing agreement between U.S. Philips Corp. and Gilbert P. Hyatt.

52. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Gilbert P. Hyatt.

53. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Grace Jeng.

54. All documents and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Caroline Cosgrove.

55. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Barry Lee.

56. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Gregory L. Roth.

57. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Danny Huntington.

58. All documents, and all files and their contents, that relate to, mention, or concern any oral or written communication between you and Charles Lee McHenry.

**EXHIBIT C**

From: Greg Roth <rothpatent@aol.com>
To: trivigno <trivigno@clm.com>; scott.depeel <scott.depeel@ftb.ca.gov>; Rothpatent
<Rothpatent@aol.com>
Sent: Thu, Jun 23, 2011 10:26 am
Subject: Document Production, Algy Tamoshunas

Leonardo Trivigno
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005-2072
trivigno@clm.com

Dear Mr. Trivigno:

Mr. Tamoshunas has the following documents that may fall within the scope of the FTB document
requests that were served on him.

1. FTB subpoena that was served on him.
2. Affidavit of Algy Tamoshunas dated August 4, 2010, including attached exhibits.

Since the FTB is already in possession of both documents, Mr. Tamoshunas is providing no documents in
response to the FTB document request.

Mr. Tamoshunas objects to the FTB request for production of documents as being overly broad, overly
burdensome, and requesting production of documents that are neither relevant nor calculated to lead to
the discovery of relevant evidence.

Please acknowledge receipt of this e-mail.

Gregory L. Roth
Law Office of Gregory L. Roth

RothPatent@AOL.com

From: Greg Roth <rothpatent@aol.com>
To: scott.depeel <scott.depeel@ftb.ca.gov>; Rothpatent <Rothpatent@aol.com>
Sent: Tue, Jun 14, 2011 5:10 pm
Subject: Deposition of Algy Tamoshunas

June 14, 2011

Scott DePeel, Esq
Franchise Tax Board
Legal Branch MS A-260
Sacramento, California 95741
scott.depeel@ftb.ca.gov

Dear Mr. DePeel

As indicated in our telephone call on June 10, 2011, I do represent Algy Tamoshunas and he will not be coming to Nevada for his deposition.

The deposition of Mr. Tamoshunas will therefore proceed as set forth in the subpoena. It will begin at 10:00 A.M. on June 29, 2011, at 75 South Broadway, 4th Floor, White Plains, New York 10601.

Greg Roth

From: Scott.DePeel@ftb.ca.gov
To: rothpatent@aol.com
CC: Robert.Dunn@ftb.ca.gov, jbradshaw@mcdonaldcarano.com, Trivigno@clm.com
Sent: 6/16/2011 10:01:16 A.M. Pacific Daylight Time
Subj: RE: Deposition of Algy Tamoshunas

We will reschedule Mr. Tamoshunas' currently noticed deposition to a date subsequent to the production of Philips' documents (a date to be determined). The US Philips depositions will be rescheduled to sometime in July or August due to the current unavailability of US Philips' counsel. We will propose a new date for Mr. Tamoshunas' deposition as soon as possible. If your client has any documents to produce we propose that Mr. Tamoshunas agree to send any documents directly to Mr. Trivigno at his New York office (contact information is below) in advance of Mr. Tamoshunas' rescheduled deposition date.

LEONARDO TRIVIGNO

CARTER LEDYARD & MILBURN LLP

TWO WALL STREET | NEW YORK, NY 10005

DIRECT: 212-238-8724 | FAX: 212-732-3232

EMAIL: TRIVIGNO@CLM.COM

**From:** Greg Roth [mailto:rothpatent@aol.com]
**Sent:** Tuesday, June 14, 2011 5:10 PM
**To:** DePeel.Scott; Rothpatent@aol.com
**Subject:** Deposition of Algy Tamoshunas

June 14, 2011
Scott DePeel, Esq
Franchise Tax Board
Legal Branch MS A-260
Sacramento, California 95741
scott.depeel@ftb.ca.gov

Dear Mr. DePeel

As indicated in our telephone call on June 10, 2011, I do represent Algy Tamoshunas and he will not be coming to Nevada for his deposition.

The deposition of Mr. Tamoshunas will therefore proceed as set forth in the subpoena. It will begin at 10:00 A.M. on June 29, 2011, at 75 South Broadway, 4th Floor, White Plains, New York 10601.

Greg Roth

---

THIS E-MAIL TRANSMISSION IS CONFIDENTIAL and is intended to be sent only to the recipient stated in the transmission. It may also be protected by the attorney/client, official information and attorney work product privileges; it may be protected by the common law and constitutional right to privacy. Any review or use by other than the intended recipient is strictly prohibited. Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the federal Electronic Communications Privacy Act. If you are not the intended recipient, destroy the email message and please notify immediately by email or by telephone at the number above. Thank you. Due to Franchise Tax Board's email filtering and blocking software, some email messages coming in to the FTB may not reach their destination/intended recipient. Please follow up important messages by telephone, letter or fax.

# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Leonardo Trivigno**
Associate
•
*Direct Dial: 212-238-8724*
*E-mail: trivigno@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*701 8th Street, N.W., Suite 410*
*Washington, DC 20001-3893*
*(202) 898-1515*
•
*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

June 21, 2011

**VIA FEDEX AND EMAIL**

Mr. Gregory Roth
Law Offices Of Gregory L Roth

Email: rothpatent@aol.com

Re: The Application of State of California Franchise Tax Board

Dear Mr. Roth:

We represent the State of California Franchise Tax Board ("CFTB") in the above-referenced matter. I write regarding the subpoena duces tecum dated May 26, 2011 (the "Subpoena") that was served on Mr. Algy Tamoshunas.

The Subpoena requires Mr. Tamoshunas to produce responsive documents by June 24, 2011 and to appear for a deposition on June 29, 2011. Scott DePeel, CFTB's Nevada counsel, has requested that the deposition date be rescheduled so that he will have to make only one trip to New York for the third-party depositions. Your client has refused to reschedule the deposition date or travel to Las Vegas for the deposition. Thus, CFTB is hereby cancelling the deposition currently scheduled for June 29. CFTB will re-serve Mr. Tamoshunas with a new subpoena requiring him to appear for a deposition at a later date, if your client so requires. For the avoidance of doubt, Mr. Tamoshunas must still produce responsive documents by June 24. You may produce these documents to the address listed on the Subpoena or to me at 2 Wall Street, New York, New York 10005.

Sincerely,

Leonardo Trivigno

LT:mc

cc:   Scott DePeel (via email)
      Eric Coffill (via email)

6807060.3

MORRISON | FOERSTER

MORRISON & FOERSTER LLP
400 CAPITOL MALL
SUITE 2600
SACRAMENTO, CA 95814-4428

TO

SBE Chief Counsel
State Board of Equalization - Legal
P. O. Box 942879
Sacramento, CA 94279

(EJC)



$2.88⁰
US POSTAGE
FIRST-CLASS
062S0007090616
95814

B58174.04

EXHIBIT 47



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084• FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (Ret.)
Second District, Lancaster

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

KRISTINE CAZADD
Interim Executive Director

July 18, 2011

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeal of Gilbert P. Hyatt
Case ID No. 435770

Dear Mr. Coffill:

This letter responds to your letter dated July 8, 2011. In that letter, you raise concerns regarding the Franchise Tax Board's statements pertaining to supplementing its briefs and request an order stating that upon the filing of Mr. Hyatt's supplemental briefs, the briefing will be completed and no further briefs shall be filed by request of the parties.

I understand your concerns, and, like you, desire to move this matter forward and avoid any unnecessary delay. As you note, briefing in this appeal is governed by this Board's Rules for Tax Appeals (RTAs). Both parties are well aware of the provisions of this Board's RTAs, and I trust that the parties will abide by them. If issues later arise due to untimely submissions by either party, they will be addressed in due course.

Sincerely,

*Diane G. Olson*

Diane G. Olson, Chief
Board Proceedings Division

Enclosures

cc:    Gilbert P. Hyatt
       P.O. Box 81230
       Las Vegas, NV 89180-1230

       Franchise Tax Board - Legal (MS A2.60)

EXHIBIT 48

State of California
Franchise Tax Board

chair **John Chiang** | member **Jerome E. Horton** | member **Ana J. Matosantos**

Legal Division MS A260
PO BOX 1720
Rancho Cordova, CA 95741-1720

07.18.11

Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC:81
Sacramento, CA 95841

Regarding:              Appeal of Gilbert P. Hyatt
Appeal Case ID Nos:     435770 and 446509
Taxable Years:          1991 and 1992

Dear Ms. Olson:

Dated July 8, 2011, Mr. Hyatt now sends your Board a third unsolicited letter concerning
FTB's reply brief in this appeal.

The first in this three letter series, dated April 22, 2011, warns your Board that Mr. Hyatt will
"vigorously oppose" what he wrongly guessed would be FTB's request for an extension of
time to file its reply brief, then due June 30, 2011. The misrepresentations and omissions in
that long letter, not the threat to "vigorously oppose," required FTB's response, which your
Board received on April 28, 2011. FTB's response described in some detail Mr. Hyatt's lack
of cooperation and obstruction with regard to FTB's attempts to discover whether or not the
dozens of affidavits he recently solicited and submitted in this matter are or are not credible
evidence.[1]

Dated June 17, 2011 Mr. Hyatt sent your Board a second unnecessary and self-serving
letter repeating his alleged concern that FTB would request an extension of time and urging
your Board, repeatedly and emphatically, to oppose FTB's imagined reply brief extension
request. FTB did not respond to this letter because, frankly, it did not warrant a response.
But your Board should note that Mr. Hyatt was arguing vociferously to block a speculative

---

[1] To see a summary of FTB attempts to verify the credibility of the factual support for Mr. Hyatt's reply brief,
and Mr. Hyatt's responses, your Board can review FTB's April 28, 2011 letter and the appended motion
practice. To update; FTB has still been unable to obtain the depositions of Mr. Hyatt's affiants Mary Stratton,
Neil Howard and Robert Zuzak. FTB still has not located Mary Stratton and Jerry Stratton for service of process.
Requests made directly to Mr. Hyatt's various counsels for assistance in locating them have resulted in
nonresponsive replies. As discussed in detail in FTB's reply brief, FTB overcame Mr. Hyatt's motion to quash
regarding David Stratton and Lori (Stratton) Novero. U.S. Philips Corporation has identified responsive
documents to be produced to FTB on July 21, 2011, and scheduled the deposition of Jack Haken for August 2,
2011. The deposition of Algy Tamoshunas, another of Mr. Hyatt's reply brief affiants, is scheduled for August 5,
2011.

