# EXHIBIT 63



STATE OF CALIFORNIA

STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-3984
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

January 17, 2013

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeal of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

This letter sets forth an additional briefing request pursuant to RTA 5435, subdivision (a), and addresses the possibility of further additional briefing as well as the impact of the pending New York litigation on these proceedings.

Additional Briefing Request

During its review of this matter pursuant to RTA 5442, staff has determined that additional briefing is necessary pursuant to RTA 5435, subdivision (a), in order to clarify the record and, if possible, narrow remaining issues.

As background, appellant argues that the 1992 Notice of Action contains a $24 million income calculation error, and provides various documents and evidence in support, such as wire transfer confirmations. In respondent's 1992 opening brief, at pages 46 to 47, respondent states that it relied on documentation showing that appellant received a large amount of income in January 1992, but does not identify the referenced documentation. Respondent further states that appellant provided "some documentation that shows various 1992 deposits into his personal accounts[,]" but argues that ". . . because the documentation was factually and legally insufficient to prove earned income, it was rejected, and Mr. Hyatt failed to follow up with any actual proof of the receipt and timing of his 1992 income." On this basis, respondent concludes that this issue "continues to be part of the tax dispute in this matter."

With the foregoing in mind, respondent is requested to file a brief for the 1992 tax year addressing the following items.

(1) Please identify the documentation that respondent relies upon to support its determination of the income respondent alleges appellant received between January 1, 1992 and April 3, 1992. Please explain specifically how the identified documentation supports that determination.

For example, respondent apparently determined that Mr. Hyatt received a $48,780,951 payment from Phillips on January 15, 1992. (See 1992 Revised Proposed Adjustment Schedule II at Bates Document H 02265, as referenced in footnote 269 on page 53 of appellant's 1992 opening brief.) Please identify the documentation supporting this determination.

(2) Please explain specifically how and why the documentation provided by appellant, whether during protest or on appeal, is insufficient to establish that, as alleged by appellant, a large portion of appellant's income was received by him after April 3, 1992 on specific dates alleged by him. Please address each of the asserted deposit line items enumerated in Mr. Cowan's February 7, 1996 letter (see exhibit 38 of appellant's 1992 opening brief) and the specific evidence provided by appellant, or otherwise in respondent's possession, with regard to each of those deposit dates.

For example, appellant alleges that $16,549,433.06 of the income that respondent alleges was received prior to April 3, 1992 was wired into his Fidelity accounts on September 4, 1992, and provides in support a letter from Fidelity, dated January 31, 1996, stating that appellant received wire transfers of $9,000,000 and $7,549,433.06 (thus totaling $16,549,433.06) on September 4, 1992. Respondent should explain why this documentation is insufficient to show receipt of this income at that time. Respondent should similarly address the other deposit dates identified in Mr. Cowan's letter and the evidence in the record with regard to deposits on such dates.

(3) If and to the extent that respondent agrees with appellant as to the timing of any income, respondent should specifically identify the undisputed income. In this connection, staff requests that the FTB consider whether it can narrow the issues by making any concessions with regard to the timing of appellant's receipt of income in 1992.

Respondent should file a single brief, for the 1992 tax year, addressing the above items. The brief should not exceed thirty double-spaced pages, and should be filed by **Tuesday, February 19, 2013**. Upon acknowledgment of respondent's brief by this Board's Board Proceedings Division, appellant will have thirty days to file a reply brief, which also should not exceed thirty double-spaced pages.

Staff cautions both parties to limit their briefing to the items above and provide briefing that is narrowly focused on the factual issues outlined in those items. Although briefing may address legal issues regarding the burden of proof in connection with the above items, staff's request is not soliciting any such arguments and is instead focused on clarifying the factual record.

Briefs should be sent to:

**Claudia Madrigal, Appeals Analyst**
**Board Proceedings Division**
**State Board of Equalization**
**P. O. Box 942879, MIC:80**
**Sacramento, CA  94279-0080**

Possibility of Further Additional Briefing

The volume of the evidentiary record is unprecedented, and both parties have submitted evidence that has not been briefed. With its final briefs, appellant submitted 93 affidavits and declarations, and related exhibits, which respondent has not had the opportunity to brief. Respondent then submitted over 7,000

pages of additional evidence ("the Phillips documents") that it subsequently retracted as a result of the New York court order obtained by appellant. Additionally, appellant recently submitted over 500 pages of new evidence, which also has not been briefed. In view of the foregoing, and in order to fulfill its obligation under RTA 5442 to ensure that the briefing "adequately addresses all relevant factual and legal issues," the Appeals Division may make further additional briefing requests.

Pending New York Litigation

At this juncture, it appears that the Phillips documents may include evidence that is relevant and necessary to a fair resolution of the factual and legal issues in this matter. However, the Appeals Division cannot determine whether the briefing on file adequately addresses all relevant factual and legal issues under RTA 5442 until the New York litigation has been resolved and any available documents provided. Therefore, staff urges the parties to bring the New York litigation to a close and to consider reaching a settlement whereby some portion of the Phillips documents, perhaps with redactions, could be provided. In the interim, the Appeals Division will continue its work on these appeals, and, as noted above, may further develop and clarify the issues through additional briefing.


Please feel free to contact me if you have any questions.

Sincerely,

Grant S. Thompson
Tax Counsel IV

GST/bb

cc:     Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV 89180-1230

        Karen Smith, FTB-Legal     (MS A260)

# EXHIBIT 64

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE 916.448.3200
FACSIMILE 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

January 24, 2013

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Certified Mail, No. 7003 2260 0003 0022 3000

Joann Richmond
Chief, Board Proceedings Division
State Board of Equalization
450 N Street, MIC: 80
Sacramento, CA 95814

**RECEIVED**

JAN 2 5 2013

Board Proceedings

Re:    Appeals of Gilbert P. Hyatt
       Case ID No. 435770 (Tax Year 1991)
       Case ID No. 446509 (Tax Year 1992)
       The Board's January 17, 2013 Letter Requesting Additional Briefing

Dear Ms. Richmond:

This letter does not request any immediate action on the part of Board Proceedings. Instead, this letter is written to preemptively apprise the Board of Mr. Hyatt's intention to vigorously oppose any requests by FTB for extensions of time and/or extensions of briefing space regarding your Board's January 17, 2013 request for additional briefing.

By letter dated January 17, 2013, your Board's staff determined that additional briefing is necessary in these appeals under RTA 5435(a) and requested that FTB file a supplemental brief addressing the so-called "$24 million income calculation error" issue. Specifically, your Board requested that FTB file a single brief for the 1992 tax year which addresses three specified items. Your Board stated the brief should not exceed thirty double-spaced pages and should be filed by February 19, 2013. (Appellant then will have thirty days from Board Proceeding's acknowledgement of the FTB's brief in which to file a reply brief.) Your Board's staff cautioned both parties that the briefing should be "narrowly focused" on those three items.

In *anticipation* of a *possible* request by FTB for additional time (or additional pages) regarding this supplemental brief, Mr. Hyatt wishes to be clearly on record at this time that he will oppose any such requests. Thirty days (and thirty pages) is sufficient time (and space) to address only <u>three</u> items requested by this Board, which relate to only <u>one</u> issue,

MORRISON | FOERSTER

Joann Richmond
January 24, 2013
Page Two

which already has been briefed by both parties in the normal course of the briefing cycle, and is an issue which Mr. Hyatt first brought to FTB's attention in a letter dated July 17, 1997.[1]

Again, with all respect, we wish to remind your Board of the time which already has passed in this appeal. The appeal for tax year 1991 (No. 435770) and tax year 1992 (No. 446509) were both filed in January 2008 – five years ago. The protest for tax year 1991 was filed in June 1996, and the protest for tax year 1992 was filed in October 1997 – over 16 years ago.[2] The audit (for 1991) began in 1993 – 20 years ago, when Mr. Hyatt was 55 years old.[3] He is now 74 years old and he will be 75 years old (three quarters of a century) this     We certainly do not wish to interfere in any way with your Board's prerogative to request supplemental briefs – indeed, we wholly support this and any subsequent requests as deemed necessary to assist your Board. We wish only to see all such supplemental briefing proceed as expeditiously as possible in light of the age of these cases.

Sincerely,

*Eric J. Coffill*

Eric J. Coffill
Counsel for Appellant

cc: Gilbert P. Hyatt
    Robert Dunn, FTB

---

[1] *See e.g.*, Mr. Hyatt's 1992 Opening Brief, pp. 52-56.
[2] *See e.g.*, Mr. Hyatt's 1991 Reply Brief, pp. 1-2.
[3] *See id.*

sa-67305

# EXHIBIT 65



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0065
916-322-2167 • FAX 916-324-2618
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

February 25, 2013

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

Pursuant to RTA 5435, subdivision (a), this letter requests additional briefing to obtain information regarding the next steps in the New York litigation and facilitate a fair and timely resolution of the dispute regarding the Philips documents.

As background, on August 29, 2012 respondent submitted over 7,000 pages of documentation obtained from Philips. Appellant objected to the submission of the documents as premature in light of pending New York litigation, among other grounds, and the parties vigorously disputed the issue during September and October of 2012. On October 5, 2012, respondent retracted the submission as a result of a temporary restraining order and injunction obtained by appellant and issued by the New York court pending the court's resolution of the parties' cross-appeals. The Appeals Division's prior understanding was that the New York appeal might be resolved relatively quickly, as it had been pending for some time and was a calendar "preference" or priority item for the New York Supreme Court Appellate Division, Second Department. However, there has been no further progress on the New York litigation.

Although the New York litigation has not progressed, progress continues to be made in these appeals. While the New York litigation has been pending, the Appeals Division has continued its review and development of this matter, which process has been assisted by the linked DVDs provided by appellant on November 14, 2012 and December 7, 2012. On December 20, 2012, the Appeals Division requested that respondent provide linked DVDs, which respondent stated it will provide. On January 17, 2013, the Appeals Division requested additional briefing to clarify the timing of payments received by appellant, which briefing is in process and discussed further below. In addition, the Appeals Division urged the parties to resolve the New York litigation and consider a settlement whereby some portion of the Philips documents could be provided.

The Appeals Division believes that the additional briefing regarding the timing of payments will assist in clarifying the issues. On February 19, 2013, respondent filed its additional brief regarding the timing of payments. In this brief, respondent states that, based on available documentation, $26,981,988.00 of 1992 income would be taxed by California if appellant was taxed only on a residency basis based on income received prior to April 3, 1992. This compares to over $51 million calculated by the FTB auditor to have been received between January 1, 1992 and April 3, 1992. Respondent also states that certain Philips documents are relevant to these timing issues, as well as all other tax issues, and requests that appellant contact it to seek an agreement regarding production of the Philips documents. Respondent requests that, if such an agreement cannot be reached, proceedings be stayed pending resolution of the New York litigation.[1] Appellant's reply brief is due by March 22, 2013.

The Appeals Division wishes to avoid a situation where resolution of these appeals is delayed due to the New York litigation. However, it does not appear that the appeal can be fairly and finally resolved while the Board is prevented from reviewing existing evidence that respondent alleges is highly probative. Such a course of action could undermine the Board's ability to fairly determine the appeals and delay resolution by resulting in a petition for rehearing or inconclusive hearings.

The Appeals Division therefore requests the parties' assistance in finding a path forward that both addresses appellant's concerns regarding the confidentiality of his technological analyses and allows the Board to review evidence that may be highly probative to the tax issues. To that end, the parties should address each of the following items.

(1) What are the likely or possible next steps in the New York litigation regarding the Philips documents and when (or within what time range) does the party estimate it will be finally concluded? Does the party anticipate seeking an appeal or request for reconsideration if the decision of the New York Appellate Division is adverse to it?

(2) Please provide a good faith offer or offers of compromise that might resolve the New York litigation and thereby expedite resolution of this matter. In addition to offering any other potential avenues for compromise, each party should address whether it would be willing to explore a resolution where the FTB agreed to forego production of documents outside of 1991 and 1992, or otherwise narrow its production, if appellant consented to the production of other documents allowed by the New York trial court, with confidential technological information redacted.

The parties should specifically address whether the redaction of technological information could cure the confidentiality concerns raised by appellant, while allowing the Board to evaluate the evidence regarding physical presence and sourcing that respondent alleges is highly probative. Appellant appears to be primarily concerned about the disclosure of technical analyses, drawings and discussions that allegedly relate to pending patent applications. Could such technical analyses, drawings and discussions be redacted while preserving information that may assist in resolving the relevant tax issues?

---

[1] Respondent also states that it "reserves the right to complete this additional briefing once that matter is resolved." The Appeals Division cautions that no further briefing is permitted, unless requested by the Appeals Division, a Board Member or the Board, pursuant to RTA 5435. When and if further documentation is made available, the Appeals Division will determine whether to request additional briefing under RTA 5435 and the "order, deadlines, and conditions" of any such briefing.

(3) Each party should address each offer of compromise made by the other party or to which the other party indicated potential for agreement, and state whether it can agree to such offer(s) and, if not, why not. If the parties are able to agree on a potential compromise or path forward, they should make a joint submission setting forth such agreement and a schedule for the provision of documents.

Each party should file a brief responding to Items (1) and (2) by March 28, 2013. Upon acknowledgment of these initial briefs, the parties will have 30 additional days to respond to Item (3) and if possible make a joint submission.[2] During the briefing period, the parties are strongly encouraged to communicate informally with one another in an effort to reach an agreement or narrow outstanding issues.

Each party's initial brief (addressing items (1) and (2) above) may not exceed fifteen (15) double spaced pages, and each party's subsequent brief, addressing item (3) above, may not exceed ten (10) double spaced pages. The Appeals Division leaves the length of any joint submission to the discretion of the parties.

Briefs should be sent to:

> **Claudia Madrigal, Appeals Analyst**
> **Board Proceedings Division**
> **State Board of Equalization**
> **P. O. Box 942879, MIC: 80**
> **Sacramento, CA 94279-0080**

Please feel free to contact me if you have any questions.

Sincerely,

*Bonnie Battaglia*

*for* Grant S. Thompson
Tax Counsel IV

GST/bb

cc:     Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV 89180-1230

---

[2] At each of stage of briefing (i.e., initial brief and reply), each party should file a single brief, rather than separate briefs for each tax year. A copy of each brief will be placed in the briefing record for each appeal.

EXHIBIT 66



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-322-2167 • FAX 916-324-2618
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

March 4, 2013

## VIA GOLDEN STATE OVERNIGHT DELIVERY

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

 Per respondent's February 26, 2013 request that its February 19, 2013 submission be retracted and replaced, this letter returns to the respondent the DVDs submitted by it on February 19, 2013 (except the DVD which was previously forwarded to appellant). Per appellant's February 27, 2013 request, this letter also returns to the FTB hard copies printed from the DVDs and confirms that the Board of Equalization has no additional hard copies and no electronic copies of materials submitted by respondent on February 19, 2013 (except to the extent those materials included copies of materials already in the BOE's possession prior to respondent's February 19, 2013 submission, such as copies of respondent's previously filed briefs and exhibits).

 Respondent's request to submit a replacement filing is granted. This filing should be submitted no later than Monday, March 11, 2013. Appellant currently has a March 22, 2013 due date for its reply. In light of the circumstances, this due date is extended to Wednesday, April 10, 2013.

Briefs should be sent to:

**Claudia Madrigal, Appeals Analyst**
**Board Proceedings Division**
**State Board of Equalization**
**P. O. Box 942879, MIC: 80**
**Sacramento, CA 94279-0080**

Please feel free to contact me if you have any questions.

Sincerely,

Grant S. Thompson
Tax Counsel IV

GST/bb

Enclosure: FTB's DVDs and hard copies printed from DVDs

cc: Gilbert P. Hyatt
  P.O. Box 81230
  Las Vegas, NV 89180-1230


  Karen Smith, FTB Legal  (MS A260)
  Claudia Madrigal, Board Proceedings Division (MIC: 80)

EXHIBIT 67

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE 916.448.3200
FACSIMILE 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

May 3, 2013

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:  *Appeals of Gilbert P. Hyatt*
      Case ID Nos. 446509 and 435770
      Taxable Years 1991 and 1992
      Response to FTB's 4/29/13 Letter Re: Briefing Philips Documents

Dear Mr. Thompson:

By letter dated April 29, 2013, FTB responded to your Board's letter of February 25, 2013
regarding the status of the so-called Philips documents. Mr. Hyatt responded by brief dated
April 29, 2013. Because such briefing was concurrent under your Board's letter, Mr. Hyatt
did not have the opportunity to respond directly to FTB's letter briefing (and vice versa).
Accordingly, at this time, we would like to respond to a procedural proposal first made by
FTB in its April 29th letter.

The last page of FTB's April 29th letter states that FTB requests 60 pages and 120 days to
complete additional briefing on the Philips documents as well as "all the new affidavit
evidenced submitted with (and after) Mr. Hyatt's supplemental briefing." Further, FTB asks
your Board to consider "requiring the parties to file simultaneous additional briefing."
(4/29/13 FTB Letter, p. 5.)

As Mr. Hyatt has stated many times previously, we have no objection to supplemental
briefing of the Philips documents at the appropriate time, and we look forward to the
opportunity to address FTB's repeated bare assertions and claims regarding the relevance of
those documents. However, as of this date, no Philips documents have yet been provided by
FTB to your Board and, as you know from the parties' recent briefing, discussions are
ongoing in New York between FTB's and Mr. Hyatt's counsel regarding exactly which

sa-67852

MORRISON | FOERSTER

Grant S. Thompson
May 3, 2013
Page Two

documents fall within the appellate court's ruling. Under these circumstances, we offer the following proposal.

So as not to delay these appeals any more than necessary, we request that consecutive (not concurrent) supplemental briefing now be scheduled/ordered by your Board which is limited to the 3,300 or so pages of Philips documents that Mr. Hyatt has listed on the "Compliant Table" that we submitted to your Board on April 29, 2013 as part of our additional brief. We note that FTB has not yet agreed that these documents are "compliant," but we have confidence that FTB will do so.

If your Board agrees with our proposal for consecutive briefing limited to the Philips "compliant" documents, we request that your Board first solicit the opinions of both parties regarding such a schedule, including the page limits and the amount of time allowed for those briefs.

Thank you for your consideration of our requests.

Very truly yours,

Eric J. Coffill
Counsel for Mr. Hyatt

cc:   Bob Dunn (FTB) – by mail and e-mail

sa-67852

EXHIBIT 68

State of California
**Franchise Tax Board**

chair John Chiang | member Jerome E. Horton | member Ana J. Matosantos

Legal Division MS A260
PO BOX 1720
Rancho Cordova, CA 95741-1720

05.07.13

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
P.O. Box 492879, MIC: 85
Sacramento, CA  94279-0085

Regarding:     Appeal of Gilbert P. Hyatt, Case Nos.: 435770 and 446509
               Taxable years 1991 and 1992
               Briefing the Philips documents: FTB's response to Mr. Hyatt's May 3, 2013
               letter and briefing counter-proposal

Dear Mr. Thompson:

FTB has received and reviewed Mr. Hyatt's two page letter to SBE dated May 3, 2013.

First, Mr. Hyatt requests that FTB forgo the submission to SBE of highly relevant, probative evidence in this tax appeal, the "Philips documents." This FTB cannot do.[1] For some reason Mr. Hyatt does not mention the content of FTB's April 29, 2013 letter brief which discusses this issue in detail.[2] Therein FTB discusses all the Philips documents Mr. Hyatt argues were "mistakenly and/or inappropriately" produced to FTB by Philips' counsel Sullivan & Cromwell. Also therein FTB addresses, and rejects, document by document, Mr. Hyatt's alleged reason(s) why FTB should now "return" or "destroy" those documents. As set forth in FTB's letter brief and the attached Exhibit A (Preliminary), Mr. Hyatt's reason(s) lack merit.[3] So much so that FTB concluded, after careful and time-consuming scrutiny, that this latest attempt by Mr. Hyatt to block the use of the Philips documents in this tax matter was made in bad faith. FTB's New York counsel has delivered this message to Mr. Hyatt's New York counsel. That letter is attached.

---

[1] FTB's statutory mission is set forth as follows: The Franchise Tax Board shall administer and enforce the [California Revenue and Taxation Code]. See R&TC section 19501. Mr. Hyatt's request represents nothing less than asking FTB to abrogate its duty when it comes to this tax matter.

[2] See FTB's Letter Brief dated April 29, 2013, Exhibit A (Preliminary) "PHILIPS DOCUMENTS PROPERLY PROVIDED TO FTB BY SULLIVAN & CROMWELL UNDER THE JULY 2011 ORDER" [a 147 page analysis], and attached exemplary Philips documents [64 document] that make FTB's point about Mr. Hyatt's bad faith on this issue.

[3] FTB attaches our completed Exhibit A, capturing analysis of all the Philips documents Mr. Hyatt added in his April 23, 2013 table, the same 69 page table Mr. Hyatt submitted to the SBE on April 29, 2013. This document replaces the Exhibit A (Preliminary) appended to FTB's April 29, 2013 letter brief.

05.07.13
Briefing the Philips documents: FTB's response to Mr. Hyatt's May 3, 2013 letter and counter-proposal
Page 2 of 2

Case: 15-15296, 03/17/2017, ID: 10361605, DktEntry: 57-4, Page 20 of 325

FTB's offer to Mr. Hyatt that we will consider targeted redactions of specified content, if Mr. Hyatt can make a compelling argument that that content is unnecessary to deciding the California income tax and fraud penalty issues in this appeal, remains on the table.

Second, Mr. Hyatt proposes the SBE invite "consecutive" briefing concerning the Philips documents. If Mr. Hyatt is suggesting simultaneous additional briefing on the Philips documents followed by consecutive and simultaneous responses to the other parties briefing, FTB has no objection. This appears to be a time-efficient way to allow additional briefing while capturing each parties comprehensive analysis of the new evidence in this matter.

Third, concerning Mr. Hyatt's comments that the SBE solicit the opinions of the parties as to page length and time allowed. FTB has already offered the SBE our opinion, as set out in FTB's April 29, 2013 letter brief and repeated in Mr. Hyatt's May 3, 2013 letter. As the SBE knows, Mr. Hyatt's newly submitted affidavit evidence, with voluminous appended exhibits, many referring to recollections of 1991 and 1992 events, many referencing issues also reflected in the Philips documents, and many from previously unknown "witnesses," is voluminous, to say the least. Mr. Hyatt's newly solicited affidavits approach 100. Responding to all this new material, and applying the Philips documents to the existing evidence, is a monumental undertaking. Barring unforeseen events, to include further litigation concerning the Philips documents, FTB thinks it can accomplish this in 120 days and 60 pages, even with our limited resources.

Fourth, within Mr. Hyatt's third paragraph he refers to FTB comments regarding the Philips documents as "...bare assertions and claims regarding the relevance of those [Philips] documents." Of course, the SBE can review FTB's April 29, 2013 letter brief, Exhibit A and the appended FTB_Philips documents and decide for itself the quality of the assertions and the relevance of the documents. Mr. Hyatt then asserts "...as of this date, no Philips documents have yet been provided by FTB to your Board..." This is inaccurate. FTB provided Philips documents to the SBE with our letter brief, Philips document that were discussed in some detail within that brief and attached as exemplary of Mr. Hyatt's bad faith efforts to, yet again, obstruct consideration of the Philips documents in this matter.

Please contact me if you have any questions.


Sincerely,

*[signature]*

Digitally signed by Robert Dunn
DN: cn=Robert Dunn, o=Franchise Tax
Board, ou=FTB Legal,
email=robert.dunn@ftb.ca.gov, c=US
Date: 2013.05.07 15:19:51 -07'00'

Robert Dunn
Tax Counsel

Enclosures:  Carter Ledyard & Milburn letter dated May 6, 2013
             Exhibit A (final version to include Mr. Hyatt's April 23, 2013 table)

cc:          Judith Lockhart, Counsel for FTB
             Eric Coffill, Counsel for Mr. Hyatt

EXHIBIT 69

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE 916.448.3200
FACSIMILE 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

May 16, 2013

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re: *Appeals of Gilbert P. Hyatt*
Case ID Nos. 446509 and 435770
Taxable Years 1991 and 1992
Response to FTB's 5/7/13 Letter Re: Briefing Philips Documents

Dear Mr. Thompson:

This letter is in response to FTB's May 7, 2013 letter to you regarding briefing of the Philips documents. There, FTB responded to Mr. Hyatt's letter of May 3, 2013, which, in turn, responded to FTB's brief dated April 29, 2013. As you know, all these communications to your Board discuss the parties' positions and proposals regarding the use and briefing of the Philips documents in the above appeals. We offer the following five points regarding briefing the Philips documents.

**First, FTB is not entitled at this time to use in these appeals approximately 313 Philips documents (approximately 1,500 pages) which it provided to your Board by letter dated August 29, 2012 (and which it was then forced to retract by order of the New York court). Those documents are the subject of an upcoming June 24th hearing in the New York courts.**

Yesterday, a hearing was held in Westchester County Supreme Court in New York on Mr. Hyatt's Petition in a special proceeding seeking an order to show cause for the suppression and other appropriate relief regarding 313 Philips documents (approximately 1,500 pages). A copy of the Petition and Mr. Hyatt's Memorandum of Law submitted in yesterday's special proceeding are attached hereto collectively as **Exhibit A**. I have been informed by Mr. Hyatt's New York counsel that counsel for the parties met with the Court yesterday morning and, following discussion with the Court Attorney, stipulated to entry of a TRO that

MORRISON | FOERSTER

Grant S. Thompson
May 16, 2013
Page Two

prevents the FTB from filing any further of those disputed Philips information with your
Board pending resolution of Mr. Hyatt's Petition (although the FTB need not withdraw the
filing it made with your Board on April 29th). The parties have agreed to the following
briefing and hearing schedule: FTB's opposition is due May 29; Mr. Hyatt's reply is due
June 5; and hearing to be held on June 24. A copy of the New York Court's order, dated
May 15, 2013, is attached hereto as **Exhibit B**.

As stated in Mr. Charron's May 14th letter to FTB's New York Counsel, attached hereto as
**Exhibit C**,[1] Mr. Hyatt has seriously considered FTB's most recent comments regarding the
scope of the New York court's order on the Philips documents. Accordingly, Mr. Hyatt has
now significantly narrowed the scope of the documents (i.e., to 313 Philips documents
constituting approximately 1,500 pages) and deposition testimony that he believes should be
stricken in accordance with that order.

As you will recall, Mr. Hyatt's May 3rd letter stated the parties are free to use approximately
3,300 pages of the Philips documents now that the New York appellate court decision is
final. A copy of that May 3rd letter is attached hereto as **Exhibit D**. Mr. Hyatt proposed in
his May 3rd letter that your Board set a schedule for briefing those approximately 3,300 pages
of Philips documents – to the extent FTB chooses to use them – as expeditiously as possible
so as not to delay these appeals any further. FTB's May 7th letter rejected that proposal.
Following Mr. Charron's May 14th letter (**Exhibit C**), Mr. Hyatt has now agreed to increase
the number of the "compliant" documents to approximately 6,800 pages of Philips
documents. With the exception of the approximately 1,500 pages of the Philips documents
which were the subject of yesterday's New York hearing, Mr. Hyatt agrees, subject to his
points four and five set forth below, that FTB is free at this time to use those 6,800 pages of
the Philips documents in these appeals, should it choose to do so.

**Second, FTB should not be given any additional briefing at this time on what FTB
terms "new material" (FTB's 5/7/13 letter, p. 2), such as affidavits which Mr. Hyatt
submitted to your Board after the close of briefing in these appeals. Any additional
briefing on any terms regarding the Philips documents must be limited to the Philips
documents.**

Mr. Hyatt's Opening Briefs, FTB's Opening Briefs, Mr. Hyatt's Reply Briefs, FTB's Reply
Briefs, and Mr. Hyatt's Supplemental Briefs already have been filed pursuant to RTA 5431.
There are well over a thousand pages of briefing before your Board. Other than additional
briefing under RTA 5435 at the request of your Board, briefing in these appeals is completed
and has been completed since August 2012. (*See* 8/2/12 Letter from SBE stating that
"briefing is completed for this appeal.")

---

[1] By May 14, 2013 e-mail, Mr. Dunn provided your Board with a copy of this letter.

sa-67878

MORRISON | FOERSTER

Grant S. Thompson
May 16, 2013
Page Three

What Mr. Hyatt has done subsequent to that briefing is to submit additional "evidence" to your Board, which he is perfectly entitled to do under RTA 5523.6. Indeed, Mr. Hyatt can submit under RTA 5523.6 any additional, i.e., "new," evidence he chooses up until 14 days prior to the hearing. There is nothing in the RTAs which gives FTB a right to file a "brief" anytime Mr. Hyatt submits new evidence in these appeals.[2] These appeals were filed in January 2008 – over five years ago. Your Board stated briefing was completed in August 2012 – nearly a year ago – and still the appeals have not even been calendared for hearing. There is no conceivable end in sight if a round of briefing will take place upon the submission of any item of evidence under RTA 5523.6, and that is certainly not something contemplated by the RTAs.

**Third, any additional briefing schedule on any terms regarding any Philips documents must be consecutive and scheduled so that Mr. Hyatt files the last brief.**

Mr. Hyatt's May 3rd letter proposed consecutive briefing on the Philips documents, whenever that briefing will take place and regardless of the scope of the Philips documents being briefed. FTB's April 29th brief, and then its May 7th letter, ask for concurrent briefing. Mr. Hyatt strongly objects to any concurrent briefing regarding any Philips documents. Because it is FTB's claims regarding the Philips documents that will be put to the test of briefing, and because FTB has yet to fully explain how it believes those documents are relevant and/or helpful to its position, the RTAs, fairness, and common sense all dictate that FTB file an opening brief on the Philips documents to set forth its position. After FTB has articulated its arguments in such a brief, Mr. Hyatt should then have the opportunity to respond, and then all briefing regarding the Philips documents would be completed. It is well-established in the law that the appellant/plaintiff, here Mr. Hyatt, is entitled to the last brief. That principle is set forth in RTA 5431, which has been rigorously followed in these appeals by your Board. It is the principle followed at Board hearings under RTA 5523.5. It is the principle found in Rule 8.520 of the California Rules of Court for matters in the California Supreme Court. It is the principle found in Rule 8.212 of the California Rules of Court for matters in the California Courts of Appeal. It is the principle found in Rule 31 of the Federal Rules of Appellate Procedure for matters in federal appellate courts. There is no legal justification or authority, and no policy reason, for not giving Mr. Hyatt the opportunity to file the last brief in these appeals.

---

[2] We remind your Board this is not the first time FTB has made such an expansive request for more briefing. In response, our August 24, 2012 letter to your Board stated, "Moreover, think of the ramifications of FTB's approach, i.e., as long as an appellant presents 'new' evidence, FTB gets to submit another brief. This is nonsensical. Under the RTAs, it is the appellant who files the last brief." (*See* Mr. Hyatt's 8/24/12 letter to Joann Richmond, p. 2.)

MORRISON | FOERSTER

Grant S. Thompson
May 16, 2013
Page Four

**Fourth, FTB should be directed to not brief any "Philips documents" which are the same as documents in FTB's possession before "standard" briefing was completed.**

An important point to remember when speaking of the "Philips documents" is that we are speaking of documents which Philips produced to FTB in New York in response to subpoenas issued by FTB. As previously set forth in Mr. Hyatt's July 8, 2011 letter to your Board, FTB waited until August 14, 2011 – seven and a half months into its briefing period – to seek commissions for the three New York subpoenas. Accordingly, even the issuance of the subpoenas – *by years* – post-dated both audits (NPAs issued in 1996 and 1997) and both protests (NOAs issued in 2007). Issuance of the subpoenas – by years – also post-dated the Nevada civil case (jury verdict in 2008). As your Board can discern from the mountainous record of documentation provided by both parties in these appeals, FTB obtained vast quantities of information from Mr. Hyatt during the audits, the protests and the Nevada civil case. FTB should not be permitted any supplemental briefing at this time on any of the "Philips documents" which are the same as documents FTB had in its possession prior to completion of "standard" briefing in this case in August 2012. (*See* 8/2/12 Letter from SBE stating that "briefing is completed for this appeal.")

This principle of jurisprudence is a sound one and is the reason why courts and your Board establish deadlines for briefing. For example, in making a motion for a new trial on the ground of "newly discovered evidence," the party seeking relief has the burden to prove that he exercised reasonable diligence to discover and produce the evidence at trial. If the party does not make this showing, the motion must be denied. (Cal. Code Civ. Proc. § 657(4); *In re Marriage of Lius* (1987) Cal.App.3d 143,153-54.) "Newly discovered evidence" is essentially the claim made here by FTB. For example, assume FTB was in possession of document X throughout the "standard" briefing in these appeals as proscribed in the RTAs. Assume that FTB either chose to use document X in its briefing, or FTB chose not to use document X in its briefing even though it had the opportunity to do so. Now, assume the same document as document X is found in the Philips documents. It makes absolutely no sense to <u>now</u> allow FTB additional time and briefing on a document previously in its possession when already FTB had the opportunity to use that document in its "standard" briefing. "Public policy demands that a litigant should be compelled to exhaust every reasonable effort to produce at the trial of his case all existing evidence in his behalf." (*Dasso v. Bradbury* (1940) 39 Cal.App.2d 712, 716.) There is no conceivable end in sight if more briefing is permitted by your Board on evidence which FTB already had a prior opportunity to brief.

Attached hereto as **Exhibit E** is a Table of Philips Documents which are the same as documents FTB possessed during the "standard" briefing period. We wish to advise your Board that **Exhibit E** was prepared on an expedited basis for purposes of this letter, and it may be subject to further modification. The proposition to be understood here is that FTB

sa-67878

MORRISON | FOERSTER

Grant S. Thompson
May 16, 2013
Page Five

already had in its possession a number of the Philips documents and your Board should not
permit FTB to re-brief documents already in its possession under the guise they are "new"
Philips documents. If your Board agrees with this proposition, the parties can then work to
identify such excluded documents.

**Fifth, FTB should be directed to not brief any "Philips documents" which are similar to
documents in FTB's possession before "standard" briefing was completed.**

For the same reason that FTB should not be permitted at this time to now brief "Philips
documents" which are the same as documents in its possession during "standard" briefing
period, FTB also should not be permitted at this time to brief "Philips documents" which are
similar to documents previously in FTB's possession. Examples of "similar" documents are
a draft agreement, a partially signed version of that agreement (i.e., a signature of one party
but not the signature of the other party), and a hand marked up version of any of the
foregoing versions of the agreement.

Again, the proposition here is that FTB already had in its possession thousands of pages of
licensing documents many of which are the same as or similar to the Philips documents and
your Board should not permit FTB to re-brief documents which are the same as or similar to
documents already in its possession under the guise they are "new" Philips documents. If
your Board agrees with this proposition, the parties can then work to identify such excluded
documents.

Finally, because of the unresolved issues set forth above, Mr. Hyatt is unable at this time to
provide a firm proposal, as to amount of time and page limits, that he will need for his
briefing of the Philips documents. However, per the above points, the briefing structure
should be as follows: FTB files a brief with its arguments that is limited to "new" Philips
documents that are not the same as or similar to "old" Philips documents and that does not
address Mr. Hyatt's "new" evidence; Mr. Hyatt then files a brief in response to FTB's brief
and in response to the "new" Philips documents; and then the briefing concludes. However,
until Mr. Hyatt finds out how FTB intends to brief the Philips documents and until your
Board decides which Philips documents are to be briefed, i.e.,

    (a)    the approximately 8,300 pages of Philips documents (including the
               approximately 1,500 pages which are the subject of the May 15th Temporary
               Restraining Order and the June 24th hearing in New York); or

    (b)    the approximately 6,800 pages which Mr. Hyatt agrees are "compliant"
               (excluding the approximately 1,500 pages which are the subject of the May
               15th Temporary Restraining Order and the June 24th hearing in New York);
               and

**MORRISON** | **FOERSTER**

Grant S. Thompson
May 16, 2013
Page Six

      (c)     limited to the Philips documents which are not the same as and not similar to
            documents previously in FTB's possession,

Mr. Hyatt is not able to propose specific page and time limits needed for his briefing.
However, no matter what the form of additional briefing your Board orders regarding the
Philips documents, we urge your Board to order the start of that briefing process as quickly
as possible so as not to further delay hearings in these appeals any more than is absolutely
necessary.

In conclusion, we ask that in light of the May 15th Temporary Restraining Order and the
pending New York hearing on June 24th, no briefing should take place before your Board at
this time regarding the documents which are the subject of that Temporary Restraining Order
and that hearing. However, in order to speed these appeals forward, Mr. Hyatt repeats his
earlier request to your Board, previously rejected by FTB, that your Board start the Philips
briefing immediately. As outlined above, Mr. Hyatt's proposal is: (1) FTB to file a brief on
whatever Philips documents your Board orders briefed, with Mr. Hyatt arguing above that
such briefing should only be on "compliant" documents that are not the same as or similar to
documents FTB previously possessed; (2) FTB's briefing be limited to Philips documents;
and (3) Mr. Hyatt to then file a responsive brief.

For your and FTB's information, I will be out of the country and unavailable between May
16th and May 29th. In my absence, please contact Jenny Choi of my office at 916.325.1336
and jennychoi@mofo.com.

Thank you for your consideration of our requests.

Very truly yours,

Eric J. Coffill (JC)

Eric J. Coffill
Counsel for Mr. Hyatt

Encls.

cc:    Bob Dunn (FTB w/encls.) – by mail and e-mail

EXHIBIT 70

**From:** Dunn, Robert@FTB [mailto:Robert.Dunn@ftb.ca.gov]
**Sent:** Thursday, May 16, 2013 4:47 PM
**To:** Thompson, Grant S (Legal)
**Cc:** Choi, Jenny; Coffill, Eric J.
**Subject:** Appeal of Hyatt

Grant,

We have just received and very quickly reviewed Mr. Hyatt's six-page letter to the SBE dated today. We note Mr. Hyatt's request that the SBE "...start the Philips briefing immediately."

For the record, FTB does not agree that it would be appropriate to initiate briefing concerning the Philips documents before Mr. Hyatt's just-filed motion in New York is decided. In that motion Mr. Hyatt seeks to block the use in this tax appeal of Philips documents Mr. Hyatt has unilaterally designated "prohibited." FTB requests we initiate additional briefing in this appeal after Mr. Hyatt's motion is decided.

We will respond to the balance of Mr. Hyatt's six-page letter by correspondence early next week.

Sincerely,

Bob Dunn
(916) 845-3338

CONFIDENTIALITY NOTICE: This email from the State of California is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review or use, including disclosure or distribution, is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this email.

EXHIBIT 71



State of California
**Franchise Tax Board**

John Chiang | Jerome E. Horton | Ana J. Matosantos

Legal Division MS A260
PO BOX 1720
Rancho Cordova, CA 95741-1720


05.23.13

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
P.O. Box 492879, MIC: 85
Sacramento, CA 94279-0085

Regarding:    Appeal of Gilbert P. Hyatt, Case Nos.: 435770 and 446509
              Taxable years 1991 and 1992
              FTB's response to Mr. Hyatt's May 16, 2013 letter and attachments; FTB
              update on providing the SBE with linked briefing


Dear Mr. Thompson:

With this letter FTB responds to Mr. Hyatt's letter to the SBE dated May 16, 2013. Therein
Mr. Hyatt announces a continuation of his over two year effort to block the SBE's
consideration of business records from the income producing activity underlying this tax
appeal, the Philips documents. Attached to Mr. Hyatt's letter is his New York motion and all
its supporting documents, all filed the day before, May 15, 2013. Mr. Hyatt then proclaims
that FTB is "...free at this time..." to brief Philips document that he unilaterally pronounces
"compliant" with his interpretation of a New York court order. Mr. Hyatt's six-page single
spaced letter continues with detailed "points" suggesting that the SBE "direct[]" FTB, in any
additional briefing in this appeal, not to address the truly massive quantity of new evidence
Mr. Hyatt has submitted with and after his supplemental briefing (Mr. Hyatt's point 2);
schedule additional briefing consecutively so that Mr. Hyatt gets the last word (Mr. Hyatt's
point 3); direct the FTB not to address any Philips documents which Mr. Hyatt declares "the
same" as documents FTB had access to earlier (Mr. Hyatt's point 4, within which Mr. Hyatt
points to a new table he attached, "Exhibit E," that he says are such documents); and direct
the FTB not to address Philips documents that Mr. Hyatt asserts are "similar" to documents
FTB had access to earlier (Mr. Hyatt's point 5). Mr. Hyatt concludes his May 16, 2013 letter
by stating that the SBE should direct the FTB to begin briefing "...as quickly as possible..."
notwithstanding that it was <u>Mr. Hyatt</u> who just went into New York court to block the use of
Philips documents in this appeal, resulting in a May 29, 2013 briefing deadline for FTB and
a June 24, 2013 hearing on the merits of Mr. Hyatt's claims.

Mr. Hyatt's detailed May 16, 2013 letter is extraordinary on many levels. But what is most
revealing (because it is entirely in keeping with character) is Mr. Hyatt's attempt to assert
control over all aspects of this California administrative proceeding. Mr. Hyatt wants to
dictate what evidence FTB uses to make California's case, what evidence FTB cannot use,
what FTB says about the evidence, what FTB cannot say about the evidence, and when and

how FTB says it. Remarkable. For all the reasons set out below FTB objects to Mr. Hyatt's attempt to commandeer the role of the SBE in managing this tax appeal.

Point by point, FTB responds to Mr. Hyatt's May 16, 2013 letter:

**Mr. Hyatt's point 1:** Mr. Hyatt argues that FTB is not "...entitled at this time to use..." 1,588 pages of Philips documents (FTB's count, or about 20% of the documents produced to FTB by Philips' counsel Sullivan & Cromwell) that FTB has in its possession and that Mr. Hyatt has unilaterally declared "prohibited" in his just-filed New York motion. Apparently the "...not entitled to use..." language in Mr. Hyatt's letter to the SBE relates to the fact that FTB voluntarily stipulated to oppose (via briefing) and argue Mr. Hyatt's May 15, 2013 motion in New York and, in the interim, agreed not to submit the contested documents to the SBE as evidence. The 1,588 pages of Philips documents Mr. Hyatt proclaims "prohibited" are a mix of the approximately 5,000 Philips documents Mr. Hyatt similarly labeled in earlier correspondence to FTB (threatening this litigation) and many newly designated Philips documents. The SBE will recall that FTB provided a document by document analysis of Mr. Hyatt earlier tables, accomplished with significant expenditure of resources, in a letter dated May 7, 2013. Therein FTB concluded that Mr. Hyatt's tables were done in bad faith and intended only to obstruct an accurate determination of the issues in this tax appeal. (See detailed analysis set forth in FTB's Exhibit A to that May 7, 2013 letter.) Recall that FTB provided the SBE with exemplary Philips documents so that the SBE could see just how meritless Mr. Hyatt's assertions actually are. Recall also that FTB offered Mr. Hyatt the opportunity to propose redactions to the Philips documents before they are submitted to the SBE in this tax appeal, an offer he ignored.

FTB has reviewed Mr. Hyatt's newly created May 15, 2013 table (provided to SBE as Exhibit C to Mr. Hyatt's May 16, 2013 letter) and the 1,588 documents described therein. As before, for almost all of these documents there is not even a plausible reason to argue they were improperly produced to FTB by Philips' counsel Sullivan & Cromwell. Frankly, in FTB's opinion, Mr. Hyatt's May 15, 2013 table represents just one more effort to prevent an accurate application of California law in this tax appeal, made in bad faith. Please review the attached **Exhibit A**, FTB's response to Mr. Hyatt's new table of 1,588 "prohibited" Philips documents.

However, Mr. Hyatt, like anyone else, is entitled to his day in court, even when it's a third bite of the apple. With his court filing Mr. Hyatt made a choice. He's elected more litigation in New York. Sometime on or after the now-scheduled June 24, 2013 hearing date there should be a ruling. FTB is confident that the Philips documents Mr. Hyatt now seeks to block were properly produced to FTB and will, soon, be available as evidence in this tax appeal. FTB objects to Mr. Hyatt's suggestion that briefing of a subset of the Philips documents Mr. Hyatt unilaterally declares "compliant" begin right now, before there is a decision in Mr. Hyatt's just filed New York litigation.

**Mr. Hyatt's point 2:** Mr. Hyatt tells the SBE to direct the FTB not to brief any of the "new evidence" Mr. Hyatt introduced into this appeal with, and subsequent to, the supplemental briefing he filed on July 25, 2012. Recall that under the SBE's rules (the Rules of Tax Appeal, "RTA," here RTA 5431) appellant's supplemental brief is intended to be the final brief filed in a tax appeal. ("The Appellant's Supplemental Brief, if filed, may only address points of

disagreement with the Respondent's Reply Brief.") This supplemental briefing was supposed to be Mr. Hyatt's last word, and he was supposed to address the points made in FTB's reply briefing. Instead, as discussed in detail in FTB's letter dated August 21, 2012, with his supplemental briefing Mr. Hyatt filed seven file boxes containing 93 new affidavits and declarations with extensive attached exhibits, massive new documents entitled "Annexes," statements of fact, and timelines, all referenced and cross referenced to these new affidavits, declarations and their exhibits. Mr. Hyatt refers to all this new evidence as "facts." Then, on December 24, 2012, Mr. Hyatt filed six more affidavits/declarations (one 78 pages long) with attached exhibits. Then, on April 10, 2013 Mr. Hyatt filed additional briefing supported by a brand new 68 page affidavit of his own. We think it is clear that the SBE can benefit from FTB's review and analysis of Mr. Hyatt's new mountain of scripted affidavits and declarations by focusing the SBE on the relevant facts in dispute.

Therefore, FTB objects to Mr. Hyatt's suggestion that the SBE direct the FTB to willfully ignore Mr. Hyatt's newly submitted evidence in any future request for additional briefing.

**Mr. Hyatt's point 3:** Mr. Hyatt insists that he is entitled to the last word ("...the last brief[]") if and when the SBE requests additional briefing under RTA 5435 concerning the Philips documents (Mr. Hyatt declares the briefing "...*must be* consecutive..." [emphasis added]). Actually, Mr. Hyatt is not so entitled. Mr. Hyatt had the last word in his supplemental briefing and, in abusing its purpose, elected to set out myriad new alleged facts and new argument, as discussed above. The SBE is certainly within its authority to request simultaneous additional briefing (which it has already done in this appeal, twice) and, if beneficial, a simultaneous reply brief. This is what FTB respectfully requests in this appeal.

Mr. Hyatt's argument that he would be prejudiced by a simultaneous briefing schedule is disingenuous. Consider Mr. Hyatt's detailed knowledge of the Philips documents. All the Philips documents have been in Mr. Hyatt's possession for almost two years. Mr. Hyatt has litigated vigorously against their consideration in this tax appeal for even longer. Mr. Hyatt personally attended the depositions, even participating by handing exhibits across the table at Mr. Haken's deposition. Mr. Hyatt addressed the Philips documents in detail in his recently created tables of "prohibited documents," tables he's then produced to the SBE attached to recent correspondence. On Page 2 of his May 16, 2013 letter Mr. Hyatt admits that he has reviewed FTB's response to his tables and "...seriously considered FTB's most recent comments..." And of course, better than anyone else, Mr. Hyatt knows the alleged facts and arguments he claims support his ever expanding California nonresidency story, the story told in his briefing, his "statement(s) of facts," his "annexes," his "timelines," his own affidavits, and his various letters to FTB audit and FTB protest. For example, Mr. Hyatt could address in simultaneous additional briefing the following right now; (1) each Philips document that places him in California (or New York) working on his licensing business on a day when someone's memory in his affidavit-based California nonresidency story recalls Mr. Hyatt in Las Vegas arranging an apartment, car shopping, visiting a flea market, lunching in the Country Inn buffet, hiking at Red Rock Canyon or some similar alleged activity; (2) each Philips document that evidences him working from his patent licensing files at his Jennifer Circle, La Palma, California home/business in contradiction to claims he does not work there; (3) each Philips document that contradicts a memory recently solicited from any number of his affiants, or that contradicts statements made in Mr. Hyatt's own affidavit(s); (4) each Philips document that shows Mr. Hyatt exercising control, management and

direction over his patent licensing business in contradiction to earlier claims; (5) why the Philips documents reflect sporadic, at best, communication directed to him in Las Vegas, Nevada, inconsistent with the claim that he's actually living and working there during the September 1991 through April 1992 time period. Therefore, FTB's requested simultaneous briefing of the Philips documents, possibly followed by a simultaneous reply brief, is not prejudicial to Mr. Hyatt and is, in fact, the most time-efficient way for SBE to consider the Philips documents.

**Mr. Hyatt's point 4 and point 5:** Mr. Hyatt suggests "...FTB should be directed not to brief any "Philips documents" which are the same as (or "...similar to...") documents in FTB's possession before "standard" briefing was completed." Mr. Hyatt attached Exhibit E to his May 16, 2013 letter and he entitles it "TABLE OF SAMPLE DOCUMENTS THAT HYATT PREVIOUSLY SUBMITTED TO FTB." Essentially, Mr. Hyatt's argument is that FTB already had the opportunity to address these documents and the SBE should instruct FTB not to mention them again.

FTB has not had time to carefully review Mr. Hyatt's "Exhibit E" for accuracy or completeness. Looking it over quickly, FTB notes, very importantly, that in the left column of Page 2 you see a reference to a version of the 1991 Hyatt/Philips agreement found in Philips Tarrytown business files. Then, under Mr. Hyatt's heading in the right column entitled "Hyatt Previously Submitted The Same Documents To FTB," Mr. Hyatt indicates the location in the existing record (Here Mr. Hyatt points to H01365-1405) wherein Mr. Hyatt claims that "same document" resides. Mr. Hyatt's claim is deceptive. Unlike the "H" Bates stamped document Mr. Hyatt references as "the same," the Philips document continues with its original 1991 attachments, i.e. Exhibit A, the Mr. Hyatt and Greg Roth created "Licensing Plan." This is not found in the "H" document. As FTB set out in earlier briefing, this important document was requested repeatedly by FTB audit and protest, and Mr. Hyatt never produced it. (See FTB's additional briefing dated March 28, 2013, 10:14-13:8.) Therefore, FTB has immediate concerns with Mr. Hyatt's Exhibit E.

Further, it does not matter if some of the Philips documents are "the same" or "similar to" documents already in the record. They are the business files of U.S. Philips located in Tarrytown, New York, created and organized contemporaneously as Philips worked with Mr. Hyatt (and his agents) on his patent licensing business, the very business activity that generated the income at issue in this tax appeal. (Note that in 2012, at deposition, on cross examination <u>Mr. Hyatt's attorney</u> questioned Mr. Haken of Philips, asking why certain Philips documents in Philips files had not been provided to Mr. Hyatt.) The Philips documents are business records organized in marked files. They illustrate and evidence, among many other things, the timing of their creation in the licensing business, drafts, mark-ups (some by Mr. Hyatt), faxed copies (of all types of communication), documents sent or received in overnight mail, "bcc" annotations to Hyatt's agents, abandoned drafts, various Philips accounting documents, income and expense reports, contemporaneous invoices, the creation of supplemental agreements (and by whom), correspondence of all types, who drafted and/or exchanged that correspondence (on what date and time, and how, some of which is not copied to Mr. Hyatt). They also include numerous documents inexplicably missing from Mr. Hyatt's and his agent's business and licensing files, files Mr. Hyatt and his agents were compelled to produce to FTB by court order several years ago. In a variety of ways the Philips documents relate directly to the issues of Mr. Hyatt's claimed California non-residency as set

out in California law (such as physical presence and the purpose of his presence); whether or not Mr. Hyatt was operating a California business for income sourcing purposes; whether or not Mr. Hyatt's patents themselves, granted in earlier years, acquired a California business situs under California law concerning intangible income; and whether or not Mr. Hyatt committed civil tax fraud under California law. In fact, the Philips documents contain at least some material evidence that relates to each of the ten factors that support the application of the civil fraud penalty in this matter, to include (1) Mr. Hyatt's physical presence and activity in California; (2) the sham sale of Mr. Hyatt's California home to Grace Jeng; (3) suppression of evidence relating to Mr. Hyatt's alleged domicile at the Continental Hotel Casino; (4) Mr. Hyatt's concealed California checking account and banking records; (5) Mr. Hyatt's failure to cooperate at audit and protest; (6) inadequate records to support Mr. Hyatt's 1991 California tax return; (7) Mr. Hyatt's abuse of the corporate form; (8) Mr. Hyatt's failure to report income; (9) Mr. Hyatt's propensity to make false statements to government; (10) and soliciting false testimony.

Moreover, FTB has no intention of wasting our time, our allotted briefing pages, our resources, or the time and resources of SBE staff, by repeating analysis we've completed earlier.

Therefore, for all the above reasons, FTB strongly objects to Mr. Hyatt's suggestion that the SBE direct the FTB not to discuss any specific documentation found within the Philips files.

Lastly, concerning FTB's efforts to provide the SBE with linked briefing similar to that provided by Mr. Hyatt. Even with our limited resources, and frequent need to assign resources to new matters that suddenly arise in this matter, we are close to completion of this project. FTB anticipates providing the SBE with DVDs containing FTB's linked briefing toward the end of June 2013. We appreciate the SBE's continued patience.

In conclusion, FTB respectfully requests the SBE not schedule additional briefing in this matter until Mr. Hyatt's latest New York litigation concerning the Philips documents is resolved. FTB requests simultaneous additional briefing by the parties to address the Philips documents (which will, in FTB's case, include addressing Mr. Hyatt's new evidence), 120 days and 60 pages. FTB requests the SBE then consider simultaneous additional briefing in reply, as warranted, after a review of the additional briefing.

If you have any questions please do not hesitate to contact me.

Sincerely,

Robert Dunn
Tax Counsel

Enclosures: Exhibit A; FTB's table responding to Hyatt's table provide to SBE

cc:     Judith Lockhart, Counsel for FTB
        Eric Coffill, Counsel for Mr. Hyatt

EXHIBIT 72

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE 916.448.3200
FACSIMILE 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C,

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

May 30, 2013

Writer's Direct Contact
916.325.1324
ECoffill@mofo.com

By E-Mail This Date

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:     *Appeals of Gilbert P. Hyatt*
        Case ID Nos. 446509 and 435770
        Taxable Years 1991 and 1992
        Response to FTB's 5/23/13 Letter

Dear Mr. Thompson:

This letter is in response to FTB's May 23, 2013 letter to you regarding briefing of the Philips documents. There, FTB responded to Mr. Hyatt's letter of May 16, 2013, which set forth five points regarding briefing of the Philips documents and requested that your Board order the start of that briefing process (on the "compliant" documents) as quickly as possible. We respond to FTB's points in turn below.

Initially, Mr. Hyatt takes exception to FTB's improper characterization of the New York court proceedings as Mr. Hyatt's "effort to block the SBE's consideration of business records ...." Mr. Hyatt was not "block[ing]" your Board's consideration of business records. Mr. Hyatt was, and is continuing to determine through the judicial process the proper scope of the overbroad subpoenas that FTB had issued to Philips. As you will recall, the original document production by Philips made pursuant to FTB's overbroad subpoenas was initially in the range of 39 boxes, but was reduced to well under three boxes of documents as a consequence of the New York court rulings.

Next, Mr. Hyatt is certainly not "commandeering" the role of your Board nor is he "attempt[ing] to assert control over all aspects of this California administrative proceeding." Such accusations by the FTB are unwarranted. To the extent FTB claims Mr. Hyatt is "controlling" what Philips documents FTB is able to use in these appeals, FTB should be fully aware that decision is entirely up to the New York courts, not Mr. Hyatt. To the extent

MORRISON | FOERSTER

Grant S. Thompson
May 30, 2013
Page Two

FTB is referring to the five points made in Mr. Hyatt's May 16th letter regarding the scope the additional briefing on the Philips documents, Mr. Hyatt provided both factual and legal support for the suggested scope of that additional briefing.

FTB then responds to each of Mr. Hyatt's five points. Regarding Mr. Hyatt's first point, FTB agrees only 1,588 pages of Philips documents (or about 20% according to FTB) are currently in dispute. Whether or not there is a "plausible reason" for arguing they were improperly produced will be determined by the New York court in the June 24, 2013 hearing. Note FTB agrees the overwhelming majority of the Philips documents are not in dispute (FTB concedes only 20% of the Philips documents are subject to the current New York case). Mr. Hyatt repeats his request to start the briefing of the "compliant" documents as expeditiously as possible.

Regarding Mr. Hyatt's second point, we have explained in detail, and on multiple occasions, why FTB should not be able to submit another brief each time an appellant presents "new" evidence. (*See* Mr. Hyatt's 8/24/12 letter to your Board and Mr. Hyatt's 5/16/13 letter to your Board.) That discussion will not be repeated here. Again, your Board has stated that "briefing is completed for this appeal" (*see* 8/2/12 letter from SBE) and there is nothing in the RTAs which gives FTB a right to file a response to Mr. Hyatt's July 2012 Supplemental Briefs or "new" evidence submitted subsequent to that briefing. Otherwise, this appeal will never end.

In response to Mr. Hyatt's third point, FTB claims Mr. Hyatt is "not so entitled" to the last brief. Again, the legal basis behind Mr. Hyatt's position is fully detailed in our May 16th letter and that discussion will not be repeated here. FTB then uses this as another forum to advocate for simultaneous additional briefing. Again, it is *FTB's claims* regarding the Philips documents (including the five "examples" FTB inappropriately injects into its May 23rd letter) that will be put to the test of briefing. Mr. Hyatt should not be forced to speculate and spend tremendous resources on concurrent briefing of the Philips documents without full understanding of FTB's position as to precisely how FTB alleges the Philips documents affect the proper application of California law in these proceedings.

In his fourth and fifth points, Mr. Hyatt argued FTB should not be entitled to brief any Philips documents which are the same or similar to the documents in FTB's prior possession. While FTB is quick to accuse Mr. Hyatt of being "deceptive" and finding "immediate concerns" with Mr. Hyatt's Exhibit E, Mr. Hyatt fully explained his legal basis behind this proposition and offered to work with the FTB to identify the documents to be excluded should your Board accept his proposal. FTB's tirade about the relevancy of the Philips documents is unwarranted at this time. Moreover, FTB's recalcitrant attitude towards Mr. Hyatt's proposal only supports his belief that FTB is attempting a second shot at its sourcing

**MORRISON** | **FOERSTER**

Grant S. Thompson
May 30, 2013
Page Three

and residency arguments with documents it previously possessed when it filed its opening and reply briefs.

For the above reasons, Mr. Hyatt renews his requests for consecutive briefing on terms as more fully set forth in his May 16, 2013 letter.

Very truly yours,

*Eric J. Coffill*

Eric J. Coffill
Counsel for Mr. Hyatt

cc:    Bob Dunn

sa-67977

EXHIBIT 73

STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-2618
www.boe.ca.gov



BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

June 12, 2013

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

This letter acknowledges your correspondence of May 30, 2013 (appellant), May 23, 2013 (respondent), May 16, 2013 (appellant), May 7, 2013 (respondent), May 3, 2013 (appellant) and recent briefing regarding the status of the litigation regarding the Philips documents and the scope of further briefing.

On October 5, 2012, appellant obtained a New York court order causing respondent to retract the Philips documents pending resolution of cross-appeals pending in New York. When a decision was not provided by the New York appellate court as quickly as anticipated, the Appeals Division urged the parties to settle the dispute regarding the Philips documents, suggesting possible compromises such as the use of redaction. In a March 12, 2013 letter, appellant reiterated its position that none of the Philips documents could be submitted to the BOE. Following a New York appellate decision that affirmed the trial court, the parties engaged in further discussions and, as noted below, appellant stated that appellant was willing to concede, subject to conditions, that approximately eighty percent of the documents may be provided. On May 15, 2013, appellant obtained a New York temporary restraining order, preventing respondent from submitting in these appeals (a) all documents created prior to or subsequent to 1991-1992 and (b) all documents relating to patent prosecution or patent interference, and ordering respondent to show cause why a Protective Order should not be entered suppressing those documents, with any other appropriate relief. Appellant has requested, among other relief, that respondent be ordered to withdraw 14 pages of Philips documents that respondent previously filed in these appeals. Appellant filed briefing in the New York litigation on June 5, 2013, and a hearing on appellant's request for a Protective Order and other relief is scheduled for June 24, 2013 in New York court.

In correspondence dated May 16, 2013 and May 30, 2013, appellant notified this Board of the New York litigation proceedings and stated that, subject to conditions, appellant is now willing to allow approximately 80 percent of the Philips documents to be provided. Appellant urges that further briefing begin immediately on the Philips documents that appellant is willing to concede may be provided, subject to conditions, and further urges that the scope of briefing be limited to, among other things,

prohibit respondent from addressing the one hundred declarations and other materials appellant filed with and following appellant's supplemental brief.[1]  Respondent opposes all these requests, and requests that any additional briefing require concurrent filings of the parties, which request for concurrent briefing appellant opposes.

In light of the repeated and continuing disputes regarding the use of the Philips documents, the Appeals Division believes it would be inefficient and confusing to initiate further briefing involving the Philips documents on a piecemeal basis while New York litigation continues (with a hearing scheduled for June 24, 2013).  Therefore, the Appeals Division intends to request additional briefing, pursuant to California Code of Regulations, title 18, section 5435, subdivision (a), once the New York litigation is concluded (or the parties are able to reach agreement on which documents may be produced, perhaps with redactions as necessary).

The content, conditions and timing of further briefing will be set forth in that additional briefing request.  While staff appreciates the input the parties have provided, "[t]he Appeals Division will determine the order, deadlines, and conditions under which any briefing or evidence must be submitted." (Cal. Code Regs., tit 18, § 5435, subd. (a).)

Please feel free to contact me if you have any questions.

Sincerely,

*Grant J. Thompson*

Grant S. Thompson
Tax Counsel IV

GT/bb

cc:      Gilbert P. Hyatt
         P.O. Box 81230
         Las Vegas, NV 89180-1230

         Craig Scott, FTB Legal                                (MS A260)
         Karen Smith, FTB Legal                               (MS A260)
         Claudia Madrigal, Board Proceedings Division         (MIC: 80)

---

[1] Ninety-three new declarations or affidavits were filed with appellant's supplemental brief; seven additional declarations or affidavits were submitted following appellant's supplemental brief.

EXHIBIT 74

**From:** Thompson, Grant S (Legal)
**Sent:** Tuesday, February 18, 2014 10:40 AM
**To:** 'Coffill, Eric J.'
**Cc:** Madrigal, Claudia; Dunn.Robert
**Subject:** RE: Hyatt Appeals No. 446509 & 435770: 2/14/14 Letter to SBE Regarding Joint Submission of "Philips Documents"

In response to your February 14, 2014 letter, if there are documents on the DVD that appellant is still disputing in the New York courts, they should be removed. Although we would like for the BOE to have the opportunity to review all the documents, we do not want to have another situation where appellant seeks the return of documents previously submitted to BOE. As previously noted, we request an index with a brief description of each document and date. Both parties should review and consent to the final joint submission before it is sent to BOE.

We anticipate a further joint submission when the disputes regarding the remaining disputed Philips documents are resolved. Please provide your estimate regarding when you expect the New York litigation to resolve the remaining documents.

Thank you.

EXHIBIT 75

**From:** Thompson, Grant S (Legal)
**Sent:** Wednesday, March 12, 2014 5:00 PM
**To:** Coffill, Eric J. (ECoffill@mofo.com); Dunn.Robert (Robert.Dunn@ftb.ca.gov)
**Subject:** Hyatt Appeals No. 446509 & 435770

Hello Bob and Eric,

Could you please provide an update, preferably with an informal and brief email, on the status of the joint submission of Philips documents and the New York litigation.

I know you have been working on the joint submission, and I appreciate your efforts.

Thank you.

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

# EXHIBIT 76

**From:** Dunn, Robert@FTB [mailto:Robert.Dunn@ftb.ca.gov]
**Sent:** Wednesday, April 23, 2014 8:00 AM
**To:** Thompson, Grant S (Legal); 'Coffill, Eric J. (ECoffill@mofo.com)'
**Subject:** RE: Hyatt Appeals No. 446509 & 435770

Good morning Grant,

It is my understanding that Mr. Hyatt no longer has any appeal options in New York related to his May 15, 2013 motion to "suppress disclosure" of the documents FTB acquired by subpoena from U.S. Philips in New York. As far as FTB is concerned, the New York litigation has ended.

Bob Dunn

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Wednesday, April 23, 2014 7:29 AM
**To:** 'Coffill, Eric J. (ECoffill@mofo.com)'; Dunn, Robert@FTB
**Subject:** Hyatt Appeals No. 446509 & 435770

Hello Eric and Bob,

We have seen no appeal from either party from the New York court's March order. Could each of you please confirm that the time for filing an appeal has expired and the litigation regarding the production of the Philips documents has now concluded?

Thank you.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

CONFIDENTIALITY NOTICE: This email from the State of California is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review or use, including disclosure or distribution, is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this email.

EXHIBIT 77



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-2618
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

April 23, 2014

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

On June 12, 2013, and in subsequent communications, I informed you that the Appeals Division intended to request additional briefing once the continuing disputes regarding the production of the Philips documents were resolved.[1]  Subsequently, during the remainder of 2013 and early 2014, the parties continued to litigate in the New York courts regarding the Philips documents.  On March 12, 2014, the Supreme Court of the State of New York decided the remaining disputes over the production of Philips documents.  The order became final last week.

In light of the conclusion of the litigation, the Appeals Division requests the following briefing and evidence pursuant to California Code of Regulations, title 18, section (Rule) 5435, subdivisions (a) and (d), and Rule 5442, subdivision (a).

(1) The Appeals Division reiterates its January 13, 2014 request that the parties jointly submit the Philips documents they agree can be submitted, consistent with the court order, preferably on DVDs, and indexed to facilitate review.  This joint submission should be made by May 22, 2014.

(2) Respondent is requested to resubmit, by May 22, 2014, an unredacted copy of its February 19, 2013 brief to the extent it can do so pursuant to the rulings of the New York courts.[2]

---

[1] In a January 17, 2013 letter, the Appeals Division previously notified the parties that additional briefing might be necessary regarding the Philips documents and other evidence, and requested additional briefing on the timing of payments received. As noted in footnote 2 below, continuing disputes over the Philips documents subsequently created difficulties in conducting the additional briefing regarding the timing issue.  On February 25, 2013, the Appeals Division requested additional briefing on how the ongoing dispute regarding the Philips documents might be resolved, perhaps through compromise and redaction, but the parties were not able to resolve the dispute.

[2] On February 19, 2013, respondent filed its brief regarding the timing of payments received by appellant.  Appellant argued the brief violated a New York court order by referencing Philips documents and requested the withdrawal of the brief.  At appellant's request, Board staff returned all copies of the brief, and respondent then, on March 5, 2013, resubmitted the brief with contested portions redacted.

(3) Respondent is requested to file, by June 23, 2014, an additional brief for each appeal addressing the Philips documents, as well as the declarations and other evidence submitted with and following appellant's supplemental brief. Appellant is requested to file, by July 23, 2014, a reply brief for each appeal. In its briefing, either party may provide any additional argument that may assist the Board in resolving these appeals. Each brief should not exceed thirty pages, formatted pursuant to Rule 5430, subdivision (e).

(4) In view of the over 32,000 pages of evidence and briefing in the record, each party is requested to file, by no later than July 23, 2014, a concluding summary of its evidence and argument for each appeal. This summary should not exceed twenty pages, for each appeal, formatted pursuant to Rule 5430, subdivision (e).

After considering the requests of the parties regarding additional briefing, the Appeals Division determined the foregoing "order, deadlines, and conditions" of briefing pursuant to Rule 5435, subdivision (a). Respondent's request that briefing take place concurrently was denied as sequential briefing will allow respondent, which is the party offering the Philips documents, to present its arguments, and, consistent with the general practice of the Board's rules, allow appellant to have the "last word" by filing a reply brief. Also, respondent's request for 120 days to brief the documents was denied in light of the lengthy history of the appeals and the fact respondent has been in possession of the Philips documents with knowledge that additional briefing would be requested. Appellant's request that briefing be limited to, among other things, prevent respondent from addressing the one hundred declarations filed with and following appellant's supplemental brief, was also denied. Preventing the Board from obtaining written argument concerning whether the Philips documents or other evidence in the record impeaches or supports the testimony of affiants would not facilitate a fair determination of these appeals and could result in inconclusive hearings or a successful petition for rehearing.

The foregoing schedule is intended to facilitate, if possible, an oral hearing during the Board's meeting beginning October 14, 2014, in Culver City. If appellant would prefer a later oral hearing in order to facilitate his requested hearing location of Sacramento, staff will work with the parties to determine an appropriate hearing date.

Briefing and evidence should be sent to:

> **Khaaliq Abd'Allah**
> **Board Proceedings Division**
> **State Board of Equalization**
> **P.O. Box 942879, MIC: 80**
> **Sacramento, CA 94279-0080**

If you have any questions, please feel free to call me at (916) 205-1644.

Sincerely,

Grant S. Thompson
Tax Counsel IV

GT/sh

cc:     Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

        Craig Scott, FTB Legal                          (MS A260)
        Karen Smith, FTB Legal                          (MS A260)
        Khaaliq Abd'Allah, Board Proceedings Division   (MIC: 80)

EXHIBIT 78

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

April 29, 2014

Writer's Contact

+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:   *Appeals of Gilbert P. Hyatt*
      Case ID Nos. 446509 and 435770
      Taxable Years 1991 and 1992
      Your Letter of April 23, 2014

Dear Grant:

I am in receipt of your letter, dated April 23, 2014, in the above matter.[1]  This letter constitutes Mr. Hyatt's preliminary response to the contents of your letter.  Your letter states, in part:

> On March 12, 2014, the Supreme Court of the State of New York decided the remaining disputes over the production of Philips documents.  The order became final last week.  In light of the conclusion of the litigation, the Appeals Division requests the following briefing and evidence…

---

[1] To be clear and for peace of mind, I would like to point out that your letter to me of April 23, 2014 is dated subsequent to Mr. Hyatt's filing on April 4, 2014 of a complaint in the United States District Court, Eastern District of California, Case No. 2:14-cv-00849-GEB-DAD, which names as defendants, among others, the five members of the Board of Equalization in their official capacities.  Accordingly, this letter to you is intended solely as a response to your April 23rd letter to me and not as an *ex-parte* communication with named defendants, which I have been informed are currently represented by counsel (Kerr & Wagstaffe LLP) in the District Court matter.  Similarly, I am copying on this letter Bob Dunn of the FTB Legal Division, although the District Court matter also names as defendants the three members of the Franchise Tax Board in their official capacities.  Both you and Mr. Dunn should feel free to apprise your respective counsel in the District Court matter of my response here to your letter to me.

sa-69252

MORRISON | FOERSTER

Grant S. Thompson
April 29, 2014
Page Two

First, the SBE appears to be operating under certain misapprehensions regarding the status of the parties' litigation still pending in New York concerning the production of certain documents and testimony by non-party U.S. Philips Corporation ("Philips"). Those misapprehensions appear to have been the genesis for the new briefing schedule set forth in your letter. I understand the status of the litigation to be as follows:

On March 13, 2014, the Supreme Court of the State of New York, County of Westchester (Lefkowitz, J.) issued an Amended Decision & Order resolving competing motions to reargue and renew as between the FTB and Mr. Hyatt with respect to a prior Decision & Order by the same Court dated October 7, 2013. The October 7, 2013 Order had addressed Mr. Hyatt's petition to suppress disclosure of certain documents and testimony produced by Philips. (Notably, notwithstanding its suggested nomenclature, the Supreme Courts of New York are the lower trial courts of that State, not the highest court of New York. The ultimate state court in New York is known as the Court of Appeals. The intermediate appellate level courts throughout that state are known as the Appellate Divisions.)

The October 7, 2013 Order granted much of Mr. Hyatt's petition to suppress and denied certain parts of Mr. Hyatt's petition to suppress disclosure produced by Philips. The FTB appealed all of those portions of the October 7, 2013 Order that it lost to the Appellate Division of the State of New York, Second Department, on November 8, 2013. That appeal remains pending as of this time.

As referenced above, the FTB additionally filed a motion to reargue certain portions of the October 7, 2013 Order. Mr. Hyatt likewise moved to renew argument as to one particular portion of the October 7, 2013 Order that he had lost. The March 13, 2014 Amended Decision & Order denied Mr. Hyatt's motion to renew and granted the FTB's motion to reargue in certain respects while denying that motion to reargue in other respects. Neither the FTB nor Mr. Hyatt appealed any part of the March 13, 2014 Amended Decision & Order.

Consequently, much of the documentation and testimony produced by Philips has now been ordered to be suppressed. This includes through the return or striking of certain documentation or testimony, as well as through the Court-ordered redaction of much documentation. Unless the FTB were to prevail on its pending appeal in any respect, such suppression will become mandatory and final. At this point, however, the litigation over these matters is not final. Furthermore, if the parties disagree as to the proper scope of redactions and/or outright suppression of any discovery inappropriately produced by Philips, those matters would likewise become the focus of further litigation in New York at the Supreme Court (i.e., lower court) level.

The first due date set forth in your letter is a joint submission by May 22, 2014 of Philips documents "consistent with the court order." However, as explained above, there is no

sa-69252

**MORRISON** | **FOERSTER**

Grant S. Thompson
April 29, 2014
Page Three

agreement at this time regarding what Philips documents can be submitted to the Board "consistent with the court order." Thus, it is highly problematic that a joint agreed submission can be made by your due date of May 22, 2014. Please advise the parties how you wish to proceed.

Second, for the reasons already stated in our letter to you dated May 16, 2013, and in other previous correspondence, if the Board's stated goal is to "facilitate a fair determination of these appeals" (your 4/23/14 letter, p. 2) and Mr. Hyatt as the appellant is to have the "last word" (your 4/23/14 letter, p. 2), he cannot be limited to two 30-page briefs and he cannot be limited to a 30-day briefing period. The briefing schedule set forth in your letter allows FTB to file two 30-page briefs which may address (1) all the (court permitted) Philips documents (which we estimate to be in excess of 6,000 pages); plus (2) "the declarations and other evidence submitted with and following appellant's supplemental brief;" plus (3) "any additional argument that may assist the Board in resolving these appeals." Moreover, as we pointed out in our May 16th, 2013 letter to you, this briefing schedule will allow FTB to re-brief any documents which FTB has had in its possession for many years and throughout the prior briefings, but are now also found in the Philips documents. While the number of pages of briefing may be limited, the history of this case shows there are no limits by the Board on the size of the attachments to those briefs. For example, Respondent's Opening Briefs (for 1991 and 1992), filed by FTB in September 2009, were accompanied by a 125-page Attachment A, a 32-page Attachment B, and a 10-page attachment C. Furthermore, Respondent's Reply Briefs (for 1991 and 1992), filed by FTB in June 2011, were accompanied by a 127-page Attachment D. Especially with the Board placing the burden of proof upon the taxpayer, Mr. Hyatt cannot possibly be held by the Board to a limited response time of 30 days and to two 30-page briefs without even knowing the contents of FTB's briefs, and attachments, which can be of immense scope under your letter, to which Mr. Hyatt must respond. The FTB has had several years to create its additional briefings, but Mr. Hyatt must wait and see what the FTB states in its additional briefings before he can start to create his rebuttal briefs. As already pointed out in our May 16th 2013 letter to you, because of all these issues, Mr. Hyatt is unable to estimate the time and pages which will be required to respond to the new FTB briefing allowed by your Board without first reviewing that briefing.

Very truly yours,

Eric J. Coffill
Counsel for Mr. Hyatt

cc:   Bob Dunn (FTB) – by mail and e-mail

sa-69252

EXHIBIT 79

State of California
**Franchise Tax Board**

chair John Chiang | member Jerome E. Horton | member Michael Cohen

Legal Division MS A260
PO BOX 1720
Rancho Cordova, CA 95741-1720

04.30.14

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Regarding:     Appeals of Gilbert P. Hyatt
               Case ID Nos. 446509 and 435770
               Taxable Years 1991 and 1992

Dear Grant:

FTB has received its copy of Mr. Coffill's April 29, 2014 letter addressed to you. That letter responds to your April 23, 2014 letter to both Mr. Hyatt and FTB setting forth a briefing schedule and proposing an oral argument date in this appeal. FTB has several comments.

First, Mr. Coffill states that the "SBE appears to be under certain misapprehensions regarding the status of the parties' litigation still pending in New York concerning the production of certain documents and testimony by non-party U.S. Philips Corporation." Mr. Coffill's letter goes on to argue that the New York litigation is, in fact, not over because the FTB has on file a Notice of Appeal dated November 7, 2013. The Notice of Appeal mentioned by Mr. Coffill was a necessary formality that had to be timely filed to preserve the FTB's right to appeal the trial court's errors in quashing and redacting relevant documents.

Mr. Coffill's letter does not mention FTB's April 23, 2014 communication to you, and copied to Mr. Coffill, that preceded your April 23, 2014 scheduling letter wherein FTB stated unequivocally that "As far as FTB is concerned, the New York litigation has ended." I've attached that communication. It is the FTB's decision not to appeal, thus the New York Court orders are final and the New York case is concluded unless Mr. Hyatt attempts to use the court to further limit use of the Philips documents before the SBE.

Although my representation to you and Mr. Coffill as counsel for FTB should have sufficed, I've taken the extra step of directing FTB's New York counsel to formally withdraw our Notice of Appeal. As an aside, that document would have expired on or about May 8, 2014, regardless. I've attached to this letter the filed and served copy of FTB's withdraw of our Notice of Appeal.

tel 916.845.3338     fax 916.843.6041     ftb.ca.gov

Both you and the SBE should keep in mind that Mr. Hyatt has used courts in Nevada, California and New York to avoid discovery of relevant documents in this appeal. Mr. Hyatt is now attempting to use the federal court to order the conclusion the California SBE's proceedings. We appreciate how uncomfortable this must make SBE Board members and SBE staff having to operate with this parallel litigation hanging over the proceedings and with the media barrage Mr. Hyatt has precipitated.

As a separate matter, and relating to the SBE's request for a joint submission of the Philips documents, I'd like to remind you that FTB is still awaiting Mr. Hyatt's initial response to the DVD we provided Mr. Coffill on February 11, 2014. That DVD applied the New York court's October 7, 2013 order to the Philips documents by removing those documents that the order suppressed. It took some effort to create that DVD and it would be a significant help in moving toward a joint submission if Mr. Hyatt would at least confirm that he agrees, or disagrees, that FTB's DVD conforms to the New York court's October 2013 order as to those documents suppressed. To date we have received no response on this issue.

FTB is also close to finalizing a DVD that will contain the Philips documents in conformity with both the New York court's October 2013 and March 2014 orders. We plan to share that DVD with Mr. Hyatt in approximately two weeks, in advance of the May 22, 2014 due date the SBE requests for a joint submission of the Philips documents.

Lastly, FTB has no objection to the briefing and oral argument schedule set forth in the SBE's April 23, 2014 letter.


Sincerely,

Robert W. Dunn
Tax Counsel


cc: Eric Coffill (Counsel for Mr. Hyatt)

EXHIBIT 80



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-2618
www.boe.ca.gov

May 1, 2014

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

This letter acknowledges appellant's April 29, 2014 letter, and the FTB's April 30, 2014 letter. As noted in the FTB's letter, it has formally withdrawn its notice of appeal, and my understanding is that appellant has not filed any further appeal or request for further consideration. Therefore, the Appeals Division renews its request for the parties to jointly submit the Philips documents which may be produced pursuant to the New York court orders, and the deadlines set in my April 23, 2014 letter remain applicable.

Appellant's letter expresses doubt as to whether the parties can make a joint submission by May 22, 2014, suggests that further litigation may occur, and requests further direction regarding how to proceed. The Appeals Division strongly urges both parties to work together to resolve and narrow any disputes without any further litigation. Based on appellant's April 29, 2014 letter, appellant agrees that at least 6,000 pages may be produced pursuant to the court orders. Therefore, it appears a timely joint submission can be made as to most of the documents. However, if appellant believes more time is necessary, appellant may request an extension. Any such request should compellingly explain how much more time is requested, the steps taken to meet the May 22, 2014 deadline, and why a joint submission cannot be timely accomplished.

In the event appellant objects to certain documents that respondent believes may be submitted pursuant to the New York court orders, the parties are requested to work with one another in an effort to resolve the dispute or narrow the number of disputed documents. If a resolution cannot be achieved, each party is requested to advise the Appeals Division of the specifics of the dispute, to the extent they can do so under the New York court orders, and how the party proposes to proceed.

Appellant requests additional time and an increased page limit to file a reply to the FTB's brief, but states that it cannot estimate how much additional time and how many additional pages are needed. The Appeals Division requests that, prior to May 8, 2014, appellant provide appellant's best estimate of how much additional time and how many additional pages appellant believes are reasonable, which request will be considered carefully (along with any objection from the FTB). However, the Appeals Division will not grant a request for an increased page limit and an extension that does not state the

number of additional pages and amount of additional time requested and persuasively explain why the increased page-limit and additional time is reasonable under California Code of Regulations, title 18, section 5435, subdivision (a).

Appellant's letter notes that the FTB filed 167 pages of attachments with its initial briefs in these appeals. For context, the FTB's briefs replied to appellant's initial briefs, which were also filed with many attachments, including statements of asserted facts and "rebuttals" totaling 290 pages and several thousand pages of other documents. Unless the Appeals Division notifies the parties in writing that it has granted a request to increase the page limits, each party's brief must comply with the applicable page limits. The Board Members will ultimately determine whether and how much weight to give any attachments filed with the parties' briefs.

If you have any questions, please feel free to call me at (916) 205-1644.

Sincerely,

*Grant S. Thompson*

Grant S. Thompson
Tax Counsel IV

GT/sh

cc:     Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

        Craig Scott, FTB Legal                               (MS A260)
        Karen Smith, FTB Legal                              (MS A260)
        Khaaliq Abd'Allah, Board Proceedings Division       (MIC: 80)

EXHIBIT 81

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA  95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

May 7, 2014

Writer's Contact

+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA  94279-0085

Re:  *Appeals of Gilbert P. Hyatt*
      Case ID Nos. 446509 and 435770
      Taxable Years 1991 and 1992
      Your Letter of May 1, 2014

Dear Grant:

I am in receipt of your letter dated May 1, 2014,[1] in the above matter.  Your letter requests, in part, that we provide you with "appellant's best estimate of how much time and how many additional pages appellant believes are reasonable…" in order to reply to FTB's two briefs now due June 23, 2014.

The difficulty here, as you certainly can appreciate from the phrasing of your "best estimate" request, is that absent our actual review of FTB's briefs as filed, it is impossible to know their contents so as to determine how much time and how many additional pages will be required in order for Mr. Hyatt to fully and adequately respond to them.  However, subject to

---

[1] To be clear and for peace of mind, I would like to point out that your letter to me of May 1, 2014, is dated subsequent to Mr. Hyatt's filing on April 4, 2014 of a complaint in the United States District Court, Eastern District of California, Case No. 2:14-cv-00849-GEB-DAD, which names as defendants, among others, the five members of the Board of Equalization in their official capacities.  Accordingly, this letter to you is intended solely as a response to your May 1st letter to me and not as an *ex-parte* communication with named defendants, which I have been informed are currently represented by counsel (Kerr & Wagstaffe LLP) in the District Court matter.  Similarly, I am copying on this letter Bob Dunn of the FTB Legal Division, although the District Court matter also names as defendants the three members of the Franchise Tax Board in their official capacities.  Both you and Mr. Dunn should feel free to apprise your respective counsel in the District Court matter of my response here to your letter to me.

sa-69284

MORRISON | FOERSTER

Grant S. Thompson
May 7, 2014
Page Two

that caveat, our "best estimate" at this time and under these circumstances is that it will take us twice as many pages, and twice as long, to respond to FTB's briefs. Your letter of April 23, 2014 allows FTB to file two briefs, each not to exceed 30 pages. Accordingly, Mr. Hyatt's best estimate at this time is he will need to file two briefs, each not to exceed 60 pages. Your letter of April 23, 2014 states FTB may file those two briefs, addressing (1) the Philips documents, and (2) declarations and other evidence submitted with and following Mr. Hyatt's supplement brief, and (3) any additional argument that may assist the SBE in resolving the appeals, by June 23, 2014, i.e., 60 days to file from your April 23rd letter setting briefing. Accordingly, Mr. Hyatt's best estimate at this time is he will need 120 days to file his two briefs.

Your letter references RTA 5435 as requiring a showing why our requests above are reasonable. As already explained in Mr. Hyatt's prior correspondence, your Board's April 23rd letter has now granted FTB yet another 60 days to write more briefs responding to what under the briefing schedule was to have been Mr. Hyatt's "appellant's supplemental briefs" and supplemental information that would have concluded all the briefing in this matter. Mr. Hyatt's supplemental briefs were filed on July 25, 2012, accompanied by approximately 30 boxes, so your Board's April 23, 2014 order allowing FTB to respond to those supplemental briefs on June 23rd has now given FTB nearly two years to review, analyze and respond to those briefs. Mr. Hyatt must now respond to two years of analysis by FTB. Furthermore, your Board's April 23, 2014, order allowing FTB to brief the more than 8,000 pages of Philips documents has now given FTB about two years to review, analyze and brief those Philips documents. Mr. Hyatt must now respond to FTB's analysis of Philips documents which have been in FTB's possession since at least 2011. Notwithstanding the fact that Mr. Hyatt has had the Philips documents during this time, he was not able to focus his review because he does not know exactly how the FTB will argue these documents. Furthermore, SBE has now also allowed FTB to brief "any" additional argument that may assist the Board in resolving these appeals, a scope so broad it is essentially without limitation. For example, nothing in the Board's order would prevent FTB from now raising entirely new arguments never before seen in this case since the audit began in 1993. Finally, we make the point, again, that the appellant is entitled to the "last brief." Here, Mr. Hyatt will be given the "last brief" in name only if he is not allowed a reasonable amount of time and pages to respond to arguments by FTB based on the Philips documents in their possession since at least 2011; to respond to arguments by FTB based on Mr. Hyatt's supplemental briefs in its possession since July 2012; and to "any" other information which, in its unfettered discretion, FTB unilaterally choses to put in its two June 23rd briefs.

This "best estimate" request above and made at this time is without prejudice to seek under the RTAs additional pages of briefing and additional time to respond to FTB's June 23rd briefs after we have received those briefs and reviewed their contents.

**MORRISON** | **FOERSTER**

Grant S. Thompson
May 7, 2014
Page Three

Finally, Mr. Dunn's letter of April 30, 2014, page 2, falsely states "Mr. Hyatt has used courts in Nevada, California and New York to avoid discovery of relevant documents in this appeal." On the contrary, it is FTB that has "avoided" discovery. In the Nevada case, where unlike this SBE proceeding where Mr. Hyatt has <u>no</u> formal discovery rights, Mr. Hyatt successfully discovered many relevant audit documents that the FTB had withheld from Mr. Hyatt. Further, the Nevada jury found and the Nevada court ruled that the FTB committed intentional torts, including fraud, against Mr. Hyatt during the audit, which findings and rulings include an award of punitive damages against the FTB. Further, we understand that Philips itself withheld about 90% of the 30 boxes of documents that were subpoenaed by the FTB as not being relevant, and the New York court then found that many of the documents produced by Philips to the FTB were not relevant and not discoverable by FTB. The FTB has deprived Mr. Hyatt of his legal rights for many years, and Mr. Dunn's comments here are yet another example of FTB's continual criticism of Mr. Hyatt exercising his legal rights.

Very truly yours,

Eric J. Coffill
Counsel for Mr. Hyatt

cc:   Bob Dunn (FTB) – by mail and e-mail

EXHIBIT 82

**From:** Thompson, Grant S (Legal)
**Sent:** Thursday, May 15, 2014 2:22 PM
**To:** 'Coffill, Eric J. (ECoffill@mofo.com)'; 'Dunn.Robert (Robert.Dunn@ftb.ca.gov)'
**Subject:** RE: Hyatt Appeals Nos. 446509 and 435770: Mr. Hyatt's Response to FTB's 5/14/14 E-Mail

Bob and Eric,

This email acknowledges the parties' requests for extensions of time and permission to file 60-page briefs. Please note that all the deadlines and page limits set forth in my April 23, 2014 letter remain applicable at this time and will continue to remain applicable unless the parties receive express written notice of a change in the applicable deadlines and page limits. In particular, by May 22, 2014, the parties should make the requested joint submission of the Philips documents. Following the receipt of these materials, the Appeals Division will respond to the parties' requests for extensions of time and permission to file 60-page briefs.

Regards,
Grant

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Wednesday, May 14, 2014 3:26 PM
**To:** Thompson, Grant S (Legal)
**Cc:** Dunn.Robert
**Subject:** Hyatt Appeals Nos. 446509 and 435770: Mr. Hyatt's Response to FTB's 5/14/14 E-Mail

Dear Grant,

Mr. Hyatt responds to Bob's email, below, as follows:

First, we appreciate FTB not objecting to the SBE granting Mr. Hyatt a "reasonable" extension of time. As explained in our letter to you dated May 7th a "reasonable" period under the circumstances of this case is twice the time the SBE is allowing FTB to file its briefs, which we currently compute as allowing us 120 days. However, if the SBE grants the 30 day extension requested by FTB below, then we would have 180 days to file our briefs. In that scenario, and on that condition, we do not object to the 30 extension request by the FTB.

Second, for the reasons already set forth in our May 7th letter, we still request twice the pages to be allowed

FTB, and do not think, as does FTB below, that "each party should be held to the same page limit." FTB is correct that Mr. Hyatt (as has FTB) has had some of the Philips documents in his position for some time. But, Mr. Hyatt has not known during that time, and even still does not know at this moment, what FTB's arguments are going to be with respect to those documents. That information we will not know until FTB ultimately files its briefs. Remember under the standard RTAs, Mr. Hyatt (as is any appellant) was entitled to the first and last brief, whereas the FTB as any respondent was entitled to only one brief. Thus, the RTAs allow and are structured for a different number of pages of briefing by the parties, with the appellant having more pages of briefing as a result of the burden of proof. According to FTB's suggestion, having each party held to the same page limit turns the RTAs upside down.

(Finally, as previously stated, as with all my correspondence to you and FTB in these appeals subsequent to Mr. Hyatt's April 4, 2014 filing of a complaint in federal district court, this message is not intended as an *ex parte* communication with respect to that federal court case.)

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

---

**From:** Dunn, Robert@FTB [mailto:Robert.Dunn@ftb.ca.gov]
**Sent:** Wednesday, May 14, 2014 10:38 AM
**To:** 'Thompson, Grant S (Legal)'
**Cc:** Coffill, Eric J.
**Subject:** RE: Hyatt Appeals Nos. 446509 and 435770: May 7, 2014 Letter to Grant Thompson

Grant,

FTB has no objection to the SBE granting a reasonable extension to Hyatt concerning his filing deadline. We do, however, think that each party should be held to the same page limit.

FTB does object to many of the comments in Hyatt's May 7, 2014 letter to SBE requesting an extension. Very briefly, Hyatt's comments about the Philips documents being new to him, as a basis for his extension request, is inaccurate. The most material documents from 1991 and 1992 found within the Philips document production were addressed to Hyatt, sent by Hyatt, copied to Hyatt and/or edited by Hyatt in 1991 and 1992. Thus, Hyatt has had many of the "Philips documents" in his files for 21 years. And, as is pointed out in his May 7 letter, Hyatt has had the entire Philips production since the Summer of 2011, when he personally looked through the files at Philips' attorney's offices in Manhattan. Also note that Hyatt personally attended, and assisted his counsel, in both depositions in New York where certain Philips documents were presented to Philips personnel Messrs. Tamoshunas and Haken.

However, FTB does not have time to address the balance of the contents of Hyatt's May 7, 2014 extension request letter here, as we are working toward our own briefing deadlines. As you know, Hyatt has sued both the FTB and SBE in federal court. We currently have a brief due in response to Hyatt's federal lawsuit on Friday, June 20, 2014 and a brief due to your Board the next Monday, June 23, 2014.

We have been working diligently on the SBE's additional briefing request since received on April 23, 2014. We

were contemplating, even before your email this morning, asking for a short extension to FTB's due date. The reason is that we have very limited and highly tasked resources, and it is becoming obvious that providing the SBE with comprehensively complete, linked briefing by June 23, 2014 may not be possible. Our primary challenge relates to addressing the 106 new affidavits Hyatt submitted with (and after) his last briefing to the SBE in light of the contents of the Philips documents, and reducing that to properly referenced briefing, with our limited and highly tasked resources.

Therefore, if the SBE is inclined to grant Hyatt's request, FTB would very much appreciate its own 30 day extension.

Thank you,

Bob Dunn
(916) 730-9450

---

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Wednesday, May 14, 2014 9:24 AM
**To:** Dunn, Robert@FTB
**Cc:** 'Coffill, Eric J.'
**Subject:** RE: Hyatt Appeals Nos. 446509 and 435770: May 7, 2014 Letter to Grant Thompson

Hello Bob,

Could you advise whether respondent has any objection to the additional pages and time requested in appellant's May 7, 2014 letter?

Thank you.

EXHIBIT 83



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-2618
*www.boe.ca.gov*

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (Ret.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

May 27, 2014

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen,

Pursuant to California Code of Regulations, title 18, section 5435, subdivision (a), "[t]he Appeals Division will determine the order, deadlines, and conditions under which any briefing or evidence must be submitted." It is critical that the parties respect the process of the Board of Equalization and the deadlines set by the Appeals Division. In the future, if any party will not be able to meet a deadline, it should – in advance of the deadline – explain the situation and the reasons for any request for extension (with a copy to the other party, of course).

On April 23, 2014, acting on behalf of the Appeals Division, I reiterated the January 13, 2014 request that the parties jointly submit the Philips documents they agree can be submitted pursuant to the New York rulings. The Appeals Division requested that the joint submission be made by May 22, 2014, and that, also by that date, respondent resubmit an unredacted copy of its February 19, 2013 brief to the extent it can do so pursuant to the New York rulings. On May 1, 2014, and May 15, 2014, on behalf of the Appeals Division, I again reiterated the request for a joint submission of Philips documents by May 22, 2014.

On May 22, 2014, following correspondence between the parties that reduced the number of disputed documents, respondent stated that, rather than making a joint submission, it was sending a single submission that included *disputed* Philips documents, as well as an unredacted version of its February 19, 2013 brief. In response, on that same date, I again reiterated the Appeals Division's request for a joint submission of the Philips documents that the parties agree can be submitted. I requested that FTB submit its February 19, 2013 brief, and any disputed documents it wished to submit, on separate DVDs from the joint submission of Philips documents.

The May 22, 2014 deadline has now passed, and we have received none of the requested documents, despite the fact that, following the New York rulings, the parties now dispute only a small fraction of the documents originally submitted by the Franchise Tax Board on August 29, 2012.

Appeals of Gilbert P. Hyatt                           -2-                            May 27, 2014

      With the foregoing in mind, I am again requesting, on behalf of the Appeals Division, that the parties make the requested joint submission. Please provide, *by no later than Tuesday, June 3, 2014*, the requested joint submission of the Philips documents that the parties agree can be submitted pursuant to the New York rulings. Also by that date, the FTB should provide a separate DVD with its unredacted brief to the extent it can do so pursuant to the New York rulings. To the extent FTB believes that additional Philips documents are relevant and can be submitted pursuant to the New York court rulings, but appellant will not agree to the production of those documents, the FTB should also provide a separate DVD with such documents, also by Tuesday, June 3, 2014.

      I note that both parties have requested extensions of the June 23, 2014 and July 23, 2014 briefing deadlines set in my April 23, 2014 letter. The Appeals Division will consider and respond to the requested extensions of time for subsequent briefing following its receipt of the joint submission. While the submissions described above may be made by June 3, 2014, the June 23, 2014 and July 23, 2014 briefing deadlines and page limits set forth in the April 23, 2014 letter remain applicable at this time and will continue to remain applicable unless the parties receive express written notice of a change in the applicable deadlines and page limits. Further, the delay in making the requested May 22, 2014 submissions will not constitute grounds for any extension of the later briefing deadlines.

      If you have any questions, please feel free to call me at (916) 205-1644.

               Sincerely,

               Grant S. Thompson
               Tax Counsel IV

GT/sh

cc:    Gilbert P. Hyatt
       c/o Morrison & Foerster LLP
       400 Capitol Mall, Suite 2600
       Sacramento, CA 95814-4428

       Craig Scott, FTB Legal               (MS A260)
       Karen Smith, FTB Legal            (MS A260)
       Khaaliq Abd'Allah, Board Proceedings Division   (MIC: 80)

EXHIBIT 84

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Friday, May 30, 2014 4:33 PM
**To:** 'Robert.Dunn@ftb.ca.gov'; Thompson, Grant S (Legal)
**Subject:** Re: May 29, 2014 Letter to Robert Dunn w/encl. - Hyatt Appeals Nos. 446509 and 435770

Grant,

It does not appear possible to meet your deadline next week of June 3rd in light of the FTB's position and lack of cooperation.

Eric

--------------------------
Sent from my BlackBerry Wireless Handheld

**From:** Coffill, Eric J.
**Sent:** Friday, May 30, 2014 02:18 PM
**To:** 'Robert.Dunn@ftb.ca.gov' <Robert.Dunn@ftb.ca.gov>; 'Grant.Thompson@boe.ca.gov' <Grant.Thompson@boe.ca.gov>
**Subject:** Re: May 29, 2014 Letter to Robert Dunn w/encl. - Hyatt Appeals Nos. 446509 and 435770

You too.

Eric

--------------------------
Sent from my BlackBerry Wireless Handheld

**From:** Dunn, Robert@FTB [mailto:Robert.Dunn@ftb.ca.gov]
**Sent:** Friday, May 30, 2014 02:15 PM
**To:** Coffill, Eric J.; 'Grant.Thompson@boe.ca.gov' <Grant.Thompson@boe.ca.gov>
**Subject:** RE: May 29, 2014 Letter to Robert Dunn w/encl. - Hyatt Appeals Nos. 446509 and 435770

Not today Eric, but I plan to respond to your letter on Monday.

I'm a bit busy right now.

Have a nice weekend,

Bob

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Friday, May 30, 2014 2:04 PM
**To:** Dunn, Robert@FTB; 'Grant.Thompson@boe.ca.gov'
**Subject:** Re: May 29, 2014 Letter to Robert Dunn w/encl. - Hyatt Appeals Nos. 446509 and 435770

Hi Bob,

Are you going to get us a new disc today?

Eric

---------------------------

Sent from my BlackBerry Wireless Handheld

---

**From**: Dunn, Robert@FTB [mailto:Robert.Dunn@ftb.ca.gov]
**Sent**: Thursday, May 29, 2014 03:36 PM
**To**: Thompson, Grant S (Legal) <Grant.Thompson@boe.ca.gov>; Coffill, Eric J.
**Subject**: RE: May 29, 2014 Letter to Robert Dunn w/encl. - Hyatt Appeals Nos. 446509 and 435770

Also received.

Thank you.

---

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Thursday, May 29, 2014 3:21 PM
**To:** 'Coffill, Eric J.'
**Cc:** Dunn, Robert@FTB
**Subject:** RE: May 29, 2014 Letter to Robert Dunn w/encl. - Hyatt Appeals Nos. 446509 and 435770

Received.

---

**From:** Letessier, Kathryn A. [mailto:KLetessier@mofo.com] **On Behalf Of** Coffill, Eric J.
**Sent:** Thursday, May 29, 2014 2:33 PM
**To:** Robert.Dunn@ftb.ca.gov
**Cc:** Thompson, Grant S (Legal); Coffill, Eric J.
**Subject:** May 29, 2014 Letter to Robert Dunn w/encl. - Hyatt Appeals Nos. 446509 and 435770

Dear Mr. Dunn,

Attached please find a courtesy copy of a letter dated May 29, 2014 with enclosure, which is being mailed to you today. I am copying Mr. Thompson on this message.

Kathryn Letessier
Legal Secretary
*for* Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall Suite 2600 | Sacramento CA 95814
Phone: 916.325.1311 | Fax: 916.448.3222
kletessier@mofo.com | www.mofo.com

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or

recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230/



=========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail KLetessier@mofo.com, and delete the message.

CONFIDENTIALITY NOTICE: This email from the State of California is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review or use, including disclosure or distribution, is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this email.

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230/

=========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to http://www.mofo.com/Circular230/

=========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

EXHIBIT 85



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0065
916-205-1644 • FAX 916-324-2818
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

June 13, 2014

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen,

This letter acknowledges recent submissions and responds to the requests of the parties for extensions of time and more pages for briefing.

To confirm, the following submissions have been received:

- Appellant's May 21, 2014 submission titled "Supplemental Affidavit of Gilbert P. Hyatt Regarding the FTB's $24 Million Income Error";

- Respondent's May 22, 2014 unredacted version of its February 19, 2013 briefing;

- Appellant's May 27, 2014 submission titled "Affidavit of Rabbi Sanford Akselrad"; and

- Respondent's June 3, 2014 submission of two DVDs of Philips documents. The first DVD replaces Philips documents submitted by respondent on May 22, 2014 and provides those documents that respondent believes can be provided pursuant to the New York court rulings. The second DVD, which respondent submitted in response to the Appeals Division's request for a joint submission of permissible Phillips documents, redacts or omits most of the documents to which appellant objected. Appellant objects that the second DVD does not redact or omit all the documents to which he objected. Respondent asserts that appellant has not provided any persuasive bases for its objections and that, in any case, the omissions and redactions on the second DVD are not required by the New York court rulings.

By way of background, the Appeals Division requested a joint submission of Philips documents in an effort to avoid repeating prior experiences in which submitted Philips documents were retracted following appellant's initiation of further litigation or threat of further litigation in the New York courts. In the absence of any further New York court order, all the submitted Philips documents, as well as the above-referenced additional evidentiary submissions, are accepted pursuant to California Code of Regulations, title 18, section (Rule) 5523.6. Respondent's submission of the unredacted version of its

February 19, 2013 briefing is accepted pursuant to Rule 5435, subdivision (a). The Appeals Division notes appellant's objections to respondent's submissions of Philips documents, and further notes that appellant has the opportunity to raise such objections again in his reply briefs and at the oral hearings. Also, if appellant believes it would clarify the record with regard to his objections to specific Philips documents, he has the right under Rule 5523.6 to make his own submission of Philips documents that he believes can be submitted pursuant to the New York court rulings. However, absent further litigation in New York, the Appeals Division views all documents in the present record to be evidence available for the Board to consider, giving each document such weight as the Board finds appropriate, in the hearings that will follow.

As noted above, the parties requested changes to the deadlines and conditions set by the Appeals Division for additional briefing. The briefing schedule provided 30 days for the parties to make a joint submission of permissible Philips documents, 30 days for respondent to submit its additional briefs (one for each appeal) and 30 days for appellant to respond to respondent's additional briefs. The foregoing schedule would have been completed on July 23, 2014, and, on that same date, each party was to submit a concluding summary for each appeal. Other than the concluding summaries, which could not exceed 20 pages, each brief was to be no longer than 30 pages.

Appellant objected that 30 days and 30 pages is not sufficient time and space for his reply briefs and estimated that he needs 60 pages and 120 days for his reply briefs. Respondent stated that it would not object to appellant's requests, as long as it also received 60 pages for its additional briefs and received an additional 30 days to file its additional briefs. Appellant again objected, arguing that if respondent was allowed 60 pages for its brief, appellant should be allowed 120 pages, and, if respondent was allowed an additional 30 days to file its brief, appellant should be allowed 180 days to file his brief.

Having considered the arguments of the parties and the submissions made in recent weeks, the Appeals Division hereby increases the page limits for each party's briefs to 60 pages, provided, however, that the 20-page limit for the concluding summaries remains unchanged.

The Appeals Division believes that the briefing will be most helpful to the Board if each party's brief for each appeal focuses on the facts and arguments that are relevant to that appeal year. Also, given the enormous volume of the record, the Appeals Division believes that the concluding summaries will be most helpful to the Board if the concluding summary for each appeal concisely summarizes the party's arguments with regard to each of the key issues applicable to that year (e.g., residency, fraud penalty, interest abatement, sourcing).

With regard to the parties' requests for extensions of time, the Appeals Division is reluctant to grant further extensions. However, in consideration of the extraordinary volume of the record and the arguments raised, the Appeals Division hereby partially grants each party's request for extension. The revised briefing deadlines are as follows:

| Document | Revised Due Date |
|---|---|
| Respondent's Additional Briefs | July 16, 2014 |
| Appellant's Reply Briefs | December 16, 2014 |
| Concluding Summaries | December 16, 2014 |

The Appeals Division does not anticipate any further changes to these page limits or deadlines and urges the parties to focus their energies on the above briefing rather than further procedural disputes.

Following the receipt of appellant's December 16, 2014 brief and the concluding summaries due on that same day, the appeals will be scheduled for the first available Sacramento Board hearing in or after March 2015, in accordance with appellant's request that the hearings be held in Sacramento.

If you have any questions, please feel free to call me at (916) 205-1644.

Sincerely,

Grant S. Thompson
Tax Counsel IV

GT/sh

cc:     Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

        Craig Scott, FTB Legal                                   (MS A260)
        Karen Smith, FTB Legal                                  (MS A260)
        Khaaliq Abd'Allah, Board Proceedings Division           (MIC: 80)

EXHIBIT 86

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

July 2, 2014

Writer's Contact

+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:  *Appeals of Gilbert P. Hyatt*
 Case ID Nos. 446509 and 435770
 Taxable Years 1991 and 1992
 Your Letter of June 13, 2014

Dear Grant:

I am in receipt of your letter, dated June 13, 2014, in the above matters. We wish to apprise you of two issues under the briefing and hearing schedule.

Your letter sets forth a briefing schedule under which the last briefs are to be filed by Mr. Hyatt no later than December 16, 2014. Your letter also speaks of the appeals being set for hearing in or after March 2015.

This schedule does not permit Mr. Hyatt to provide linked versions of his reply briefs due December 16th. Mr. Hyatt will submit his briefs by December 16th, and a linked version of those briefs can and will be provided by Mr. Hyatt to the Board subsequent to that December 16th filing. FTB's briefs are due July 16th, so FTB will have five more months than Mr. Hyatt to provide the SBE with a linked copy of its July 16th briefs. The briefing schedule set forth in your letter does not provide Mr. Hyatt enough time to provide linked briefs when the Board contemplates hearing this case as early as March 2015. Recall that under RTA 5523.3, a hearing summary must be prepared and submitted to the parties and the Board in advance of the hearing, which does not permit Mr. Hyatt to provide a linked version of his December 16th briefs in time for the linked version of those briefs to be used either by Board Proceedings in preparing that summary or by Board members in preparing for a March hearing. Accordingly, please be advised this issue over timing for providing a linked version

sa-69445

MORRISON | FOERSTER

Grant S. Thompson
July 2, 2014
Page Two

of Mr. Hyatt's reply briefs will need to be addressed in connection with the filing of our (non-linked) reply briefs due December 16th.

In addition, we wish to bring to your attention an issue regarding the December 16th date for the concurrent submission by the parties of "concluding summaries" for each appeal. To date, your Board has respected and followed the principle that the appellant in an appeal from an FTB assessment has the "last word" by filing the final brief. That principle is violated by the December 16th *concurrent* date. Accordingly, we suggest that FTB's summaries be due November 16th, with Mr. Hyatt's summaries due December 16th. This arrangement allows for Mr. Hyatt to file the last briefs while adhering to the present schedule.

Very truly yours,

*Eric J. Coffill*

Eric J. Coffill
Counsel for Mr. Hyatt

cc:   Bob Dunn (FTB) – by mail and e-mail

EXHIBIT 87

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

August 14, 2014

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

**RECEIVED**

**AUG 15 2014**

Appeals Division
State Board of Equalization

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:   *Appeals of Gilbert P. Hyatt*
       Case ID Nos. 446509 and 435770
       Taxable Years 1991 and 1992
       Mr. Hyatt's Response to Your July 23, 2014 Inquiry Re: FTB Substituted Filings

Dear Grant,

FTB's July 16, 2014 cover letter to your Board, which accompanied FTB's DVD filing of
that date, asked that your Board replace FTB's earlier electronic filings in this matter with
new versions of those filings found on the July 16th DVD. By email dated July 23, 2014, you
inquired whether Mr. Hyatt had any objection to the FTB's request "to replace its earlier
electronic filings with its July 16, 2014 DVD submission."

Thank you for your patience. We have been working diligently to sort through all the
material on the DVD, and there is a *lot* of it. While we are still reviewing the DVD, here are
our preliminary observations.

In response to your question, Mr. Hyatt does object to FTB's substitution request.
Specifically, Mr. Hyatt objects to FTB's attempt to replace prior copies of briefs, attachments
and exhibits with Respondent's Additional Briefing (1991) – July 16, 2014, Respondent's
Additional Briefing (1992) – July 16, 2014, and the documents that were submitted to this
Board on July 16, 2014.

FTB's request to re-submit all of its prior briefing on the new DVD imposes an unnecessary
and excessive burden on Mr. Hyatt. If your Board allowed FTB to replace all of FTB's prior
filings with a new DVD, Mr. Hyatt will be required to review each document previously
filed by FTB and compare it with the new DVD to ensure no other documents (or text) have

MORRISON | FOERSTER

Grant S. Thompson
August 14, 2014
Page Two

been omitted or changed. That is an enormous and unnecessary undertaking, and there is no reason this burden should be placed on Mr. Hyatt at this point in these appeals.

Mr. Hyatt has reason to believe that FTB's new DVD is not a complete record of the documents previously filed by FTB. Rather, it is a revised record. It omits earlier filed documents and replaces them with newly prepared revised versions thereof that are misrepresented as copies of the earlier filed documents. For example, the "Date modified" information and the "Properties" information for DVD files Attachment A, Attachment B, and Attachment C are 7/29/2013, 7/2/2013, and 6/13/2013, respectively.[1] This means that these DVD files were modified in 2013, not in 2009 as would be expected if these were truly original 2009 files. It was further found that the pages of these files had footers misrepresenting that they were filed on September 15, 2009 (the footers state "Attachment A to FTB's Opening Briefs, September 15, 2009," "Attachment B to FTB's Opening Briefs, September 15, 2009," and "Attachment C to FTB's Opening Briefs, September 15, 2009," respectively). This is a misrepresentation as these are not original 2009 files, they were modified in 2013. Furthermore, Mr. Hyatt has no record of such attachments being filed on September 15, 2009. The original Attachment A, Attachment B, and Attachment C documents were filed on September 1, 2009, not September 15, 2009. It was also found that these files had changes from the September 1, 2009 documents.

FTB's files "05_Attachment A (Hyatt's Physical Presence and Activity)" and "06_Attachment B (Analysis of Hyatt's Opening Brief Affidavits)" contained in folder "02_FTB_Attachments" demonstrate that FTB edited these allegedly original documents. In particular, in file "05_Attachment A (Hyatt's Physical Presence and Activity)", FTB changed the cite in footnote 145 at the bottom of page 36 from "158" to "60", and in file "06_Attachment B (Analysis of Hyatt's Opening Brief Affidavits)" FTB changed the cite on page 1 from "158 - 166" to "page 60 through page 67 (FTB's 1992 opening brief)". These changes further suggest that there might be other changes in the documents on the DVD which have gone undetected (so far).[2]

Furthermore, Mr. Hyatt's believes the FTB's representations as to what was modified and what was not modified are not reliable. FTB followed a protocol of identifying changes in its file "05_Attachment A (04_Attachment A (Revised) (with Philips Documents))"

---

[1] These Attachment A, Attachment B, and Attachment C files are named on the DVD file "05_Attachment A (Hyatt's Physical Presence and Activity)," file "06_Attachment B (Analysis of Hyatt's Opening Brief Affidavits)," and file "07_Attachment C (Hyatt's Litigation History)" contained in folder "02_FTB_Attachments."

[2] Upon further review, it was found that FTB refiled its 2009 Opening Briefs by order of the SBE and FTB requested that the SBE change cites and dates on footers. *See* FTB's letter dated September 15, 2009. However, we know of no documents filed with the SBE that reflect these changes prior to the FTB's July 16, 2014 filings.

MORRISON | FOERSTER

Grant S. Thompson
August 14, 2014
Page Three

contained in folder "02_FTB_Attachments" by inserting the term "(Revised)" in the name of the file and in the footer on each page ("Attachment A (Revised) to FTB's Additional Briefing, July 16, 2014"). But FTB abandons this protocol in file "05_Attachment A (Hyatt's Physical Presence and Activity)" and in file "06_Attachment B (Analysis of Hyatt's Opening Brief Affidavits)" contained in folder "02_FTB_Attachments" by making changes without indicating that changes had been made.

As a further example, FTB provided copies of 170 of Mr. Hyatt's affidavits and declarations in folder "06_Hyatt Affidavits." However, FTB has now, for the first time, annotated and/or highlighted numerous ones of these documents. For example, the "Cowan_2012" affidavit file has multiple highlights on many pages and a red box note on p. 7 and the "Hyatt_Gilbert_2010" affidavit file has multiple highlights on many pages and a red box note on p. 116.

The briefs already on file are just that – *already* on file. If what FTB offers now are the same as the prior filings, there is no logical reason to substitute identical documents long after they were due to be filed, but Mr. Hyatt is put to the burden of having to confirm there are no changes on the substituted documents. If what FTB offers now are different from the prior filings, FTB has not advanced any persuasive reason why it must, at this late date in the case, now submit and file changed items again long after they were due to be filed. Placing the burden upon Mr. Hyatt to seek out changes in the proposed substitute filing is an unnecessary and unwarranted exercise and prejudicial to Mr. Hyatt.

Sincerely,

*Eric J. Coffill*

Eric J. Coffill

cc:    Bob Dunn, FTB

EXHIBIT 88



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-2618
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (Ret.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller
————
CYNTHIA BRIDGES
Executive Director

September 3, 2014

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

This letter responds to the FTB's requests to replace its prior filings with filings that include additional redactions as well as to concerns raised by appellant with regard to the briefing schedule.

By September 12, 2014, the FTB is requested to provide an itemized list of all additional redactions and any other changes that it made in its July 16, 2014 filing or in its August 13, 2014 filing (and specify which redactions or other changes in the August 13, 2014 filing differed from those in the July 16, 2014 filing). The FTB's correspondence should also address the specific concerns raised by appellant in his August 14, 2014 letter. By September 22, 2014, appellant is requested to explain whether, in its view, the itemized changes listed by the FTB should or should not be accepted.[1] The FTB's request that its August 13, 2014 filing replace all of its prior electronic filings will be considered in light of foregoing responses.

With regard to the briefing schedule, the Appeals Division set forth the additional briefing schedule on April 23, 2014. When appellant subsequently requested changes, the Appeals Division increased the page limits and extended the deadlines for briefing (extending the FTB's deadline for its briefs by 23 days, and extending the deadline for the concluding summaries and appellant's reply briefs by 146 days). The Appeals Division noted that the appeals would then be scheduled for the first available Sacramento Board hearing in or after March 2015 and "urge[d] the parties to focus their energies on the above briefing rather than further procedural disputes."

Appellant subsequently stated that he could not provide linked versions of his briefs by the December 16, 2014 extended deadline. Appellant also suggested that the December 16, 2014 deadline for the FTB's concluding summaries be moved back a week earlier so that appellant could have the "last word" when he filed his reply briefs and concluding summaries on December 16, 2014.

---

[1] If appellant wishes to raise additional concerns following September 22, 2014, he has the opportunity to raise such concerns in his reply briefs, which are due December 16, 2014.

The Appeals Division believes that the linked versions of briefing have been and will be helpful and encourages appellant to provide linked briefing on December 16, 2014, if possible. If appellant believes it cannot provide linked briefing by December 16, 2014, the Appeals Division requests that any such linked briefing be filed as soon thereafter as possible in order to facilitate review by the Board and staff.

The Appeals Division declines appellant's suggestion that the deadline for the FTB's concluding summaries be moved back a week prior to the existing concurrent December 16, 2014 deadline for both parties' concluding summaries. The concluding summaries will merely summarize arguments and evidence presented in other briefing. Therefore, appellant's reply briefs, which are not due until December 16, 2014, provide a full opportunity for appellant to address any such arguments and evidence and thereby have the "last word." In the event that any of the concluding summaries raises evidence or arguments that were not raised in other briefing, the concluding summary will be rejected. It is important that the parties' concluding summaries be filed concurrently so that they constitute summaries of evidence and argument rather than additional reply briefs.

The Appeals Division further reiterates that, given the voluminous record, the concluding summaries will be most helpful to the Board if the concluding summary for each appeal concisely summarizes the party's arguments with regard to each of the key issues as relevant to that year (e.g., residency, fraud penalty, interest abatement, sourcing).

If either party has any questions, please feel free to call me at (916) 205-1644.

Sincerely,

Grant S. Thompson
Tax Counsel IV

GT/sh

cc:     Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

        Craig Scott, FTB Legal                          (MS A260)
        Karen Smith, FTB Legal                          (MS A260)
        Khaaliq Abd'Allah, Board Proceedings Division   (MIC: 80)

EXHIBIT 89

**From:** Thompson, Grant S (Legal)
**Sent:** Tuesday, September 09, 2014 12:55 PM
**To:** 'Coffill, Eric J.'
**Cc:** 'Dunn.Robert'
**Subject:** RE: Your September 3, 2014 Letter: Hyatt Appeals, Nos. 446509 & 435770

This extension request is approved.  We'll look for your response by October 1.

Thank you.

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Friday, September 05, 2014 4:51 PM
**To:** Thompson, Grant S (Legal)
**Cc:** Dunn.Robert
**Subject:** Your September 3, 2014 Letter: Hyatt Appeals, Nos. 446509 & 435770

Dear Grant,

Your September 22nd letter to Bob and I sets forth a time line in which Mr. Hyatt is to respond by September 22nd to FTB's response to your letter.  I will be out of the office, and not easily reachable, between September 12 and September 25th.   Under the circumstances, could you please extend Mr. Hyatt's response date until October lst?

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

==================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

EXHIBIT 90

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

September 11, 2014

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Certified Mail No. 7099 3220 0000 5840 2388
Return Receipt Requested

Joann Richmond
Chief, Board Proceedings
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:    *Appeals of Gilbert P. Hyatt*
       Case ID Nos. 446509 and 435770
       Taxable Years 1991 and 1992
       Appellant's Motion to Strike

Dear Ms. Richmond,

Enclosed please find two duplicate originals of "APPELLANT'S MOTION TO STRIKE,
AND REQUEST FOR SANCTIONS REGARDING FTB'S SECOND ADDITIONAL
BRIEFING." Please file one copy in each of the above referenced Appeals No. 446509 and
435770. The Motion requests your Board strike all or, in the alternative, portions of FTB's
second additional briefing, filed in July 2014, on five independent grounds.

Mr. Hyatt's separate appeals for 1991 and 1992 were filed in January 2008, and twice prior
to this second additional briefing, Board Proceedings had notified the parties that briefing
was "completed." Mr. Hyatt requests your Board rule upon this Motion as expeditiously as
possible so as not to further delay the full Board hearings in the two appeals.

Sincerely,

*Eric J. Coffill*

Eric J. Coffill

cc:    Bob Dunn, FTB (two copies)
       (cont'd)

sa-69824

**MORRISON** | **FOERSTER**

Grant S. Thompson
September 11, 2014
Page Two

Grant Thompson, SBE (two copies)
Board Members (one copy each)
Hon. Jerome Horton, Chair
Hon. John Chiang
Hon. George Runner
Hon. Michelle Steel
Hon. Betty T. Yee

sa-69824

1  ERIC J. COFFILL
   ecoffill@mofo.com
2  MORRISON & FOERSTER LLP
3  400 Capitol Mall, Suite 2600
   Sacramento, CA 95814
4  Telephone: (916) 325-1324
   Fax: (916) 448-3222
5  Attorneys for Appellant

6

7

8              BEFORE THE STATE BOARD OF EQUALIZATION

9                   OF THE STATE OF CALIFORNIA

10

11

12  In the Matter of the Appeals of        Case Nos.   435770 & 446509

13  GILBERT P. HYATT

14

15

16

17

18

19

20      **APPELLANT'S MOTION TO STRIKE AND**
21  **REQUEST FOR SANCTIONS REGARDING FTB'S**
        **SECOND ADDITIONAL BRIEFING**
22

23

24

25

26

27

28

1  ERIC J. COFFILL
2  ecoffill@mofo.com
   MORRISON & FOERSTER LLP
3  400 Capitol Mall, Suite 2600
   Sacramento, CA 95814
4  Telephone: (916) 325-1324
   Fax: (916) 448-3222
5  Attorneys for Appellant

6

7

8                 BEFORE THE STATE BOARD OF EQUALIZATION

9                      OF THE STATE OF CALIFORNIA

10

11

12  In the Matter of the Appeals of           Case Nos.   435770 & 446509

13
    GILBERT P. HYATT
14

15

16

17

18

19

20      **APPELLANT'S MOTION TO STRIKE AND**
21    **REQUEST FOR SANCTIONS REGARDING FTB'S**
22         **SECOND ADDITIONAL BRIEFING**

23

24

25

26

27

28

APPELLANT'S MOTION TO STRIKE

# TABLE OF CONTENTS

Page

I.    Introduction .................................................................................................................. 1

II.   Motions To Strike And Grounds Therefore ............................................................. 2

    1.    FTB's Two DVDs, And Its April 29, 2013, Letter And Exhibits, Must Be
       Stricken For Containing Material That The New York Court Ordered
       Suppressed Or Redacted ............................................................................... 2

    2.    FTB's Two DVDs Must Be Stricken For Failure To Follow Your Board's
       Clear And Specific Direction To Separate Briefing By Appeal Year ........... 5

    3.    FTB's Two DVDs Must Be Stricken For Failure To Follow Your Board's
       Clear And Specific Direction Regarding Page Limits For Briefing ............. 9

    4.    FTB Has Improperly Used This Second Additional Briefing As An
       Opportunity To Re-Brief Its Entire Case In Violation Of Your Board's
       Procedures And California Law ................................................................... 16

    5.    FTB Cannot Advance The Non-Resident Sourcing Issue In This Appeal
       Because It Was Not Identified In The Notices Of Proposed Assessment. ... 23

       a.    FTB's Non-Resident Sourcing Issue Is Not Legally Presented By FTB
            Because It Was Not Identified In The NPAs And, As A Consequence,
            Your Board Cannot Hear That Issue. .............................................. 23

       b.    FTB's Attempt To Extend The Disputed Period by Nine Months from
            April 3, 1992, to December 31, 1992, Is Not Legally Presented By FTB
            Because It Was Not Identified In The NPAs And, As A Consequence,
            Your Board Cannot Hear That Issue. .............................................. 30

       c.    FTB's Conduct Has Severely Prejudiced Mr. Hyatt By Its Failure To
            Follow The Prescribed Statutory Assessment Procedures ............... 32

       d.    If FTB's Actions Are Allowed To Stand, The Decision Will Have
            Significant Widespread Implications Far Beyond These Appeals ... 34

    6.    The FTB's Second Additional Briefing, In Its Totality, Imposes A Horrendous
       Burden On Mr. Hyatt .................................................................................... 37

III.   Conclusion .............................................................................................................. 41

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                    **Page(s)**

*Agnew v. State Bd. of Equal.*
    (1999) 21 Cal.4th 310 ..............................................................................25, 28

*Auto Equity Sales, Inc. v. Superior Court*
    (1962) 57 Cal.2d 450 ............................................................................................30

*Central Pathology Service Medical Clinic, Inc. v. Superior Court*
    (1992) 3 Cal.4th 181 .............................................................................................29

*Fujitsu IT Holdings, Inc. v. Franchise Tax Bd.*
    (2004) 120 Cal.App.4th 459 ............................................................................25, 28

*Javor v. State Bd. of Equalization*
    (1974) 12 Cal.3d 790 ............................................................................................23

*Long Beach Police Officers Association v. City of Long Beach*
    (1988) 46 Cal.3d 736 ............................................................................................25

*McMaster v. City of Santa Rosa*
    (1972) 27 Cal. App. 3d 598 ..................................................................................35

*Milliken v. Meyer*
    (1940) 311 U.S. 457..............................................................................................35

*People v. Morris*
    (1988) 46 Cal.3d 1 ...............................................................................................29

*Peralta v. Heights Medical Center, Inc.*
    (1988) 485 U.S. 80................................................................................................34

*Santilli v. Otis Elevator Co.*
    (1989) 215 Cal.App.3d 210 ..................................................................................29

*Title Ins. Co. of Minnesota v. State Bd. of Equalization*
    (1992) 4 Cal.4th 715 ..................................................................................... *passim*

**CAL. STATE BOARD OF EQUALIZATION CASES**

*Appeal of Avis J. Luer,*
    Cal. St. Bd. of Equal., June 3, 1975; 1975 Cal. Tax LEXIS 43.............................25

*Appeal of First National Bank of Chicago, Trustee for Virginia Kirk Cord Trust, et al.,*
    Cal. St. Bd. of Equal., June 23, 1964, 1964 Cal. Tax LEXIS 39............................25

APPELLANT'S MOTION TO STRIKE

sa-69836

*Appeal of Jenkel-Davidson Optical Company*
    Cal. St. Bd. of Equal., May 19, 1981, 1981 Cal. Tax LEXIS 143 ...........................29

*Appeal of Robert E. Campbell, Executor,*
    Cal. St. Bd. of Equal., June 20, 1950, 1950 Cal. Tax LEXIS 8 .............................25

*Appeal of Sierra Pacific Industries,*
    Cal. St. Bd. of Equal., Jan. 5, 1994, 94-SBE-002 ..............................................29

**STATUTES**

Tit.18, Cal. Rev. & Tax. Code
    § 19032..............................................................................................................23
    § 19032(a)(1) .....................................................................................................35
    § 19033..............................................................................................................28
    § 19033(a)..........................................................................................................23
    § 19034........................................................................................................*passim*
    § 19041..............................................................................................................23
    § 19044..............................................................................................................23
    § 19045..............................................................................................................23

**OTHER AUTHORITIES**

Rules for Tax Appeals
    Rule 5430.............................................................................................................7
    Rule 5430(f) ..........................................................................................8, 16, 22
    Rule 5435(a)........................................................................................................1, 21
    Rule 5511(g) ........................................................................................................9
    Rule 5522.4 ..........................................................................................................7

## MOTION TO STRIKE

**I.** **Introduction**

Mr. Hyatt files this Motion to Strike, with respect to FTB's second additional briefing that was submitted to your Board on July 16, 2014 ("Second Additional Briefing"), on five independent grounds ("sections") set forth below.

This motion is being filed in, and is equally applicable to, Appeals No. 446509 and 435770.

There never has been additional briefing like this and, with your Board imposing the sanctions requested below on FTB, there never will be additional briefing like this again. After more than 20 years of investigating, interviewing, deposing and briefing - all the while delaying - FTB now files a monumental additional briefing. As argued below, FTB's Second Additional Briefing (1) contains material regarding the so-called Philips documents which the New York Court order suppressed or redacted; (2) violates your Board's clear and specific direction to file two separate briefs, by appeal year, focusing on the facts and arguments for that year; (3) violates your Board's clear and specific direction regarding page limits; (4) improperly re-briefs FTB's entire case, including use of material which was in FTB's possession, but FTB did not argue until now when all prior briefing was completed; and (5) improperly uses this as an opportunity to brief FTB's "sourcing" issue, including briefing of that issue by extending the period in dispute beyond April 1992 to December 31, 1992.

Further, this monumental briefing is under the purported scope of RTA 5435(a), which only authorizes additional briefing (i.e., briefing in addition to all the standard briefing) where your Board *"determines that insufficient briefing or evidence has been provided..."* (Emphasis added.)

As a remedy for all the violations discussed below, Mr. Hyatt requests that your Board strike FTB's two DVDs, vacate the Second Additional Briefing, and schedule hearings on the two appeals. Alternative remedies are set forth below for each of the five grounds to strike.

Mr. Hyatt requests your Board rule upon this Motion as expeditiously as possible so as not to further delay the full Board hearings in the two appeals.

1

1  **II.    Motions To Strike And Grounds Therefore**

2          **1.    FTB's Two DVDs, And Its April 29, 2013, Letter And Exhibits, Must Be Stricken
3                  For Containing Material That The New York Court Ordered Suppressed Or
                   Redacted**

4          FTB's two DVDs incorporate material which the New York court ordered suppressed or

5  redacted from the Philips documents. FTB submitted the first DVD on July 16, 2014, and the second

6  DVD as a "replacement DVD" by cover letter dated August 13, 2014. FTB's August 13, 2014, DVD

7  does remove *most* of the prohibited material subject to the New York court order. Thus, prohibited

8  material still remains on even the August 13, 2014, replacement DVD.

9          Where the New York court ordered the suppression or redaction of information set forth on a

10 document, that information may not be used - by either party - in any way in violation of the court's

11 order. FTB cannot circumvent the New York court's order by arguing the suppressed or redacted

12 information in its briefing. Yet, this is precisely what FTB has done. For example, file

13 "08_FTB_Additional_Brief_1991_07-16-14" ("Second Additional Brief for 1991") in folder

14 "01_FTB_Briefs", file "04_Attachment A (Revised) (with Philips Documents)" ("Attachment A

15 (Revised)") in folder "02_FTB_Attachments", and file "07_FTB_Additional_Brief_4_29_13" ("April

16 29, 2013, letter") in folder "01_FTB_Briefs" at Exhibit A and Exhibit B included therein, contain

17 arguments including such suppressed and redacted information and documents that were suppressed

18 or redacted.

19         Your Board will recall the history of the parties' protracted attempts to provide the Board with

20 a joint, agreed, submission of Philips documents permitted under the orders of the New York court.

21 (*See, e.g.,* February 25, 2013, letter from G. Thompson; June 12, 2013, letter from G. Thompson;

22 May 1, 2014, letter from G. Thompson; May 27, 2014, letter from G. Thompson.) Ultimately, by

23 letter to your Board dated June 3, 2014, FTB submitted its unilateral version, rather than joint

24 submission, of the Philips documents. This was done over Mr. Hyatt's clear and strenuous objections

25 as set forth in his letter to your Board dated June 6, 2014.

26         As a direct consequence of this unilateral approach taken by FTB, its recently submitted two

27 DVDs contain prohibited material. These included the Second Additional Brief for 1991, Attachment

28 A (Revised), and April 29, 2013, letter at Exhibit A and Exhibit B. This second DVD still contains

information ordered suppressed or redacted by the New York court. The FTB's two DVDs have

many violations of the New York court order. The following examples illustrate this point.

- FTB's Second Additional Brief for 1991 discusses the contents of a redacted document, and FTB argues its case based on the contents of that document. For example, in Section III.b.12 on pages 24-25 of FTB's Second Additional Brief for 1991, FTB discusses the content of a document ordered redacted by the New York court. *See* FTB_Philips 0001312-1316 in file "19911122_November 22, 1991," in folder "07_FTB Calendar Support Documents." Even FTB agrees the content of that document cannot be used under the New York court orders, because FTB *itself* redacted the contents of that document with the statement "Page 'Redacted' in Accordance with March 13, 2014 Order of the Supreme Court of the State of New York, County of Westchester, Index No. 57751/13".

- FTB's Attachment A (Revised) discusses the contents of suppressed and redacted documents, and FTB argues its case based on the contents of those documents. For example, for the entry dated November 22, 1991, on pages 59-60 of Attachment A (Revised), FTB discusses the content of a document ordered redacted by the New York court. *See* FTB_Philips 0001312-1316 in file "19911122_November 22, 1991," in folder "07_FTB Calendar Support Documents." Even FTB agrees the content of that document cannot be used under the New York court orders, because FTB *itself* redacted the contents of that document with the statement "Page 'Redacted' in Accordance with March 13, 2014 Order of the Supreme Court of the State of New York, County of Westchester, Index No. 57751/13".

- As another example, for the entry dated August 20, 1991, on page 20 of Attachment A (Revised), FTB discusses the content of documents ordered suppressed by the New York court. *See* FTB_Philips 0005504-5506 in file "19910820_August 20, 1991," in folder "07_FTB Calendar Support Documents." Even FTB agrees the content of those documents cannot be used under the New York court orders, because FTB *itself* suppressed the content of those documents with the statement "Page 'Suppressed' in Accordance with October 7, 2013 Order of the Supreme Court of the State of New York, County of Westchester, Index No. 57751/13".

- At many places, FTB's Exhibit A attached to its letter filed on April 29, 2013, discusses the contents of the suppressed and redacted documents, and FTB argues its case based on the contents of those documents. For example, for the entry dated 02/01/93 on page 24 of Exhibit A, FTB discusses the contents of documents ordered suppressed and redacted by the New York court. Other examples include entries dated 01/30/93, 03/08/94, and 10/01/93 on page 24 of Exhibit A. Even FTB agrees the contents of such documents cannot be used under the New York court orders, because FTB *itself* suppressed or redacted the contents of those documents with statements such as "Page 'Redacted' in Accordance with March 13, 2014 Order of the Supreme Court of the State of New York, County of Westchester, Index No. 57751/13" or "Page 'Suppressed' in Accordance With October 7, 2013 Order of the Supreme Court of the State of New York, County of Westchester, Index No. 57751/13".

- FTB's Exhibit B attached to its letter filed on April 29, 2013, includes a document that was suppressed – FTB_Philips 0004771. Even FTB agrees the contents of this document cannot be used under the New York court orders, because FTB *itself* suppressed the contents of this document with the statement "Page 'Suppressed' in Accordance with March 13, 2014 Order of the Supreme Court of the State of New York, County of Westchester, Index No. 57751-13".

- FTB's Attachment A (Revised) at page 56, under the heading for November 12, 1991, discusses the contents of a November 12, 1991, telecopier cover sheet and then FTB proceeds to argue its case based on the contents of that document. In footnote 208 on page 56, FTB identifies and cites to that document as Philips document FTB_Philips_0005439. Even FTB

agrees the contents of that document cannot be used under the New York court orders, because FTB *itself* redacted the *entire contents* of that document with the statement "Page 'Redacted' in Accordance with March 13, 2014 Order of the Supreme Court of the State of New York, County of Westchester, Index No. 57751/13". *See* Attachment A (Revised), p. 56; FTB_Philips_0005439 in file "1991112_November 12, 1991," in folder "07_FTB Calendar Support Documents." FTB has located this unlawful disclosure and has removed it on the August 13, 2014, DVD, but this unlawful disclosure is still present on the July 16, 2014, DVD and copies thereof which must be destroyed.

- FTB's Attachment A (Revised) at page 56, under the heading November 13, 1991, again commits this same violation. There, FTB discusses the contents of a document dated November 12, 1991, and then proceeds to argue its case based on the contents of that document. In footnote 210 on page 56, FTB identifies and cites to that document as Philips document FTB_Philips_0005439. However, again, even FTB agrees the contents of that document cannot be used under the New York court orders, because FTB *itself* redacted the *entire contents* of that document with the statement "Page 'Redacted' in Accordance with March 13, 2014 Order of the Supreme Court of the State of New York, County of Westchester, Index No. 57751/13". *See* Attachment A (Revised, p. 56; FTB_Philips_0005439 in file "19911112_November 12, 1991," in folder "07_FTB Calendar Support Documents." FTB has located this unlawful disclosure and has removed it on the August 13, 2014 DVD, but this unlawful disclosure is still present on the July 16, 2014, DVD and copies thereof which must be destroyed.

- FTB's Attachment A (Revised) at page 60, under the heading November 24, 1991, discusses the contents of two documents dated November 24, 1991. In footnotes 232 and 233 on page 60, FTB identifies and cites to those two documents as Philips documents FTB_Philips_0001311, 0005437-38. Again, even FTB agrees the contents of both those documents cannot be used under the New York court orders, because FTB *itself* redacted the *entire contents* of both those documents with the statement "Page 'Redacted' in Accordance with March 13, 2014 Order of the Supreme Court of the State of New York, County of Westchester, Index No. 57751/13". *See* Attachment A (Revised), p. 60; FTB_Philips_0001131, 0005437-5438 in file "199111124_November 12, 1991," in folder "07_FTB Calendar Support Documents." FTB has located this unlawful disclosure and has removed it on the August 13, 2014, DVD, but this unlawful disclosure is still present on the July 16, 2014, DVD and copies thereof which must be destroyed.

Furthermore, FTB's hardcopy documents Exhibit A and Exhibit B attached to its letter of April 29, 2013, contain prohibited material in violation of the New York court orders. These hardcopy documents contain the same prohibited material as the electronic DVD documents discussed above.

Given the volume of material provided by FTB on its two DVDs (documents, links to documents, summaries of documents, annotations and highlighting on exhibits, etc.), Mr. Hyatt has not been able to catalog all of the violations. Nor should it be his obligation to do so. It is enough that Mr. Hyatt *can bring here to the direct attention of your Board* examples of where FTB, on the two DVDs, has provided your Board with argument in these appeals which cites to and argues materials in violation of the New York court orders.

1       Accordingly, Mr. Hyatt requests the following sanctions be imposed on FTB as a result of

2 FTB's continuing violations of the New York court orders regarding the Philips documents.

3       Mr. Hyatt requests that your Board strike FTB's July 16, 2014, DVD and FTB's new August

4 13, 2014, "replacement DVD" in their entirety including the Second Additional Briefing (with all its

5 attachments and exhibits).

6       In the alternative, Mr. Hyatt requests that your Board do the following. First, destroy all

7 copies of the first FTB DVD submitted on July 16, 2014, which FTB concedes in its August 13,

8 2014, letter contains inappropriate documents and inappropriate discussions regarding suppressed or

9 redacted Philips documents. Second, destroy all copies of the second FTB DVD submitted on

10 August 13, 2014, which also contains inappropriate documents and inappropriate discussions

11 regarding suppressed or redacted Philips documents (discussed above). Third, strike the FTB's

12 Second Additional Brief for 1991 and the FTB April 29, 2013, letter, including attached Exhibits A

13 and B which contain inappropriate documents and inappropriate references to suppressed or redacted

14 Philips documents. Fourth, strike the FTB Attachment A (Revised) which contains inappropriate

15 discussions regarding suppressed or redacted Philips documents.

16     **2.**    **FTB's Two DVDs Must Be Stricken For Failure To Follow Your Board's Clear
And Specific Direction To Separate Briefing By Appeal Year**

17

18       Your Board's letter of June 13, 2014, set forth the briefing rules and deadlines for

19 supplemental briefing at the conclusion of the New York court proceedings surrounding FTB's

20 subpoenas for the Philips documents. Those rules for supplemental briefing could not be clearer on

21 two points. <u>First</u>, FTB was directed "to submit its additional briefs (*one for each appeal*)..." (6/13/14

22 SBE Letter, p. 2, emphasis added.) Second, "The Appeals Division believes that the briefing will be

23 most helpful to the Board if each party's brief for each appeal *focuses on the facts and arguments that*

24 *are relevant to that appeal year*." (6/13/14 SBE Letter, p. 2, emphasis added.) FTB's Second

25 Additional Briefing is in clear violation of both directives.

26       FTB here did not file "two" briefs. Instead, it filed a single brief, which it then arbitrarily split

27 in mid-argument into two documents. FTB then captioned each of two those documents "additional

28 briefing" for 1991 and for 1992, respectively. In this process, FTB clearly violated your Board's

1    orders. For example, FTB put the calendars for both calendar years together in the "1991" additional

2    brief and FTB put the penalties for both calendar years together in the "1992" additional brief.

3        FTB makes a façade of following your Board's June 13, 2014, directions requiring the filing

4    of separate briefs addressing the separate appeal years.

5    • FTB's "1991" brief table of contents *ends* with the statement: "[Note: This Table of Contents
       continues with "3.) Roth's testimony (Buena Park dinner meeting with Hitachi on January 28,
6       1992)" in RESPONDENTS ADDITIONAL BRIEFING (1992) – July 16, 2014.]"

7    • FTB's "1992" brief table of contents *begins* with the statement: "[Note: This Table of
       Contents is a continuation of the table set forth in RESPONDENT'S ADDITIONAL
8       BRIEFING (1991) – July 16, 2014.]"

9    • FTB's "1991" brief *ends* with the statement: "[This analysis continues at page 1 of 'FTB's
       Additional Briefing – July 16, 2014 (1992)," pages 1-30, all of which is incorporated into this
10      brief, in its entirety, as if set forth herein, by this reference.]"

11   • FTB's "1992" brief *begins* with the statement: "[FTB refers the reader to 'RESPONDENT'S
       ADDITIONAL BRIEFING (1991) – July 16, 2014.' All the facts and arguments set forth
12      therein are hereby incorporated as if appearing in this brief. Continuing from page 30 of
       'RESPONDENTS' ADDITIONAL BRIEFING 1991) – July 16, 2014:']"

13

14       There can be no dispute that Mr. Hyatt filed separate appeals to your Board, for tax year 1991

15   and 1992. Nor is there any dispute that your Board, in two letters each dated May 27, 2008, - one for

16   tax year 1991 and one for tax year 1992 - stated that *"we have separated the tax years for this*

17   *appeal... "* (Emphasis added.) By letter dated June 25, 2009, Mr. Hyatt wrote your Board for

18   clarification regarding two separate appeals. In response, your Board sent two letters to Mr. Hyatt,

19   each dated July 8, 2009, - one for tax year 1991 and one for tax year 1992 - and stated: "Our review

20   of the file confirms that the appeals for years 1991 and 1992 *are separate appeal years*. Thus, in the

21   Appeal of Gilbert P. Hyatt, Case ID: 435770, tax year 1991, and Case ID: 446509, tax year 1992,

22   *involve two separate appeals that have not been consolidated and are being treated as two separate*

23   *and distinct appeals by the Board.*" (Emphasis added.) FTB subsequently asked your Board to

24   consolidate Mr. Hyatt's two appeals. By letter dated August 21, 2009, relating to both appeals, your

25   Board stated: "…we are *denying the Franchise Tax Board's request* for the taxable years 1991 and

26   1992 to be consolidated as a single appeal….The appeals for tax year 1991 and 1992, therefore, will

27   *continue to be treated as two separate appeals by this Board.*" (Emphasis added.)

28

APPELLANT'S MOTION TO STRIKE

sa-69836

1   FTB's conduct here is in clear disregard of your Board's June 13, 2014, directive to file two

2   separate briefs, by year, each by July 16, 2014. As documented above, FTB simply split a single

3   document into two documents and then called each a separate "brief." There is a common table of

4   contents, and common arguments: the beginning of the argument in the "1992" brief is a continuation

5   of the end of the argument in the "1991" brief.

6   FTB's conduct is also in clear disregard of your Board's June 13, 2014, directive to address

7   the "facts and arguments" for the 1991 year in the brief for tax year 1991, and to address the facts and

8   arguments" for the 1992 year in the brief for tax year 1992. Instead, FTB's so-called two "briefs"

9   flow as a single continuous document, which ignores specific years. As a result, items relating to

10  1991 are found in the 1992 "brief," e.g., the 1991 penalty. Items relating to 1992 are found in the

11  1991 "brief," e.g., the 1992 calendars.

12  FTB's conduct is also in clear disregard of your Board's repeated rulings that the appeals in

13  Case Nos. 435770 and 446509 are two different appeals for two different tax years. FTB continues to

14  ignore your Board's multiple rulings that there are two *separate* appeals and instead proceeds as if

15  there is a single proceeding for both tax years. Under RTA 5522.4, consolidation of separate appeals

16  can only occur at the direction of your Board, and no such consolidation has occurred. On the

17  contrary, recall that FTB attempted to have your Board consolidate Mr. Hyatt's two appeals. By

18  letter dated August 21, 2009, relating to both appeals, your Board stated: "...we are denying the

19  Franchise Tax Board's request for the taxable years 1991 and 1992 to be consolidated as a single

20  appeal....The appeals for tax year 1991 and 1992, therefore, will continue to be treated as two

21  separate appeals by this Board."

22  RTA 5430 sets forth the general requirements for briefing applicable to appeals from actions

23  of the FTB. That rule provides in pertinent part:

24  5430. GENERAL REQUIREMENTS.

25  (a) Generally. Submissions in the forms of briefs are required
    in all appeals from actions of the Franchise Tax Board. The parties to
26  an appeal must adhere to the briefing schedules and other requirements
    set forth in this article.
27

28          . . .

7

sa-69836

       (e) Formatting. ... *If a brief is filed that does not comply* with the requirements of this subdivision, the Chief of Board Proceedings may, in his or her discretion, return the brief to the filing party and *grant 10 days in which to file a corrected brief.* Failure to file a corrected brief within the 10-day period is a waiver of the right to file that brief.

       (f) Failure to File a Brief. The failure to file a brief within the scope of the applicable briefing schedule, including any applicable deadlines, extensions, and other requirements, *is a waiver of the right to file that brief.*

(Emphasis added.)

Your Board will recall this is not the first instance of such blatant conduct by FTB in contravention of your Board's directions regarding briefing. In September 2009, FTB filed its opening "briefs" for the two appeals as a single document. At Mr. Hyatt's request, your Board, by letter dated September 14, 2009, informed FTB that its single brief could not be accepted "in its present form," and directed FTB to file corrected briefs.

Rules are there to be followed by all parties. "'Men must turn square corners when they deal with the Government,' it is hard to see why the government should not be held to a like standard of rectangular rectitude when dealing with its citizens." (*Title Ins. Co. of Minnesota v. State Bd. of Equalization* (1992) 4 Cal.4th 715, 730, citation omitted.) One must question the purpose of your Board having RTAs, giving parties directions for briefing, and making rulings in appeals on matters such as consolidations when FTB freely flaunts those rulings with no sanctions and no repercussions. Moreover, FTB *here* flaunts the RTAs and your Board's briefing directives after doing precisely the same thing as it did in 2009 regarding its opening briefs.

The sanction here is clear and is specified in your Board's RTAs. Pursuant to RTA 5430(f), by filing, in substance, a single brief for two separate appeals contrary to your Board's directive in its June 13, 2014, letter, FTB has failed to file a brief in either of these two appeals. Accordingly, Mr. Hyatt requests that your Board strike both of FTB's two so-called second additional "briefs" presently on file with your Board.

APPELLANT'S MOTION TO STRIKE

sa-69836

1
2

    **3.    FTB's Two DVDs Must Be Stricken For Failure To Follow Your Board's Clear And Specific Direction Regarding Page Limits For Briefing**

3    Mr. Hyatt objects to FTB's "two" additional briefs, attachments, and exhibits found on FTB's

4    two DVDs, and contends those briefs, attachments, and exhibits must be stricken by your Board

5    because FTB's briefing far exceeds the 60-page per brief limit explicitly set by your Board.

6    By letter dated April 23, 2014, your Board requested that FTB file a second additional brief

7    for each appeal. By letter dated June 13, 2014, your Board ordered that such briefs were limited to

8    60 pages each. It might appear at first glance that FTB did not exceed that limit if one simply looked

9    to FTB's 1991 "brief" with 30-numbered pages, and to FTB's 1992 "brief" with 30-numbered pages.

10    However, FTB included on its two DVDs new attachments and new exhibits which contain thousands

11    of *additional pages of argument* and highlighted-excerpts hyperlinked into its two "briefs." By

12    taking this approach, FTB circumvents your Board's two 60-page limits.

13    A "'Brief' means a written document that *contains an argument* supporting a parties (sic)

14    position..." (RTA 5511(g), emphasis added.) When FTB places *argument* in its tables, attachments

15    and supplemental materials, those tables, attachments and supplemental materials are "briefs" under

16    RTA 5511(g). FTB's version of "briefing," illustrated below, violates your Board's rules. It is one

17    thing to attach tables, attachments, supplemental materials, etc. to a brief. It is entirely different to

18    attach to a brief by reference annotated and highlighted exhibits which are *themselves* filled with

19    argument. FTB takes this process to the extreme and attaches exhibits peppered with arguments not

20    found in the labeled "briefs" themselves. Indeed, FTB's two "briefs" are little more than a catalog

21    and/or index of links to arguments (i.e., "briefs") elsewhere – and those arguments elsewhere vastly

22    exceed your Board's 120-page briefing (two 60-page briefs) by a factor of more than 1,600% (i.e.,

23    more than 2,000 pages of this course of conduct). FTB's practice here is especially egregious when it

24    is attaching tables, attachments, supplemental materials, etc. to the very limited "additional briefs"

25    which are intended to address a focused issue after all "regular" briefing has been completed – and

26    here, completed *years* ago.

27    FTB's conduct constitutes improper and unpermitted briefing for the following reasons.

28

1   FTB's attachments contain substantial additional argument and are essentially briefs labeled
2   as "attachments."

3       Attachment E is the epitome of improper additional briefing and must be stricken.  FTB
4   *admits* that its "analysis," i.e., arguments, in its Attachment E ("09_Attachment E (Analysis of
5   Hyatt's Post Reply Brief Affidavits in Folder "02 FTB_Attachments")") *"would not be possible in*
6   *the limited amount of pages allotted for briefing*.  Therefore, FTB has created Attachment E" which
7   has 239 *single-spaced* pages.  (Respondent's Additional Briefing (1991) – July 16, 2014, page 14,
8   lines 24-25, emphasis added.)  Attachment E then has over 200 sections (see the Table of Contents)
9   attacking more than 60 of Mr. Hyatt's witnesses with extensive arguments, accusations, and
10  comments.  These 239 *single-spaced* pages, with 1359 footnotes (many of which have multiple
11  links), are linked to what is estimated to be thousands of pages of documents, including many non-
12  Philips documents, more than 1,500 of these documents have red boxes with arguments, comments,
13  and interpretations of the documents and/or highlighting.  These documents include more than 60
14  affidavits and declarations (many of which have been annotated with red boxes with arguments
15  and/or highlighting).  For example, the Table of Contents in Attachment E has six sub-sections
16  directed to Mr. Cowan, and the "Cowan_2012 Affidavit" file in the "06_Hyatt Affidavits" folder has
17  highlighting on many pages and has a red box with an annotation and an arrow to a highlighted
18  statement which states on page 7: "But he's meeting with two tax lawyers.  What was it?"  *That* is
19  argument.

20      Attachment F is also a prime example of improper additional briefing and must be stricken.
21  Consider "10_Attachment F (Hyatt's 91-92 Business Activity)" ("Attachment F") in folder
22  "02_FTB_Attachments."  As with Attachment E above, FTB *admits* that its alleged list of licensing
23  business excerpts "could not fit within the pages allowed for this briefing." (Respondent's Additional
24  Briefing (1992) – July 16, 2014, page 23, lines 16-17, emphasis original.)  FTB's solution was to
25  create Attachment F, with 20 *single-spaced* pages of arguments, and then link its "briefs" to
26  Attachment F.  In turn, these arguments in Attachment F are then linked to what appears to be over
27  1,000 pages of documents, including many non-Philips documents, which are grouped, highlighted,
28  and annotated with still yet more argument and comments.  For example, FTB's 1992 Second

1  Additional Brief, *e.g.*, pp. 1:22, 3:15 and 5:3, mentions an alleged licensing business, and links from

2  that mere mention to (20 page *single spaced*) Attachment F, p. 23:15. Attachment F then lists 245

3  dates through "12/31/92"[1] with comments and arguments related thereto, each of which, in turn, links

4  to groups of documents, including many <u>non-Philips</u> documents, more than 1,500 of which have red

5  boxes with arguments, comments, and interpretations of the documents and/or highlighting.

6        Attachment A (Revised) is also clearly improper additional briefing and must be stricken.

7  Here, FTB links "briefs" to its new Attachment A (Revised). Attachment A (Revised) has 142 pages

8  and 812 footnotes with more than a thousand links to thousands of pages of exhibits, more than 1,500

9  of which are annotated with arguments and comments and/or highlighting. FTB provides links from

10  short references in its briefs to Attachment A (Revised). Attachment A (Revised) then provides links

11  to thousands of pages of <u>non-Philips</u> documents and Philips documents, many of which are annotated

12  with red boxes containing arguments, comments.

13        In sum, FTB's attachments contain substantial additional argument and are essentially briefs

14  that are labeled "Attachments." As documented above, FTB even admits to using such a process as

15  an attempt to avoid your Board's page limitations for briefing.

16        FTB's extensive Calendar Support Document in folder "07_FTB Calendar Support

17  Documents" are not merely copies of documents. Rather, FTB highlighted the documents and added

18  extensive argument as annotations. In essence, each annotated exhibit is a mini-briefing containing

19  additional argument.

20        FTB has now added <u>non-Philips</u> documents which FTB has had in its possession for years to

21  these Calendar Support Documents. FTB has appended new highlighting and argument to these <u>non-</u>

22  <u>Philips</u> documents in a further attempt to evade your Board's page limitations for "briefing." The

23

24

25

26

27

28

---

[1] As discussed *infra*, in Section 5(b), these dates and arguments *now* range through *December 31, 1992*, which includes FTB's 11th hour, nine-month extension in its 2013 first additional briefing of the period in dispute from April 1992 to December 1992. FTB extended the period in an attempt to capture the assessments that it lost when FTB admitted to its $24 million dollar error in response to a pointed inquiry by your Board (for the first additional briefing on the subject of the $24 million error).

sa-69836

following items from folder "07_FTB Calendar Support Documents" are representative examples of this type of additional briefing:

- <u>Non-Philips</u> Document H 02895 in file "19920406_April 6, 1992," contains the following argument appended by FTB to the face of the document:

  "Note: FTB's auditor originally commented that Hyatt's "American Hair Force" visits indicated presence in Anaheim. In response, Hyatt provided seven (7) customer carbons, on [sic] from each visit he made for a haircut over many months. They have his signature and show the location as Las Vegas. Why did Hyatt keep these non-business related receipts for years? Why does Hyatt have these (and those for his Crescent Motel charges) but no customer carbons from all the charges on his credit cards that Hyatt claims were made by Jeng?"

- <u>Non-Philips</u> Document H 025571 in file "19911016_October 16, 1991," contains the following argument appended by FTB to the face of the document:

  "Note: Hyatt received this travel-related fax from MLMC at a Virginia hotel in 1991. He retained it for approximately 15 years before producing it to FTB. Yet many patent licensing business related faxes between Hyatt and MLMC have never been produced by Hyatt. And many that have are missing this first page, the "cover sheet," which would indicate the fax number and location where Hyatt was receiving the communication. FTB counsel inquired with Dave Leonard about MLMC copies of these records. Hyatt's attorney Roth replied on behalf of Leonard, and told FTB that MLMC no longer has these records."

- <u>Non-Philips</u> Document P10037 (CCC02280) in file "19911020_October 20, 1991," contains the following argument appended by FTB to the face of the document:

  "Note: Signed customer carbon Hyatt keeps from a $7.30 meal charge on his personal credit card.

  Where are the similar customer carbons from the many dozens of charges on this (and his other) credit cards made in California from September 1991 through April 1992? Presumably, those would have Grace Jeng's signature in this location (as Hyatt argues without proof). Because Hyatt argues that Jeng used his cards for business expenses, presumably those receipts would have been retained. Recall that the question of Hyatt's 1991 state residency was made clear to Hyatt in July 1993 by FTB audit, with Hyatt's receipt of FTB Form 3905F"

- <u>Non-Philips</u> Document RM 00358 in file "19910930_September 30, 1991," contains the following argument appended by FTB to the face of the document:

  "Note: This travel time appears accurate as Hyatt is working on his licensing business from his JC/CA home/business location on this date."

- <u>Non-Philips</u> Document (no Bates-number) in file "19910527_May 20, 1991," contains the following argument appended by FTB to the face of the document:

  "Note: FTB has seen no evidence that companies approach Hyatt. At this time it is MLMC that is approaching Japanese companies"

1  • <u>Non-Philips</u> Document (no Bates-number) in file "19910527_May 20, 1991," contains the
2     following argument appended by FTB to the face of the document:

3        "Note: Hyatt appears to be referring to his pending agreement with Philips, and
          that he hopes to reach agreements through his agent MLMC - wherein Hyatt
4         would receive 85% of licensing proceeds, as opposed to 50% of net proceeds
          with Philips"

5     The highlighting and arguments appended to a page of a document are often extensive. The

6  following items from folder "07_FTB Calendar Support Documents" are representative examples of

7  this type of additional briefing:

8  • Document FTB_Philips 0001099 in file "19911101_November 1, 1991," contains the
      following five arguments appended by FTB to a single page of a document:
9

10       "Note: Section granting Philips the right to use Hyatt's patents for $3 million"

11       "Note: Section guaranteeing Hyatt 10 years of annual payments from Philips "

12       "Note: Section increasing Philips share of 'licensing of others' from 20% to
          50% upon 'payment by PHILIPS to HYATT of [$100 Million]'"

13       "Note: Philips main concern is that the money received by Hyatt is counted
          toward the $33.5 Million trigger ending their annual payment obligation"
14

15       "Note: Section terminating Philips obligation to make 10 years of annual
          payments upon Hyatt's net share reaching $33.5 Million"

16 • Document FTB_Philips 0001095 in file "19911101_November 1, 1991," contains the
      following argument appended by FTB to the document:
17

18       "Note: Roth and Hyatt are in constant communication and Roth places Hyatt's
          JC/CA home/business address in this 'supplemental agreement' sent to Philips
19        on November 1. Note that Hyatt himself has a copy of this agreement in his
          files – dated one day prior."

20 • Document FTB_Philips 0004053 in file "19911101_November 1, 1991," contains the
      following argument appended by FTB to the document:
21

22       "Note: Roth sends a copy of the supplemental agreement he drafted after
          consulting 'Gil's tax advisors' to Philips' CPA. Philips will later add in a
23        clause exempting Philips from any tax liability resulting from Roth's changes
          to the supplemental agreement language. (Also note: Hyatt's tax manipulation
24        – attempted capitol [sic] gain treatment of licensing income denied by IRS –
          will be an important aspect of the Hyatt/Philips termination agreement in
25        1997)"

26 • Document FTB_Philips_0001108 in file "19910708_July 8, 1991," contains the following
      argument appended by FTB to the document:

27       "Note: The contemporaneous documentary evidence establishes that Hyatt
          personally engaged in negotiations and answering questions (related to his
28        patents and their claims) from California in 1991 and 1992"

sa-69836

1  "Note: Hyatt links the value of his "patents" to the interference then ongoing
2  concerning his '516 (microprocessor) patent. Ultimately, Hyatt will lose to
   Texas Instruments (preliminarily in 1992, and publicly in 1994) and thereafter
3  he will not be able to obtain another licensing agreement"

4  • Document FTB_Philips_0002712 in file "19910617_June 17, 1991," contains the following
   argument appended by FTB to the document:

5  "Note: The origin of the phrase "deemed received" as used in later
6  supplemental agreements"

7  "Note: Even before MLMC is aware of the Hyatt/Philips Agreement, revenue
   under the MLMC contract is accounted for in the Hyatt/Philips agreement.
8  Philips wants this clause so that any MLMC license income counts toward the
   $33.5 net income to Hyatt amount that ends Philips' obligation to make 10
9  years of annual payments to Hyatt. Hyatt benefits because MLMC 15%
   commission becomes a shared expense of the licensing business."

10     By hyperlinking all of the above argument material into the two documents it labeled its 1991

11  and 1992 "briefs" either directly from the hyperlinked attachments, or indirectly from the annotated

12  and highlighted exhibits to the attachments, FTB has effectively incorporated into its briefs thousands

13  of pages of additional argument even though the briefs are supposedly limited to 60 pages each. A

14  simple click on a link in a labeled "brief" displays extensive additional arguments from an attachment

15  and further clicks on links display yet additional extensive arguments and highlighting superimposed

16  on non-Philips documents as well as Philips documents. FTB's tactic of adding briefing in

17  attachments through highlighting and appending argument to linked documents adds thousands of

18  pages of additional briefing. In total, FTB has submitted over 2,000 pages of highlighting and

19  appended argument. FTB has thus submitted more than 2,000 pages of additional briefing.

20     FTB was fully aware of its problem with the 60-page limit set by your Board when it

21  intentionally violated that limit. Recall Mr. Hyatt's citations above from FTB's Second Additional

22  Briefing where FTB admits the material contained in its attachments cannot fit within your Board's

23  specified page limitations for those briefs. As yet another example of such an admission, regarding

24  *just* Mr. Hyatt's affidavits, FTB states, "It would take more than the allotted total pages in this

25  additional briefing just to address inaccurate and/or misleading testimony in Hyatt's 7 affidavits."

26  (Respondent's Additional Briefing (1991) – July 16, 2014, page 15, lines 7-9.) Undaunted, and as

27  repeatedly explained above in detail, FTB simply ignores the limit of 60 pages per brief and admits

28  that it intentionally used attachments because it could not fit all of its briefings into the page-limited

1  briefs. In the very next sentence of that 1991 "brief," FTB cites to its Attachment E, which includes

2  *239 pages of single spaced additional briefing* with hyperlinking to an additional thousands of pages

3  of argument. (Respondent's Additional Briefing (1991) – July 16, 2014, page 15, lines 9-10.)

4      FTB stated in its briefing that it was "unable to utilize the increase page allowance" by your

5  Board from the initial limit of 30 to 60 pages because the increase "came later in the drafting

6  process." (Respondent's Additional Briefing (1991) – July 16, 2014, page 1, fn. 2.) *Of course, FTB*

7  *did not need to "utilize" those additional 30 pages for briefing because FTB's "drafting process"*

8  *included argument placed in hundreds of pages of attachments* plus thousands of pages of argument

9  linked to those attachments. Put differently, FTB had no need for the additional 30 pages because

10  FTB had *unlimited* pages of briefing by use of its linked attachments which in turn link thousands of

11  pages of highlighting and appended argument thereto.

12      Mr. Hyatt is severely prejudiced by FTB's disregard for the specific briefing page limits set

13  by your Board. Rather than devote his time to drafting briefs in response to FTB's "briefs," FTB's

14  approach requires Mr. Hyatt to respond to arguments spread over thousands of pages where those

15  arguments are not organized into labeled "briefs." Indeed, Mr. Hyatt has devoted large portions of

16  the time since FTB's filing on July 16, 2014, to locating the thousands of arguments that are scattered

17  throughout the thousands of pages of material in many different files on the FTB's latest DVD. It

18  will take an enormous amount of time and resources to catalog and rebut each argument made by

19  FTB in its briefs, attachments and annotated and highlighted exhibits. None these efforts would be

20  required if FTB had adhered to, or is now required by your Board to adhere to, the page limit for each

21  brief set forth in your Board's June 13, 2014, letter. It will be impossible for Mr. Hyatt to fully

22  respond to the thousands of pages of argument in the FTB briefing as it now stands by the current due

23  date of December 16, 2014.

24      As already pointed out above in Section 2, above, one must question the purpose of your

25  Board having RTAs and giving parties specific directions for page limits of briefing when FTB freely

26  flaunts those rulings *with no sanctions and no repercussions.* That is precisely what is occurring in

27  these appeals.

28

APPELLANT'S MOTION TO STRIKE

sa-69836

1     Accordingly, the remedy is to strike FTB's two DVDs and vacate its Second Additional

2   Briefing. Mr. Hyatt requests the following sanctions be imposed on FTB for its violation of your

3   Board's order for page limits on briefing. RTA 5430(f) states the failure to file a brief within the

4   "requirements" established by your Board "is a waiver of the right to file that brief." Accordingly,

5   Mr. Hyatt requests that your Board strike from FTB's two DVDs, as unauthorized briefing in excess

6   of your Board's directive on page limits including: (1) the "two" additional briefs, both of which

7   exceed page limits when the additional "argument" found *outside* those briefs is counted in the page

8   counts, including the documents hyperlinked thereto; (2) Attachment A (Revised) containing 142

9   pages of additional briefing, including the documents hyperlinked thereto; (3) Attachment E

10  containing 239 single spaced pages of additional briefing, including the documents hyperlinked

11  thereto; (4) Attachment F containing 20 pages of additional briefing, including the documents

12  hyperlinked thereto; and (5) folder "07_FTB Calendar Support Documents" containing highlighted

13  and annotated exhibits that are, in essence, mini-briefings containing additional argument.

14      **4.    FTB Has Improperly Used This Second Additional Briefing As An Opportunity To Re-Brief Its Entire Case In Violation Of Your Board's Procedures And**

15          **California Law**

16      As discussed above, FTB seized upon your Board's direction for supplemental briefing as an

17  opportunity to improperly write a single brief instead of two briefs (Section 2, *supra*) and in that

18  process, to willfully exceed your Board's page limitations for such briefing (Section 3, *supra*).

19      FTB also improperly uses its opportunity here for additional briefing to re-brief its entire case

20  at this late stage of the proceedings in these two appeals. This is imposing a horrendous burden on

21  Mr. Hyatt, as discussed in Section 6, *infra*.

22      Mr. Hyatt's separate appeals for 1991 and 1992 were filed in January 2008. FTB filed its

23  Respondent's Opening Briefs in these appeals on September 15, 2009, and filed its Respondent's

24  Reply Briefs on June 30, 2011. After over *four years* of briefing (in addition to the cases having been

25  at protest for over a *decade*), your Board then wrote the parties on August 2, 2012, and stated that

26  "briefing is completed" in both cases. However, by letter dated January 17, 2013, your Board then

27  ordered *additional* briefing on FTB's $24 million error in the 1992 assessment. Subsequently, your

28  Board then informed the parties, by letter dated February 20, 2013, that upon the filing of Mr. Hyatt's

1   additional brief, "briefing will thereafter be completed." Yet, after the completion of all routine

2   briefing and one round of supplemental briefing, and briefing being closed twice, briefing still

3   continues.

4        By letter dated June 13, 2014, your Board then ordered additional briefing regarding the

5   Philips documents.

6        After years of delay related to FTB's late subpoenas of Philips documents and long after its

7   briefing in these appeals should have been completed, FTB inserts new documents into these appeals

8   in this round of briefing. FTB's Second Additional Briefing improperly re-writes FTB's entire case

9   against Mr. Hyatt. In its Attachment A (Revised), FTB extensively revised that attachment to re-brief

10   its entire residency day-to-day presence case and to extend the period in dispute another nine months

11   through the end of 1992. In its Attachment F, FTB generated a completely new document which

12   extends the period in dispute through the end of 1992, which is in direct contradiction with the NPAs

13   and the NOAs. (*See* Section 3, *supra*.) These dates and arguments range through December 31, 1992,

14   the nine-month period extended by the FTB in its 2013 first additional brief, to attempt to capture the

15   assessments that it lost when your Board required it to admit to its $24 million dollar error.

16        In addition, FTB improperly uses this round of briefing to add and argue documents it *had in*

17   *its possession when it filed its opening brief, but which FTB did not argue until now.* For example, as

18   exhibits to its July 16, 2014, additional briefing, FTB included new Exhibit II (673 pages), new

19   Exhibit JJ (1,419 pages), new Exhibit KK (1,294 pages), and new Exhibit LL (689 pages) in folder

20   "04 FTB Exhibits." These four new exhibits have over 4,000 pages; however, very few of the

21   documents contained in in these four new exhibits are Philips documents and FTB had most of the

22   documents contained in these four new exhibits well before this appeal. These include EC, RM, P,

23   and SAC Bates-stamped documents, deposition excerpts, and 1991 estate documents. As another

24   example, FTB's two DVDs include a new folder entitled "10_Video_Deposition_Jeng" that has no

25   apparent relationship to the Philips documents or to Mr. Hyatt's supplemental briefs that were

26   referenced by your Board in its April 23, 2014, letter, as the basis for the Second Additional Briefing.

27   That new folder contains 12 video clips totaling more than 600 megabits from a deposition taken in

28   early 2006 (more than eight years ago).

1        FTB's conduct is improper. With respect to documents FTB had in its possession when it

2    filed its opening briefs, FTB provides no explanation why it did not make these arguments or submit

3    these documents earlier. FTB should not be allowed to introduce them now, particularly with FTB's

4    appended arguments and highlighting.

5        Similarly, FTB has not explained why it did not request the Philips documents during audit or

6    protest. Instead, in May 2011, *14 years after the end of the audit* and 3 years after Mr. Hyatt's

7    appeals were filed with your Board, FTB first subpoenaed the Philips documents in this proceeding.

8    These documents could have been requested at any time during the audit because Mr. Hyatt disclosed

9    during the audit that Philips was responsible for licensing his patents. During the audit, FTB

10    requested from Mr. Hyatt and examined Philips licensing documents in 1993, 18 years prior to FTB's

11    2011 subpoenaing of the Philips documents. During the audit FTB concluded that an assessment

12    based on sourcing was not appropriate. During the protest, Mr. Hyatt also produced thousands of

13    pages of licensing documentation, mostly Philips licensing documentation. In addition, in the

14    Nevada litigation (during the protest in 2005), FTB actually subpoenaed the Philips documents, but

15    then cancelled this subpoena. Thus, it is irreparably prejudicial to Mr. Hyatt for the FTB to delay

16    until 2011 to subpoena the Philips documents that it could have requested and reviewed at any time

17    since the beginning of the audit in 1993, and which it now uses as a springboard to re-argue its entire

18    case.

19        FTB's revision of its original findings and determinations nearly 18 years after issuing the

20    NPAs to Mr. Hyatt violates the procedures for issuing a proposed assessment and, as this case readily

21    demonstrates, results in irreparable prejudice to Mr. Hyatt. The purpose of these administrative

22    appeals is to allow Mr. Hyatt to challenge FTB's action on his protests. However, FTB has upended

23    the administrative process by making determinations on new issues in 2007, more than a decade after

24    it issued its NPAs. It is unfair and prejudicial to now allow FTB to re-brief its case at this late date

25    when many witnesses and documents are no longer available.

26        FTB used this Second Additional Briefing as an opportunity to continue its investigation and

27    to provide *new declarations and new documents that are not related to the Philips documents.* Three

28    examples illustrate this point. First, FTB's two DVDs contain two new declarations dated June 20,

1   2012, and July 26, 2012, respectively, and documents from a photographer.[2]  Second, the two DVDs

2   contain seven new declarations from FTB's paid, private investigators (William Savage and Jake

3   Dameron), dated February 6, 2013,[3] January 31, 2013,[4] November 20, 2012,[5] May 2, 2013,[6] and

4   March 24, 2014,[7] and from its attorneys dated June 12, 2014,[8] and June 26, 2014.[9]

5          Third, in 2013, FTB received a certified copy of a document from the US Patent and

6   Trademark Office (USPTO),[10] but did not Bates-stamp or produce this new document to Mr. Hyatt

7   and FTB briefed this new document in its July 16, 2014, additional briefing.  (*See* the briefing using

8   this document (that is not Bates-stamped) in FTB's Attachment A (Revised), page 136, footnote 781

9   under the heading April 27, 1992.  *See also* these USPTO documents in new Exhibit II, Tab 45.)  This

10  is particularly egregious because this document is briefed under the date heading April 27, 1992,

11  which is past the previous disputed period and is in the new post-disputed period into which FTB

12  newly attempted to extended the assessment period in its early 2013 brief, over 20 years after the

13  time of the events and after ending the disputed period on April 2, 1992, in its 1992 NPA. This is a

14  prime example of FTB now extending its calendar and its Attachment A beyond the April 2, 1992,

15  disputed period[11] in addition to continuing its investigation into 2013 and continuing its briefings

16  thereof into 2014.

17         It is not presently known how many more new documents that are not Bates-stamped are

18  included in FTB's three new Exhibits II, JJ, KK, and LL totaling more than 4,000 pages or how

19  extensively the FTB has briefed this newly extended 1992 period.

20

21  [2] Declaration of Charles T. Cameron, "19911006_October 6, 1991" located in the "07_FTB Calendar Support
    Documents" folder.

22  [3] Declaration of Jake Dameron, Ex.LL Tab 1 in "04_FTB Exhibits" folder.

23  [4] Declaration of Jake Dameron, Ex.JJ Tab 46 in "04_FTB Exhibits" folder.
    [5] Declaration of William L. Savage, Ex. JJ Tab 52 in "04_FTB Exhibits" folder.

24  [6] Declaration of Jake Dameron, Ex.LL Tab 5 in "04_FTB Exhibits" folder.
    [7] Declaration of William L. Savage, Ex. KK Tab 18 in "04_FTB Exhibits" folder.

25  [8] Declaration of Robert Dunn, Ex.LL Tab 4 in "04_FTB Exhibits" folder.

26  [9] Affidavit of Pat Lundvall, Ex.LL Tab 3 in "04_FTB Exhibits" folder.
    [10] Ex. II Tab 45 in "04_FTB Exhibits" folder.

27  [11] The original Attachment A filed with FTB's opening briefs listed dates into April 1992, but did not assess taxes beyond
    the original disputed period.

28

APPELLANT'S MOTION TO STRIKE

sa-69836

1    Mr. Hyatt previously forewarned your Board about *precisely* this type of conduct by FTB.

2    Even before your Board's June 13th directive for additional briefing regarding the Philips documents,

3    Mr. Hyatt wrote your Board by letter of May 16, 2013, making clear his concern that FTB should not

4    be allowed by your Board to use additional briefing generated as a result of the New York court's

5    final ruling on the Philips documents as a subterfuge to open that briefing up to "new material" (as

6    requested by FTB) for briefing documents and arguments where FTB already had the opportunity –

7    years before – to use those documents and make those arguments. Briefing was already closed,

8    twice, at the Board level, yet FTB's unlimited briefing *still* continues. Your Board inferred it is

9    working toward closure of briefing and at one time even proposed in its letter of April 23, 2014, that

10   the cases go before the Board for hearing in October 2014. However, FTB's conduct substantially

11   prolongs the case rather than bringing closure to it.

12       What is the consequence of FTB's conduct? If your Board allows such conduct, Mr. Hyatt

13   would be compelled to re-brief his entire case. That is not the purpose of additional briefing, much

14   less *second additional* briefing. The general briefing schedule set forth in RTA 5431 calls for

15   Appellant's Opening Brief, Respondent's Opening Brief, and Appellant's Reply Brief, and those

16   briefs were filed many years ago. FTB then requested and obtained a discretionary Reply Brief and,

17   according to the FTB, Mr. Hyatt was permitted to file Supplemental Briefs. RTA 5435 permits staff

18   requests for additional briefing. Such additional briefing was then ordered by your Board, by letter of

19   January 17, 2013, regarding FTB's $24 million error in the 1992 assessment. However, the sheer

20   magnitude of FTB's already existing briefing at that time must be kept in mind. Even *prior* to that

21   additional briefing on the FTB's $24 million error, FTB's 2009 Opening Briefs for 1991 and 1992

22   were 100 and 75 pages, respectively, with two boxes of additional filings; and FTB's 2011 Reply

23   Briefs for 1991 and 1992 were 100 pages each, with two boxes of additional filings. FTB already

24   had submitted over a dozen affidavits/declarations and had taken 20 depositions – with all of these

25   depositions being taken while Mr. Hyatt's appeals were pending before your Board. (*See* Appellant's

26   Supplemental Brief – Taxable Year 1991, pp. 1-2.) Now the parties are engaged in yet *more*

27   additional briefing of enormous proportions.

28

APPELLANT'S MOTION TO STRIKE

sa-69836

1        RTA 5435(a) authorizes staff requests for additional briefing where your Board "determines

2    that *insufficient briefing or evidence has been provided...*" (emphasis added), and your Board's April

3    23, 2014, letter directed second additional briefing as a result of the termination of the New York

4    litigation which limited use of the Philips documents. FTB wholeheartedly adopted the language in

5    your Board's April 23rd letter that "either party may provide any additional argument that may assist

6    the Board in resolving these appeals." "Any" additional argument? This language cannot have been

7    intended by your Board, and cannot be read, as an invitation for FTB to re-brief the entire case,

8    especially in light of the magnitude of the prior briefing in these appeals as set forth above. Recall

9    your Board first raised the subject of additional briefing in connection with "the pending New York

10   Litigation" in its letter of January 17, 2013, which spoke of the possible need for additional briefing

11   because "it appears that the *Philips documents* may include evidence that is relevant and necessary to

12   a fair resolution of the factual and legal issues in this matter. (January 17, 2013, letter from G.

13   Thompson, p. 2, emphasis added.) That original issue regarding "the Philips documents" cannot

14   possibly justify FTB's new briefing of documents and evidence previously in its possession or the

15   submission of new evidence (e.g., declarations) not related to the Philips documents.

16        Your Board's April 23rd directive for additional briefing was made under the authority of

17   RTA 5435, and the prerequisite for any such briefing is that insufficient briefing or evidence has been

18   provided. Surely your Board did not intend to convey in its April 23rd directive that "insufficient

19   briefing or evidence has been provided" in the *entire case* given the history of this case as set forth

20   above? If so, what then is "sufficient" briefing? How many appeals has your Board considered

21   where an appellant has provided over 150 affidavits and declarations? How many appeals has your

22   Board considered where FTB has taken 20 depositions *after* the taxpayer has filed an appeal to your

23   Board? And, again, remember FTB's subpoenas for the Philips documents, which are the root cause

24   of your Board's April 23rd directive for the second additional briefing, were not even issued by FTB

25   until *after* Mr. Hyatt filed his appeals to your Board.

26        Your Board's underlying statutory jurisdiction in this matter is found in section 19047, which

27   provides "[t]he board shall hear and determine the appeal." But instead of hearing an "appeal," your

28   Board here has directed the parties to brief not only the Philips documents which were not part of the

APPELLANT'S MOTION TO STRIKE

1    audit or protest, but documents which FTB did not even subpoena until after the appeals were filed.

2    FTB has used your Board's April 23rd directive as a pretext to re-brief the entire appeal, e.g., video

3    clips from a deposition take in early 2006 (over 8 years ago) now appear as part of FTB's July 16,

4    2014, submission. Your Board's April 23rd directive is being abused by FTB to allow it to create an

5    entire new case, not an "appeal" of FTB's actions below.

6         To finally bring the briefing in these appeals to a close, your Board must not allow FTB to

7    circumvent your Board's April 23, 2014, directive and RTA 5435. If FTB is permitted to circumvent

8    your Board's order and the RTAs in these appeals, not only will Mr. Hyatt be required to re-brief his

9    entire case, but there will be nothing to stop the FTB from using the same tactics in other appeals

10   before your Board. The FTB has had several years since it received the Philips documents in 2011 to

11   draft its briefs, and FTB has taken more than 2,000 pages to present its Second Additional Briefing

12   (*See* Section 3, *supra*.) Mr. Hyatt is still trying to determine what it will take to respond to the FTB's

13   immense Second Additional Briefing. Because Mr. Hyatt, as the Appellant, is entitled to the "last

14   word," he would be irreparably prejudiced if he were not given the time and the pages to adequately

15   respond to FTB's enormous briefings, to link his responses, and then to allow your Board additional

16   time to review his linked briefs.

17        Mr. Hyatt requests the following sanctions be imposed on FTB as a result of FTB's violation

18   of your Board's order regarding the scope of the Second Additional Briefing. RTA 5430(f) states the

19   failure to file a brief within the "requirements" established by your Board "is a waiver of the right to

20   file that brief." Your Board's directives for Second Additional Briefing, as well as the RTAs, never

21   authorized such wide-scale re-briefing by FTB of its entire case, including FTB's use of material

22   FTB had it its possession for many years and *never* chose to use in its briefing – until *now*. FTB has

23   now waived its right to file second additional briefs. Accordingly, Mr. Hyatt requests that your

24   Board strike FTB's Second Additional Briefing, including the multiple levels of linked document,

25   from FTB's two DVDs and vacate the Second Additional Briefing.

26

27

28

sa-69836

**5. FTB Cannot Advance The Non-Resident Sourcing Issue In This Appeal Because It Was Not Identified In The Notices Of Proposed Assessment.**

    **a. FTB's Non-Resident Sourcing Issue Is Not Legally Presented By FTB Because It Was Not Identified In The NPAs And, As A Consequence, Your Board Cannot Hear That Issue.**

"[T]he orderly administration of the tax laws requires adherence to . . . statutory procedures." (*Javor v. State Bd. of Equalization* (1974) 12 Cal.3d 790, 798 (internal citations omitted).) "As soon as practicable after the return is filed, the Franchise Tax Board shall examine it and shall determine the correct amount of the tax." (Cal. Rev. & Tax. Code § 19032.) If FTB determines an underpayment of tax, "it shall mail notice to the taxpayer of the deficiency proposed to be assessed," *i.e.*, an NPA. (Cal. Rev. & Tax. Code § 19033(a).) "In no case shall the determination of the deficiency be arbitrary or without foundation." *Id.* "*Each notice shall set forth the reasons for the proposed deficiency assessment and the computation thereof.*" (Cal. Rev. & Tax. Code § 19034 (emphasis added).)

Thereafter, a taxpayer may file a protest within 60 days of the notice of an NPA, "specifying in the protest the grounds upon which it is based." (Cal. Rev. & Tax. Code § 19041.) If a protest is filed, "the Franchise Tax Board shall reconsider the assessment of the deficiency and, if the taxpayer has so requested in his or her protest, shall grant the taxpayer or his or her authorized representatives an oral hearing" and act on the protest. (Cal. Rev. & Tax. Code § 19044.) If the taxpayer disagrees with FTB's action on the protest, the taxpayer may file an appeal to your Board. (Cal. Rev. & Tax. Code § 19045.)

Prior to FTB's November 1, 2007, Protest Determination Letter (addressing both tax years), FTB had never advanced any "sourcing" argument as the basis for any proposed deficiency assessments in this case. The NPAs for both 1991 and 1992 make no mention of sourcing. FTB asserts sourcing "as an additional and an alternative basis" for the *first time* in late 2007 in its Determination Letter. The new sourcing issue consumed nearly half (20 of 50 pages) of FTB's

APPELLANT'S MOTION TO STRIKE

sa-69836

1   single-spaced Determination Letter, which provided a 30-day response time on all issues.[12] Mr.

2   Hyatt responded to the Determination Letter and pointed out the history of the sourcing issue and the

3   need for additional time to address this new issue.[13] FTB responded, in part, that "*the taxpayer will*

4   *have the opportunity to address the source of income and other issues in detail, should he elect to*

5   *pursue his dispute of the assessments through the State Board of Equalization* and the court," and

6   FTB denied Mr. Hyatt's request for additional time to respond.[14]

7        Previously, when FTB's attorneys had mentioned *during* the protests in this matter that FTB

8   *might* raise sourcing on its own at protest, Mr. Hyatt requested 2-3 months to respond to any such

9   sourcing arguments.[15] FTB's protest officer Cody Cinnamon assured Mr. Hyatt that "you will have

10  ample time to review and respond to our position letter prior to the issuance of notices of action"

11  regarding "our proposed determination with regard to the geographic sourcing issue relating to Mr.

12  Hyatt's Schedule C patent/license fee income."[16]

13       It is not as if FTB lacked either the time[17] or the opportunity at protest to have considered and

14  developed any sourcing issue and then provide Mr. Hyatt with a meaningful opportunity to respond.

15  Regarding 1991, the NPA was issued on April 23, 1996; the protest was filed on June 20, 1996; and

16  the protest hearing was held on October 4, 2000. FTB then issued its Determination Letter on

17  November 1, 2007 – over *eleven* years after the protest was filed, and over *seven* years after the

18  protest hearing was held.[18] Regarding 1992, the NPA was issued on August 14, 1997; the protest was

19  filed on October 10, 1997; and the protest hearing was held on September 27, 2000. FTB then issued

20

21  [12] Appellant's 1991 Opening Brief, Ex. 1, FTB 11/1/07 Determination Letter, pp. 30-50.

    [13] Appellant's 1991 Opening Brief, Ex. 23, Letter from E. Coffill to G. McLaughlin dated 11/20/07.

22  [14] Appellant's 1991 Opening Brief, Ex. 43, Letter from G. McLaughlin to E. Coffill dated 11/26/07, emphasis added.

    [15] Appellant's 1991 Opening Brief, Ex. 44, Letter from E. Coffill to G. McLaughlin dated 3/7/02.

23  [16] Appellant's 1991 Opening Brief, Ex. 45, Letter from C. Cinnamon to E. Coffill dated 6/7/05, p. 2.

24  [17] FTB Notice 99-1 (March 3, 1999) states, in part: "The goal of the internal procedures is to have the department's staff
    evaluate the merits of the Protest of the deficiency (and any included Claims for Refund), conduct a hearing if requested,

25  and issue a notice of action within 33 months or less of the filing date of the Protest." FTB Notice 2006-6 (Oct. 27,
    2006), which superseded FTB Notice 99-1, states in part: "The goal of the internal procedures is to have the department's

26  legal staff evaluate the merits of the protest of the proposed deficiency (and any included claims for refund), conduct a
    hearing if requested, and issue a Notice of Action within 24 months or less of the filing date of the protest for those

27  docketed protests filed on or after July 1, 2006." FTB certainly exceeded these targets.
    [18] *See* 1/22/08 SBE Notice of Appeal for 1991.

28

APPELLANT'S MOTION TO STRIKE

1   its Determination Letter on November 1, 2007, – over *ten* years after the protest was filed, and over

2   *seven* years after the protest hearing was held.[19]

3        Furthermore, as already discussed by Mr. Hyatt in detail in his opening briefs,[20] sourcing was

4   specifically considered by FTB in 1995 during the course of the *audit* in this matter, and FTB

5   *rejected* three sourcing theories, including the theories FTB now raises, before closing the audit and

6   issuing the NPAs without mention of sourcing.

7        It has been long held that a notice will not be considered invalid in the absence of at least a

8   showing by the appellant that an inadequate statement prevented the filing of an effective protest.

9   (*Appeal of Robert E. Campbell, Executor*, Cal. St. Bd. of Equal., June 20, 1950, 1950 Cal. Tax

10  LEXIS 8; *Appeal of First National Bank of Chicago, Trustee for Virginia Kirk Cord Trust, et al.*, Cal.

11  St. Bd. of Equal., June 23, 1964, 1964 Cal. Tax LEXIS 39; *Appeal of Avis J. Luer*, Cal. St. Bd. of

12  Equal., June 3, 1975; 1975 Cal. Tax LEXIS 43.) The above scenario is precisely the type of conduct

13  by FTB which prevented Mr. Hyatt from filing an effective protest. *"Each notice shall set forth the*

14  *reasons for the proposed deficiency assessment and the computation thereof."* (Cal. Rev. & Tax.

15  Code § 19034 (emphasis added).) The statute is clear as to the requirement placed on FTB: "shall"

16  is a mandatory directive to the FTB to perform an act in a certain manner. (*See Long Beach Police*

17  *Officers Association v. City of Long Beach* (1988) 46 Cal.3d 736, 743.) Furthermore, to the extent

18  there is any ambiguity in the meaning of section 19034 (and there is not), the well-established rule is

19  that ambiguities in tax statutes are resolved in favor of the taxpayer, not the FTB. (*Agnew v. State Bd.*

20  *of Equal.* (1999) 21 Cal.4th 310, 326; *Fujitsu IT Holdings, Inc. v. Franchise Tax Bd.* (2004) 120

21  Cal.App.4th 459, 470.) The purpose of this section "is to inform the taxpayer of the basis of the

22  assessment so that he can intelligently protest the matter." (*Appeal of The First National Bank of*

23  *Chicago, Trustee, supra.*)

24       In this case, the sourcing issue was not raised by FTB in the NPAs when FTB clearly was

25  aware of the issue; clearly had ample opportunity to raise the issue; and then chose not to do so (and

---

[19] *See* 1/23/08 SBE Notice of Appeal for 1992.

[20] Appellant's 1991 Opening Brief, pp. 82-85.

APPELLANT'S MOTION TO STRIKE

sa-69836

1    did not even raise the issue during the protests until the protest closing letter itself). Accordingly,

2    FTB's failure to comply with the statutory procedures requiring that the sourcing issue be raised in

3    the NPA (*see* section 19034), bars FTB from raising sourcing in its Notices of Action now on appeal.

4        FTB's raising of the sourcing issue for the first time in the Protest Determination Letter also

5    runs afoul of *Title Insurance Co. of Minn. v. St. Bd. of Equal.*(1992) 4 Cal.4th 715. There, the

6    California Supreme Court ruled that the trial court lacked jurisdiction to consider a new legal theory

7    which was raised by your Board for the first time in the trial court as a defense to the taxpayer's

8    refund action in an insurance tax case. The taxpayers in *Title Insurance* issued title insurance policies

9    and agreed with underwritten title companies to share the insurance premiums and liability on claims.

10   The taxpayers received approximately 10% of the insurance premiums and were responsible for part

11   of the claims, and the title companies received approximately 90% of the premiums and were

12   responsible for part of the claims. The taxpayers reported and paid tax on only the 10% of the

13   premiums it received.

14       After an audit, your Board issued notices of determination to the taxpayers stating the

15   taxpayers should have included the claims paid by the title companies as taxable premiums. During

16   the administrative process, your Board had relied solely on this "claims paid" issue. After exhausting

17   administrative remedies, the taxpayers filed a refund action in the trial court. Your Board did not

18   raise any new issues in its pleadings. However, shortly before trial, your Board raised a new legal

19   issue as an offset to reduce the taxpayers' refund – that the taxpayers were also taxable on the entire

20   amount of premium paid to both the taxpayers and to the title companies. The Court in *Title*

21   *Insurance* held your Board could not raise such a new issue:

22           The insurers assert that the superior court lacked jurisdiction to rule on

23           the premiums issue since the Board failed to raise this issue in the
             administrative proceedings. While it is evident that the taxpayer is

24           limited to those claims pursued in the administrative proceedings (see
             Rev. & Tax. Code, § 13102- 13104), the issue of whether similar limits

25           apply to the Board has not been previously addressed. *The Board must*
             *follow certain administrative procedures when charging the taxpayer*

26           *with deficiencies.* These procedures are delineated in Revenue and
             Taxation Code sections 12421 through 12435. Under these sections,

27           the commissioner must determine any deficiencies in the taxpayer's
             return and propose in writing to the Board a deficiency assessment for

28           the difference. (Rev. & Tax. Code, § 12422.) The Board must then
             make a deficiency assessment on the basis of the proposal submitted by

1   the commissioner. (Rev. & Tax. Code, § 12424.) The code then
2   provides for prompt notice to the taxpayer of any deficiency
    assessment. (Rev. & Tax. Code, § 12427.) These procedures allow the
    taxpayer against whom a deficiency assessment is made to petition for
3   redetermination within 30 days after notice--if no petition for
    redetermination is filed within 30 days, the deficiency assessment
4   becomes final and due and payable. (Rev. & Tax. Code, § 12428.) The
    taxpayer is entitled to an oral hearing for the presentation of evidence
5   and argument before the Board or its authorized representative. (Rev.
    & Tax. Code, § 12429.) After the order or decision of the Board upon
6   the petition for redetermination becomes final and the resulting
    deficiency assessment becomes due and payable (see Rev. & Tax.
7   Code, § 12431), the taxpayer may file an action in the superior court for
    a refund or credit pursuant to sections 13102 through 13108 of the
8   Revenue and Taxation Code.

9   By claiming that the title insurers should not receive a refund because
    they should have paid taxes on the total premiums paid by their
10  insureds to the title companies, the Board is essentially assessing a
    deficiency against the title insurers. *However, the Board is charging*
11  *such a deficiency without following the above-mentioned statutorily*
    *required administrative procedures. Just as the taxpayer is limited to*
12  *the claims it may assert in the superior court to those pursued in the*
    *administrative proceedings, the Board should be limited in its assertion*
13  *of setoffs in the superior court action to those deficiency assessments*
    *formally pursued under Revenue and Taxation Code sections 12421*
14  *through 12435:* " 'Men must turn square corners when they deal with
    the Government,' it is hard to see why the government should not be
15  held to a like standard of rectangular rectitude when dealing with its
    citizens." (Annot., Estoppel of State or Local Government in Tax
16  Matters (1983) 21 A.L.R.4th 573, 658, citing Comment, *Hobson's*
    *Choice and Similar Practices in Federal Taxation* (1935) 48 Harv.
17  L.Rev. 1281, internal quotations omitted.) Because the deficiency
    assessments in this case were based not on the premiums issue but on
18  the theory that the insurers realize income from discharge of
    indebtedness when underwritten title companies contribute to payment
19  of claims, we conclude that the premiums issue was not properly before
    the superior court.
20

21  *Title Ins.*, 4 Cal.4th at 729-731 (emphasis added).

22      The reasoning of the California Supreme Court in *Title Insurance* compels the rejection here

23  of FTB's new sourcing legal theory for its proposed assessments which was not set forth in the

24  NPAs. Just as in *Title Insurance*, FTB here "*is charging such a deficiency without following the*

25  *above mentioned statutorily required administrative procedures. (Supra.)*

26      Just as the California Supreme Court held in *Title Insurance,* because FTB here failed to

27  follow the above statutory procedures to assess the non-resident sourcing issue, it may not now assert

28  the issue and your Board may not consider that issue in these appeals. Sourcing has not been

1   properly raised because it was not "set forth" in the NPA as required by section 19034 and, as a

2   result, FTB is barred from raising the issue and your Board may not consider the issue. *Title*

3   *Insurance* held that by arguing a new legal theory for denying the taxpayers' refund claim, "the

4   Board is essentially assessing a deficiency against the title insurers." (*Title Ins.*, 4 Cal.4th at 730.)

5   The same is true here by FTB raising the sourcing issue not identified in the NPAs - FTB "is

6   essentially assessing a deficiency" against Mr. Hyatt outside of the statutory assessment procedures.

7   (*Title Ins.*, 4 Cal.4th at 730.) The 1991 NPA recited general residency law and does not assert either

8   residency or non-resident sourcing as a reason for the proposed deficiency assessment. The 1992

9   NPA expressly states that residency is the only basis for the tax deficiency, without any mention of

10  non-resident sourcing: "We consider you to be a resident of this state through April 2, 1992, and, as

11  such, you are taxable on income from all sources through that date."

12          The statutory assessment scheme also establishes that the Legislature did not intend that a

13  taxpayer who rebuts FTB's initial determination set forth in an NPA would then be forced to rebut

14  new legal and factual determinations raised by FTB after it issued the NPA. To repeat, section 19033

15  provides that "[i]f the Franchise Tax Board *determines* that the tax disclosed by the taxpayer on an

16  original or amended return . . . is less than the tax disclosed by its examination, it *shall* mail notice to

17  the taxpayer of the deficiency proposed to be assessed. In no case shall the determination of the

18  deficiency be arbitrary or without foundation." (Emphasis added.) Section 19033 confirms that a

19  "determination" of a deficiency by FTB must be followed by an NPA. In the case of Mr. Hyatt, no

20  NPA followed FTB's determination of the non-resident sourcing issues.

21          Furthermore, section 19381 allows an individual to file a pre-payment action for declaratory

22  judgment "to determine the fact of his or her residence in this state during the year or years set forth

23  in the notice or notices of deficiency assessment." Section 19381 states such an action must be based

24  "on the grounds set forth in his or her protest." By limiting the grounds to those raised in the

25  taxpayer's protest, the statute contemplates that the only issues properly before the court are those

26  raised in the NPA and protested by the taxpayer. The statute does not contemplate consideration of

27  issues raised after the protest. Again, ambiguities in tax statutes are resolved in favor of the taxpayer,

28  not the FTB. (*Agnew v. State Bd. of Equal., supra,* 21 Cal.4th 310, 326; *Fujitsu IT Holdings, Inc. v.*

1    *Franchise Tax Bd., supra,* 120 Cal.App.4th 459, 470.) If FTB were able to introduce new issues *after*

2    the protest is filed, under section 19381 those new issues could not be raised in the declaratory

3    judgment action brought by the taxpayer, which is clearly an absurd result. "In construing legislative

4    intent, it is fundamental that a statute should not be interpreted in a manner that would lead to absurd

5    results." (*People v. Morris* (1988) 46 Cal.3d 1, 15; *see also Central Pathology Service Medical*

6    *Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181, 191.) This absurd result is avoided by applying

7    the statutory assessment procedures as written so that each party is required to set the issues at the

8    NPA and protest stage.

9         Despite the statutory procedures outlined above for the FTB to issue an NPA, we note that

10    your Board has stated previously that it may decide issues raised by FTB for the first time in an

11    appeal or after the NPA is issued. *See, e.g., Appeal of Sierra Pacific Industries,* Cal. St. Bd. of

12    Equal., Jan. 5, 1994, 94-SBE-002.) However, that doctrine appears to have evolved in *Appeal of*

13    *Jenkel-Davidson Optical Company,* Cal. St. Bd. of Equal., May 19, 1981, 1981 Cal. Tax LEXIS

14    143.[21] That doctrine should not be followed in Mr. Hyatt's case for multiple reasons. First, the issue

15    raised by the taxpayers in *Jenkel-Davidson* was whether an assessment was barred by the statute of

16    limitations if the NPA is timely (but the NOA is issued when the statute is closed). That is not the

17    issue raised by Mr. Hyatt. The issue raised by Mr. Hyatt, and *not* addressed in *Jenkel-Davidson* or

18    your Board's subsequent decisions on this issue, is whether FTB was limited to issues set forth in the

19    NPA pursuant to the statutory requirements of section 19033 and related sections. "Cases are not

20    authority for propositions not there considered." (*Santilli v. Otis Elevator Co.* (1989) 215 Cal.App.3d

21    210, 214.) Second, your Board's decisional doctrine arises from old case law, i.e., *Jenkel-Davidson*

22    was decided in 1981, and that doctrine is in direct conflict with the carefully reasoned decision in

23    1992 by the California Supreme Court in *Title Insurance.* It is to point out the obvious to state that

24

25

26    [21] *Jenkel-Davidson* is the only authority cited in *Sierra Pacific Industries* for this proposition: "When NPAs are issued
within the statutory period, the fact that notices of action are not issued within the four-year period is irrelevant, n3 and

27    the Franchise Tax Board (FTB) may modify an NPA in order to reflect issues and conclusion developed during the
protest (*See* Appeal of Jenkel-Davidson Optical Co., Cal. St. Bd. of Equal., May 19, 1981.)"

28

1   the California Supreme Court decision in *Title Insurance* is binding upon your Board as well as all

2   (inferior) courts of this State. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

3        The sanction here is clear. Because FTB has not properly raised the non-resident sourcing

4   issue under the above case law and statutory provisions, as an alternate remedy (to striking FTB's two

5   DVDs and vacating the Second Additional Briefing), Mr. Hyatt requests your Board (1) to rule that

6   FTB is barred from raising the sourcing issue in these appeals because it was not raised in the NPAs;

7   (2) to strike FTB's sourcing issue from its appeal briefs; and (3) to not consider FTB's sourcing issue

8   and/or arguments in these appeals.

9              **b.    FTB's Attempt To Extend The Disputed Period by Nine Months from**
10                     **April 3, 1992, to December 31, 1992, Is Not Legally Presented By FTB**
                       **Because It Was Not Identified In The NPAs And, As A Consequence,**
11                     **Your Board Cannot Hear That Issue.**

12       In contrast to FTB's "usual" non-resident sourcing argument through the April 3, 1992, an

13  argument which dates to FTB's Respondent's 2009 Opening Briefs, FTB attempts here in its July

14  2014 briefing to extend the disputed period for another nine months to the end of 1992. Now, in July

15  2014, for the first time in these appeals on file since January 2008, and for the first time in these

16  administrative proceedings in progress for 20 years, FTB attempts to extend the original six-month

17  disputed period in the NPA of September 26, 1991, to April 2, 1992, to December 31, 1992, by

18  briefing evidence that pertains to the extended post-disputed period from April 3 to December 31,

19  1992 ("extended period"). Such an attempt should be barred for the following reasons.

20       First, as discussed above, Mr. Hyatt contends that FTB cannot raise in these appeals any

21  sourcing through any date because sourcing (in any form) was not raised in and was not a basis for

22  the 1992 NPA – a point which Mr. Hyatt also previously made in Section III.B of Appellant's 2013

23  first additional brief. (See Section 5(a), supra.)

24       Second, Mr. Hyatt contends that FTB's attempt to extend the disputed period from April 3,

25  1992 to December 31, 1992, is barred by equitable principles – a point which Mr. Hyatt previously

26  made in Section III.C of Appellant's 2013 first additional brief.

27       Third, FTB's attempt to extend the disputed period from April 3, 1992, to December 31, 1992,

28  at this late stage - now more than 21 years after the fact - irreparably prejudices Mr. Hyatt because

1    material evidence necessary to provide an effective response to FTB's briefing for the extended

2    period is no longer available due to the passage of time.

3         FTB previously has not briefed the extended period, either in the audit, or in the protest, or in

4    its previous formal briefing before your Board. FTB has always treated the disputed period as ending

5    on April 2, 1992. However, your Board will recall that in its 2013 first additional briefing, FTB

6    raised for the first time, and over Mr. Hyatt's objections, the issue of an extended period through

7    December 31, 1992. Now, here in its July 2014 Second Additional Briefing, FTB for the first time

8    attempts to provide evidence to support its new position of a 15-month disputed period that runs from

9    September 26, 1991, to December 31, 1992.

10        It appears that the reason for FTB's 2013 epiphany in its first additional briefing of the

11    disputed period (in these cases dating back to audits commenced in 1993), is that after more than a

12    decade of FTB evading the issue, your Board required FTB in its 2013 additional briefing to clearly

13    state its position regarding the $24 million error issue – an issue repeatedly brought to FTB's

14    attention by Mr. Hyatt. (See Appellant's Additional Brief (Pursuant to January 17, 2013, RTA

15    5435(a) Request Regarding $24 Million Error in 1992 Assessment), p. 9.) There, FTB finally

16    admitted it had made a $24 million error in its 1992 tax assessments against Mr. Hyatt. (See

17    Appellant's Additional Brief (Pursuant to January 17, 2013, RTA 5435(a) Request Regarding $24

18    Million Error in 1992 Assessment), p. 2.) FTB then, in an unlawful attempt to recapture this

19    erroneous assessment, attempted to extend the disputed period from April 2, 1992, through December

20    31, 1992. In doing so, FTB further violates Mr. Hyatt's constitutional and statutory rights for the

21    reasons set forth above.

22        The FTB's Second Additional Briefing includes purported evidence of Mr. Hyatt's alleged

23    physical presence and activity in California by extending, for the first time in the history of this case,

24    its Attachment A (Revised), and its Attachment F out to December 1992. (See FTB's Additional

25    Briefing (1991) - July 16, 2014, page 12, stating "Note: Documents that evidence Hyatt's presence

26    and activity through all of 1992 and beyond are set forth in the "Calendar Support Documents" linked

27    to this calendar and FTB's Attachment F." (emphasis added.)) Also, in its Attachment A (Revised),

28    FTB briefs Mr. Hyatt's alleged physical presence and activity in California is addressed through

APPELLANT'S MOTION TO STRIKE

1  December 21, 1992. Similarly, in its Attachment F, FTB briefs Mr. Hyatt's alleged activity is

2  addressed through December 31, 1992. In the Attachment A that accompanied FTB's Opening

3  Briefs, the Table of Contents separated the April 3, 1992, entry and the April 4, 1992, entry with a

4  bolded title, "End day to day analysis." However, in the Table of Contents for Attachment A

5  (Revised) that accompanied FTB's Additional Briefs, this bolded title, "End day to day analysis," was

6  not included. Instead, the Table of Contents continued on and on through December 1992.

7        Accordingly, Mr. Hyatt requests that your Board strike the following portions of FTB's two

8  DVDs: (1) FTB's first additional brief, including all documents hyperlinked thereto; (2) FTB's

9  Second Additional Brief(s), including all documents hyperlinked thereto; (3) FTB's Attachment A

10 (Revised), including all documents hyperlinked thereto; (4) FTB's Attachment E, including all

11 documents hyperlinked thereto; and (5) FTB's Attachment F, including all documents hyperlinked

12 thereto. Further, Mr. Hyatt also requests that your Board strike from FTB's two DVDs all documents

13 in the following folders that have arguments and exhibits dated after April 3, 1992: (1) the

14 "03_Philips Documents" folder; (2) the "04_FTB Exhibits" folder; (3) the "07_FTB Calendar

15 Support Documents" folder; and (4) the "12_FTB_Errata_Exhibits" folder.

16
17        c.    **FTB's Conduct Has Severely Prejudiced Mr. Hyatt By Its Failure To Follow The Prescribed Statutory Assessment Procedures**

18        FTB's failure to follow the prescribed statutory assessment procedures imposes a tremendous

19 burden on taxpayers and invites a chaotic process before your Board. In enacting section 19034 and

20 related sections, the Legislature enacted a procedure that places the burden on FTB to make a

21 deficiency determination and state the reasons for its determination in a notice. Taxpayers can then

22 evaluate the merits of FTB's proposed assessment and decide whether to protest. What this simple

23 and straightforward statutorily mandated procedure ensures is that a taxpayer is apprised of FTB's

24 determination and FTB's reasons at the outset and thereby affords due process and an opportunity to

25 respond. FTB's conduct has severely prejudiced Mr. Hyatt in the following ways.

26        In this case, Mr. Hyatt was apprised in the two NPAs of a deficiency. The 1992 NPA further

27 advised Mr. Hyatt that the deficiency was based on residency, and he spent enormous resources, time,

28 and effort to refute FTB's *residency* determination. Mr. Hyatt spent 10 years protesting FTB's

32

sa-69836

1    *residency* determination, only to learn at the very end of the protests - and literally just weeks before

2    the Notices of Action - that FTB was raising a new, *second* ground for its determination, non-resident

3    sourcing which, ironically, was an issue that FTB had thoroughly examined at audit and *rejected* in

4    issuing the NPAs. Thus, FTB did not notify Mr. Hyatt that non-resident sourcing was at issue (not

5    that it would save the invalid NPAs), but if it had, at least Mr. Hyatt could have addressed the issue

6    when witnesses and evidence were readily available. Instead, FTB "hid the ball" and waited until the

7    end of the protests to spring a new issue on Mr. Hyatt, forcing him to prepare a new defense more

8    than 15 years *after* the years at issue. FTB has never explained why it delayed so long to raise the

9    new issue or how the new issue complies with the express language of sections 19033 and 19034.

10    Raising a new legal issue at such a late date has severely prejudiced Mr. Hyatt. It deprived

11    Mr. Hyatt of his right to protest the sourcing issue identified under section 19034, and it deprived Mr.

12    Hyatt of his right to a protest hearing on the sourcing issue. In addition, it has compromised Mr.

13    Hyatt's ability to mount a full defense to the *new and untimely* assessment because witnesses and

14    documents have become unavailable.

15    In addition, even at this late stage, FTB continues to produce new evidence and raise new

16    arguments. Now, 23 years after the first year at issue, Mr. Hyatt must respond to these new

17    arguments set forth in a myriad of places in FTB's Second Additional Briefing on FTB's replacement

18    DVD. (As explained herein, FTB's arguments are spread throughout the attachments and annotated

19    and highlighted exhibits found on the DVD and most certainly go *far* beyond what FTB has labeled

20    its two "briefs.") It will take an enormous effort to locate witnesses that are still available to rebut

21    new arguments or explain why unjustified inferences drawn by FTB from old documents are not

22    correct. However, the reality is that, after so many years, many witnesses are no longer available,

23    memories of available witnesses may have faded, and many documents will no longer be available.

24    At a minimum, it will take a huge effort to track down witnesses and documents that might remain

25    after 23 years to refute the new evidence FTB now claims supports the disputed tax liabilities.

26    Because of the inherent unfairness in this process and, in particular, the ceaseless raising of

27    new issues, evidence and countless arguments, Mr. Hyatt has been deprived of a fair opportunity to

28    rebut the disputed assessments. FTB simply cannot "hide the ball," hold back arguments and issues

1    and raise them after many years when Mr. Hyatt's ability to respond has been undermined by the

2    delay. Due Process and the statutory scheme require much more – they both require that Mr. Hyatt

3    receive timely notice of the tax assessments asserted against him by FTB. FTB's multi-decade

4    pursuit of Mr. Hyatt *and your Board's acquiescence to FTB's tactics* in disregard of the clear

5    statutory procedures established for assessing tax deficiencies have deprived Mr. Hyatt of Due

6    Process under the California and Federal Constitutions and a meaningful opportunity to respond.

7            As stated above, the sanction here is clear. Because FTB has not properly raised the non-

8    resident sourcing issue under the above case law and statutory provisions, as an alternate remedy (to

9    striking FTB's two DVDs and vacating the Second Additional Briefing), Mr. Hyatt requests your

10   Board (1) to rule that FTB is barred from raising the sourcing issue in these appeals because it was

11   not raised in the NPAs; (2) to strike FTB's sourcing issue from its appeal briefs; and (3) not to

12   consider FTB's sourcing issue in these appeals.[22]

13           **d.    If FTB's Actions Are Allowed To Stand, The Decision Will Have**
                     **Significant Widespread Implications Far Beyond These Appeals**
14

15           Mr. Hyatt respectfully submits that your Board also should not lose sight of, and should give

16   consideration to, the precedent it will set here if it condones FTB's actions beyond the scope of the

17   NPAs, and how condoning FTB's actions in these appeals pose a serious Due Process threat to all

18   California taxpayers as well to the orderly appeal of FTB's actions to your Board.

19           "Failure to give notice violates 'the most rudimentary demands of due process of law.'"

20   (*Peralta v. Heights Medical Center, Inc.* (1988) 485 U.S. 80, 84-85.) "While there is no constitutional

21   mandate which makes specific how that notice is to be given or which form it must take, the

22   questions of notice and due process are so inextricably part and parcel of each other that *there can be*

23   *no due process without the sovereign following some procedure which, according to common*

24   *experience, should reasonably give notice of impending interference with ownership or right of*

25

26   [22] Mr. Hyatt also contends that because the Notices of Action for 1991 and 1992 are based on inconsistent conclusions
     that he is both a resident of California and a non-resident of California (i.e., sourcing), those notices violate California
27   Revenue and Taxation Code sections 19034, 19044 and 19045, and also fail to provide adequate notice of the FTB's
     position on the residency and sourcing issues in violation of the Due Process Clause of the Fourteenth Amendment.
28

1   *possession.*" (*McMaster v. City of Santa Rosa* (1972) 27 Cal. App. 3d 598, 602 (emphasis added).)

2   The adequacy of notice as far as due process is concerned is dependent upon whether it is reasonably

3   calculated to provide "an opportunity to be heard. If it is, the traditional notices of fair play and

4   substantial justice implicit in due process are satisfied." (*Milliken v. Meyer* (1940) 311 U.S. 457,

5   463.)

6   The NPA is the requisite notice that the Legislature determined must be provided to taxpayers

7   by FTB, and it requires FTB in that NPA "shall set forth the reasons for the proposed deficiency

8   assessment." (Section 19034.) It is also the notice that must be provided within the statute of

9   limitations period set by the Legislature.

10  In sharp contrast, FTB, by raising the non-resident sourcing issue *after* issuance of the NPAs,

11  flaunted the statutory assessment procedures and violated Mr. Hyatt's fundamental right to notice of

12  the assessment being asserted against him, FTB's actions have violated Mr. Hyatt's Due Process

13  rights under the California and Federal Constitutions to notice of the tax assessment asserted against

14  him.

15  The constitutional threat in these appeals is not limited just to Mr. Hyatt. If FTB's actions

16  here are condoned by your Board, FTB surely will be emboldened to apply the same tactics to other

17  California taxpayers, including those who exercise their statutory and constitutional Due Process

18  rights to challenge an FTB proposed assessment by an appeal to your Board. As this case

19  demonstrates, if a taxpayer pushes back against FTB, there is literally no limit to the lengths FTB will

20  go to pursue an assessment, including raising completely new legal issues and engaging in endless

21  audit tactics long after the audit and NPAs have been issued. As in this case, FTB will play such

22  "hide the ball" tactics by presenting new issues only after the audit is completed and a taxpayer

23  challenges the NPA. FTB's Audit Procedures regulation states, "The purpose of an audit is to

24  efficiently determine the correct amount of tax based on an analysis of relevant tax statutes and

25  regulations and case law as applied to the facts of the audit." (Tit. 18, Cal. Code of Regs., sec.

26  19032(a)(1).) FTB turns its own audit protocol upside down by not only adding a "new" sourcing

27  issue to the case after the NPA was issued, but by adding an issue which was specifically *considered*

28  and specifically *rejected* by FTB at audit.

1    FTB's actions in these appeals also pose a separate and equally serious threat to your Board's

2    rules for orderly processing of taxpayer appeals. If FTB is permitted to raise new assessments

3    outside of the statutory assessment procedure and continue endless audits while a taxpayer's appeal is

4    pending before your Board, the orderly process for taxpayer appeals will be severely threatened. This

5    threat is not merely theoretical. Mr. Hyatt's appeals demonstrate the actual threat to your Board's

6    procedures and to the orderly processing of appeals. Remember that in these appeals, FTB did not

7    even subpoena the Philips documents in the administrative process until 14 years *after* the end of the

8    audit and 3 years *after* Mr. Hyatt's appeals were filed with your Board. That request has now led to

9    the FTB *re-briefing its entire case,* both the residency and sourcing issues. This re-briefing includes

10   many hundreds of pages of new briefing and thousands of pages of documents containing additional

11   arguments. In addition, FTB is now using for the first time material which had been in its possession

12   for years, but not used by FTB until now. Your Board must not allow such abuses.

13        In addition, FTB's tactics will render page limitations in the RTA completely illusory. As set

14   forth in the above arguments, if your Board condones FTB conduct, it is allowing FTB to present

15   "arguments" outside the designated page limitations by linking "briefing" to arguments in

16   attachments and highlighted excerpts from exhibits. Your Board will have to face unlimited briefing.

17   Linking to exhibits is now widely acceptable, but FTB broadly expands the amount of briefing with

18   its embedding of *arguments* into exhibits and its highlighting of exhibits. This is an improper use of

19   technology to evade page limitations, as boldly admitted to by FTB in the quotations from the Second

20   Additional Briefing above. FTB was fully aware of its problem with the 60-page limit set by your

21   Board when it intentionally violated that limit. Again, for example, FTB states, "It would take more

22   than the allotted total pages in this additional briefing just to address inaccurate and/or misleading

23   testimony in Hyatt's 7 affidavits." (Respondent's Additional Briefing (1991) – July 16, 2014, page

24   15, lines 7-9.)

25        In short, your Board's ruling on this pending request to strike will set precedent for other tax

26   appeals. Your Board must put a stop - here - to unlawful FTB actions and protect taxpayers against

27   FTB overreaching. FTB must be held to the statutory assessment procedure enacted by the

28

APPELLANT'S MOTION TO STRIKE

sa-69836

1 Legislature, to your Board's RTAs, and to the protections guaranteed by the U.S. and California

2 Constitutions.

3       **6.**    **The FTB's Second Additional Briefing, In Its Totality, Imposes A Horrendous Burden On Mr. Hyatt**

4

5       Mr. Hyatt demonstrates above how FTB's Second Additional Briefing (1) contains material in

6 violation of the New York court orders; (2) does not separately brief each appeal year in violation of

7 your Board's repeated rulings that the two appeals are not consolidated; (3) violates your Board's

8 page limitations for such briefing; (4) violates the intended scope of briefing for a "second"

9 "additional" brief to your Board; and (5) argues beyond the scope of the NPAs giving rise to the

10 assessments on appeal. As discussed above in connection with each of the demonstrations, any one

11 of these violations is highly prejudicial to Mr. Hyatt and requires your Board to sanction FTB by

12 having FTB modify or withdraw that filing. Taken *together*, the violations are even more

13 monumental and even more prejudicial to Mr. Hyatt (and to all taxpayers filing appeals to your Board

14 in the future).

15       FTB's Second Additional Briefing is not an additional briefing at all. It is an unprecedented

16 attack on Mr. Hyatt. FTB has had the opportunity to work on the Philips documents since mid-2011,

17 – over three years - and FTB has had the opportunity to work on discrediting Mr. Hyatt's

18 supplemental affidavits and declarations and rebutting his supplemental briefs since mid-2012 – over

19 two years. FTB's Second Additional Briefing has more than 2,000 pages of additional briefings in

20 the form of "Attachments" (most single spaced) and annotated and highlighted exhibits; more than

21 8,000 pages of new Philips documents; more than 4,000 pages of new exhibits (in addition to the

22 more than 8,000 pages of Philips documents); more than 1,500 pages of annotated or highlighted

23 exhibits (both old <u>non-Philips documents</u> and new Philips documents); more than 2,000 footnotes

24 containing about 2,500 links to other documents (many footnotes have multiple links); more than

25 13,000 pages of grouped exhibits in Exhibits A to LL (in addition to the more than 8,000 pages of

26 Philips documents); and much, much more.

27       The complexity is magnified several fold by the use of cross referencing and linking to other

28 attachments (e.g., Attachment E cross references and links to Attachment F at p. 109, FN 520). In

1    previous briefings, the parties set out the documents, e.g., the affidavits and declarations, so they

2    were readily identifiable. However, in this Second Additional Briefing, FTB makes it difficult to find

3    the documents unless one follows its briefs and clicks on its links. FTB hides new declarations in

4    over 4,000 pages of new Exhibits II-LL, which, in turn, are grouped with more than 13,000 pages of

5    Exhibits A-HH. For example, to identify only a couple of many hidden declaration, there is a new

6    Dameron declaration, dated January 31, 2013, and a new Savage declaration, dated November 20,

7    2012, located at Exhibit JJ, Tab 46 and Tab 52, respectively. These declarations were buried in this

8    immense 1,419 page *new* Exhibit JJ, which is part of the immense 4,000 pages of new Exhibits II-LL,

9    which is in addition to the immense 13,000 pages of old Exhibits A-HH. Furthermore, FTB hides

10   new declarations in its new "07_FTB Calendar Support Documents" folder that has 377 files with up

11   to 70 pages per file ("19910627_June 27, 1991") and without a table of contents or any other

12   guidance to help navigate this immense amount of documentation. In particular, there are two new

13   Dameron declarations hidden therein. This hiding of new declarations is even more disingenuous

14   because, for example, this immense 1,419 page *new* Exhibit JJ does not have a table of contents or

15   even a cover page. It starts off with a 1992 Declaration of Gilbert P. Hyatt and continues with many

16   hundreds of documents spread over 1,419 pages of highlighted documents. In contrast, Mr. Hyatt

17   generated separate folders and files with descriptive names; e.g., "Affidavits_re_Supp_Briefs" and

18   "Affidavits_re_Sourcing"; with each declaration and affidavit in a separate clearly identified file; e.g.

19   "2012_Affidavit_of_Jack_Chambers." With this arrangement, it must be assumed that FTB

20   intentionally hid its declarations.

21          Your Board's letter dated April 23, 2014, allowed FTB to argue the supplemental affidavits

22   from Mr. Hyatt's witnesses in its Second Additional Briefing, but FTB went much further. FTB

23   attacked the credibility of Mr. Hyatt's witnesses in documents other than its so-called "briefs."

24   Furthermore, FTB made arguments in its Attachment E attacking many witnesses who did *not*

25   provide supplemental briefing affidavits. For example:

26   • Marie Bertoli, Cynthia Fox, Theresa Fisher, Stacy Fisher, and Virginia Fritzsche did not
        provide any affidavits or declarations at *any* time on behalf of Mr. Hyatt in this proceeding,
27      but they were each listed in the table of contents of Attachment E and were discussed at
        length in Attachment E.
28

APPELLANT'S MOTION TO STRIKE

sa-69836

1 • Danny Huntington and Richard Neuner did not provide *any supplemental briefing affidavits* (even though they did provide reply affidavits), yet they were each listed in the table of contents of Attachment E and were discussed at length in Attachment E.

3 • Neal Howard did not provide *a supplemental briefing affidavit* (even though he did provide a reply affidavit), yet he was mentioned in the table of contents of Attachment E and was discussed in Attachment E.

The enormous amount of briefing needed to respond to FTB's Second Additional Briefing can be illustrated by the following. FTB makes many thousands of false statements contained in several thousand pages in its briefs, attachments, and annotations. For example, FTB misrepresents what documents clearly state by falsely interpreting what the documents clearly state. Further, FTB makes statements that are contrary to the direct documentary and testimonial evidence in the record. This requires Mr. Hyatt to search for and argue the evidence in the record for many thousands of FTB false statements. This is particularly inappropriate for additional briefings. Many of these false statements require several pages to respond adequately with statements of facts, cites to documents and testimony, and arguments. For example, the July 8, 1991, section in FTB's Attachment A (Revised) contains two paragraphs with two footnote cites (footnotes 15 and 16), having a total of seven links, and linking to more than 120 pages of modified exhibits with appended argument and highlighting scattered throughout the exhibits. A preliminary rebuttal to this one-half page of false statements requires 12 pages of rebuttal (an average of 24 pages of rebuttal for one page of FTB briefing on the average for this example). Your Board can only image how much time and how many pages of rebuttal would be required to rebut the 142 pages and 812 linked footnotes of FTB briefings in Attachment A (Revised) and the annotated and highlighted exhibits linked thereto, and to rebut the 239 single-spaced pages and 812 linked footnotes of FTB briefings in Attachment E and the annotated and highlighted exhibits linked thereto.

FTB had three years (mid-2011 to mid-2014) to analyze and make false statements regarding the Philips documents. False statements are relatively easy to create, but significant effort is required to locate the documentary and eyewitness' evidence to rebut them.

Furthermore, FTB has significantly changed its position in the Second Additional Briefing, more than 20 years after the fact. Previously, FTB's position was that Mr. Hyatt operated the licensing program through a California business ("his patent licensing business"). Now, at the very

APPELLANT'S MOTION TO STRIKE

sa-69836

1    beginning of its Second Additional Briefing (Respondent's Additional Briefing (1991) – July 16,

2    2014, page 1, line 19), FTB is taking a new position – that the alleged business was a *"Hyatt/Philips*

3    *patent licensing business."* (Emphasis added.) This changes the whole flavor of the sourcing case in

4    2014 which needs to be re-briefed in this context. Moreover, FTB makes endless false statements

5    about the Philips Licensing Program, disregarding the fact the July 1991 Philips Agreement was the

6    controlling document and must be looked to in order to determine the roles of the parties.

7          After falsely asserting since 2007 that Mr. Hyatt maintained a California licensing business as

8    a sole proprietorship after September 26, 1991, when Mr. Hyatt moved to Las Vegas, FTB has

9    changed its position and now asserts that the Philips Licensing Program, which Philips established to

10   carry out its rights and responsibilities under Sections 4.1 and 4.3 of the Philips License Agreement,

11   was co-owned by Mr. Hyatt and Philips. Several examples in which FTB has now changed its

12   position to assert co-ownership include: Respondent's Additional Briefing (1991) – July 16, 2014,

13   page 1, line 19 ("Hyatt/Philips patent licensing business"); Respondent's Additional Briefing (1992)

14   – July 16, 2014, page 14, lines 10-11 ("licensing business (shared by Hyatt and Philips)"); FTB

15   Attachment A (Revised), p. 84, ("Hyatt/Philips licensing business"). Thus, not only does FTB

16   continue its established practice of placing false information in most of its statements, FTB raises a

17   completely new issue requiring new proof now that more than 20 years have passed since the 1991

18   and 1992 audit years, witnesses have died and documents have been lost. This change in position as

19   to what constitutes Mr. Hyatt's alleged California business is an additional new issue that was not

20   raised by FTB in the 1991 and 1992 NPAs. It should be dismissed by your Board.

21         If your Board allows FTB's additional briefing to stand, the amount of time, pages, cost

22   needed to respond adequately to get an adequate "last word" and to preserve Mr. Hyatt's due process

23   rights for a "last word" will be astronomical. Your Board should not allow FTB to overwhelm

24   taxpayers, particularly under the guise of additional briefing.

25         To repeat, FTB's July 16, 2014, briefing is not "additional" briefing: This is entirely new

26   briefing as part of FTB's all-out effort to "get" Mr. Hyatt, and it should not be condoned by your

27   Board. Recall the parties' first additional briefing in 2013 on FTB's $24 million error, *which FTB*

28   *only admitted after being specifically directed to brief that issue by your Board,* and where FTB then

sa-69836

1  purported to extend the disputed period for another nine months in an eleventh- hour attempt to re-

2  capture the revenue it lost from its $24 million error. The Nevada jury found that the FTB auditor

3  was out to "get" Mr. Hyatt and this process continues. Your Board must not allow FTB's attack on

4  Mr. Hyatt to continue after the case is through FTB protest and is *now under your Board's*

5  *jurisdiction*. Yet, that is precisely what will happen if your Board allows FTB's filing to stand and

6  does not hold FTB accountable for its actions.

7  **III.    Conclusion**

8      For the above reasons, Mr. Hyatt respectfully requests your Board strike FTB's two DVDs

9  and vacate FTB's Second Additional Briefing. Mr. Hyatt further requests your Board impose

10  sanctions upon FTB as set forth above with respect to each of the five independent grounds set forth

11  above.

13  Dated: September 11, 2014          Respectfully submitted,

14                                      ERIC J. COFFILL
                                        MORRISON & FOERSTER LLP

16                                      By:  *Eric J. Coffill*
17                                      ERIC J. COFFILL
                                        Attorney for Appellant

APPELLANT'S MOTION TO STRIKE

sa-69836

EXHIBIT 91

**From:** Thompson, Grant S (Legal)
**Sent:** Tuesday, September 23, 2014 6:02 PM
**To:** 'Dunn.Robert (Robert.Dunn@ftb.ca.gov)'
**Cc:** 'Coffill, Eric J. (ECoffill@mofo.com)'
**Subject:** Appeals of Hyatt 776509 and 435770 (appellant's September 11, 2014 submission)

Hello Bob,

Re the attached, if FTB wishes to reply, we request that it do so by no later than Monday, October 13, 2014.

Thank you.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

EXHIBIT 92

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

September 26, 2014

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:   *Appeals of Gilbert P. Hyatt*
      Case ID Nos. 446509 and 435770
      Taxable Years 1991 and 1992
      Request to Vacate December 16, 2014 Filing Date

Dear Grant,

On September 11, 2014, Appellant Mr. Hyatt filed with your Board a 41-page Motion to
Strike all or portions of Respondent Franchise Tax Board's ("FTB") July 2014 second
additional briefing on multiple grounds. By e-mail dated September 23, 2014, you requested
that FTB file any reply to Appellant's Motion by October 13th.

With regard to your email, this letter makes two requests.

First, we request the right to file a closing brief in response to FTB's reply to Mr. Hyatt's
Motion to Strike. While we anticipate that your Board would seek a closing brief from Mr.
Hyatt (who, as the appellant, is entitled to the "last word") before your Board rules upon the
Motion, we hereby formally make that request.

Second, we request the current December 16, 2014 due date (set forth in your June 13, 2014
letter) for Mr. Hyatt's filings be vacated for the reasons set forth below.

First, the current December 16th date is no longer realistic. FTB's reply is not even due until
October 13th; Mr. Hyatt then needs to respond to FTB's reply; your Board then needs to rule
on Mr. Hyatt's Motion; and FTB then needs to conform its filing to your Board's ruling.
Only after FTB files its conforming filings will Mr. Hyatt be able to determine how to
respond to FTB's filings, and the current December 16th due date will not provide Mr. Hyatt

sa-69896

**MORRISON** | **FOERSTER**

Grant S. Thompson
September 26, 2014
Page Two

with sufficient time to file his response. Mr. Hyatt cannot *now* prepare a response to briefs which are not yet filed. Accordingly, a significant amount of time will pass before Mr. Hyatt knows what, if not all, of FTB's Second Additional Briefing will be stricken by your Board in response to the Motion. After your Board rules on the Motion and Mr. Hyatt reviews FTB's conforming briefing, Mr. Hyatt will propose a time period needed to adequately respond to FTB's conforming briefing. Your Board can then review Mr. Hyatt's proposal and reset the time for Mr. Hyatt to file his Second Additional Briefings and for the parties to file their Concluding Summaries.

Second, Mr. Hyatt is entitled to have the "last word" because he is the Appellant in this proceeding and "last word" must be interpreted to mean an *adequate* last word. Because of the horrendous burden imposed by FTB's Second Additional Briefing on Mr. Hyatt (*see* Section 6, pages 37-41, of Mr. Hyatt's Motion to Strike "The FTB's Second Additional Briefing, In Its Totality, Imposes A Horrendous Burden On Mr. Hyatt"), an adequate "last word" necessitates adequate time to respond. This only can be determined after your Board has made its decision on the Motion to Strike.

For these reasons, Mr. Hyatt requests your Board immediately vacate the current December 16th filing date for filing his 1991 Second Additional Brief, 1992 Second Additional Brief, 1991 Concluding Summary and 1992 Concluding Summary. After your Board rules on the Motion and Mr. Hyatt reviews FTB briefing filed pursuant to that ruling, Mr. Hyatt will propose the time period needed to adequately respond to FTB, and your Board can then set a new date.

Sincerely,

Eric J. Coffill

cc:    Bob Dunn, FTB (mail and e-mail)

EXHIBIT 93



State of California
**Franchise Tax Board**

chair **John Chiang** | member **Jerome E. Horton** | member **Michael Cohen**

Legal Division MS A260
PO BOX 1720
Rancho Cordova, CA 95741-1720

10.08.14

Grant Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Regarding:     Appeals of Gilbert P. Hyatt
               Case ID Nos. 446509 and 435770
               Taxable Years 1991 and 1992
               FTB's response to Mr. Hyatt's three September 2014 letters

Dear Grant:

FTB addresses Mr. Hyatt's September 2014 correspondence, chronologically, in this letter.

<u>(1) Mr. Hyatt's September 11, 2014 letter and 41 page attachment entitled "Motion to Strike and Request for Sanctions Regarding FTB's Second Additional Briefing"</u>

By email dated September 23, 2014 you sent FTB a copy of the above and asked:

> "Re the attached, if FTB wishes to reply, we request that it do so by no later than Monday, October 13, 2014."

We have reviewed Mr. Hyatt's letter and his 41 page attachment. FTB does not wish to reply to the specifics of Mr. Hyatt's improper filing. Mr. Hyatt's submission constitutes unsolicited briefing and, therefore, violates your Board's rules. On that basis, FTB objects to Mr. Hyatt's rogue document. We respectfully suggest that SBE Proceedings return the document to Mr. Hyatt.[1]

Without waiving our objection, and for the record, FTB has the following general comments.

Mr. Hyatt's 41 page document does identify one Philips document that falls within the New York court's October 2013 and March 2014 suppression/redaction orders.[2] However, that

---

[1] However, should your Board request a detailed response to Mr. Hyatt's allegations and argument as additional briefing under the RTA, FTB will provide that analysis. Given current workload constraints, we estimate it would take FTB about 4 to 6 weeks to draft and file such a brief.

[2] FTB_Philips 0004771. See Mr. Hyatt's 41 page document, at page 3, line 24.

document was attached to FTB's April 29, 2013 letter to your Board—submitted prior to the entry of the New York orders—and the use of that document to support FTB's letter was in no way prohibited.

Similarly, Mr. Hyatt included a partial transcript of the 2011 deposition of Algy Tamoshunas with his 2012 supplemental briefing. Subsequently, that partial transcript was ordered suppressed by the New York court. Yet, as far as FTB is aware, it remains in the appeal record, appended to Mr. Hyatt's 2012 briefing.[3]

FTB has no objection to SBE removing from the appeal record both documents mentioned above. However, we strongly disagree with Mr. Hyatt's contention that FTB's briefing violates any order of the New York court.

<u>(2) Mr. Hyatt's September 26, 2014 "Request to vacate December 16, 2014 Filing Date"</u>

FTB disagrees with Mr. Hyatt's position. The December 16, 2014 filing date for Mr. Hyatt's additional briefing and issue summary, and FTB's issue summary, should not be vacated. Recall that Mr. Hyatt insisted on "twice as much time" as FTB for additional briefing. Your Board then allowing him fully five months to complete and file his additional briefing. Please also recall that Mr. Hyatt has had the same Philips documents that FTB received via subpoena in his possession since at least August 2011.[4]

<u>(3) Mr. Hyatt's September 30, 2014 "Response to FTB's September 12, 2014 Letter Re: FTB's Prior Request to Replace Its Prior Filings"</u>

FTB disagrees with the analysis and conclusions in Mr. Hyatt's 10 page letter. FTB's position on this issue is clearly set forth in our September 12, 2014 letter.

If you have any questions please contact me at your convenience.

Sincerely,

Robert W. Dunn
Tax Counsel

cc: Eric Coffill, counsel for Mr. Hyatt

---

[3] The New York Court's October 7, 2013 order "suppressed" portions of the Tamoshunas deposition at Mr. Hyatt's request. Specifically p. 190:7-195:24 (October 25, 2011 deposition) and p. 600:23-602:4 (October 27, 2011). The suppressed portion (beginning on page 600) is found referenced in Hyatt's Supplemental Brief (1992) at page 68, FN 530—which links to Hyatt's Exhibit 11. Hyatt's Exhibit 11 currently contains the suppressed partial transcript.

[4] When it comes to the Philips documents, Mr. Hyatt is hardly prejudiced by time. According to 1997 correspondence, Mr. Hyatt actually requested and received the Philips documents directly from Philips in 1997, as part of their contract termination process. Further, Mr. Hyatt would have the original Hyatt-Philips communication in his (and his California attorney Greg Roth's) 1991 and 1992 licensing files.

EXHIBIT 94

**From:** Thompson, Grant S (Legal)
**Sent:** Wednesday, October 08, 2014 2:53 PM
**To:** 'Dunn, Robert@FTB'; 'Coffill, Eric J.'
**Subject:** RE: FTB response to Mr. Hyatt's September 2014 Correspondence

Bob, thank you for the email copy. Eric, you had requested that appellant have an opportunity to reply. If you wish to reply, please reply within 30 days (no later than November 10, 2014).

Thank you.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

**From:** Dunn, Robert@FTB [mailto:Robert.Dunn@ftb.ca.gov]
**Sent:** Wednesday, October 08, 2014 1:22 PM
**To:** Thompson, Grant S (Legal)
**Cc:** 'Coffill, Eric J.'
**Subject:** FTB response to Mr. Hyatt's September 2014 Correspondence

Grant,

Please see attached. I've copied Eric.

Bob

CONFIDENTIALITY NOTICE: This email from the State of California is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review or use, including disclosure or distribution, is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this email.

EXHIBIT 95

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

October 13, 2014

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:    *Appeals of Gilbert P. Hyatt*
       Case ID Nos. 446509 and 435770
       Taxable Years 1991 and 1992
       Mr. Hyatt's Response to FTB's October 8, 2014 Letter

Dear Grant,

Appellant, Mr. Hyatt, responds below to FTB's letter dated October 8, 2014 ("FTB's Letter")
which responded to Mr. Hyatt "Motion to Strike and Request for Sanctions Regarding FTB's
Second Additional Briefing" ("Motion"), as well as to two additional items pending before
your Board in the above matters.

## 1. FTB's Response to Mr. Hyatt's September 11, 2014 Motion to Strike

FTB had an opportunity to respond on the merits to Mr. Hyatt's Motion, but has refused to
do so. Thus, the Motion should now be ruled upon by your Board.

By e-mail dated September 23, 2014, you requested that FTB file any reply to Mr. Hyatt's
Motion by October 13, 2014. FTB's half-page response to that 41-page Motion is concise
and succinct, and is simply that "FTB *does not wish to reply to the specifics* of Mr. Hyatt's
*improper filing*." (FTB's letter, p. 2, emphasis added.) Two points here are significant.

First, the motion is a proper filing. FTB claims Mr. Hyatt's Motion to Strike is "improper,"
presumably on the grounds it "constitutes unsolicited briefing and, therefore, violates your
Board's rules." (FTB's Letter, p. 1.) FTB does not provide citations here to any legal

**MORRISON** | **FOERSTER**

Grant S. Thompson
October 13, 2014
Page Two

authority in support of its claim. Your Board's statutory role is to "hear and determine" Mr. Hyatt's appeals. (Cal. Rev. & Tax. Code § 19047.)[1] As part of that role, your Board is authorized to consider and rule on a request to strike, and has done so on many occasions. (*See, e.g.*, *Appeal of Michael E. Myers*, 2001-SBE-001, May 31, 2001 (ruling on appellant's request to strike brief for violation of SBE Rules of Practice); *Appeal of American Empire Mutual Fund, Inc.*, 72-SBE-013, May 11, 1972 (ruling on appellant's motion to strike for violation of SBE Rules of Practice). *Appeal of Russell Garner,* 860SBE-146, Aug. 20, 1986 (ruling on FTB's motion to dismiss appeal for lack of jurisdiction); *Appeal of Woodward Enterprises,* Cal. St. Bd. of Equal., Aug. 4 , 1971; 1991 Cal. Tax LEXIS 20 (ruling on appellant's motion to strike for violation of SBE rules of practice).

Second, FTB was given an opportunity to respond to the merits of the Motion: it has chosen not to do so, and must be held to the consequences of that decision. FTB states it "does not wish" to reply to the "specifics" of the Motion to Strike. FTB is *not* saying here that your Board deprived it of the opportunity to so respond. Your Board's September 23rd email to FTB clearly stated, "If FTB *wishes to reply*, we request that it do so by no later than Monday, October 13, 2014." (Emphasis added.) FTB has now responded, and has intentionally chosen not to respond to any of the six grounds set forth in the 41-page Motion to Strike. Thus, the six grounds are ripe for your Board's decision.

FTB must be held to the consequences of its decision. FTB's refusal to respond (except in name only) should be taken by your Board as an implied concession of the issues raised in the Motion to Strike.[2] A failure to respond cannot *automatically* be treated as a concession, because the motion still must have underlying merit in order to be granted. (*People v. Hill* (1992) 3 Cal.4th 959, 995, fn. 3, overruled on other grounds in *Price v. Superior Court* (2001) 25 Cal.4[th] 1046, 1069, fn. 13; *see also Kruger v. Department of Motor Vehicles*

---

[1] RTA 5523.8, Communications with Board Members, also makes clear the Board Members shall remain accessible to their constituents and taxpayers at all times in order to execute their constitutional and statutory duties. Therefore, such persons and their authorized representatives, may contact Board Members and a Board Member's Staff at any time,

[2] Footnote 1 in FTB's letter, stating it will provide a detailed response "*should your Board request* a detailed response" that "would take FTB about 4 to 6 weeks to draft," should be ignored. (Emphasis added.) Your Board *already* asked if FTB "wishes to respond" and FTB already responded it "does not wish" to do so. If FTB needed additional time to respond, it could have requested such additional time from your Board, as it has done on many prior occasions. It did not do so. Under these circumstances, a footnote offering a further response in about 4-6 weeks, but only if the SBE so "wishes," should be seen as nothing more than a delaying tactic. FTB already had the opportunity to respond and chose ("does not wish") not to provide a detailed response to the Motion to Strike.

MORRISON | FOERSTER

Grant S. Thompson
October 13, 2014
Page Three

(1993) 13 Cal.App.4th 541, 546.)[3] Here, the Motion to Strike does have merit, as set forth therein, and your Board should now proceed to decide the Motion to Strike based "on the record" before it, with that record not including *any* argument by FTB in response to any of the specific factual and legal allegations in Mr. Hyatt's Motion.[4]

While choosing not to respond to any of the specifics of the Motion to Strike, FTB instead provides "general comments" in a mere twelve lines of text.

FTB recognizes that it has violated the New York court orders regarding the Philips documents. (Enclosed please find a copy of a letter dated October 13, 2014, from Mr. Hyatt's New York counsel to FTB's New York counsel on this subject.) FTB's letter erroneously claims that Mr. Hyatt's Motion to Strike "does identify one Philips document that falls within the New York court's October 2013 and March 2014 suppression/redaction orders." (FTB's Letter, p. 2.) Section I.1 of Mr. Hyatt's Motion to Strike (pages 2-5) explains that FTB's two DVDs contain many documents, not just "one" as FTB erroneously claims, that have material which violate the New York court orders. FTB then attempts to excuse its violation of the New York court order by stating that this (one) offending Philips document was attached to another FTB document that was submitted *prior* to the entry of the New York orders. (FTB's Letter, pp. 1-2.) FTB's explanation is without merit. Regardless of *when* FTB provided that document to your Board, the New York court ordered certain documents to be suppressed or redacted, and this is one of those documents.

FTB also requests that your Board "remov[e] from the appeal record" the offending Philips document. (FTB's Letter, p. 2.) This is an acknowledgement that at least one document is in violation of the New York court order. However, this request is not as simple as FTB claims. As already explained in Mr. Hyatt's September 30, 2014, letter to your Board, it is improper for FTB to put the burden on your Board and on Mr. Hyatt to correct FTB's admitted mistakes. Furthermore, FTB ignores, and failed to respond to, Mr. Hyatt's argument in the Motion to Strike that there is much *more* prohibited material in FTB's Second Additional Briefing. As argued in the Motion, the remedy for FTB's multiple transgressions in its Second Additional Briefing is that FTB's two DVDs and any copies, of the materials thereon, must be returned to FTB or destroyed by your Board in order to prevent such prohibited material from being made public.

---

[3] Similarly, a court cannot grant summary judgment based *purely* on the lack of opposition papers, because the moving party still must meet its initial burden of proof. (*Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1085-1086.)

[4] Looking to an analogy, California Rules of Court, rule 8.412(d)(1)(B) provides that if no respondent's brief is filed in accordance with applicable rules, "the court will decide the appeal on the record, the opening brief, and any oral argument by the appellant."

MORRISON | FOERSTER

Grant S. Thompson
October 13, 2014
Page Four

Finally, FTB asserts that Mr. Hyatt had included in his 1992 Supplemental Brief a little over a page of Mr. Tamoshunas' 2011 650-page deposition transcript that was ordered suppressed by the New York court. Mr. Hyatt will submit to your Board a corrected DVD with an errata to the 1992 Supplemental Brief exhibit that contains this inadvertent error.

Mr. Hyatt's Motion explained in detail FTB's violations of the New York Court's orders regarding prohibited materials, your Board's briefing directives, and the RTAs. Briefly, FTB's second additional briefing that was submitted to your Board on July 16, 2014 ("Second Additional Briefing") and the replacement DVD that was submitted to your Board on August 13, 2014:

 (1) contain material regarding the so-called Philips documents which the New York Court order suppressed or redacted;

 (2) violate your Board's clear and specific direction to file two separate briefs, by appeal year, focusing on the facts and arguments for that year;

 (3) violate your Board's clear and specific direction regarding page limits;

 (4) improperly re-brief FTB's entire case, including use of material which was in FTB's possession, but FTB did not argue until now when all formal briefing was completed; and

 (5) improperly use this as an opportunity to brief FTB's "sourcing" issue, including briefing of that issue by extending the period in dispute beyond April 1992 to December 31, 1992.

As a remedy for these violations, and keeping in mind that FTB "does not wish to reply to the specifics," Mr. Hyatt requests that your Board strike FTB's July 16 and August 13, 2014 DVDs and vacate the Second Additional Briefing.

## 2. FTB's Response to Mr. Hyatt's September 26, 2014, Letter Re: December 16, 2014, Filing Date

By letter dated September 26, 2014, Mr. Hyatt requested that the time for filing his reply to FTB's Second Additional Briefing, and his 1991 and 1992 summary briefs, be taken off calendar until Mr. Hyatt receives a decision from your Board on his pending Motion.

As described in Section 6 (pages 37-41) of Mr. Hyatt's Motion, "The FTB's Second Additional Briefing, In Its Totality, Imposes A Horrendous Burden On Mr. Hyatt." The

MORRISON | FOERSTER

Grant S. Thompson
October 13, 2014
Page Five

appellant, Mr. Hyatt, is entitled to having the "last word" in these appeals,[5] and "last word" must be interpreted to mean an adequate "last word." FTB fails to respond to Mr. Hyatt's contention that he cannot adequately respond by December 16th to FTB's horrendous briefing currently on file that is subject to, and will likely be, modified or withdrawn as a result of Mr. Hyatt's pending Motion. Thus, the scope and timing of Mr. Hyatt's briefing can only be determined after your Board has made its decision on the Motion.

As of this date, your Board has not yet ruled on the Motion.

FTB's Letter responds the December 16th filing date should not be vacated because "Mr. Hyatt has had the same Philips documents that FTB received via subpoena in his possession since at least August 2011." (FTB's letter, p. 2.)

FTB's misses the point here. Mr. Hyatt is not responding by December 16th merely to "the Philips documents." He is responding to FTB's massive (and flawed) *briefing* which includes the Philips documents, but also much other material. As explained in his September 26th letter, Mr. Hyatt cannot respond to FTB's Second Additional Brief until *after* your Board rules on Mr. Hyatt's Motion to Strike and it is definitively known *what Mr. Hyatt will be responding to.* It defies common sense to make Mr. Hyatt spend the time and resources required to respond to FTB's Second Additional Briefing now on file, only to find that briefing is withdrawn or modified by order of your Board in its rulings on the Motion to Strike.

Accordingly, Mr. Hyatt renews his request that the December 16, 2014 briefing due date be vacated at this time.

### 3. FTB's Response to Mr. Hyatt's September 30, 2014, Letter Re: FTB Prior Filings

FTB's Letter mentions, but does not discuss the substance or merits of, the current dispute over FTB's request to replace its prior filings. FTB instead refers to its September 12, 2014 letter on the subject.

As already detailed in Mr. Hyatt's September 30, 2014, letter, FTB's September 12th letter is *not* responsive to your Board's requests in its Board's September 3, 2014, letter. For example, FTB did not identify the changes contained in the two DVDs. FTB's September 12, 2014, letter also failed to address the specific concerns Mr. Hyatt raised in his August 14,

---

[5] "We agree that the 'last word' belongs to the appellant, and our regulations governing both the filing of written memoranda and the conduct of oral hearings are predicated on that principle." (*Appeal of American Empire Mutual Fund, Inc.*, 72-SBE-013, May 11, 1972.)

**MORRISON** | **FOERSTER**

Grant S. Thompson
October 13, 2014
Page Six

2014, letter as requested by your Board's September 3, 2014, letter. Further, the FTB's two DVDs contain much material prohibited by the New York court. Accordingly, Mr. Hyatt urges your Board not to accept FTB's September 12, 2014, letter nor its August 13, 2014, submission for the reasons stated in Mr. Hyatt's September 30, 2014, letter.

As already pointed out by Mr. Hyatt, your Board should not accept substituted filings from FTB *unless and until FTB can identify for Mr. Hyatt and your Board the specific changes from the prior filings*. FTB continues to refuse to do so. If FTB knows what those changes are, then it should so inform Mr. Hyatt and your Board of those changes. If FTB does not even know what those changes are, that is even more reason to deny the request.

Sincerely,

Eric J. Coffill

Eric J. Coffill

Encl.

cc:     Bob Dunn, FTB (w/encl.)
        Board Members:
            Hon. Jerome Horton, Chair (w/encl.)
            Hon. John Chiang (w/encl.)
            Hon. George Runner (w/encl.)
            Hon. Michelle Steel (w/encl.)
            Hon. Betty T. Yee (w/encl.)

sa-69949

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

Eric D. Dowell
Attorney at Law

Direct Tel: (212) 326-0407
Direct Fax: (212) 798-6381
edowell@pryorcashman.com

October 13, 2014

**VIA EMAIL**

Judith W. Lockhart, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005

Re:     In re Hyatt Petition, Index No. 57751/2013

Dear Judy:

You will recall that this firm represents Gilbert Hyatt in the above-referenced matter. We write to address the State of California Franchise Tax Board's ("FTB") admitted violations of the Orders dated October 7, 2013, and March 13, 2014 (the "Orders"), and demand that they be remedied by your client immediately.

As you are well aware, the Orders suppressed (either in whole or in part) certain documents produced by U.S. Philips ("Philips") in response to FTB subpoenas issued in connection with the related administrative appeal pending before the California Board of Equalization ("SBE"). The FTB nonetheless filed a DVD in the SBE proceeding on July 16, 2014 that it subsequently admitted contained material that was ordered suppressed, and even though the FTB voluntarily submitted a replacement DVD on August 13, 2014 (without demanding the return of the original DVD), that replacement DVD still contains material that was ordered suppressed. For example:

- The FTB's Second Additional Brief for 1991 discusses the contents of a redacted document, and the FTB argues its case based on the contents of that document. For example, in Section III.b.12 on pages 24–25 of the FTB's Second Additional Brief for 1991, FTB discusses the content of a document ordered redacted by Justice Lefkowitz. *See* FTB_Philips 0001312-1316 in file "19911122_November 22, 1991," in folder "07_FTB Calendar Support Documents."

**PRYOR CASHMAN LLP**

Judith W. Lockhart, Esq.
October 13, 2014
Page 2

- The FTB's Attachment A (Revised) discusses the contents of suppressed and redacted documents, and the FTB argues its case based on the contents of those documents. For example, for the entry dated November 22, 1991, on pages 59–60 of Attachment A (Revised), the FTB discusses the content of a document ordered redacted by Justice"Lefkowitz. *See* FTB_Philips 0001312–1316 in file "19911122_November 22, 1991," in folder "07_FTB Calendar Support Documents."

- The entry dated August 20, 1991, on page 20 of Attachment A (Revised), the FTB discusses the content of documents ordered suppressed by Justice Lefkowitz. *See* FTB_Philips 0005504-5506 in file "19910820_August 20, 1991," in folder "07_FTB Calendar Support Documents."

- At many places, the FTB's Exhibit A attached to its letter filed on April 29, 2013, discusses the contents of the suppressed and redacted documents, and the FTB argues its case based on the contents of those documents. For example, for the entry dated 02/01/93 on page 24 of Exhibit A, the FTB discusses the contents of documents ordered suppressed and redacted by the Justice Lefkowitz. Other examples include entries dated 01/30/93, 03/08/94, and 10/01/93 on page 24 of Exhibit A.

- The FTB's Exhibit B attached to its letter filed on April 29, 2013, includes a document that was suppressed – FTB_Philips 0004771.[1]

Further, FTB's hardcopy documents Exhibit A and Exhibit B attached to its letter of April 29, 2013 also contain material that was ordered suppressed. These hardcopy documents contain the same prohibited material as the electronic documents on the two DVDs, discussed above. Further, it is likely that the FTB and the SBE made hardcopies and electronic copies of this material that was ordered suppressed. These hardcopies and electronic copies must also be returned to the FTB and destroyed.

In short, even the FTB's purportedly-corrected DVD contains material that was ordered suppressed, and the FTB also failed to demand return of the first DVD. For these and other reasons, Mr. Hyatt filed a motion to strike. The FTB responded with a perfunctory letter that refuses to correct the disclosure of the suppressed material at issue. Moreover, despite conceding that an item in its submission (specifically, FTB_Philips 0004771) was suppressed, the FTB still refuses to take responsibility for complying with the Court's Orders. Instead of requesting the return of its submissions from the SBE, the FTB simply states that it has no objection to the SBE making the corrections. But the FTB knows full well that the SBE cannot redact or delete files

---

[1] Given the volume of material provided by the FTB on its two DVDs (documents, links to documents, summaries of documents, annotations and highlighting on exhibits, etc.), Mr. Hyatt has not been able to catalog all violations. Nor should he be obligated to do so. The FTB is responsible for ensuring its own compliance with the Orders.

**PRYOR CASHMAN LLP**

Judith W. Lockhart, Esq.
October 13, 2014
Page 3

contained on a DVD submitted by a party. Thus, until and unless the FTB takes action, the appeal record before the SBE will continue to contain suppressed material that will become public under California's open records law. The FTB knows this full well, just as it knows that it is violating the Orders.

Please direct your client to comply with the Court's Orders immediately, and provide written confirmation of same. In the meanwhile, all of Mr. Hyatt's rights and remedies at law and in equity remain expressly reserved.

Very truly yours,

Eric D. Dowell

Enclosure

cc:     Eric Coffill, Esq.
        William L. Charron, Esq.

EXHIBIT 96

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

October 21, 2014

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:   *Appeals of Gilbert P. Hyatt*
      Case ID Nos. 446509 and 435770
      Taxable Years 1991 and 1992
      <u>FTB's Requested Return, and Resubmission, of FTB's DVDs</u>

Dear Grant,

As explained below, because of recent correspondence involving the NY litigation over the Philips documents, Mr. Hyatt hereby requests that FTB <u>not</u> be permitted to submit new DVDs until <u>after</u> your Board rules upon Mr. Hyatt's pending Motion to Strike.

On October 13, 2014, Mr. Hyatt wrote to FTB's New York counsel requesting that FTB immediately remedy its violations of the New York court orders regarding prohibited material in the DVDs filed with your Board on July 16 and August 13, 2014. A copy of Mr. Hyatt's letter is attached.

On October 17, 2014, FTB's New York counsel responded to Mr. Hyatt's October 13th request. A copy of FTB's letter is attached. In its October 17th letter, FTB agrees with Mr. Hyatt regarding its disclosure of certain prohibited material, but disagrees with Mr. Hyatt on the improper disclosure of certain other prohibited material. (FTB is wrong regarding its disagreement with Mr. Hyatt on the prohibited material.) Nonetheless, FTB's New York counsel states that FTB will request your Board to return its two DVDs and will "<u>submit a replacement DVD</u>…" with redactions. (FTB Letter, p. 2, emphasis added.)

First, Mr. Hyatt again points out that all copies of these FTB DVDs should be either returned to FTB or destroyed in accordance with the orders of the New York court.

sa-69973

**MORRISON** | **FOERSTER**

Grant S. Thompson
October 21, 2014
Page Two

Second, and the subject of this letter, is that Mr. Hyatt requests that your Board direct FTB not to submit its second replacement DVD (FTB's third DVD) until after your Board rules on Mr. Hyatt's pending September 11th Motion to Strike. The scenario Mr. Hyatt wishes to avoid, and we believe your Board also should seek to avoid, is to become involved in a cycle of FTB re-submitting DVDs with no end in sight. FTB admits its DVDs contain "a few documents that were ordered to be redacted and/or suppressed by the New York Court." (FTB Letter, p. 2.) The undisputed fact that these FTB DVDs contain prohibited information and, therefore, must be carefully treated to avoid being in contempt of court, exacerbates the situation. Furthermore, the FTB's New York counsel indicates that there are still disputes concerning the prohibited documents on the FTB's DVDs. Mr. Hyatt's Motion to Strike argues, in part, that FTB's DVDS contained material ordered suppressed or redacted by the New York court. (Motion, pp. 2-5.) This is a prime example of why your Board should rule on the Motion to Strike before FTB is allowed to submit any further replacement DVDs to your Board – your Board's directions as to the content and form of briefs logically should *precede*, not follow, the filing of briefs.

Mr. Hyatt's Motion to Strike raises a number of grounds which go to both the form and content of FTB's briefing. If your Board rules in Mr. Hyatt's favor on any of those grounds, it is very likely your Board will direct FTB to modify or will strike FTB's Second Additional Briefing. For this reason, and for the efficiency of all parties, we ask that your Board direct FTB to not submit a replacement DVD at this time and not until after your Board rules on the Motion to Strike. That way, whatever briefs FTB ultimately files at the direction of your Board, after ruling on Mr. Hyatt's motion and complying with the New York court order, will be the briefs which Mr. Hyatt ultimately will be responding to.

Sincerely,

*Eric J. Coffill*

Eric J. Coffill

Encls.

cc:     Bob Dunn, FTB (w/encls.)

sa-69973

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

**Eric D. Dowell**
Attorney at Law

Direct Tel:  (212) 326-0407
Direct Fax:  (212) 798-6381
edowell@pryorcashman.com

October 13, 2014

**VIA EMAIL**

Judith W. Lockhart, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York  10005

Re:   In re Hyatt Petition, Index No. 57751/2013

Dear Judy:

You will recall that this firm represents Gilbert Hyatt in the above-referenced matter.  We write to address the State of California Franchise Tax Board's ("FTB") admitted violations of the Orders dated October 7, 2013, and March 13, 2014 (the "Orders"), and demand that they be remedied by your client immediately.

As you are well aware, the Orders suppressed (either in whole or in part) certain documents produced by U.S. Philips ("Philips") in response to FTB subpoenas issued in connection with the related administrative appeal pending before the California Board of Equalization ("SBE").  The FTB nonetheless filed a DVD in the SBE proceeding on July 16, 2014 that it subsequently admitted contained material that was ordered suppressed, and even though the FTB voluntarily submitted a replacement DVD on August 13, 2014 (without demanding the return of the original DVD), that replacement DVD still contains material that was ordered suppressed.  For example:

- The FTB's Second Additional Brief for 1991 discusses the contents of a redacted document, and the FTB argues its case based on the contents of that document.  For example, in Section III.b.12 on pages 24–25 of the FTB's Second Additional Brief for 1991, FTB discusses the content of a document ordered redacted by Justice Lefkowitz.  See FTB_Philips 0001312-1316 in file "19911122_November 22, 1991," in folder "07_FTB Calendar Support Documents."

**PRYOR CASHMAN LLP**

Judith W. Lockhart, Esq.
October 13, 2014
Page 2

- The FTB's Attachment A (Revised) discusses the contents of suppressed and redacted documents, and the FTB argues its case based on the contents of those documents. For example, for the entry dated November 22, 1991, on pages 59–60 of Attachment A (Revised), the FTB discusses the content of a document ordered redacted by Justice"Lefkowitz. *See* FTB_Philips 0001312–1316 in file "19911122_November 22, 1991," in folder "07_FTB Calendar Support Documents."

- The entry dated August 20, 1991, on page 20 of Attachment A (Revised), the FTB discusses the content of documents ordered suppressed by Justice Lefkowitz. *See* FTB_Philips 0005504-5506 in file "19910820_August 20, 1991," in folder "07_FTB Calendar Support Documents."

- At many places, the FTB's Exhibit A attached to its letter filed on April 29, 2013, discusses the contents of the suppressed and redacted documents, and the FTB argues its case based on the contents of those documents. For example, for the entry dated 02/01/93 on page 24 of Exhibit A, the FTB discusses the contents of documents ordered suppressed and redacted by the Justice Lefkowitz. Other examples include entries dated 01/30/93, 03/08/94, and 10/01/93 on page 24 of Exhibit A.

- The FTB's Exhibit B attached to its letter filed on April 29, 2013, includes a document that was suppressed – FTB_Philips 0004771.[1]

Further, FTB's hardcopy documents Exhibit A and Exhibit B attached to its letter of April 29, 2013 also contain material that was ordered suppressed. These hardcopy documents contain the same prohibited material as the electronic documents on the two DVDs, discussed above. Further, it is likely that the FTB and the SBE made hardcopies and electronic copies of this material that was ordered suppressed. These hardcopies and electronic copies must also be returned to the FTB and destroyed.

In short, even the FTB's purportedly-corrected DVD contains material that was ordered suppressed, and the FTB also failed to demand return of the first DVD. For these and other reasons, Mr. Hyatt filed a motion to strike. The FTB responded with a perfunctory letter that refuses to correct the disclosure of the suppressed material at issue. Moreover, despite conceding that an item in its submission (specifically, FTB_Philips 0004771) was suppressed, the FTB still refuses to take responsibility for complying with the Court's Orders. Instead of requesting the return of its submissions from the SBE, the FTB simply states that it has no objection to the SBE making the corrections. But the FTB knows full well that the SBE cannot redact or delete files

---

[1] Given the volume of material provided by the FTB on its two DVDs (documents, links to documents, summaries of documents, annotations and highlighting on exhibits, etc.), Mr. Hyatt has not been able to catalog all violations. Nor should he be obligated to do so. The FTB is responsible for ensuring its own compliance with the Orders.

**PRYOR CASHMAN LLP**

Judith W. Lockhart, Esq.
October 13, 2014
Page 3

contained on a DVD submitted by a party. Thus, until and unless the FTB takes action, the appeal record before the SBE will continue to contain suppressed material that will become public under California's open records law. The FTB knows this full well, just as it knows that it is violating the Orders.

Please direct your client to comply with the Court's Orders immediately, and provide written confirmation of same. In the meanwhile, all of Mr. Hyatt's rights and remedies at law and in equity remain expressly reserved.

Very truly yours,

Eric D. Dowell

Enclosure

cc:    Eric Coffill, Esq.
       William L. Charron, Esq.

# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Judith A. Lockhart**
**Partner**
•
*Direct Dial: 212-238-8603*
*E-mail: lockhart@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

October 17, 2014

**BY E-MAIL**

William L. Charron, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036

Re: *In re Hyatt Petition,* Index No. 57751/2013

Dear Bill:

I write in response to your October 13, 2014 letter.

Your letter suggests that the FTB's Additional Brief for 1991 and Attachment A (Revised) violated the New York court orders dated October 7, 2013 and March 13, 2014 (the "Orders") by discussing the contents of redacted or suppressed documents. FTB disagrees. Contrary to your suggestion, on pages 24-25 of the Second Additional Brief and pages 59-60 of the Attachment A (Revised), the FTB does not discuss the contents of FTB_Philips 0001312-16, which was appropriately redacted by FTB pursuant to the Orders. The FTB merely points out that this letter was a signed and sent version of the unsigned letter Hyatt submitted to the SBE (HL00131-35). The only substantive discussion as to FTB_Philips 001312-16 relates to Hyatt's California address and phone number, which information is relevant and was not required to be redacted. Further, the information that FTB redacted from FTB_Philips 001312-16 is reflected in its entirety in HL00131-35, which Hyatt himself submitted to the SBE and was not ordered to be redacted.

In addition, you contend that the FTB discussed the contents of FTB_Philips 0005504-06 on page 20 of Attachment A (Revised). This is incorrect. FTB_Philips 0005504-06 is not cited nor relied upon for any of the information discussed on page 20 of Attachment A (Revised). The information is reflected in the following documents which were not ordered to be suppressed or redacted: FTB_Philips 0006645, 0005488-89, 0005501-03, 0005508, 0005519-47, 0005471. FTB_Philips 0005504-06 was not submitted, relied upon, or described by FTB in its submission to the SBE.

Given the volume of documents it was not surprising that in the FTB's July 16, 2014 DVD submission to the SBE, the FTB inadvertently described in two Attachments to its briefing

7526866.1

(*i.e.,* Attachment A (Revised) and Attachment F) a few documents that were ordered to be redacted and/or suppressed by the New York Court.[1]  Once notified of this error by Hyatt, the FTB took immediate remedial action.  The FTB requested that the SBE replace the July 16 DVD, and the FTB submitted a replacement DVD (with additional redactions, as appropriate) on August 13, 2014.

The July 16 DVD and consequently the August 13 DVD included all prior submissions to the SBE, including the FTB's April 29, 2013 letter brief and attachments, as the FTB believed that the SBE wanted all prior submissions on the DVD.  Moreover, as you know, the April 29, 2013 letter brief related to documents obtained by the FTB from U.S. Philips Corp., and was submitted to the SBE prior to Mr. Hyatt's May 14, 2013 motion to suppress, in response to a letter dated February 25, 2013 from the SBE asking the parties for additional briefing (in two stages) concerning when SBE would be able to consider the documents subpoenaed by the FTB from Philips, and in response to Hyatt's March 28, 2013 letter brief concerning the Philips documents.  The August 13 submission did not link to (or rely upon) the April 29 letter in any way, and was included because all briefs were included on the DVD.  Although the April 29 letter brief was submitted to the SBE *prior to* Hyatt's motion to suppress and the Orders did not direct the FTB to withdraw any documents already submitted to the SBE, the FTB is willing to submit a replacement DVD with a redacted version of the April 29 letter and attachments, which (a) redacts or removes Exhibit A, (b) removes FTB_Philips 0004771 from Exhibit B, and (c) redacts the sentence on page 4 of the letter which describes FTB_Philips 0004771.  The FTB will also request that the SBE return the August 13 and July 16 DVDs.

The FTB made extensive, time-consuming, and expensive efforts to comply with the Orders, and has at all times acted in good faith.  Further, the FTB has not, as you suggest, "argued its case" in any way based on documents that were ordered to be suppressed or redacted.

I trust that this addresses your concerns.  Please call me if you would like to discuss.  All of the FTB's rights remain expressly reserved.

Sincerely,

Judith A. Lockhart

JAL:lt

---

[1] Indeed, even Hyatt admittedly filed an exhibit with the SBE containing 2011 deposition testimony of Algy Tamoshunas, which was ordered suppressed.

EXHIBIT 97

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Friday, October 24, 2014 10:22 AM
**To:** Thompson, Grant S (Legal)
**Cc:** 'Dunn.Robert'
**Subject:** RE: Hyatt Appeals No. 446509 & 435770: Mr. Hyatt's Pending Request to Vacate December 16, 2014 Date

Thank, Grant.

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Thursday, October 23, 2014 4:42 PM
**To:** Coffill, Eric J.
**Cc:** 'Dunn.Robert'
**Subject:** RE: Hyatt Appeals No. 446509 & 435770: Mr. Hyatt's Pending Request to Vacate December 16, 2014 Date

I understand appellant's desire for a quick decision on his request that his December 16, 2014 due date be vacated and that FTB's filings be struck from the record. Since appellant's September 26, 2014 submission, we've provided an opportunity for the other party to be heard on those issues so we can consider both sides. At your request, we then provided appellant an opportunity to reply to the FTB, which you did on October 13, 2014, less than two weeks ago. You subsequently indicated appellant wishes to file a replacement submission and requested that the Board return to you the prior submission and also return to the FTB its submissions. We are evaluating the various pending requests, and I expect we will respond within the next two weeks.

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Wednesday, October 22, 2014 3:33 PM
**To:** Thompson, Grant S (Legal)
**Cc:** Dunn.Robert
**Subject:** Hyatt Appeals No. 446509 & 435770: Mr. Hyatt's Pending Request to Vacate December 16, 2014 Date

Hi Grant,

Not to become a pest, but I am just checking in again on the status of our Request to Vacate the December 16th date. We are very concerned over time issues.

Our September 26, 2014 letter requested the Board to vacate our current December 16th filing date because that date was and is no longer realistic in light of our pending September 11th Motion to Strike, which is still under submission to the Board.

Our October 13, 2014 letter to you already responded to FTB's response to our request to vacate the December 16th filing date. Accordingly, our request is ripe for decision. (Our October 21, 2014 letter to you just yesterday pointed out one of complications being caused by our Motion still being pending.)

Our September 26th request has now been pending for over 3 weeks. (As of this Friday the 24th, it will be 4 weeks.) Our December 16th date continues to get closer. For all the reasons previously stated, we would really appreciate hearing back from the Board on our request as soon as possible. Thanks.

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

===========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

# EXHIBIT 98

State of California
Franchise Tax Board

Legal Division MS A260
PO BOX 1720
Rancho Cordova, CA 95741-1720

10.31.14

Grant Thompson
Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Regarding:    Appeals of Gilbert P. Hyatt
              Case ID Nos. 446509 and 435770
              Taxable Years 1991 and 1992
              FTB's New York Counsel's Letter – FTB Request to Document Changes Made to
              FTB's Linked DVDs/Submit Final Linked DVD

Dear Grant:

On October 17, 2014 FTB's New York counsel Carter Ledyard & Milburn, LLP sent Mr. Hyatt's
New York counsel Pryor Cashman, LLP a letter that involves the briefing FTB has submitted
to your Board in this Appeal. See attached letter. The attached correspondence relates to
Mr. Hyatt's objection to the presence in the appeal record of a document later ordered
suppressed by the New York court. Without repeating the contents of FTB's counsel's letter
or further discussing the merits of the issue, please note that the letter concludes:

"...the FTB is willing to submit a replacement DVD with a redacted version of the April
29 [2013] letter and attachments, which (a) redacts or removes Exhibit A, (b)
removes FTB_Philips 0004771 from Exhibit B, and (c) redacts the sentence on page
4 of the letter which describes FTB _Philips 0004771."

As noted in the same letter, Mr. Hyatt also included subsequently suppressed material in the
briefing he submitted to your Board on DVD in 2012. In response, Mr. Hyatt stated that he
will "submit to your Board a corrected DVD" that will, presumably, have the suppressed
Philips material redacted.[1]

Therefore, both parties have stated their intention to provide replacement DVD's to your
Board.[2]

---

[1] See Mr. Hyatt's letter to SBE dated October 13, 2014

[2] Linked DVDs submitted to the SBE in this appeal that include the party's comprehensive briefing include (1.)
Mr. Hyatt's November 2012 (with errata to earlier paper filings); (2.) Mr. Hyatt's December 2012 (with errata to

As you know the linked DVDs submitted by both parties are comprehensive. They contain all of the briefing (and Exhibits, Attachments, Annexes, etc.) in this appeal, commencing with opening briefing filed by the parties, initially on paper, in 2008 and 2009.

FTB requests an opportunity to prepare a document that describes all of the changes made between documents found on earlier versions of its submitted DVDs and what we anticipate will be FTB's final version. We will include the document listing changes with the final, superseding version of our linked DVD.

Although our New York counsel's letter to Mr. Hyatt's New York counsel states "[t]he FTB will also request that the SBE return the August 13 and July 16 DVDs," we leave the disposition of superseded DVDs to your Board's discretion.

By far the most time consuming aspect of creating a document describing changes is listing the redactions that were made in the Exhibits, which, as you are aware, are voluminous. This must be done manually and our resources are limited, although we will take advantage of technology wherever possible. Therefore, FTB requests 75 days from the date of this letter to submit our final superseding DVD and our documented changes.

Further, FTB withdraws its earlier objection to Mr. Hyatt's request to "vacate" the December 16, 2014 due date for his additional briefing. Although FTB does not agree to an open-ended extension, we have no objection to a reasonable extension. We ask that any new due date also apply to the requested issue summaries.

Lastly, FTB respectfully requests that your Board require Mr. Hyatt provide a list of changes made to any documents placed on any DVD he resubmits to the SBE, with a copy to FTB.

If you have any questions please contact me at your convenience.

Sincerely,

*Digitally signed by Robert Dunn*
*DN: cn=Robert Dunn, o=FTB, ou=FTB Legal, email=robert.dunn@ftb.ca.gov, c=US*
*Date: 2014.10.31 09:58:47 -07'00'*

Robert W. Dunn
Tax Counsel

Attachment: October 17, 2014 letter from Carter Ledyard to Pryor Cashman

cc: Eric Coffill, counsel for Mr. Hyatt

---

earlier DVD); (3.) FTB's July 2013 (with errata to earlier paper filing); (4.) FTB's July 2014 including SBE requested Additional Briefing (with errata to earlier DVD); (5.) FTB's August 2014 (with errata to earlier DVD)

# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

Judith A. Lockhart
Partner
•
Direct Dial: 212-238-8603
E-mail: lockhart@clm.com

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

October 17, 2014

## BY E-MAIL

William L. Charron, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036

Re: *In re Hyatt Petition,* Index No. 57751/2013

Dear Bill:

I write in response to your October 13, 2014 letter.

Your letter suggests that the FTB's Additional Brief for 1991 and Attachment A (Revised) violated the New York court orders dated October 7, 2013 and March 13, 2014 (the "Orders") by discussing the contents of redacted or suppressed documents. FTB disagrees. Contrary to your suggestion, on pages 24-25 of the Second Additional Brief and pages 59-60 of the Attachment A (Revised), the FTB does not discuss the contents of FTB_Philips 0001312-16, which was appropriately redacted by FTB pursuant to the Orders. The FTB merely points out that this letter was a signed and sent version of the unsigned letter Hyatt submitted to the SBE (HL00131-35). The only substantive discussion as to FTB_Philips 001312-16 relates to Hyatt's California address and phone number, which information is relevant and was not required to be redacted. Further, the information that FTB redacted from FTB_Philips 001312-16 is reflected in its entirety in HL00131-35, which Hyatt himself submitted to the SBE and was not ordered to be redacted.

In addition, you contend that the FTB discussed the contents of FTB_Philips 0005504-06 on page 20 of Attachment A (Revised). This is incorrect. FTB_Philips 0005504-06 is not cited nor relied upon for any of the information discussed on page 20 of Attachment A (Revised). The information is reflected in the following documents which were not ordered to be suppressed or redacted: FTB_Philips 0006645, 0005488-89, 0005501-03, 0005508, 0005519-47, 0005471. FTB_Philips 0005504-06 was not submitted, relied upon, or described by FTB in its submission to the SBE.

Given the volume of documents it was not surprising that in the FTB's July 16, 2014 DVD submission to the SBE, the FTB inadvertently described in two Attachments to its briefing

(*i.e.*, Attachment A (Revised) and Attachment F) a few documents that were ordered to be redacted and/or suppressed by the New York Court.[1] Once notified of this error by Hyatt, the FTB took immediate remedial action. The FTB requested that the SBE replace the July 16 DVD, and the FTB submitted a replacement DVD (with additional redactions, as appropriate) on August 13, 2014.

The July 16 DVD and consequently the August 13 DVD included all prior submissions to the SBE, including the FTB's April 29, 2013 letter brief and attachments, as the FTB believed that the SBE wanted all prior submissions on the DVD. Moreover, as you know, the April 29, 2013 letter brief related to documents obtained by the FTB from U.S. Philips Corp., and was submitted to the SBE prior to Mr. Hyatt's May 14, 2013 motion to suppress, in response to a letter dated February 25, 2013 from the SBE asking the parties for additional briefing (in two stages) concerning when SBE would be able to consider the documents subpoenaed by the FTB from Philips, and in response to Hyatt's March 28, 2013 letter brief concerning the Philips documents. The August 13 submission did not link to (or rely upon) the April 29 letter in any way, and was included because all briefs were included on the DVD. Although the April 29 letter brief was submitted to the SBE *prior to* Hyatt's motion to suppress and the Orders did not direct the FTB to withdraw any documents already submitted to the SBE, the FTB is willing to submit a replacement DVD with a redacted version of the April 29 letter and attachments, which (a) redacts or removes Exhibit A, (b) removes FTB_Philips 0004771 from Exhibit B, and (c) redacts the sentence on page 4 of the letter which describes FTB_Philips 0004771. The FTB will also request that the SBE return the August 13 and July 16 DVDs.

The FTB made extensive, time-consuming, and expensive efforts to comply with the Orders, and has at all times acted in good faith. Further, the FTB has not, as you suggest, "argued its case" in any way based on documents that were ordered to be suppressed or redacted.

I trust that this addresses your concerns. Please call me if you would like to discuss. All of the FTB's rights remain expressly reserved.

Sincerely,

Judith A. Lockhart

JAL:lt

---

[1] Indeed, even Hyatt admittedly filed an exhibit with the SBE containing 2011 deposition testimony of Algy Tamoshunas, which was ordered suppressed.

EXHIBIT 99

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

November 3, 2014

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:     *Appeals of Gilbert P. Hyatt*
        Case ID Nos. 446509 and 435770
        Taxable Years 1991 and 1992
        Mr. Hyatt's Response to FTB's October 31, 2014 Letter

Dear Grant:

I am in receipt of FTB's letter to you, dated October 31, 2014. In summary, that letter states (1) FTB requests an opportunity to prepare a document that describes all of the changes made between documents found in earlier versions of its submitted DVDs and what FTB "anticipates will be its final version"; (2) FTB requests 75 days to file its "final superseding DVD and our documented changes"; (3) FTB withdraws its earlier objection to Mr. Hyatt's request to vacate the December 16, 2014 due date; and (4) FTB leaves "the disposition of superseded DVDs to your Board's discretion."

We respond below on each of these four points, in reverse order.

Regarding (4) the disposition of FTB's superseded DVDs, Mr. Hyatt is already on record with your Board as requesting that your Board return or destroy all copies of FTB's two DVDs that contain FTB's Second Additional Briefing and documents related thereto, as well as FTB's other DVDs previously filed on May 22, 2014, and on June 3, 2014, that contain disputed Philips documents thereon. All of these DVDs and all copies thereof should be either destroyed or returned to FTB to ensure that prohibited Philips documents are not made public.

Regarding (3) FTB's withdrawal of its objection to vacating the December 16th due date for submission of Mr. Hyatt's additional briefing, Mr. Hyatt requests your Board now formally

sa-69997

**MORRISON** | **FOERSTER**

Grant S. Thompson
November 3, 2014
Page Two

vacate that date. Then, at a later time, your Board should establish a new briefing schedule based on what replacement briefing FTB is allowed to file, if any, after your Board rules on Mr. Hyatt's Motion to Strike, and after determining how much time Mr. Hyatt will require to respond to what will be FTB's final briefing.

Regarding (1) and (2) requests by FTB to submit corrected briefing (and a list of changes) within 75 days, FTB's request here is premature. FTB cannot file a "final version" of its briefing until after your Board rules upon Mr. Hyatt's pending requests and motions. FTB continues to ignore the pending Motion to Strike, a motion it chose not to respond to on its merits when given the opportunity by your Board to do so. Mr. Hyatt is already on record in his October 21, 2014, letter to your Board that FTB not be permitted to submit new DVDs until after your Board rules upon Mr. Hyatt's pending Motion to Strike. In your email to me on October 23, 2014, you indicated that your Board will respond within the next two weeks to the various pending requests from Mr. Hyatt, which include his pending Motion to Strike and his request to vacate the December 16, 2014, date for filing his additional brief. A week and a half of that time already has passed. As previously pointed out, both your Board and the parties should be seeking to avoid an endless succession of changed briefs and disputed Philips documents in this case.

Sincerely,

Eric J. Coffill

Eric J. Coffill

cc:    Bob Dunn, FTB

EXHIBIT 100



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1844 • FAX 916-324-2618
www.boe.ca.gov

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

November 5, 2014

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

This letter responds to appellant's requests that (i) the FTB's DVDs filed on May 22, 2014, June 3, 2014, July 16, 2014, August 13, 2014 be returned to the FTB or destroyed, (ii) the December 16, 2014 due date for his briefs be vacated so that he can propose a further extended due date, and (iii) that the Board of Equalization ("Board") return his December 7, 2012 replacement filing so that he can replace it with a further redacted filing. This letter also responds to the FTB's October 31, 2014 request to make a comprehensive filing that redacts certain Philips materials and information and also lists changes made.

With regard to appellant's argument that the FTB has not complied with the orders of the New York court, the parties continue to disagree on the scope and impact of the New York court orders. The Appeals Division has sought, where possible, to seek areas of agreement between the parties and to accommodate a party's request to replace its own filing with a filing that redacts confidential information or materials it agrees are suppressed by order of the New York courts. Consistent with this practice, and in order to accommodate redaction of Philips documents and confidential information, each party's various requests are addressed as follows.

Appellant's request that his current due date of December 16, 2014 be vacated is granted. Further, in order to allow redaction of Philips documents and any other confidential information, the FTB's DVDs filed on May 22, 2014, June 3, 2014, July 16, 2014, August 13, 2014 are being returned to the FTB, and appellant's December 7, 2012 filing is being returned to appellant, each under separate cover (and copies are being destroyed). Each party's request to make a further redacted replacement submission is granted. Each submission should be made by no later than January 14, 2015, and should include a list of changes made in the submission. To avoid further delay, each party should review its replacement submission carefully to ensure all necessary redactions are made.

The FTB's replacement submission should not make any material changes to its July 16, 2014 filing, other than any additional redactions to remove Philips documents or information or protect confidential information. Similarly, appellant's replacement submission should not make any material

changes from its December 7, 2012 filing other than redactions to remove Philips documents or information or protect confidential information.

The deadline for appellant's reply briefs is extended to the earlier of 90 days following the date of respondent's replacement submission or April 14, 2015, and the deadline for each party's concluding summaries is extended to the same date. If, on reviewing respondent's replacement submission, appellant has objections or requests more time to respond, any such objections or further extension requests will be reviewed and considered at that time in light of the replacement filing and list of changes provided by the FTB.

In light of the foregoing, appellant's "Motion to Strike" is moot. Appellant has an opportunity to raise any further objections, including evidentiary objections and objections to respondent's sourcing arguments, in his reply briefs and concluding summaries. Pursuant to California Code of Regulations, title 18, section 5523.6, and consistent with the Board's past practice, any relevant evidence may be submitted, and either party may raise objections to the evidence presented at the oral hearing.

While the Appeals Division has consented to the requests of the parties to make replacement filings in order to address concerns regarding confidential information and the disclosure of Philips documents, it again urges the parties to avoid further procedural disputes and focus on completing the briefing so that these appeals can be determined by the Board at the oral hearings.

If either party has any questions, please feel free to call me at (916) 205-1644.

Sincerely,

*Ellossa for*

Grant S. Thompson
Tax Counsel IV

GT/ekr

cc:     Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

        Craig Scott, FTB Legal                              (MS A260)
        Theresa Bush-Chavey, FTB Legal                      (MS A260)
        Khaaliq Abd'Allah, Board Proceedings Division       (MIC: 80)

EXHIBIT 101

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

November 20, 2014

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:     *Appeals of Gilbert P. Hyatt*
        Case ID Nos. 446509 and 435770
        Taxable Years 1991 and 1992
        Response to November 5, 2014 Letter Re: Motion to Strike

Dear Grant,

We are in receipt of your letter of November 5, 2014. The purpose of this letter is to urge the Appeals Division to rule on Mr. Hyatt's Motion to Strike (Motion) prior to FTB's re-filing of its DVD.[1]

As discussed below, with the possible exception of the improper use of Philips documents, the issues raised in the Motion are *not* moot. Indeed, given your direction to FTB not to make any substantive changes in the July 16, 2014, submission (except for removal of Philips documents), the exact same issues will remain unless your Board acts now. In the interest of an efficient resolution of the issues raised in the Motion and to avoid undue delay in the briefing and hearing, the Motion should be resolved now. If your Board does not rule

---

[1] Under RTA 5430(e), "The Chief of Board Proceedings may grant an exception to these requirements [*i.e.*, page limits and formatting for briefs] upon written request that establishes why an exception is necessary. If a brief is filed that does not comply with the requirements of this subdivision, the Chief of Board Proceedings may, in his or her discretion, return the brief to the filing party and grant 10 days in which to file a corrected brief. Failure to file a corrected brief within the 10-day period is a waiver of the right to file that brief." Of course, FTB filed a brief that did not comply with the requirements, as addressed in the Motion. Pursuant to your letter of November 5, 2014, your Board returned FTB's DVD to FTB containing all of FTB's second additional briefing and FTB's refiling of its whole case therewith , and FTB was granted not 10 days to file a replacement brief, but 70 days to file a DVD.

sa-70033

Grant S. Thompson
November 20, 2014
Page Two

on the Motion now, the same issues will arise again when FTB re-files its July 16, 2014, submission (for the third time), and Mr. Hyatt will be forced to file a new Motion to Strike.

Furthermore, your letter's statement that the Motion is now moot is not correct. Your letter had ruled that (1) Mr. Hyatt's current briefing due date of December 16, 2014, is vacated; (2) FTB's DVDs filed on May 22, 2014, June 4, 2014, July 16, 2014, and August 13, 2014, were being returned for FTB to make a redacted replacement submission by January 14, 2015; (3) Mr. Hyatt's December 7, 2012 DVD was being returned for Mr. Hyatt to make a replacement submission by January 14, 2015; and (4) the due date for Mr. Hyatt's reply brief and each party's concluding summaries has been extended.

How any of these rulings makes Mr. Hyatt's Motion "moot" is not explained in your letter and is not clear to us. We speculate the thinking might be that Mr. Hyatt's Motion was directed to FTB's July 16, 2014 Second Additional Briefing, and your ("foregoing") ruling has now returned that brief to FTB, i.e., the Motion is directed to a brief no longer on file with your Board, now making the Motion "moot." If that is your Board's reasoning for now declining to rule upon the Motion, we disagree. As explained below, the Motion is not moot under the circumstances of this case.

Moot cases are those in which the issues, by the passage of time or a change in circumstances, cease to exist. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573.) "[A]lthough a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character, it becomes a moot case or question which will not be considered by the court." (*Wilson v. Los Angeles County Civil Service Com.* (1952) 112 Cal.App.2d 450, 453.) However, there are three recognized exceptions to the mootness doctrine: (1) when the case presents an issue of broad public interest that is likely to recur (*Lundquist v. Reusser* (1994) 7 Cal. 4th 1193, 1202, fn. 8); (2) when there may be a recurrence of the controversy between the parties (*Grier v. Alameda-Contra Costa Transit Dist. (1976) 55 Cal. App. 3d 325, 330*), and (3) when a material question remains for the court's determination (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal. App. 3d 200, 205). (*See also Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479.)

Mr. Hyatt's Motion is not moot under any of these three exceptions and should now be ruled upon on the merits.

The common thread behind these three exceptions is that the mootness doctrine does not apply where there "is the distinct possibility that the controversy between the parties may recur" (*Los Angeles International Charter High School v. Los Angeles Unified School District* (2012) 209 Cal.App.4th 1348, 1354) or where "it is likely that there may be a

**MORRISON** | **FOERSTER**

Grant S. Thompson
November 20, 2014
Page Three

recurrence of the same controversy between the parties and the parties have fully litigated the issues…" (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4[th] 473, 480). Here, it is a guaranteed certainty the same controversy between Mr. Hyatt and FTB will recur.

Mr. Hyatt's Motion to Strike all or portions of FTB's Second Additional Briefing is based of five independent grounds: (1) FTB's briefing contains material regarding the so-called Philips documents which the New York Court order suppressed or redacted; (2) FTB's briefing violates your Board's clear and specific direction to file two separate briefs, by appeal year, focusing on the facts and arguments for that year; (3) FTB's briefing violates your Board's clear and specific direction regarding page limits; (4) FTB's briefing improperly re-briefs FTB's entire case, including use of material which was in FTB's possession, but that FTB did not argue until now when all prior briefing was completed; and (5) FTB's briefing improperly asserts the "sourcing" issue because FTB had failed to follow the prescribed statutory assessment procedures for making a sourcing assessment. Of these five grounds, only one (Ground One regarding the Philips documents) is perhaps now moot under the rulings set forth in your November 5th letter because FTB has been given an opportunity to correct the Ground One issue.[2] It is impossible that FTB's "replacement submission" will cure any of the other four defects complained of in the Motion. That is because your Board's November 5th letter directed that "[t]he FTB's replacement submission should not make any material changes to its July 16, 2014 filing, other than any additional redactions to remove Philips documents or information or protect confidential information." (Letter, p. 1, emphasis added.) In other words, FTB cannot make changes to its July 16, 2014 filing - which is the subject of Mr. Hyatt's motion - in response to Grounds Two through Five of that Motion.

What a finding of mootness here means is that FTB will not and cannot make any changes to its July 16, 2014, briefing in response to Mr. Hyatt's Motion. That means that upon FTB filing its replacement submission on or before January 14, 2015, all of the same errors set forth in the July 16, 2014, briefing which are the subject of Grounds Two through Five in the Motion will be found in the replacement submission. That means that Mr. Hyatt must, and will, immediately re-file his Motion which, in the face of FTB's replacement submission, will no longer be "moot."

The inevitably of this scenario is why Mr. Hyatt had urged that your Board direct FTB not to submit its replacement briefing until after your Board ruled on Mr. Hyatt's pending Motion.

---

[2] In view of FTB's previous admission of its violation of the New York court orders regarding the prohibited Philips documents, when FTB files its replacement brief, your Board should require FTB to represent to your Board and Mr. Hyatt that it had suppressed or redacted all prohibited Philips documents from its replacement brief.

**MORRISON** | **FOERSTER**

Grant S. Thompson
November 20, 2014
Page Four

Your Board's letter of November 5th guarantees precisely the scenario which Mr. Hyatt wished to avoid, and which we believed your Board wished to avoid, which is to become involved in an endless cycle of FTB re-submitting DVDs with no end in sight. (*See* Mr. Hyatt's Letter of Oct. 21, 2014.) FTB cannot fix the violations complained of by Mr. Hyatt, even if it wanted to, under your Board's November 5th letter. Once FTB files its replacement submission in January, your Board's November 5th letter makes clear that if Mr. Hyatt "has objections…any such objections…will be reviewed and considered at that time in light of the replacement filing…" (Emphasis added.) This virtually guarantees your Board "will" be reviewing Mr. Hyatt's objections, in a "new" Motion to Strike, which he must file in response to FTB's replacement filing. Going through the same Motion process again will further delay the case, which can be avoided by your Board now ruling on Mr. Hyatt's pending Motion.

Mr. Hyatt strongly desires, and has always desired, to "avoid further procedural disputes and focus on completing the briefing so that these appeals can be determined by the Board at the oral hearings." (November 5, 2014 Letter, p. 2.) However, Mr. Hyatt cannot stand idly by, "avoiding" procedural disputes, while FTB continues, and is allowed to continue, its repeated pattern in these appeals of violating your Board's rulings and the RTAs. Mr. Hyatt's Motion was filed on September 11, 2014 - now over two months ago. FTB was given an opportunity by your Board to respond to the Motion, and FTB responded by letter dated October 13, 2014, there stating it chose not "to reply to the specifics" of Mr. Hyatt's Motion. Mr. Hyatt, in his letter of October 13, 2014, argued to your Board that his Motion was then ready to be decided on the merits and that FTB's lack of argument should be treated by your Board as FTB's concession or waiver on the merits of the Motion. (Hyatt Oct. 13, 2014 Letter, pp. 2-3.).

Just as in *Cucamongans* where the proceeding was not moot, the issues here are fully briefed and litigated by the parties, and all that remains is for your Board to rule upon the issues in the Motion. Moreover, the facts here are even far more compelling than those in *Cucamongans*. While in *Cucamongans* it was "likely" the issues would reoccur, it is a certainty the issues will reoccur in early 2015 under the present posture of this case.

For these reasons, Mr. Hyatt moves your Board to address at this time the merits of his pending Motion.

Sincerely,

Eric J. Coffill

Eric J. Coffill

cc:     Bob Dunn, FTB

sa-70033

EXHIBIT 102



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-2618
*www.boe.ca.gov*

BETTY T. YEE
First District, San Francisco

SEN. GEORGE RUNNER (RET.)
Second District, Lancaster

MICHELLE STEEL
Third District, Orange County

JEROME E. HORTON
Fourth District, Los Angeles

JOHN CHIANG
State Controller

CYNTHIA BRIDGES
Executive Director

December 9, 2014

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

This letter responds to appellant's November 20, 2014 letter.

Under California Code of Regulations, title 18, section (Rule) 5435, subdivision (a), the Appeals Division determines the order, deadlines and conditions of additional briefing. Pursuant to that authority, the Appeals Division previously granted appellant's request that his December 16, 2014 due date be voided. Further, in order to allow for further redaction of Philips documents and confidential information, prior filings by the parties were returned or destroyed, and each party's request to make a replacement filing was granted.

Appellant now renews his prior objections to the FTB's returned filings and urges the Appeals Division to rule on his objections prior to the filing of the FTB's replacement brief. To the extent appellant's renewed motion seeks further redactions to, or rejection of, the FTB's as-yet-unfiled replacement submission, the request is denied.

As noted previously, appellant has an opportunity to raise any objections, including evidentiary objections and objections to respondent's sourcing arguments, in his reply briefs and concluding summaries. Pursuant to Rule 5523.6, and consistent with the Board's past practice, any relevant evidence may be submitted, and either party may raise objections to the evidence presented at the oral hearings.

The Appeals Division again urges the parties to avoid further procedural disputes and focus on completing the briefing so that these appeals can be determined by the Board at the oral hearings.

Appeals of Gilbert P. Hyatt                    -2-                    December 9, 2014

If either party has any questions, please feel free to call me at (916) 205-1644.

Sincerely,

Grant S. Thompson
Tax Counsel IV

GT:ekr

cc:     Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        400 Capitol Mall, Suite 2600
        Sacramento, CA  95814-4428

        Craig Scott, FTB Legal                          (MS A260)
        Theresa Bush-Chavey, FTB Legal                  (MS A260)
        Khaaliq Abd'Allah, Board Proceedings Division   (MIC: 80)

EXHIBIT 103

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

February 4, 2015

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Certified Mail No. 7014 0150 0000 5668 8173
Return Receipt Requested

Joann Richmond
Chief, Board Proceedings
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:   *Appeals of Gilbert P. Hyatt*
      Case ID Nos. 446509 and 435770
      Taxable Years 1991 and 1992
      Appellant's Motion, and Supplemental Motion, to Strike

Dear Ms. Richmond,

Enclosed please find two duplicate originals of "APPELLANT'S REQUEST FOR
IMMEDIATE RULING ON PENDING SEPTEMBER 11, 2014 MOTION TO STRIKE,
SUPPLEMENTAL MOTION TO STRIKE, AND REQUEST FOR SANCTIONS
REGARDING FTB'S SECOND ADDITIONAL BRIEFING." Please file one copy in each
of the above referenced Appeals No. 446509 and 435770.

The attached motion requests that your Board strike all or, in the alternative, portions of
FTB's second additional briefing, filed on January 14, 2015, on five grounds first set forth in
Appellant's Motion to Strike, filed on September 11, 2014, and on five grounds set forth in
Appellant's Supplemental Motion to Strike.

Mr. Hyatt's separate appeals for 1991 and 1992 were filed in January 2008, and twice prior
to this second additional briefing, Board Proceedings had notified the parties that briefing
was "completed." Mr. Hyatt filed his Motion to Strike with your Board on September 11,
2014, and your Board still has not ruled on that motion. (Two courtesy copies of that already
on-file Motion to Strike are enclosed for your convenience.) Mr. Hyatt asks your Board to
rule immediately on his (on-file, September 11, 2014) Motion to Strike, as well as his
enclosed Supplemental Motion to Strike.

sa-70208

**MORRISON | FOERSTER**

Joanne Richmond
February 4, 2015
Page Two

Your Board already has indicated that Mr. Hyatt can file a reply to FTB's January 14, 2015 replacement briefs, and Mr. Hyatt will do so. However, the time is already running on the filing date for that brief. (*See* 11/5/14 Letter from SBE (G. Thompson) to the parties.) <u>Until</u> your Board rules on both the Motion to Strike and Supplemental Motion to Strike which are directed at FTB's January 14, 2015 replacement briefs, Mr. Hyatt cannot prepare his reply to those replacement briefs.

Mr. Hyatt requests your Board rule on both motions as expeditiously as possible so as not to further delay the full Board hearings in the two appeals.

Sincerely,

Eric J. Coffill

Encls.  Two copies Supplemental Motion to Strike
        Two copies Motion to Strike

cc:     Bob Dunn, FTB (two copies Supplemental Motion, one copy Motion)
        Grant Thompson, SBE (two copies Supplemental Motion, one copy Motion)
        Board Members (one copy each of Supplemental Motion and Motion)
                Hon. Jerome Horton, Chair
                Hon. Betty T. Yee
                Hon. George Runner
                Hon. Diane Harkey
                Hon. Fiona Ma

sa-70208

EXHIBIT 104

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

February 13, 2015

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

RECEIVED

FEB 17 2015

Ap̲̲̲̲̲ vision
State Board of Equalization

By Certified Mail No. 7014 0150 0000 5668 8180
Return Receipt Requested; and by E-Mail
Joann Richmond, Chief, Board Proceedings
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

By Certified Mail No. 7014 0150 0000 5668 8197
Return Receipt Requested; and by E-Mail
Grant S. Thompson, Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:     *Appeals of Gilbert P. Hyatt*
        Case ID Nos. 446509 and 435770
        Taxable Years 1991 and 1992
        FTB's February 12, 2015 Replacement DVD

Dear Joann and Grant:

At approximately 8:45 a.m. this morning, my office received, by courier, a copy of a
February 12, 2015 letter from FTB to Grant in the above matters ("letter"), together with a
copy of a "replacement DVD" (the fourth such DVD and the third replacement thereof). A
copy of the letter is attached.

FTB appears to be providing your Board here with a full "replacement DVD" for that which
it filed with your Board on January 14, 2015 (which was filed pursuant to Grant's letter to
the parties dated November 5, 2014). The letter states additional items have been removed
from the FTB's January 14, 2015 DVD. The letter does not state that your Board requested
this new replacement DVD from the FTB or that your Board authorized or approved this new
replacement filing. The letter does not refer to any prior communications between the FTB
and your Board regarding the filing of this new replacement DVD.

As you know, there is currently pending before your Board Mr. Hyatt's Motion to Strike and
his Supplemental Motion to Strike, as more fully explained in Mr. Hyatt's February 4, 2015

MORRISON | FOERSTER

Joann Richmond
Grant S. Thompson
February 13, 2015
Page Two

letter to Joann and copied to Grant. In response to that February 4th letter, we received a
February 9, 2015 letter from Joann stating, in part, "the Appeals Division will be responding
under separate cover" to our February 4th letter. As of this date, we have not received any
such response from the Appeals Division.

Mr. Hyatt certainly had not expected FTB to file yet another replacement DVD, much less a
replacement brief which had not been requested or apparently pre-approved or authorized by
your Board.

Accordingly, Mr. Hyatt hereby requests until Monday, February, 23, 2015, which is
approximately one week, to review FTB's latest replacement DVD and then provide your
Board with his response to that replacement DVD, as well as his thoughts on how the
pending Motion to Strike and Supplemental Motion to Strike are affected by that latest
replacement DVD.

Sincerely,

Eric J. Coffill

Eric J. Coffill

Encl.

cc:     Bob Dunn, FTB (w/encl.)
        Scott DePeel, FTB (w/encl.)

sa-70236

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Friday, February 13, 2015 2:56 PM
**To:** Richmond, Joann; Thompson, Grant S (Legal)
**Cc:** DePeel, Scott@FTB (Scott.DePeel@ftb.ca.gov); Dunn.Robert
**Subject:** Hyatt Appeals, Nos. 446509 and 435770: 2/13/15 Letters to Grant Thompson and Joann Richmond

Dear Joann and Grant,

Earlier today, I received by courier a copy of a February 12, 2015 letter (and DVD) from FTB to your Board in the above matters. Attached please find copies of two identical letters which I am mailing (certified) to both of you today in the above matters relative to FTB's February 12th letter. I am copying both Bob Dunn and Scott DePeel, at FTB, by mail on both letters, and on this e-mail.

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

EXHIBIT 105

**From:** Thompson, Grant S (Legal)
**Sent:** Friday, February 13, 2015 5:39 PM
**To:** 'Coffill, Eric J.'
**Cc:** 'DePeel, Scott@FTB (Scott.DePeel@ftb.ca.gov)'; 'Dunn.Robert'; Richmond, Joann
**Subject:** RE: Hyatt Appeals, Nos. 446509 and 435770: 2/13/15 Letters to Grant Thompson and Joann Richmond

Appellant's request to have until February 23, 2015 to review the contents of the FTB's recent replacement submission and respond is granted. Following the Appeals Division's receipt and review of appellant's response, the Appeals Division will address appellant's recent objections and provide the response under separate cover which Joan's recent letter mentioned would be forthcoming.

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Friday, February 13, 2015 2:56 PM
**To:** Richmond, Joann; Thompson, Grant S (Legal)
**Cc:** DePeel, Scott@FTB (Scott.DePeel@ftb.ca.gov); Dunn.Robert
**Subject:** Hyatt Appeals, Nos. 446509 and 435770: 2/13/15 Letters to Grant Thompson and Joann Richmond

Dear Joann and Grant,

Earlier today, I received by courier a copy of a February 12, 2015 letter (and DVD) from FTB to your Board in the above matters. Attached please find copies of two identical letters which I am mailing (certified) to both of you today in the above matters relative to FTB's February 12th letter. I am copying both Bob Dunn and Scott DePeel, at FTB, by mail on both letters, and on this e-mail.

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

EXHIBIT 106

MORRISON | FOE_STER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

ORRISON FOERSTER LLP

BIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

February 23, 2015

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

RECEIVED

FEB 24 2015

Appeals Division
State Board of Equalization

By Certified Mail No. 7014 0150 0000 5668 8203
Return Receipt Requested

Joann Richmond
Chief, Board Proceedings
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:   *Appeals of Gilbert P. Hyatt*
      Case ID Nos. 446509 and 435770
      Taxable Years 1991 and 1992
      Appellant's Second Supplemental Motion to Strike

Dear Ms. Richmond,

Enclosed please find two duplicate originals of "APPELLANT'S SECOND
SUPPLEMENTAL MOTION TO STRIKE." Please file one copy in each of the above
referenced Appeals No. 446509 and 435770.

The attached motion requests that your Board strike all or, in the alternative, portions of
FTB's unauthorized second additional briefing, filed on February 13, 2015, on the five
grounds first set forth in Appellant's Motion to Strike, filed on September 11, 2014; on the
five grounds set forth in Appellant's Supplemental Motion to Strike; and on the grounds set
forth in this Second Supplemental Motion to Strike. In addition, because of FTB's repeated
violations of the New York Court orders and continued, long-standing abusive tactics
directed at Mr. Hyatt (*see* enclosed Second Supplemental Motion to Strike and the three
attached declarations), Mr. Hyatt also requests that your Board retract its prior request for the
Second Additional Briefing and prohibit FTB from re-filing its briefing.

On September 11, 2014, Mr. Hyatt filed his Motion to Strike with your Board, and your
Board still has not ruled on that motion. On February 4, 2015, Mr. Hyatt filed his
Supplemental Motion to Strike with your Board, and your Board has not yet ruled on that
motion. Mr. Hyatt now filed this Second Supplemental Motion to Strike, and asks your
Board to rule immediately on all three of these pending motions.

sa-70253

MORRISON | FOERSTER

Joann Richmond
February 23, 2015
Page Two


Your Board already has indicated that Mr. Hyatt can file a reply to FTB's January 14, 2015 replacement briefs, and Mr. Hyatt will do so. However, the time is already running on the filing date for that brief. (*See* 11/5/14 Letter from SBE (G. Thompson) to the parties.) Until your Board rules on these three pending motions, directed at FTB's unauthorized and improper replacement briefs, Mr. Hyatt cannot prepare his reply to those replacement briefs.

Sincerely,

*Eric J. Coffill*

Eric J. Coffill

Encls.  Two copies Second Supplemental Motion to Strike

cc:    Bob Dunn, FTB (two copies Second Supplemental Motion)
       Grant Thompson, SBE (two copies Second Supplemental Motion)
       Board Members (one copy each of Second Supplemental Motion)
            Hon. Jerome Horton, Chair
            Hon. Betty T. Yee
            Hon. George Runner
            Hon. Diane Harkey
            Hon. Fiona Ma

sa-70253

EXHIBIT 107



STATE OF CALIFORNIA

STATE BOARD OF EQUALIZATION
LEGAL DEPARTMENT, APPEALS DIVISION (MIC:85)
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-322-2168 • FAX 916-324-2618
www.boe.ca.gov

SEN. GEORGE RUNNER (RET.)
First District, Lancaster

FIONA MA, CPA
Second District, San Francisco

JEROME E. HORTON
Third District, Los Angeles County

DIANE L. HARKEY
Fourth District, Orange County

BETTY T. YEE
State Controller

CYNTHIA BRIDGES
Executive Director

March 5, 2015

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

Robert W. Dunn
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

This letter responds to appellant's February 4, 2015 submission, which appellant supplemented on February 23, 2015.

As background, on November 5, 2014, after considering appellant's prior objections and requests, the Appeals Division granted appellant's request that his December 16, 2014 due date be voided. Additionally, in order to allow for further redaction of Philips documents and confidential information, each party's request to make a replacement filing was granted. Respondent was also asked to provide a list of any changes made in order to facilitate appellant's review of respondent's redacted filings.

On November 20, 2014, appellant again renewed his prior objections to the FTB's filings. On December 9, 2014, the Appeals Division denied appellant's requests and noted that any objections could be raised in appellant's reply briefs and concluding summaries, as well as at the oral hearings.

The replacement filings requested by the Appeals Division were made on January 14, 2015, and appellant renewed his prior objections on February 4, 2015. On February 5, 2015, appellant's New York counsel stated that the FTB's filing still contained materials that could not be disclosed under the New York court orders. Appellant's counsel asked that the FTB confirm that it would withdraw its January 14, 2015 DVD and further confirm that, to the extent it files a replacement DVD, any such DVD would not contain any materials suppressed by the New York courts. Appellant's counsel warned that, absent the requested confirmation from the FTB, it would commence litigation in New York to enforce the New York orders and the FTB's alleged contempt thereof.

After further correspondence between appellant's New York counsel and the FTB's New York counsel, the FTB submitted a February 13, 2015 replacement DVD that redacted additional Philips materials, provided an itemized list of the pages redacted, and requested the return of its prior DVD.[1] While appellant's New York counsel had previously requested that the FTB's prior DVD be withdrawn and that any replacement DVD redact additional materials, appellant stated that he had not expected any replacement DVD and requested the opportunity to supplement his prior objection in light of the FTB's further redacted filing. Appellant's request was granted.

In response, on February 23, 2015, appellant submitted a "Second Supplemental Motion to Strike," which included over 500 pages of argument and exhibits, including three new affidavits concerning the FTB's audit practices generally and with respect to appellant during the 1990's. Appellant renews and supplements his prior motion which requested that the Board vacate the additional briefing and schedule oral hearings immediately. Appellant requests that the Board strike all or, in the alternative, portions of the FTB's February 13, 2015 filing and renews its request that the FTB's January 14, 2015 filing also be stricken. Appellant further requests that the Board prohibit the FTB from filing any additional briefing.

The Appeals Division appreciates the concerns raised by appellant and wishes to conduct the briefing in a manner that facilitates the parties' compliance with the New York court orders. However, the remedy advocated by appellant, striking the additional briefing and prohibiting further briefing, appears incommensurate with the allegedly improper disclosures that appellant identifies. Appellant identifies three instances in which exhibits to the FTB's briefing allegedly include materials ordered suppressed by the New York courts. The first two examples are from a September 14, 2012 letter to the BOE, in which FTB very briefly describes two Philips documents that were later suppressed by an October 7, 2013 New York court order, apparently on the basis that they were dated outside of the appeal years. The third document is a partially redacted single page of a transcript that both FTB and appellant previously provided. While appellant states that he believes the DVD contains additional prohibited materials, these are evidently the worst examples appellant could find and it is not immediately apparent to the Appeals Division how the cited disclosures are material or prejudicial to appellant.

Against these disclosures, the Appeals Division must weigh the remedy proposed by appellant. Among other things, striking the additional briefing would result in over 5,000 Philips documents being in the record without briefing, and would foreclose the Board from obtaining briefing from respondent on the over one hundred affidavits and declarations submitted by appellant with and following his most recent briefing. In the opinion of the Appeals Division, holding an oral hearing without further briefing in these circumstances would be unproductive and not conducive to a reasoned and fair resolution of the appeals.

The Appeals Division would appreciate the assistance of the parties in fashioning a practical remedy that addresses appellant's concerns while not foreclosing the Board's ability to obtain needed briefing. To the extent the parties are in agreement that certain additional materials should be redacted or removed, the Appeals Division is willing to itself redact or

---

[1] Appellant provides a letter from the FTB's New York counsel stating that her understanding was that the BOE had agreed to accept a further redacted filing. This reflects a misunderstanding as no determination had yet been made on how any further redacted filing from the FTB would be handled. On the same day that the FTB's filing was received, the Appeals Division granted appellant's request to address it by supplementing his prior filing. As noted below, the Appeals Division wishes to hear from both sides before determining how the new filing should be handled.

remove materials, if and to the extent it is administratively feasible and can be done in compliance with applicable laws and regulations. For example, it appears to the Appeals Division that it could remedy the three instances cited by appellant above with redaction, without the need for any further replacement brief. Further, appellant has requested the return or destruction any hard copies of the Exhibit A that was attached to the FTB's April 29, 2013 letter. The Appeals Division has conducted a diligent search of Board records and hereby confirms that such hard copies have been destroyed.

The Appeals Division requests that, by March 17, 2015, the FTB submit a response to appellant's submission that includes an explanation of how the materials cited by appellant came to be included in its recent filings, and how it proposes that appellant's remaining concerns could be most quickly and effectively addressed. The Appeals Division requests that appellant then submit any response by March 30, 2015. In light of the foregoing, the current due date of April 14, 2015 for appellant's briefs and the FTB's concluding summaries is extended to July 7, 2015.

Appellant has argued in various submissions that there has been no ruling on his September 11, 2014 "Motion to Strike." On the contrary, the Appeals Division has addressed all of appellant's motions and sought to move these appeals forward in a manner that addressed appellant's concerns while still facilitating an orderly and fair oral hearing. As summarized above, in response to appellant's initial motion, the Appeals Division requested that respondent file a replacement DVD that redacted additional information and provided a list of changes, in order to assist in appellant's review. Appellant then objected to this result and requested that respondent be prevented from filing the requested replacement DVD, and the Appeals Division denied this request. When the requested replacement DVD was submitted, appellant again requested that it be rejected, and appellant's counsel in New York threatened litigation against respondent. When respondent then submitted a further replacement DVD in an apparent effort to address concerns raised by appellant's New York counsel, appellant then submitted his most recent supplemental objection.

To the extent appellant seeks to prevent the FTB from filing further briefing, appellant's motions have been, and are, denied. However, the Appeals Division has sought to address appellant's confidentiality concerns and will continue to seek remedies that allow these appeals to go forward in a manner that is not prejudicial to either party.

Appellant contended that the FTB's January 14, 2015 replacement filing should be returned or destroyed on the ground that it allegedly still includes material which needs to be redacted to protect confidential taxpayer information. The Appeals Division appreciates appellant's privacy concerns, as well as the FTB's efforts to address such concerns, and the Appeals Division allowed the filing of further redacted replacement submissions in part to address such concerns. Prior to any public disclosure of the filings in this appeal, and in accordance with applicable law and the Board's normal procedures, the Board's Disclosure Officer will review all materials to ensure that any necessary additional redactions are made. Of course, to the extent the parties become aware of additional redactions that should be made prior to any public disclosure, we encourage the parties to continue to draw our attention to any such necessary redactions.

Appeals of Gilbert P. Hyatt                    -4-                         March 5, 2015

If either party has any questions, please feel free to call me at (916) 205-1644.

Sincerely,

*Grant Thompson*

Grant Thompson
Tax Counsel IV

GT:sh

cc:     Gilbert P. Hyatt
        c/o Morrison & Foerster LLP
        400 Capitol Mall, Suite 2600
        Sacramento, CA 95814-4428

        Craig Scott, FTB Legal                              (MS A260)
        Theresa Bush-Chavey, FTB Legal                      (MS A260)
        Khaaliq Abd'Allah, Board Proceedings Division       (MIC: 80)

EXHIBIT 108

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

March 30, 2015

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

RECEIVED

APR 01 2015

Appeals Division
State Board of Equalization

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:   *Appeals of Gilbert P. Hyatt*
      Case ID Nos. 446509 and 435770
      Taxable Years 1991 and 1992
      Response to FTB's March 17, 2015 Letter

Dear Grant,

Given FTB's repeated violations of the Suppression Orders issued by the New York Court, on March 16, 2015, the New York Court entered a temporary restraining order ("TRO") enjoining the FTB "from filing any further materials in the SBE proceeding unless its New York counsel of record submits an affirmation confirming that any such filing fully complies with the Suppression Orders [of the New York Court dated October 7, 2013, and March 13, 2014]." The New York Court entered the TRO based upon its findings that (a) Mr. Hyatt has shown a likelihood of success in demonstrating that the FTB's various filings with the SBE have improperly included suppressed information (whether by negligence, recklessness or design); and (b) the burden to ensure compliance with the Suppression Orders by the FTB of its own filings properly rests with the FTB, not with Mr. Hyatt. As the New York Court stated upon issuing the TRO: "It is the tax board's burden, not the petitioner's [Hyatt's] burden, to ensure that its filings comply with this Court's order." (3/16/15 Tr. from TRO Hearing, at 15:7-9, copy attached.)

In view of the New York Court's TRO, the New York Court's prior Suppression Orders, and this Board's statement on page two of its March 5, 2015, letter to the parties that it "wishes to conduct the briefing in a manner that facilitates the parties' compliance with the New York court orders," Mr. Hyatt respectfully submits that FTB's third and fourth DVDs and corresponding hard copy filings to your Board (which indisputably include suppressed information) should be returned immediately to FTB, and FTB may make any re-filings

MORRISON | FOERSTER

Grant S. Thompson
March 30, 2015
Page Two

either in full compliance with the TRO or else at the conclusion of the proceedings in New York (and subject to whatever final order is issued from those proceedings).

Furthermore, as a technical matter, it is noteworthy that your Board cannot redact the DVDs as suggested by FTB because DVDs are a "read-only" mechanical media. Thus, regardless of the process selected by your Board, these DVDs and any hard copy versions thereof should be returned to FTB or destroyed.

FTB's characterization and treatment of this matter in its March 17, 2015, letter to your Board is unduly dismissive. FTB's statements on page three of its letter regarding "the extent of Mr. Hyatt's specific complaints with FTB's most recent submission," and on page two of its letter regarding "the documents about which Mr. Hyatt currently complains…," assume that minor redactions by FTB of its existing use of prohibited Philips documents will solve all its problems under the New York court orders. FTB ignores the fact that Mr. Hyatt's motions make clear on their face that they are only "examples" of Suppression Order violations by the FTB in its various submissions to your Board.

Mr. Hyatt's application in New York makes equally clear that he has been unable to review the entirety of FTB's massive filings to your Board (i.e., the third and fourth DVDs and hard copy filings) to detect each and every incident of Suppression Order violations because FTB's filings are both unduly voluminous and convoluted for Mr. Hyatt to have to penetrate. Mr. Hyatt sought and obtained the TRO because FTB further indicated its unwillingness to check its own work for good faith and complete Suppression Order compliance without a further Court Order. (*See* Petitioner's Mem. of Law dated Mar. 11, 2015 at 10-11, 18-20.)

Critically, for purposes of the TRO, the New York Court concurred that "[i]t is the tax board's burden, not the petitioner's burden, to ensure that its filings [with your Board] comply with this Court's order." That is why the New York Court ordered FTB's New York counsel to file an affirmation that all further filings comply with the New York Court's Suppression Orders. We are confident that the New York Court's essential finding at the TRO stage -- that the burden to unpack the FTB's summarizations and characterizations of the evidence to ensure that such evidence has not been suppressed properly rests with the FTB -- will continue through later stages of the New York proceeding, including at the hearing set for April 27, 2015.

While Mr. Hyatt appreciates your Board's suggestion on pages 2-3 of its March 5, 2015 letter that your Board might "itself redact or remove materials, if and to the extent it is administratively feasible," we do not perceive an administratively feasible way for your Board to review every page of FTB's various filings (totaling tens of thousands of pages) to ensure full compliance with the New York Court's Suppression Orders. Only FTB

**MORRISON | FOERSTER**

Grant S. Thompson
March 30, 2015
Page Three

personnel, who are intimately familiar with its own briefings and with the details of the Philips documents, are able to recognize the subtle nuances regarding the suppressed material embedded in its Second Additional Briefings. Again, the suppressed material identified to date by Mr. Hyatt represents only a few examples, as it is unduly burdensome for Mr. Hyatt to review the entirety of FTB's filings for suppressed material. And, again, the New York Court agreed that Mr. Hyatt should not have to endure such a burden that properly belongs to FTB (nor should that undue and infeasible burden be borne by your Board).

In your letter dated March 5, 2015, you invited the parties to "fashion a practical remedy" to address FTB's violations of the New York Court's Suppression Orders. The record reflects that Mr. Hyatt tried to do just that prior to seeking and obtaining the TRO, but FTB refused to consider or to propose any good faith approaches for assuring its own compliance with the Suppression Orders. FTB made clear it would not alter its conduct without a further order from the New York Court, which Mr. Hyatt has now obtained. We respectfully submit that the TRO should now instruct how the parties further fashion any practical remedy from here.

Accordingly, Mr. Hyatt submits that the only practical and feasible remedy is (1) returning the DVDs and corresponding hard copies filed on January 14, 2015 and February 13, 2015, to FTB, and (2) ordering FTB to re-file the DVD with an affirmation consistent with the New York Court's order. This remedy is the only workable remedy because, as noted, it is not technically possible for your Board to redact documents on the DVD. In addition, this Board cannot assume that FTB's DVD contains no additional documents or information covered by the New York Court Suppression Orders because Mr. Hyatt has not undertaken a full review of the entire DVD, and FTB has already included prohibited materials on each of the prior four DVDs it has filed. This modest remedy is the only way to ensure FTB files no more prohibited documents. Finally, even if it were possible to redact documents from a DVD, it would not be a practical remedy for this Board to take on the enormous task of redacting FTB's DVD to ensure compliance with the New York Court Suppression Orders. Such action by this Board would surely cause this Board to become unduly implicated in the New York Court proceedings if there were any disputes as to compliance with the Suppression Orders.[1]

---

[1] At page 2 of FTB's letter, FTB incorrectly states that Mr. Hyatt is the cause of the delay in processing these appeals for the period 2011-2014. FTB's claim should be rejected out of hand. FTB never asked for the Philips documents during the audit or protest, even though it was well aware of the Mr. Hyatt's relationship with Philips, and FTB waited until more than 20 years after the period at issue to seek documents from Philips. FTB has never explained when it waited 20 years before seeking documents from Philips. FTB's handling of the Phillips documents then requires Mr. Hyatt to repeatedly return to the New York courts, with the most recent occurrence being the March 16, 2015 TRO entered against FTB. All blame for the present delays fall squarely on FTB, which is repeatedly required to re-file briefing with the SBE because of violations of the New York court orders.

MORRISON | FOERSTER

Grant S. Thompson
March 30, 2015
Page Four

In closing, the TRO makes clear that the prior Suppression Orders by the New York Court
will be enforced by that Court. While the TRO currently addresses only future filings by
FTB, there can be no doubt that FTB's third and fourth DVDs must also comply with the
Suppression Orders. There is certainly no justification for FTB to contend that only its future
filings must comply with the Suppression Orders, but that its past filings need not. That
position, if maintained by FTB, would smack of bad faith. We thus submit that Mr. Hyatt's
proposal as described above is reasonable and in accord with both the New York Court's
TRO, the New York Court's Suppression Orders, and this Board's expressed determination
also to fully comply with the Suppression Orders.

Sincerely,

Eric J. Coffill

Encls.

cc:     Bob Dunn, FTB (w/encls.)

EXHIBIT 109

**MORRISON** | **FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA  95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON  FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

April 20, 2015

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA  94279-0085

Re:    *Appeals of Gilbert P. Hyatt*
       Case ID Nos. 446509 and 435770
       Taxable Years 1991 and 1992
       <u>Pending Requests in March 30, 2015 Letter</u>

Dear Grant,

By letter dated March 30th, we requested your Board take two immediate steps to move Mr. Hyatt's two pending appeals toward hearing as expeditiously as possible.  First, Mr. Hyatt requested that FTB's third and fourth DVDs and corresponding hard copy filings to your Board (which indisputably include suppressed information) should be ordered returned immediately to FTB.  Second, Mr. Hyatt requested that your Board order FTB to re-file the DVD with an affirmation consistent with the New York Court's order.

FTB has not filed any response to Mr. Hyatt's March 30th letter, much less any objection to Mr. Hyatt's two requests set forth therein.

Three weeks have now passed, and your Board has not yet acted on either of Mr. Hyatt's requests.

Your Board's March 5, 2015 letter to the parties stated that it "would appreciate the assistance of the parties in fashioning a practical remedy" regarding FTB's use of the Philips documents, and that your Board "wishes to conduct the briefing in a manner that facilitates the parties' compliance with the New York court orders."  Mr. Hyatt's March 30th letter proposed such a practical remedy consistent with the New York court orders.

sa-70420

**MORRISON** | **FOERSTER**

Grant S. Thompson
April 20, 2015
Page Two

We again request that your Board act, as expeditiously as possible, on Mr. Hyatt's two
requests so as to move these cases to hearing.

Sincerely,

*Eric J. Coffill*

Eric J. Coffill

cc:     Bob Dunn, FTB

EXHIBIT 110

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Friday, May 15, 2015 11:56 AM
**To:** Thompson, Grant S (Legal); 'Robert.Dunn@ftb.ca.gov'; 'Scott.DePeel@ftb.ca.gov'
**Subject:** Re: Hyatt Appeals, No. 446509 and 435770: 4/20/15 Letter to SBE

Grant,

I am not aware of any ruling yet by the NY court.

Eric

-------------------------
Sent from my BlackBerry Wireless Handheld

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Friday, May 15, 2015 10:24 AM
**To:** Coffill, Eric J.; 'Dunn.Robert' <Robert.Dunn@ftb.ca.gov>; 'DePeel, Scott@FTB (Scott.DePeel@ftb.ca.gov)'
<Scott.DePeel@ftb.ca.gov>
**Subject:** RE: Hyatt Appeals, No. 446509 and 435770: 4/20/15 Letter to SBE

Hello all,

Has either party heard anything further from the New York court as to when a decision might be issued?

Also, Scott and Bob, there was previously an out-of-office email from Bob that indicated he would be out of office until December.  Please let me know if this was perhaps just a mistake in the email or if Bob in fact will be out until December.  If Bob will be out until December or for a substantial period, Scott, will you be handling this matter in his absence?

Thank you.

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Thursday, April 30, 2015 12:10 PM
**To:** Thompson, Grant S (Legal); 'Dunn.Robert'
**Subject:** RE: Hyatt Appeals, No. 446509 and 435770: 4/20/15 Letter to SBE

Hi Grant,

My understanding is that oral argument was held in New York, as scheduled, in connection with Mr. Hyatt's application for civil contempt against the FTB.  The Judge indicated that she was reserving decision and that she expected to issue a written decision relatively soon.

FYI, I will be out of the office starting Friday, May lst, and returning to the office on Monday, May 18th.  I am planning to check e-mails daily, subject to connection issues, but I may be a bit difficult to reach.

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

---

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Thursday, April 30, 2015 8:54 AM
**To:** Coffill, Eric J.; 'Dunn.Robert'
**Subject:** RE: Hyatt Appeals, No. 446509 and 435770: 4/20/15 Letter to SBE

Hello,

I would appreciate it if the parties could provide an update on the New York proceedings and hearing held this week.

FYI – I will be out of the office tomorrow and Monday.

Thank you.

---

**From:** Thompson, Grant S (Legal)
**Sent:** Tuesday, April 21, 2015 4:50 PM
**To:** 'Coffill, Eric J.'
**Cc:** 'Dunn.Robert'
**Subject:** RE: Hyatt Appeals, No. 446509 and 435770: 4/20/15 Letter to SBE

In response to your April 20 letter, our understanding is that the issues raised by Mr. Hyatt with regard to the New York court orders will be addressed by the New York court at an oral hearing to be held next week. We believe it is prudent to see how those issues are addressed next week before responding.

---

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Monday, April 20, 2015 2:44 PM
**To:** Thompson, Grant S (Legal)
**Cc:** Dunn.Robert
**Subject:** Hyatt Appeals, No. 446509 and 435770: 4/20/15 Letter to SBE

Dear Grant,

Attached please find a pdf copy of an April 20, 2015 letter which I am mailing to you today. I am copying Bob Dunn by both mail and by this e-mail.

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222

ECoffill@mofo.com | www.mofo.com

================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

EXHIBIT 111

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.



RECEIVED
JUN - 8 2015
SACRAMENTO LEGAL
FRANCHISE TAX BOARD

June 3, 2015

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re: *Appeals of Gilbert P. Hyatt*
Case ID Nos. 446509 and 435770
Taxable Years 1991 and 1992
<u>Request for Extension of Time to File Appellant's Reply Briefs</u>

Dear Grant,

By letter dated March 5, 2015, your Board notified the parties that the due date for filing Appellant's Reply Briefs (ARBs) and conclusion summaries was extended to July 7, 2015.

For the reasons set forth below, Mr. Hyatt hereby requests an extension of time of 90 days, to and including October 7, 2015, to file his ARBs and conclusion summaries.

Your Board's letter of March 5th recognized the complexities of FTB using in this matter the so-called Philips documents, which FTB obtained under subpoenas issued in New York. Your Board is well familiar with the history of the New York court proceedings involving FTB's use of those documents, and Mr. Hyatt's repeated and successful efforts to prevent and/or limit FTB's use of such documents in violation of a series of orders issued by the New York courts. Your Board's letter of March 5th partially recounts that history and states the Appeals Division "wishes to conduct the briefing in a manner that facilitates the parties' compliance with the New York court orders." Your letter also requested that FTB submit a response to your Board which includes an explanation of how certain materials related to the Philips documents came to be included in FTB's filing with your Board and a proposal to address Mr. Hyatt's concerns regarding its use of the Philips documents in violation of the New York court orders.

**MORRISON | FOERSTER**

Grant S. Thompson
June 3, 2015
Page Two

FTB's course of conduct subsequent to your March 5th letter has continued to cause delays in the resolution of these appeals by FTB's continued use of Philips documents in violation of the New York court orders.

Mr. Hyatt secured an Order to Show Cause from the New York court dated March 16, 2015, directed to FTB, under which FTB is temporarily restrained and enjoined from filing any further materials in the SBE proceedings unless its New York counsel of record submits an affirmation confirming that any such filing fully complies with the orders of the New York court governing FTB's use of the Philips documents. The court then set a hearing on Mr. Hyatt's motion for April 27, 2015.

By letter to your Board dated March 17, 2015, FTB then responded to your Board's letter of March 5th and agreed to redact from its briefing certain materials related to prohibited Philips documents.

By letter to your Board dated March 30, 2015, Mr. Hyatt responded to FTB's letter of March 17th and explained why FTB's proposed solution to the Philips document problem was not acceptable. Mr. Hyatt proposed that your Board return to FTB the DVDs and corresponding hard copies of its briefing filed on January 14, 2015, and February 13, 2015, and order FTB to re-file the DVD with an affirmation consistent with the New York court's order dated March 16th.

By letter to your Board dated April 20th, Mr. Hyatt repeated its request for your Board to act on Mr. Hyatt's requests in his March 30th letter.

Now, over two months later, neither FTB nor your Board has responded to Mr. Hyatt's letter and requests of March 30th.

On April 27th the New York court held a hearing on Mr. Hyatt's motion, and took the matter under submission at the conclusion of that hearing. As of this date, over a month after the hearing, there is still no ruling from the court.

The current due date for the ARBs and summaries is now only a month away. It is neither practical nor possible for Mr. Hyatt to be drafting effective briefing at this time when the central issue in the supplemental briefing, now due July 7th, is FTB's use of the Philips documents, when FTB's use of the Philips documents has not yet been determined by the New York court. Mr. Hyatt should not be asked to speculate what Philips documents can be used by FTB under the court's upcoming order and to draft briefs based on such speculation. Even if the New York court was to issue its ruling today, it is anticipated that FTB will be required to re-file its briefing with your Board, which then will necessitate Mr. Hyatt responding – and currently by July 7th – to that briefing. It is also possible that further

sa-70503

**MORRISON | FOERSTER**

Grant S. Thompson
June 3, 2015
Page Three

appeals will follow by one or both parties, as both Mr. Hyatt and FTB have both appealed prior rulings in this matter by the New York courts.

Furthermore, Mr. Hyatt has been handicapped in preparing his ARBs because he does not have a final version of FTB's Supplemental Additional Briefs and because of the significant extent of FTB's Supplemental Additional Briefs .

Accordingly, Mr. Hyatt requests an extension of time of 90 days, to and including October 7, 2015, to file his ARBs and conclusion summaries.

Sincerely,

Eric J. Coffill

Eric J. Coffill

cc:     Bill Hilson, FTB (by mail and e-mail)[1]
        Scott DePeel, FTB (by mail and e-mail)

---

[1] Pursuant to your June 1, 2015 e-mail to the parties, all notices to FTB in any matters relating to the Hyatt appeals are now to be sent to Bill Hilson and Scott DePeel (and no longer to Bob Dunn).

sa-70503

EXHIBIT 112

**DePeel, Scott@FTB**

| | |
|---|---|
| **From:** | Thompson, Grant S (Legal) [Grant.Thompson@boe.ca.gov] |
| **Sent:** | Thursday, June 04, 2015 3:37 PM |
| **To:** | Hilson, Bill@FTB; 'Coffill, Eric J.' |
| **Cc:** | DePeel, Scott@FTB |
| **Subject:** | RE: Hyatt Appeals, No. 446509 and 435770:  6/3/15 Letter to SBE |

In light of the continued New York litigation, appellant's request for an extension to October 7, 2015, is granted. Therefore, appellants' briefs, including its concluding summaries, are due on that date.  The deadline for FTB's concluding summaries is also extended to the same date.

---

**From:** Hilson, Bill@FTB [mailto:Bill.Hilson@ftb.ca.gov]
**Sent:** Thursday, June 04, 2015 10:07 AM
**To:** Thompson, Grant S (Legal); 'Coffill, Eric J.'
**Cc:** DePeel, Scott@FTB
**Subject:** RE: Hyatt Appeals, No. 446509 and 435770: 6/3/15 Letter to SBE

Hi Grant,

We've received Mr. Coffill's correspondence dated June 3, 2015, and your e-mail of the same date.  While we vehemently disagree with Mr. Coffill's rendition of the cause for the delay in this case, I see no reason to take the time to draft a lengthy letter outlining the true chronology of events which has led us to Mr. Coffill's request to extend the existing July 7, 2015 due date for further submissions to your Board to October 7, 2015.  FTB is amenable to whatever extension BOE may extend to Mr. Hyatt so long as FTB receives the same consideration.

---

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Wednesday, June 03, 2015 1:09 PM
**To:** 'Coffill, Eric J.'
**Cc:** Hilson, Bill@FTB; DePeel, Scott@FTB
**Subject:** RE: Hyatt Appeals, No. 446509 and 435770: 6/3/15 Letter to SBE

Received.  I expect we will be able to respond tomorrow or Friday.

---

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Wednesday, June 03, 2015 12:24 PM
**To:** Thompson, Grant S (Legal)
**Cc:** 'Hilson, Bill@FTB (Bill.Hilson@ftb.ca.gov)'; DePeel, Scott@FTB (Scott.DePeel@ftb.ca.gov)
**Subject:** Hyatt Appeals, No. 446509 and 435770: 6/3/15 Letter to SBE

Dear Grant,

Attached please find a pdf copy of a June 3, 2015 letter which I am mailing to you today. I am copying both Bill Hilson and Scott DePeel by both mail and by this e-mail.

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA

Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

================================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

CONFIDENTIALITY NOTICE: This email from the State of California is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review or use, including disclosure or distribution, is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this email.

EXHIBIT 113

**DePeel, Scott@FTB**

| | |
|---|---|
| **From:** | Coffill, Eric J. [ECoffill@mofo.com] |
| **Sent:** | Wednesday, August 12, 2015 3:05 PM |
| **To:** | Thompson, Grant S (Legal) (Grant.Thompson@boe.ca.gov) |
| **Cc:** | DePeel, Scott@FTB |
| **Subject:** | Hyatt Appeals, No. 446509 & 435770: Status Report on the NY Litigation |

Dear Grant,

I want to update you on the status of the New York Court proceedings involving the subpoenas for the Philips documents.

To recap, on March 16, 2015, the NY Court entered a temporary restraining order (TRO) enjoining the FTB "from filing any further materials in the SBE proceedings unless its New York counsel of record submits an affirmation confirming that any such filing fully complies with the Suppression Orders [of the New York Court dated October 7, 2013, and March 13, 2014]."  A copy of the March 16, 2015 TRO was attached to my letter to you of March 30, 2015.

The New York Court then set a hearing on Mr. Hyatt's motion, which was held on April 27, 2015.  The court took the matter under submission at the conclusion of that hearing.  Because no ruling had been issued by the court as of June 3, 2015 - over a month after the hearing - my letter to you of June 3, 2015 requested an extension of time of 90 days, to and including October 7, 2015, for Mr. Hyatt to file his ARBs and conclusion summaries.  By e-mail to the parties dated June 4, 2015, you stated that '{i]n light of the continued New York litigation," the requested extension was granted to October 7, 2015.

I write you today to inform you that as of this date – now well *over four months* since the hearing was held on April 27th, Mr. Hyatt has yet to receive any decision from the New York Court.  While Mr. Hyatt is not making at this time a request for additional time beyond the current October 7th due date, the need for another extension is very likely in light of the inaction by the New York Court for over four months on a key issue regarding FTB's and Mr. Hyatt's ability to use the Philips documents in the pending appeals.  Until such time as it is absolutely clear what such documents can and cannot be used in the appeals, it is impossible to prepare and file our ARBs and summaries.

I will notify you as soon as we receive an order from the New York Court in this matter.

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

_____

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

EXHIBIT 114

MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

August 26, 2015

Writer's Direct Contact
+1 (916) 325.1324
ECoffill@mofo.com

By Mail and E-Mail This Date

Grant S. Thompson
Tax Counsel IV
California State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re:     *Appeals of Gilbert P. Hyatt*
        Case ID Nos. 446509 and 435770
        Taxable Years 1991 and 1992
        Request for Extension of Time to File Appellant's Reply Briefs and Conclusion
        Summaries

Dear Grant,

Mr. Hyatt hereby requests an extension of time of 120 days, to and including February 4, 2016, in which to file Appellant's Reply Briefs (ARBs) and conclusion summaries. The current due date for those filings is October 7, 2015. We are requesting an extension of 120 days, instead of 90 days, to avoid the due date falling immediately after December holidays and vacations.

To summarize the status of this matter, on March 16, 2015, the NY Court entered a temporary restraining order (TRO) enjoining the FTB "from filing any further materials in the SBE proceedings unless its New York counsel of record submits an affirmation confirming that any such filing fully complies with the Suppression Orders [of the New York Court dated October 7, 2013, and March 13, 2014]." A copy of the March 16, 2015 TRO was attached to my letter to you of March 30, 2015.

The New York Court then set a hearing on Mr. Hyatt's motion, which was held on April 27, 2015. The court took the matter under submission at the conclusion of that hearing. Because no ruling had been issued by the court as of June 3, 2015 – over a month after the hearing – my letter to you of June 3, 2015 requested an extension of time of 90 days, to and including October 7, 2015, for Mr. Hyatt to file his ARBs and conclusion summaries. By e-mail to the

sa-70642

**MORRISON** | **FOERSTER**

Grant S. Thompson
August 26, 2015
Page Two

parties dated June 4, 2015, you stated that "{i]n light of the continued New York litigation," the requested extension was granted to October 7, 2015.

By email dated August 12, 2015, I informed you of the fact no ruling had been issued by the NY Court and, consequently, Mr. Hyatt might seek an extension of time at a later date.

As of this date – now over five months since the TRO was issued, and four months since the hearing was held on April 27th, Mr. Hyatt still has not received any decision from the New York Court. The ARBs and conclusion summaries are now due in approximately one month. However, until such time as it is absolutely clear what Philips documents can and cannot be used by Mr. Hyatt and the FTB in the appeals, Mr. Hyatt cannot adequately prepare and file the ARBs and summaries.

Mr. Hyatt hereby requests an extension of time of 120 days, to and including February 4, 2016, in which to file Appellant's Reply Briefs (ARBs) and conclusion summaries.

Sincerely,

Eric J. Coffill

Eric J. Coffill

cc:     Bill Hilson, FTB (by mail and e-mail)
        Scott DePeel, FTB (by mail and e-mail)

EXHIBIT 115

**DePeel, Scott@FTB**

| | |
|---|---|
| **From:** | Hilson, Bill@FTB |
| **Sent:** | Saturday, September 12, 2015 12:10 PM |
| **To:** | 'Thompson, Grant S (Legal)'; 'Coffill, Eric J.' |
| **Cc:** | DePeel, Scott@FTB |
| **Subject:** | RE: Hyatt Appeals, Nos. 446509 and 435770:  Aug. 26, 2015 Letter to SBE |
| **Attachments:** | 09_10_15 NYSC WC ADO.pdf |

Grant,

I am attaching a copy of the Amended Order issued by Judge Lefkowitz with respect to the most recent proceeding initiated on behalf of Mr. Hyatt in New York.  While the Order clearly speaks for itself, the relief sought has been denied in its entirely and the interim requirement that FTB filings with your Board require an attestation from FTB's New York counsel has been vacated.  I do not yet have the Notice of Entry contemplated by the Order but will forward it to you once received.

---

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Thursday, August 27, 2015 5:01 PM
**To:** 'Coffill, Eric J.'
**Cc:** Hilson, Bill@FTB; DePeel, Scott@FTB
**Subject:** RE: Hyatt Appeals, Nos. 446509 and 435770: Aug. 26, 2015 Letter to SBE

Appellant's request for an extension is granted.  Therefore, as requested by appellant, the time for filing appellant's reply briefs and concluding summaries is extended to February 4, 2016.  The time for the FTB to file its concluding summaries is also extended to that date.

---

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Wednesday, August 26, 2015 3:55 PM
**To:** Thompson, Grant S (Legal)
**Cc:** William C. Hilson Jr. (bill.hilson@ftb.ca.gov); DePeel, Scott@FTB (Scott.DePeel@ftb.ca.gov)
**Subject:** Hyatt Appeals, Nos. 446509 and 435770: Aug. 26, 2015 Letter to SBE

Dear Grant,

Attached please find a pdf copy of an August  26, 2015 letter which I am mailing to you today.  I am copying both Bill Hilson and Scott DePeel by both mail and by this e-mail.

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

===============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail ECoffill@mofo.com, and delete the message.

EXHIBIT 116



STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-2618
www.boe.ca.gov

SEN. GEORGE RUNNER (Ret.)
First District, Lancaster

FIONA MA, CPA
Second District, San Francisco

JEROME E. HORTON
Third District, Los Angeles County

DIANE L. HARKEY
Fourth District, Orange County

BETTY T. YEE
State Controller

CYNTHIA BRIDGES
Executive Director

September 23, 2015

Eric J. Coffill
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428

William Hilson
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

This letter responds to appellant's September 15, 2015 letter and the Franchise Tax Board's (FTB's) September 17, 2015 response. Each party's correspondence was submitted following the Notice of Entry of Judgment, dated September 11, 2015, from the New York court.

Appellant has requested that the DVDs submitted by the FTB on January 14, 2015, and February 12, 2015, be returned and that the FTB be directed to file a replacement DVD that fully complies with the New York court orders. The FTB has objected and requested that the Appeals Division redact the DVDs.

The Appeals Division has considered the requests of the parties and the recent decision of the New York court and notes that the New York court states in its September 8, 2015 Decision and Order that "To the extent that the parties seek relief with respect to previous filings in either the Tax Appeal or the New York Appeal, such relief is more properly sought from the tribunal in which the filings were made in the absence of any prejudice to Hyatt from the filings." With the foregoing in mind, the Appeals Division provides below a procedure by which appellant's redaction concerns may be addressed at the Board of Equalization.

By no later than October 23, 2015, the FTB is directed to provide a list describing, in detail, the additional redactions that it requests be made to its February 12, 2015 filing.[1]

Following receipt of the FTB's list of requested redactions, appellant will have thirty days to agree to the FTB's list or provide any additional redactions or changes to the scope of the FTB's redactions that it believes are required by law. Following receipt of appellant's submission, the FTB and

---

[1] The FTB's February 12, 2015 filing replaces its January 14, 2015 filing. Accordingly, the January 14, 2015 filing is being returned to the FTB with this letter, and copies of that filing have been destroyed.

Appeals of Gilbert P. Hyatt                    -2-                    September 23, 2015

appellant will have thirty days to discuss and seek agreement with regard to any disputed redactions, and advise the Appeals Division of the result of their discussions.

For each item for which a party seeks redaction, the party should identify with as much specificity as possible the applicable folder, subfolder, PDF and page, and attach a copy of the proposed redacted page showing precisely the requested redaction.

The Appeals Division will redact items that the parties agree may be redacted, to the extent that such redaction is administratively feasible and can be done in compliance with applicable laws and regulations. The Appeals Division does not anticipate any practical or legal difficulty in redacting agreed items; however, it reserves the right to return the FTB's February 12, 2015 DVD or take other action in the event the foregoing process becomes impractical or inadvisable.

In the event the parties cannot agree with regard to the redaction of one or more items, the parties may provide argument at the oral hearings regarding whether such items should be considered and the weight to be placed on such items.[2]

If either party has any questions, please feel free to call me at (916) 205-1644.

Sincerely,

Grant S. Thompson
Tax Counsel IV

GT/sh

cc:    Gilbert P. Hyatt (w/o enclosure)
       c/o Morrison & Foerster LLP
       400 Capitol Mall, Suite 2600
       Sacramento, CA  95814-4428

       Craig Scott, FTB Legal (w/o enclosure)                          (MS A260)
       Theresa Bush-Chavey, FTB Legal (w/o enclosure)                  (MS A260)
       Khaaliq Abd'Allah, Board Proceedings Division (w/o enclosure)   (MIC: 80)

---

[2] However, if either party believes this process is insufficient, the party is free to exercise any rights it may have to request that the New York court entertain further litigation in the matter.

EXHIBIT 117

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Tuesday, November 03, 2015 11:52 AM
**To:** Coffill, Eric J.
**Cc:** 'Hilson, Bill@FTB'; 'DePeel, Scott@FTB'; 'Palisoc, Joanna@FTB'
**Subject:** RE: Mr. Hyatt's Response to FTB's October 23, 2015 Letter

Yes, extension to November 30 is granted. I may see you and Bill in San Diego. I am planning to go.

**From:** Coffill, Eric J. [mailto:ECoffill@mofo.com]
**Sent:** Tuesday, November 03, 2015 11:07 AM
**To:** Thompson, Grant S (Legal)
**Cc:** 'Hilson, Bill@FTB'; 'DePeel, Scott@FTB'; 'Palisoc, Joanna@FTB'
**Subject:** Mr. Hyatt's Response to FTB's October 23, 2015 Letter

Dear Grant,

If at all possible, I would like an extension of one week to respond to FTB's proposed redactions in their letter to you dated October 23, 2015. Per your September 23, 2015 letter, our response to FTB's submission is due within 30 days of FTB's submission, which is Sunday, November 22nd. That moves the date to Monday, November 23rd.

I leave the office tomorrow about 3:00 p.m. for San Diego, and will be in San Diego the rest of this week speaking at the Tax Policy Conference. (You attending this year?) Then Sunday, 11/8, I am flying to NYC and will be there until the afternoon of Tuesday 11/10 speaking at a COST program. Then I am flying out of the country and will not be back in the office until Monday, November 23, which is the due date for our response. (Then the week of the 23rd is a short week for Thanksgiving). Can I get a one-week extension to November 30th?

Regards,

Eric

**Eric J. Coffill**
Managing Partner, SA
Morrison & Foerster LLP
400 Capitol Mall, Suite 2600
Sacramento, CA 95814-4428
P: 916.325.1324 | F: 916.448.3222
ECoffill@mofo.com | www.mofo.com

EXHIBIT 118



Silverstein & Pomerantz LLP
ATTORNEYS AT LAW

12 GOUGH STREET, 2ND FLOOR
SAN FRANCISCO, CA 94103
PHONE (415) 593-3500
FACSIMILE (415) 593-3501

CALIFORNIA | COLORADO

WWW.SPTAXLAW.COM

January 6, 2016

By Certified Mail, Email and Fax

Grant Thompson, Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

> Re:   Appeal of Gilbert Hyatt 1991, Case No. 435770
>        Appeal of Gilbert Hyatt 1992, Case No. 446509

Dear Grant,

I have recently been retained by Mr. Hyatt in connection with his two pending appeals. (A signed power of attorney form is enclosed with this letter.) I understand the present due date for Mr. Hyatt to file two Second Additional Briefs and two concluding summaries is February 4, 2016. I am writing to request an extension of time of 90 days to file all four briefs. This request is based upon the following grounds.

First, Mr. Hyatt's counsel of record, Mr. Eric Coffill, has recently changed law firms. As of January 4, 2015, Mr. Coffill is senior counsel in the Sacramento office of Sutherland, Asbill and Brennan.

Second, I understand that Mr. Coffill's attorney files for these appeals are quite voluminous, including over 50 boxes of hard copy files and thousands of electronic files. These files currently are located at Mr. Coffill's former firm, Morrison & Foerster. Mr. Hyatt will request that his files be transferred. However, the transfer of law firm client files is not a simple process because each file must be reviewed by the law firm before they can be transferred to ensure compliance with legal, ethical and risk management requirements. In this case, it could take several months for all of Mr. Hyatt's files to be transferred from Morrison & Foerster. Although there is no assurance that all of Mr. Hyatt's files will be transferred within the 90 day extension period, Mr. Hyatt believes the majority of the essential files will be transferred within that time period to allow the completion of the 1991 and 1992 briefs and concluding summaries

For these reasons, Mr. Hyatt requests an extension of 90 days until May 4, 2016, for filing Appellant's 1991 Second Additional Brief, Appellant's 1992 Second Additional



Grant Thompson
Page 2
January 6, 2016

Reply Brief, Appellant's 1991 concluding summary and Appellant's 1992 concluding summary.

      Thank you for your consideration of this request.

                Very truly yours,

                Edwin P. Antolin

cc: Bill Hilson, FTB counsel



# Franchise Tax Board
# Power of Attorney Declaration ■

## Part 1 – Taxpayer Information

▶ **Individual** (Do not complete Fiduciary or Business Entity section in Part 1.)

| Taxpayer Name | Initial | Last Name | | |
|---|---|---|---|---|
| Gilbert | P | Hyatt | | |

| Address (suite, room, PO Box, or PMB No.) Check box if new address ☐. | Telephone No. | | |
|---|---|---|---|
| 6100 Elton Ave, Ste. 1000 | ( 702 )384 -1120 | | |

| City | State | ZIP Code |
|---|---|---|
| Las Vegas | NV | 89107 |

▶ **Fiduciary** (Complete for estates and trusts.)

| Estate or Trust Name | SSN or ITIN | FEIN |
|---|---|---|
| | | |

| Address (suite, room, PO Box, or PMB No.) Check box if new address ☐. | Telephone No. | Fax No. |
|---|---|---|
| | ( ) - | ( ) - |

| City | State | ZIP Code |
|---|---|---|
| | | |

▶ **Business Entity**

| Business Name | CA Corporation No. |
|---|---|
| | |

| Address (suite, room, PO Box, or PMB No.) Check box if new address ☐. | FEIN | CA SOS No. |
|---|---|---|
| | | |

| City | State | ZIP Code | Telephone No. | Fax No. |
|---|---|---|---|---|
| | | | ( ) - | ( ) - |

Exceptions for Paper Filing: Go to ftb.ca.gov to file this form through your MyFTB account. If you meet one of the exceptions listed below, you can submit this form by mail. (Check all that apply.)

☐ Located in a declared disaster area      ☐ Documented physical/mental impairment

☐ Non-professional representative (for example, relative, friend, etc.)      ☐ First-time filer for the State of California

☐ Do not have a PTIN, EFIN, California CPA or CTEC number (for example, attorney)      ☐ Estate or Trust

☐ Other (explain): _____      ☐ Active duty military member in combat zone

## Part 2 – Representative The taxpayer in Part 1 appoints the following representative(s) as attorney(s)-in-fact:

**Primary Representative**    Check box if new ☐ Address ☐ Telephone No. ☐ Email
To appoint additional representatives, attach a list including all required information to this form.

| Name | IRS CAF No. | PTIN |
|---|---|---|
| Edwin P. Antolin | 9005-87985R | |

| Address (suite, room, PO Box, or PMB No.) | Telephone No. | Fax No. |
|---|---|---|
| 12 Gough Street, 2nd Flr. | ( 415 ) 593-3505 | ( 415 )593 - 3501 |

| City | State | ZIP Code |
|---|---|---|
| San Francisco | CA | 94103 |

Email Address (include representative's email address to ensure they receive email notifications.)

eantolin@sptaxlaw.com

**Additional Representative**    Check box if new ☐ Address ☐ Telephone No. ☐ Email

| Name | IRS CAF No. | PTIN |
|---|---|---|
| Amy L. Silverstein | 0301-86066R | |

| Address (suite, room, PO Box, or PMB No.) | Telephone No. | Fax No. |
|---|---|---|
| 12 Gough Street, 2nd Flr. | ( 415 ) 593 - 3502 | ( 415 ) 593 -3501 |

| City | State | ZIP Code |
|---|---|---|
| San Francisco | CA | 94103 |

Email Address (include your representative's email address to ensure they receive email notifications.)

asilverstein@sptaxlaw.com

## Part 3 – Authorization for All Tax Years or Income Periods for a Limited Duration

☑ I authorize the listed representative(s), in addition to anything otherwise authorized on this form, to represent me regarding any matters with the Franchise Tax Board regardless of tax years or income periods. **I understand that this authority will expire four years from the date this Power of Attorney (POA) Declaration is signed or if a new POA is filed revoking this authorization.**

■ FTB 3520 (REV 12-2015) C1 PAGE 1     352000091371

—

■

## Part 4 – Tax Years or Income Periods Covered by the POA

The representative(s) listed can represent you before us for the following tax years or income periods listed below.

**4A – Calendar Year(s)** (for example, 2010 or 2010 - 2012) ▶  1991-1992

**4B – Fiscal and Short-Period Income Years** (To list additional income years, attach a list including all required information to this form.)

| Year Begins on:<br>MM/DD/YEAR<br>Required<br>(for example, 07/01/2010) | Year Ends on:<br>MM/DD/YEAR<br>Required<br>(for example, 06/30/2011) | Year Begins on:<br>MM/DD/YEAR<br>Required<br>(for example, 07/01/2010) | Year Ends on:<br>MM/DD/YEAR<br>Required<br>(for example, 06/30/2011) |
|---|---|---|---|
| ▶ | | ▶ | |
| ▶ | | ▶ | |

## Part 5 – Additional Privileges

I authorize the representative listed to perform additional selected acts described below:

☐ Add another representative  ☐ Delete a representative  ☐ Receive, but not endorse, refund check

☐ Other acts, specifically described: _____

**Individuals Only – Authority To Sign Your Tax Return –** I authorize the representative listed to sign my tax return in the event of: (Check all that apply.)

☐ Incapacitating disease or injury.
☐ Continuous absence from the United States (including Puerto Rico) for a period of at least 60 days prior to the date required by law for filing the tax return.

## Part 6 – Retention or Revocation of a Prior POA

When you file this POA, you automatically revoke all earlier filed POAs (Part 5 – Additional Privileges) or all tax years or income periods you indicated (Part 4 – Tax Years or Income Periods Covered by the POA). To expedite your revocation, see Part 6 - Instructions.

☑ Check this box if you want to retain a prior POA. **You must attach a copy of any POA you want to remain in effect.**

## Part 7 – Nontax Issues (Check all that apply.)

☐ Vehicle registration  ☐ Court-ordered debt

If you complete this POA for nontax issues only, **do not** complete the rest of this form. Go to Part 9 of this form, *Signature Authorizing a POA*, to sign and date.

## Part 8 – Authorization to Receive Confidential Information Only

☐ Check this box if you only authorize your representative to receive your confidential information for the specific tax year or income periods listed below but not to act as your attorney-in-fact. You cannot select this option if you marked the box in Part 3 – Authorization for All Tax Years or Income Periods for a Limited Duration.

**8A – Calendar Year(s)** (for example, 2010 or 2010 - 2012) ▶

**8B – Fiscal and Short-Period Income Years** (To list additional income years, attach a list including all required information to this form.)

| Year Begins on:<br>MM/DD/YEAR<br>Required<br>(for example, 07/01/2010) | Year Ends on:<br>MM/DD/YEAR<br>Required<br>(for example, 06/30/2011) | Year Begins on:<br>MM/DD/YEAR<br>Required<br>(for example, 07/01/2010) | Year Ends on:<br>MM/DD/YEAR<br>Required<br>(for example, 06/30/2011) |
|---|---|---|---|
| ▶ | | ▶ | |
| ▶ | | ▶ | |

## Part 9 – Signature Authorizing a POA

If you are a corporate officer, partner, guardian, tax matters representative, executor, receiver, administrator, or trustee on behalf of the taxpayer(s), you certify that you have the authority to execute this action by signing this POA on behalf of the taxpayer(s).

Print Name: Gilbert Hyatt                                Date: Jan. 6, 2016

Signature: ▶ *Gilbert P. Hyatt*                          Title: _____
(Individuals – signature must match the name you used in Part 1)          (Required for fiduciaries and business entities)

■ FTB 3520 (REV 12-2015) C1 PAGE 2          352000091372

ENCLOSURE
Page 4 of 6

082

STATE OF CALIFORNIA
FRANCHISE TAX BOARD
PO BOX 2828
RANCHO CORDOVA CA 95741-2828
Fax Number (916) 845-0523

# POWER OF ATTORNEY
## DECLARATION FOR
## ADMINISTRATION OF
## TAX MATTERS

| For FTB Use Only: |
|---|
| Corr: _____ |
| Phone: _____ |
| Follow-up: _____ |
| Action: _____ |

*Please see page 4 for Instructions. For more information about Power of Attorney Declaration or revoking prior declarations, see FTB 1144, Power of Attorney: Frequently Asked Questions.*

## 1. TAXPAYER INFORMATION
### A) If this regards personal income tax, please provide:

| Taxpayer's Name<br>GILBERT P. HYATT | Taxpayer's Social Security Number |
|---|---|
| Spouse's Name, if Applicable | Spouse's Social Security Number |
| Address<br>P.O. BOX 81230 | Home Telephone Number<br>702-871-9899 |
| City and State<br>LAS VEGAS, NEVADA | Taxpayer's Day Telephone Number<br>702-871-9899 |
| Zip Code/Country if Foreign<br>89180-1230 | Spouse's Day Telephone Number |

### B) If this regards Bank, Corporation, Partnership, or Limited Liability Company tax matters, please provide:

| Business Name | Tax Identification Number (California Corporation, Federal Employer, OR Secretary of State): | |
|---|---|---|
| Address | Type of Business<br>(Please check one) | ☐ Corporation |
| City and State | | ☐ Partnership<br>☐ Limited Liability Company |
| ZIP Code/Country if Foreign | Telephone Number | |

*(NOTE: You MUST complete and attach Schedule for Multiple Banks and Corporations (page 3), if this Power of Attorney Declaration applies to combined reporting of more than one bank or corporation.)*

## 2. REPRESENTATIVE(S)
As a party to the tax matter before the Franchise Tax Board or as owner, officer, receiver, administrator, or trustee for the taxpayer, I hereby appoint the following person(s) to represent the taxpayer(s) for specified tax matters arising under the Personal Income Tax Law, Bank and Corporation Tax Law, and/or the Administration of the Franchise and Income Tax Laws for the tax year(s) or income year(s):

*(SPECIFY TAX YEARS OR INCOME YEARS)* 1991, 1992 _____

*(You must enter names of Individuals. Do not enter names of accounting or law firms or other businesses.)*

| Representative's Name<br>ERIC COFFILL | IRS Centralized Authorization File Number |
|---|---|
| Address<br>400 CAPITOL MALL, SUITE 2300 | Telephone Number<br>916-448-3200 |
| City and State<br>SACRAMENTO, CALIFORNIA | Fax Number<br>916-448-3222 |
| ZIP Code/Country if Foreign<br>95814 | Check if new ☐ Address ☐ Telephone Number |
| Representative's Name | IRS Centralized Authorization File Number |
| Address | Telephone Number |
| City and State | Fax Number |
| ZIP Code/Country if Foreign | Check if new ☐ Address ☐ Telephone Number |
| Representative's Name | IRS Centralized Authorization File Number |
| Address | Telephone Number |
| City and State | Fax Number |
| ZIP Code/Country if Foreign | Check if new ☐ Address ☐ Telephone Number |

*(THE REVERSE SIDE OF THIS FORM MUST BE COMPLETED.)*

FTB 3520 (REV 06-1999) PAGE 1
STFCA11099F.1

062

## 3. ACTS AUTHORIZED

The representative is authorized, subject to revocation, to receive confidential tax information. If you want to give the representative general authority to perform any and all acts on your behalf with regard to your state tax matters, you must check the box General Authorization below. If you want to give the representative limited authority with regard to your state tax matters, indicate the specific acts you are authorizing under Specific Declaration below. *(Check the box(es) indicating the acts authorized):*

[X] **General Authorization** - (All acts described below)

[ ] **Specific Declaration** - I authorize the representative to perform only selected acts described below:

[ ] To represent the taxpayer for any and all matters relating to the income year or period indicated above except: *(Describe specifically)* _____.
[ ] To receive, but not to endorse and collect checks in payment of any refund of taxes, penalties or interest. *Please provide the name of the individual you are authorizing:* _____.
[ ] To execute petitions, claims for refund and/or amendments thereto.
[ ] To execute consents extending the statutory period for assessment or determination of taxes.
[ ] To execute closing agreements under Section 19441 of the California Revenue & Taxation Code.
[ ] To delegate authority or substitute another representative.
[ ] To execute settlement agreements under Section 19442 of the California Revenue & Taxation Code.
[ ] Other acts: *(Describe specifically)* _____.

## 4. RETENTION/REVOCATION OF PRIOR POWER OF ATTORNEY DECLARATIONS

This Power of Attorney Declaration automatically revokes all earlier Power of Attorney Declarations on file with the California Franchise Tax Board as identified above for the same matters and years or periods covered by this document unless you specify otherwise below.

[X] Check here if you do not want to revoke a prior Power of Attorney Declaration for the same matters and tax years or income years. You MUST attach a copy of each prior Power of Attorney Declaration you want to remain in effect.

## 5. RETENTION OF THIS POWER OF ATTORNEY DECLARATION

This Power of Attorney Declaration will remain in effect until the final resolution of all tax matters specified herein unless the term is limited. *If the term is limited, specify the expiration date:* _____

## 6. SIGNATURE(S) AUTHORIZING POWER OF ATTORNEY

Signatures of the taxpayers or owner, officer, receiver, administrator, or trustee for the taxpayer - If the tax matter concerns a joint return and joint representation is declared, both husband and wife must sign. If you are a corporate officer, partner, guardian, tax matters partner/person, executor, receiver, administrator, or trustee on behalf of the taxpayer, you are certifying that you have the authority to execute this form on behalf of the taxpayer(s) by signing this Power of Attorney Declaration.

*If this Power of Attorney Declaration is not signed and dated, it will be returned as invalid.*

| | | |
|---|---|---|
| *Gilbert P. Hyatt* | 3/24/2000 | |
| **Signature** | **Date** | **Title (if applicable)** |
| GILBERT P. HYATT | | |
| **Print Name** | | |
| | | |
| **Signature** | **Date** | **Title (if applicable)** |
| | | |
| **Print Name** | | |
| | | |
| **Signature** | **Date** | **Title (if applicable)** |
| | | |
| **Print Name** | | |

FTB 3520 (REV 05-1999) PAGE 2
STFCA11699F.2

EXHIBIT 119

**From:** Edwin Antolin [mailto:eantolin@sptaxlaw.com]
**Sent:** Thursday, January 07, 2016 4:58 PM
**To:** Thompson, Grant S (Legal)
**Cc:** 'william.hilson@ftb.ca.gov'
**Subject:** RE: Appeal of Gilbert Hyatt

Thank you Grant.


Edwin P. Antolin
Silverstein & Pomerantz LLP
12 Gough Street, 2nd Floor
San Francisco, CA 94103

Tel: 415-593-3505
Fax: 415-593-3501
e-mail: eantolin@sptaxlaw.com
www.sptaxlaw.com

To ensure compliance with requirements imposed by the IRS, Silverstein & Pomerantz LLP informs you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail, and delete the message.

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Thursday, January 07, 2016 4:56 PM
**To:** Edwin Antolin
**Cc:** 'william.hilson@ftb.ca.gov'
**Subject:** RE: Appeal of Gilbert Hyatt

This is granted. We encourage the parties to, if possible, narrow their areas of disagreement.

**From:** Edwin Antolin [mailto:eantolin@sptaxlaw.com]
**Sent:** Thursday, January 07, 2016 4:37 PM
**To:** Thompson, Grant S (Legal)
**Cc:** william.hilson@ftb.ca.gov
**Subject:** Appeal of Gilbert Hyatt

Grant,

I understand that you requested that Mr. Hyatt and FTB communicate to you by January 6, 2016, their agreement as to the documents/exhibits to be redacted. I am requesting a one week extension of this deadline to allow Mr. Hyatt and Mr. Coffill to respond to your request. The reason for this request is that Mr. Hyatt's counsel of record, Mr. Coffill, has changed firms, and during this transition period, he cannot access his files.

Thank you for your consideration of this request.

Regards,

Ed


Edwin P. Antolin

Silverstein & Pomerantz LLP

12 Gough Street, 2nd Floor

San Francisco, CA 94103


Tel: 415-593-3505

Fax: 415-593-3501

e-mail: eantolin@sptaxlaw.com

www.sptaxlaw.com

To ensure compliance with requirements imposed by the IRS, Silverstein & Pomerantz LLP informs you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail, and delete the message.

EXHIBIT 120

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Tuesday, January 12, 2016 1:54 PM
**To:** 'Edwin Antolin'; Hilson, Bill@FTB
**Subject:** RE: Appeal of Gilbert Hyatt

After considering the arguments raised by the parties regarding appellant's requested 90-day extension from February 4, 2016, to May 4, 2016, appellant's request for an extension is granted. The deadline for the FTB's concluding summaries is also extended to May 4, 2016.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

**From:** Edwin Antolin [mailto:eantolin@sptaxlaw.com]
**Sent:** Wednesday, January 06, 2016 4:38 PM
**To:** Thompson, Grant S (Legal)
**Cc:** william.hilson@ftb.ca.gov
**Subject:** Appeal of Gilbert Hyatt

Grant,
Please find attached a letter I am submitting on behalf of Gilbert Hyatt. Thank you for your consideration of this request and please confirm receipt.
Regards,
Ed

Edwin P. Antolin
Silverstein & Pomerantz LLP
12 Gough Street, 2nd Floor
San Francisco, CA 94103

Tel: 415-593-3505

Fax: 415-593-3501
e-mail: eantolin@sptaxlaw.com
www.sptaxlaw.com

To ensure compliance with requirements imposed by the IRS, Silverstein & Pomerantz LLP informs you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail, and delete the message.

EXHIBIT 121



Silverstein & Pomerantz LLP
ATTORNEYS AT LAW

CALIFORNIA | COLORADO

12 Gough Street, 2nd Floor
SAN FRANCISCO, CA 94103
PHONE (415) 593-3500
FACSIMILE (415) 593-3501

WWW.SPTAXLAW.COM

March 11, 2016

Writer's Direct Contact
Telephone: (415) 593-3505
eantolin@sptaxlaw.com

By Email and Fax (916-324-2618)

Grant Thompson, Tax Counsel IV
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

      Re:    Appeal of Gilbert Hyatt 1991, Case No. 435770
              Appeal of Gilbert Hyatt 1992, Case No. 446509
              Request for Extension

Dear Grant,

I am writing to request a 90-day extension of the due date for filing Appellant's Second Additional Briefs and Summary Briefs in the above-referenced appeals. This extension is based on two grounds.

First, as you are aware, Eric Coffill changed law firms at the beginning of this year. Prior to leaving Morrison & Foerster, Mr. Coffill began drafting Appellant's Second Additional Briefs, and Mr. Coffill assured Mr. Hyatt that he would finish drafting Appellant's Second Additional Briefs at his new law firm. However, Mr. Coffill is unable to continue as Mr. Hyatt's representative in these appeals. Accordingly, as of today, Mr. Hyatt has appointed me to replace Mr. Coffill as his lead counsel in these appeals.

Second, on behalf of Mr. Hyatt, I requested that Mr. Hyatt's files be transferred from Morrison & Foerster to my office. Because of the voluminous nature of the files, the file transfer has taken much longer than expected. The file transfer has not as yet been completed.



Silverstein &
Pomerantz LLP
ATTORNEYS AT LAW

Grant Thompson
Page 2
March 11, 2016

Given these circumstances, I request a 90-day extension to prepare Appellant's Second Additional Briefs and Summary Briefs.

Thank you for consideration of this matter.

Very truly yours,

Edwin P. Antolin

cc:  Bill Hilson, FTB counsel
     Scott DePeel, FTB counsel

EXHIBIT 122

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Thursday, March 24, 2016 3:52 PM
**To:** 'Edwin Antolin'; Hilson, Bill@FTB; DePeel, Scott@FTB
**Subject:** RE: Appeal of Gilbert Hyatt 1991 and Appeal of Gilbert Hyatt 1992

Appellant's request for a 90-day extension is granted, and respondent's deadline is also extended.  Therefore, appellant's briefs and concluding summaries, and respondent's concluding summaries, are now due August 4, 2016.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone:  916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

**From:** Edwin Antolin [mailto:eantolin@sptaxlaw.com]
**Sent:** Thursday, March 17, 2016 5:23 PM
**To:** Hilson, Bill@FTB; Thompson, Grant S (Legal); DePeel, Scott@FTB
**Subject:** RE: Appeal of Gilbert Hyatt 1991 and Appeal of Gilbert Hyatt 1992

Dear Grant and Bill,

In response to Bill's request regarding FTB's due date, we agree that any extension granted to Mr. Hyatt for his 1991 and 1992 Concluding Summaries should also apply to FTB for filing its 1991 and 1992 Concluding Summaries.

In addition, this will confirm that I replaced Mr. Coffill as Mr. Hyatt's representative in these appeals as of Friday, March 11, 2016, the date that Mr. Hyatt's letter was emailed to the Board, the FTB and Mr. Coffill.

Thank you for your consideration of this matter.
Ed

Edwin P. Antolin
Silverstein & Pomerantz LLP
12 Gough Street, 2nd Floor
San Francisco, CA 94103

Tel: 415-593-3505
Fax: 415-593-3501
e-mail: eantolin@sptaxlaw.com
www.sptaxlaw.com

To ensure compliance with requirements imposed by the IRS, Silverstein & Pomerantz LLP informs you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail, and delete the message.

---

**From:** Hilson, Bill@FTB [mailto:Bill.Hilson@ftb.ca.gov]
**Sent:** Thursday, March 17, 2016 3:07 PM
**To:** 'Thompson, Grant S (Legal)'; DePeel, Scott@FTB
**Cc:** Edwin Antolin
**Subject:** RE: Appeal of Gilbert Hyatt 1991 and Appeal of Gilbert Hyatt 1992

Hi Grant,

Mr. Antolin's e-mails and letters of last Friday were the first communications FTB has received from any of Mr. Hyatt's representatives regarding his representation in this matter since the turn of the year. As you may recall, I expressed my concerns about how an attorney's change of law firms and continued representation of an existing client could be as time-consuming as suggested in the turn of the year communications. As things stand today, FTB has no information as to what has occurred with respect to the formal change of counsel from Mr. Coffill to Mr. Antolin. Similarly, FTB has no factual information sufficient to enable FTB evaluate where Mr. Hyatt's representatives are with respect to obtaining files or drafting documents so as to opine on the reasonableness/necessity of extending the existing filing due date of May, 2016 to August, 2016. As such, FTB can neither concur nor object to Mr. Antolin's request. On behalf of FTB, however, I do request that if Mr. Antolin's request is granted, that FTB be given the same extension.

On a related topic, I note that the letter executed by Mr. Hyatt advising of the change of counsel from Mr. Coffill to Mr. Antolin is undated. Although the letter unequivocally states that Mr. Antolin has replaced Mr. Coffill, "effective immediately", the letter, by itself, fails to identify the date upon which that change occurred. To avoid the necessity of having to attach an e-mail to its enclosure so as to create the date of the letter's execution by implication, may I suggest that FTB and BOE request a further writing identifying the particular date upon which Mr. Hyatt actually makes/made that change of representation?

---

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Thursday, March 17, 2016 10:45 AM
**To:** DePeel, Scott@FTB; Hilson, Bill@FTB
**Cc:** 'Edwin Antolin'
**Subject:** RE: Appeal of Gilbert Hyatt 1991 and Appeal of Gilbert Hyatt 1992

Is there any objection from FTB?

---

**From:** Edwin Antolin [mailto:eantolin@sptaxlaw.com]
**Sent:** Friday, March 11, 2016 3:46 PM
**To:** Thompson, Grant S (Legal)

**Cc:** scott.depeel@ftb.ca.gov; 'william.hilson@ftb.ca.gov'
**Subject:** Appeal of Gilbert Hyatt 1991 and Appeal of Gilbert Hyatt 1992

Dear Grant,

Attached please find a pdf copy of an March 11, 2016 letter which I am mailing to you today. I am copying both Bill Hilson and Scott DePeel by both mail and by this e-mail.

Thank you for your consideration of this request.
Ed

Edwin P. Antolin
Silverstein & Pomerantz LLP
12 Gough Street, 2nd Floor
San Francisco, CA 94103

Tel: 415-593-3505
Fax: 415-593-3501
e-mail: eantolin@sptaxlaw.com
www.sptaxlaw.com

To ensure compliance with requirements imposed by the IRS, Silverstein & Pomerantz LLP informs you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail, and delete the message.

THIS E-MAIL TRANSMISSION IS CONFIDENTIAL and is intended to be sent only to the recipient stated in the transmission. It may also be protected by the attorney/client, official information and attorney work product privileges; it may be protected by the common law and constitutional right to privacy. Any review or use by other than the intended recipient is strictly prohibited. Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the federal Electronic Communications Privacy Act. If you are not the intended recipient, destroy the email message and please notify immediately by email or by telephone at the number above. Thank you. Due to Franchise Tax Board's email filtering and blocking software, some email messages coming in to the FTB may not reach their destination/intended recipient. Please follow up important messages by telephone, letter or fax.

EXHIBIT 123



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-2618
*www.boe.ca.go*

SEN. GEORGE RUNNER (RET.)
First District, Lancaster

FIONA MA, CPA
Second District, San Francisco

JEROME E. HORTON
Third District, Los Angeles County

DIANE L. HARKEY
Fourth District, Orange County

BETTY T. YEE
State Controller

DAVID J. GAU
Executive Director

April 21, 2016

Edwin P. Antolin
Silverstein & Pomerantz LLP
12 Gough Street, 2nd Floor
San Francisco, CA 94103

William Hilson
Franchise Tax Board
Legal Department
P.O. Box 1720 (MS A260)
Rancho Cordova, CA 95741-1720

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Gentlemen:

Per my letter dated September 23, 2015, and after careful review of the responses of the parties to that letter, the Appeals Division has redacted the February 12, 2015 submission of the Franchise Tax Board (FTB). Enclosed please find a DVD reflecting the redactions.

While the FTB states it agreed to some redactions "solely for the purpose of avoiding further delay," it does not agree that such redactions are required. However, appellant asserts that additional redactions are required. The parties had until January 13, 2016 to see if they could agree on additional redactions, but they did not agree on any further redactions. Accordingly, the enclosed redacts those items which the parties agreed could be redacted as reflected by the FTB's letters dated October 23, 2015 and December 23, 2015, and appellant's letters dated November 30, 2015 and December 7, 2015.

To the extent the parties continue to disagree with regard to redactions, the parties may provide argument at the oral hearings regarding whether such items should be considered and the weight to be placed on such items.

If either party has any questions, please feel free to call me at (916) 205-1644.

Sincerely,

Grant S. Thompson
Tax Counsel IV

GT/sh
Enclosure – Redacted DVD 4/21/2016

cc:     Gilbert P. Hyatt (w/o enclosure)
        P.O. Box 81230
        Las Vegas, NV 89180

Craig Scott, FTB Legal (w/o enclosure)                    (MS A260)
Theresa Bush-Chavey, FTB Legal (w/o enclosure)            (MS A260)
Khaaliq Abd'Allah, Board Proceedings Division (w/o enclosure)   (MIC: 80)

EXHIBIT 124



**ANTOLIN**
L A W   G R O U P

2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Telephone: (925)262-4180
Facsimile: (925)262-4269

antolinlawgroup.com

July 15, 2016

Writer's Direct Contact
Telephone: 925-262-4187
edwin.antolin@antolinlawgroup.com

By U.S. Mail and email

Grant Thompson
Tax Counsel IV
Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

   Re: *Appeals of Gilbert P. Hyatt*
     Case ID Nos. 446509 and 435770

Dear Grant:

   I am writing to request a 30-day extension of the deadline of the due date for filing Appellant's Second Additional Briefing and Concluding Summaries in the above-referenced appeals. This request for an extension would also apply to FTB's due date for filing Respondents Concluding Summaries. This request is supported by reasonable cause.

   As you know, with its Second Additional Briefs (1991) and (1992), FTB also filed many thousands of pages of additional documents, namely new and revised FTB Attachments and exhibits containing added argument, notations, and highlighting. Mr. Hyatt is preparing responses to the briefs, attachments, and annotated and highlighted exhibits filed by FTB. Furthermore, as of July 1, 2016, I left my prior firm and formed a new firm, Antolin Law Group. My new contact information is set forth above. This has resulted in conflicts with the preparation of Appellant's Second Additional Briefing and Summary Briefs. Because of the enormity of the briefing and my setting up of a new firm, we require an additional 30 days to complete our briefing and responses to FTB's Second Additional Briefs and supporting attachments, which would set a due date of September 6, 2016, immediately following the Labor Day weekend. For these reasons, I respectfully request that this extension be granted. *See* Rules of Tax Appeal, Rule 5522.8(b)(1)(B and F).

   On Friday July 14, 2016, I called FTB counsel Bill Hilson and conferred with him regarding this request. He indicated that FTB would file a separate response to this request.



# ANTOLIN
L A W  G R O U P

Grant Thompson
Page 2 of 2
July 15, 2016

Thank you for your consideration of this request.

Sincerely,

Edwin P. Antolin

cc: Bill Hilson, FTB counsel (by email)

EXHIBIT 125

**From:** Ed Antolin [mailto:edwin.antolin@antolinlawgroup.com]
**Sent:** Wednesday, July 27, 2016 9:52 AM
**To:** Thompson, Grant S (Legal)
**Cc:** 'Hilson, Bill@FTB'; Epolite, Anthony (Legal); Richmond, Joann
**Subject:** Re: Appeal of Gilbert Hyatt - Request for 30-day Extension

Thank you Grant.

Ed

Edwin P. Antolin

Antolin Law Group

2175 N. California Blvd., Suite 775

Walnut Creek, CA 94596

Direct Tel: 925-262-4187

Cell: 925-323-2618

Fax: 925-262-4269

Edwin.antolin@antolinlawgroup.com

---

**From:** Grant Thompson
**Date:** Wednesday, July 27, 2016 at 9:43 AM
**To:** "edwin.antolin@antolinlawgroup.com"
**Cc:** Bill Hilson , "Epolite, Anthony (Legal)" , Joann Richmond
**Subject:** RE: Appeal of Gilbert Hyatt - Request for 30-day Extension

Thank you for following up. It is granted, and per respondent's suggestion, the revised deadline for both parties' briefs is now September 9, 2016.

---

**From:** Ed Antolin [mailto:edwin.antolin@antolinlawgroup.com]
**Sent:** Wednesday, July 27, 2016 8:56 AM
**To:** Epolite, Anthony (Legal); Thompson, Grant S (Legal)
**Cc:** 'Hilson, Bill@FTB'
**Subject:** Re: Appeal of Gilbert Hyatt - Request for 30-day Extension

Dear Grant and Anthony,

I am writing to check on the status of Appellant's request for an extension to September 9, 2016, to file Appellant's Second Additional Briefs and Concluding Summaries. Do you know when Board Proceedings will issue a response?

Thanks,

Ed

Edwin P. Antolin

Antolin Law Group

2175 N. California Blvd., Suite 775

Walnut Creek, CA 94596

Direct Tel: 925-262-4187

Cell: 925-323-2618

Fax: 925-262-4269

Edwin.antolin@antolinlawgroup.com

**From:** "Epolite, Anthony (Legal)" <Anthony.Epolite@boe.ca.gov>
**Date:** Monday, July 18, 2016 at 4:19 PM
**To:** Bill Hilson <Bill.Hilson@ftb.ca.gov>, "edwin.antolin@antolinlawgroup.com"
<edwin.antolin@antolinlawgroup.com>
**Cc:** Grant Thompson <Grant.Thompson@boe.ca.gov>
**Subject:** RE: Appeal of Gilbert Hyatt - Request for 30-day Extension

Yes it will. Thanks, Bill.

**From:** Hilson, Bill@FTB [mailto:Bill.Hilson@ftb.ca.gov]
**Sent:** Monday, July 18, 2016 4:07 PM
**To:** Epolite, Anthony (Legal); 'Ed Antolin'
**Cc:** Thompson, Grant S (Legal)
**Subject:** RE: Appeal of Gilbert Hyatt - Request for 30-day Extension

Since the August 4, 2016 date which is the subject of this request required submissions by both sides, I am assuming any continuation of the August 4, 2016 will also apply to both sides.

**From:** Epolite, Anthony (Legal) [mailto:Anthony.Epolite@boe.ca.gov]
**Sent:** Monday, July 18, 2016 2:39 PM
**To:** Hilson, Bill@FTB <Bill.Hilson@ftb.ca.gov>; 'Ed Antolin' <edwin.antolin@antolinlawgroup.com>
**Cc:** Thompson, Grant S (Legal) <Grant.Thompson@boe.ca.gov>
**Subject:** RE: Appeal of Gilbert Hyatt - Request for 30-day Extension

Thank you, everyone.

I will forward appellant's request, and the Franchise Tax Board's response (i.e., no objection), to the Board Proceedings Division. Taking a cue from the Franchise Tax Board's response, the Appeals Division will recommend to Board Proceedings a new filing deadline for appellant of Friday,

September 9.

---

**From:** Hilson, Bill@FTB [mailto:Bill.Hilson@ftb.ca.gov]
**Sent:** Monday, July 18, 2016 1:46 PM
**To:** Thompson, Grant S (Legal); 'Ed Antolin'
**Cc:** Epolite, Anthony (Legal)
**Subject:** RE: Appeal of Gilbert Hyatt - Request for 30-day Extension

Hello Grant, Ed and Anthony,

After review of Mr. Antolin's letter and further consideration of the circumstances which have led to the requested continuance of the briefing schedule, please be advised that FTB has no objection to Mr. Antolin's request. I would suggest, however, that it may make more sense to target Friday, September 9, 2016 as the new filing date as opposed to the Tuesday following a three-day holiday weekend (September 6th). Thank you for your consideration of Mr. Antolin's request and my proposed amendment thereto.

Bill

---

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Friday, July 15, 2016 4:42 PM
**To:** 'Ed Antolin' <edwin.antolin@antolinlawgroup.com>
**Cc:** Hilson, Bill@FTB <Bill.Hilson@ftb.ca.gov>; Epolite, Anthony (Legal) <Anthony.Epolite@boe.ca.gov>
**Subject:** RE: Appeal of Gilbert Hyatt - Request for 30-day Extension

We will watch for FTB's response next week. I will be out next week, so FTB's response should be sent to Anthony, who I am copying. Congratulations on your new firm.

---

**From:** Ed Antolin [mailto:edwin.antolin@antolinlawgroup.com]
**Sent:** Friday, July 15, 2016 4:38 PM
**To:** Thompson, Grant S (Legal)
**Cc:** Bill Hilson
**Subject:** Appeal of Gilbert Hyatt - Request for 30-day Extension

Dear Grant,
Please find attached a letter requesting a 30-day extension. Also, please note my new contact info below. Thank you for your consideration of this matter.
Regards,
Ed

Edwin P. Antolin
Antolin Law Group
2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Direct Tel: 925-262-4187
Cell: 925-323-2618
Fax: 925-262-4269

Edwin.antolin@antolinlawgroup.com

THIS E-MAIL TRANSMISSION IS CONFIDENTIAL and is intended to be sent only to the recipient stated in the transmission. It may also be protected by the attorney/client, official information and attorney work product privileges; it may be protected by the common law and constitutional right to privacy. Any review or use by other than the intended recipient is strictly prohibited. Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the federal Electronic Communications Privacy Act. If you are not the intended recipient, destroy the email message and please notify immediately by email or by telephone at the number above. Thank you. Due to Franchise Tax Board's email filtering and blocking software, some email messages coming in to the FTB may not reach their destination/intended recipient. Please follow up important messages by telephone, letter or fax.

THIS E-MAIL TRANSMISSION IS CONFIDENTIAL and is intended to be sent only to the recipient stated in the transmission. It may also be protected by the attorney/client, official information and attorney work product privileges; it may be protected by the common law and constitutional right to privacy. Any review or use by other than the intended recipient is strictly prohibited. Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the federal Electronic Communications Privacy Act. If you are not the intended recipient, destroy the email message and please notify immediately by email or by telephone at the number above. Thank you. Due to Franchise Tax Board's email filtering and blocking software, some email messages coming in to the FTB may not reach their destination/intended recipient. Please follow up important messages by telephone, letter or fax.

EXHIBIT 126



**ANTOLIN**
L A W   G R O U P

2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Telephone: (925)262-4180
Facsimile: (925)262-4269

antolinlawgroup.com

August 30, 2016

Writer's Direct Contact
Telephone: 925-262-4187
edwin.antolin@antolinlawgroup.com

By U.S. Mail and email

Grant Thompson
Tax Counsel IV
Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re: *Appeals of Gilbert P. Hyatt*
    Case ID Nos. 446509 and 435770

Dear Grant:

I am writing to request a 7-day extension of the due date for filing Appellant's Second Additional Briefing and Concluding Summaries in the above-referenced appeals. This request for an extension also applies to FTB's due date for filing Respondent's Concluding Summaries. The new due date would be September 16, 2016. This request is supported by reasonable cause.

As you know, with its Second Additional Briefs (1991) and (1992), FTB also filed thousands of pages of additional documents, namely new and revised FTB Attachments and exhibits containing added argument, notations, and highlighting. Mr. Hyatt needs the brief extension to finish preparing responses to the briefs, attachments, and annotated and highlighted exhibits filed by FTB. Further, because of my current work commitments, including a hearing before the SBE on August 30, 2016, and my workload associated with forming a new law firm, I require a brief extension to complete a full response to FTB's Second Additional Briefs (1991) and (1992) and attachments.

On Tuesday, August 30, 2016, I called FTB counsel Bill Hilson and conferred with him regarding this request. He stated that FTB would not object to this request.



Grant Thompson
Page 2 of 2
August 30, 2016


Thank you for your consideration of this request.

Sincerely,

Edwin P. Antolin

cc: Bill Hilson, FTB counsel (by email)

EXHIBIT 127

**From:** Thompson, Grant S (Legal)
**Sent:** Tuesday, August 30, 2016 3:43 PM
**To:** 'Ed Antolin'
**Cc:** Bill Hilson
**Subject:** RE: Appeal of Gilbert P. Hyatt - Case ID Nos. 446509 and 435770

This request is granted. Per appellant's request, the deadline is extended to September 16, 2016 for both parties.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

**From:** Ed Antolin [mailto:edwin.antolin@antolinlawgroup.com]
**Sent:** Tuesday, August 30, 2016 3:28 PM
**To:** Thompson, Grant S (Legal)
**Cc:** Bill Hilson
**Subject:** Appeal of Gilbert P. Hyatt - Case ID Nos. 446509 and 435770

Dear Grant,
Please find attached a letter asking for a brief extension of the due date for Appellant's Second Additional Briefing and Concluding Summaries and for FTB's Concluding Summaries.
Regards,
Ed

Edwin P. Antolin
Antolin Law Group
2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Direct Tel: 925-262-4187
Cell: 925-323-2618
Fax: 925-262-4269

Edwin.antolin@antolinlawgroup.com

EXHIBIT 128



**ANTOLIN**
L A W   G R O U P

2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Telephone: (925)262-4180
Facsimile: (925)262-4269

antolinlawgroup.com

September 13, 2016

Writer's Direct Contact
Telephone: 925-262-4187
edwin.antolin@antolinlawgroup.com

By U.S. Mail and email

Grant Thompson
Tax Counsel IV
Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re: *Appeals of Gilbert P. Hyatt*
     Case ID Nos. 446509 and 435770

Dear Grant:

On behalf of Appellant Mr. Hyatt and Respondent Franchise Tax Board, I am writing to jointly request a brief extension of the due date for filing Appellant's Second Additional Briefing and Concluding Summaries and filing Respondent's Concluding Summaries in the above-referenced appeals from Friday, September 16, 2016, to Wednesday, September 21, 2016. This request is supported by reasonable cause because all parties join in this request for a brief extension. *See* RTA § 5522.8(b)(1)(D) (providing that a postponement may be granted when the Chief of Board Proceedings has been informed that all parties desire a postponement).

Thank you for your consideration of this request.

Sincerely,

Edwin P. Antolin

cc: Bill Hilson, FTB counsel (by email)

EXHIBIT 129

**From:** Grant Thompson <Grant.Thompson@boe.ca.gov>
**Date:** Tuesday, September 13, 2016 at 2:45 PM
**To:** Ed Antolin <edwin.antolin@antolinlawgroup.com>, Bill Hilson <Bill.Hilson@ftb.ca.gov>
**Subject:** RE: Appeals of Gilbert P. Hyatt - Case ID Nos. 446509 and 435770

This request has been granted. As requested, the deadline is now Wednesday, September 21, 2016.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

**From:** Ed Antolin [mailto:edwin.antolin@antolinlawgroup.com]
**Sent:** Tuesday, September 13, 2016 11:52 AM
**To:** Thompson, Grant S (Legal); 'Hilson, Bill@FTB'
**Subject:** Re: Appeals of Gilbert P. Hyatt - Case ID Nos. 446509 and 435770

Dear Grant,

Please find attached a joint request for a brief extension of the deadline for filing briefs and Concluding Summaries to Wednesday, September 21, 2016. Thank you for your consideration of this request.

Regards,

Ed

Edwin P. Antolin
Antolin Law Group
2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Direct Tel: 925-262-4187
Cell: 925-323-2618
Fax: 925-262-4269

Edwin.antolin@antolinlawgroup.com

EXHIBIT 130



**ANTOLIN**
L A W  G R O U P

2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Telephone: (925)262-4180
Facsimile: (925)262-4269

antolinlawgroup.com

September 19, 2016

Writer's Direct Contact
Telephone: 925-262-4187
edwin.antolin@antolinlawgroup.com

By U.S. Mail and email

Grant Thompson
Tax Counsel IV
Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Re: *Appeals of Gilbert P. Hyatt*
     Case ID Nos. 446509 and 435770

Dear Grant:

On behalf of Appellant Mr. Hyatt, I am writing to request an extension of the due date for filing Appellant's Second Additional Briefing and Concluding Summaries in the above-referenced appeals from Wednesday, September 21, 2016, to Wednesday, September 28, 2016. This extended deadline also would apply to FTB's Concluding Summaries. This request is supported by reasonable cause.

This request is based on unanticipated IT problems that have prevented completion of briefs and Concluding Summaries. We understand that a virus infection damaged files containing Appellant's Second Additional Briefs, Concluding Summaries, and related documents. We are working with outside IT experts to cure the problems, but the problems persist and will not be resolved by the current deadline. Because of this unanticipated IT problem, we have been prevented in completing our briefs and Concluding Summaries. Accordingly, we request a one-week extension.

I called Mr. Hilson this afternoon and left a voicemail asking him to return my call. I have not yet spoke to Mr. Hilson regarding this request.

Thank you for your consideration of this request.

Sincerely,



Grant Thompson
Page 2 of 2
September 19, 2016

Edwin P. Antolin

cc: Bill Hilson, FTB counsel (by email)

EXHIBIT 131

**From:** Thompson, Grant S (Legal)
**Sent:** Monday, September 19, 2016 5:14 PM
**To:** 'Hilson, Bill@FTB'
**Cc:** Ed Antolin (edwin.antolin@antolinlawgroup.com)
**Subject:** RE: Appeals of Gilbert P. Hyatt - Case ID Nos. 446509 and 435770

Appellant's request is granted. Therefore, appellant's briefs and concluding summaries, and the FTB's concluding summaries, are now due Wednesday, September 28, 2016.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

**From:** Hilson, Bill@FTB [mailto:Bill.Hilson@ftb.ca.gov]
**Sent:** Monday, September 19, 2016 4:35 PM
**To:** Thompson, Grant S (Legal)
**Cc:** Ed Antolin (edwin.antolin@antolinlawgroup.com)
**Subject:** RE: Appeals of Gilbert P. Hyatt - Case ID Nos. 446509 and 435770

Hi Grant,

I just got back to my desk and have reviewed Ed's e-mails and letter. In the spirit of cooperation and dealing with things beyond one's control, and in the hope that the courtesy will be reciprocated if the need arises, FTB does not object to the requested one-week extension.

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Monday, September 19, 2016 4:20 PM
**To:** Hilson, Bill@FTB <Bill.Hilson@ftb.ca.gov>
**Cc:** Ed Antolin (edwin.antolin@antolinlawgroup.com) <edwin.antolin@antolinlawgroup.com>
**Subject:** FW: Appeals of Gilbert P. Hyatt - Case ID Nos. 446509 and 435770

Hello Bill,

In view of the short time between now and the current deadline of Wednesday, I would appreciate it

if you could advise as soon as possible whether the FTB has any objection.

Thank you.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

---

**From:** Ed Antolin [mailto:edwin.antolin@antolinlawgroup.com]
**Sent:** Monday, September 19, 2016 4:09 PM
**To:** Thompson, Grant S (Legal); Bill Hilson
**Subject:** FW: Appeals of Gilbert P. Hyatt - Case ID Nos. 446509 and 435770

Resending my email with the attachment. Please confirm receipt.

Ed

Edwin P. Antolin
Antolin Law Group
2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Direct Tel: 925-262-4187
Cell: 925-323-2618
Fax: 925-262-4269

Edwin.antolin@antolinlawgroup.com

---

EXHIBIT 132



# ANTOLIN
## L A W   G R O U P

2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Telephone: 925.262.4180
Facsimile: 925.262.4269

antolinlawgroup.com

September 28, 2016

Writer's Direct Contact
Telephone: 925.262.4187
edwin.antolin@antolinlawgroup.com

By U.S. Certified Mail
7015 3010 0002 3514 8972

Domestic Return Receipt
9590 9402 1830 6104 4180 39

And Federal Express

Joann Richmond
Chief, Board Proceedings Division, MIC: 81
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0081



RECEIVED
SEP 3 0 2016
Board Proceedings

      Re:    Appeal of Gilbert P. Hyatt
           Case ID No. 435770
           Tax Year 1991
           <u>Appellant's Motions to Strike</u>

Dear Ms. Richmond:

    Enclosed please find the following motions:

1. APPELLANT'S MOTION TO STRIKE, AND REQUEST FOR SANCTIONS REGARDING FTB'S SECOND ADDITIONAL BRIEFING (originally filed on September 11, 2014);

2. APPELLANT'S REQUEST FOR IMMEDIATE RULING ON PENDING SEPTEMBER 11, 2014 MOTION TO STRIKE, SUPPLEMENTAL MOTION TO STRIKE, AND REQUEST FOR SANCTIONS REGARDING FTB'S SECOND ADDITIONAL BRIEFING (originally filed on February 4, 2015);

3. APPELLANT'S SECOND SUPPLEMENTAL MOTION TO STRIKE (originally filed on February 23, 2015); and

4. APPELLANT'S MOTION TO STRIKE AND OBJECTION TO FTB PRIVATE INVESTIGATOR AND FTB ATTORNEY DECLARATIONS (filed as of the date of this letter).



**ANTOLIN**
L A W   G R O U P

Joann Richmond
September 28, 2016
Page 2 of 2

  The four motions request your Board strike all or, in the alternative, portions of FTB's second additional briefing and accompanying documents. As noted, the first three motions listed above were filed earlier. Mr. Hyatt was directed by Mr. Grant Thompson to re-file these three motions with his Second Additional Briefings. Respondent FTB declined to file an opposition to these three motions. Therefore, FTB has waived its opposition to these motions.

  To conserve your Board's resources and the resources of the parties, Appellant respectfully requests that your Board rule on these motions before the hearings in these appeals. If all or any of these motions are granted, the scope of these appeals and the legal and factual issues to be decided will be reduced.

  Consistent with our prior filings of briefs, we request that the materials provided be kept confidential to the fullest extent of the law.

  Thank you for your consideration of this matter.

       Sincerely,

       Edwin P. Antolin

Enclosures

cc: Bill Hilson, FTB counsel (one set of motions by Federal Express)
  Board Members (one copy each)
    Hon. Fiona Ma, Chair
    Hon. Diane Harkey
    Hon. Jerome Horton
    Hon. Betty Yee
    Hon. George Runner

EXHIBIT 133



2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Telephone: 925.262.4180
Facsimile: 925.262.4269

antolinlawgroup.com

September 28, 2016

Writer's Direct Contact
Telephone: 925.262.4187
edwin.antolin@antolinlawgroup.com

Federal Express

Joann Richmond
Chief, Board Proceedings Division, MIC: 81
State Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0081

      Re:   Appeal of Gilbert P. Hyatt
           Case ID No. 435770
           Tax Year 1991
           <u>Appellant's Second Additional Brief</u>

           Appeal of Gilbert P. Hyatt
           Case ID No. 446509
           Tax Year 1992
           <u>Appellant's Supplemental Brief</u>

Dear Ms. Richmond:

      Please find enclosed eight copies of Appellant's DVD containing Appellant's Second Additional Brief (1991), Appellant's Second Additional Brief (1992), Appellant's Concluding Summary (1991), and Appellant's Concluding Summary (1992), with supporting documentation and evidence, in the above two appeal. Each DVD contains the same material.

      With the filing of the Concluding Summaries for each appeal by both parties, the briefing in these appeals is now concluded, and these appeals should be set for their respective hearings. Given that these appeals have been pending for 10 years, we strongly urge Board Proceedings to set these appeals for hearing as soon as possible. Board Proceedings previously ordered that each appeal be decided separately. Accordingly, we request that each appeal be set for hearing on separate dates to allow for full consideration and determination of each appeal on its own terms. Appellant requests that the 1991 appeal be set for hearing first. This could provide significant administrative efficiency as a favorable decision for the 1991



Joann Richmond
September 28, 2016
Page 2 of 2

appeal could moot the 1992 appeal, the 1991 appeal covers only about a three month period while the 1992 appeal covers a 12 month period, and FTB's 1992 determination was effectively a re-hash of FTB's 1991 determination.

Board Proceedings ordered that these appeals and the briefing for each appeal remain separate. However, Respondent Franchise Tax Board's Second Additional Briefing and accompanying documents improperly intertwined both appeal years in its briefing. (Note, Appellant filed a motion to strike FTB's Second Additional Briefing based, in part, on FTB's violation of this order, and Appellant resubmits this motion concurrently with this filing.) Thus, to reduce the prejudice to Mr. Hyatt, it has been necessary to respond in kind to FTB's intertwined briefings. Furthermore, Appellant's Second Additional Briefing, accompanying documents, and evidence respond directly to the arguments made and evidence cited in FTB's Second Additional Briefing and accompanying documents.

Consistent with our prior filings of briefs, we request that the materials provided be kept confidential to the fullest extent of the law.

Thank you for your consideration of this matter.

Sincerely,

Edwin P. Antolin

Enclosures (8 DVDs)

cc:     Bill Hilson, FTB counsel (one DVD by Federal Express)

EXHIBIT 134


**ANTOLIN**
L A W   G R O U P

2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Telephone: (925)262-4180
Facsimile: (925)262-4269

antolinlawgroup.com

October 14, 2016

Writer's Direct Contact
Telephone: 925-262-4187
edwin.antolin@antolinlawgroup.com

By U.S. Mail and email

Grant Thompson
Tax Counsel IV
Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

> Re: *Appeals of Gilbert P. Hyatt*
> Case ID Nos. 446509 and 435770

Dear Grant:

Thank you for your email dated October 12, 2016, and the guidance you provided regarding the Rules for Tax Appeals and the Board of Equalization's ("Board") procedures for making decisions.

Appellant Gilbert P. Hyatt ("Mr. Hyatt" or "Appellant") requested immediate action on his Objection and Motion to Strike FTB's Concluding Summaries filed on October 7, 2016, because of the unfairness and prejudice to him resulting from FTB's Concluding Summaries. FTB's blatant violations of the Board's express order (dated September 3, 2014) that the Concluding Summaries must not contain new evidence or new argument is highly prejudicial to Mr. Hyatt for the reasons set forth in the Objection and Motion to Strike. Appellant filed the Objection and Motion to Strike to bring these violations to the Board's immediate attention.

Your letter dated September 3, 2014, stated that if Concluding Summaries contained new arguments or new evidence, "the concluding summary will be rejected." (See page 2.) The determination by you and by the Chief of Board Proceedings that a Concluding Summary is noncompliant and the rejection of such noncompliant documents do not require a noticed Board hearing and would be consistent with the Board's order regarding the filing of the Concluding Summaries. Rejection of FTB's noncompliant filings would limit the unending briefing and unlawful acts by FTB. Without sanction by Board Proceedings, FTB will continue to disregard the law and the Board's orders to the significant prejudice of Mr. Hyatt. FTB must be given a message that the Board will not put up with this behavior. Mr. Hyatt seeks a level playing field and a resolution of his appeals, which have now been pending for nine years.



**ANTOLIN**
L A W   G R O U P

Grant Thompson
Page 2 of 3
October 14, 2016

Although the Rules for Tax Appeals allow a party to submit evidence up to the date of the hearing, the Board's order (dated September 3, 2014) expressly prohibited the filing of new evidence with and new arguments in the Concluding Summaries and the Rules for Tax Appeals do not permit endless briefing. Accordingly, if FTB wishes to submit new evidence, it may do so at the hearing, but it cannot slip in extensive new evidence and new arguments with its Concluding Summaries in violation of the Board's express order. FTB apparently believes it is proper to continually search for new evidence and to submit briefing of the new evidence at any time. This is plainly not permitted by the Rules for Tax Appeals and must not be allowed to continue. The disputed period is 25 years past, and Mr. Hyatt is now 78 years old. The briefing in Mr. Hyatt's appeals is finally completed, and Mr. Hyatt urges Board Proceedings to set a hearing on the earliest available date. FTB's Concluding Summaries must be rejected for violating your orders.

As you requested, Appellant will address further objections to Ms. Richmond and to you. As noted in my letter, dated October 7, 2016, we intend to submit a supplement to the Objection and Motion and are diligently working on it at this time. Because of my other work commitments and because other tax professionals working on these appeals are tied up until the October 17th 2015 tax return filing deadline, we anticipate completing our analysis of FTB's filing and submitting our supplement by November 4, 2016.

As we continue to analyze FTB's Concluding Summaries, it is now apparent that FTB also violated the 30-page limit for the Concluding Summaries by putting additional arguments into its exhibits. This violation is consistent with the FTB's disregard of the Board's order for the Second Additional Briefs that Mr. Hyatt objected to in the first three Motions to Strike. You advised Mr. Hyatt to resubmit these first three Motions to Strike with Appellant's Second Additional Briefs, which he did. We will submit our analysis of this FTB violation of the 30-page limit for the Concluding Summaries with our supplement.

For the reasons set forth in Appellant's Objection and Motions to Strike FTB's Concluding Summaries, Appellant respectfully requests that the Chief of Board Proceedings immediately review the objection and motion as supplemented and reject FTB's Concluding Summaries as stated in the Board's express order (dated September 3, 2014) that the Concluding Summaries must not contain new evidence or new argument.

Thank you for consideration of this matter.

Sincerely,

Edwin P. Antolin



Grant Thompson
Page 3 of 3
October 14, 2016

cc: Bill Hilson, FTB counsel (by email)

EXHIBIT 135

**From:** Hilson, Bill@FTB [mailto:Bill.Hilson@ftb.ca.gov]
**Sent:** Friday, October 14, 2016 4:05 PM
**To:** Thompson, Grant S (Legal)
**Cc:** 'Ed Antolin'
**Subject:** RE: Appeals of Gilbert Hyatt - Nos. 435770 and 446509 [re appellant's 10-7-16 submission]

Hi Grant,

I have received and reviewed today's correspondence and e-mails. To answer your question, I have no objection to Mr. Antolin's proposal to submit the missing supplement on November 4, 2016. As to your request for a likely letter reply by next Wednesday, the honest answer is that I cannot meet that requested deadline. I have a personal medical appointment that will have me out of the office for a substantial portion of the day on Monday and professional commitments that will have me out of the office Wednesday through Friday. I will be in the office on Monday and Tuesday, October 24 and 25, and out of the office on other professional commitments the remainder of that week. As I have previously advised, I have been waiting for Appellant's supplement so as to be able to evaluate and respond to what is both vague, and an admittedly incomplete "motion". Particularly in light of Mr. Antolin's representation that that submission will not be made complete until November 4, 2016, I question the need and propriety of a request that Respondent respond to an incomplete filing, particularly when it is highly likely that response to the supplement will be necessary. In short, I question why Respondent should be required to respond to this "motion" in a piece-meal fashion. As such, I request that Respondent not be required to respond to the "motion" until such time as that submission is complete and Respondent has had a reasonable time to review whatever materials are submitted. I am willing to target noontime, October 26, 2016 for a response to the request in your e-mail. However, I do not believe I can comply with your request in a meaningful fashion in a shorter timeframe.

Thank you

**From:** Thompson, Grant S (Legal) [mailto:Grant.Thompson@boe.ca.gov]
**Sent:** Friday, October 14, 2016 2:58 PM
**To:** Hilson, Bill@FTB
**Cc:** 'Ed Antolin'
**Subject:** RE: Appeals of Gilbert Hyatt - Nos. 435770 and 446509 [re appellant's 10-7-16 submission]

Hello Bill,

Could you please provide a letter response to appellant's correspondence today and his October 7, 2016 submission, by no later than next Wednesday, October 19, 2016?

Thank you.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization

Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

**From:** Ed Antolin [mailto:edwin.antolin@antolinlawgroup.com]
**Sent:** Friday, October 14, 2016 2:13 PM
**To:** Thompson, Grant S (Legal)
**Cc:** 'Hilson, Bill@FTB'
**Subject:** Re: Appeals of Gilbert Hyatt - Nos. 435770 and 446509 [re appellant's 10-7-16 submission]

Dear Grant,

We request that Board Proceedings defer action on Appellant's Objection and Motion to Strike FTB's Concluding Summaries until after we file the supplement and Board Proceedings has reviewed the supplement.

Thank you.

Ed

Edwin P. Antolin
Antolin Law Group
2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Direct Tel: 925-262-4187
Cell: 925-323-2618
Fax: 925-262-4269

Edwin.antolin@antolinlawgroup.com

**From:** Grant Thompson <Grant.Thompson@boe.ca.gov>
**Date:** Friday, October 14, 2016 at 1:44 PM
**To:** Ed Antolin <edwin.antolin@antolinlawgroup.com>
**Cc:** Bill Hilson <Bill.Hilson@ftb.ca.gov>
**Subject:** RE: Appeals of Gilbert Hyatt - Nos. 435770 and 446509 [re appellant's 10-7-16 submission]

Thank you for responding. You state you intend to supplement your objection by November 4, 2016, but you request that the Chief of Board Proceedings "immediately review the objection and motion as supplemented." Are you requesting that we defer action until November 4, 2016 so that we can receive a supplemental submission from you at that time? Please confirm.

**From:** Ed Antolin [mailto:edwin.antolin@antolinlawgroup.com]
**Sent:** Friday, October 14, 2016 1:22 PM
**To:** Thompson, Grant S (Legal); 'Hilson, Bill@FTB'
**Subject:** Re: Appeals of Gilbert Hyatt - Nos. 435770 and 446509 [re appellant's 10-7-16 submission]

Dear Grant,

Please find the attached letter in response to your earlier email. Thank you for your consideration of this matter.

Regards,

Ed

Edwin P. Antolin
Antolin Law Group
2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Direct Tel: 925-262-4187
Cell: 925-323-2618
Fax: 925-262-4269

Edwin.antolin@antolinlawgroup.com

**From:** Grant Thompson <Grant.Thompson@boe.ca.gov>
**Date:** Friday, October 14, 2016 at 11:26 AM
**To:** Ed Antolin <edwin.antolin@antolinlawgroup.com>, Bill Hilson <Bill.Hilson@ftb.ca.gov>
**Subject:** RE: Appeals of Gilbert Hyatt - Nos. 435770 and 446509 [re appellant's 10-7-16 submission]

Dear Ed and Bill:

To reiterate, rather than filing motions that seek actions from the Board prior to the oral hearings, any further information the parties wish to provide may be provided in the form of correspondence directed to me and/or Ms. Richmond.

Ed, appellant's October 7, 2016 letter indicates that he wishes to supplement his objections to the FTB's summaries but does not state when he intends to do so. Unless I have somehow overlooked it, I have received no response to my request below that you advise approximately when appellant anticipates providing any supplement that he wishes to provide. I would appreciate your response.

Bill, could you please provide any response from the FTB to appellant's October 7, 2016 letter and submission that it wishes to provide and let me know approximately when you can provide it? To the extent that the FTB wishes to file a further response to any further objection provided by appellant, we can consider that, but the FTB should be prepared to do so quickly.

Thank you.

Grant S. Thompson
Tax Counsel IV
Appeals Division - Franchise & Income Tax Appeals
Board of Equalization
Telephone: 916-205-1644

*Confidential information of the California State Board of Equalization – unauthorized use or disclosure is strictly prohibited by law. If you receive this e-mail in error, please immediately notify the Board by return e-mail and delete this message from your computer, without printing the message, and without disclosing its contents to any person other than the sender or recipient. Persons who copy or disclose such confidential information are subject to applicable legal penalties.*

EXHIBIT 136



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0085
916-205-1644 • FAX 916-324-2618
*www.boe.ca.go*

SEN. GEORGE RUNNER (Ret.)
First District, Lancaster

FIONA MA, CPA
Second District, San Francisco

JEROME E. HORTON
Third District, Los Angeles County

DIANE L. HARKEY
Fourth District, Orange County

BETTY T. YEE
State Controller
_____
DAVID J. GAU
Executive Director

October 20, 2016

Edwin P. Antolin
Antolin Law Group
2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Dear Mr. Antolin:

This letter responds to appellant's submissions dated September 28, 2016, October 7, 2016, and October 14, 2016.

In appellant's September 28, 2016 submission, appellant re-filed three previously filed self-described motions and/or supplemental motions to strike Franchise Tax Board (FTB) briefs and impose sanctions. The previously filed motions were submitted on September 11, 2014, February 4, 2015, and February 23, 2015. In addition, appellant submitted a new motion to strike and objection to FTB private investigator and attorney declarations (appellant's fourth motion). The motions and supplemental motions provide over 500 pages of legal argument, exhibits and declarations. Appellant requests that the Board rule on the motions prior to the oral hearings for the appeals.

Appellant's October 7, 2016 correspondence attached an "Objection and Motion to Strike" (appellant's fifth motion) which requested an immediate ruling on an emergency basis striking the FTB's concluding summaries in their entirety on the ground that they contain new evidence and argument. However, appellant also stated that he would be supplementing his objection, and on October 14, 2016 appellant requested that any action be deferred until he could supplement his objection, which he estimated would take until November 4, 2016. Appellant also stated he intended to expand his objection to argue that the FTB exceeded the page-length limit by including arguments in its exhibits.

In response to the submissions, I first note that appellant's September 28, 2016 cover letter is incorrect in stating that appellant "was directed by Mr. Grant S. Thompson to re-file these three motions." While we have considered and sought to address the concerns raised in appellant's objections, I have consistently advised that arguments regarding the evidence may be raised in briefing, in concluding summaries, and at the oral hearings. Please see, for example, my letters dated June 13, 2014, November 5, 2014, December 9, 2014, March 5, 2015 (reiterating my statement in my December 9, 2014 letter), and April 21, 2016.

Most recently, on September 7, 2016, appellant objected to the FTB's concluding summaries before they had been filed, and, in response, I stated as follows:

> Pursuant to California Code of Regulations, title 18, section 5523.6, and consistent with the Board's past practice, any relevant evidence may be submitted, and either party may raise objections to the evidence presented *at the oral hearings*. To the extent that either party objects to the content of the other party's submissions, the objecting party has an opportunity to raise such arguments to the Board *at the oral hearings*, and the Board will determine what weight, if any, to provide to the materials submitted. [emphasis added]

Prior to that, on March 5, 2015, I stated, with regard to the three motions that appellant has now re-filed, as follows:

> Appellant has argued in various submissions that there has been no ruling on his September 11, 2014 "Motion to Strike." On the contrary, the Appeals Division has addressed all of appellant's motions and sought to move these appeals forward in a manner that addressed appellant's concerns while still facilitating an orderly and fair oral hearing. . . .
>
> To the extent appellant seeks to prevent the FTB from filing further briefing, appellant's motions have been, and are, denied. . . .

Despite the foregoing, on September 28, 2016, appellant filed and re-filed the above-referenced four motions to strike the FTB's briefing. As I noted in my email of October 12, 1016, the Board's Rules for Tax Appeals do not set forth a motion practice by which a party can seek to exclude evidence prior to the oral hearing. Furthermore, pursuant to the Bagley-Keene Open Meeting Act (Government Code § 11120 et seq.), the Members of the Board cannot meet outside of scheduled and noticed public meetings to address evidentiary issues or rule on other matters. As a consequence, the Board's practice is for parties to make arguments, including evidentiary arguments, through scheduled briefing conducted pursuant to its Rules for Tax Appeals, and for the Members of the Board acting as a body to consider such arguments during the Board's publicly noticed oral hearing for the appeal. The motions constitute written legal argument submitted outside of the briefing process. Also, by requesting immediate rulings prior to the oral hearings for these appeals, appellant appears to suggest that Board Members take action outside a scheduled Board hearing, which the Board cannot do under the Bagley-Keene Open Meeting Act. To the extent appellant has concerns for which he seeks action prior to the oral hearing, such concerns may be raised through correspondence to Ms. Richmond or me so that we can consider whether and how such concerns might be addressed in compliance with the Board's rules and legal requirements.

With regard to the concerns raised in the four motions filed or re-filed on September 28, 2016, appellant has had a full opportunity to raise arguments regarding the evidence and any other contested matters in his briefing, including his most recent briefing, dated September 28, 2016. Accordingly, appellant's requests to strike the FTB's briefing and evidence are denied; however, as previously noted, appellant has the opportunity to present arguments at the oral hearings with regard to the arguments and evidence submitted by the FTB.

As noted above, appellant's October 7, 2016 letter and motion raises concerns regarding the FTB's concluding summaries. Appellant seeks to have the FTB's summaries rejected on the ground that the summaries include new argument and evidence. On October 14, 2016, appellant requested approximately three additional weeks, or until approximately November 4, 2016, to supplement his objections. The FTB has requested an opportunity to reply to any such supplemented objection. It is quite possible that appellant would then request an opportunity to reply to the FTB.

We do not believe it is appropriate or advisable to delay this matter by waiting for the parties to file yet more procedural objections and responses. We have reviewed the FTB's concluding summaries and appellant's objections to the summaries which we received on October 7, 2016 and October 14, 2016, and we set forth below a path that allows appellant to respond to the new or allegedly new materials.

Based on our review, the FTB's summaries do reference some evidence that appears not to have been previously raised in prior briefing, including additional evidence of mail or filings addressed to or from appellant in California.[1] However, it does not appear to staff that the new evidence, or the allegedly new arguments, materially change the FTB's contentions. Rather, it appears that, viewed as a whole, the FTB's concluding summaries substantially comply with the direction to provide concluding summaries of its arguments.

In light of the above, rejecting the summaries without leave to amend would be a disproportionate response, and it would leave the Board with summaries from only one party to the appeals. Moreover, both parties have the right to submit documentary evidence outside of briefing.[2] As a result, if we were to reject the FTB's concluding summaries without leave to amend, it would not prevent the evidence from entering the record, as the FTB would have the right to re-submit the evidence. It would also be inappropriate and unhelpful to reject the summaries with direction to amend the summaries because appellant's objections appear to staff to be overbroad[3] and, as noted, the FTB has the right to submit documentary evidence. Furthermore, it would cause additional delay and risk further disputes between the parties regarding the content of any amended summaries. In these circumstances, the Appeals Division does not believe that rejecting the FTB's summaries will facilitate a fair hearing or effectively remedy appellant's concerns.

However, in response to appellant's objections, the Appeals Division is providing appellant an opportunity, if he wishes to do so, to file a brief for each appeal, not to exceed 15 double-spaced pages, addressing the new evidence provided by the FTB with its concluding summaries and any areas of the

---

[1] The FTB has argued throughout the appeal process that appellant sent and received mail from California. The new evidence from the United States Patent Office appears to be intended to supplement this existing evidence and argument.

[2] Please note that Rule 5523.6(b), any additional documentary evidence "should be submitted at least 14 days prior to the Board hearing in order to facilitate the orderly consideration of the issues at the hearing."

[3] For example, appellant argues that the FTB has changed its fraud argument on the ground that the FTB "apparently withdrew (or at least did not argue) its 10 fraud factors . . . and instead presented a different narrative with many new alleged fraud facts and arguments that were not previously argued . . . ." However, the FTB's summaries of its fraud arguments appear to staff to be substantially the same as the fraud arguments the FTB has previously made, albeit in more summary form, and it does not appear to staff that the FTB withdrew its fraud factors by not reciting them again. Instead, the FTB referenced to its prior submissions in which its fraud arguments are set forth at more length.

Appeals of Gilbert P. Hyatt        -4-        October 20, 2016

concluding summaries where appellant believes the FTB has made new arguments.[4] Any such briefs should be filed by November 21, 2016.

Pursuant to Rule 5435(a), the order, deadlines and conditions for additional briefing are determined by the Appeals Division. However, Ms. Richmond has reviewed and concurs with the determination to allow appellant to file additional briefs on the terms and schedule set forth above, in lieu of rejecting the FTB's concluding summaries.

If either party has any questions, please feel free to call me at (916) 205-1644.

Sincerely,

Grant S. Thompson
Tax Counsel IV

GT/sh

cc:     Gilbert P. Hyatt
       P.O. Box 81230
       Las Vegas, NV 89180

| | |
|---|---|
| Mr. Craig Scott, FTB-Legal | (MS A260) |
| Ms. Marguerite Mosnier, FTB-Legal | (MS A260) |
| Bill Hilson, FTB-Legal | (MS A260) |
| Joan Richmond, Board Proceedings Division | (MIC: 80) |
| Khaaliq Abd'Allah, Board Proceedings Division | (MIC: 80) |

---

[4] To the extent appellant wishes to object in his briefs to the length of the FTB's summaries on the ground that the FTB included arguments in its exhibits, appellant is free to do so, but staff suggests that appellant focus on the substantive issues and notes that appellant has provided many exhibits or attachments that include extensive argument.

EXHIBIT 137





November 10, 2016

Writer's Direct Contact
Telephone: 925.262.4187
edwin.antolin@antolinlawgroup.com

Grant Thompson
Tax Counsel IV
Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0085

Joann Richmond
Chief, Board Proceedings Division
Board Proceedings Division, MIC: 81
State Board of Equalization
P.O. Box 942879
Sacramento, CA 94279-0081

Re:     Appeal of Gilbert P. Hyatt
        Case ID No. 435770
        Tax Year 1991

        Appeal of Gilbert P. Hyatt
        Case ID No. 446509
        Tax Year 1992

Dear Mr. Thompson and Ms. Richmond:

Thank you for your correspondence dated October 20, 2016, and October 21, 2016, and for your consideration of Appellant's objections and motion to strike Respondent Franchise Tax Board's Concluding Summaries and accompanying documents and DVD. Although we disagree with staff's decision not to reject FTB's Concluding Summaries, we understand your serving the interests of the members of the Board of Equalization. Appellant intends to submit **final** reply briefs in response to FTB's Concluding Summaries, and we understand and expect that these reply briefs will conclude the briefing in these appeals.

Our review of FTB's Concluding Summaries and accompanying documents reveals that FTB's arguments greatly exceeded the 30-page limit per Concluding Summary in violation of the Board's order. FTB circumvented the page limits by placing nearly all citations and many additional arguments in FTB's 1991 Concluding Summary Exhibit A and


**ANTOLIN**
L A W   G R O U P

Grant Thompson
Joann Richmond
November 10, 2016
Page 2 of 2

1992 Concluding Summary Exhibit A. Furthermore, the endnotes in FTB's 1991 Concluding Summary Exhibit A and 1992 Concluding Summary Exhibit A should have been included in the text of FTB's Concluding Summaries, as has been the practice of both parties for all prior briefing. As an example of improper arguments included in its endnotes contained in exhibits, 1992 Concluding Summary Exhibit A endnotes 5, 7, and 10 clearly contain arguments outside of the page limits. Unlike FTB, Appellant did not attempt to circumvent the page limit by filing exhibits containing endnote citations and containing additional arguments as part of his Concluding Summaries. Appellant carefully adhered to the Board's order to file two 30-page Concluding Summaries without new arguments or new evidence. Appellant's Concluding Summaries do not have any exhibits although they do cite to exhibits to the briefings. Because of FTB's improper methods, FTB's Concluding Summaries in fact greatly exceed the 30-page limit. In the interest of treating each party fairly and to provide Appellant a full opportunity to respond to the new arguments raised by FTB in its Concluding Summaries and accompanying documents, Appellant requests 30-pages for each of the two reply briefs.

In addition, Appellant respectfully requests a three week extension of time until Monday December 12, 2016, for filing the reply briefs. This modest extension is necessary because a key person involved in Mr. Hyatt's filing has been and continues to be unavailable due to a personal emergency and because the extended due date conflicts with holiday travel plans during the week of Thanksgiving.

Thank you for your consideration of this matter.

Sincerely,

Edwin P. Antolin

cc:     Bill Hilson, FTB counsel

EXHIBIT 138



STATE OF CALIFORNIA

**STATE BOARD OF EQUALIZATION**
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0065
916-205-1644 • FAX 916-324-2618
*www.boe.ca.go*

SEN. GEORGE RUNNER (RET.)
First District, Lancaster

FIONA MA, CPA
Second District, San Francisco

JEROME E. HORTON
Third District, Los Angeles County

DIANE L. HARKEY
Fourth District, Orange County

BETTY T. YEE
State Controller
—————
DAVID J. GAU
Executive Director

November 15, 2016

Edwin P. Antolin
Antolin Law Group
2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Appeals of Gilbert P. Hyatt
Case ID Nos. 446509 and 435770

Dear Mr. Antolin:

This letter responds to your letter of November 10, 2016. In that letter, appellant requests an additional 15 pages, for a total of 30 pages, for each of its briefs. Appellant also requests a three-week extension to Monday, December 12, 2016, due to the unavailability of a key person involved in these appeals. Both requests are hereby granted.

Please note that Rule 5435 allows the Appeals Division, any Board Member, or the Board, to request additional briefing during or after the applicable briefing schedule. Therefore, I cannot foreclose the possibility of further briefing; however, the Appeals Division does not presently anticipate any further briefing following receipt of appellant's briefs on or prior to December 12, 2016.

Please feel free to call me at (916) 205-1644 if you have any questions.

Sincerely,

Grant S. Thompson
Tax Counsel IV

cc: Gilbert P. Hyatt
P.O. Box 81230
Las Vegas, NV 89180

Bill Hilson, FTB Legal       (MS A260)
Joanne Richmond, Board Proceedings Division (MIC: 80)
Khaaliq Abd'Allah, Board Proceedings Division (MIC: 80)

EXHIBIT 139



**ANTOLIN**
L A W   G R O U P

2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Telephone: (925)262-4180
Facsimile: (925)262-4269

antolinlawgroup.com

January 4, 2017

Writer's Direct Contact
Telephone: 925-262-4187
edwin.antolin@antolinlawgroup.com

By U.S. Mail and email

Joann Richmond
Chief, Board Proceedings Division (MIC: 80)
Board of Equalization
450 N Street
P.O. Box 942879
Sacramento, CA 94279-0080

Re: *Appeals of Gilbert P. Hyatt*
    Case ID Nos. 446509 and 435770

Dear Ms. Richmond:

I am writing to request that the hearing in the above-referenced appeals be scheduled for May 23-25 in Sacramento. On Friday, December 30, 2016, Claudia Lopez called me and informed me that the Board intended to set the appeals for hearing on the March calendar, and I later sent an email confirming that Mr. Hyatt and his representatives would be available for the March hearing. However, a key member of the Hyatt team will be traveling out of the country for three weeks bridging March and April, and another key member of the Hyatt team will be unavailable for hearing preparations in April due to the April 17th tax deadline. Thus, we respectfully request scheduling the hearings for the May 23-25 hearings in Sacramento.

In addition, we would appreciate it if you could schedule our two "back to back" hearings for the morning schedule on the day that you select. We expect to request extra time in a future correspondence.

Thank you for your consideration of this matter.

Sincerely,

Edwin P. Antolin



Joann Richmond
Page 2 of 2
January 4, 2017


cc:   Bill Hilson, FTB counsel (by email)
      Claudia Lopez, Board Proceedings (by email)

EXHIBIT 140

STATE OF CALIFORNIA

## STATE BOARD OF EQUALIZATION
450 N STREET, SACRAMENTO, CALIFORNIA
PO BOX 942879, SACRAMENTO, CALIFORNIA 94279-0080
1-916-322-9569 • FAX 1-916-324-3984
www.boe.ca.gov

SEN. GEORGE RUNNER (RET.)
First District, Lancaster

FIONA MA, CPA
Second District, San Francisco

JEROME E. HORTON
Third District, Los Angeles County

DIANE L. HARKEY
Fourth District, Orange County

BETTY T. YEE
State Controller

DAVID J. GAU
Executive Director

January 6, 2017

Mr. Edwin P. Antolin
Antolin Law Group
2175 N. California Blvd., Suite 775
Walnut Creek, CA 94596

Re:     Appeals of Gilbert P. Hyatt
        Case ID Nos. 446509 and 435770

Dear Mr. Antolin:

This is to respond to your letter of January 4, 2017. As you know, we had planned for the hearings in the above-referenced appeals to be calendared during the Board's March 28-30, 2017 Board meeting. However, in your letter of January 4, 2017 you request that the hearings be calendared for the Board's May 23-25, 2017 Board meeting to accommodate travel and business plans of appellant's representatives. On behalf of the appellant, you also request that the hearings be scheduled for the morning.

In order to accommodate appellant's scheduling concerns, we will not schedule these appeals for the March 28-30, 2017 Board meeting. We will strive to accommodate appellant's request for oral hearings during the May 23-25, 2017 calendar and currently anticipate that the oral hearings will be held on that calendar. However, we have not yet set the May 23-25, 2017 calendar, so the parties should await a formal Hearing Notice for confirmation which will be sent on or about March 3, 2017. We will take into consideration appellant's request that the hearings be held in the morning, but will not be able to finally determine if this request can be accommodated until closer to the hearing date.

Please feel free to contact me at the above number, Claudia Lopez at 916-322-1931 or Khaaliq Abd'Allah at 916-324-8261 if you have any questions.

Sincerely,

Joann Richmond

Joann Richmond, Chief
Board Proceedings Division

cc:     Mr. Gilbert P. Hyatt
        P.O. Box 81230
        Las Vegas, NV 89180

        Mr. Bill Hilson, FTB-Legal                      (MS A260)
        Mr. Scott DePeel                                (MS A260)
        Mr. Grant S. Thompson, Appeals Division         (MIC:82)
        Mr. Khaaliq Abd'Allah, Board Proceedings Div.   (MIC:80

EXHIBIT 141

BOE-1756-FTB (Rev 9/13) 45019690

STATE OF CALIFORNIA
**BOARD OF EQUALIZATION**

 **Notice of Board Hearing**

## FRANCHISE AND INCOME TAX APPEAL

Appeal of:       GILBERT P. HYATT
Case Identification:    446509

Taxpayer

GILBERT P. HYATT
PO BOX 81230
LAS VEGAS  NV  89180-1230

FRANCHISE TAX BOARD
P. O. Box 1720
RANCHO CORDOVA ,   CA95741-1720

Board Hearing
Tuesday, May 23, 2017

The referenced case is one of many scheduled for this
meeting day, parties should be prepared to attend the
entire day.

09:00 AM Session
State Board of Equalization
Board Hearing Room
450 N Street
Sacramento, CA

Please complete and return the attached Response to Notice of Board Hearing form by March 20,
2017.  If your response is not received by March 20, 2017, your case will be submitted to the Board
for decision without an oral hearing and decided on the basis of the written record.  (Cal. Code Regs,
tit. 18, § 5522.6, subd. (e).)

Your Board Proceedings Contact is: Mr. Khaaliq Abd'allah - Telephone 916-324-8261, FAX: 916-324-3984,
KAbdalla@boe.ca.gov, Board Proceedings Division, MIC: 80, P.O. Box 942879,
Sacramento, CA 94279-0080.

Copies Sent  to:

EDWIN P. ANTOLIN
ANTOLIN LAW GROUP
2175 N. CALIFORNIA BLVD., SUITE 775
WALNUT CREEK  CA  94596

Date: March 03, 2017

 If you require special assistance, or if you speak a language other than English and require an interpreter, please
contact Board Proceedings at the telephone number listed above.

 **Response to Notice of Board Hearing**

Appeal of: **GILBERT P. HYATT**

Case Identification: 446509

Board Proceedings Contact: Mr. Khaaiiq Abd'allah - Telephone 916-324-8261  FAX 916-324-3984

Board Hearing: Tuesday,  May 23, 2017          State Board of Equalization
09:00 AM Session                  Board Hearing Room
                                  450 N STREET
                                  SACRAMENTO,  CA

Please complete and return this form by March 20, 2017.

Return one copy to:  Khaaiiq Abd'allah, Board Proceedings Division, MIC:80, P. O. Box 942879, Sacramento,CA 94279-0080.  For your convenience, a self-addressed envelope is enclosed.  If you prefer, you may fax your reply to (916) 324-3984 or email directly KAbdalla@boe.ca.gov.

Please note that whichever option you choose may be considered to have "participated meaningfully" in this appeal for purposes of Revenue and Taxation Code section 18533, subdivision (e)(3)(B).  If you are determined later to have "participated meaningfully" in this appeal, you may be barred from later attempting to bring another appeal for the same appeal years to the Board seeking to overturn a decision of the Franchise Tax Board to deny or grant innocent spouse relief.

☐   The following persons will appear at the hearing and will make an oral presentation.

Person Appearing: _____

Telephone: _____FAX _____     ☐ Taxpayer     ☐ Attorney          ☐ CPA

Employed By:  _____     ☐ Representative ☐ Enrolled Agent   ☐ Witness

E-mail Address: _____     ☐ Other _____

Mailing Address: _____

_____

Person Appearing: _____

Telephone: _____FAX _____     ☐ Taxpayer     ☐ Attorney          ☐ CPA

Employed By:  _____     ☐ Representative ☐ Enrolled Agent   ☐ Witness

E-mail Address: _____     ☐ Other _____

Mailing Address: _____

_____

☐   I waive my right to appear at the hearing or to be represented at the hearing.  I understand that the Board Members will determine my case based on the information previously submitted.

☐   I withdraw my request for a hearing and wish to have my appeal dismissed.  I understand that the Board Members will not consider the merits of my appeal, and the determination of the Franchise Tax Board will be final.

☐   I request an interpreter in the following language _____.

| SIGNATURE OF TAXPAYER OR TAXPAYER'S DESIGNATED REPRESENTATIVE | DATE SIGNED |
|---|---|

PRINT NAME OF SIGNER

**CHECK ONE:** I AM THE ☐ TAXPAYER     ☐ TAXPAYER'S DESIGNATED REPRESENTATIVE

Please return this form to the Board Proceedings Division as indicated above.

BOE-1756-FTB (Rev 9/13) 42702409

STATE OF CALIFORNIA
**BOARD OF EQUALIZATION**

 **Notice of Board Hearing**

## FRANCHISE AND INCOME TAX APPEAL

Appeal of: GILBERT P. HYATT
Case Identification: 435770

Taxpayer

GILBERT P. HYATT
PO BOX 81230
LAS VEGAS NV 89180-1230

FRANCHISE TAX BOARD
P. O. Box 1720
RANCHO CORDOVA , CA95741-1720

Board Hearing
Tuesday, May 23, 2017

09:00 AM Session
State Board of Equalization
Board Hearing Room
450 N Street
Sacramento, CA

The referenced case is one of many scheduled for this meeting day, parties should be prepared to attend the entire day.

Please complete and return the attached Response to Notice of Board Hearing form by March 20, 2017. If your response is not received by March 20, 2017, your case will be submitted to the Board for decision without an oral hearing and decided on the basis of the written record. (Cal. Code Regs, tit. 18, § 5522.6, subd. (e).)

Your Board Proceedings Contact is: Mr. Khaaliq Abd'allah - Telephone 916-324-8261, FAX: 916-324-3984, KAbdalla@boe.ca.gov, Board Proceedings Division, MIC: 80, P.O. Box 942879, Sacramento, CA 94279-0080.

Copies Sent to:

EDWIN P. ANTOLIN
ANTOLIN LAW GROUP
2175 N. CALIFORNIA BLVD., SUITE 775
WALNUT CREEK CA 94596

Date: March 03, 2017

 If you require special assistance, or if you speak a language other than English and require an interpreter, please contact Board Proceedings at the telephone number listed above.

 **Response to Notice of Board Hearing**

| | |
|---|---|
| Appeal of: | GILBERT P. HYATT |

| | |
|---|---|
| Case Identification: | 435770 |
| Board Proceedings Contact: | Mr. Khaaliq Abd'allah - Telephone 916-324-8261  FAX 916-324-3984 |
| Board Hearing: | Tuesday,   May 23, 2017         State Board of Equalization<br>09:00 AM Session                     Board Hearing Room<br>                                                450 N STREET<br>                                                SACRAMENTO,  CA |

Please complete and return this form by March 20, 2017.

Return one copy to:  Khaaliq Abd'allah, Board Proceedings Division, MIC:80, P. O. Box 942879, Sacramento,CA 94279-0080.  For your convenience, a self-addressed envelope is enclosed.  If you prefer, you may fax your reply to (916) 324-3984 or email directly KAbdalla@boe.ca.gov.

Please note that whichever option you choose may be considered to have "participated meaningfully" in this appeal for purposes of Revenue and Taxation Code section 18533, subdivision (e)(3)(B).  If you are determined later to have "participated meaningfully" in this appeal, you may be barred from later attempting to bring another appeal for the same appeal years to the Board seeking to overturn a decision of the Franchise Tax Board to deny or grant innocent spouse relief.

☐   The following persons will appear at the hearing and will make an oral presentation.

Person Appearing: _____

Telephone: _____FAX _____          ☐ Taxpayer     ☐ Attorney          ☐ CPA

Employed By: _____          ☐ Representative ☐ Enrolled Agent   ☐ Witness

E-mail Address: _____          ☐ Other _____

Mailing Address: _____

_____

Person Appearing: _____

Telephone: _____FAX _____          ☐ Taxpayer     ☐ Attorney          ☐ CPA

Employed By: _____          ☐ Representative ☐ Enrolled Agent   ☐ Witness

E-mail Address: _____          ☐ Other _____

Mailing Address: _____

_____

☐   I waive my right to appear at the hearing or to be represented at the hearing.  I understand that the Board Members will determine my case based on the information previously submitted.

☐   I withdraw my request for a hearing and wish to have my appeal dismissed.  I understand that the Board Members will not consider the merits of my appeal, and the determination of the Franchise Tax Board will be final.

☐   I request an interpreter in the following language _____.

| SIGNATURE OF TAXPAYER OR TAXPAYER'S DESIGNATED REPRESENTATIVE | DATE SIGNED |
|---|---|
| PRINT NAME OF SIGNER | |

**CHECK ONE:**  I AM THE ☐  TAXPAYER      ☐  TAXPAYER'S DESIGNATED REPRESENTATIVE

Please return this form to the Board Proceedings Division as indicated above.