**No. 15-15296**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GILBERT P. HYATT

*Plaintiff-Appellant*,

v.

BETTY T. YEE, ET AL.

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of California, No. 2:14-cv-00849-GEB-DAD (Burrell, J.)

**APPELLEE FRANCHISE TAX BOARD'S
MOTION FOR JUDICIAL NOTICE**

JAMES BRADSHAW
DEBBIE LEONARD
ADAM HOSMER-HENNER
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
(775) 788-2000

CYNTHIA J. LARSEN
KATIE DEWITT
DAVID W. SPENCER
ORRICK, HERRINGTON & SUTCLIFFE
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 329-7970

SETH P. WAXMAN
PAUL R.Q. WOLFSON
DANIEL WINIK
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 663-6000

## I. Introduction

On February 24, 2017, the Court "invited [the state parties] to move for judicial notice of documents that may shed light on the administrative and judicial proceedings that have taken place, and the possible reasons for delay, since the time Plaintiff-Appellant Hyatt first contested the California income tax liability at issue in this case." ECF No. 56. In response to that order, Appellees Betty T. Yee, Diane L. Harkey, and Michael Cohen, in their official capacities as members of the California Franchise Tax Board ("FTB"), respectfully request that the Court take judicial notice of the attached documents. This motion is supported in part by the declarations of Robert W. Dunn (found in the record at SER 1-70) and Scott W. DePeel (attached as Exhibit 1).

In submitting these materials, FTB does not intend to suggest that they are necessary for the Court to affirm the judgment below. The basis on which the district court dismissed this action, and the basis on which FTB urges this Court to affirm the dismissal, is that Hyatt's claim is facially barred by the Tax Injunction Act because California has at all times offered him a "plain, speedy, and efficient" remedy for his tax challenges. That remedy is the State's pay-then-protest procedure, Cal. Rev. & Tax Code § 19382, under which Hyatt would be permitted to challenge his tax assessment in state court no more than six months after paying the amount due and submitting a refund claim to the FTB, *id.* § 19385.

The judicially noticeable materials attached to this motion relate, rather, to the FTB's distinct factual challenge to jurisdiction. As the FTB argued before the district court, the § 19381 remedy that Hyatt pursued would have been "plain, speedy, and efficient" had Hyatt not caused years' worth of delays. *See* FTB Br. 10 n.4. The district court did not rule on that challenge, as it resolved this case on the distinct basis that the § 19382 procedure available to Hyatt was, and remains, a plain, speedy, and efficient remedy. Given the district court's disposition of this case, FTB has not relied in this Court on the § 19381 process, but FTB presented that argument below and files this request for judicial notice to further elaborate on the delays for which Hyatt bears substantial responsibility. FTB notes that after many delays at Hyatt's request, Hyatt's appeal hearing before the California Board of Equalization ("SBE") is currently scheduled for May 23-25, 2017. Ex. 1, DePeel Decl. ¶6; 12RJN2301-2304.[1]

## II.  Argument

### A.  Legal Standard

The Court "may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice

---

[1] Each document of which FTB requests judicial notice is referenced using the label "RJN" and is preceded by the volume number in which it is found and followed by sequential page numbers.

may be taken at any stage of the proceeding, Fed. R. Evid. 201(d), including by an appellate court during the pendency of an appeal, *e.g.*, *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014). Judicial notice may be taken of matters of record in administrative agencies or court proceedings. *E.g.*, *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1186 (9th Cir. 2011); *Transmission Agency of N. Calif. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002).

### B. Numerous Judicially Noticeable Documents Show That Hyatt Bears A Substantial Share Of Responsibility For Delays

Attached to this motion are court and administrative filings that support FTB's assertions in its brief and at oral argument that Hyatt bears a substantial share of responsibility for delays in the administrative proceedings. Further evidence to that effect, and a brief narrative description of those proceedings, may be found in the declaration of Robert W. Dunn and the exhibits attached thereto. (SER 1-70).

As documents that were submitted in proceedings before the SBE; the courts of Nevada, California, and New York; and the United States Supreme Court, the exhibits to the Dunn Declaration and the other documents referenced in that declaration and attached to this motion are judicially noticeable matters of public record. The documents that are not court or administrative filings were submitted as evidence in either the Nevada jury trial or the SBE proceedings. Ex. 1, DePeel Decl. ¶5. Additionally, several judicial decisions address Hyatt's attempts to resist

4

the FTB's statutorily mandated investigation during the protest proceedings. *E.g.*, *Hyatt v. State Franchise Tax Bd.*, 105 A.D.3d 186, 206 (N.Y. App. Div. 2013), *aff'g* 33 Misc. 3d 500 (N.Y. Sup. Ct. 2011); *State Franchise Tax Bd. v. Hyatt*, No. C043627, 2003 WL 23100266 (Cal. Ct. App. Dec. 31, 2003)). 3RJN476-500; 7RJN1234-1246; 8RJN1491-1507. Tables that identify each of the proceedings follow below.

