**No. 15-15296**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GILBERT P. HYATT

*Plaintiff-Appellant*,

*v.*

BETTY T. YEE, ET AL.

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of California, No. 2:14-cv-00849-GEB-DAD (Burrell, J.)

## APPELLEE CALIFORNIA FRANCHISE TAX BOARD'S
## JUDICIAL NOTICE DOCUMENTS

### VOLUME 3 OF 12
### RJN 0325 – RJN 0500

JAMES BRADSHAW
DEBBIE LEONARD
ADAM HOSMER-HENNER
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
Reno, NV  89501
(775) 788-2000

CYNTHIA J. LARSEN
KATIE DEWITT
DAVID W. SPENCER
ORRICK, HERRINGTON & SUTCLIFFE
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 329-7970

SETH P. WAXMAN
PAUL R.Q. WOLFSON
DANIEL WINIK
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C.  20006
(202) 663-6000

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|--------------------------------------|----------|
| | | | | | | |

<table>
<tr><td colspan="7" align="center"><strong>VOLUME ONE</strong></td></tr>
</table>

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|--------------------------------------|----------|
| 1 | 6/17/1993 | Letter from Marc Shayer to Gilbert Hyatt | 10 | 1 - 5 | NV Trial Ex. 0112* | 1, 3 |
| 2 | 7/15/1993 | Letter from Marc Shayer to Michael Kern, and response - Information Concerning Resident Status (Form FTB 3805F) | 10 | 6 - 14 | NV Trial Ex. 2174 | 1, 3 |
| 3 | 8/4/1993 | Letter from Michael Kern to Marc Shayer | 10 | 15 - 16 | NV Trial Ex. 2173 | 1, 3 |
| 4 | 5/24/1994 | Letter from Soriano to Michael Kern | 10 | 17 - 20 | NV Trial Ex. 2503 | 1, 3 |
| 5 | 8/2/1995 | Letter from Sheila Cox to Michael Kern - determination letter | 12 | 21 - 48 | NV Trial Ex. 2821 | 1, 3 |
| 6 | 8/29/1995 | Fraud Penalty | 13 | 49 - 62 | NV Trial Ex. 2199 | 1, 3 |
| 7 | 4/23/1996 | Fax from Michael Kern to Hyatt re 1991 NPA, and from Michael Kern to Cowan | 12 | 63 - 74 | NV Trial Ex. 2592 | 1, 3 |
| 8 | 6/20/1996 | Letter from Cowan to FTB re 1991 Protest Letter | 14 | 75 - 136 | NV Trial Ex. 296 | 2, 3 |
| 9 | 8/18/1997 | Fax from Hyatt to Eugene Cowan with Notice of Proposed Assessment 1992 | 13 | 137 - 141 | NV Trial Ex. 2609 | 1, 3 |
| 10 | 10/10/1997 | Letter from Cowan to FTB re 1992 Protest Letter 10-10-97 | 14 | 142 - 144 | NV Trial Ex. 319 | 2, 3 |
| 11 | 1/6/1998 | Complaint, *Gilbert P. Hyatt v. Franchise Tax Board of California* | 14 | 145 - 166 | Eighth Judicial District Court, Clark County, Nevada, Case No. 98A382999 | 3 |

* All references to "NV Trial Ex." are documents that were submitted into evidence at the jury trial in Hyatt's Nevada litigation, Case No. 98A382999, Eighth Judicial District Court, Clark County, Nevada.

# INDEX

## FTB'S MOTION FOR JUDICIAL NOTICE

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|---|---|---|---|---|---|---|
| | | **VOLUME TWO** | | | | |
| 12 | 1/6/1998 | Case docket - *Gilbert P. Hyatt v. Franchise Tax Board of California* | 32 | 167 - 257 | Eighth Judicial District Court, Clark County, Nevada, Case No. 98A382999 | 3 |
| 13 | 3/17/1998 | Fax from Donald Kula to Hutchison and Hyatt re response tactics to Subpoena Duces Tecum to be issued to Cal Fed Bank | 21 | 258 | Ex. 3 to Dunn Decl., SER 23; NV Trial Ex. 2326 | 2, 3 |
| 14 | 5/28/1998 | Letter from Sheila Cox to Eugene Cowan attaching 4/24/98 Declaration for Subpoena Duces Tecum signed by Sheila Cox, Subpoena Duces Tecum to Cal Fed Bank | 21 | 259 - 262 | Ex. 3 to Dunn Decl., SER 24-27; NV Trial Ex. 2326 | 2 |
| 15 | 12/27/1999 | Protective Order on Report and Recommendation from Discovery Commissioner Biggar | 16 | 263 - 274 | Eighth Judicial District Court, Clark County, Nevada, Case No. 98A382999 | 3 |
| 16 | 12/30/1999 | Letter from Woodward to Cowan re document request letter | 15 | 275 - 305 | NV Trial Ex. 2330 | 2, 3 |
| 17 | 1/27/2000 | Docket | 17, 32 | 306 - 315 | Nevada Supreme Court, Case No. 35549 | 3 |
| 18 | 3/7/2000 | Memo from McLaughlin to Terry Collins | 16 | 316 - 319 | NV Trial Ex. 2333 | 2, 3 |
| 19 | 4/16/2000 | Letter from FTB to Cowan and Eric Coffill re request for delay | 15, 16 | 320 - 322 | NV Trial Ex. 2332 | 2, 3 |
| 20 | 6/7/2000 | Order Staying District Court Proceedings | 17 | 323 - 324 | Nevada Supreme Court, Case No. 35549 | 3 |

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|----------------------------------------|----------|
| | | | | | | |
| | | | **VOLUME THREE** | | | |
| 21 | 6/30/2000 | Letter to Cody Cinnamon from Coffill responding to IDR | 16 | 325 - 425 | NV Trial Ex. 356 | 2, 3 |
| 22 | 7/7/2000 | Docket | 17, 32 | 426 - 434 | Nevada Supreme Court, Case No. 36390 | 3 |
| 23 | 10/3/2000 | Hearing Officer Report | 16 | 435 - 437 | NV Trial Ex. 2335 | 2, 3 |
| 24 | 6/13/2001 | Order Granting Petition (Docket No. 36390), and Dismissing Petition (Docket No. 35549) | 17 | 438 - 443 | Nevada Supreme Court, Case No. 36390, 35549 | 3 |
| 25 | 3/4/2002 | Docket | 32 | 444 - 445 | Nevada Supreme Court, Case No. 39274 | 3 |
| 26 | 3/8/2002 | Docket | 32 | 446 - 447 | Nevada Supreme Court, Case No. 39312 | 3 |
| 27 | 4/4/2002 | Order Denying Petition for Writ of Mandamus or Prohibition and Dismissing Appeal | 17 | 448 - 450 | Nevada Supreme Court, Case No. 39312, 39274 | 3 |
| 28 | 4/4/2002 | Order Granting Petition for Rehearing, Vacating Previous Order, Granting Petition for a Writ of Mandamus in Part in Docket no. 36390, and Granting Petition for a Writ of Prohibition in Part in Docket No. 35549 | 17 | 451 - 464 | Nevada Supreme Court, Case No. 35549, 36390 | 3 |
| 29 | 6/3/2002 | Letter from Felix Leatherwood to Mark Hutchison requesting documents and deposition testimony stamped "Confidential-NV Protective Order" | 17 | 465 - 466 | NV Trial Ex. 2342 | 2, 3 |
| 30 | 7/7/2002 | FTB Administrative Subpoena Duces Tecum | 17 | 467 - 470 | NV Trial Ex. 2344 | 2, 3 |

# INDEX
# FTB'S MOTION FOR JUDICIAL NOTICE

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|---------------------------------------|----------|
| 31 | 2/28/2003 | Court's Ruling on Order to Show Cause filed in Superior Court of California, Sacramento County , Case No. 02CS01582 | 17 | 471 - 472 | NV Trial Ex. 2348 | 3, 5 |
| 32 | 3/17/2003 | Fax Cover and letter from Donald Kula to Molly Mosley, DAG | 17 | 473 - 475 | NV Trial Ex. 2349 | 2, 3, 5 |
| 33 | 12/31/2003 | *State Franchise Tax Board v Gilbert P. Hyatt* , Decision (unpublished) | 17 | 476 - 500 | California Court of Appeal, Third Appellate District - Sacramento, Case No. C043627 | 2, 3, 5 |
| **VOLUME FOUR** | | | | | | |
| 34 | 9/7/2005 | Protest Event Log for Case Unit: Hyatt, Gilbert - 1992 | | 501 - 604 | NV Trial Ex. 2353 | 2, 3 |
| 35 | 10/28/2005 | Letter from Robert Dunn to Mark Hutchison re: request consent to release deposition transcripts and documents to FTB's protest hearing officer | 18 | 605 - 607 | NV Trial Ex. 2354 | 2, 3 |
| 36 | 12/6/2005 | Letter from Robert Dunn to Mark Hutchison re: second request | 18 | 608 | NV Trial Ex. 2355 | 2, 3 |
| 37 | 1/30/2006 | FTB Administrative Subpoena Duces Tecum and Exhibits A, C-E | 18 | 609 - 627 | NV Trial Ex. 2356 | 2, 3 |
| 38 | 1/19/2007 | Letter from Robert Dunn to Mark Hutchison requests production of documents and testimony from 2006 | 18 | 628 - 632 | NV Trial Ex. 2357 | 2, 3 |
| 39 | 2/14/2007 | Letter from Donald Kula to Robert Dunn | 18 | 633 - 638 | NV Trial Ex. 2358 | 2, 3 |
| 40 | 5/17/2007 | Letter from Donald Kula to Robert Dunn | 18 | 639 - 640 | NV Trial Ex. 2359 | 2, 3 |

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|--------------------------------------|----------|
| 41 | 11/1/2007 | Determination Letter from George W. McLaughlin to Eric Coffill | 18 | 641 - 690 | NV Trial Ex. 2320 | 2, 3 |
| 42 | 11/20/2007 | Letter from Eric Coffill to George W. McLaughlin | 19 | 691 - 695 | Ex. 1 to Dunn Decl., SER 13-17 | 6 |
| 43 | 11/26/2007 | Letter from George W. McLaughlin to Eric Coffill | 19 | 696 - 698 | Ex. 2 to Dunn Decl., SER 19-21 | 2 |
| 44 | 1/22/2008 | Letter from Eric Coffill to SBE enclosing Notice of Appeal for 1991, Request for Abatement of Interest | 22 | 699 - 711 | Ex. 4 to Dunn Decl., SER 29-41 | 6 |
| 45 | 1/23/2008 | Letter from Eric Coffill to SBE enclosing Notice of Appeal for 1992, Request for Abatement of Interest | 22 | 712 - 724 | Ex. 5 to Dunn Decl., SER 43-55 | 6 |
| 46 | 7/1/2008 | Letter from SBE to Eric Coffill re extension | 23 | 725 - 726 | SBE | 6 |
| 47 | 7/3/2008 | Letter from SBE to Eric Coffill re extension | 23 | 727 | SBE | 6 |
| 48 | 11/18/2008 | Letter from SBE to Eric Coffill re extension | 23 | 728 - 729 | SBE | 6 |
| **VOLUME FIVE** | | | | | | |
| 49 | 12/9/2008 | Hyatt Opening Brief 1991 | 23 | 730 - 836 | SBE | 6 |
| 50 | 12/9/2008 | Hyatt Opening Brief 1992 | 23 | 837 - 922 | SBE | 6 |
| 51 | 1/27/2009 | Letter from Robert Dunn to SBE re Hyatt's filing | 23 | 923 - 924 | SBE | 6 |
| 52 | 2/13/2009 | Docket | 32 | 925 - 928 | Nevada Supreme Court, Case No. 53264 | 3 |
| 53 | 3/16/2009 | Letter from Robert Dunn to Eric Coffill re scheduling depositions of affiants | 23 | 929 - 930 | SBE | 3 |

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|---------------------------------------|----------|
| 54 | 6/26/2009 | Request for Foreign Deposition Subpoena - Melvin R. Hecht | | 931 - 953 | Eighth Judicial District Court, Clark County, Nevada, Case No. A-09-593462-C | 3, 5, 6 |
| **VOLUME SIX** | | | | | | |
| 55 | 6/26/2009 | Request for Foreign Deposition Subpoena - Michelina Hecht | | 954 - 975 | Eighth Judicial District Court, Clark County, Nevada, Case No. A-09-593462-C | 3, 5, 6 |
| 56 | 9/15/2009 | FTB Opening Brief 1991 | 24 | 976 - 1081 | SBE | 6 |
| 57 | 9/15/2009 | FTB Opening Brief 1992 | 24, 31 | 1082 - 1160 | SBE; Ex. 7 to Dunn Decl., SER 61 -70 | 6 |
| 58 | 9/29/2009 | Letter from Eric Cofill to SBE requesting extension of time for filing | 25 | 1161 - 1172 | SBE | 6 |
| 59 | 10/1/2009 | Letter from Robert Dunn to SBE replying to Hyatt's request for time | 25 | 1173 - 1176 | SBE | 6 |
| 60 | 5/20/2010 | Letter from SBE to Eric Coffill re extension and new due date | 25 | 1177 | SBE | 6 |
| 61 | 8/11/2010 | Letter from SBE to Eric Coffill granting extension and email exchange | 25 | 1178 - 1180 | SBE | 6 |
| **VOLUME SEVEN** | | | | | | |
| 62 | 8/23/2010 | Hyatt 1991 Reply Brief | 25 | 1181 - 1289 | SBE | 6 |
| 63 | 8/23/2010 | Hyatt 1992 Reply Brief | 25 | 1290 - 1398 | SBE | 6 |
| 64 | 8/23/2010 | Hyatt Index of Affidavits | 25 | 1399 - 1403 | SBE | 6 |

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|---|---|---|---|---|---|---|
| 65 | 2/4/2011 | *State of California Franchise Tax Board v. Mary Troter Stratton, et al.,* Petition by FTB for Issuance of Out-of-State Deposition Commissions (for Stratton depositions) | 24 | 1404 - 1410 | Superior Court of California, Sacramento, Case No. 34-2011-00096505 | 5, 6 |
| 66 | 5/3/2011 | *State of California Franchise Tax Board v. Gilbert P. Hyatt,* Nevada District Court Order Denying Strattons' Motion to Quash Subpoenas for a Pending Administrative Tax Appeal in California | 24 | 1411 - 1413 | Eighth Judicial District Court, Clark County, Nevada, Case No. A-II-635345-C | 3, 5, 6 |
| **VOLUME EIGHT** | | | | | | |
| 67 | 6/30/2011 | FTB Reply Brief 1992 (Excerpts re Delays in Protest and Nevada litigation) | | 1414 - 1426 | SBE | 6 |
| 68 | 7/20/2011 | Dkt. No. 1 - Hyatt's Petition for Protective Order or Quash subpoenas | 27 | 1427 - 1429 | New York Supreme Court, Westchester County, Case No. 52961/2011 | 6, 7 |
| 69 | 7/20/2011 | Docket | 32 | 1430 - 1431 | New York Supreme Court, Westchester County, Case No. 52961/2011 | 7 |
| 70 | 7/29/2011 | Dkt. No. 17 - Decision & Order re Philips discovery | 27 | 1432 - 1444 | New York Supreme Court, Westchester County, Case No. 52961/2011 | 6, 7 |

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|--------------------------------------|----------|
| 71 | 8/1/2011 | Docket | 32 | 1445 | New York Appellate Division, Second Judicial Department, Case No. 2011-6859 | 7 |
| 72 | 8/2/2011 | Dkt. No. 19 - Hyatt's Notice of Appeal | 27 | 1446 - 1465 | New York Supreme Court, Westchester County, Case No. 52961/2011 | 7 |
| 73 | 8/15/2012 | Hyatt 1991 Supplemental Brief | 25 | 1466 - 1570 | SBE | 6 |
| **VOLUME NINE** | | | | | | |
| 74 | 8/15/2012 | Hyatt 1992 Supplemental Brief | 25 | 1571 - 1678 | SBE | 6 |
| 75 | 8/15/2012 | Exh A Hyatt 1991 Supplemental Brief | 25 | 1679 - 1680 | SBE | 6 |
| 76 | 8/15/2012 | Exh B Hyatt 1991 Supplemental Brief | 25 | 1681 - 1683 | SBE | 6 |
| 77 | 10/5/2012 | Dkt. No. 24 - Order to Show Cause | 28 | 1684 - 1687 | New York Appellate Division, Second Judicial Department, Case No. 2011-6859 | 7 |
| 78 | 2/19/2013 | FTB Supplemental Briefing re Tax Year 1991 and 1992, Exhibit H Tab 1-47_Protest and Litigation timeline (Tab 36) | | 1688 | SBE | 6 |

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|--------------------------------------|----------|
| 79 | 3/13/2013 | Dkt. No. 29 - Opinion and Order | 28 | 1689 - 1705 | New York Appellate Division, Second Judicial Department, Case No. 2011-6859 | 7 |
| 80 | 3/28/2013 | FTB Additional Brief Philips Documents and NY litigation | | 1706 - 1721 | SBE | 6, 7 |
| 81 | 4/29/2013 | FTB Additional Brief re Philips documents to SBE | | 1722 - 1726 | SBE | 6, 7 |
| 82 | 5/14/2013 | Docket | 32 | 1727 - 1730 | New York Supreme Court, Westchester County, Case No. 57751-2013 | 7 |
| 83 | 10/7/2013 | Dkt. No. 23- Decision and Order | 28 | 1731 - 1747 | New York Supreme Court, Westchester County, Case No. 57751-2013 | 7 |
| 84 | 3/13/2014 | Dkt. No. 74 - Decision and Order | 28 | 1748 - 1758 | New York Supreme Court, Westchester County, Case No. 57751-2013 | 7 |
| 85 | 4/23/2014 | Letter from SBE to Eric Coffill and Robert Dunn requesting additional briefing | 29 | 1759 - 1761 | SBE | 6 |
| 86 | 5/7/2014 | Letter from Eric Coffill to SBE | 30 | 1762 - 1764 | Ex. 6 to Dunn Decl., SER 57-59 | 6 |
| 87 | 6/13/2014 | Letter from SBE to Eric Coffill and Robert Dunn re due dates and reluctance to grant more extensions | 30, 33 | 1765 - 1767 | SBE | 6 |
| 88 | 9/26/2014 | Letter from Eric Coffill to SBE re Request to Vacate | 33 | 1768 - 1769 | SBE | 6 |

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|----------------------------------------|----------|
| 89 | 10/13/2014 | Letter from Eric Coffill to SBE responding to FTB letter (enclosing letter from Hyatt's New York counsel to FTB's New York counsel re U.S. Philips documents dispute) | 33 | 1770 - 1778 | SBE | 6, 7 |
| 90 | 11/3/2014 | Letter from Eric Coffill to SBE requesting, *inter alia*, that SBE vacate briefing deadline | 33 | 1779 - 1780 | SBE | 6 |
| **VOLUME TEN** | | | | | | |
| 91 | 2/4/2015 | Letter from Eric Coffill to SBE submitting motions and requesting, *inter alia,* delay in briefing ending decision on motions | 33 | 1781 - 1847 | SBE | 6 |
| 92 | 2/23/2015 | Letter from Eric Coffill to SBE requesting, *inter alia,* delay on briefing until SBE rules on motions to strike | 33 | 1848 - 1849 | SBE | 6 |
| 93 | 3/11/2015 | Docket | 32 | 1850 - 1852 | New York Supreme Court, Westchester County, Case No. 53655-2015 | 6, 7 |
| 94 | 4/6/2015 | Affidavit of Robert Dunn in Opposition to Gilbert Hyatt's Motion Seeking an Order of Civil Contempt and Permanent Injunctive Relief | 32 | 1853 - 2000 | New York Supreme Court, Westchester County, Case No. 53655-2015 | 6, 7 |
| 95 | 6/3/2015 | Letter from Eric Coffill to the SBE requesting extension of time to file reply briefs | 33 | 2001 - 2003 | SBE | 6 |

