No. 15-15296

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GILBERT P. HYATT

*Plaintiff-Appellant*,

v.

BETTY T. YEE, ET AL.

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of California, No. 2:14-cv-00849-GEB-DAD (Burrell, J.)

**APPELLEE FRANCHISE TAX BOARD'S
REPLY IN SUPPORT OF MOTION FOR JUDICIAL NOTICE
AND OPPOSITION TO HYATT'S
COUNTER REQUEST FOR JUDICIAL NOTICE**

JAMES BRADSHAW
DEBBIE LEONARD
ADAM HOSMER-HENNER
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
Reno, NV  89501
(775) 788-2000

CYNTHIA J. LARSEN
KATIE DEWITT
DAVID W. SPENCER
ORRICK, HERRINGTON & SUTCLIFFE
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 329-7970

SETH P. WAXMAN
PAUL R.Q. WOLFSON
DANIEL WINIK
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C.  20006
(202) 663-6000

## I. Introduction

In his opposition to FTB's Motion for Judicial Notice, Hyatt does not dispute that the judicially noticeable documents submitted by FTB show that Hyatt sought delay during the administrative proceedings before FTB and SBE. Nor does Hyatt dispute that the documents submitted by FTB are true and accurate copies of documents in the public record. Instead, Hyatt asks the Court to take judicial notice of trial testimony and other documents because, according to Hyatt, there is a "disputed factual question of delay." ECF #64 at 2.

Hyatt misses the point. FTB's judicially noticeable documents depict Hyatt's activities in multiple administrative and judicial proceedings to obstruct or delay the proceedings. While Hyatt might contend that FTB and SBE also contributed to delay, he does not dispute his own contributions, which as a matter of law, cause his constitutional claims to fail even under FTB's *factual* challenge to jurisdiction, which the district court did not resolve and which is not before this Court. At any rate, any factual dispute as to who was responsible for delays in the administrative proceedings is irrelevant to FTB's *facial* challenge to jurisdiction, which was the basis for the district court's dismissal of this action and which should be the basis for this Court's affirmance.

///

///

## II. Argument

### A. Hyatt's Opposition Underscores That The District Court's Dismissal Under The Tax Injunction Act Should Be Affirmed

Contrary to Hyatt's contention (ECF #65 at 1), the issue of delay is not "inextricably intertwined" with the Tax Injunction Act analysis because, at all times, Hyatt could have availed himself of California's pay-then-sue method afforded by Revenue and Tax Code section 19382. Under section 19385, that process would have afforded Hyatt an absolute right to proceed to court no later than six months after filing a refund claim with FTB. "It has consistently been held, without a single instance of deviation, that the refund action provided by California Personal Income Tax Law is a 'plain, speedy and efficient remedy' such as to invoke the restraints of 28 U.S.C. § 1341." *Aronoff v. Franchise Tax Bd. of Cal.*, 348 F.2d 9, 11 (9th Cir. 1965); *see also Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 338-39 (1990) ("California's refund procedures constitute a plain, speedy, and efficient remedy."); *Jerron West, Inc. v. State Bd. of Equalization*, 129 F.3d 1334, 1339 (9th Cir. 1997) ("[b]ased on a plain reading of the [TIA], the district court does not have jurisdiction over the Taxpayers' action if it seeks district court interference with California's tax assessment and collection process.").

For that reason, while the judicially noticeable documents shed light on Hyatt's substantial role in causing the delay in his administrative proceedings—

3

and thus on FTB's *factual* challenge to jurisdiction— the availability of the plain, speedy and efficient remedy that section 19382 affords renders the question of delay irrelevant to FTB's *facial* challenge to jurisdiction, which is the one before this Court. At any time, Hyatt could have paid the tax and been able to access California state court to challenge the tax within six months. The fact that Hyatt chose not to pay the assessed taxes (and thereby, in the interim, invest or otherwise benefit from his use of the money he owed to California) does not give him the right to access the federal courts to challenge the state's tax collecting function. Whether or not the Court takes judicial notice of the documents that show Hyatt's role in the delay, therefore, it should affirm the district court's dismissal on jurisdictional grounds.

    **B.    Hyatt Does Not Dispute That Numerous Judicially Noticeable Documents Show That Hyatt Bears A Substantial Share Of Responsibility For Delays**

Whether or not Hyatt is correct that the overall cause of delay in the FTB proceedings could reasonably be disputed (ECF #65 at 2), Hyatt does not actually dispute that the documents of which FTB seeks judicial notice satisfy the standard set forth in Fed. R. Evid. 201(b). For example, Hyatt does not contest that:

1. Hyatt designated as "confidential" and subject to the Nevada Protective Order documents he produced in the Nevada litigation such that, absent Hyatt's consent, FTB's protest hearing officer had to go through the

administrative subpoena process in order to get those documents. Hyatt did not voluntarily produce these documents to FTB's protest hearing officer, even though those documents had already been gathered in the Nevada litigation. 2RJN263-274; 3RJN465-500; 4RJN605-618.

