No. 15-15296

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GILBERT P. HYATT,

*Plaintiff and Appellant,*

v.

DIANE L. HARKEY, *et al.*,

*Defendants and Appellees.*

On Appeal from the United States District Court
for the Eastern District of California
Case No. 2:14-cv-00849-GEB-DAD
The Honorable Garland E. Burrell, Jr.

**STATE BOARD OF EQUALIZATION'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

James M. Wagstaffe (95535)
Michael von Loewenfeldt (178665)
Brady R. Dewar (252776)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105
Telephone: (415) 371-8500
Facsimile: (415) 371-0500
mvl@kerrwagstaffe.com

*Attorneys for Defendants and Appellees,*
DIANE L. HARKEY, JEROME E. HORTON, BETTY T. YEE, GEORGE RUNNER and FIONA MA, in their official capacities as members of the California State Board of Equalization

# **TABLE OF CONTENTS**

                                                          **Page**

I. INTRODUCTION ............................................................................................1

II. ARGUMENT...................................................................................................1

    A. NONE OF THESE MATTERS CHANGE THE FACT THAT MR. HYATT HAS AND HAS ALWAYS HAD A PLAIN, SPEEDY, AND EFFICIENT REMEDY ...........................................................................1

    B. JUDICIAL NOTICE DOES NOT CONVERT THE COURT TO A FACT-FINDER ...................................................................................2

    C. THE JUDICIALLY NOTICEABLE DOCUMENTS SHOW THAT BOTH PARTIES REQUESTED EXTENSIONS ................................................3

III. CONCLUSION ................................................................................................7

# TABLE OF AUTHORITIES

Page

**Cases**

Aronoff v. Franchise Tax Bd. of Cal.,
　348 F.2d 9 (9th Cir. 1965) ................................................................................... 2

Barron v. Reich,
　13 F.3d 1370 (9th Cir. 1994) ............................................................................... 3

Cal. v. Grace Brethren Church,
　457 U.S. 393 (1982) ............................................................................................ 2

Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.,
　493 U.S. 331 (1990) ............................................................................................ 2

Jerron West, Inc. v. State Bd. of Equalization,
　129 F.3d 1334 (9th Cir. 1997) ............................................................................. 2

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
　551 U.S. 308 (2007) ............................................................................................ 2

Wood v. Sargeant,
　694 F.2d 1159 (9th Cir. 1982) ............................................................................. 2

**Statutes**

28 U.S.C. § 1341 ....................................................................................................... 2

## I. INTRODUCTION

Appellant Gilbert Hyatt's opposition to judicial notice asks the Court to only take judicial notice of what the FTB did, and to ignore what Mr. Hyatt did. He does not present any dispute about the existence in the official record of the documents submitted by the SBE wherein both sides requested lengthy extensions and filed voluminous briefs and evidence. Instead, Mr. Hyatt presents a tetherless argument that it was somehow a violation of his rights for the SBE to grant extensions to his opponent, the FTB, irrespective of extensions requested by and granted to Mr. Hyatt himself. None of Mr. Hyatt's arguments provide a basis either to deny judicial notice or to reverse the district court.

## II. ARGUMENT

### A. NONE OF THESE MATTERS CHANGE THE FACT THAT MR. HYATT HAS AND HAS ALWAYS HAD A PLAIN, SPEEDY, AND EFFICIENT REMEDY

Mr. Hyatt does not dispute that he was repeatedly informed of his right to pay the disputed amounts under protest, and that doing so would cut off any interest and penalties. (SBE RJN Exs. 3, 4, 32, 35, 37, 50, 52, 54.) SBE emphasizes again that Mr. Hyatt's choice not to use the available "pay and sue" method afforded by California Revenue and Tax Code sections 19382 and 19385 requires affirmance. "It has consistently been held, without a single instance of deviation, that the refund action provided by California Personal Income Tax Law

1

is a 'plain, speedy and efficient remedy' such as to invoke the restraints of 28 U.S.C. § 1341." Aronoff v. Franchise Tax Bd. of Cal., 348 F.2d 9, 11 (9th Cir. 1965). See also Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd., 493 U.S. 331, 338-39 (1990) ("California's refund procedures constitute a plain, speedy, and efficient remedy."); Cal. v. Grace Brethren Church, 457 U.S. 393, 416-17 (1982); Jerron West, Inc. v. State Bd. of Equalization, 129 F.3d 1334, 1339 (9th Cir. 1997); Wood v. Sargeant, 694 F.2d 1159, 1159-60 (9th Cir. 1982).