FTB reply brief extension request while, at the same time, Mr. Hyatt's lawyers were attempting, aggressively, to block FTB's discovery.

FTB filed its reply brief on June 30, 2011.

Mr. Hyatt now sends your Board a third letter, dated July 8, 2011. This one argues that because FTB did file its reply brief on June 30, 2011, and because FTB did not request an extension, your Board should, contrary to your Board's rules, disregard evidence FTB obtains after June 30, 2011 probative of whether or not Mr. Hyatt's positions in this appeal are supported by credible evidence. Citing no authority, in the first paragraph of his letter Mr. Hyatt also asks your Board for an "order" prohibiting FTB from "...fil[ing] additional briefing in this matter." Lastly, Mr. Hyatt, purveyor of a four file box "reply brief" allegedly supported by 34 newly executed affidavits, offers his self-serving opinion that FTB should have completed its discovery concerning his August 2010 filings more rapidly while failing to mention his concurrent efforts to block FTB's discovery.

Attached to Mr. Hyatt's July 8, 2011 letter is FTB's subpoena duces tecum to U.S. Philips Corporation and Jack E. Haken, served on both parties in New York. Your Board will recall that Mr. Hyatt's 2010 reply brief includes myriad arguments about the meaning of contract language, contemporaneous correspondence and three 300 page affidavits concerning Mr. Hyatt's business relationship with U.S. Philips, the relationship that generated most of the income at issue in this tax matter. U.S. Philips recently told FTB that they are ready to produce "39 banker boxes" of material responsive to FTB's subpoena duces tecum. Philips has also scheduled Mr. Haken's deposition for Tuesday, August 2, 2011. Your Board will find FTB's document demand attached to Mr. Hyatt's July 8, 2011 letter as Exhibit A. Philips intends to make the 39 banker boxes available to FTB on Thursday July 21, 2011. Curiously, Mr. Hyatt's licensing business files, produced to FTB under court order several years ago, are only a very small fraction of this volume and omit such things as (for but one example) the facsimile cover pages on voluminous communication Mr. Hyatt received from Philips during the alleged California nonresidency period at issue in this appeal.

Your Board may be interested to know that Mr. Hyatt's counsel (actually multiple counsel and consultants from at least three states and several law firms in a conference call) informed FTB Thursday, July 14, 2011, that they intend to file a motion to quash FTB's three subpoenas in New York before the scheduled document production and the scheduled deposition of Mr. Haken and Mr. Tamoshunas (Mr. Tamoshunas' deposition is scheduled for Friday, August 5, 2011). Mr. Hyatt is aware that Mr. Haken plans to leave the country for an extended period just after his scheduled deposition date. Clearly, Mr. Hyatt does not want the documents Philips identified, Mr. Haken's testimony, or Mr. Tamoshunas' testimony to be considered in this appeal.

As to Mr. Hyatt's request for "an order" from your Board, FTB is, respectfully, unaware of any authority wherein one California tax agency can "order" a sister California tax agency how to perform its statutory function.

Under the Rules for Tax Appeals (RTA) "General Briefing Schedule" Mr. Hyatt's "supplemental briefing," envisioned, when permitted, as the fifth and final round of general briefing in an appeal, "...concludes the briefing schedule." But, as Mr. Hyatt is well aware (as he discussed

the section below in detail in <u>his</u> reply brief in this matter) the RTA specifically allows the parties to submit evidence to your Board after the "General Briefing Schedule:"

> 5523.6 <u>Presentation of Evidence or Exhibits.</u> (b) Submission of Evidence. Parties should submit documentary evidence to the Board Proceedings Division and to the opposing party at least 14 days prior to the hearing in order to facilitate the orderly consideration of the issues at the hearing. Although the Board may permit a party to submit documentary evidence at the hearing, the Board is not required to delay or postpone the hearing in order to consider evidence submitted at the hearing. The Board will consider any objections to, and comments on, the evidence presented at the oral hearing in assigning weight to such evidence. The Board may refuse to allow the presentation of evidence that it considers irrelevant, untrustworthy, or unduly repetitious.

Moreover, Mr. Hyatt is simply wrong when he argues that FTB can no longer file additional briefing in this matter. Although FTB has no current plans to request additional briefing, the RTA clearly contemplates and facilitates additional briefing. In fact, RTA section 5435 <u>is entitled</u> "Additional Briefing." Under this provision additional briefing may be requested by (1) your Board's assistant chief counsel or (2) your Board's Appeals Division, (3) a designee, (4) any individual Board member, or (5) the Board itself. Moreover, additional briefing may be requested by your Board's staff as a result of a pre-hearing conference held under RTA section 5443 (which FTB requested earlier in this appeal) and additional briefing may occur if either party submits a petition for rehearing under RTA section 5461. Interestingly, RTA section 5461 (5)(C) specifically requires that such a post-appeal petition for rehearing "...must contain the following:" Identify newly discovered, relevant evidence, which the filing party could not have reasonably discovered and provided prior to the Board's decision[.]

Thus, for all the above reasons, Mr. Hyatt's preemptive attempt to block FTB's anticipated submission of relevant evidence in this appeal, as described in his July 8, 2011 letter to your Board, must fail.

FTB intends to keep your Board informed regarding its efforts to complete the California Revenue and Taxation Code section 19504 efforts described in this letter and FTB's April 28, 2011 letter. If your Board has any questions please do not hesitate to contact me.

Sincerely,

Robert W. Dunn
Tax Counsel IV

cc: Eric Coffill, by e-mail

EXHIBIT 49

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 6, 2012

Writer's Direct Contact



916.325.1324
CCogill@mofo.com

APR 10 2012

SACRAMENTO LEGAL

By Certified Mail No. 7004 0750 0001 2927 7249
Return Receipt Requested; by E-Mail, and by Fax

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization, MIC: 80
P. O. Box 942879
Sacramento, CA 94279-0081

Re:     Appeal of Gilbert P. Hyatt
        Case No. 435770, Tax Year 1991
        Case No. 446509, Tax Year 1992
        Request for Extension of Time to File Supplemental Reply Briefs

Dear Joann,

Following up on our telephone conversation today, Mr. Hyatt's Supplemental Reply Briefs in
the above matters are currently due on May 5, 2012. Pursuant to RTAs 5430(c) and 5522.8,
we hereby request an extension of time of 45 days, to and including June 19, 2012, in which
to file such briefs. The "reasonable cause" for the Board to grant this 45-day request is as
follows.

Mr. Hyatt and FTB are parties in a civil dispute, *Franchise Tax Board v. Hyatt*, Nevada
Supreme Court No. 53264. Briefing in that case was completed in the fall of 2010, and the
parties have been waiting for the Nevada Supreme Court to set the case for oral argument.
The case has now been set for oral argument in Carson, City on May 7, 2012, i.e., at
essentially the same time as Mr. Hyatt's Supplemental Reply Briefs are due. The close
proximity of these dates now, unexpectedly, requires resources to be devoted concurrently to
both matters and both will require the personal attention of both Mr. Hyatt and his counsel.
Accordingly, as a result, we request an extension of 45 days to file the two briefs due before
this Board.

No previous requests for extension of time have been made regarding these briefs.

By telephone, I have informed Bob Dunn, counsel for FTB in this matter, of our intention to
seek this 45-day extension. Mr. Dunn informed me that FTB has no objection to our request.

sa-65751

**MORRISON | FOERSTER**

Joann Richmond
April 6, 2012
Page Two

For the above reasons, Appellant hereby requests an extension of 45 days, to and including
June 19, 2012, in which to file our Supplemental Reply Briefs in the above matters.

Respectfully submitted,

Eric J. Coffill

Eric J. Coffill

cc:   Gilbert Hyatt
      Robert Dunn (FTB – by fax, mail, and e-mail)

EXHIBIT 50



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (Ret.)
Second District, Lancaster

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

KRISTINE CAZADD
Executive Director

April 13, 2012

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeals of Gilbert P. Hyatt
Case ID Nos. 435770 and 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your request for an extension to file your supplemental brief. Your extension is granted with a due date of **June 19, 2012**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8."

As a reminder to the appellant, interest continues to accrue on unpaid balances. Therefore, paying the unpaid balance in full, or in part, will stop or reduce the accrual of additional interest. Furthermore, paying the liability will not jeopardize the appeal. If the appellant wins the appeal, any payment(s) made will be refunded with added interest. Additional payment information may be obtained by calling the agency that issued the billing. The telephone number is shown on the billing notice.

Sincerely,

Jimisa Brown
Appeals Analyst
Board Proceedings Division

cc: Gilbert P. Hyatt
c/o Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Franchise Tax Board - Legal (MS A2.60)

EXHIBIT 51

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

May 16, 2012

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7004 0750 0001 2927 7386
Return Receipt Requested; by E-Mail, and by Fax

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization, MIC: 80
P. O. Box 942879
Sacramento, CA 94279-0081

Re:     Appeal of Gilbert P. Hyatt
        Case No. 435770, Tax Year 1991
        Case No. 446509, Tax Year 1992
        Request for Extension of Time to File Supplemental Reply Briefs

Dear Joann,

Following up on our telephone conversation today, pursuant to RTAs 5430(c) and 5522.8, this letter requests an additional extension of time of 30 days in which to file our Supplemental Reply Briefs. Those briefs are currently due on June 19, 2012.

Mr. Hyatt's Supplemental Reply Briefs in the above matters were originally due on May 5, 2012. By letter dated April 6, 2012, we requested an extension of time of 45 days, to June 19th. That request was not opposed by the FTB, and your Board granted that extension by letter dated April 16, 2012. We greatly appreciate your and FTB's courtesies in granting that extension.

As more fully explained in our April 6th letter, the reason for our original 45 day request was because of oral argument being set by the Nevada Supreme Court. Mr. Hyatt and FTB are parties in a civil dispute, *Franchise Tax Board v. Hyatt*, Nevada Supreme Court No. 53264. Briefing in that case was completed in the fall of 2010, and the parties had been waiting for the Nevada Supreme Court to set the case for oral argument. The case was then set for oral argument in Carson City on May 7, 2012, i.e., at essentially the same time as Mr. Hyatt's Supplemental Reply Briefs were due on May 5th. The close proximity of those dates unexpectedly required resources to be devoted concurrently to both matters and both matters required the personal attention of both Mr. Hyatt and his counsel. Accordingly, as a result,

sa-65996

**MORRISON | FOERSTER**

Joann Richmond
May 16, 2012
Page Two

we requested, and were granted, an extension of 45 days to file the two briefs due before this Board.