FTB has attempted to cull judicially noticeable documents that specifically shed light on the issue of delay from more than 20 years of administrative and judicial proceedings. Many of these documents were filed in multiple proceedings. Ex. 1, DePeel Decl. ¶5. Where possible, FTB has omitted voluminous exhibits to certain documents but can provide those to the Court if requested. Ex. 1, DePeel Decl. ¶5. Because of the complex procedural history of Hyatt's challenges to FTB's investigation and tax assessments, in multiple forums, FTB's description of these proceedings is not intended to be comprehensive. Rather, FTB simply seeks to inform the Court of the nature of each proceeding to guide its review of the judicially noticeable documents.

FTB has organized the attached documents into the following categories and has included a chronological index that identifies the paragraph of the Dunn declaration that references the document and, through reference to one or more

category numbers, the proceeding or proceedings in which each document was filed or submitted.

**Category 1: FTB's Tax Audit Of Hyatt**

In June 1993, FTB began an audit of Hyatt's 1989, 1990 and 1991 tax returns. Dunn Decl. ¶10, SER 3; 1RJN1-5. Through the 24 months that followed, FTB's auditors corresponded with Hyatt's representatives and conducted their audit investigation. Dunn Decl. ¶¶10-11, SER 3-4; 1RJN6-48. FTB issued a detailed tentative determination letter in July 1995, concluding that Hyatt remained a California resident through April 2, 1992 and that his 1991 California return was fraudulent. Dunn Decl. ¶12, SER 4; 1RJN21-62.

FTB gave Hyatt the opportunity to respond to the tentative audit conclusions, answer unanswered questions, and provide documents to support his position. Dunn Decl. ¶12, SER 4; 1RJN48. After Hyatt's representatives and FTB corresponded through 1995 and into 1996 regarding the tentative audit conclusions, on April 23, 1996, FTB issued a Notice of Proposed Assessment ("NPA") for the 1991 tax year. Dunn Decl. ¶12, SER 4; 1RJN63-74. FTB issued an NPA for the 1992 tax year on August 14, 1997. Dunn Decl. ¶13, SER 4; 1RJN137-141.

///

///

**Category 2: Hyatt's Protest Proceedings Before FTB**

Hyatt protested the 1991 NPA in June 1996 and the 1992 NPA in October 1997. Dunn Decl. ¶14, SER 4; 1RJN75-136, 142-144. When Hyatt filed suit in Nevada (described below), the FTB lawyer designated as the protest hearing officer assigned to review Hyatt's protest was assigned to the Nevada litigation. Dunn Decl. ¶14, SER 4; 1RJN145-166. Hyatt sought numerous extensions to respond to FTB's comprehensive Information and Document Request ("IDR") and failed to voluntarily provide FTB with documents that FTB requested, even where Hyatt used those documents to benefit his Nevada litigation. Dunn Decl. ¶¶14-17, SER 4-5; 2RJN258-262, 275-305, 320-322; 3RJN325-425; 4RJN518-521.

During the course of the protest, the Nevada district court issued a protective order that placed limitations on FTB's administrative subpoena process. Dunn Decl. ¶¶16-18, SER 5-6; 2RJN263-274, 316-319. Hyatt designated as "confidential" documents that were relevant to the protest proceedings in order to keep them within the scope of the Nevada protective order. Dunn Decl. ¶¶16-18, SER 5-6; 2RJN263-274, 316-319; 3RJN465-466. Through writ petitions and appeals to the Nevada Supreme Court, FTB challenged the Nevada district court's jurisdiction over FTB and its authority to issue the protective order. Dunn Decl. ¶¶17, 20, SER 5-6; 2RJN306-315, 323-324; 3RJN426-434, 438-464. In mid-2002 the Nevada Supreme Court let the protective order stand. Dunn Decl. ¶17, SER 5;

7

3RJN448-450. FTB followed the procedures set forth in the protective order and asked Hyatt to release to the protest hearing officer the information he designated as "confidential" for consideration in the California tax matter. Hyatt refused. Dunn Decl. ¶¶17-18, SER 5-6; 2RJN266-267; 3RJN465-466.