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|--------------------------------------|----------|
| 96 | 9/10/2015 | Amended Judgment Decision & Order | 32 | 2004 - 2016 | New York Supreme Court, Westchester County, Case No. 53655-2015 | 6, 7 |
| 97 | 9/19/2016 | Letter from Edwin Antolin to SBE requesting extension for filing additional briefs | 33 | 2017 - 2018 | SBE | 6 |
| **VOLUME ELEVEN** | | | | | | |
| 98 | 9/28/2016 | Appellant's Concluding Summary (1991); Errata filed 11/4/16 | 33 | 2019 - 2057 | SBE | 6 |
| 99 | 9/28/2016 | Appellant's Concluding Summary (1992); Errata filed 11/4/16 | 33 | 2058 - 2092 | SBE | 6 |
| 100 | 9/28/2016 | Appellant's Second Additional Briefing (1991); Errata filed 11/4/16 | 33 | 2093 - 2165 | SBE | 6 |
| 101 | 9/28/2016 | Appellant's Second Additional Briefing (1992); Errata filed 11/4/16 | 33 | 2166 - 2236 | SBE | 6 |
| **VOLUME TWELVE** | | | | | | |
| 102 | 9/28/2016 | Attachment 1, Appellant's Second Additional Briefing (1992); Errata filed 11/4/16 | 33 | 2237 - 2278 | SBE | 6 |
| 103 | 10/20/2016 | Letter from SBE to Edwin Antolin re, *inter alia,* delays | 33 | 2279 - 2282 | SBE | 6 |
| 104 | 11/4/2016 | Letter from Edwin Antolin to Joann Richmond with errata table | 33 | 2283 - 2297 | SBE | 6 |
| 105 | 11/16/2016 | Letter from FTB to SBE re Hyatt's request for additional time | 33 | 2298 - 2299 | SBE | 6 |

**INDEX**

**FTB'S MOTION FOR JUDICIAL NOTICE**

| Doc # | Date | Document Name | Dunn Par # | Bates # - RJN | Judicial or Administrative Proceeding | Category |
|-------|------|---------------|------------|---------------|----------------------------------------|----------|
| 106 | 1/6/2017 | Letter from SBE to Edwin Antolin re rescheduing the hearing from March 2017 to May 2017 | 33 | 2300 | SBE | 6 |
| 107 | 3/3/2017 | Notice of Board Hearing for Case No. 446509 on 5/23/17 | 33 | 2301 - 2302 | SBE | 6 |
| 108 | 3/3/2017 | Notice of Board Hearing for Case No. 435770 on 5/23/17 | 33 | 2303 - 2304 | SBE | 6 |

MORRISON & FOERSTER LLP

ATTORNEYS AT LAW

| SAN FRANCISCO | | NEW YORK |
|---|---|---|
| LOS ANGELES | | BUENOS AIRES |
| PALO ALTO | 400 CAPITOL MALL, SUITE 2300 | LONDON |
| WALNUT CREEK | SACRAMENTO, CALIFORNIA 95814 | BRUSSELS |
| ORANGE COUNTY | TELEPHONE (916) 448-3200 | BEIJING |
| SAN DIEGO | TELEFACSIMILE (916) 448-3222 | HONG KONG |
| DENVER | | SINGAPORE |
| WASHINGTON, D.C. | | TOKYO |

June 30, 2000

Writer's Direct Contact
(916) 325-1324
ecoffill@mofo.com



**HAND DELIVERED THIS DATE**

Ms. Cody Cinnamon
Staff Counsel
Franchise Tax Board
Legal Branch
P.O. Box 1720
Rancho Cordova, CA 95741-1720

Re: Protest of Mr. Gilbert P. Hyatt
SSN:
Income Year 1991

Dear Ms. Cinnamon:

Attached please find our responses to the Requests set forth in the letter dated December 30, 1999 from Charlene L. Woodward to Eugene G. Cowan. Per agreement of the parties, these responses are due June 30th. By letter dated April 30, 2000, we were informed by George McLaughlin that the case has now been assigned to you.

We would like to preface our responses with several general comments.

- **First**, some of the Requests are vague and ambiguous, which has caused difficulties in responding. However, we have not contacted you previously for assistance in resolving this problem because you were not the author of the Requests.

- **Second**, we understand that at the time Ms. Woodward wrote the Requests, she had not reviewed the audit file in this matter. Accordingly, many of our responses consist of references to the audit file because there is material in the audit file which is responsive to the Requests.

sa-17230

**P00002**

0356-00001

RJN000325

MORRISON & FOERSTER LLP

Ms. Cody Cinnamon
June 30, 2000
Page Two

- Third, please be advised that the taxpayer has not completed his investigation of the files at this time, and that the attached response is based upon the information reasonably available at the time of this response. Additional information may be produced as the matter progresses.

- Fourth, please be advised that by providing a response, the taxpayer does not agree or acknowledge that the information being sought, or the responses, are relevant to or admissible in any subsequent proceedings, including proceedings before the State Board of Equalization.

- Fifth, in view of FTB's determination, and concession, that Mr. Hyatt was no longer a California resident as of April 3, 1992, our responses are generally related to the time period which remains in dispute.

- Sixth, we wish to point out that many of the 31 pages of Requests were never asked at audit despite ample opportunity for FTB to do so. The auditor spent over 600 hours on just the 1991 audit. (See the 1991 FTB Progress Report, H-00084). Some of these Requests have no conceivable relationship to the extensive work performed by FTB at audit and appear to be nothing other than "form" Requests now being asked for the first time, even though it has been over four years since the 1991 NPA was issued in April 1996 and three years since the 1992 NPA was issued in August 1997. Prime examples of such Requests are those inquiring into visits to counselors (#175), visits to psychies (#176), and visits to barbers (#177).

- Seventh, many of the Requests mischaracterize what is actually stated in the audit file.

- Eighth, most of the Requests are unnecessary and over burdensome because the audit file contains answers to most of the Requests. See the numerous citations to the audit file. For example, many of these Requests are answered by the protest letters from Eugene Cowan.

- Ninth, many of the Requests fail to cite to the specific documents that are addressed, which causes Mr. Hyatt an excessive and unnecessary burden to try to find the document that is the subject of the Request in the extensive audit file.

In view of your schedule, and in view of our telephone conversation of June 27th in which you informed me that you are still in the process of inventorying the audit files for both years, we were never able to arrange an opportunity for me to review the FTB's original audit file in this matter prior to us submitting this response.

sa-17230

P00003

0356-00002

RJN000326

MORRISON & FOERSTER LLP

Ms. Cody Cinnamon
June 30, 2000
Page Three

Accordingly, we are faced with the problem of deciding how best to refer to what we believe are documents in the audit file. As a solution to the problem, we are sending you, separately in eight binders, copies of the documents referred to this letter – most of which should be in your audit file. The binder volumes are:

1. Documents in Response to Request Nos. 1 - 99;

2. Documents in Response to Request Nos. 100 - 187;

3. Supplement to Request No. 16;

4. Supplement to Request No. 115; Vol. A;

5. Supplement to Request No. 115, Vol. B;

6. Supplement to Request No. 115, Vol. C;

7. Supplement to Request No. 115, Vol. D; and

8. Supplement to Request no. 115, Vol. E.

Thank you in advance for your continuing cooperation.

Very truly yours,

Eric J. Coffill

Enclosure

cc: Eugene G. Cowan
    Gilbert P. Hyatt

sa-17250

P00004

0356-00003

RJN000327

06

Protest of Mr. Gilbert P. Hyatt
SSN: ▮▮▮▮
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 1</u>

<u>RESPONSE</u>

<u>REQUEST NO. 2</u>

<u>RESPONSE</u>

Page 1

P00005

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 3</u>

<u>RESPONSE</u>

<u>REQUEST NO. 4</u>

<u>RESPONSE</u>

Page 2

P00006

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 5</u>

<u>RESPONSE</u>

<u>REQUEST NO. 6</u>

<u>RESPONSE</u>

Page 3

P00007

0356-00006

RJN000330

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 7</u>

<u>RESPONSE</u>

<u>REQUEST NO. 8</u>

Page 4

P00008

0356-00007

RJN000331

Protest of Mr. Gilbert P. Hyatt
SSN-████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

RESPONSE

REQUEST NO. 9

RESPONSE

Page 5

P00009

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 10</u>

<u>RESPONSE</u>

<u>REQUEST NO. 11</u>

<u>RESPONSE</u>

Page 6

P00010

0356-00009

RJN000333

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 12</u>

<u>RESPONSE</u>

<u>REQUEST NO. 13</u>

<u>RESPONSE</u>

<u>REQUEST NO. 14</u>

Page 7

P00011

0356-00010

RJN000334

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

RESPONSE

REQUEST NO. 15

RESPONSE

REQUEST NO. 16

RESPONSE

Page 8

P00012

0356-00011

RJN000335

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 17</u>

<u>RESPONSE</u>

<u>REQUEST NO. 18</u>

<u>RESPONSE</u>

<u>REQUEST NO. 19</u>

Page 9

P00013

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 20</u>

<u>RESPONSE</u>

<u>REQUEST NO. 21</u>

<u>RESPONSE</u>

Page 10

P00014

0356-00013

RJN000337

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 22

RESPONSE

REQUEST NO. 23

RESPONSE

Page 11

P00015

0356-00014

RJN000338

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 24</u>

<u>RESPONSE</u>

<u>REQUEST NO. 25</u>

Page 12

P00016

0356-00015

RJN000339

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 26</u>

<u>RESPONSE</u>

<u>REQUEST NO. 27</u>

<u>RESPONSE</u>

<u>REQUEST NO. 28</u>

<u>RESPONSE</u>

Page 13

P00017

0356-00016

RJN000340

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 29</u>

<u>RESPONSE</u>

<u>REQUEST NO. 30</u>

Page 14

P00018

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

Page 15

P00019

0356-00018

RJN000342

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 31</u>

Page 16

P00020

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

RESPONSE

REQUEST NO. 32

RESPONSE

Page 17

P00021

0356-00020

RJN000344

Protest of Mr. Gilbert P. Hyatt
SSN: ▮▮▮▮▮
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 33</u>

Page 18

P00022

0356-00021

RJN000345

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 34</u>

<u>RESPONSE</u>

<u>REQUEST NO. 35</u>

Page 19

P00023

0356-00022

RJN000346

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

<u>RESPONSE</u>

<u>REQUEST NO. 36</u>

<u>RESPONSE</u>

Page 20

P00024

Protest of Mr. Gilbert P. Hyatt
SSN: ███
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 37</u>

<u>RESPONSE</u>

Page 21

P00025

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 38

RESPONSE

Page 22

P00026

0356-00025

RJN000349

Protest of Mr. Gilbert P. Hyatt
SSN: ▮▮▮▮
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 39</u>

<u>RESPONSE</u>

Page 23

P00027

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 40</u>

<u>RESPONSE</u>

Page 24

P00028

0356-00027

RJN000351

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 41</u>

<u>RESPONSE</u>

Page 25

P00029

0356-00028

RJN000352

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 42</u>

Page 26

P00030

0356-00029

RJN000353

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 43</u>

<u>RESPONSE</u>

<u>REQUEST NO. 44</u>

<u>RESPONSE</u>

Page 27

P00031

0356-00030

RJN000354

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 45</u>

<u>RESPONSE</u>

Page 28

P00032

Protest of Mr. Gilbert P. Hyatt
SSN: ███████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

<u>REQUEST NO. 46</u>

<u>RESPONSE</u>

Page 29

P00033

0356-00032
RJN000356

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 47</u>

<u>RESPONSE</u>

<u>REQUEST NO. 48</u>

What are the medical specialties of Dr. William Peloquin, Dr. Gerald Isenberg, Dr. Edgar

<u>RESPONSE</u>

<u>REQUEST NO. 49</u>

<u>RESPONSE</u>

Page 30

P00034

0356-00033

RJN000357

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 50</u>

<u>RESPONSE</u>

Page 31

P00035

0356-00034

RJN000358

Protest of Mr. Gilbert P. Hyatt
SSN: ▮▮▮▮▮▮▮
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 51</u>

<u>RESPONSE</u>

<u>REQUEST NO. 52</u>

<u>RESPONSE</u>

<u>REQUEST NO. 53</u>

Page 32

P00036

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

RESPONSE

REQUEST NO. 54

RESPONSE

REQUEST NO. 55

Page 33

P00037

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 56</u>

<u>RESPONSE</u>

<u>REQUEST NO. 57</u>

Page 34

P00038

Protest of Mr. Gilbert P. Hyatt
SSN: ▓▓▓▓
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 58</u>

<u>RESPONSE</u>

<u>REQUEST NO. 59</u>

Page 35

P00039

0356-00038

RJN000362

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 60</u>

<u>RESPONSE</u>

<u>REQUEST NO. 61</u>

<u>RESPONSE</u>

Page 36

P00040

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 62</u>

<u>RESPONSE</u>

<u>REQUEST NO. 63</u>

<u>RESPONSE</u>

Page 37

P00041

0356-00040

RJN000364

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 64

RESPONSE

REQUEST NO. 65

RESPONSE

REQUEST NO. 66

RESPONSE

P00042

0356-00041

RJN000365

Protest of Mr. Gilbert P. Hyatt
SSN: ▐▋▋▋▋▋▋
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 67</u>

<u>RESPONSE</u>

<u>REQUEST NO. 68</u>

<u>RESPONSE</u>

Page 39

P00043

0356-00042

RJN000366

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 69

RESPONSE

REQUEST NO. 70

RESPONSE

Page 40

P00044

0356-00043

RJN000367

Protest of Mr. Gilbert P. Hyatt
SSN: ▮▮▮▮▮▮
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 71

RESPONSE

REQUEST NO. 72

RESPONSE

Page 41

P00045

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 73</u>

<u>RESPONSE</u>

<u>REQUEST NO. 74</u>

Page 42

P00046

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

<u>RESPONSE</u>

<u>REQUEST NO. 75</u>

<u>RESPONSE</u>

Page 43

P00047

0356-00046

RJN000370

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 76


RESPONSE


REQUEST NO. 77


RESPONSE


Page 44

P00048

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 78</u>

<u>RESPONSE</u>

<u>REQUEST NO. 79</u>

<u>RESPONSE</u>

Page 45

*P00049*

Protest of Mr. Gilbert P. Hyatt
SSN: █████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 80</u>

<u>RESPONSE</u>

<u>REQUEST NO. 81</u>

<u>RESPONSE</u>

<u>REQUEST NO. 82</u>

<u>RESPONSE</u>

Page 46

P00050

Protest of Mr. Gilbert P. Hyatt
SSN: ▮▮▮▮
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 83</u>

<u>RESPONSE</u>

<u>REQUEST NO. 84</u>

<u>RESPONSE</u>

<u>REQUEST NO. 85</u>

<u>RESPONSE</u>

Page 47

P00051

0356-00050

RJN000374

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 86</u>

<u>RESPONSE</u>

<u>REQUEST NO. 87</u>

<u>RESPONSE</u>

<u>REQUEST NO. 88</u>

<u>RESPONSE</u>

Page 48

P00052

0356-00051

RJN000375

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 89</u>

<u>RESPONSE</u>

Page 49

P00053

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 90</u>

<u>RESPONSE</u>

<u>REQUEST NO. 91</u>

<u>RESPONSE</u>

<u>REQUEST NO. 92</u>

Page 50

P00054

0356-00053

RJN000377

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

RESPONSE

REQUEST NO. 93

RESPONSE

REQUEST NO. 94

RESPONSE

Page 51

P00055

0356-00054

RJN000378

Protest of Mr. Gilbert P. Hyatt
SSN: █████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 95</u>

<u>RESPONSE</u>

<u>REQUEST NO. 96</u>

<u>RESPONSE</u>

<u>REQUEST NO. 97</u>

<u>RESPONSE</u>

Page 52

P00056

0356-00055

RJN000379

Protest of Mr. Gilbert P. Hyatt
SSN: ███
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 98</u>

<u>RESPONSE</u>

<u>REQUEST NO. 99</u>

<u>RESPONSE</u>

<u>REQUEST NO. 100</u>

Page 53

P00057

0356-00056

RJN000380

Protest of Mr. Gilbert P. Hyatt
SSN: ███
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 101</u>

<u>RESPONSE</u>

<u>REQUEST NO. 102</u>

Page 54

P00058

0356-00057

RJN000381

Protest of Mr. Gilbert P. Hyatt
SSN: ▮▮▮▮▮▮▮
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

RESPONSE

REQUEST NO. 103

RESPONSE

REQUEST NO. 104

RESPONSE

Page 55

P00059

0356-00058

RJN000382

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 105</u>

<u>RESPONSE</u>

Page 56

P00060

0356-00059

RJN000383

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 106</u>

<u>RESPONSE</u>

<u>REQUEST NO. 107</u>

<u>RESPONSE</u>

Page 57

P00061

0356-00060

RJN000384

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 108</u>

<u>RESPONSE</u>

<u>REQUEST NO. 109</u>

<u>RESPONSE</u>

Page 58

P00062

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 110

RESPONSE

REQUEST NO. 111

RESPONSE

REQUEST NO. 112

RESPONSE

REQUEST NO. 113

RESPONSE

Page 59

P00063

Protest of Mr. Gilbert P. Hyatt
SSN: ███
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 114</u>

<u>RESPONSE</u>


<u>REQUEST NO. 115</u>

<u>RESPONSE</u>

Page 60

P00064

0356-00063

RJN000387

Protest of Mr. Gilbert P. Hyatt
SSN: ███
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 116</u>

<u>RESPONSE</u>

<u>REQUEST NO. 117</u>

<u>RESPONSE</u>

Page 61

P00065

0356-00064

RJN000388

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

REQUEST NO. 118

RESPONSE

REQUEST NO. 119

Page 62

P00066

0356-00065

RJN000389

Protest of Mr. Gilbert P. Hyatt
SSN: ▇▇▇▇▇
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

RESPONSE

REQUEST NO. 120

RESPONSE

Page 63

P00067

0356-00066

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 121</u>

<u>RESPONSE</u>

<u>REQUEST NO. 122</u>

<u>RESPONSE</u>

Page 64

P00068

0356-00067

RJN000391

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

To be Treated as Confidential Taxpayer Information

REQUEST NO. 123

RESPONSE

REQUEST NO. 124

RESPONSE

Page 65

P00069

0356-00068

RJN000392

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 125</u>

<u>RESPONSE</u>

<u>REQUEST NO. 126</u>

<u>RESPONSE</u>

<u>REQUEST NO. 127</u>

Page 66

P00070

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 128</u>

<u>RESPONSE</u>

Page 67

P00071

0356-00070

RJN000394

Protest of Mr. Gilbert P. Hyatt
SSN: ███
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 129</u>

<u>RESPONSE</u>

<u>REQUEST NO. 130</u>

<u>RESPONSE</u>

<u>REQUEST NO. 131</u>

<u>RESPONSE</u>

Page 68

P00072

0356-00071

RJN000395

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 132</u>

<u>RESPONSE</u>

<u>REQUEST NO. 133</u>

<u>RESPONSE</u>

Page 69

P00073

0356-00072

RJN000396

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 134

RESPONSE

REQUEST NO. 135

RESPONSE

Page 70

P00074

Protest of Mr. Gilbert P. Hyatt
SSN: [REDACTED]
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 136</u>

<u>RESPONSE</u>

<u>REQUEST NO. 137</u>

<u>RESPONSE</u>

<u>REQUEST NO. 138</u>

<u>RESPONSE</u>

Page 71

P00075

0356-00074

RJN000398

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 139</u>

<u>RESPONSE</u>

<u>REQUEST NO. 140</u>

<u>RESPONSE</u>

Page 72

P00076

0356-00075

RJN000399

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 141

RESPONSE

REQUEST NO. 142

RESPONSE

REQUEST NO. 143

RESPONSE

Page 73

P00077

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 144</u>

<u>RESPONSE</u>

<u>REQUEST NO. 145</u>

<u>RESPONSE</u>

Page 74

P00078

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 146</u>

<u>RESPONSE</u>

<u>REQUEST NO. 147</u>

<u>RESPONSE</u>

Page 75

P00079

0356-00078

RJN000402

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 148</u>

<u>RESPONSE</u>

<u>REQUEST NO. 149</u>

<u>RESPONSE</u>

<u>REQUEST NO. 150</u>

<u>RESPONSE</u>

<u>REQUEST NO. 151</u>

Page 76

P00080

0356-00079

RJN000403

Protest of Mr. Gilbert P. Hyatt
SSN: ███
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