2. Hyatt's attorney admitted there were "no 'pure' tax reasons" to move to quash FTB's administrative subpoenas issued during the protest but "there may be tactical reasons to do so (such as making the FTB work for its requests for now on or taking this opportunity to file the motion in the Nevada courts or otherwise)." 2RJN258.

3. Hyatt mounted unsuccessful legal challenges to FTB's administrative subpoenas and then ultimately Hyatt and third parties whom Hyatt sought to prevent from producing documents were compelled by court order to produce the documents sought by FTB. 3RJN465-500; 7RJN1411-1413; 8RJN1427-1465; 9RJN1684-1687, 1689-1705, 1727-1758; 10RJN2004-2016.

4. Hyatt sought numerous extensions of time in the administrative proceedings to respond to document requests and submit briefs. 4RJN725-729; 6RJN1161-1180; 9RJN1768-1780; 10RJN2001-2003; 11RJN2001-2003, 2017-2018.

> 5. The hearing on Hyatt's appeals to SBE is scheduled for May 23-25, 2017 after Hyatt requested a continuance from the March 2017 hearing date originally set. 12RJN2300-2304.

Given that Hyatt's opposition presented no "reasonable dispute" as to these facts, they are appropriate for judicial notice. *See* Fed. R. Evid. 201(b). And because Hyatt does not dispute these facts, the Court is not taking on the role of "fact finder" by exercising its power of judicial notice. Rather, it may simply take judicial notice of the documents that show Hyatt's role in causing the delay.[1]

### C. Hyatt Has No Right To Proceed Beyond The Pleadings Stage Where The Judicially Noticeable Documents Contradict His Allegations

Unable to dispute the documents in the public record, Hyatt falls back on the allegations in his complaint to argue that a remand is warranted for judicial fact finding. (ECF #65 at 6). However, a court need not accept as true allegations in a complaint that are contradicted by facts that may be judicially noticed. *See Von Saher v. Norton Simon Museum of Art at Pasedena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice in the context of reviewing order granting Fed. R.

---

[1] Hyatt's contention that a factual dispute exists regarding delay simply regurgitates what he argued in his answering brief to the Nevada Supreme Court. *See* Hyatt Ex. 2. To the extent the Court would like to review FTB's counter position, FTB supplements its motion for judicial notice to include the opening and reply briefs that FTB filed in the Nevada appeal. 13RJN2305-2448; 14RJN2449-2634.

Civ. P. 12(b)(6) motion). "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotations omitted). Because the judicially noticeable documents submitted by FTB contradict the allegations in Hyatt's complaint, Hyatt has no right to proceed past the pleadings.

### D. Hyatt's Role In Causing Delay Bars His Due Process Claims

Hyatt admits that the documents of which he separately seeks judicial notice, at a minimum, lay some responsibility for delay at his feet. ECF #65 at 9. Where a person who claims a due process violation as a result of delay in an administrative proceeding is partially responsible for the delay or fails to avail himself of procedural remedies that could have expedited the process, no due process claim can lie. *See Sullivan v. Houston Indep. Sch. Dist.*, 475 F.2d 1071, 1078 (5th Cir. 1973) (in the context of a due process challenge to a delay in holding a *post*-deprivation hearing, declining to find due process violation "considering [the plaintiff's] part in the delay"); *Irish v. Sec. & Exch. Comm'n*, 367 F.2d 637, 639 (9th Cir. 1966) (finding no due process violation for delay in administrative proceedings where petitioner failed to avail himself of remedies that could have expedited review); *Badgett v. District of Columbia*, 925 F.Supp.2d 23, 32 (D.C.

2013) (granting a motion to dismiss a procedural due process claim because "no … constitutional violation occurs" where a "plaintiff fails to take advantage of" "procedural safeguards that exist to obviate prejudice from delay" in an administrative proceeding). In light of these authorities, Hyatt's admission that he played a part in the delay bars his claims.

### E. Witness Testimony Is Not A Proper Subject Of Judicial Notice

Without disputing the facts in FTB's judicially noticeable documents that show his role in the delay, Hyatt asks the Court to separately take judicial notice of witness testimony from the Nevada litigation that, according to Hyatt, shows delay by FTB. A court cannot take judicial notice of testimony from a previous judicial proceeding if it "constitutes 'adjudicative facts'" that "are in 'reasonable dispute.'" *United States v. Decker*, 600 F.2d 733, 738 n.9 (9th Cir. 1979) (quoting Fed. R. Evid. 201). Because the testimony of which Hyatt seeks judicial notice consists of opinions that are "not 'generally known' or 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,'" judicial notice is prohibited. *Id.*, *quoting* Fed. R. Evid. 201. As a result, the Court should decline to take judicial notice of the trial testimony offered by Hyatt.