## B.  JUDICIAL NOTICE DOES NOT CONVERT THE COURT TO A FACT-FINDER

It is well established that considering matters subject to judicial notice is appropriate under Federal Rule of Civil Procedure 12(b)(6). Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Mr. Hyatt argues that the Court may only take judicial notice of the fact a statement was made, not the truth of the statement itself. The SBE agrees. The Court has been asked to take judicial notice of what extensions were requested by each side before the SBE, as well as the SBE's response, and the dates various filings were made. The underlying "truth" of the documents' contents is irrelevant.

Mr. Hyatt quibbles with some of the SBE's descriptions (while recognizing that the SBE "attempts to present an even handed description of the proceedings"), and he submits his own argumentative descriptions. How the parties describe a document is not subject to judicial notice, but is merely argument to assist the

Court in locating the relevant documents. Mr. Hyatt presents no dispute as to the authenticity of any document the SBE has submitted for judicial notice. Nor does he dispute that these documents are part of the administrative record, or that as such they are subject to judicial notice. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

In the same vein, SBE has no opposition to Mr. Hyatt's request for judicial notice of Hyatt exhibits 62 through 73, or to Hyatt exhibits 79 and 80 (although the judicially noticeable existence of these documents is, for the most part, irrelevant). As for Hyatt exhibits 74 through 78, these are pages from briefs filed before the SBE. The Court can certainly take judicial notice that the briefs were filed, and even that these arguments were made, but as Mr. Hyatt himself points out, the substantive merit of those arguments is not a proper subject of judicial notice.[1]

### C. THE JUDICIALLY NOTICEABLE DOCUMENTS SHOW THAT BOTH PARTIES REQUESTED EXTENSIONS

Mr. Hyatt makes the bizarre assertion that the SBE is "solely" responsible for "the last five years of delay" because the SBE could have denied the requests Mr. Hyatt and the SBE made for extensions. That is not how adjudicatory bodies work. Nor is this an academic debate over who abstractly could have forced the

---

[1] The SBE takes no position on Mr. Hyatt's arguments with respect to proceedings outside the SBE and Mr. Hyatt's related exhibits 1 through 61, but anticipates that the FTB will be responding to those.

3

process to move faster. Mr. Hyatt is suing, and claims his constitutional rights were violated. He cites no law whatsoever suggesting that granting extensions *he asked for* violates his constitutional rights, nor that granting his opponent similar extensions could do so.[2]

The judicially noticeable facts show basically three time periods before the SBE. First, completing the original briefing (opening, opposition, reply, sur-reply, sur-sur-reply) took over four-and-one-half years. As discussed in the request for judicial notice at pages 5 and 6, nearly two-thirds of that time was waiting for Mr. Hyatt to file briefs based on the extensions he requested (1,067 days) while 575 days were spent waiting for FTB to file briefs. (SBE RJN Exs. 2, 4, 7, 10, 13-15, 17, 18, 20, 21, 25, 28, 30, 31, 32, 34- 37, 39, 40, 44, 45, 49-54.) Mr. Hyatt's insistence that this delay was somehow everyone else's fault, when two-thirds of the time was spent waiting for him, is baffling.

Second, additional briefing became necessary due to the complexity of the record and new evidence submitted by Mr. Hyatt and the FTB. The briefs Mr. Hyatt filed in July 2012 included 93 new affidavits or declarations. (SBE RJN Exs. 1, 63.) Then, in August 2012, the FTB submitted over 7,000 pages of documents that had not been previously introduced. (SBE RJN Exs. 1, 59, 63.)

---

[2]   The voluminous nature of the briefs and evidence filed before the SBE, as well as the inclusion of substantial new evidence with reply and sur-reply briefs, is discussed in the Request for Judicial Notice and will not be repeated here.

On September 19, 2012, SBE advised the parties that staff was in the process of reviewing the voluminous record, which included over 32,000 pages of briefing and exhibits, and that it would advise the parties whether additional briefing was requested following that review. (SBE RJN Ex. 59.)