Oral argument did take place on May 7th in the Nevada Supreme Court. However, on May 11, 2012, the Nevada Supreme Court issued an Order Scheduling Additional Oral Argument for June 18, 2012, in Carson City, and asked the parties to address six specific issues. A copy of the Court's order is attached. Unfortunately, Mr. Hyatt now finds himself, again, in the position of having his Supplemental Reply Briefs in the above matters due within a day of the rescheduled oral argument in Carson City. Again, the close proximity of those dates unexpectedly requires resources to be devoted concurrently to both matters and both matters require the personal attention of both Mr. Hyatt and his counsel. For this reason, we now request an additional 30-day extension of time, to and including July 19, 2012, to file the Supplemental Reply Briefs.

I spoke today with Bob Dunn, counsel for FTB in this matter, discussed the above circumstances, and informed him of our intention to seek this 30-day extension. Mr. Dunn graciously informed me that FTB has no objection to our request.

For the above reasons, Appellant hereby requests an extension of 30 days, to and including July 19, 2012, in which to file our Supplemental Reply Briefs in the above matters.

Respectfully submitted,

*Eric J. Coffill*

Eric J. Coffill

Encl.

cc:    Gilbert Hyatt (w/encl.)
       Robert Dunn/FTB (w/encl.) – by fax, mail, and e-mail

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCHISE TAX BOARD OF THE
STATE OF CALIFORNIA,
Appellant/Cross-Respondent,
  vs.
GILBERT P. HYATT,
Respondent/Cross-Appellant.

No. 53264

**FILED**

MAY 1 1 2012

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
      DEPUTY CLERK

## ORDER SCHEDULING ADDITIONAL ORAL ARGUMENT

Oral argument was held in this matter on May 7, 2012. This court has determined that additional oral argument would assist in the resolution of this matter. Accordingly, the clerk of this court shall schedule this matter for oral argument on Monday, June 18, 2012, at 10:00 a.m., at the courtroom in Carson City. Argument shall be limited to 60 minutes.

The parties should be prepared to address the following issues:

(1) Did Hyatt adequately demonstrate and present to the jury intentional torts or bad-faith conduct by FTB, including whether the jury was instructed or made findings as to bad-faith conduct?

(2) Did the district court improperly allow consideration of the audit conclusions at trial?

(3) Did the district court abuse its discretion in excluding evidence offered by FTB to refute the adverse inference from spoliation of evidence?

(4) Is FTB entitled to statutory caps on damages and immunity from punitive damages under comity principles?

SUPREME COURT
OF
NEVADA

(O) 1947A

(5) Are punitive damages available in this case under the common law?

(6) Did the district court err in ruling that the statute of limitations for all of Hyatt's claims, except his fraud claim, had not expired?

It is so ORDERED.

_Cherry_ , C.J.

cc: McDonald Carano Wilson LLP/Reno
McDonald Carano Wilson LLP/Las Vegas
Lemons, Grundy & Eisenberg
Lewis & Roca, LLP/Las Vegas
Perkins Coie
Hutchison & Steffen, LLC
Kaempfer Crowell Renshaw Gronauer & Fiorentino
Multistate Tax Commission
Attorney General/Carson City
Utah Attorney General's Office



$6.200
US POSTAGE
FIRST-CLASS
0625000709061
95814

7004 0750 0001 2927 7386

RECEIVED
MAY 1 7 2012
Board Proceedings

MORRISON & FOERSTER LLP
400 CAPITOL MALL
SUITE 2600
SACRAMENTO, CA 95814-4428

**MORRISON | FOERSTER**

TO

**By Certified Mail No. 7004 0750 0001 2927 7386**
**Return Receipt Requested**
Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization, MIC: 80
P. O. Box 942879
Sacramento, CA 94279-0081

80

(EJC) 44469.1

EXHIBIT 52



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

KRISTINE CAZADD
Executive Director

May 23, 2012

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeals of Gilbert P. Hyatt
Case ID Nos. 435770 and 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your request for an extension to file your supplemental brief. Your extension is granted with a due date of **July 19, 2012**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8. "

As a reminder to the appellant, interest continues to accrue on unpaid balances. Therefore, paying the unpaid balance in full, or in part, will stop or reduce the accrual of additional interest. Furthermore, paying the liability will not jeopardize the appeal. If the appellant wins the appeal, any payment(s) made will be refunded with added interest. Additional payment information may be obtained by calling the agency that issued the billing. The telephone number is shown on the billing notice.

Sincerely,

Jimisa Brown

Jimisa Brown
Appeals Analyst
Board Proceedings Division

cc:    Gilbert P. Hyatt
       c/o Morrison & Foerster LLP
       400 Capitol Mall, Suite 2600
       Sacramento, CA 95814-4428

       Franchise Tax      d - Legal (MS A2.60)

EXHIBIT 53

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG



July 11, 2012

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7004 0750 0001 2927 7423
Return Receipt Requested; by E-Mail; and by Fax

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization, MIC: 80
P. O. Box 942879
Sacramento, CA 94279-0081

Re:     Appeal of Gilbert P. Hyatt
        Case No. 435770, Tax Year 1991
        Case No. 446509, Tax Year 1992
        <u>Request for Six Day Extension of Time to File Supplemental</u>
        <u>Reply Briefs</u>

Dear Joann,

Following up on our telephone conversation today, pursuant to RTAs 5430(c) and 5522.8, this letter requests an additional extension of time of six days in which to file Appellant's Supplemental Reply Briefs. Those briefs are currently due (under extension) on Thursday, July 19th, and we hereby seek a short extension in order to file them on Wednesday, July 25th.

When we filed Appellant's Reply Briefs in this matter, that filing consisted of 32 boxes. We anticipate this filing will be larger. Accordingly, we would greatly appreciate an additional six days in order to assure the filing can be properly organized, indexed and copied for the Board, and to minimize the need for us to subsequently file corrections or errata with the Board.

I spoke today with Bob Dunn, counsel for FTB in this matter, discussed the above circumstances, and informed him of our intention to seek this six day extension. Mr. Dunn graciously informed me that FTB has no objection to our request and that I could make that representation to the Board.

sa-66311

**MORRISON** | **FOERSTER**

Joann Richmond
July 11, 2012
Page Two

For the above reasons, Appellant hereby requests an extension of six days, to and including
July 25, 2012, in which to file our Supplemental Reply Briefs in the above matters.

Respectfully submitted,

*Eric*

Eric J. Coffill

cc:   Gilbert Hyatt
      Robert Dunn/FTB – by fax, mail, and e-mail

EXHIBIT 54



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0081
916-322-3084 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Rolling Hills Estates

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

KRISTINE CAZADD
Executive Director

July 16, 2012

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Appeals of Gilbert P. Hyatt
Case ID Nos. 435770 and 446509

Dear Mr. Coffill:

This letter acknowledges receipt of your request for an extension to file your supplemental brief. Your extension is granted with a due date of **July 25, 2012**.

California Code of Regulations, title 18, section 5430, subdivision (c), states:

"Any request to extend the period for filing a brief must be in writing and must be made prior to the scheduled due date for that brief. Extensions and deferrals of briefing may be granted under the provisions of section 5522.8."

As a reminder to the appellant, interest continues to accrue on unpaid balances. Therefore, paying the unpaid balance in full, or in part, will stop or reduce the accrual of additional interest. Furthermore, paying the liability will not jeopardize the appeal. If the appellant wins the appeal, any payment(s) made will be refunded with added interest. Additional payment information may be obtained by calling the agency that issued the billing. The telephone number is shown on the billing notice.

Sincerely,

Jimisa Brown
Appeals Analyst
Board Proceedings Division

cc: Gilbert P. Hyatt
c/o Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Franchise Tax Board - Legal (MS A2.60)

EXHIBIT 55

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

August 10, 2012

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail No. 7003 3110 0006 1828 7414
Return Receipt Requested; by E-Mail

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization, MIC: 80
P. O. Box 942879
Sacramento, CA 94279-0081

Re:     Appeal of Gilbert P. Hyatt
        Case No. 435770, Tax Year 1991
        Case No. 446509, Tax Year 1992
        Request for Expedited Hearings

Dear Joann,

We are in receipt of Board Proceedings' letter of August 2, 2012, which acknowledges the filing of our supplemental briefs in the above matter and which states that "briefing is completed in this appeal." While we understand and appreciate the Board's ordinary press of business and caseload, this letter respectfully requests the above appeals be set for their hearings as *expeditiously* as possible.

RTA 5442(a) states that "[w]hen the Appeals Division determines that all relevant factual and legal issues have been addressed, then the Appeals Division will notify the Chief of Board Proceedings that the appeal is ready to be scheduled for an oral hearing." With nearly 1,000 pages of briefing and nearly 20 boxes of filings provided to your Board by the parties over the past four and a half years, we respectfully submit that all relevant factual and legal issues have been more than adequately addressed at this time for these matters to proceed expeditiously to oral hearing.

The appeals for tax year 1991 (No. 435770) and tax year 1992 (No. 446509) were both filed in January 2008 – over four and a half years ago. As more fully explained in our briefing, the protest for tax year 1991 was filed in June 1996, and the protest for tax year 1992 was filed in October 1997 – over 15 years ago. The audit (for 1991) began in 1993 – nearly 20 years ago, when Mr. Hyatt was 55 years old. He is now 74 years old. After decades of dispute with FTB, we seek finality before your Board at the earliest possible opportunity.

**MORRISON** | **FOERSTER**

Joann Richmond
August 10, 2012
Page Two

At appellant's request, and by letters dated May 27, 2008, your Board separated the appeals
for tax years 1991 and 1992. The 1991 and 1992 tax years were audited separately, were
protested separately, and were appealed separately. In order to have these appeals resolved
as expeditiously as possible, we request that the hearing for tax year 1991 be set first and
prior to the hearing for tax year 1992.