FTB issued an administrative subpoena for the information Hyatt had refused to release. Dunn Decl. ¶17, SER 5; 3RJN467-470. Hyatt moved to quash the subpoena in California Superior Court, lost, and appealed. Dunn Decl. ¶17, SER 5; 3RJN471-500. Hyatt lost the appeal, and FTB's protest hearing officer received the documents in early 2004. Dunn Decl. ¶17, SER 5; 3RJN476-500. The California appellate court held that there was no reason why FTB personnel working on the protest should not have access to evidence produced by Hyatt in his Nevada litigation. Dunn Decl. ¶17, SER 5; 3RJN490-491.

Throughout 2005 and 2006, Hyatt continued to designate documents he produced in the Nevada litigation as "confidential" and subject to the Nevada protective order, so that FTB was forced to engage in the administrative subpoena process. Dunn Decl. ¶¶17-18, SER 5-6; 4RJN605-638. Finally, in mid-2007, the protest hearing officer had received enough information to conclude the protest. Dunn Decl. ¶18, SER 6. In November 2007, FTB issued notices of assessment that upheld the audit assessments and fraud penalties. Dunn Decl. ¶18, SER 6;

8

4RJN641-690. Hyatt sought a six-month extension to respond. Dunn Decl. ¶19, SER 6, 13; 4RJN691.

**Category 3: Nevada Court Proceedings**

In January 1998, shortly after filing his administrative protests with FTB, Hyatt filed suit in Nevada state court, alleging that FTB's audit was tortious and seeking a declaratory judgment that, under California law, Hyatt was a Nevada resident during the pertinent time period. Dunn Decl. ¶14, SER 4; 1RJN145-166; 2RJN167-257. FTB filed multiple petitions for writ of mandamus and prohibition and appeals to the Nevada Supreme Court that challenged the Nevada court's jurisdiction over FTB; the protective order issued by the district court that placed limitations on FTB's protest and administrative subpoena process; and, ultimately, the jury verdict. Dunn Decl. ¶¶17-18, SER 5-6; 2RJN306-315, 323-324; 3RJN426-434, 438-464; 4RJN727-730.

**Category 4: United States Supreme Court Proceedings**

Twice, FTB sought review by the United States Supreme Court, arguing that the Nevada courts could not interfere with California's sovereign tax-collecting function. FTB contended that a Nevada court had no jurisdiction to hear Hyatt's challenge to FTB's tax assessment, could not issue a protective order that altered FTB's investigative and administrative subpoena powers, and had to afford FTB the same protections that the Nevada courts would grant Nevada's administrative

9

agencies. Twice, the Supreme Court granted the petitions. *Franchise Tax Bd. of Calif. v. Hyatt (Hyatt I)*, 538 U.S. 488 (2003); *Franchise Tax Bd. of Calif. v. Hyatt (Hyatt II)*, 136 S.Ct. 1277 (2016).

**Category 5: California State Court Proceedings**

Because of the Nevada protective order, FTB's litigation counsel possessed documents that were relevant to Hyatt's protest but that FTB's litigation counsel could not provide to FTB's protest hearing officer. Dunn Decl. ¶¶16-18, SER 5-6; 2RJN266-267, 316-319. The documents were housed in FTB's Sacramento office down the hall from the protest hearing officer, but the Nevada protective order barred FTB's protest hearing officer from reviewing them unless Hyatt consented or, in the absence of such consent, FTB issued an administrative subpoena. Dunn Decl. ¶¶16-18, SER 5-6; 2RJN266-267, 316-319; 3RJN465; 4RJN607. After Hyatt would not allow FTB's Nevada litigation counsel to provide the protest hearing officer with documents that Hyatt produced in discovery but stamped "confidential" and subject to the protective order, FTB issued an administrative subpoena for the documents. Dunn Decl. ¶¶16-18, SER 5-6; 3RJN465-470.

Hyatt challenged the subpoena in California Superior Court. Dunn Decl. ¶17, SER 5; 3RJN471-475. The Superior Court ordered Hyatt to comply with five of six requests. *California Franchise Tax Bd. v. Hyatt*, Case No. 02CS01582, California Superior Court, County of Sacramento. 3RJN471-472. Hyatt appealed,

and the California Court of Appeal affirmed. *State Franchise Tax Board v. Gilbert P. Hyatt*, Case No. C043627 (Cal. Ct. App. December 31, 2003). Dunn Decl. ¶17, SER 5; 3RJN476-500. FTB subsequently had to issue another administrative subpoena to Hyatt, in 2006, to obtain all the documents necessary for the protest hearing officer to conduct her statutorily mandated review. Dunn Decl. ¶¶17-18, SER 5-6; 4RJN605-640.