RESPONSE

REQUEST NO. 152

RESPONSE

REQUEST NO. 153

RESPONSE

Page 77

P00081

Protest of Mr. Gilbert P. Hyatt
SSN: ███
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 154</u>

<u>RESPONSE</u>

<u>REQUEST NO. 155</u>

<u>RESPONSE</u>

Page 78

P00082

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 156</u>

<u>RESPONSE</u>

<u>REQUEST NO. 157</u>

<u>RESPONSE</u>

Page 79

P00083

0356-00082

RJN000406

Protest of Mr. Gilbert P. Hyatt
SSN: ████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 158</u>

<u>RESPONSE</u>

<u>REQUEST NO. 159</u>

<u>RESPONSE</u>

<u>REQUEST NO. 160</u>

<u>RESPONSE</u>

Page 80

P00084

0356-00083

RJN000407

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 161</u>

<u>RESPONSE</u>

<u>REQUEST NO. 162</u>

<u>RESPONSE</u>

<u>REQUEST NO. 163</u>

<u>RESPONSE</u>

Page 81

P00085

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 164</u>

<u>RESPONSE</u>

<u>REQUEST NO. 165</u>

<u>RESPONSE</u>

Page 82

P00086

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 166</u>

<u>RESPONSE</u>

<u>REQUEST NO. 167</u>

<u>RESPONSE</u>

<u>REQUEST NO. 168</u>

<u>RESPONSE</u>

Page 83

P00087

0356-00086

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 169</u>

<u>RESPONSE</u>

<u>REQUEST NO. 170</u>

Page 84

P00088

Protest of Mr. Gilbert P. Hyatt
SSN: █████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 171</u>

<u>RESPONSE</u>

<u>REQUEST NO. 172</u>

Page 85

P00089

0356-00088

RJN000412

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 173</u>

<u>RESPONSE</u>

Page 86

P00090

0356-00089

RJN000413

Protest of Mr. Gilbert P. Hyatt
SSN: █████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 174

RESPONSE

REQUEST NO. 175

RESPONSE

Page 87

P00091

Protest of Mr. Gilbert P. Hyatt
SSN: █████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

REQUEST NO. 176


RESPONSE


REQUEST NO. 177


RESPONSE


REQUEST NO. 178


RESPONSE

Page 88

P00092

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>REQUEST NO. 179</u>

<u>RESPONSE</u>

<u>REQUEST NO. 180</u>

<u>RESPONSE</u>

<u>REQUEST NO. 181</u>

Page 89

P00093

0356-00092

RJN000416

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

RESPONSE

REQUEST NO. 182

RESPONSE

REQUEST NO. 183

Page 90

P00094

0356-00093

RJN000417

Protest of Mr. Gilbert P. Hyatt
SSN: ██████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 184</u>

<u>RESPONSE</u>

<u>REQUEST NO. 185</u>

<u>RESPONSE</u>

<u>REQUEST NO. 186</u>

Page 91

P00095

0356-00094

RJN000418

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

<u>RESPONSE</u>

<u>REQUEST NO. 187</u>

Page 92

P00096

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

a.

b.

c.

d.

e.

f.

g.

h.

i.

j.

Page 93

P00097

0356-00096

RJN000420

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

k.

l.

m.

n.

o.

p.

q.

r.

s.

t.

P00098

0356-00097

RJN000421

Protest of Mr. Gilbert P. Hyatt
SSN: █████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

<u>To be Treated as Confidential Taxpayer Information</u>

u.

v.

w.

x.

y.

z.

aa.

bb.

Page 95

P00099

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

cc.

dd.

ee.

ff.

gg.

hh.

Page 96

P00100

0356-00099

RJN000423

Protest of Mr. Gilbert P. Hyatt
SSN: ████████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999·

**To be Treated as Confidential Taxpayer Information**

ii.

jj.

kk.

ll.

mm.

nn.

oo.

pp.

qq.

P00101

0356-00100

RJN000424

Protest of Mr. Gilbert P. Hyatt
SSN: ███████
Income Year 1991
Responses to FTB's Letter Dated December 30, 1999

**To be Treated as Confidential Taxpayer Information**

rr.

ss.

tt.

uu.

vv.

ww.

xx.

Page 98

P00102

0356-00101

RJN000425

The Supreme Court
of Nevada

## Appellate Case Management System
C-Track, the browser based CMS for Appellate Courts

Find Case...

**Cases**

Case Search

Participant Search

**Disclaimer:** The information and documents available here should not be relied upon as an official record of action.
Only filed documents can be viewed. Some documents received in a case may not be available for viewing.
Some documents originating from a lower court, including records and appendices, may not be available for viewing.
For official records, please contact the Clerk of the Supreme Court of Nevada at (775) 684-1600.

### Case Information: 36390

| | | | |
|---|---|---|---|
| **Short Caption:** | FRANCHISE TAX BOARD VS. DISTRICT COURT C/W 35549 | **Classification:** | Original Proceeding - Civil - Mandamus |
| **Consolidated:** | 35549*, 36390 | **Related Case(s):** | 35549, 39274, 39312, 47141, 53264 |
| **Lower Court Case(s):** | Clark Co. - Eighth Judicial District - A382999 | **Case Status:** | Notice in Lieu of Remittitur Issued/Case Closed |
| **Disqualifications:** | | **Panel Assigned:** | En Banc |
| **Replacement:** | | | |
| **To SP/Judge:** | | **SP Status:** | |
| **Oral Argument:** | 02/09/2001 at 8:30 AM | **Oral Argument Location:** | Carson City |
| **Submission Date:** | 02/09/2001 | **How Submitted:** | After Oral Argument |

**+ Party Information**

### Docket Entries

| Date | Type | Description | Pending? | Document |
|---|---|---|---|---|
| 07/07/2000 | Filing Fee | Received Filing Fee Paid on Filing. $200.00 from McDonald firm-check no. 26713. | | |
| 07/07/2000 | Petition/Writ | Filed Petition for Writ of Mandamus. Franchise Tax Board of the State of California's Petition for a Writ of Mandamus Ordering Dismissal, or Alternatively for a Writ of Prohibition and Mandamus Limiting the Scope of this case. CONFIDENTIAL INFORMATION FILED UNDER SEAL. | | 00-11567 |
| 07/07/2000 | Appendix | Filed Appendix. Appendix of Exhibits to Franchise Tax Board of the State of California's Petition for a Writ of Mandamus Ordering Dismissal, or Alternatively for a Writ of Prohibition and Mandamus Limiting the Scope of this case, Vols. 1 through 4. CONFIDENTIAL INFORMATION FILED UNDER SEAL. | | 00-11569 |
| 07/07/2000 | Motion | Filed Motion to Consolidate. Franchise Tax Board of the State of California's Motion to Consolidate Writ (nos. 35549/36390). | | 00-11570 |
| 07/07/2000 | Other | Disqualification of Justice Becker. Attorney Thomas R.C. Wilson. | | |
| 07/07/2000 | Notice/Outgoing | Issued Notice of Procedural Deficiency. Due Date: 10 days (affidavit). | | |

RJN000426

| 07/14/2000 | Petition/Writ | Filed Affidavit in Support of Petition for Writ. Affidavit of Robert L. Dunn in Support of Franchise Tax Board of the State of California's Petition for a Writ of Mandmaus, or Alternatively for a Writ of Probhibition and Mandmaus Limiting the Scope of this Case. | 00-12169 |
| 08/08/2000 | Motion | Filed Motion for Permission to File Document. Franchise Tax Board of the State of California's Request to file Reply in Support of its Motion to Consolidate Petitions for Writ of Mandamus, or in the Alternative, Writ of Prohibition. (CONFIDENTIAL INFORMATION FILED UNDER SEAL). (Nos. 35549 and 36390). | |
| 08/08/2000 | Motion | Received Reply to Response. Franchise Tax Board of the State of California's Reply in Support of its Motion to Consolidate Petitions for Writ of Mandamus, or in the Alternative, Writ of Prohibition. (CONFIDENTIAL INFORMATION FILED UNDER SEAL). (Nos. 35549 and 36390). RETURNED UNFILED 09/13/00. | |
| 09/13/2000 | Order/Procedural | Filed Order. Order Consolidating Petitions in Docket Nos. 35549 and 36390, Directing an Answer in Docket No. 36390 and Clarifying Order Granting Temporary Stay in Docket No. 35549. On July 7, 2000, petitioner filed a motion to consolidate. We hereby consolidate docket No. 35549 and docket No. 36390 for disposition. fn1[In light of our order consolidating, we deny as moot petitioner's August 8, 2000, request to file a reply in support of its motion to consolidate these two petitions. We grant petitioner's request to file a reply in support of its petition for writ of mandamus or prohibition in Docket No. 35549. The clerk shall file the reply and appendix provisionally received on August 8, 2000. We deny the real party in interest's motions to strike proposed replies filed on August 21, 2000.] The real party in interest, on behalf of respondents, shall have 30 days from the date of this order to file an answer in Docket No. 36290. On June 15, 2000, the real party in interest filed a motion for clarification of our June 7, 2000, stay order entered in Docket No. 35549. fn2[In light of our order, we deny as moot the real party in interest's request to file a reply in support of its motion for clarification.] In our June 7, 2000, order we temporarily stayed the district court's orders imposing a protective order and compelling petitioner to release certain documents, as well as the proceedings in District Court Case No. A382999. Our June 7, 2000, order was intended to stay all proceedings in the district court. The stay of the district court proceedings will remain in effect until further order of this court. Nos. 35549, 36390. Document No. 00-16084. | |
| 09/13/2000 | Motion | Filed Reply to Response. Franchise | |

RJN000427

| | | |
|---|---|---|
| | | Tax Board of the State of California's Reply in Support of its Petition for Writ of Mandamus, or in the Alternative, Writ of Prohibition. (CONFIDENTIAL INFORMATION FILED UNDER SEAL). Nos. 35549, 36390. Document No. 00-13796. |
| 09/13/2000 | Appendix | Filed Appendix. Appendix of Exhibits to Franchise Tax Board of the State of California's Reply in Support of its Petition for Writ of Mandamus, or in the Alternative, Writ of Prohibition. (CONFIDENTIAL INFORMATION FILED UNDER SEAL). Nos. 35549, 36390. Document No. 00-13797. |
| 09/13/2000 | Notice/Outgoing | Issued Letter. to attorney Thomas R. C. Wilson: returned unfiled, original and two copies of Franchise Tax Board of the State of California's Repy in Support of its Motion to Consolidate Petitions for Writ of Mandamus, or in the Alternative, Writ of Prohibition. (Confidential Informantion filed Under Seal.) Nos. 35549, 36390. Document No. 00-13794. |
| 10/17/2000 | Petition/Writ | Filed Answer to Petition for Writ. Real Party in Interest Gilbert P. Hyatt's Answer to the FTB's Petition for Writ of Mandamus Ordering Dismissal, or Alternatively for a Writ of Prohibition and Mandamus Limiting the Scope of the Case (filed in no. 36390 --- nos. 35549/36390). CONFIDENTIAL INFORMATION FILED UNDER SEAL. |
| 10/17/2000 | Exhibit | Filed Exhibits (copies). Exhibits to Answer: Volume X - Exhibits 28 and 29; Volume XI - Exhibits 30-32; Volume XII - Exhibits 33-37; Exhibits XIII - 38-48; and Volume XIV Exhibit 49 (filed in no. 36390 --- nos. 35549/36390). CONFIDENTIAL INFORMATION FILED UNDER SEAL. |
| 12/20/2000 | Notice/Outgoing | Issued Notice Scheduling Oral Argument. Oral Argument is scheduled for 30 minutes in Carson City on February 9, 2001 at 8:30 a.m. (Nos. 35549 and 36390) (En Banc) |
| 12/26/2000 | Motion | Filed Motion. Franchise Tax Board of the State of California's Request to File a Reply in Support of its Petition for a Writ of Mandamus Ordering Dismissal, or Alternatively for a Writ of Prohibition and Mandamus Limiting the Scope of this Case. Nos. 35549/36390. Doc no. 00-22491 |
| 12/26/2000 | Other | Other. Received Franchise Tax Board of the State of California's Reply in Support of its Petition for a Writ of Mandamus Ordering Dismissal, or Alternatively for a Writ of Prohibition and Mandamus Limiting the Scope of this Case-- "Confidential Information Filed under Seal." Nos. 35549/36390 |
| 12/26/2000 | Other | Other. Received Appendix of Exhibits to Franchise Tax Board of the State of California's Reply in Support of its Petition for a Writ of Mandamus Ordering Dismissal, or |

In the "Petition/Writ" row (10/17/2000): 00-18373

In the "Exhibit" row (10/17/2000): 00-18375

RJN000428

| | | |
|---|---|---|
| | | Alternatively for a Writ of Prohibition and Mandamus Limiting the Scope of this Case--"Confidential Information Filed under Seal." Nos. 35549/36390 Doc. No. 00-22494 |
| 12/28/2000 | Order/Procedural | Filed Order Granting Motion. On December 26, 2000, petitioner filed a motion to file a reply in support of its writ petition. We grant petitioner's motion. The clerk of this court shall file, without delay, the reply and appendix received provisionally on December 26, 2000. Nos. 35549, 36390. Document No. 00-22654. |
| 12/28/2000 | Petition/Writ | Filed Reply to Answer to Petition. Franchise Tax Board of the State of California's Reply in Support of its Petition for a Writ of Mandamus Ordering Dismissal, or Alternatively for a Writ of Prohibition and Mandamus Limiting the Scope of this Case--"Confidential Information Filed under Seal." Nos. 35549/36390. Document No. 00-22492. |
| 12/28/2000 | Appendix | Filed Appendix. Appendix of Exhibits to Franchise Tax Board of the State of California's Reply in Support of its Petition for a Writ of Mandamus Ordering Dismissal, or Alternatively for a Writ of Prohibition and Mandamus Limiting the Scope of this Case--"Confidential Information Filed under Seal." Nos. 35549/36390. Document No. 00-22494. |
| 01/02/2001 | Motion | Filed Response to Motion. Real Party in Interest Gilbert P. Hyatt's Opposition to Franchise Tax Board of the State of California's Request to File a Reply in Support of its Petition or, in the Alternitive , Motion file Surreply (Confidential Information to be filed Under Seal) Nos. 35549/36390. |
| 01/04/2001 | Order/Procedural | Filed Order Denying Motion. On January 2, 2001, the real party in interest filed an opposition to petitioner's motion and, in the alternative, a motion to file a 'surreply.' We elect to treat the real party in interest's opposition as a motion for reconsideration of our December 28, 2000, order granting petitioner's motion. No good cause appearing, we deny the real party in interest's motion for reconsideration and, in the alternative, motion to file a 'surreply.' No. 35549 c/w 36390. Document no. 01-00217. |
| 01/24/2001 | Notice/Outgoing | Issued Oral Argument Reminder Notice. Nos. 35549 and 36390. |
| 02/02/2001 | Motion | Filed Motion. Motion for Leave to File Amicus Curiae Brief pursuant to NRAP 29 and for Leave to File Late Brief. (filed via fax) Nos. 35549/36390 (01-02258) |
| 02/02/2001 | Brief | Received Amicus Brief. Via fax. Nos. 35549/36390 (01-02258) |
| 02/05/2001 | Motion | Filed Motion. Motion for Leave to file Amicus Curiae Brief pursuant to N.R.A.P. 29 and for Leave to file Late Brief. Nos. 35549 and 36390 (01-02289). |

RJN000429

| | | |
|---|---|---|
| 02/05/2001 | Brief | Received Amicus Brief. Multistate Tax Commission's Brief of Amicus Curiae. Mailed on: Fed-Ex 2/1/01. Nos. 35549 and 36390 (01-02292). |
| 02/05/2001 | Motion | Filed Response to Motion. Real Party in Interest Gilbert P. Hyatt's Opposition to Motion for Leave to File Amicus Curiae Brief Pursuant to NRAP 29 and for Leave to File Late Brief. Filed via FAX. Nos. 35549/36390 (01-02353) |
| 02/06/2001 | Motion | Filed Response to Motion. Real Party in Interest Gilbert P. Hyatt's Opposition to Motion for Leave to File Amicus Curiae Brief Pursuant to N.R.A.P. 29 and for Leave to File Late Brief (nos. 35549/36390). Document NO. 01-02395. |
| 02/06/2001 | Order/Procedural | Filed Order Granting Motion. We have reviewed the motion and the opposition and we grant the motion. The clerk of this court shall file the amicus curiae brief of the Multistate Tax Commission received on February 2, 2001. Nos. 35549/36390. (01-02421) |
| 02/06/2001 | Brief | Filed Amicus Brief. Multistate Tax Commission's Brief of Amicus Curiae. Nos. 35549/36390. (01-02260 faxed copies and 01-02292 original copies). |
| 02/09/2001 | Case Status Update | Submitted for Decision. EN BANC-WM/CY/MS/DA/RR/ML. Nos. 35549/36390. |
| 02/22/2001 | Notice/Incoming | Filed Notice. Real Party in Interest Gilbert P. Hyatt's Notice of Recent Authority. Nos. 35549/36390 (01-03349) |
| 02/27/2001 | Other | Other. Filed Franchise Tax Board of the State of California's Response to Notice of Recent Authority Submitted by Real Party in Interest Gilbert P. Hyatt. Nos. 35549/36390 (01-03657) |
| 03/02/2001 | Order/Procedural | Filed Order. These consolidated writ petitions were argued before the en banc court on February 9, 2001. On February 22, 2001, real party in interest Hyatt filed a "Notice of Recent Authority." On February 27, 2001, petitioner filed a response to Hyatt's notice of recent authority. Petitioner notes that Hyatt has failed to obtain leave of this court to file a late supplemental authority and, consequently, requests this court to strike the notice as an unauthorized document. We admonish real party in interest Hyatt for filing a supplemental authority after oral argument without first having obtained leave to file such an authority. Nevertheless, we decline to strike the notice and will consider the supplemental authority and petitioner's response thereto in resolving these matters. We caution counsel for Hyatt that failure to comply with the Nevada Rules of Appellate Procedure in the future may result in the imposition of sanctions. Nos. 35549/36390 (01-03897). |
| 06/13/2001 | Order/Dispositional | Filed Order Granting Petition. Order       01-09900 |