### F. Having Been Vacated By The Supreme Court, The Nevada Judgment Has No Preclusive Effect

Finally, faced with the voluminous documents that show his efforts to obstruct and delay the administrative proceedings, Hyatt resorts to a baseless contention that the now-vacated Nevada Supreme Court opinion has preclusive effect on this proceeding as to the issue of delay. ECF #65 at 6 n.2, 8-9. Hyatt is wrong. The Nevada Supreme Court opinion to which Hyatt points, *Franchise Tax Bd. of Calif. v. Hyatt*, 335 P.3d 125 (Nev. 2014) ("2014 Opinion"), has been vacated as unconstitutional by the Supreme Court of the United States because it was based on "a special rule of Nevada law that is hostile to its sister States." *Franchise Tax Bd. of Calif. v. Hyatt ("Hyatt II")*, 136 S.Ct. 1277, 1283 (2016). The law is clear that the Supreme Court's vacatur of a lower court's judgment "deprives that court's opinion of precedential effect, leaving th[e Supreme] Court's opinion and judgment as the sole law of the case." *O'Connor v. Donaldson*, 422 U.S. 563, 577 n.12 (1975); *see also Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n.2 (9th Cir. 1991) (citing *O'Connor* for the proposition that "[a] decision may be *reversed* on other grounds, but a decision that has been *vacated* has no precedential authority whatsoever" (emphasis in the original)). Contrary to Hyatt's misrepresentation, the Supreme Court vacated (not reversed) the 2014 Opinion.

9

*Hyatt II*, 136 S.Ct. at 1283. As a result, Hyatt cannot rely on the now-vacated 2014 Opinion to assert preclusive effect regarding the issue of delay.[2]

Even were this Court to take everything in the Nevada Supreme Court's vacated opinion at face value (which FTB posits it may not do), there is no collateral estoppel effect on this proceeding because the Nevada jury did not render a special verdict that the FTB caused the protest to take as long as it did. Rather, the jury simply found in Hyatt's favor on various claims, and in determining that the evidence was sufficient to support those verdicts, the Nevada Supreme Court pointed out that the eleven-year delay was among the grounds on which the jury *could have* found FTB liable. 2014 Opinion, 335 P.3d at 148. Delay was not the only potential ground the Nevada Supreme Court listed, so no one actually knows what facts the jury found in support of its ultimate verdict. *See id.* For this reason as well, Hyatt's collateral estoppel argument must be rejected.

## III. Conclusion

Nothing presented in Hyatt's opposition disputes the facts shown in the judicially noticeable documents that Hyatt is substantially responsible for the delay in his administrative proceedings. Hyatt admits he bears some responsibility. Moreover, because Hyatt could at any time have availed himself of California's

---

[2] The Nevada Supreme Court has entertained post-mandate supplemental briefing and has scheduled oral argument for May 2, 2017.

10

pay-then-sue procedure, he has at all times had a plain, speedy and efficient remedy to challenge FTB's tax assessment regardless of who bears what proportion of responsibility for the duration of the FTB proceedings. As a result, whether or not the Court takes judicial notice of these documents, FTB respectfully submits that the district court's dismissal order should be affirmed.

Respectfully submitted,

Dated this 14 day of April, 2017

/s/ Debbie Leonard
JAMES BRADSHAW
DEBBIE LEONARD
ADAM HOSMER-HENNER
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV 89505
(775) 788-2000

SETH P. WAXMAN
PAUL R.Q. WOLFSON
DANIEL WINIK
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 663-6000

CYNTHIA J. LARSEN
KATIE DEWITT
DAVID W. SPENCER
ORRICK, HERRINGTON & SUTCLIFFE
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 329-7970

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C).

1. The reply contains 2,118 words.

2. The reply has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated this 14th day of April, 2017

/s/  Debbie Leonard
JAMES BRADSHAW
DEBBIE LEONARD
ADAM HOSMER-HENNER
MCDONALD CARANO WILSON LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV  89505
(775) 788-2000

CYNTHIA J. LARSEN
KATIE DEWITT
DAVID W. SPENCER
ORRICK, HERRINGTON & SUTCLIFFE
400 Capitol Mall, Suite 3000
Sacramento, CA 95814
(916) 329-7970

SETH P. WAXMAN
PAUL R.Q. WOLFSON
DANIEL WINIK
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C.  20006
(202) 663-6000

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

    /s/Pamela Miller
An Employee of McDonald Carano Wilson LLP