On January 17, 2013, the SBE requested additional briefing on *Mr. Hyatt's* allegation of a $24 million error. (SBE RJN Ex. 63.) On February 25, 2013, in an effort to facilitate resolution of litigation in New York between FTB and Mr. Hyatt regarding the production of certain documents obtained from U.S. Philips, the SBE requested additional briefing regarding that litigation. (SBE RJN Ex. 65.) Then, when it seemed that the New York litigation between the FTB and Mr. Hyatt had resolved, the SBE immediately requested additional briefing on the Philips documents. (SBE RJN Ex. 77.) The only further request for briefing was on October 20, 2016, and this request merely gave Mr. Hyatt the option, if he wished, to file a further brief. (SBE RJN Ex. 136.)

Contrary to Mr. Hyatt's assertion that additional briefing somehow violated the applicable procedural rules, the SBE's rules expressly provide for this type of supplemental briefing, which can be allowed "during or after the applicable briefing schedule has concluded." (SBE Rule 5435(d), Hyatt RJN Ex. 62 p. RJN1172.)

Third, on April 23, 2014, the SBE was notified that the New York litigation had ended. (SBE RJN Ex. 76.) It set a briefing schedule that day. (SBE RJN Ex. 77.) Within a week, Mr. Hyatt had asked for another extension. (SBE RJN Ex. 78.) The parties then began filing briefs, and Mr. Hyatt sought to strike the FTB's briefs, which, along with extensions, resulted in the final briefs not being filed until December 12, 2016. (SBE RJN pp. 7-11, citing exhibits.) As before, more time was spent waiting for Mr. Hyatt's briefs than FTB's briefs. SBE then sought to set hearings in March 2017, but that was continued to May *at Mr. Hyatt's request*. (SBE RJN Exs. 139-141.)

Throughout the additional briefing process, Mr. Hyatt requested and received extensions, sought to have the FTB's briefs struck from the record, and fought in the New York courts to prevent the FTB from producing documents. (See, e.g., SBE RJN Exs. 67, 69, 78, 83, 89, 90, 92, 97, 99, 101, 106, 108, 111, 114, 117, 118, 121, 124, 126, 128, 130, 132, 137.)

Mr. Hyatt has implied repeatedly in this action that the SBE was somehow refusing to act on fully briefed matters. The judicially noticeable records show no such thing. The SBE granted extensions when requested by one of the parties, and Mr. Hyatt requested (and obtained) far more extra time in extensions than the FTB. Then, when the SBE sought to schedule a hearing, Mr. Hyatt promptly requested a further extension. (SBE RJN Exs. 139-141.)

6

Mr. Hyatt asks this Court to remand so the district court can somehow assign "blame" for the delay, but not only is that unnecessary, Mr. Hyatt provides no Constitutional yardstick for either this Court or the district court to use in making such a determination. Indeed, a district court trying to independently decide whether parties before the SBE "deserved" extensions they requested (particularly in light of the enormous record submitted to the SBE) is the type of interference with state tax proceedings that the Tax Injunction Act is intended to prevent.

There simply was no lengthy period where the SBE refused to act as Mr. Hyatt asserts. Requesting further briefing is not "reneging" on a briefing schedule, as Mr. Hyatt argues. It is simply a reality of adjudication that a tribunal sometimes requires further briefing, especially in complex matters, and especially, as is the case here, where both parties submit large amounts of new evidence in later briefing. Further, just as occurs in federal and state courts, parties often ask for (and get) more time than the rules default to, parties may have to wait for time on the adjudicator's calendar, and supplemental briefing is sometimes required after the briefing is nominally closed.

## III.  CONCLUSION

For the reasons discussed above and in the initial request for judicial notice, the SBE requests that the Court take judicial notice of Exhibits 1 through 141 of the Declaration of Grant S. Thompson in Support of Request for Judicial Notice.

While not necessary to affirm, the Court can consider the requests for extension of time and resulting periods of "delay" set forth in these documents.

          Respectfully submitted,

DATED: April 14, 2017     **KERR & WAGSTAFFE LLP**

        By:  /s/ Michael von Loewenfeldt
           MICHAEL VON LOEWENFELDT

          *Attorneys for Defendant and Appellees*
          Diane L. Harkey, Jerome E. Horton, Betty T. Yee, George Runner and Fiona Ma