Respectfully submitted,

*Eric J. Coffill*

Eric J. Coffill

cc:  Gilbert Hyatt
     Robert Dunn/FTB – by mail and e-mail

EXHIBIT 56



State of California
Franchise Tax Board

chair **John Chiang** | member **Jerome E. Horton** | member **Ana J. Matosantos**

Legal Division MS A260
PO BOX 1720
Rancho Cordova, CA 95741-1720

 **FILE COPY**


SUBMITTED TO
AUG 2 1 2012
BOARD OF EQUALIZATION

08.21.12

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Regarding:     Appeal of Gilbert P. Hyatt, Case Nos: 435770 and 446509
                 Taxable years 1991 and 1992
                 FTB request for additional briefing under RTA 5435

Dear Ms. Richmond:

As you will recall FTB received the seven file boxes that make up FTB's copy of Mr. Hyatt's supplemental briefing in this matter on Thursday, August 2, 2012. Thank you for your assistance.

FTB also received a copy of Mr. Hyatt's letter to your Board dated August 10, 2012 requesting that "...the above appeals be set for oral argument as *expeditiously* as possible." (Emphasis found in Mr. Hyatt's letter.)

Mr. Hyatt's supplemental briefing, which was created over a period of 13 months, is voluminous. Mr. Hyatt gives your Board 93 (ninety-three) recently executed declarations and affidavits, many with appended and cross-referenced exhibits.[1] A large number of the 93 affidavits and declarations are from witnesses previously unknown to FTB.[2] Mr. Hyatt also submits partial deposition testimony obtained as a result of FTB subpoenas served on U. S. Philips Corporation ("Philips") in 2011. Notably, and despite submitting this deposition evidence, Mr. Hyatt failed to produce any of the 7,227 documents produced to FTB by Philips.[3] Lastly, and disturbingly, Mr. Hyatt submits affidavits he recently solicited that falsely

---

[1] FTB has attached Mr. Hyatt's "ANNEX XXV Tab 1" which is a table of contents to Mr. Hyatt's July 25, 2012 supplemental briefing which lists 91 attached declarations and affidavits. Mr. Hyatt also submits two more of his own affidavits, numbers 5 and 6 in this matter, to bring the total to 93. **Attachment A.**

[2] The growing number of "witnesses" to Mr. Hyatt's 1991 and 1992 activity is surprising since he was required to disclose them to FTB under Nevada Rule 16.1(a), "Mandatory pretrial discovery requirements: Required disclosures" in his Nevada litigation. Many of these new witnesses are not found in Mr. Hyatt's disclosures.

[3] For example, see Exhibit 11 to Mr. Hyatt's Supplemental Brief 1992. Mr. Hyatt attached a partial transcript of FTB's October 27, 2011 deposition of retired Philips employee Algy Tamoshunas, a Hyatt affiant and licensing business partner, taken as a result of FTB's subpoenas served on Philips, and wherein the Philips documents

accuse licensed private investigators of fabricating the written reports created for FTB and the California Attorney General's Office. All of this is new evidence in this appeal for which FTB should rightfully have an opportunity to provide written response. Therefore, FTB must object to Mr. Hyatt's request to "...*expeditiously...*" set oral argument.

FTB hereby requests an opportunity to respond to Mr. Hyatt's new evidence and argument with additional briefing in accordance with your Board's rule "ADDITIONAL BRIEFING." (RTA 5435) FTB requests permission to file a single additional brief, not to exceed 30 pages, and approximately 90 days to complete and file that brief. Of course, FTB anticipates your Board will grant Mr. Hyatt the same 30 pages and 90 days to respond to FTB's additional brief.

Under cover of a separate letter, FTB is forwarding your Board the documents obtained by subpoena from Philips.[4] Also, FTB may conduct additional discovery related to Mr. Hyatt's newly submitted evidence.

FTB must briefly respond to two other comments contained in Mr. Hyatt's August 10, 2012 letter:

First, the third paragraph in Mr. Hyatt's letter refers your Board to argument found on the first page of his supplemental briefing that mentions, among other things, the 1992 presidential election, the Rodney King matter, and the 1993 birth of his counsel's son. Mr. Hyatt concludes:

> "After nearly two decades, FTB continues to pursue Mr. Hyatt with unparalleled zeal over a dispute involving a mere 32 words in a California statute [FN to R&TC section 17014] as applied to a 191-day period in dispute spanning 1991-1992." (See Appellant's Supplemental Reply Brief (1991) Page 1.)

It has always been FTB's position, as clearly supported by the record, and as set forth most completely in FTB's response to Mr. Hyatt's request for interest abatement, that Mr. Hyatt is responsible for the time taken to resolve this matter. If the claim of California nonresidency Mr. Hyatt placed on his 1991 tax return was true ("October 1, 1991") Mr. Hyatt could have ended FTB's audit by supplying the documentation requested in 1994 and 1995. That same documentation would have reflected his alleged 1991 move to, and alleged activity in, Las Vegas, Nevada. But, as your Board knows, the contemporaneous documentation tells another story, and Mr. Hyatt chose another path.[5]

---

were used as deposition exhibits. FTB attaches two of the exhibits mentioned in the partial transcript attached to Mr. Hyatt's briefing. "Ex. 34" (FTB_Philips 0005177) shows Mr. Hyatt signing for a FedEx delivery at his California home business location on November 23, 1991, "Ex. 35" (FTB_Philips 0001311) shows a letter Mr. Hyatt sent from that California same location, the next day. **Attachment B.**

[4] Mr. Hyatt, having failed to quash FTB's subpoenas in New York's lower court, moved to "suppress" the documents acquired by FTB from U.S. Philips in the New York Supreme Court, Appellate Division, Second Department. (Docket No. 2011-06859) That same court explicitly rejected Mr. Hyatt's motion to stay enforcement of FTB's subpoenas pending his appeal. FTB then accomplished, but did not close, two depositions. The New York appellate court has not ruled on Mr. Hyatt's document "suppression" petition, but there is no current restriction on FTB's use of, or your Board's consideration of, the Philips documents.

[5] Including, but not limited to, a lawsuit in Nevada that sought, in part, to have a Nevada District Court decide his residency dispute with FTB.

Second, concerning Mr. Hyatt's request for separate 1991 and 1992 hearings, the fourth paragraph of Mr. Hyatt's August 10, 2012 letter misrepresents the <u>audit</u> and <u>protest</u> history of this matter. Mr. Hyatt claims:

> "The 1991 and 1992 tax years were audited separately, were protested separately, and were appealed separately."

As detailed in FTB's briefing there was one comprehensive residency audit in this matter, not two. FTB audit rejected Mr. Hyatt's October 1, 1991 nonresidency date, finding, after much investigation, that he became a California nonresident on April 3, 1992. Later, FTB rejected Mr. Hyatt's request to artificially divide the protest process. One protest hearing was held in this matter (over two days), and one protest determination letter was issued.

Tellingly, in his supplemental briefing Mr. Hyatt abandons all attempts to separate the facts and argument concerning the end of 1991 from the beginning of 1992. His brief labeled "1991" addresses affiant claims that <u>span both years</u>, making no distinction. Mr. Hyatt's brief labeled "1992" begins by discussing 1991, his first argument entitled "MR. HYATT WAS A NEVADA RESIDENT COMMENCING IN SEPTEMBER 1991 AND CONTINUING THROUGHOUT 1992." After arguing his alleged facts from 1991 <u>and</u> 1992 in the brief labeled "1992," Mr. Hyatt continues by discussing "two fraud penalties," application of the residency decision in *Bragg*, interest abatement and income sourcing.

Therefore, Mr. Hyatt's supplemental briefing is confirmation that this entire matter is factually and legally indivisible by calendar year. This matter should be a single, consolidated appeal heard in a single oral hearing. FTB renews its requests that your Board make that pronouncement under RTA 5522.4, at your Board's convenience.[6]

Lastly, Mr. Hyatt's August 10, 2012 letter does not mention FTB's request for a prehearing conference under your rules. FTB feels such a hearing would be valuable and serve to expedite the proceedings, and we renew our request.

Sincerely,

Robert Dunn
Tax Counsel

cc: Eric Coffill

Attachments A, B

---

[6] See FTB's August 7, 2009 letter requesting consolidation of the appeals and setting forth the reasons therein. Mr. Hyatt opposed FTB's request in correspondence dated August 19, 2009.

EXHIBIT 57

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

August 24, 2012

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail, No. 7004 1160 0007 0877 1045, and
By Fax and E-Mail this Date

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Re:     Appeals of Gilbert P. Hyatt
        Case ID No. 435770 (Tax Year 1991)
        Case ID No. 446509 (Tax Year 1992)
        Response to FTB's 8/21/12 Request for Additional Briefing

Dear Ms. Richmond:

We received yesterday, by e-mail from Mr. Dunn, a copy of FTB's August 21, 2012 letter "request for additional briefing under RTA 5435" and response to Mr. Hyatt's August 10, 2012 letter requesting the above appeals be set for oral argument as expeditiously as possible ("Letter"). Specifically, FTB requests it *now* be allowed to file a supplemental brief within "approximately 90 days…." (Letter, p. 2.) The only authority FTB cites for this request is RTA 5435. For the reasons set forth below, your Board should promptly and categorically deny FTB's request and expeditiously set these cases for oral argument.

First, FTB has absolutely no legal right to request additional briefing in these appeals at this time, nor does your Board even have authority to grant such a request by FTB. RTA 5431 sets forth the "General Briefing Schedule" for appeals from FTB actions. Under RTA 5431(b) and (c), an appellant has a right to file an opening brief and a reply brief, and FTB has the right to file an opening brief. Under RTA 5431(c)(2), FTB has no right to even file a reply brief – such a brief may only be filed with the permission from Chief Counsel. FTB made such a request in both appeals by letter dated September 1, 2010 and, on September 20, 2010, your Board granted both requests. Nine months later in June 2011, FTB filed its Respondent's Reply Briefs for 1991 and 1992 – each of which were 100 pages. As a consequence of your Board's order granting FTB the right to file two such discretionary reply briefs, Mr. Hyatt was then entitled, as a matter of right under RTA 5431(c)(3), to file supplemental briefs, and Mr. Hyatt has done so.

sa-66575

MORRISON | FOERSTER

Joann Richmond
August 24, 2012
Page Two

RTA 5435, cited by FTB, has no provision under which a party such as FTB may request yet additional briefing at this time. Accordingly, your Board has no authority to grant FTB's request under that RTA. RTA 5435 only allows for additional briefing at the request of staff, individual Board Members, or the Board. By a letter dated August 2, 2012, your Board wrote the parties that in both pending appeals, *"Please note that briefing is completed at this time."* Therefore, not only is FTB's request without authority, your Board has already concluded no additional briefing is required and that briefing already is "completed."