**Category 6: Hyatt's State Board of Equalization Appeal**

Hyatt appealed FTB's notices of assessment to SBE in January 2008. Dunn Decl. ¶22, SER 7; 4RJN699-724. Hyatt filed voluminous briefs and supplemental briefs, and added over two hundred new affidavits and declarations that he had not submitted to FTB during its investigation. Dunn Decl. ¶¶23-25, SER 7-8; 5RJN730-924; 7RJN1181-1403; 8RJN1466-1570; 9RJN1571-1683; 11RJN2019-2236; 12RJN2237-2278. FTB sought depositions and documents from some of Hyatt's new witnesses; Hyatt responded by seeking to quash FTB's subpoenas in the courts of California, Nevada and New York. Dunn Decl. ¶¶26-29, SER 8-9; 5RJN929-953; 6RJN954-975; 7RJN1404-1413; 8RJN1427-1570; 9RJN1571-1687, 1689-1705, 1727-1758, 10RJN1850-2000, 2004-2016. Hyatt sought numerous extensions of briefing deadlines and the hearing. Dunn Decl. ¶30, SER 9; 4RJN725-729; 6RJN1162-1180; 9RJN1762-1775, 1779-1780; 10RJN1781-1782,

1848-49, 2001-2003, 2017-2018; 12RJN2279-2282, 2298-2300. Hyatt's appeal hearing before SBE is currently scheduled for May 23, 2017. 12RJN2301-2304.

**Category 7: New York State Court Proceedings**

Because Hyatt appended multiple new affidavits to his voluminous briefing before SBE, in 2011, FTB issued administrative subpoenas to obtain documents from and depose certain witnesses in New York who were identified in some of Hyatt's new affidavits. Dunn Decl. ¶26, SER 9; 8RJN1427-1429. Hyatt filed a motion to quash the subpoenas in the Supreme Court of New York, Westchester County (Case No. 52961/2011) and then appealed the trial court's decision to the Appellate Division. Dunn Decl. ¶¶26-29, SER 7-9; 8RJN1427-1465; 9RJN1689-1705, 1731-1758; 10RJN1850-2000, 2004-2016. The New York proceedings lasted until September 2015. Dunn Decl. ¶28, SER 9; 10RJN2004-2016.

*Tables begin on the following page*

# TABLES OF JUDICIALLY NOTICEABLE PROCEEDINGS

| Nevada Court Cases | | | | |
|---|---|---|---|---|
| **Case Name** | **Case Number** | **Court** | **Date Commenced** | **Date Ended** |
| *Hyatt v. Franchise Tax Bd. of Calif.* | A382999 | Eighth Judicial District Court of Nevada | January 6, 1998 | NSC remanded for new trial (but judgment vacated) |
| *Hyatt v. Franchise Tax Bd. of Calif. v. Eighth Judicial Dist. Ct.* | 35549 and 36390 (consolidated) | Nevada Supreme Court | January 27, 2000 and July 7, 2000 | April 30, 2002 (petition for certiorari granted by U.S. Supreme Court) |
| *Hyatt v. Franchise Tax Bd. of Calif. v. Eighth Judicial Dist. Ct.* | 39274 | Nevada Supreme Court | March 4, 2002 | April 30, 2002 (petition for certiorari granted by U.S. Supreme Court) |
| *Franchise Tax Bd. of Calif. v. Hyatt* | 39312 | Nevada Supreme Court | March 8, 2002 | April 30, 2002 (petition for certiorari granted by U.S. Supreme Court) |
| *Franchise Tax Bd. of Calif. v. Hyatt* | 53264 | Nevada Supreme Court | February 13, 2009 | Ongoing |
| *Franchise Tax Bd. Of Calif. v. Hecht* (represented by Hyatt's attorneys) | A-09-593462-C | Eighth Judicial District Court of Nevada (motion for protective order from FTB's administrative subpoenas) | June 26, 2009 | August 18, 2011 |

| Nevada Court Cases | | | | |
|---|---|---|---|---|
| **Case Name** | **Case Number** | **Court** | **Date Commenced** | **Date Ended** |
| *Franchise Tax Bd. of Calif. v. Hyatt* | A-11-635345-C | Eighth Judicial District Court of Nevada (proceeding on motion to quash FTB's administrative subpoenas) | February 16, 2011 | July 12, 2013 |