RJN000430

| Date | Type | Description | |
|---|---|---|---|
| | | Granting Petition (Docket No. 36390) and Dismissing Petition (Docket No. 35549). Consistent with our discussion above, we 'GRANT the petition in Docket No. 36390 AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS.' fn16[The Honorable Nancy Becker, Justice, voluntarily recused herself from participation in the decision of this matter.] EN BANC-WM/CY/MS/DA/RR/ML. Nos. 35549/36390. NOTE: THIS DISPOSITION WAS VACATED BY ORDER FILED 4/4/02 | |
| 06/13/2001 | Writ | Issued Writ. Original and one copy of writ and copy of order mailed to Thomas R.C. Wilson II for service upon Judge Saitta. | 01-09914 |
| 06/20/2001 | Motion | Filed Motion. Real Party in Interest Gilbert P. Hyatt's Motion to Enlarge Time and Exceed Page Limitation of Petition for Rehearing. Nos. 35549/36390 (01-10365). | |
| 06/21/2001 | Motion | Filed Response to Motion. Opposition to Motion of Real Party in Interest Gilbert P. Hyatt's Motion to Enlarge Time and Exceed Page Limitation of Petition for Rehearing. Nos. 35549/36390 [01-10500] | |
| 06/25/2001 | Motion | Filed Motion for Permission to File Document. Real Party in Interest Gilbert P. Hyatt's Request to File Reply in Support of Motion to Enlarge Time and Exceed Page Limitation of Petition for Rehearing. Nos. 35549/36390 (01-10643). | |
| 06/25/2001 | Motion | Received Reply to Response. Real Party in Interest Gilbert P. Hyatt's Reply in Support of Motion to Enlarge Time and Exceed Page Limitation of Petition for Rehearing. Nos. 35549/36390 (01-10648). | |
| 07/03/2001 | Writ | Filed Writ. Served on Judge Saitta on June 29, 2001. | 01-09914 |
| 07/03/2001 | Other | Other. Memorandum of Nev. R. App. Rule 39(c) Costs and Disbursements. Nos. 35549/36390 (01-11252). | |
| 07/05/2001 | Post-Judgment Petition | Filed Petition for Rehearing. Real Party in Interest Gilbert P. Hyatt's Petition for Rehearing Re the Court's June 13, 2001 Order Granting Petition for Writ of Mandamus. Mailed on: Las Vegas Drop Box 7/2/01. CONFIDENTIAL INFORMATION TO BE FILED UNDER SEAL (This petition is within the 10-page limit and was timely filed; however, Hyatt's 6/20/01 motion is still pending and not moot as he wants to file a supplemental petition raising additional points). (Filed in case no. 36390 only - 35549 dismissed as moot.) | 01-11322 |
| 07/05/2001 | Filing Fee | Received Filing Fee Paid on Filing. $100.00 from Bernhard and Leslie - check no. 004414. | |
| 07/13/2001 | Order/Procedural | Filed Order/Motion Granted in Part. Order Granting Motion in Part, and Directing Answer. On June 13, 2001, this court entered an order dismissing the petition in Docket No. 35549 and granting the petition in | |

RJN000431

| | | | |
|---|---|---|---|
| | | Docket No. 36390 in these consolidated writ proceedings. On June 25, 2001, Mr. Hyatt filed a motion for permission to file a reply in support of his motion for an extension of time. We grant that motion. The clerk shall file Mr. Hyatt's reply received on June 25, 2001. On July 5, 2001, Mr. Hyatt filed, in Docket No. 36390 only, a timely ten page petition for rehearing. Mr. Hyatt may file a 15 page supplement to the petition for rehearing that was filed in Docket No. 36390 on July 5, 2001. That supplement shall be filed and served within 10 days from the date of this order. The Tax Board shall have 15 days from the date of service of Mr. Hyatt's supplement to the petition for rehearing to file a 25 page answer to the petition and supplement. Failure to meet any of the filing deadlines set forth in this order may be deemed as a waiver of the right to file either the supplement or the answer, respectively. Nos. 35549/36390. (01-11919) | |
| 07/13/2001 | Motion | Filed Reply to Response. Real Party in Interest Gilbert P. Hyatt's Reply in Support of Motion to Enlarge Time and Exceed Page Limitation of Petition for Rehearing. Nos. 35549/36390. (01-10648) | |
| 07/25/2001 | Post-Judgment Petition | Filed Supplement to Petition for Rehearing. Real Party in Interest Gilbert P. Hyatt's 15 Page Supplement to his Petition for Rehearing re the Court's June 13, 2001 Order Granting Petition for Writ of Mandamus. CONFIDENTIAL INFORMATION TO BE FILED UNDER SEAL. (Filed in no. 36390 only.) | 01-12586 |
| 07/26/2001 | Notice/Incoming | Filed Proof of Service. of Real Party in Interest Gilbert P. Hyatt's 15 Page Supplement to his Petition for Rehearing re the Court's June 13, 2001 Order Granting Petition for Writ of Mandamus and Supplemental Appendix of Exhibits. | 01-12678 |
| 08/07/2001 | Post-Judgment Petition | Filed Answer to Petition for Rehearing. Answer to Hyatt's Petition for Rehearing and Supplemental Petition for Rehearing. CONFIDENTIAL INFORMATION FILED UNDER SEAL. (No. 36390 only--35549 was dismissed as moot.) Nos. 35549/36390 | 01-13349 |
| 08/07/2001 | Appendix | Filed Appendix. Appendix to Answer to Hyatt's Petition for Rehearing and Supplemental Petition for Rehearing, Volumes 1 and 2. CONFIDENTIAL INFORMATION FILED UNDER SEAL. (No. 36390 only--35549 was dismissed as moot.) Nos. 35549/36390 | 01-13350 |
| 08/14/2001 | Notice/Incoming | Filed Errata. Errata to Real Party in Interest Gilbert P. Hyatt's 15 Page Supplement to His Petition for Rehearing Re The Court's June 13, 2001, Order Granting Petition for Writ of Mandamus. CONFIDENTIAL INFORMATION TO BE FILED | 01-13806 |

RJN000432

| | | | |
|---|---|---|---|
| | | UNDER SEAL. Filed in case no. 36390 only - case no. 35549 was dismissed as moot. Nos. 35549/36390. | |
| 08/22/2001 | Other | Other. Response to Errata. CONFIDENTIAL INFORMATION FILED UNDER SEAL. Filed in case no. 36390 only - case no. 35549 dismissed as moot. Nos. 35549/36390. | 01-14265 |
| 04/04/2002 | Order/Dispositional | Filed Order Granting Petition. Order Granting Petition for Rehearing, Vacating Previous Order, Granting Petition for a Writ of Mandamus in Part in Docket No. 36390, and Granting Petition for a Writ of Prohibition in Part in Docket No. 35549. We grant Hyatt's petition for rehearing, vacate our June 13, 2001 order and issue this order in its place. We conclude that the district court should have declined to exercise jurisdiction over the negligence claim as a matter of comity. Accordingly, we grant the petition in Docket No. 36390 in part; the clerk of this court shall issue a writ of mandamus directing the district court to grant Franchise Tax Board's motion for summary judgment as to the negligence claim. We deny the petition in Docket No. 36390 with respect to the intentional tort claims, and we deny the alternative petition to limit the scope of trial. We conclude that the district court exceeded its jurisdiction by ordering the release of one privileged document, but that Franchise Tax Board has not demonstrated that the district court exceeded its jurisdiction by ordering it to release any of the other discovery documents at issue. Accordingly, we grant the petition in Docket No. 35549 in part; the clerk of this court shall issue a writ of prohibition prohibiting the district court from requiring Franchise Tax Board to release document FTB No. 07381. We deny the writ petition in Docket No. 35549 with respect to all other documents. We vacate our stay of the district court proceedings. fn28 [The Honorable Nancy Becker, Justice, voluntarily recused herself from participation in the decision of this matter.] EN BANC- WM/CY/MS/DA/ML. Rose, J., concurring in part and dissenting in part. Nos. 35549/36390 | 02-05956 |
| 04/04/2002 | Writ | Issued Writ. Original and one copy of writ and copy of order mailed to Thomas R.C. Wilson II for service upon Judge Nancy M. Saitta. | 02-06026 |
| 04/16/2002 | Writ | Filed Writ. Served on Judge Nancy M. Saitta on April 11, 2002. | 02-06026 |
| 04/30/2002 | Remittitur | Issued Notice in Lieu of Remittitur. | 02-06514 |
| 04/30/2002 | Case Status Update | Remittitur Issued/Case Closed. | |
| 07/15/2002 | Notice/Incoming | Filed Notice from U.S. Supreme Court\Certiorari Denied. A petition for a writ of certiorari was filed July 2, 2002 and placed on the docket as | |

RJN000433

| | | Case No. 02-42. Nos. 35549/36390. (02-12063). |
|---|---|---|
| 08/09/2002 | Order/Procedural | Filed Order. On July 3, 2001, petitioner in the above consolidated matters filed a memorandum of costs pursuant to NRAP 39(c) for costs incurred in Docket No. 36390 based on our decision entered on June 13, 2001, granting the petition in Docket No. 36390. On April 4, 2002, this court entered an order on rehearing that, among other things, vacated our June 13, 2001, order. We disapprove the cost memorandum. fn1[On April 30, 2002, a notice in Lieu of Remittitur was issued and these consolidated cases were closed. Nos. 35549/36390. (02-13659) |
| 10/30/2002 | Letter/Incoming | Filed Letter. from attorney Thomas R.C. Wilson. The U.S. Supreme Court has granted FTB's Petition for a Writ of Certiorari. He requests a complete copy of all files in nos. 35549, 36390, 39274 and 39312. [02-18691] |
| 11/07/2002 | Letter/Incoming | Filed Letter. (via fax) from law firm of Bernhard, Bradley & Johnson, Chtd. They are requesting copies of all documents in 35549, 36390, 39274 and 39312. [02-19212] |
| 11/15/2002 | Other | Other. Provided copies of all documents from docket numbers 35549, 36390, 39274 and 39312 to McDonald Carano law firm and Bernhard, Bradley & Johnson law firm. Nos. 35549/36390/ 39274/39312 |
| 11/18/2002 | Notice/Incoming | Filed Notice from U.S. Supreme Court\Certiorari Denied. The petition for a writ of certiorari to the Supreme Court of Nevada is granted (filed October 15, 2002). Nos. 35549/36390/39274/39312 (02-19798) |
| 01/07/2003 | Letter/Incoming | Filed Letter. from U.S. Supreme Court requesting transmission of certified copies of the entire record to their office. Nos. 35549/36390/39274/39312 |
| 01/09/2003 | Other | Other. Transmitted to United States Supreme Court (via Federal Express) certified copies of entire record of proceedings in Nos. 35549, 36390, 39274, 39312 (Volumes 1 through 13 and nine white binders containing exhibits). |
| 04/28/2003 | Letter/Incoming | Filed Letter. and copy of Opinion filed in the United States Supreme Court (no action required). Nos. 35549/36390 (03-07218). |
| 05/19/2003 | Notice/Outgoing | Issued Letter. to Bryan Murray (Bernhard & Bradley) regarding the status of these consolidated cases. Nos. 35549/36390. |

RJN000434

Hyatt, Gilbert ~ 1992
7150053859256163

# HEARING OFFICER REPORT

| | |
|---|---|
| **Taxpayer:** | Mr. Gilbert P. Hyatt |
| **SSN:** | ▇▇▇▇ |
| **Protest No.:** | 96005 |
| **Income Years Ending:** | 1991 & 1992 |
| **Deficiency:** | $13,204,611 |

**Date Prepared:** 10/3/2000

**TAXPAYER REPRESENTED BY:**
Counsel:    Eric Coffill & Carley Roberts of Morrison & Foerster
Witness:    Mike Kern, CPA

**FRANCHISE TAX BOARD REPRESENTED BY:**
Auditor:    Marla Martin
Hearing Officer/Counsel:    Cody C. Cinnamon and George McLaughlin

**Place Hearing Held:** Sacramento, CA      **Date Hearing Held:** 9/27/2000

## ISSUES
1. Whether Hyatt was a California resident from September 24, 1991 through April 2, 1992.
   A. Was Hyatt domiciled in California?
   B. If yes, were Hyatt's absences from California for temporary or transitory purposes?
2. Whether the royalty income received by Hyatt during 1991 and 1992 is California source income.

## FACTS AND DISCUSSION
The September 27, 2000 protest hearing had three main segments, including notice of the California source income issue, the condition of the audit file and disclosure requests thereof, and Eric's presentation of the 1992 residency issue.

## NOTICE TO HYATT OF CALIFORNIA SOURCE INCOME ISSUE:
First, the hearing officer put taxpayer's representatives on notice FTB is pursuing whether Hyatt's income from the patents are California source income and there was substantial discussion about whether this was a "new issue". I let Eric Coffill (Eric) know that the hearing officer will be sending IDR's to factually develop this transitionally related issue. The hearing officer also discussed the main items that would be requested in our post hearing IDR for both the residency and sourcing issues and indicated that the remaining requests for information and documents would be very focused on the period in dispute and kept to a minimum as follows:

P00265

2335-0001

RJN000435

Hyatt, Gilbert - 1992
7150053859256163

# HEARING OFFICER REPORT

The hearing officer also discussed that there is a possibility of third party contacts but that we will give Hyatt the first opportunity to provide the information.

## CONDITION OF THE AUDIT FILE AND DISCLOSURE REQUEST:

Second, Eric raised the condition of the audit file and there was substantial discussion about whether taxpayer or the hearing officer had a complete copy of the audit file. It became somewhat clear that neither of us had the complete audit file. For example, Hyatt has the 1992 progress report and the hearing officer does not. Also, the hearing officer has a copy of workpaper section 5, Failure to File (Fraud) Penalty, including workpaper sections C/1 – C/8 and Hyatt does not. Eric said that the 1992 narrative does not recommend a penalty so he is interested in everything the reviewer and second auditor did. Eric said he would be sending a letter to me requesting a complete copy of the audit files in the hearing officer's possession. George indicated that he would attempt to expedite the Disclosure Office handling of the request.

## TAXPAYER'S HEARING PRESENTATION:

P00266

2335 0002

RJN000436

Hyatt, Gilbert – 1992
7150053859256163

# HEARING OFFICER REPORT

**RECOMMENDATION(S)**
It is recommended that we issue a post hearing IDR requesting the information listed in this hearing officer report together with any follow-up information from Hyatt's June 30, 2000 submittal.

FTB 9954 PASS (NEW 10-1998)                  Docketed Protest / Claim\Reports\September 27 2000 Hearing Report\Page 3 of 3

P00267

RJN000437

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCHISE TAX BOARD OF THE STATE
OF CALIFORNIA,

Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT
OF THE STATE OF NEVADA, IN AND FOR
THE COUNTY OF CLARK, AND THE
HONORABLE NANCY M. SAITTA,
DISTRICT JUDGE,

Respondents,

and

GILBERT P. HYATT,

Real Party in Interest.

No. 35549

**FILED**

JUN 13 2001

JANETTE M. BLOOM
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

FRANCHISE TAX BOARD OF THE STATE
OF CALIFORNIA,

Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT
OF THE STATE OF NEVADA, IN AND FOR
THE COUNTY OF CLARK, AND THE
HONORABLE NANCY M. SAITTA,
DISTRICT JUDGE,

Respondents,

and

GILBERT P. HYATT,

Real Party in Interest.

No. 36390

## ORDER GRANTING PETITION (DOCKET NO. 36390) AND DISMISSING PETITION (DOCKET NO. 35549)

Franchise Tax Board petitions this court for a writ
of mandamus and/or prohibition in Docket No. 35549, arguing
that the district court erred in determining that certain
documents were not protected by the attorney-client, work
product and/or deliberative process privileges and
subsequently ordering those documents released. Franchise Tax
Board separately petitions this court for a writ of mandamus

01-09900

RJN000438

in Docket No. 36390, arguing that the district court erred in denying its motion for summary judgment because the doctrine of comity precludes the district court's exercise of jurisdiction over the claims since Franchise Tax Board is immune from liability under California law.

We conclude that the district court did err in denying Franchise Tax Board's motion for summary judgment, albeit on grounds other than those alleged in the petition. Thus, we grant the petition for a writ of mandamus in Docket No. 36390 and direct the district court to conduct further proceedings consistent with this order. Because our resolution of Docket No. 36390 renders the petition in Docket No. 35549 moot, we deny that petition.

A writ of mandamus may be issued to compel the performance of an act that the law requires as a duty resulting from an office, or to control an arbitrary or capricious exercise of discretion.[1] This extraordinary remedy is available only when there is no plain, speedy and adequate remedy at law, and it is entirely within this court's discretion whether to issue a writ.[2] Even though a writ of mandamus is the appropriate remedy to review the denial of a motion for summary judgment because the order is otherwise unappealable, this court has limited the exercise of this extraordinary remedy to instances when judicial economy or the need to clarify important issues require our intervention.[3]

[1] NRS 34.160; Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981).

[2] NRS 34.170; Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

[3] Sorenson v. Pavlikowski, 94 Nev. 440, 442, 581 P.2d 851, 853 (1978); Smith v. District Court, 113 Nev. 1343, 950 P.2d 280 (1997); State v. Babayan, 106 Nev. 155, 787 P.2d 805 (1990); cf. State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 361, 662 P.2d 1338, 1340 (1983).

2

06/13/01   16:31 FAX                                                    ☒003/006

Because this case implicates the principles of Full Faith and Credit and comity, which are of great importance with respect to interpreting each state's sovereign responsibilities and rights, we elect to exercise our extraordinary writ powers.

According to the United States Supreme Court case of Nevada v. Hall[4] and the Nevada case of Mianecki v. District Court,[5] the crucial inquiry in determining whether to afford deference to another state's laws under the doctrines of Full Faith and Credit or comity is whether the sister state's laws conflict with or contravene the forum state's laws or policies.   In this case, our inquiry rests in determining whether Nevada law, which grants immunity to state agencies only for discretionary acts,[6] is affronted by recognizing California law, which grants Franchise Tax Board immunity for intentional torts, as well as discretionary and operational acts.[7]

Although the parties addressed only the issue of comity in Docket No. 36390, our review of the record to determine whether comity or Full Faith and Credit should be applied revealed that there is no probative evidence to support Hyatt's claims.   Thus, because Hyatt failed to meet his burden of providing probative evidence to generate genuine issues of material fact on each of his claims, the district court erred in denying Franchise Tax Board's motion for summary judgment.   We, therefore, grant the petition for a writ of mandamus.

---

[4]440 U.S. 410, 422, 424 n.24 (1979).

[5]99 Nev. 93, 96, 658 P.2d 422, 424 (1983).

[6]NRS 41.032(2); cf. NRS 41.031; Prell Hotel Corp. v. Antonacci, 86 Nev. 390, 391, 469 P.2d 399, 400 (1970).

[7]Cal Gov't Code § 860.2; see Mitchell v. Franchise Tax Board, 228 Cal. Rptr. 750 (Ct. App. 1986).

3

RJN000440

☑004/006

          In the context of a summary judgment motion,
Franchise Tax Board, as the moving party, has the burden of
establishing the non-existence of genuine issues of material
fact.[8]  But this burden is sustained if Franchise Tax Board
demonstrates a lack of probative evidence of at least one
element of Hyatt's prima facie case.[9]  Hyatt then has the
burden of demonstrating specific evidence indicating a genuine
dispute of fact.[10]  Mere allegations are insufficient to
sustain this burden; specific facts must be produced to show a
genuine dispute that justifies the denial of a motion for
summary judgment.[11]

          Upon our review of the record, we conclude that
Hyatt failed, as a matter of law, to meet his burden to
produce sufficient facts,[12] indicating a genuine dispute, that
Franchise   Tax   Board's   acts   during   its   investigation
constituted intentional torts.[13]  There is no evidence, aside

---

[8]NRCP 56(c); NGA #2 Ltd. Liab. Co. v. Rains, 113 Nev.
1151, 1156, 946 P.2d 163, 166-67 (1997).

[9]Rains, 113 Nev. at 1156, 946 P.2d at 167 (citing Celotex
Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

[10]Id. at 1157, 946 P.2d at 167.

[11]NRCP 56(e); see Bird v. Casa Royale West, 97 Nev. 67,
70-71, 624 P.2d 17, 19 (1981); see also Garvey v. Clark
County, 91 Nev. 127, 130, 532 P.2d 269, 271 (1975).

[12]Franchise Tax Board has met its burden that at least one
element of Hyatt's claims has not been shown by demonstrating
undisputed facts that Franchise Tax Board (1) never produced
false statements, (2) never publicized its investigation or
findings outside the scope of the investigation, (3) complied
with its internal operating procedures with regard to
contacting individuals, and (4) merely visited Hyatt's house
and conducted its investigation through phone calls and
letters.