Second, even *if* your Board had authority to grant FTB's request – which it does *not* under the RTAs – that request should be denied. FTB's sole argument for yet another round of briefing is that Mr. Hyatt's Supplemental Briefs contain "new evidence in this appeal for which FTB should rightfully have an opportunity to provide written response."[1] (Letter, p. 2.) We disagree. To begin, there is absolutely nothing wrong with Mr. Hyatt presenting "new" evidence in his supplemental briefs: RTA 5431(c)(3) does not prohibit new evidence in supplemental briefs. FTB's approach also flies in the face of RTA 5523.6 which allows "submission of documentary evidence" "at the hearing," as well as RTA 5523.7 which allows witnesses to testify at the hearing. Moreover, think of the ramifications of FTB's approach, i.e., as long as an appellant presents "new" evidence, FTB gets to submit another brief. This is nonsensical. Under the RTAs, it is the appellant who files the last brief. Further, FTB states it is now sending your Board 7,227 additional documents and that "FTB may conduct additional discovery related to Mr. Hyatt's newly submitted evidence" (Letter, p. 2), strongly suggesting FTB may be planning to request *yet more* briefing in this case in the future.

Your Board should take note of how FTB even uses *this* letter as a clandestine and unauthorized means for additional briefing. FTB attaches to its letter two exhibits from its October 27, 2011 deposition of Algy Tamoshunas which are *not* currently found in any of the briefing by any of the parties in this case. FTB then argues to your Board that one of these documents "shows Mr. Hyatt signing for a FedEx delivery" and the other "shows a letter Mr. Hyatt sent from that California same location…" (Letter, pp. 2-3, fn. 3.) *Under what possible authority is FTB allowed to make arguments such as this outside the context of briefing?* Mr. Hyatt categorically denies FTB's characterization of these documents and FTB's claims of what Mr. Hyatt did, where, and any so-called "California business home location."

It is already well past the time to bring these cases to conclusion by holding oral hearings – the point of Mr. Hyatt's recent letter requesting such oral hearings be expedited. FTB proposes a never-ending repetition of briefing until nothing "new" is offered by either side.

---

[1] Some of FTB's "new" evidence allegations are odd in any event. What Mr. Hyatt was or was not required to disclose under Nevada Rule 16.1(a) has nothing to do with these appeals which are governed under your Board's RTAs and most certainly not under judicial practice rules of another state.

MORRISON | FOERSTER

Joann Richmond
August 24, 2012
Page Three

Even this August 21, 2012 letter from FTB constitutes briefing, i.e., citations to new evidence and accompanying argument explaining that evidence which has not been authorized by your Board. Appellant's Reply Briefs were filed on August 23, 2010, which completed the cycle of briefs which the parties had a *right* to file. By virtue of your Board *permitting* FTB to file discretionary reply briefs, which then gave Mr. Hyatt the right to file supplemental briefs in response, briefing in this case stretched out from August 2010 until July 2012 – nearly two more years. This is precisely the state of affairs, i.e., perpetual briefing, which Mr. Hyatt's letter of August 10, 2012 seeks to stop. Your Board already has stated all briefing is completed. There is now nearly 1,000 pages of briefing before your Board and nearly 20 boxes of material submitted to your Board. These appeals were filed over four and a half years ago, and *still* no hearing date is set. The 1991 and 1992 audits giving rise to these appeals started 20 and 15 years ago, respectively. Mr. Hyatt was 55 years old when this case began and he is now 74 years old.

With all due respect, this is *precisely* the scenario which Mr. Hyatt brought to your Board's attention in our letter of July 8, 2011, with respect to FTB's *announcement in its June 2011 reply briefs* that it intended to seek additional briefing in this matter. A copy of our letter of July 8, 2011 (without enclosures) is attached. Briefing will never stop in the case unless this Board stops it, and the time is now.

For all the reasons set forth above, FTB's (legally unsupported) request at this time for additional briefing must be denied, and Mr. Hyatt renews his August 10, 2012 Request for Expedited Hearings.

FTB's letter then makes two additional comments regarding Mr. Hyatt's August 10, 2012 letter, neither of which relate in any way to its RTA 5435 request for additional briefing. Nonetheless, we respond.

FTB continues its quarrel with Mr. Hyatt over who is "responsible for the time taken to resolve this matter." (Letter, p. 2.) Mr. Hyatt has briefed and carefully documented, *ad nauseum*, his arguments on this subject, and no point is served by repeating them here. Your Board will address and decide that issue in the course of these appeals. Second, FTB continues to quarrel over whether there are one or two cases here involving Mr. Hyatt. Again, this issue has been addressed, *ad nauseum*, and no point is served by repeating that discussion here.

Next, FTB "renews its request" that both appeals be consolidated in single oral hearing. (Letter, p. 3.) Recall that FTB made this request by letter dated August 7, 2009; that Mr. Hyatt responded and opposed that request by letter dated August 19, 2009; and that your Board, in its letter dated August 21, 2009, and again in its letter dated September 14, 2009, denied FTB's request. FTB offers no new grounds at this time for a request which already was denied by your Board – twice – over three years ago.

**MORRISON** | **FOERSTER**

Joann Richmond
August 24, 2012
Page Four

Finally, FTB states it "feels" a prehearing conference "would be valuable and serve to expedite the proceedings," and references a prior mention of a prehearing conference. (Letter, p. 3.) FTB previously raised the subject of a prehearing conference in its letter of October 1, 2009 and Mr. Hyatt responded in his letter of October 2, 2009 that such request was premature. FTB makes no showing here that such a conference is needed "in order to facilitate a more efficient and productive oral hearing." (RTA 5443(a).) Consistent with our August 10, 2012 Request for Expedited Hearings, Mr. Hyatt opposes a prehearing conference if such a conference will in any way delay hearings taking place in these cases.

FTB's letter also states that under cover of a separate letter, it is forwarding your Board "documents obtained by subpoena from Philips." As FTB notes in footnote 4 of its letter, those documents are currently the subject of a pending matter in the New York appellate court. Mr. Hyatt will respond separately to your Board regarding FTB's submission of these documents.

Sincerely,

Eric J. Coffill
Counsel for Appellant

Encl.

cc: Gilbert P. Hyatt (w/o encl.)
    Robert Dunn (w/o encl.)

EXHIBIT 58

**MORRISON | FOERSTER**

400 CAPITOL MALL,
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

August 29, 2012

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail, No. 7004 1160 0007 0877 0987
By Fax and E-Mail this Date

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Re:    Appeals of Gilbert P. Hyatt
       Case ID No. 435770 (Tax Year 1991)
       Case ID No. 446509 (Tax Year 1992)
       Response to FTB's 7,227 Documents

Dear Ms. Richmond:

We have received a copy of FTB's August 21, 2012 letter to your Board which states FTB "is forwarding" to your Board "the documents obtained by subpoena from Philips." We believe from an earlier reference in FTB's letter there are 7,227 such documents being sent to you at this time by FTB.

For the reasons stated below, appellant responds that FTB's submission of these documents is not proper at this time and that your Board should not accept any of these documents from FTB at this time. As discussed below, the material the FTB now seeks to submit to your Board consists of material Mr. Hyatt asserts never should have been produced to FTB under New York law, and alternatively asserts is privileged in substantial part. Mr. Hyatt's arguments are the subject of a *pending* appeal in the New York Supreme Court, Appellate Division. The appeal has been made subject to a calendar "preference" (essentially a priority) by that court, thereby indicating that a decision should be forthcoming. Accordingly, we request that your Board either immediately return all such documents (and copies) to the FTB, or immediately place all such documents (and copies) under seal or otherwise make them inaccessible to the public and Board members and staff until such time as a final New York appellate court decision is issued regarding these documents.

While we have not yet seen copies of the precise documents which FTB states it is forwarding to your Board, FTB represents they are documents produced to FTB by Philips. The documents produced to FTB by Philips are the subject of a case pending in the New

sa-66579

**MORRISON | FOERSTER**

Joann Richmond
August 29, 2012
Page Two

York Supreme Court, Appellant Division, Second Department, Docket No. 2011-06859, *In the Matter of: Out-of-state subpoenas issued by the New York counsel for State of California Franchise Tax Board for the depositions and production of documents from the Custodian of Records for U.S. Philips Corporation, from Jack Haken, and from Algy Tamoshunas, for use in an administrative tax appeal pending before the California State Board of Equalization entitled: In the Matter of the Appeal of Gilbert P. Hyatt, California State Board of Equalization, Case Nos. 435770 and 446509; Hyatt v. State of California Franchise Tax Board* ("the New York case"). Attached hereto as Exhibit A is a copy of the Order of the New York trial court below, filed July 29, 2011, which is now the subject of pending cross-appeals by both parties. Attached hereto as Exhibit B is copy of the cover page (only) of Mr. Hyatt's Brief for Petitioner-Appellant-Cross-Respondent in this New York case which documents the pendency of the appeal and cross-appeal in this matter in the New York appellate court.

As FTB correctly notes in its letter, the appellate court in New York has *not yet ruled* on Mr. Hyatt's appeal in the New York case to suppress all such discovery. Among the relief that the New York appellate court is currently considering is Mr. Hyatt's request, pursuant to N.Y. CPLR § 3103(c), that "all discovery that the FTB has elicited through the Subpoenas should be suppressed." *E.g., Cippitelli v. Town of Niskayuna*, 203 A.D.2d 632, 633, 610 N.Y.S.2d 622, 624 (N.Y. App. Div. 1994) ("When that which is not obtainable has been obtained, the only appropriate judicial response is to attempt through suppression to restore the status quo prior to the unauthorized disclosure.") (citations omitted). If Mr. Hyatt prevails on this portion of his appeal, then FTB would not be entitled to make any use of the discovery it obtained in New York; indeed, the FTB may be required to return or destroy all such discovery as if it had never been produced. Accordingly, there is currently no final determination under New York law on whether FTB is entitled to either possess or use the documents which it is now providing to your Board.