| California Court Cases (regarding FTB's administrative subpoena to Hyatt) | | | | |
|---|---|---|---|---|
| **Case Name** | **Case Number** | **Court** | **Date Commenced** | **Date Ended** |
| *California Franchise Tax Bd. v. Hyatt* | 02CS01582 | Superior Court of California, County of Sacramento | October 11, 2002 | February 28, 2003 |
| *California Franchise Tax Bd. v. Hyatt* | C043627 | Court of Appeal of California, Third Appellate District | March 20, 2003 | December 31, 2003 |
| *California Franchise Tax Bd. v. Hecht, Hyatt, Real Party in Interest* | 34-2009-00047634 | Superior Court of California, County of Sacramento (Request for Issuance of Out of State Commissions) | June 24, 2009 | June 24, 2009 |
| *California Franchise Tax Bd. v. Stratton, Hyatt, Real Party in Interest* | 34-2011-00096505 | Superior Court of California, County of Sacramento (Request for Issuance of Out of State Commissions) | February 7, 2011 | February 7, 2011 |

| New York Court Cases | | | | |
|---|---|---|---|---|
| **Case Name** | **Case Number** | **Court** | **Date Commenced** | **Date Ended** |
| *In re Out-of State Subpoenas (U.S. Philips Corporation, Jack Haken and Algy Tomashunas)* | 52961/2011 | Supreme Court of New York, County of Westchester | July 20, 2011 | July 29, 2011 |
| *In re Hyatt's Petition to Suppress Disclosure Improperly Obtained by Franchise Tax Board in Response to Three Out-of-State Subpoenas Previously Modified or Narrowed by New York Court Orders* | 57751/2013 | Supreme Court of New York, County of Westchester | May 14, 2013 | March 13, 2014 |
| *Hyatt v. California Franchise Tax Bd.* | 2011-6859 | Supreme Court of New York, County of Westchester Appellate Division | August 2, 2011 | March 13, 2014 |
| *In re Hyatt's Petition for Civil Contempt Order* | 53655/2015 | Supreme Court of New York, County of Westchester | March 11, 2015 | September 15, 2015 |

| United States Supreme Court Cases | | | | |
|---|---|---|---|---|
| **Case Name** | **Case Number** | **Court** | **Date Commenced** | **Date Ended** |
| *California Franchise Tax Bd. v. Hyatt* | 02-42 | United States Supreme Court | July 2, 2002 | May 23, 2003 |
| *California Franchise Tax Bd. v. Hyatt* | 14-1175 | United States Supreme Court | March 25, 2015 | May 23, 2016 |

| Proceedings Before the California Board of Equalization | | | |
|---|---|---|---|
| **Matter Name** | **Case Number** | **Date Commenced** | **Date Ended** |
| *Appeal of Gilbert P. Hyatt* | 435770 | January 22, 2008 | Hearing delayed to May 23-25, 2017 at Hyatt's request |
| *Appeal of Gilbert P. Hyatt* | 446509 | January 23, 2008 | Hearing delayed to May 23-25, 2017 at Hyatt's request |

## III. Conclusion

As stated at the outset, the key issue on appeal is whether California's pay-then-protest procedure, Cal. Rev. & Tax Code § 19382, affords Hyatt a plain, speedy, and efficient remedy for his claims. The materials attached to this motion relate not to that issue, but to whether § 19381 has afforded Hyatt a plain, speedy, and efficient remedy—an issue the district court did not find it necessary to reach. For the assistance of the Court, however, Appellees respectfully submit that the Court may take judicial notice of the attached documents.

Respectfully submitted,

Dated this 17th day of March, 2017

/s/  Debbie Leonard
JAMES BRADSHAW
DEBBIE LEONARD
ADAM HOSMER-HENNER
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV  89505
(775) 788-2000

SETH P. WAXMAN
PAUL R.Q. WOLFSON
DANIEL WINIK
WILMER CUTLER PICKERING
　HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C.  20006
(202) 663-6000

CYNTHIA J. LARSEN
KATIE DEWITT
DAVID W. SPENCER
ORRICK, HERRINGTON & SUTCLIFFE
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 329-7970

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A).

1.   The motion contains 2,981 words.

2.   The motion has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font.  As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated this 17th day of March, 2017

/s/  Debbie Leonard
JAMES BRADSHAW
DEBBIE LEONARD
ADAM HOSMER-HENNER
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV  89505
(775) 788-2000

SETH P. WAXMAN
PAUL R.Q. WOLFSON
DANIEL WINIK
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C.  20006
(202) 663-6000

CYNTHIA J. LARSEN
KATIE DEWITT
DAVID W. SPENCER
ORRICK, HERRINGTON & SUTCLIFFE
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 329-7970

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

    /s/Pamela Miller
An Employee of McDonald Carano Wilson LLP