[13]See, e.g., Barmettler v. Reno Air, Inc., 114 Nev. 441,
447-49,  956  P.2d  1382,  1386-87  (1998)  (negligent
misrepresentation and outrage), limited by Olivero v. Lowe,
116 Nev. 395, 995 P.2d 1023 (2000); PETA v. Bobby Berosini,
Ltd., 111 Nev. 615, 628-36, 895 P.2d 1269, 1278-83 (1995)
(invasion of privacy claims); Posadas v. City of Reno, 109
Nev. 448, 457, 851 P.2d 444-45 (1993) (abuse of process); M &
R Investment Co. v. Mandarino, 103 Nev. 711, 718-19, 748 P.2d
                                    continued on next page . . .

4

RJN000441

06/13/01  16:31 FAX                                                                    ☑005/006

from Hyatt's own conclusory allegations, that Franchise Tax Board's investigation unreasonably intruded into his private life or seclusion, published false information about him, or published information to third parties that was not of a legitimate public concern.   The myriad depositions and documents submitted to this court are undisputed and indicate that Franchise Tax Board's investigative acts were in line with a standard investigation to determine residency status for taxation pursuant to its statutory authority.   Merely because a state agency is performing an investigation in the course of its duties does not automatically render its acts an invasion of privacy or otherwise intentionally tortious absent evidence of unreasonableness or falsity of statements.   No such evidence has been presented in this case.

There is also insufficient evidence of Hyatt's remaining claim of negligent misrepresentation.[14]   As with Hyatt's claims for intentional torts, there is no evidence that Franchise Tax Board supplied any false information regarding confidentiality or business relations.

In light of the lack of evidence supporting Hyatt's claims for intentional torts and negligent misrepresentation, we conclude that it was error for the district court to deny the motion for summary judgment.[15]   Because we conclude that it was error to deny Franchise Tax Board's motion for summary judgment, and Hyatt's claims should have been dismissed, we

---

continued
488, 493 (1987) (invasion of privacy claims); Star v. Rabello, 97 Nev. 124, 125-26, 625 P.2d 90, 92 (1981) (outrage).

[14]See Barmettler, 114 Nev. at 447-49, 956 P.2d at 1386-87.

[15]Although neither party addressed this issue in the petitions to this court, the record indicates that the issue of the absence of probative evidence was presented to the district court on the initial motion.

5

RJN000442

☑006/006

need not address the issues raised in Docket No. 35549
regarding purportedly privileged materials.

Consistent with our discussion above, we therefore
GRANT the petition in Docket No. 36390 AND DIRECT
THE  CLERK  OF  THIS  COURT  TO  ISSUE  A  WRIT  OF  MANDAMUS
instructing the district court to grant Franchise Tax Board's
motion for summary judgment in light of the lack of evidence
presented.[16]   We DISMISS AS MOOT the petition in Docket No.
35549.

_____, C.J.
Maupin

_____, J.
Young

_____, J.
Shearing

_____, J.
Agosti

_____, J.
Rose

_____, J.
Leavitt


cc:   Hon. Nancy M. Saitta, District Judge
      California Attorney General
      McDonald Carano Wilson McCune Bergin Francovich & Hicks
      Bernhard & Leslie
      Hutchison & Steffen
      Thomas K. Bourke
      Riordan & McKenzie
      Marquis & Aurbach
      Clark County Clerk


_____
[16]The Honorable Nancy Becker, Justice, voluntarily recused
herself from participation in the decision of this matter.

6

RJN000443

2/17/2017                                    39274: Case View

### The Supreme Court
### of Nevada

## Appellate Case Management System
C-Track, the browser based CMS for Appellate Courts

| Find Case... |
|---|

| Cases |
|---|
| Case Search |
| Participant Search |

**Disclaimer:** The information and documents available here should not be relied upon as an official record of action.

Only filed documents can be viewed. Some documents received in a case may not be available for viewing.

Some documents originating from a lower court, including records and appendices, may not be available for viewing.

For official records, please contact the Clerk of the Supreme Court of Nevada at (775) 684-1600.

### Case Information: 39274

| | | | |
|---|---|---|---|
| Short Caption: | FRANCHISE TAX BD. OF CALIFORNIA VS. DIST. CT. | Classification: | Original Proceeding - Civil - Mandamus/Prohibition |
| | | Related Case(s): | 35549, 36390, 39312, 47141, 53264 |
| Lower Court Case(s): | Clark Co. - Eighth Judicial District - A382999 | Case Status: | Notice in Lieu of Remittitur Issued/Case Closed |
| Disqualifications: | | Panel Assigned: | En Banc |
| Replacement: | | | |
| To SP/Judge: | | SP Status: | |
| Oral Argument: | | Oral Argument Location: | |
| Submission Date: | | How Submitted: | |

### + Party Information

### Docket Entries

| Date | Type | Description | Pending? | Document |
|---|---|---|---|---|
| 03/04/2002 | Other | Disqualification of Justice Becker. Attorney Thomas R.C. Wilson, II. | | |
| 03/04/2002 | Filing Fee | Received Filing Fee Paid on Filing. $200.00 from McDonald Carano Wilson McCune Bergin Frankovich & Hicks LLP--check no. 37490. | | |
| 03/04/2002 | Petition/Writ | Filed Petition for Writ of Mandamus or Prohibition. Franchise Tax Board of the State of California's Petition for Writ of Mandamus, or in the Alternative, for Writ of Prohibition re: Protective Order. (Confidential Information Filed under Seal.) | | 02-03920 |
| 03/04/2002 | Appendix | Filed Appendix. Appendix of Exhibits in Support of Franchise Tax Board of the State of California's Petition for Writ of Mandamus, or in the Alternative, for Writ of Prohibition re: Protective Order. (Confidential Information Filed under Seal.) | | 02-03923 |
| 04/04/2002 | Order/Dispositional | Filed Order Denying Petition. Order Denying Petition for Writ of Mandamus or Prohibition and Dismissing Appeal. We deny the petition in Docket No. 39274. As we lack jurisdiction, we dismiss the appeal in Docket No. 39312. fn3[The Honorable Nancy Becker, Justice, voluntarily recused herself from participation in this matter.] EN BANC-WM/CY/MS/DA/RR/ML | | 02-05994 |
| 04/30/2002 | Remittitur | Issued Notice in Lieu of Remittitur. | | 02-06515 |

RJN000444

| | | |
|---|---|---|
| 04/30/2002 | Case Status Update | Remittitur Issued/Case Closed. |
| 10/30/2002 | Letter/Incoming | Filed Letter. from attorney Thomas R.C. Wilson. The U.S. Supreme Court has granted FTB's Petition for a Writ of Certiorari. He requests a complete copy of all files in nos. 35549, 36390, 39274 and 39312. [02-18691] |
| 11/07/2002 | Letter/Incoming | Filed Letter. (via fax) from law firm of Bernhard, Bradley & Johnson, Chtd. They are requesting copies of all documents in 35549, 36390, 39274 and 39312. [02-19212] |
| 11/15/2002 | Other | Other. Provided copies of all documents from docket numbers 35549, 36390, 39274 and 39312 to McDonald Carano law firm and Bernhard, Bradley & Johnson law firm. Nos. 35549/36390/ 39274/39312 |
| 11/18/2002 | Notice/Incoming | Filed Notice from U.S. Supreme Court\Certiorari Denied. The petition for a writ of ceritorari to the Supreme Court of Nevada is granted (filed October 15, 2002). Nos. 35549/36390/39274/39312 (02-19798) |
| 01/07/2003 | Letter/Incoming | Filed Letter. from U.S. Supreme Court requesting transmission of certified copies of the entire record to their office. Nos. 35549/36390/39274/39312 |
| 01/09/2003 | Other | Other. Transmitted to United States Supreme Court (via Federal Express) certified copies of entire record of proceedings in Nos. 35549, 36390, 39274, 39312 (Volumes 1 through 13 and nine white binders containing exhibits). |
| 05/28/2003 | Notice/Incoming | Filed Notice. Received of William K. Suter, Clerk of the Supreme Court of the United States, a certified copy of the mandate and a copy of the opinion issued in this matter. Nos. 35549/36390/39274/39312. | 03-08926 |

RJN000445

2/17/2017                                    39312: Case View

The Supreme Court          **Appellate Case Management System**
of Nevada                  C-Track, the browser based CMS for Appellate Courts

| | Find Case... |

---

**Cases**

Case Search

Participant Search

---

**Disclaimer:** The information and documents available here should not be relied upon as an official record of action.
Only filed documents can be viewed. Some documents received in a case may not be available for viewing.
Some documents originating from a lower court, including records and appendices, may not be available for viewing.
For official records, please contact the Clerk of the Supreme Court of Nevada at (775) 684-1600.

---

**Case Information: 39312**

| | | | |
|---|---|---|---|
| Short Caption: | FRANCHISE TAX BD. OF CALIFORNIA VS. HYATT | Classification: | Civil Appeal - General - Other |
| | | Related Case(s): | 35549, 36390, 39274, 47141, 53264 |
| Lower Court Case(s): | Clark Co. - Eighth Judicial District - A382999 | Case Status: | Remittitur Issued/Case Closed |
| Disqualifications: | | Panel Assigned: | En Banc |
| Replacement: | | | |
| To SP/Judge: | | SP Status: | |
| Oral Argument: | | Oral Argument Location: | |
| Submission Date: | | How Submitted: | |

---

**+ Party Information**

---

**Docket Entries**

| Date | Type | Description | Pending? | Document |
|---|---|---|---|---|
| 03/08/2002 | Other | Disqualification of Justice Becker. Attorney Thomas R.C. Wilson, II. | | |
| 03/08/2002 | Filing Fee | Received Filing Fee Paid on Filing. $200.00 from McDonald Carano Wilson McCune Bergin Frankovich & Hicks--check no. 09012. | | |
| 03/08/2002 | Notice of Appeal Documents | Filed Certified Copy of Notice of Appeal. Appeal docketed in the Supreme Court this day. (Docketing statement mailed to counsel for appellant.) | | 02-04296 |
| 03/21/2002 | Docketing Statement | Filed Docketing Statement. | | 02-05036 |
| 04/02/2002 | Docketing Statement | Filed Response to Docketing Statement. (Filed under seal.) | | 02-05848 |
| 04/02/2002 | Motion | Filed Motion to Dismiss Appeal. Real Party in Interest Gilbert P. Hyatt's Motion to Dismiss Appeal. (Filed under seal.) | | 02-05850 |
| 04/04/2002 | Order/Dispositional | Filed Order Dismissing Appeal. Order Denying Petition for Writ of Mandamus or Prohibition and Dismissing Appeal. We deny the petition in Docket No. 39274. As we lack jurisdiction, we dismiss the appeal in Docket No. 39312. fn3[The Honorable Nancy Becker, Justice, voluntarily recused herself from participation in this matter.] EN BANC--WM/CY/MS/DA/RR/ML | | 02-05995 |
| 04/10/2002 | Order/Procedural | Filed Order Resolving Motion or | | 02-06403 |

RJN000446

39312: Case View

|  |  |  |  |
|---|---|---|---|
|  |  | Stipulation. This is an appeal from a district court order denying appellant's motion to vacate a protective discovery order. Respondent has moved this court to dismiss the appeal. Because we have already dismissed the appeal for lack of jurisdiction, respondent's motion to dismiss is moot; we therefore deny the motion. |  |
| 04/30/2002 | Remittitur | Issued Remittitur. | 02-06516 |
| 04/30/2002 | Case Status Update | Remittitur Issued/Case Closed. |  |
| 05/10/2002 | Remittitur | Filed Remittitur. Received by County Clerk on May 3, 2002. | 02-06516 |
| 10/30/2002 | Letter/Incoming | Filed Letter. from attorney Thomas R.C. Wilson. The U.S. Supreme Court has granted FTB's Petition for a Writ of Certiorari. He requests a complete copy of all files in nos. 35549, 36390, 39274 and 39312. [02-18691] |  |
| 11/07/2002 | Letter/Incoming | Filed Letter. (via fax) from law firm of Bernhard, Bradley & Johnson, Chtd. They are requesting copies of all documents in 35549, 36390, 39274 and 39312. [02-19212] |  |
| 11/15/2002 | Other | Other. Provided copies of all documents from docket numbers 35549, 36390, 39274 and 39312 to McDonald Carano law firm and Bernhard, Bradley & Johnson law firm. Nos. 35549/36390/ 39274/39312 |  |
| 11/18/2002 | Notice/Incoming | Filed Notice from U.S. Supreme Court\Certiorari Denied. The petition for a writ of ceritorari to the Supreme Court of Nevada is granted (filed October 15, 2002). Nos. 35549/36390/39274/39312 (02-19798). |  |
| 11/20/2002 | Notice/Incoming | Filed Notice. Notice of Firm Name Change - McDonald firm. | 02-19976 |
| 01/07/2003 | Letter/Incoming | Filed Letter. from U.S. Supreme Court requesting transmission of the certified copies of entire record to their office. Nos. 35549/36390/39274/39312 |  |
| 01/09/2003 | Other | Other. Transmitted to United States Supreme Court (via Federal Express) certified copies of entire record of proceedings in Nos. 35549, 36390, 39274, 39312 (Volumes 1 through 13 and nine white binders containing exhibits). |  |

RJN000447

04/04/2002 15:48 FAX 7028739966      CANON B9841         ☒002

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FRANCHISE TAX BOARD OF THE STATE OF CALIFORNIA, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE NANCY M. SAITTA, DISTRICT JUDGE, Respondents, and GILBERT P. HYATT, Real Party in Interest. | No. 39274 |

FILED

APR 04 2002

DEPUTY CLERK

| | |
|---|---|
| FRANCHISE TAX BOARD OF THE STATE OF CALIFORNIA, Appellant vs. GILBERT P. HYATT, Respondent. | No. 39312 |

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION AND DISMISSING APPEAL

Docket No. 39274 is a petition for a writ of mandamus or prohibition, which challenges a district court order denying petitioner's motion to vacate a protective discovery order. Docket No. 39312 is an appeal from the same order.

In related writ proceedings, Docket No. 35549 and Docket No. 36390, we vacated the stay upon which petitioner's motion to vacate was premised. We rejected petitioner's argument that the district court lacked subject matter jurisdiction, and we also declined to review the propriety of the protective order. We conclude that extraordinary relief is also not

SUPREME COURT
OF
NEVADA

(O) 1947A

RJN000448

warranted in this proceeding. Franchise Tax Board has a plain, speedy and adequate remedy; it may challenge the protective order on appeal if it is aggrieved by the district court's final judgment. Accordingly, we deny the petition in Docket No. 39274.[1]

The protective discovery order is an interlocutory order, which is not substantively appealable. The right to appeal is statutory; if no statute or court rule provides for an appeal, no right to appeal exists.[2] Accordingly, as we lack jurisdiction, we dismiss the appeal in Docket No. 39312.

It is so ORDERED.[3]

_____, C.J          _____, J
Maupin                                  Young

_____, J.            _____, J.
Shearing                                Agosti

_____, J.            _____, J.
Rose                                    Leavitt

---

[1] See NRAP 21(b); Smith v. District Court, 107 Nev. 674, 818 P.2d 849 (1991); NRS 34.170 (mandamus); NRS 34.330 (prohibition).

[2] See Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975).

[3] The Honorable Nancy Becker, Justice, voluntarily recused herself from participation in the decision of this matter.

RJN000449

cc:    Hon. Nancy M. Saitta, District Judge
       California Attorney General
       McDonald Carano Wilson McCune Bergin Frankovich & Hicks
              LLP/Las Vegas
       McDonald Carano Wilson McCune Bergin Frankovich & Hicks
              LLP/Reno
       Bernhard & Bradley, Chtd.
       Hutchison & Steffen
       Riordan & McKenzie
       Thomas K. Bourke
       Clark County Clerk

SUPREME COURT
OF
NEVADA

3

RJN000450

3.502

## IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCHISE TAX BOARD OF THE
STATE OF CALIFORNIA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK, AND THE HONORABLE
NANCY M. SAITTA, DISTRICT JUDGE,
Respondents,
    and
GILBERT P. HYATT,
Real Party in Interest.

No. 35549

FILED

APR 04 2002

DEPUTY CLERK

FRANCHISE TAX BOARD OF THE
STATE OF CALIFORNIA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK, AND THE HONORABLE
NANCY M. SAITTA, DISTRICT JUDGE,
Respondents,
    and
GILBERT P. HYATT,
Real Party in Interest.

No. 36390

## ORDER GRANTING PETITION FOR REHEARING, VACATING PREVIOUS ORDER, GRANTING PETITION FOR A WRIT OF MANDAMUS IN PART IN DOCKET NO. 36390, AND GRANTING PETITION FOR A WRIT OF PROHIBITION IN PART IN DOCKET NO. 35549

In Docket No. 35549, Franchise Tax Board petitioned this

court for a writ of mandamus or prohibition, challenging the district

RJN000451

court's determination that certain documents were not protected by attorney-client, work product or deliberative process privileges, and its order directing Franchise Tax Board to release the documents to Gilbert Hyatt. In Docket No. 36390, Franchise Tax Board separately petitioned this court for a writ of mandamus, challenging the district court's denial of its motions for summary judgment or dismissal, and contending that the district court lacks subject matter jurisdiction over the underlying tort claims because Franchise Tax Board is immune from liability under California law. Alternatively, Franchise Tax Board sought a writ of prohibition or mandamus limiting the scope of the underlying case to its Nevada-related conduct.

On June 13, 2001, we granted the petition in Docket No. 36390 on the basis that Hyatt did not produce sufficient facts to establish the existence of a genuine dispute justifying denial of the summary judgment motion. Because our decision rendered the petition in Docket No. 35549 moot, we dismissed it. Hyatt petitioned for rehearing in Docket No. 36390 on July 5, 2001, and in response to our July 13, 2001 order, Franchise Tax Board answered on August 7, 2001. Having considered the parties' documents and the entire record before us, we grant Hyatt's petition for rehearing, vacate our June 13, 2001 order and issue this order in its place.

We conclude that the district court should have declined to exercise its jurisdiction over the underlying negligence claim under comity principles. Therefore, we grant the petition in Docket No. 36390 with respect to the negligence claim, and deny it with respect to the intentional tort claims. We also deny the alternative petition to limit the scope of trial. We further conclude that, except for document FTB No. 07381,

RJN000452

which is protected by the attorney work-product privilege, the district court did not exceed its jurisdiction by ordering Franchise Tax Board to release the documents at issue because Franchise Tax Board has not demonstrated that they were privileged. Therefore, we grant the petition for a writ of prohibition[1] in Docket No. 35549 with respect to FTB No. 07381, and deny the petition with respect to all the other documents.

Background

The underlying tort action arises out of Franchise Tax Board's audit of Hyatt—a long-time California resident who moved to Clark County, Nevada—to determine whether Hyatt underpaid California state income taxes for 1991 and 1992. After the audit, Franchise Tax Board assessed substantial additional taxes and penalties against Hyatt. Hyatt formally protested the assessments in California through the state's administrative process, and sued Franchise Tax Board in Clark County District Court for several intentional torts and one negligent act allegedly committed during the audit.

During discovery in the district court case, Hyatt sought the release of all the documents Franchise Tax Board had used in the audit, but subsequently redacted or withheld. Franchise Tax Board opposed Hyatt's motion to compel on the basis that many of the documents were privileged. The district court, acting on a discovery commissioner's recommendation, concluded that most of the documents were not privileged and ordered Franchise Tax Board to release those documents.

---

[1]Prohibition is a more appropriate remedy than mandamus for the prevention of improper discovery. Wardleigh v. District Court, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995).

RJN000453

The district court also entered a protective order governing the parties' disclosure of confidential information. The writ petition in Docket No. 35549 challenges those decisions.

Franchise Tax Board then moved for summary judgment, or dismissal under NRCP 12(h)(3), arguing that the district court lacked subject matter jurisdiction because principles of sovereign immunity, full faith and credit, choice of law, comity and administrative exhaustion all required the application of California law, and under California law Franchise Tax Board is immune from all tort liability. The district court denied the motion. The writ petition in Docket No. 36390 challenges that decision. The Multistate Tax Commission has filed an amicus curiae brief in support of Franchise Tax Board's comity argument.