In opposing FTB's cross-appeal, Mr. Hyatt alternatively has sought the suppression of any and all New York discovery which FTB obtained in excess of the New York trial court's July 29, 2011 Order (*i.e.*, the subject of the current New York appeal and cross-appeal between Mr. Hyatt and FTB). That Order, which remains in effect pending the New York appeal, expressly limited FTB's disclosure entitlement as follows:

> Therefore, insofar as the FTB has failed to meet its burden of demonstrating the relevancy of the materials sought in the subpoenas duces tecum for the years other than 1991 and 199[2], and the relevancy of the materials regarding the prosecution of Hyatt's patents and the patent interference proceeding, Hyatt is entitled to modification of the subpoenas duces tecum. *Accordingly, the demands of the subpoenas duces tecum shall be limited to material related to tax years 1991 and 1992 with respect to the issues of Hyatt's residency and*

MORRISON | FOERSTER

Joann Richmond
August 29, 2012
Page Three

> *income received in those years, his relationship with U.S. Philips, and the*
> *licensing of his patents and any revenue therefrom in 1991 and 1992.* [Order
> at p. 9; emphases supplied.]

FTB has appealed this portion of the New York trial court's Order, arguing that it should be
entitled to wide-ranging discovery beyond tax years 1991 and 1992, and beyond the specific
issues within that limited timeframe of Hyatt's residency, his relationship to U.S. Philips
Corp., and his licensing revenues. Nevertheless, for the purposes of depositions taken in
New York pursuant to FTB's subpoenas, FTB, while reserving its rights of recall (if any),
agreed to focus its examinations on "matters that are not in dispute; i.e., matters
fundamentally about Mr. Hyatt's income and residency in 1991 and 1992." (Exhibit C,
10/25/11 Tamoshunas Dep. Tr. at 5:21-7:7.) FTB and Mr. Hyatt reached this agreement
following an appearance before a Special Referee of the New York trial court on the morning
of the first New York deposition on October 25, 2011. (*Id.*) To its credit, FTB often
(although not always) honored that agreement during its examinations in New York,
agreeing on a number of occasions to reserve the right later (pending the appeal) to ask
questions that, on their face, appeared to exceed the scope of the trial court's Order. (*See,*
*e.g., id.* at Tr. 195:10-24; Exhibit D, 10/26/11 Tamoshunas Dep. Tr. at 225:23-226:8, 306:6-
307:21, 351:13-352:13, 398:23-402:24; Exhibit E, 10/27/11 Tamoshunas Dep. Tr. at 654:9-
656:21.)

Now, however, FTB proposes a mindless "document dump" of 7,227 documents upon this
Board, without any good faith regard for whether the documents would exceed the scope of
the New York trial court's Order (now on appeal). We would also like to remind your Board
of the expansive breadth of FTB's New York subpoena. As more fully detailed in our July 8,
2011 letter to your Board, FTB's subpoena to Philips Corporation Custodian of Records
made 54 document production requests, 42 of which have *no* time period reference at all or
that reference years which are outside the September 1991 through April 1992 period in
dispute. There is a strong likelihood that FTB's production of 7,227 Philips documents
contains documents that are outside the 1991 and 1992 time periods, in violation of the
July 29, 2011 Order of the New York lower court (while FTB knows that said Order is
currently under appeal).

The FTB's submission at this time of documents which it obtained from Philips and which
are the subject of the pending New York case threatens to put your Board in a potentially
untenable position that can easily be avoided by either of the alternatives Mr. Hyatt proposes
above, *i.e.*, returning the documents to FTB at this time, or placing the documents under seal
at this time. If the New York court rules in Mr. Hyatt's favor on appeal, then FTB's
submission of documents subject to the New York case may have to be substantially redacted
or entirely recalled. For the protection of both your Board and Mr. Hyatt, this Board should
not permit the FTB to create a situation where, if it loses before the New York appellate

MORRISON | FOERSTER

Joann Richmond
August 29, 2012
Page Four

court, Mr. Hyatt would have to ask this Board to "un-ring" any bells sounded by the FTB's improper and unduly prejudicial use of discovery from New York.

Finally, another complication to the FTB's document dump arises under a Stipulated Protective Order entered into between Mr. Hyatt and Philips, a copy of which is attached hereto as Exhibit F. Paragraph 15 of that order provides that any such submission of the Philips documents by *Mr. Hyatt* to your Board "shall be filed under seal...." Accordingly, consistent with paragraph 15, Mr. Hyatt asks your Board to "file under seal" the Philips documents it receives from FTB.

Further, Mr. Hyatt hereby expressly asserts and claims his right to confidentiality over any materials your Board receives from FTB which FTB received from Philips. Notwithstanding the language in RTA 5573(a), Mr. Hyatt's filing of these appeals did not constitute a waiver of "all of the information provided to the Board by the appellant or the Franchise Tax Board...." Under California Revenue and Taxation Code section 19545, only "return or return information" may be disclosed by FTB in an administrative proceeding pertaining to tax administration." The Philips documents constitute neither a "return" nor "return information" as those terms are defined in California Revenue and Taxation Code section 19549. Accordingly, any such documents received by your Board from FTB are required, as a matter of law, to be treated as confidential, and may not be disclosed by your Board, or by FTB, to third parties. In addition, while oral hearings are "generally" conducted during open session under RTAs 5573 and 5574, Mr. Hyatt, at the appropriate time, will be required to request a portion of the Oral Hearings in these appeals to be conducted during closed session under RTA 5574, consistent with his right to confidentiality under Revenue and Taxation Code section 19545, to the extent the documents FTB received from Philips may be discussed at those Oral Hearings.

For the reasons set forth above, Mr. Hyatt again requests that your Board (1) return the Philips documents to FTB; or (2) place such documents under seal until the New York court renders a decision.

Sincerely,

Eric J. Coffill

Eric J. Coffill
Counsel for Appellant

Encls. (6)
cc: Gilbert P. Hyatt (w/encls.)
    Robert Dunn, FTB (w/encls.)

EXHIBIT 59



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916 322-9569 • FAX 916-324-3984
www.boe.ca.gov

**BETTY T. YEE**
First District, San Francisco

**SEN. GEORGE RUNNER** (RET.)
Second District, Lancaster

**MICHELLE STEEL**
Third District, Orange County

**JEROME E. HORTON**
Fourth District, Los Angeles

**JOHN CHIANG**
State Controller

**CYNTHIA BRIDGES**
Executive Director

September 19, 2012

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428



Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeal of Gilbert P. Hyatt
Case Id Nos. 446509 & 435770

Gentlemen:

This letter acknowledges your correspondence dated August 10, 2012 (appellant), August 15, 2012 (appellant), August 21, 2012 (respondent), August 24, 2012 (appellant), August 29, 2012 (appellant and respondent), September 7, 2012 (appellant) and September 14, 2012 (respondent). These letters raise various scheduling, briefing and procedural matters including respondent's requests for consolidation, additional briefing and a pre-hearing conference, and appellant's objection to documents submitted by respondent on August 29, 2012.

Under RTA 5442, this Board's Appeals Division must "review the record and determine whether the briefing on file adequately addresses all relevant factual and legal issues." Even without taking into account the 7,227 pages of documents submitted by respondent on August 29, 2012, the record includes over 32,000 pages of briefing and exhibits. Our legal staff is in the process of reviewing this voluminous record pursuant to RTA 5442 and will complete that task as soon as practicable. Under RTA 5442, "[i]f the briefing on file does not adequately address all relevant factual and legal issues, the Appeals Division may request additional briefing under section 5435, or may order a pre-hearing conference under section 5443, or both." Under RTA 5435, subdivision (d), staff may request additional briefing during the applicable briefing schedule "or after the applicable briefing schedule has concluded."

Our legal staff will reach a determination regarding the advisability of any additional briefing, consolidation or a pre-hearing conference following further review of the record. This review is essential to ensure that, when this Board hears the appeals, it is in a position to resolve the appeals on a fair and legally sound basis that brings this dispute to an end.

With regard to appellant's request that this Board reject or seal documents provided by respondent on August 29, 2012, I note that the boxes containing such documents are unopened at this time. The submission, review and disclosure of such documents are subject to this Board's regulations and the California Revenue and Taxation Code.

RTA 5573, subdivision (a) provides that the filing of an appeal from the action of the FTB "constitutes a waiver of the appellant's right to confidentiality with regard to all of the information provided to the Board by the appellant or the [FTB], including information contained in a hearing summary prepared under section 5444."[1] RTA 5572, subdivision (a) provides that "[d]ocuments to which a waiver described in section 5573 applies are . . . disclosable public records."

R&TC section 19545 provides that "return information" may be disclosed in an administrative proceeding "if any of the following apply: (a) The taxpayer is a party to the proceeding . . . [,] (b) The treatment of an item reflected on the return is directly related to the resolution of an issue in the proceeding[, or] (c) The return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding." R&TC section 19549, subdivision (b) defines "return information" as "a taxpayer's identity, the nature, source, or amount of his . . . income, payments, receipts, deductions, exemptions, credits . . . *or any other data, received by,* recorded by, prepared by, *furnished to, or collected by the [FTB] with respect to a return or with respect to the determination of the existence, or possible existence, of liability, or the amount thereof, of any person [under Part 10 (regarding personal income tax)] . . . or [Part 10.2 (regarding administration of franchise and income tax)] . . . for any tax, addition to tax, penalty, interest,* fine, forfeiture, or other imposition, or offense." (Emphasis supplied.)[2]

In accordance with the foregoing, there is no legal basis for respondent's submission to be rejected or sealed. However, as a courtesy to the parties, the boxes containing the evidence in question will remain unopened until **Wednesday, October 10, 2012,** in order to provide an opportunity for either party, if it wishes, to pursue any available legal remedy in California court.

Please feel free to contact me if you have any further questions.

Sincerely,

Joann Richmond
Chief, Board Proceedings Division

JR/bb

---

[1] Subdivision (e)(1) of RTA 5573 provides that, to protect from identity theft, the waiver does not apply "to any person's address, telephone number, social security number, federal identification number, or other account number, and such information will not be provided to the public in response to a request made pursuant to the California Public Records Act . . . ." Subdivision (e)(2) of RTA 5573 provides that waivers described in subdivisions (b) and (c) (which waivers deal with appeals other than income tax appeals) do not apply to information that is only discussed during a closed session, but provides no such exception for appeals from actions of the FTB. Further, RTA 5574, subdivision (a)(2) expressly provides that the BOE "may not" conduct oral hearings requested under Chapter 4 [appeals from actions of the FTB] during a closed session.

[2] RTA 5523.6, subdivision (a) provides in relevant part that "[a]ny relevant evidence, including affidavits, declarations under penalty of perjury, and hearsay evidence, may be presented to the Board at a hearing[,]" and subdivision (b) provides in relevant part that "[t]he Board will consider any objections to, and comments on, the evidence presented at the oral hearing in assigning weight to such evidence. The Board may refuse to allow the presentation of evidence that it considers irrelevant, untrustworthy, or unduly repetitious."