Propriety of Writ Relief

We may issue an extraordinary writ at our discretion to compel the district court to perform a required act,[2] or to control discretion exercised arbitrarily or capriciously,[3] or to arrest proceedings that exceed the court's jurisdiction.[4] An extraordinary writ is not available if petitioner has a plain, speedy and adequate remedy in the ordinary course of law.[5]

---

[2]NRS 34.160 (mandamus).

[3]Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981) (mandamus).

[4]NRS 34.320 (prohibition).

[5]NRS 34.170; NRS 34.330.

RJN000454

A petition for a writ of prohibition may be used to challenge a discovery order requiring the disclosure of privileged information.[6]  A petition for a writ of mandamus may be used to challenge an order denying summary judgment or dismissal; however, we generally decline to consider such petitions because so few of them warrant extraordinary relief.[7]  We may nevertheless choose to exercise our discretion and intervene, as we do here, to clarify an important issue of law and promote the interests of judicial economy.[8]

Docket No. 36390

Nevada and California have both generally waived their sovereign immunity from suit, but not their Eleventh Amendment immunity from suit in federal court, and have extended the waivers to their state agencies or public employees, except when state statutes expressly provide immunity.[9]  Nevada has expressly provided its state agencies with immunity for discretionary acts, unless the acts are taken in bad faith, but not for operational or ministerial acts, or for intentional torts committed within the course and scope of employment.[10]  California has expressly provided its state taxation agency, Franchise Tax Board,

---

[6]Wardleigh, 111 Nev. at 350-51, 891 P.2d at 1183-84.

[7]Smith v. District Court, 113 Nev. 1343, 950 P.2d 280 (1997).

[8]Id.

[9]NRS 41.031; Cal. Const. Art. 3, § 5; Cal. Gov't Code § 820.

[10]See NRS 41.032(2); Foster v. Washoe County, 114 Nev. 936, 941, 964 P.2d 788, 791 (1998); State, Dep't Hum. Res. v. Jimenez, 113 Nev. 356, 364, 935 P.2d 274, 278 (1997); Falline v. GNLV Corp., 107 Nev. 1004, 1009, 823 P.2d 888, 892 (1991).

RJN000455

with complete immunity.[11]  The fundamental question presented is which state's law applies, or should apply.

Jurisdiction

Preliminarily, we reject Franchise Tax Board's arguments that the doctrines of sovereign immunity, full faith and credit, choice of law, or administrative exhaustion deprive the district court of subject matter jurisdiction over Hyatt's tort claims.  First, although California is immune from Hyatt's suit in federal courts under the Eleventh Amendment, it is not immune in Nevada courts.[12]  Second, the Full Faith and Credit Clause does not require Nevada to apply California's law in violation of its own legitimate public policy.[13]  Third, the doctrines of sovereign immunity and full faith and credit determine the choice of law with respect to the district court's jurisdiction,[14] while Nevada law is presumed to govern with respect to the underlying torts.[15]  Fourth, Hyatt's tort claims, although arising from the audit, are separate from the administrative proceeding, and the exhaustion doctrine does not apply.  The district court has jurisdiction; however, we must decide whether it should decline to exercise its jurisdiction under the doctrine of comity.

---

[11]See Cal. Gov't Code §860.2; Mitchell v. Franchise Tax Board, 228 Cal. Rptr. 750 (Ct. App. 1986).

[12]Nevada v. Hall, 440 U.S. 410, 414-21 (1979).

[13]Id. at 421-24.

[14]Id. at 414-21.

[15]Motenko v. MGM Dist., Inc., 112 Nev. 1038, 1041, 921 P.2d 933, 935 (1996).

RJN000456

## Comity

The doctrine of comity is an accommodation policy, under which the courts of one state voluntarily give effect to the laws and judicial decisions of another state out of deference and respect, to promote harmonious interstate relations.[16]  In deciding whether to respect California's grant of immunity to a California state agency, a Nevada court should give due regard to the duties, obligations, rights and convenience of Nevada's citizens and persons within the court's protection, and consider whether granting California's law comity would contravene Nevada's policies or interests.[17]  Here, we conclude that the district court should have refrained from exercising its jurisdiction over the negligence claim under the comity doctrine, but that it properly exercised its jurisdiction over the intentional tort claims.

## Negligent Acts

Although Nevada has not expressly granted its state agencies immunity for all negligent acts, California has granted the Franchise Tax Board such immunity.[18]  We conclude that affording Franchise Tax Board statutory immunity for negligent acts does not contravene any Nevada interest in this case.  An investigation is generally considered to be a discretionary function,[19] and Nevada provides its agencies with immunity

---

[16]Nevada v. Hall, 440 U.S. at 424-27; Mianecki v. District Court, 99 Nev. 93, 98, 658 P.2d 422, 424-25 (1983).

[17]Mianecki, 99 Nev. at 98, 658 P.2d at 425.

[18]Cal. Gov't Code § 860.2; see Mitchell, 228 Cal. Rptr. at 752.

[19]Foster, 114 Nev. at 941-43, 964 P.2d at 792.

for the performance of a discretionary function even if the discretion is abused.[20]   Thus, Nevada's and California's interests are similar with respect to Hyatt's negligence claim.

<u>Intentional Torts</u>

In contrast, we conclude that affording Franchise Tax Board statutory immunity for intentional torts does contravene Nevada's policies and interests in this case.  As previously stated, Nevada does not allow its agencies to claim immunity for discretionary acts taken in bad faith, or for intentional torts committed in the course and scope of employment. Hyatt's complaint alleges that Franchise Tax Board employees conducted the audit in bad faith, and committed intentional torts during their investigation.  We believe that greater weight is to be accorded Nevada's interest in protecting its citizens from injurious intentional torts and bad faith acts committed by sister states' government employees, than California's policy favoring complete immunity for its taxation agency.[21] Because we conclude that the district court properly exercised its jurisdiction over the intentional tort claims, we must decide whether our intervention is warranted to prevent the release of documents that Franchise Tax Board asserts are privileged.

<u>Docket No. 35549</u>

Franchise Tax Board invoked the deliberative process, attorney-client and work-product privileges as barriers to the discovery of various documents used or produced during its audit.  The district court

---

[20]NRS 41.032(2).

[21]<u>See</u> <u>Mianecki</u>, 99 Nev. at 98, 658 P.2d at 425.

RJN000458

decided that most of the documents were not protected by these privileges, and ordered Franchise Tax Board to release them. With one exception, we conclude that the district court did not exceed its jurisdiction by ordering Franchise Tax Board to release the documents.

The deliberative process privilege does not apply because the documents at issue were not predecisional; that is, they were not precursors to the adoption of agency policy, but were instead related to the enforcement of already-adopted policies.[22] And if the privilege were to apply, it would be overridden by Hyatt's demonstrated need for the documents based on his claims of fraud and government misconduct.[23]

The attorney-client privilege does not apply because Franchise Tax Board did not demonstrate (1) that in-house-counsel Jovanovich was acting as an attorney, providing legal opinions, rather than as an employee participating in the audit process,[24] or (2) that the communications between Ms. Jovanovich and other Franchise Tax Board employees were kept confidential within the agency.[25]

The work-product privilege does apply, however, to document FTB No. 07381. This memorandum documenting a telephone

---

[22]See Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866-68 (D.C. Cir. 1980).

[23]See In re Sealed Case, 121 F.3d 729, 737-38 (D.C. Cir. 1997).

[24]See Upjohn Co. v. United States, 449 U.S. 383, 389-97 (1981); United States v. Chen, 99 F.3d 1495, 1501-02 (9th Cir. 1996); United States v. Rowe, 96 F.3d 1294, 1297 (9th Cir. 1996); Texaco Puerto Rico v. Department of Consumer Aff., 60 F.3d 867, 884 (1st Cir. 1995).

[25]See Coastal States, 617 F.2d at 862-64.

RJN000459

conversation between Franchise Tax Board attorneys Jovanovich and Gould should be protected from disclosure. When the memorandum was generated, Jovanovich was acting in her role as an attorney representing Franchise Tax Board, as was Gould. The memorandum expresses these attorneys' mental impressions and opinions regarding the possibility of legal action being taken by Franchise Tax Board or Hyatt. Thus, this one document is protected by the attorney work-product privilege.[26]

Finally, although Franchise Tax Board also challenges the district court's protective order, we decline to review the propriety of that discovery order in this writ proceeding. Although an extraordinary writ may be warranted to avoid the irreparable injury that would result from a discovery order requiring disclosure of privileged information, extraordinary writs are not generally available to review discovery orders.[27] Franchise Tax Board has a plain, speedy and adequate remedy; it may challenge the order on appeal if it is aggrieved by the district court's final judgment.

Conclusion

We conclude that the district court should have declined to exercise jurisdiction over the negligence claim as a matter of comity. Accordingly, we grant the petition in Docket No. 36390 in part; the clerk of this court shall issue a writ of mandamus directing the district court to grant Franchise Tax Board's motion for summary judgment as to the negligence claim. We deny the petition in Docket No. 36390 with respect

---

[26]See Wardleigh, 111 Nev. at 357, 891 P.2d at 1188.

[27]Clark County Liquor v. Clark, 102 Nev. 654, 659, 730 P.2d 443, 447 (1986).

RJN000460

to the intentional tort claims, and we deny the alternative petition to limit the scope of trial.

We conclude that the district court exceeded its jurisdiction by ordering the release of one privileged document, but that Franchise Tax Board has not demonstrated that the district court exceeded its jurisdiction by ordering it to release any of the other discovery documents at issue. Accordingly, we grant the petition in Docket No. 35549 in part; the clerk of this court shall issue a writ of prohibition prohibiting the district court from requiring Franchise Tax Board to release document FTB No. 07381. We deny the writ petition in Docket No. 35549 with respect to all other documents.

We vacate our stay of the district court proceedings.

It is so ORDERED.[28]

_____, C.J.
Maupin

_____ , J.          _____ , J.
Young                                  Shearing

_____ , J.          _____ , J.
Agosti                                 Leavitt

_____

[28]The Honorable Nancy Becker, Justice, voluntarily recused herself from participation in the decision of this matter.

RJN000461

cc: Hon. Nancy M. Saitta, District Judge
California Attorney General
McDonald Carano Wilson McCune Bergin Frankovich & Hicks
    LLP/Las Vegas
McDonald Carano Wilson McCune Bergin Frankovich & Hicks
    LLP/Reno
Bernhard & Leslie
Hutchison & Steffen
Riordan & McKenzie
Thomas K. Bourke
Marquis & Aurbach
Clark County Clerk

RJN000462

ROSE, J., concurring in part and dissenting in part:

I would not grant comity to the petitioners in this case and would grant immunity only as given by the law of Nevada. In all other respects, I concur with the majority opinion.

In <u>Mianecki v. District Court</u>,[1] we were faced with a similar issue when the State of Wisconsin requested comity be granted by Nevada courts in order to recognize Wisconsin's sovereign immunity. In refusing to grant comity and recognize Wisconsin's sovereign immunity, we stated:

> In general, comity is a principle whereby the courts of one jurisdiction may give effect to the laws and judicial decisions of another jurisdiction out of deference and respect. The principle is appropriately invoked according to the sound discretion of the court acting without obligation. "[I]n considering comity, there should be due regard by the court to the duties, obligations, rights and convenience of its own citizens and of persons who are within the protection of its jurisdiction." With this in mind, we believe greater weight is to be accorded Nevada's interest in protecting its citizens from injurious operational acts committed within its borders by employees of sister states, than Wisconsin's policy favoring governmental immunity. Therefore, we hold that the law of Wisconsin should not be granted comity where to do so would be contrary to the policies of this state.

Based on this very similar case, I would not grant comity to California, and I would extend immunity to the agents of California only to the extent that such immunity is given them by Nevada law. Denying a

---

[1]99 Nev. 93, 98, 658 P.2d 422, 424-25 (1983) (internal citations omitted).

grant of comity is not uncommon, as California has denied comity to the state of Nevada in years past.[2]

_____, J.
Rose

_____

[2]Nevada v. Hall, 440 U.S. 410, 418 (1979).

RJN000464

**BILL LOCKYER**
Attorney General

State of California
DEPARTMENT OF JUSTICE



RONALD REAGAN BUILD
300 SOUTH SPRING STREET, SUITE
LOS ANGELES, CA 90

Public: (213) 897-2
Telephone: (213) 897-2
Facsimile: (213) 897-2
E-Mail: felix.leatherwood@doj.ca.

RECEIVED
JUN 5 2002
BY:

June 3, 2002

Mark A. Hutchison, Esq.
Hutchison & Steffen
Lakes Business Park
8831 West Sahara Avenue
Las Vegas, Nevada 89117

RE:     Hyatt v. Franchise Tax Board
        Nevada District Court (Clark County) Case No. A 382999

Dear Mr. Hutchison:

The Franchise Tax Board requests your written consent to immediately release all documentation and deposition testimony designated "CONFIDENTIAL-NV PROTECTIVE ORDER" under the protective order imposed by the Clark County (Nevada) District Court in the case of *Hyatt v. Franchise Tax Board* for consideration in Mr. Hyatt's pending California tax protest. This is a formal demand for the release of this documentation and deposition testimony under the authority of *California Revenue and Taxation Code* § 19504, copy attached.

This information is currently in FTB's possession, in their Sacramento office, and your consent will result in copies of all documents and deposition testimony being given to FTB's protest hearing officer. Neither you nor your client are required to copy and produce these documents. Of course all information given to FTB's protest hearing officer will be confidential taxpayer information in accordance with California law.

We ask that you provide your client's authorization to release the requested information within 10 days of the date of this letter. If we do not receive a response by **June 17, 2002** we will provide the information to the protest hearing officer for her review and consideration in your client's administrative protest.

000019

JUN-05-2002  12:04

FTB28820

2342-0001

RJN000465

Mark A. Hutchison, Esq.
June 3, 2002
Page 2

Thank you for your prompt attention to this matter.

Sincerely,

FELIX E. LEATHERWOOD
Deputy Attorney General

For     BILL LOCKYER
        Attorney General

cc:  Peter C. Bernhard. Esq.
     Eric Coffill, Esq.
     Donald J. Kula, Esq.

bcc:  Thomas R.C. Wilson, Esq.

FTB28821

000020

JUN-05-2002

2342-0002

RJN000466



STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**

**SUBPOENA DUCES TECUM**

*In the Matter of:*

Administrative Protest of Gilbert P. Hyatt
Taxable years 1991 and 1992
Notices of Proposed Assessment Nos.
04728236 and 04340945

To: Gilbert P. Hyatt,

Attn: Peter C. Bernhard
BERNHARD & BRADLEY
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89109

Attn: Mark A. Hutchison
HUTCHISON & STEFFEN
Lakes Business Park
8831 West Sahara Avenue
Las Vegas, Nevada 89117

You are hereby commanded in the above-referenced Protest of Gilbert P. Hyatt to make available to George McLaughlin, Supervising Tax Counsel, or his designee, at

FRANCHISE TAX BOARD, 9645 Butterfield Way, Sacramento, CA 95827

on the 31ˢᵗ day of JULY, 2002, at 10:00 a.m., the originals or true and exact copies of the original records described in the accompanying DESCRIPTION OF RECORDS, attached hereto as Attachment 1.

This Subpoena Duces Tecum is issued under the authority of California Revenue and Taxation Code Section 19504 this 7ᵀᴴ day of JULY, 2002. The statutory purpose of this Subpoena Duces Tecum is to determine if Gilbert P. Hyatt has complied with the provisions of the California Personal Income Tax Law.

FRANCHISE TAX BOARD
State of California

FTB 2580 (Modified)

000001

FTB28825

2344-0001
RJN000467

**ATTACHMENT 1**
**DESCRIPTION OF RECORDS**

1. The complete deposition transcript (May 23, 2000 and May 24, 2000) and related subpoena duces tecum document production of Mr. Hyatt's CPA Michael Kern.

2. The complete deposition transcript (May 16, 2000 and May 17, 2000) and related subpoena duces tecum document production of Hyatt tax attorney Eugene Cowan.

3. Volume 1 of Hyatt 22ND Supplemental Document Production, Produced on 01/18/00.

4. Volume 1 of Hyatt 21st Supplemental Document Production, Produced 01/03/00.

5. Volume 2 of Hyatt Supplemental Document Production, Produced 01/03/00.

6. Any and all other documents or deposition transcripts that was generated by or during Mr. Hyatt's Nevada lawsuit over Franchise Tax Board audit activity, including documents and deposition transcripts bearing the label "Confidential -- NV Protective Order."

000002

FTB28826

2344-0002
RJN000468



STATE OF CALIFORNIA
FRANCHISE TAX BOARD

**DECLARATION IN SUPPORT OF
SUBPOENA DUCES TECUM**

I, Benjamin F. Miller, declare:

1.      I am an attorney at law duly licensed to practice before the courts of the State of California. I am an employee of the Franchise Tax Board. I currently hold the position of Counsel, Multistate Tax Affairs and am assigned to the Multistate Bureau of the Legal Branch. I am the Litigation Coordinator for the Franchise Tax Board and have management responsibility for the Docketed Protest function of the Franchise Tax Board. I have personal knowledge of the facts set forth herein and if called to testify, could competently testify thereto.

2.      Gil Hyatt (Mr. Hyatt) has filed an administrative protest with the Franchise Tax Board. That protest has been assigned to an attorney in the Legal Branch for determination. Mr. Hyatt's protest relates to notices of proposed assessment issued by the Franchise Tax Board for the years 1991 and 1992 and involve questions of when he ceased to be a resident of California and the income that should have been reported on California personal income tax returns.

3.      Mr. Hyatt has filed a tort action in Clark County District Court, Nevada in the case of *Gilbert P. Hyatt v. Franchise Tax Board*, Clark County, Nevada, Case No. A382999. Mr. Hyatt's alleged tort claims arise from the Franchise Tax Board's audit of Mr. Hyatt's residency status for the years 1991 and 1992.

4.      The Clark County, Nevada District Court in the case of *Gilbert P. Hyatt v. Franchise Tax Board* has issued a protective order, a copy of which is attached hereto as Exhibit A. Pursuant to that protective order certain information obtained by Franchise Tax Board in the Nevada litigation involving Mr. Hyatt has been kept from Franchise Tax Board staff involved with Mr. Hyatt's California administrative protest.

5.      I am informed and believe that the documents demanded under this Subpoena Duces Tecum were created or produced as a consequence of Mr. Hyatt's Nevada lawsuit, a lawsuit grounded in the Franchise Tax Board's residency audit activity. In order for staff to evaluate the issues raised in the administrative protest they should have access to these documents.

6.      I am informed and believe that the documents identified by this Subpoena Duces Tecum relate primarily to factual evidence of Mr. Hyatt's alleged move out of California, witnesses to Mr. Hyatt's alleged move, connections Mr. Hyatt allegedly established in Nevada, connections Mr. Hyatt maintained in California, Mr. Hyatt's motive and intent for that alleged move as well as information concerning the amount, type and timing of income Mr. Hyatt may have received before, during and after 1991 and 1992.

000003

FTB28827

7.      On June 3, 2002 Mr. Hyatt, through his counsel, was asked in writing by Deputy Attorney General Felix E. Leatherwood to release all the documents listed on the description of documents attached to this Subpoena Duces Tecum for consideration in his California administrative protest. A copy of that letter is attached hereto as Exhibit B. On June 10, 2002, Mr. Hyatt, in a letter from his counsel, a copy of which is attached hereto is Exhibit C, specifically refused to release the documents. Pursuant to paragraph 4 of the Protective Order the Franchise Tax Board is issuing an administrative subpoena pursuant to section 19504 of the California Revenue and Taxation Code for the documents demanded in this Subpoena Duces Tecum.

8.      In order for Franchise Tax Board staff assigned to Mr. Hyatt's administrative protest to fully evaluate the issues raised, it is necessary that they have access to documentation, including that produced in the Nevada litigation which is the subject of this Subpoena Duces Tecum, that may be relevant to or may lead to the discovery of relevant information concerning Mr. Hyatt's residence and income during the years involved in the protest.