Appeal of Gilbert P. Hyatt                    -3-                    September 19, 2012

cc:     Gilbert P. Hyatt
        P O Box 81230
        Las Vegas, NV  89180-1230

        Jozel Brunett, FTB-Legal              (MS A260)
        Karen Smith, FTB-Legal                (MS A260)

G. Thompson Mc!8s

E-47-AD (1-07)

STATE BOARD OF EQUALIZATION
APPEALS DIVISION MIC:85
PO BOX 942879
SACRAMENTO CA 94279-0085

**FIRST-CLASS MAIL**



neopost
042J8010444
$1.10
09/19/12
Mailed From 95814
POSTAGE

EXHIBIT 60

MORRISON | FOERSTER

<table>
<tr><td></td><td>SACRAMENTO MALL</td><td></td></tr>
<tr><td></td><td>SUITE 3600</td><td></td></tr>
<tr><td></td><td>SACRAMENTO</td><td></td></tr>
<tr><td></td><td>CALIFORNIA 95814-4428</td><td></td></tr>
<tr><td></td><td>TELEPHONE 916.448.3200</td><td></td></tr>
<tr><td></td><td>FACSIMILE 916.448.3222</td><td></td></tr>
<tr><td></td><td>WWW.MOFO.COM</td><td></td></tr>
</table>

To:

| NAME: | | FACSIMILE: | TELEPHONE: |
|---|---|---|---|
| Joann Richmond<br>Chief, Board Proceedings Division<br>State Board of Equalization | | 916.324.3984 | |

| FROM: | Eric J. Coffill<br>916.325.1324 | DATE: | October 4, 2012 |
|---|---|---|---|

| Number of pages<br>with cover page: | 34 | Hard copy to follow by certified mail. |
|---|---|---|

Preparer of this slip has confirmed that facsimile number given is correct: **6641/kal5**

Comments:

October 4, 2012 letter w/enclosures.

44469/1

*************************************************

To ensure compliance with requirements imposed by the United States Internal Revenue Service, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this facsimile (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*************************************************

## CAUTION - CONFIDENTIAL

This facsimile contains confidential information that may also be privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not copy, use, or distribute it. If you have received it in error, please advise Morrison & Foerster LLP immediately by telephone or facsimile and return it promptly by mail.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL KATHRYN LETESSIER AT 916.325.1311 AS SOON AS POSSIBLE.**

SA-65757

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE 916.448.3200
FACSIMILE 916.448.3222

WWW.MOFO.COM

BEIJING, BERLIN, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

October 4, 2012

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail, No. 7004 1160 0007 0877 1014
By Fax and E-Mail this Date

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Re:     Appeals of Gilbert P. Hyatt
        Case ID No. 435770 (Tax Year 1991)
        Case ID No. 446509 (Tax Year 1992)
        Response to FTB's September 14th Letter

Dear Ms. Richmond:

We have received a copy of FTB's September 14th letter to your Board ("Letter") wherein
FTB responds to Mr. Hyatt's alleged "inaccurate representations" contained in our
September 7th letter to your Board. We also have received your Board's letter dated
September 19, 2012 regarding your intention to keep the boxes containing the Philips
documents in question "unopened" until October 10th. While your Board's letter of
September 19th might be construed as a response to the FTB's letter of September 7th, we
nevertheless wish to be on record as responding to FTB's letter on a number of points.

First, we ask your Board to disregard FTB's September 14th letter as unauthorized briefing.
Your Board's letter of September 19th states no further briefing will be accepted at this time.
FTB devotes nearly six pages of this letter to identifying certain specific Philips documents
and then explaining for each document "[w]hy the contemporaneous Philips document is
highly probative of the tax issues in this appeal." (Letter, pp. 2-8.) FTB's August 21st letter
to your Board requested additional briefing under RTA 5435. Mr. Hyatt's August 24th letter
to your Board responded to that request and explained that FTB has no authority under the
RTAs to request additional briefing at this time (nor does your Board have any authority to
grant such requests). Your Board has not issued any order granting any additional briefing
by FTB. However, FTB has wasted no time here in circumventing your Board's rules and

MORRISON | FOERSTER

Joann Richmond
October 4, 2012
Page Two

advancing substantive arguments, again. Recall FTB previously has made stealth attempts at
additional briefing.[1]

Mr. Hyatt cannot sit idly by and risk the chance your Board nevertheless will perhaps
consider the substance of FTB's letter. At this time, we thus respond, albeit briefly, as
follows.

Much of FTB's argument here is based on correspondence sent to Mr. Hyatt's former
California address after he moved to Las Vegas. The record is already clear that much of
Philips' correspondence to Mr. Hyatt was misdirected through the fault of Philips. This issue
already has been discussed on a number of occasions, including the most recent discussion
found in Mr. Hyatt's 1992 Supplemental Brief, p. 73. Recall that Mr. Tamoshunas provided
sworn statements directly on point – that Mr. Hyatt provided Philips with a change of address
from California to Las Vegas in October 1991 and that "Philips occasionally and
inadvertently sent other correspondences to Mr. Hyatt using his former California
addresses." (See Exhibit A attached hereto, Affidavit of Algy Tamoshunas, ¶¶ 25, 26,
provided to your Board in Mr. Hyatt's Reply Briefs, Annex XII.) Recall also that David
Leonard, a Mahr Leonard partner, and Vicki Weart, a Mahr Leonard administrative assistant,
also confirmed that Mr. Hyatt provided Mahr Leonard (the company that obtained the first
six patent licenses for Philips) a change of address from California to Las Vegas in 1991.
(See Exhibit B attached hereto, Affidavit of David Leonard, ¶ 26; Declaration of Vicki
Weart, ¶ 5, both provided to your Board in Mr. Hyatt's Supplemental Briefs, Annex XXV.)
Recall also that David Leonard confirmed Mahr Leonard had the exclusive right to negotiate
and obtain the first six patent licenses (i.e., all of the 1991 patent licenses). (See Exhibit B
attached hereto, Affidavit of David Leonard, ¶¶ 6, 8, 10.) Accordingly, there was very little
involvement by Philips or by Mr. Hyatt and as such, communications between Philips and
Mr. Hyatt had little to do with the first six patent licenses.

Further, on the assumption FTB offers these items regarding physical presence, the parties
already have discussed ad nauseum the day counts in this case. These items do not detract
away from Mr. Hyatt's daily presence in Las Vegas. (See Exhibit C attached hereto, found
in Mr. Hyatt's Reply Briefs.) Over 70 third-party witnesses already have testified to Mr.
Hyatt's move to Las Vegas or his presence in Las Vegas in 1991. (See Exhibit D attached
hereto, Mr. Hyatt's list of Testimonial Topics, found in Mr. Hyatt's Supplemental Briefs,
Annex XXXI, Tab 1.)[2]

---

[1] See FTB's August 21st letter to your Board, pp. 2-3, fn. 3.

[2] As Mr. Hyatt also already explained in his supplemental briefs, no less than 64 witnesses testified, under oath
or penalty of perjury, about Mr. Hyatt's move away in 1991. (See Annex XXXI, Tab 1A and Tab 2, Ex. T007.)
No less than 15 Jennifer Circle neighbors testified, under oath or penalty of perjury, about Mr. Hyatt moving
away in 1991. (See id., Ex. T102.) No less than 11 witnesses testified, under oath or penalty of perjury, about

MORRISON | FOERSTER

Joann Richmond
October 4, 2012
Page Three

Finally, in any event, FTB's descriptions should not be believed, as demonstrated by an example. FTB's description of Document 0004853 is that "Hyatt sends express mail from JC/CA…" with "JC/CA" defined by FTB in footnote 1 of its letter as "7481 Jennifer Circle, La Palma …." Document 0004853 does *not* mention Jennifer Circle and does *not* mention La Palma. It refers only to a post office box in Cerritos.

FTB's remaining points warrant little additional response. FTB argues it "successfully" opposed Mr. Hyatt's efforts to quash FTB's subpoena and that Mr. Hyatt did not "prevail." (Letter, p. 8.) Your Board need only compare the FTB's massively broad "all documents" subpoena request (Exhibit B to Mr. Hyatt's July 8, 2011 letter to your Board) to the scope of the New York trial court's Decision and Order (Exhibit A to Mr. Hyatt's August 29, 2012 letter to your Board) limiting the subpoena. As previously stated in Mr. Hyatt's September 7, 2012 letter to your Board, it is abundantly clear the New York trial court *substantially* narrowed the FTB's requests (and Mr. Hyatt has appealed to the New York appellate court that no Philips documents should be produced).

Next, FTB argues Mr. Hyatt "splits hairs" and separates his briefing from his exhibits. The fact of the matter is that Mr. Hyatt did *not* mention any of these Philips documents in his briefs and *none* of these Philips documents are found in Mr. Hyatt's briefs or in any of Mr. Hyatt's exhibits.

Finally, FTB returns to its "filtering" diatribe, the point here presumably being that Mr. Hyatt "filters" documents damaging to his case. Not only has this point already been addressed in Mr. Hyatt's September 7th letter to your Board, but Mr. Hyatt is confident, and is confident your Board will agree upon reading all the briefing in these cases, that he has fully responded to all of what FTB characterizes as "documents damaging" him. (Letter, p. 10.)

Making arguments and responding to arguments are the reasons for having briefing in these cases. We ask your Board to fully review all the authorized *briefing* by all parties in this case, rather than looking to FTB's post-briefing correspondence, to decide how both parties have presented their evidence and their arguments. Mr. Hyatt is fully confident of his briefing on all points. Apparently FTB is not, as evidenced by its continuing attempts to

---

visiting Mr. Hyatt at his Las Vegas apartment. (*See id.*, Ex. 1018.) No less than 33 witnesses testified, under oath or penalty of perjury, about telephoning Mr. Hyatt at his Las Vegas apartment. (*See id.*, Ex. 1019.) No less than 35 witnesses testified, under oath or penalty of perjury, about Mr. Hyatt house hunting in Las Vegas. (*See id.*, Ex. T045.) No less than 12 witnesses testified, under oath or penalty of perjury, about Mr. Hyatt's move into his Las Vegas house in April 1992. (*See id.*, Ex. T049.) No less than 20 witnesses testified, under oath or penalty of perjury, about Mr. Hyatt using Las Vegas professionals (a lawyer, Realtors, a home inspector, escrow agents, computer professionals, conference professionals, leasing agents, or other professionals) during the disputed period. (*See id.*, Ex. T048.)

sa-66684

MORRISON | FOERSTER

Joann Richmond
October 4, 2012
Page Four

inject post-briefing Philips documents and argument into these cases and as evidenced by its attempts to obtain additional briefing.