9.      Documents produced under this Subpoena Duces Tecum to Franchise Tax Board staff for use in the California administrative process will be protected from disclosure in accordance with California law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _July 3 2002_     at _Sacramento, CA_     .

Benjamin F. Miller

000004

FTB28828

2344-0004

RJN000470



**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

2/28/03

| | | | | |
|---|---|---|---|---|
| DATE/TIME | : FEBRUARY 28, 2003 | | DEPT. NO | : 54 |
| JUDGE | : JOE S. GRAY | | CLERK | : B. BALDY |
| REPORTER | : NONE | | BAILIFF | : V. CARROLL |
| | | | PRESENT: | |

**CALIFORNIA FRANCHISE TAX BOARD,**
    **Plaintiff,**

VS.    **Case No.: 02CS01582**

**GILBERT P. HYATT,**
    **Defendant.**

---

Nature of Proceedings:    **COURT'S RULING ON ORDER TO SHOW CAUSE**
                           **(SUBM ON 12/16/02)**

---

The court, having considered the arguments of counsel and taken this matter under submission, now rules as follows:

The tentative ruling is modified as follows:

The petition for an order compelling respondent to comply with the subject subpena is granted in part and denied in part as set forth below.

Respondent shall produce the materials as identified in petitioner's description of documents Nos. 1, 2, 3, 4, and 5, in Attachment 1 to the subject Subpoena Duces Tecum.

However, petitioner's request to compel compliance with request No. 6 as described in Attachment 1 of the Subpeona is denied. Petitioner's request No. 6 is too indefinite, and the petition fails to provide sufficient evidence to determine the relevance of, the vast universe of materials encompassed by this broad category.

Respondent shall comply with this order on or before March 21, 2003.

    Certificate of Service by Mailing attached.

| | | |
|---|---|---|
| BOOK | : 54 | SUPERIOR COURT OF CALIFORNIA, |
| PAGE | : 351 | COUNTY OF SACRAMENTO |
| ATE | : FEBRUARY 28, 2003 | |
| ASE NO. | : 02CS01582 | |
| _ASE TITLE | : CALIFORNIA FRANCHISE TAX | |
| | BOARD VS. GILBERT P. HYATT | BY: B. BALDY, _____ |
| | | Deputy Clerk |

Page 1 of 2

Z1z2.doc

FTB28867

2348-0001

RJN000471

CASE NUMBER: 02CS01582      DEPARTMENT: 5

CASE TITLE: CALIFORNIA FRANCHISE TAX BOARD VS. GILBERT P. HYATT

PROCEEDINGS: COURT'S RULING ON ORDER TO SHOW CAUSE (SUBM ON 12/16/02)

## CERTIFICATE OF SERVICE BY MAILING
### C.C.P. Sec. 1013a(3))

I, the undersigned deputy clerk of the Superior Court of California, County of Sacramento, do declare under penalty of perjury that I did this date place a copy of the above entitled notice in envelopes addressed to each of the parties, or their counsel of record as stated below, with sufficient postage affixed thereto and deposited the same in the United States Post Office at Sacramento, California.

BOB DUNN, DAG
MOLLY K. MOSLEY, DAG
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

DONALD J. KULA
RIORDAN & MCKINZIE
300 SOUTH GRAND AVE., 29TH FLOOR
LOS ANGELES, CA 90071-3109

ERIC J. COFFILL
MORRISON & FOERSTER
400 CAPITOL MALL, STE. 2600
SACRAMENTO, CA 95814

Dated: MARCH 3, 2003

Superior Court of California,
County of Sacramento

By:    B. BALDY, _____
         Deputy Clerk

BOOK      : 54
PAGE      : 351
DATE      : FEBRUARY 28, 2003
CASE NO.   : 02CS01582
CASE TITLE   : CALIFORNIA FRANCHISE TAX
            BOARD VS. GILBERT P. HYATT

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO

BY: B. BALDY, _____
     Deputy Clerk

Page 2 of 2

Z1z2.doc

FTB28868

2348-0002

RJN000472

Sent by: Riordan & McKinzie          213 229 8550;          03/17/03  9:21AM; JetFax #782; Page 1/3

# FAX COVER SHEET

## RIORDAN & McKINZIE
### A Professional Law Corporation

**DATE:**    March 17, 2003

**TO:**   **NAME**                    **FAX**                **PHONE**
Molly K. Mosley, Esq.      (916) 327-2247         (916) 445-5367

**FROM:**   Donald J. Kula          **DIRECT DIAL:**    (213) 229-8547

**RE:**    In the matter of Gilbert Hyatt

**FILE NO.:**    8160-007    **USER NUMBER:**   841    **PAGES, INCLUDING COVER:**   3

**MESSAGE:**

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

If you have any problems with this transmission, please call the fax operator at (213) 629-4824. Thank you.

300 South Grand Avenue, 29th Floor, Los Angeles, CA 90071-3109; Telephone: (213) 629-4824; Facsimile: (213) 229-8550
Los Angeles    Orange County    Westlake

::ODMA\MHODMA\LADOCS;487666;1

FTB28869

Sent by: Riordan & McKinzie          213 229 8550;          03/17/03  9:21AM; JetFax #782; Page 2/3

# RIORDAN & McKINZIE
A PROFESSIONAL LAW CORPORATION

ORANGE COUNTY OFFICE
PLAZA TOWER
600 ANTON BOULEVARD
EIGHTEENTH FLOOR
COSTA MESA, CALIFORNIA 92626-1924
(714) 433-2900
FAX (714) 549-3244

CALIFORNIA PLAZA
300 SOUTH GRAND AVENUE
TWENTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 629-4824
FAX (213) 229-8550

WESTLAKE OFFICE
5743 CORSA AVENUE, SUITE 118
WESTLAKE VILLAGE, CA 91362
(818) 706-1800  (805) 496-4888
FAX (818) 706-2054

RICHARD J. RIORDAN
(RETIRED)

FILE NO.
8-160-007

DONALD J. KULA
DIRECT DIAL (213) 229-8547
E-MAIL djk@riordan.com

March 17, 2003

**VIA FACSIMILE AND U.S. MAIL**

Molly K. Mosley, Esq.
Office of the Attorney General
13001 I Street, Suite 1101
P.O. Box 944255
Sacramento, California 94244-2550

Re:    FTB v. Hyatt

Dear Ms. Mosley:

This letter is to confirm the message I left on your voice-mail this morning. Respondent Gilbert P. Hyatt will make an ex parte application tomorrow, March 18, 2003 at 2:00 P.M in Department 54 of the Sacramento Superior Court seeking an order shortening time to have a Motion to Modify or Clarify the Scope and Effect of the Court's Ruling on the Order to Show Cause heard prior to the compliance deadline of March 21, 2003 set forth in the Court's order.

Specifically, Hyatt will request that either (i) his motion to modify or clarify be heard before the Court imposed compliance deadline of this Friday, March 21, 2003 or (ii) more realistically, the deadline for compliance with the Court's ruling be extended by 14 days so that in accordance with this Court's local rules for orders shortening time the FTB is given five court days to file opposition papers, Hyatt is given two days to file reply papers, and Hyatt's reply papers are filed at least two court days before the hearing on the motion.

Hyatt will therefore suggest a briefing schedule as follows::

- FTB opposition papers would be due March 25, 2003 (served via hand or fax);

- Hyatt reply papers would be due March 27, 2003 (served via hand or fax);

- The motion to modify or clarify would be heard on March 31, 2003.

Hyatt's motion to modify or clarify will based on the FTB's identification of the 13,000 plus Bates stamped pages that the FTB apparently asserts must be produced by Hyatt in response to the Court's order. As set forth in the motion to be served with the ex parte application, many

FTB28870

2349-0002

RJN000474

Sent by: Riordan & McKinzie          213 229 8550;          03/17/03  9:22AM; *JetFax* #782; Page 3/3

## RIORDAN & McKINZIE
A PROFESSIONAL LAW CORPORATION

Molly Mosley, Esq.
March 17, 2003
Page 2

of the documents identified by the FTB, and contrary to the FTB's representations in its petition, are already in the possession of the FTB protest officer and/or were not designated under the Nevada protective order. An additional ground for the motion is that many of the remaining identified documents are outside the disputed period in the tax proceeding, something Hyatt suspected but had no way of confirming until the FTB finally identified the scope of the documents sought.

Very truly yours,

Donald J. Kula
OF RIORDAN & McKINZIE

DJK:sxt

501735_1.DOC

FTB28871

Filed 12/31/03   State Franchise Tax Board v. Hyatt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

STATE FRANCHISE TAX BOARD,

      Plaintiff and Respondent,

    v.

GILBERT P. HYATT,

      Defendant and Appellant.

C043627

(Super. Ct. No. 02CS01582)

Defendant Gilbert P. Hyatt appeals from a trial court order granting a petition by plaintiff State Franchise Tax Board (FTB) to compel enforcement of an administrative subpoena in connection with FTB's audit of Hyatt's personal income tax return.  The point of contention in the audit is whether Hyatt changed his residency from California to Nevada in September 1991 (as asserted by Hyatt) or April 1992 (as asserted by FTB).  Hyatt contends the trial court's order should be reversed in part, on the ground that FTB's administrative subpoena violates Hyatt's constitutional privacy rights and was issued for an improper purpose.  We shall affirm the order.

FTB 19161

RJN000476

## FACTUAL AND PROCEDURAL BACKGROUND

In 1990, Hyatt (who had been a California resident for 20 years) received a patent for invention of a microprocessor (which FTB asserts was later cancelled). Hyatt began receiving substantial income from companies that had been using the microprocessor for the preceding 20 years.

For 1991, Hyatt filed a California Nonresident or Part-Year Resident Income Tax Return. According to Hyatt, he ceased to be a California resident in September 1991 and became a resident of Nevada.

FTB audited Hyatt's 1991 tax return. The audit expanded to an inquiry into the 1992 tax year, in which Hyatt filed no personal income tax return in California.

The residency audit, which was protracted and contentious, led FTB to conclude Hyatt remained a California resident until April 1992 (six months after the September 1991 date asserted by Hyatt). The auditor determined Hyatt received money related to his microprocessor patent while still a California resident under the definition of resident in Revenue and Taxation Code section 17014.[1]

_____

[1] Undesignated statutory references are to the Revenue and Taxation Code.

Section 17014 provides "(a) 'Resident' includes:

"(1) Every individual who is in this state for other than a temporary or transitory purpose.

"(2) Every individual domiciled in this state who is outside the state for a temporary or transitory purpose.
[¶] . . . [¶]"

FTB 19162

2

RJN000477

In April 1996 and August 1997, FTB issued Notices of Proposed Assessment for 1991 and 1992, respectively, proposing additional tax, interest, and civil fraud penalty, on the grounds that Hyatt remained a California resident through part of 1992 and filed a tax return with intent to evade taxes he knew he owed.[2]

In 1996 and 1997, Hyatt filed administrative protests with FTB, as permitted by section 19041.

Hyatt also commenced a tort action against FTB in Nevada, alleging the residency audit was abusive, coercive and baseless. Hyatt's right to pursue intentional tort claims against FTB in Nevada was upheld by the United States Supreme Court in *Franchise Tax Board v. Hyatt* (2003) 538 U.S. 488, which held Nevada's refusal to extend full faith and credit to a California statute immunizing FTB from suit did not violate the federal Constitution's full faith and credit clause.

In defending against the Nevada tort action, FTB deposed Hyatt's tax attorney and certified public accountant (CPA) and made discovery requests, including requests for production of documents showing Hyatt moved his person and personal property to Nevada in 1991 with the intent of establishing domicile or residence in Nevada.

---

"(c) Any individual who is a resident of this state continues to be a resident even though temporarily absent from the state."

[2] The tax, interest and penalty for the two years totaled more than $18 million.

3

FTB 19163

RJN000478

Over FTB's objections, Hyatt obtained from the Nevada court a protective order barring FTB from disclosing to its protest hearing officer any discovery materials produced by Hyatt in the Nevada action that he designated as confidential under the protective order.  The protective order specified it did not purport to limit FTB's right to pursue an administrative subpoena under California law.

In June 2002, FTB in connection with Hyatt's administrative protest asked Hyatt for voluntary release of all documents designated confidential under the Nevada protective order.  The documents were already in FTB's Sacramento office and would not need to be copied.  Hyatt refused to release the documents.

On July 7, 2002, FTB issued an administrative subpoena duces tecum pursuant to section 19504,[3] requesting six categories of documents produced as discovery in the Nevada litigation, as follows:

"1.  The complete deposition transcript (May 23, 2000 and May 24, 2000) and related subpoena duces tecum document production of Mr. Hyatt's CPA Michael Kern.

───────────────

[3] Section 19504 provides in part:  "(a) [FTB], for the purpose of administering its duties under this part, including ascertaining the correctness of any return; making a return where none has been made; determining or collecting the liability of any person in respect of any liability imposed by [various statutes]; shall have the power to require by demand, that an entity of any kind including, but not limited to, employers, persons, or financial institutions provide information or make available for examination or copying at a specified time and place, or both, any book, papers, or other data which may be relevant to that purpose."

FTB 19164

4

RJN000479

"2. The complete deposition transcript (May 16, 2000 and May 17, 2000) and related subpoena duces tecum document production of Hyatt tax attorney Eugene Cowan.

"3. Volume 1 of Hyatt 22nd Supplemental Document Production, Produced on 01/18/00.[4]

"4. Volume 1 of Hyatt 21st Supplemental Document Production, Produced 01/03/00.

"5. Volume 2 of Hyatt Supplemental Document Production, Produced 01/03/00.

"6. Any and all other documents or deposition transcripts that was [*sic*] generated by or during Mr. Hyatt's Nevada lawsuit over [FTB] audit activity, including documents and deposition transcripts bearing the label 'Confidential--NV Protective Order.'"

(As will appear, the sixth "catch-all" request, which FTB admits was poorly drafted, was deleted by the trial court and is not at issue in this appeal.)

The subpoena was accompanied by a declaration from FTB Counsel for Multistate Tax Affairs, Benjamin Miller, stating in part that Hyatt had filed an administrative protest concerning FTB's residency audit and had filed a tort action in Nevada arising from the residency audit, and pursuant to the protective

---

4 It is not clear what documents were encompassed by requests numbers 3, 4, or 5 in the administrative subpoena. FTB's request for production of documents in the Nevada case asked for 33 categories of documents, including documents related to the allegations that FTB acted with improper purpose to cause Hyatt emotional distress.

FTB 19165

RJN000480

order by the Nevada court, information obtained by FTB in the Nevada litigation had been kept from FTB staff involved in Hyatt's administrative protest. Miller declared he was informed and believed the documents demanded by the administrative subpoena were created or produced as a consequence of Hyatt's Nevada lawsuit, a lawsuit grounded in FTB's residency audit activity, and in order for staff to evaluate the issues raised in the administrative protest they should have access to these documents. Miller further declared: "I am informed and believe that the documents identified by this Subpoena Duces Tecum relate primarily to factual evidence of Mr. Hyatt's alleged move out of California, witnesses to Mr. Hyatt's alleged move, connections Mr. Hyatt allegedly established in Nevada, connections Mr. Hyatt maintained in California, Mr. Hyatt's motive and intent for that alleged move as well as information concerning the amount, type and timing of income Mr. Hyatt may have received before, during and after 1991 and 1992."[5]

Hyatt did not comply with the administrative subpoena. A letter from his attorney to FTB asserted the subpoena lacked specificity and was overbroad. Hyatt asserted his residency for the disputed six-month period was not at issue in the Nevada

---

[5] On appeal, Hyatt complains the declaration based on information and belief lacked foundation. However, FTB points out this specific objection was not advanced in the trial court and is therefore waived. (Evid. Code, § 353 [error in admitting evidence waived unless timely objection was made on the specific ground].) Hyatt's objection in the trial court that FTB failed to make an affirmative showing of good cause did not constitute an objection on foundational grounds.

FTB 19166

6

RJN000481

litigation, because FTB persuaded the Nevada court not to exercise jurisdiction over Hyatt's first cause of action (seeking a judicial declaration that he was a Nevada resident effective September 1991) while the FTB administrative proceedings were pending. The letter asserted the focus of the Nevada case was FTB misconduct starting with the 1993 commencement of the audit.

On October 11, 2002, FTB filed in Sacramento County Superior Court a petition for an order to compel compliance with the administrative subpoena. The trial court issued an order to show cause.

On November 6, 2002, Hyatt made an ex parte application in the Sacramento court to seal the entire file, alleging FTB violated laws governing the confidentiality of taxpayer information by filing documents as attachments to its petition.[6] The trial court temporarily sealed the file. Hyatt moved for a permanent order to seal the entire file, which was granted by the court on December 6, 2002. Hyatt did not request, and the trial court did make, any finding of wrongdoing by FTB.[7]

On February 28, 2003, the Sacramento court issued a ruling compelling Hyatt to comply with the administrative subpoena as to requests numbers 1, 2, 3, 4, and 5. As to request number 6, the trial court found the request was too indefinite and

---

[6] The exhibits attached to the petition were portions of FTB's "Narrative Report" of the audit, and FTB's notices of proposed assessment for 1991 and 1992.

[7] Most of the record on appeal is sealed.          FTB 19167

7

RJN000482

overbroad to compel compliance. The trial court denied Hyatt's application for an order shortening time to file a motion for modification or clarification of the order.

On March 20, 2003, Hyatt filed a notice of appeal from the February 28, 2003 order compelling enforcement of the administrative subpoena.

Hyatt also purports to appeal from the trial court's denial of his request for an order shortening time to file a motion for reconsideration. However, his appellate brief says nothing about this denial in his statement of appealability, and he develops no legal argument on this matter. We therefore disregard it.

DISCUSSION

I.   *Appealability*

The order directing compliance with the subpoena is appealable as a final judgment in a special proceeding. (Code Civ. Proc., § 904.1, subd. (a)(1); *Millan v. Restaurant Enterprises Group, Inc.* (1993) 14 Cal.App.4th 477, 485.)

II.   *Standard of Review*

Hyatt contends the appropriate standard of review is abuse of discretion--the standard applicable to civil discovery rulings. However, as noted by FTB, the civil discovery statutes do not apply where investigatory subpoena power is based on specific statutory authority rather than the general discovery provisions. (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 23-24 [statute exempting hospital peer review records from "discovery" did not apply to administrative subpoenas].) Here, the

8

FTB 19168

RJN000483

administrative subpoena was issued pursuant to the statutory
authority of section 19504. (Fn. 3, *ante*.) Although *Arnett*,
*supra*, is factually distinguishable in that it dealt with a
medical board's subpoena of hospital records under the general
provisions for administrative subpoenas found in Government Code
section 11180 et seq., these general provisions are incorporated
in the Revenue and Taxation Code provision at issue in this case
(§ 19504), which provides in part: "(d) Obedience to subpoenas
or subpoenas duces tecum issued in accordance with this section
may be enforced by application to the superior court as set
forth in Article 2 (commencing with Section 11180) of Chapter 2
of Part 1 of Division 3 of Title 2 of the Government Code."

The main issue in this appeal--whether an administrative
subpoena meets constitutional standards for enforcement--is a
question of law that is reviewed de novo. (*Millan v. Restaurant
Enterprises Group, Inc.*, *supra*, 14 Cal.App.4th 477, 485; *People
ex rel. Franchise Tax Bd. v. Superior Court (Safeco)* (1985) 164
Cal.App.3d 526, 532-533, 539-540.)

III. *Constitutional Privacy Right*

Hyatt first contends his constitutional privacy right
mandates reversal of the trial court's order compelling him to
comply with the administrative subpoena's requests numbers 1
through 5. We disagree.