In conclusion, we refer your Board to Mr. Hyatt's letter of August 10, 2012 asking for expedited hearings to resolve these appeals which already have been pending far, far too long.

Sincerely,

*Eric J. Coffill*

Eric J. Coffill
Counsel for Appellant

Encls.

cc: Gilbert P. Hyatt (w/o encls.)
    Robert Dunn, FTB (w/o encls.)

EXHIBIT 61


State of California
Franchise Tax Board

John Chiang | Jerome E. Horton | Ana J. Matosantos

Legal Division MS A260
PO BOX 1720
Rancho Cordova, CA 95741-1720

10.05.12

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

Regarding:     Appeal of Gilbert P. Hyatt, Case Nos: 435770 and 446509
               Taxable years 1991 and 1992
               Request to withdraw without prejudice the "Philips documents" submitted to
               the California State Board of Equalization ("SBE"), on August 29, 2012
               pursuant to Order to Show Cause, Appellate Division Docket No. 2011-06859,
               New York Supreme Court, Appellate Division, Second Department dated
               October 5, 2012

Dear Ms. Richmond:

Pursuant to the attached order from Associate Justice Plumber E. Lott of the Appellate
Division of the New York Supreme Court, Second Department, the California Franchise Tax
Board ("FTB") hereby withdraws its August 29, 2012 filing, without prejudice, and requests
that you return the Philips documents submitted to the SBE on August 29, 2012 in the
above captioned appeal to my office no later than October 9, 2012.

FTB also requests that the SBE confirm that Mr. Hyatt's request for an expedited oral
hearing in this tax appeal has been denied.

If there are any questions please do not hesitate to contact me.

Sincerely,

Robert Dunn
Tax Counsel

cc:     Robert Lambert, Assistant Chief Counsel, SBE
        Eric Coffill, Counsel for Gilbert P. Hyatt

Attachments: OSC

7096673.1

916.845.3338          916.843.6041          ftb.ca.gov

NEW YORK SUPREME COURT
APPELLATE DIVISION – SECOND DEPARTMENT

In the Matter of:

Out-of-state subpoenas issued by the New York counsel for
State of California Franchise Tax Board for the depositions
and production of documents from the Custodian of Records
for U.S. Philips Corporation, from Jack Haken, and from
Algy Tamoshunas, for use in an administrative tax appeal
pending before the California State Board of Equalization
entitled: In the Matter of the Appeal of Gilbert P. Hyatt,
California Board of Equalization, Case Nos. 435770 and
446509.

App. Div.
**Docket No. 2011-
06859**



GILBERT P. HYATT,

*Petitioner-Appellant-Cross-Respondent,*

-against-

STATE OF CALIFORNIA FRANCHISE TAX BOARD,

*Respondent-Respondent-Cross-Appellant.*

**ORDER TO
SHOW CAUSE**

Upon the annexed Affidavit of Gilbert P. Hyatt dated October 4, 2012, and

the ~~exhibits~~ papers annexed thereto, ~~and the Affirmation of Reasonable Notice of William~~

~~L. Charron dated October 4, 2012, and the accompanying memorandum of law,~~

**LET     RESPONDENT-RESPONDENT-CROSS-APPELLANT     THE**

**STATE OF CALIFORNIA FRANCHISE TAX BOARD ("FTB") SHOW**

**CAUSE BEFORE THIS COURT,** at the courthouse thereof, located at 45

Monroe Place, Brooklyn, New York, 11201, on the 9ᵗʰ day of October ,

2012, at 9:30 o'clock in the forenoon of that date ~~or as soon thereafter as counsel~~

~~may be heard,~~ why an Order should not be made and entered:

     1.    Granting Petitioner-Appellant-Cross-Respondent Gilbert P. Hyatt's

("Hyatt") motion, pursuant to CPLR § 5519(c) and pursuant to this Court's

inherent authority, for a temporary restraining order and preliminary injunction

staying enforcement of the Decision & Order of the I.A.S. Court (Westchester

County) dated July 29, 2011 (the "Order") upon which Hyatt and the FTB have

fully briefed and submitted their pending cross-appeals, which cross-appeals

further having been granted a preference by this Court by Order dated October 13,

2011, and thereby further immediately temporarily and preliminarily restraining

and enjoining the FTB from continuing with a filing that it made on or about

August 29, 2012 with the California State Board of Equalization ("SBE") of

certain documents that were obtained by the FTB pursuant to the Order (described

as the "Challenged Disclosures" in Hyatt's accompanying papers), pending this

Court's determination of the parties' pending cross-appeals, resulting therefore in a

direction that the FTB immediately withdraw its August 29, 2012 filing before the

SBE (the "Filing"); or in the alternative, directing that the FTB immediately

withdraw its Filing before the SBE and remove all documents concerning the

prosecution of Hyatt's patents and Hyatt's patent interference proceedings; and

<div align="center">2</div>

2.     Granting Hyatt such other and further relief as the Court deems just and proper.

**SUFFICIENT CAUSE THEREFORE APPEARING,** it is

**ORDERED** that, pending the hearing and determination of this motion ~~and further pending the determination of the parties' underlying cross appeals~~, the Order shall be stayed and the FTB shall immediately withdraw its Filing before the SBE, and shall confirm in writing to Hyatt's counsel and to this Court by no later than October 9, 2012 that the FTB's Filing has been so withdrawn and is in the exclusive custody of the FTB or its counsel pending further rulings by this Court; and it is further ~~or, in the alternative, it is~~

~~**ORDERED** that, pending the hearing and determination of this motion and further pending the determination of the parties' underlying cross appeals, the FTB shall immediately withdraw its Filing before the SBE and remove from the Filing before the SBE all documents concerning the prosecution of Hyatt's patents and Hyatt's patent interference proceedings, and shall confirm in writing to Hyatt's counsel and to this Court by no later than October 9, 2012 that the FTB's Filing has been so modified pending further rulings by this Court; and it is further~~

~~**ORDERED** that, the FTB's answering papers to Hyatt's motion, if any, shall be served by electronic mail and overnight delivery service on Hyatt's attorneys, Pryor Cashman LLP (Attention: William L. Charron, Esq.), at their~~

3

~~offices, 7 Times Square, New York, New York, 10036, at or before five o'clock~~

~~pm on the ___ day of October, 2012; and it is further~~

~~ORDERED that, Hyatt's reply papers, if any, shall be served by electronic~~
~~mail and overnight delivery service on the FTB's attorneys, Carter Ledyard &~~
~~Milburn LLP (Attention: Judith A. Lockhart, Esq.), 2 Wall Street, New York, New~~
~~York 10005, at or before five o'clock pm on the ___ day of October, 2012; and it is~~
~~further~~

ORDERED that, service of a copy of this Order to Show Cause and the papers upon which it was made upon counsel for the FTB, Carter Ledyard & Milburn LLP (Attention: Judith A. Lockhart, Esq.), 2 Wall Street, New York, New York 10005, by ~~electronic mail and overnight delivery service~~ on or before the 5th day of October, 2012, shall be deemed sufficient ~~notice~~ service thereof.

Dated:   Brooklyn, New York
         October 5th, 2012

~~Associate Justice~~
~~Appellate Division: Second Department~~

Hon. Plummer E. Lott
Associate Justice
Appellate Division 2nd Dept.

4

EXHIBIT 62



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-322-9569 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller
————
CYNTHIA BRIDGES
Executive Director

October 15, 2012

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

<center>Appeal of Gilbert P. Hyatt<br>Case ID Nos. 446509 and 435770</center>

Gentlemen:

This letter responds to the FTB's October 5, 2012 letter, in which it withdrew its filing of the Philips documents pursuant to the New York court order obtained by appellant and requested "confirmation that appellant's request for an expedited oral hearing in this appeal has been denied."

As background, appellant's August 10, 2012 correspondence requested that the appeals be set for hearings as expeditiously as possible, a request which appellant reiterated in subsequent correspondence, most recently on October 4, 2012.

As noted in my September 19, 2012 letter:

> Under RTA 5442, this Board's Appeals Division must "review the record and determine whether the briefing on file adequately addresses all relevant factual and legal issues." Even without taking into account the 7,227 pages of documents submitted by respondent on August 29, 2012, the record includes over 32,000 pages of briefing and exhibits. Our legal staff is in the process of reviewing this voluminous record pursuant to RTA 5442 and will complete that task as soon as practicable.

As indicated above, these appeals will not be scheduled for an oral hearing prior to the time the review required by RTA 5442 is completed. In addition, and also as noted previously, additional briefing may be requested by staff.

As a result of a New York court order obtained by appellant, respondent has since withdrawn the Philips documentation that it previously submitted. If any such documents are later submitted, these documents will be reviewed by staff pursuant to RTA 5442 in order to determine whether "all relevant factual and legal issues have been addressed." Pursuant to RTA 5442, the appeals will not be scheduled for an oral hearing until the Appeals Division determines that "all relevant factual and legal issues have been

Appeal of Gilbert P. Hyatt          -2-          October 15, 2012

addressed" and notifies me, in my capacity as the Chief of this Board's Board Proceedings Division, that the appeals are "ready to be scheduled for an oral hearing."

Board staff shares in the desire that these appeals be resolved as expeditiously as possible and urges that the parties endeavor to minimize and resolve procedural issues with that goal in mind.

Please feel free to contact me if you have any further questions.

Sincerely,

Joann Richmond, Chief
Board Proceedings Division

JR/bb

cc:    Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV 89180-1230

        Jozel Brunett, FTB-Legal    (MS A260)
        Karen Smith, FTB-Legal    (MS A260)

Appeal of Gilbert P. Hyatt       -3-       October 15, 2012

bcc:    Randy Ferris, Chief Counsel      (MIC: 83)
Jeff Vest, Assistant Chief Counsel      (MIC: 85)
Bob Lambert, Assistant Chief Counsel      (MIC: 82)
Amy Kelly, Assistant Chief Counsel      (MIC: 82)
Grant S. Thompson, Tax Counsel IV      (MIC: 85)
Mai Tran, Tax Counsel      (MIC: 85)