Before addressing Hyatt's contention, we first note two
points not directly addressed by the parties. The first is that
FTB is entitled to seek evidence for use in the administrative
protest challenging its audit findings, because the

FTB 19169

9

RJN000484

administrative protest is investigative in nature. Thus,
section 19044 provides that if a protest is filed, FTB "shall
reconsider the assessment of the deficiency" and shall grant an
oral hearing, if requested. A Law Revision Commission Report
reflects that a 1995 amendment to section 19044 (exempting FTB
administrative protests from the administrative adjudication
provisions of the Administrative Procedure Act) was done "to
make clear that the general provisions of the Administrative
Procedure Act do not apply to an oral deficiency assessment
protest hearing, which is investigative in nature." (Cal. Law
Revision Com., 61 West's Ann. Rev. & Tax. Code, (2003 Supp.)
foll. § 19044 at p. 251.) A taxpayer unable to resolve the
issue at the FTB level has available an administrative hearing
remedy before the State Board of Equalization. (*Ibid.*)
Accordingly, FTB may adduce new evidence in the administrative
protest.

Second, although the administrative subpoena seeks, among
other things, a deposition and documents from Hyatt's tax
attorney, Hyatt has advanced no claim of attorney-client
privilege with respect to these materials.

We now turn to Hyatt's privacy challenge to the
administrative subpoena.

Article I, section 1 of the California Constitution
provides: "All people are by nature free and independent and

FTB 19170

10

RJN000485

have inalienable rights.  Among these are . . . pursuing and
obtaining safety, happiness, and privacy."[8]

· The 1972 addition of "privacy" to the California
Constitution was discussed in *White v. Davis* (1975) 13 Cal.3d
757, which said:  "Although the general concept of privacy
relates, of course, to an enormously broad and diverse field of
personal action and belief, the moving force behind the new
constitutional provision was a more focussed privacy concern,
relating to the accelerating encroachment on personal freedom
and security caused by increased surveillance and data
collection activity in contemporary society.  The new
provision's primary purpose is to afford individuals some
measure of protection against this most modern threat to
personal privacy."  (*Id.* at pp. 773-774, fn. omitted [complaint
seeking injunction against covert police surveillance of
university classrooms stated a cause of action for violation of
constitutional privacy right].)

Although Hyatt suggests any intrusion on privacy must be
justified by a compelling state interest under a strict scrutiny
standard, the Supreme Court has said, "[t]he particular context,

---

[8] Hyatt also asserts the Legislature advanced the privacy concept
by enacting the Information Practices Act of 1977, Civil Code
section 1798 et seq.  However, Hyatt develops no argument under
this legislation.  He merely quotes the legislative declaration
that the right to privacy is a personal and fundamental right
protected by the State and federal Constitutions; the right is
threatened by indiscriminate collection of information; and
computer technology magnifies the risk, and dissemination of
personal information should be subject to strict limits.  (Civ.
Code, § 1798.1.)

FTB 19171

11

RJN000486

i.e., the specific kind of privacy interest involved and the nature and seriousness of the invasion and any countervailing interests, remains the critical factor in the analysis. Where the case involves an obvious invasion of an interest fundamental to personal autonomy, e.g., freedom from involuntary sterilization or the freedom to pursue consensual familial relationships, a 'compelling interest' must be present to overcome the vital privacy interest. If, in contrast, the privacy interest is less central, or in bona fide dispute, general balancing tests are employed." (*Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 34 [discussing elements of cause of action for violation of privacy right].) We shall conclude the circumstances of this case do not require a heightened standard.

"'[T]he power to make administrative inquiry is not derived from a judicial function but is more analogous to the power of a grand jury, which does not depend on a case or controversy to get evidence but can investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."' [Citation.]" (*Arnett v. Dal Cielo, supra,* 14 Cal.4th 4, 8 [hospital peer review committee records were not exempt from administrative investigative subpoena by Medical Board of California], quoting *Brovelli v. Superior Court of Los Angeles County* (1961) 56 Cal.2d 524, 529 (*Brovelli*).)

In *Wood v. Superior Court* (1985) 166 Cal.App.3d 1138 (*Wood*), we noted *Brovelli, supra,* 56 Cal.2d 524 (which predated California's express addition of "privacy" to the state

FTB 19172

12

RJN000487

Constitution) arose from an investigation by the Attorney
General to determine whether unfair practice laws had been
violated by the concrete block industry, and the only privacy
interest weighing in the balance was that of a business entity.
(*Wood, supra*, 166 Cal.App.3d at pp. 1146-1147.)  *Wood* involved
Board of Medical Quality Assurance's (BMQA) administrative
subpoenas of complete medical records of certain patients of two
doctors who had been prescribing controlled substances for those
patients in circumstances deemed suspicious by BMQA.  The trial
court ordered the doctors to comply with the subpoenas.  We
reversed, holding the patients had a constitutionally protected
privacy interest in their medical records, and the subpoenas did
not adequately protect that interest because they were overbroad
and lacked sufficient factual justification to permit the trial
court independently to assess the substantiality of the
likelihood of improper prescription practices.  (*Id.* at pp.
1147-1150.)  We said:  "Where the governmental intrusion
impinges upon interests in *personal* privacy, whether the
intrusion is reasonable must depend upon the nature of that
interest and the countervailing state interest in disclosure.
That the intrusion is for administrative rather than criminal
law enforcement purposes does not as such distinguish the
analysis."  (*Ibid.*)

FTB 19173

13

RJN000488

Another factor in tax cases is California Constitution,
article XIII, section 32,[9] which prohibits judicial relief before
payment of taxes.  The California Supreme Court has said this
constitutional provision applies to tax board demands for
information because they are the first step in the assessment
and collection of taxes.  (*Union Pacific R.R. Co. v. State Bd.
of Equalization* (1989) 49 Cal.3d 138, 146 (*Union Pacific*).)
However, this ban on prepayment judicial review "'must yield, of
course, to the requirements of the federal Constitution
[citation], and the superior court has jurisdiction to determine
whether the Board's inquiry offends the prohibition against
unreasonable searches and seizures or violates the right of
privacy or the privilege against self-incrimination.
[Citation.] []  The Board may compel the disclosure of
information if:  (1) its inquiry is authorized; (2) the requests
are specific; and (3) *the information sought is reasonably
relevant to the inquiry.*'  [Citation.]"  (*Ibid.*)

Union Pacific, supra, 49 Cal.3d 138, held "an assessee is
entitled to prepayment judicial relief from an assessor's demand
for information if the assessee can show that the information is
not reasonably relevant to the proposed tax."  (*Id.* at p. 147.)
*Union Pacific* held portions of a railroad's corporate plan

---

[9] California Constitution, article XIII, section 32, provides:
"No legal or equitable process shall issue in any proceeding in
any court against this State or any officer thereof to prevent
or enjoin the collection of any tax.  After payment of a tax
claimed to be illegal, an action may be maintained to recover
the tax paid, with interest, in such manner as may be provided
by the Legislature."

FTB 19174

14

RJN000489

dealing with possible future acquisitions were not reasonably relevant to assessment of its taxable property and therefore need not be disclosed to the State Board of Equalization. (*Id.* at p. 155.)

Hyatt argues that, when constitutional privacy rights are at issue, an administrative subpoena must be supported by an affirmative showing of reasonable relevance. For purposes of this appeal, we agree.

Such a showing was made in this case, because of the context of the case.

Thus, the question of residency is a factual matter that turns on the facts and circumstances of the individual case. An FTB regulation (Cal. Code Regs., tit. 18, § 17014, subd. (b)) provides that a resident of California remains a resident of California even though temporarily absent from the State, unless he leaves for other than temporary or transitory purposes, and, "Whether or not the purpose for which an individual is in this State will be considered temporary or transitory in character will depend to a large extent upon the facts and circumstances of each particular case." (Cal. Code Regs., tit. 18, § 17014, subd. (b).)

Here, the subpoena sought documents that had already been produced in litigation initiated by Hyatt himself complaining about FTB's handling of the audit that is the subject of the administrative protest which is the subject of the administrative subpoena.

FTB 19175

15

RJN000490

Moreover, any privacy interest of Hyatt was diminished by his own initiation of the Nevada lawsuit, where those documents were required to be produced to FTB. We see no reason why the FTB employees handling Hyatt's administrative protest should not have access to the documents in the possession of the FTB employees handling the Nevada litigation.

Hyatt argues the administrative subpoena was as broad as possible, with no consideration given to seeking the least intrusive production necessary. Hyatt argues FTB, through specificity, could have significantly narrowed the requested production and intrusion on Hyatt's privacy. Hyatt complains FTB relied on its own bare conclusions of relevance, which were based on information and belief.

However, as we have indicated, the relevance of the documents was self-evident in the context of this case.

Hyatt cites *Board of Medical Quality Assurance v. Gherardini* (1979) 93 Cal.App.3d 669 (*Gherardini*), where the BMQA issued an administrative subpoena to a hospital seeking production of hospital records of five named patients of a particular doctor. (*Id.* at p. 673.) The investigator's declaration in support of the subpoena indicated the investigation involved allegations of gross negligence or incompetence in the treatment of patients, but the declaration did not specify the source of the allegations and did not indicate complaint by the five patients or consent of those patients to disclosure of their records. (*Ibid.*) The trial court ordered the hospital to comply with the subpoena. The

FTB 19176

16

RJN000491

Fourth District reversed, holding the doctor-patient privilege
(which the hospital had standing to assert on behalf of the
patients) created a zone of privacy protected by California
Constitution, article I, section 1. (*Id.* at pp. 676-679.)
Incursions into that privacy must be justified by a compelling
interest, which had not been shown by BMQA. (*Id.* at p. 680.)
BMQA's declaration, which made no showing of relevance or
materiality of the medical records to the general charges
against the doctor, did not show that the patients'
constitutional rights would not be infringed. (*Id.* at p. 681.)

However, *Gherardini*, *supra*, 93 Cal.App.3d 669, is
distinguishable because it involved disclosure of documents
concerning people who were not the subject of the investigation
and were not aware of the requests for disclosure of their
private information and had not already been required to
disclose the documents by virtue of having initiated litigation.

FTB notes Hyatt's privacy is protected by statutes which
prohibit FTB from disclosing his confidential information to
others. (E.g., §§ 19542,[10] 19552;[11] Gov. Code, § 11183

---

[10] Section 19542 provides: "Except as otherwise provided in this
article and as required to administer subdivision (b) of Section
19005 [payment of taxes to FTB], it is a misdemeanor for [FTB]
or any member thereof, or any deputy, agent, clerk, or other
officer or employee of the state (including its political
subdivisions), or any former officer or employee or other
individual, who in the course of his or her employment or duty
has or had access to returns, reports, or documents required to
be filed under this part, to disclose or make known in any
manner information as to the amount of income or any particulars
(including the business affairs of a corporation) set forth or
disclosed therein."

FTB 19177

17

RJN000492

[misdemeanor for any officer to divulge (except as allowed by law) information acquired through administrative subpoena (§ 11181) from private books, documents or papers of any person in respect to confidential or private transactions].)

Hyatt complains these statutory protections have not been honored in this case. However, no statutory violation is at issue in this appeal.

Hyatt suggests these statutes do not completely address his concern, because they implicate disclosures *by* FTB, whereas the privacy concern also implicates disclosures *to* FTB.

Thus, in *Pacific-Union Club v. Superior Court* (1991) 232 Cal.App.3d 60 (*Pacific-Union Club*), FTB petitioned the trial court to enforce an administrative subpoena to obtain a discriminatory private club's membership list to test whether club members deducted club-related business expenses on their state income tax returns in violation of state regulation. The trial court granted enforcement of the subpoena, but the First District reversed, holding California Constitution, article XIII, section 32, which bars interference with tax collection, did not prevent judicial interference with FTB's right to gather taxpayer information, given the federal constitutional

---

[11] Section 19552 provides: "Except as otherwise provided by this article, the information furnished or secured pursuant to either this article or the express provisions of law, shall be used solely for the purpose of administering the tax laws or other laws administered by the person or agency obtaining it. Any unwarranted disclosure or use of the information by the person or agency, or the employees and officers thereof, is a misdemeanor."

FTB 19178

RJN000493

protection for freedom of association. *Pacific-Union Club* held FTB had no compelling state interest because it had no evidence or reason to suspect that club members were violating the regulation, and even assuming a compelling state interest, disclosure of the membership list was not the least intrusive method available. (*Id.* at pp. 76-81.)

In *Pacific-Union Club, supra,* 232 Cal.App.3d, FTB argued concern over public disclosure was ill-founded due to the confidentiality requirements in statutes that would make it a misdemeanor for FTB to divulge confidential taxpayer information. (*Id.* at p. 77.) The appellate court said: "However, the Club's main privacy objection is to the dissemination to [FTB] itself, who will use the heretofore confidential information to conduct a tax audit on selected Club members. The right to privacy exists to permit the citizen to shield him or herself from the prying eyes of government agents; government intrusion must have some other justification than the promise that the information will not be shared with other citizens." (*Ibid.*)

Thus, the mere fact that statutes prevent FTB from disclosing confidential taxpayer information does not entitle FTB to obtain the information in the first place. The privacy concern also implicates disclosures *to* FTB.

Here, however, unlike *Pacific-Union Club, supra,* 232 Cal.App.3d 60, the information has already been disclosed to another department of FTB. Thus, Hyatt has a diminished privacy interest in the documents.

FTB 19179

19

RJN000494

Hyatt argues requests numbers 1 and 2 (depositions and related documents of Hyatt's CPA and tax attorney) are not relevant to the administrative protest, because they relate mainly to the conduct of the audit process itself (1993 forward) and not to the disputed period of September 1991 to April 1992. However, Hyatt cites no authority that bars FTB from looking beyond the six-month window in order to determine the fact-driven question of residency.[12] (Cal. Code Regs., tit. 18, § 17014.) For example, Hyatt notes FTB alleged in its petition that Hyatt and his representatives were not cooperative during the audit process. However, deposition testimony about the audit process could lead to evidence about the six-month disputed period. For example, there could be an admission made in 1993 relevant to residency in 1991. Moreover, Hyatt's argument relies upon (1) improper citation to memoranda of points and authorities filed in the trial court, rather than evidence, and (2) citation to documents attached to his unsuccessful application for an order shortening time to file a motion for reconsideration, with no analysis or authority for use of those documents on appeal. That this court allowed the record on appeal to be augmented with various papers does not relieve Hyatt from his burden to demonstrate grounds for

---

[12] In his reply brief, Hyatt says administrative decisions of the State Board of Equalization (SBE) indicate cases are to be decided, year by year, on their own merits and their own facts, without regard to other years. This says nothing about whether evidence from one year may be relevant to another year. Moreover, Hyatt does not describe the SBE cases or explain why he failed to cite them in his opening brief on appeal.

FTB 19180

RJN000495

reversal. This court need not consider points unsupported by proper legal or factual analysis. (*In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672-673, fn. 3.)

Additionally, it appears Hyatt's argument depends upon his assertion that the standard of relevancy must be heightened because his privacy is at stake. However, as we have explained, his privacy interest is diminished in the particular circumstances of this case, where the information has already been disclosed to FTB in litigation initiated by Hyatt himself.

Hyatt next contends request number 3 (22nd supplemental production) is not relevant to the administrative protest, because the documents fall outside the six-month time period. This argument is rejected for the same reason as his argument regarding requests numbers 1 and 2.

Hyatt next contends requests numbers 4 and 5 (supplemental documents produced on January 3, 2000) are not at issue, because the documents were outside the scope of the Nevada protective order and therefore nothing prevented FTB from using those documents, which were already in FTB's possession. However, Hyatt's citation to the record is to his unsuccessful application for an order shortening time to file a motion for reconsideration in the trial court. On appeal, Hyatt has not developed any analysis of this application or cited any authority regarding the standard for reversal with respect to its denial. We therefore decline to consider the matter. (*In re Marriage of Nichols, supra*, 27 Cal.App.4th at pp. 672-673, fn. 3.)

FTB 19181

21

RJN000496

We conclude the trial court's order does not violate Hyatt's privacy right.[13]

IV.   *Alleged Misconduct By FTB*

Hyatt makes numerous factual assertions that the FTB staff handling his audit are evil, vindictive, malicious people who are out to get him.  He argues the California court's order compelling enforcement of the administrative subpoena should be reversed because FTB pursued the administrative subpoena for an improper purpose.  He cites *United States v. Powell* (1964) 379 U.S. 48, which said a court could refuse to enforce an administrative subpoena brought for an improper purpose, "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.  The burden of showing an abuse of the Court's process is on the taxpayer, and it is not met by a mere showing, as was made in this case, that the statute of limitation for ordinary deficiencies has run or that the records in question have already been once examined." (*Id.* at p. 58.)

Here, Hyatt makes no such showing in his opening brief on appeal.  California Rules of Court, rule 14, requires that "Each brief must . . . support any reference to a matter in the record

---

[13] Hyatt's reply brief contends FTB does not need the documents because its protest officer is ready to render her decision but is being prevented from doing so by FTB while the Nevada case is pending.  He cites a declaration but his citation does not lead us to any such declaration.

FTB 19182

RJN000497

by a citation to the record." (See *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239-1240 & fn. 16.)

In the argument portion of his opening brief on appeal, Hyatt gives only three citations to the record, none of which shows evidence of abuse of process. The first two citations are to declarations of two attorneys representing FTB in the Nevada litigation, attesting in support of the petition to enforce the administrative subpoena that Hyatt had not voluntarily agreed that the documents disclosed in the Nevada litigation could be used in the administrative protest. On appeal, Hyatt merely argues these two lawyers were well-acquainted with the documents and could have provided specificity and insight into why they were relevant to the administrative protest. The third citation to the record is to a memorandum of points and authorities filed by Hyatt in the trial court. Such a memorandum constitutes argument, not evidence, and in any event is only cited in Hyatt's appellate brief to support the assertion that FTB refused to meet and confer with Hyatt.

In the argument section of his appellate brief, Hyatt also suggests he has set forth evidence elsewhere in the preceding 41 pages of his appellate brief. This court need not scour an appellant's brief and try to divine which of many assertions are being pressed as evidence supporting each argument. (*City of Lincoln v. Barringer*, *supra*, 102 Cal.App.4th 1211, 1239-1240.) Moreover, we have reviewed the "statement of the case" portion of Hyatt's appellate brief and find his citations to the record

FTB 19183

23

RJN000498

are not to evidence, but to his memoranda of points and authorities in the trial court.

"'It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations.' [Citations.] If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived. [Citation.]" (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

We need not further address Hyatt's contention regarding abuse of process.

V. *Request for Clarification*

Hyatt argues that, if the trial court's order is not reversed, the matter should be remanded for clarification of the scope and intent of the order, because (1) many of the documents have already been produced to or are accessible to the administrative protest officer, and (2) many of the documents are not designated confidential under the Nevada protective order.

Even assuming for the sake of argument that Hyatt's factual assertions are correct, he fails to show why such clarification of the order is necessary. His implication that he is being cast in a false light as uncooperative is not reason for further expenditure of judicial resources on this matter. Moreover, since all documents are already in FTB's possession, Hyatt is not being burdened with physically producing any documents.

FTB 19184

RJN000499

DISPOSITION

The order compelling Hyatt to comply with State Franchise Tax Board's administrative subpoena is affirmed.  State Franchise Tax Board shall recover its costs on appeal.


_____ SIMS _____ , J.


We concur:


_____ BLEASE _____ , Acting P.J.


_____ NICHOLSON _____ , J.


FTB 19185

25

RJN000500

Dated this 17TH day of March, 2017.

/s/  Debbie Leonard

JAMES BRADSHAW
DEBBIE LEONARD
ADAM HOSMER-HENNER
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV  89505
(775) 788-2000

SETH P. WAXMAN
PAUL R.Q. WOLFSON
DANIEL WINIK
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C.  20006
(202) 663-6000

CYNTHIA J. LARSEN
KATIE DEWITT
DAVID W. SPENCER
ORRICK, HERRINGTON & SUTCLIFFE
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 329-7970

*Attorneys for Appellees Betty T. Yee,*
*Diane L. Harkey, and Michael Cohen in*
*their official capacities as members of the*
*California Franchise Tax Board*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

 /s/Pam Miller
An Employee of McDonald Carano Wilson LLP